1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER, (maugsburger@mhalaw.com) (145686)
3  ELIZABETH M. O'NEILL, (eoneill@mhalaw.com) (166882)
   JOHN C.J. BARNES, (jbarnes@mhalaw.com) (216694)
4  555 Capitol Mall, 9th Floor
   Sacramento, CA  95814
5  Phone: 916.444.3900
   Fax:    916.444.8989
6
   Attorneys for Defendant
7  Memorial Hospitals Association

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11 MELINDA CAMPBELL, on her own behalf,   )   CASE NO.
   and on behalf of all others similarly situated,  )
12                                         )
                     Plaintiff(s),         )   NOTICE OF REMOVAL (28 U.S.C.
13                                         )   § 1331, 1334, 1441 AND 1446)
             v.                            )
14                                         )   [FEDERAL QUESTION]
   SUTTER HEALTH, ALTA BATES MEDICAL )
15 CENTER, CALIFORNIA PACIFIC MEDICAL )
   CENTER, EDEN MEDICAL CENTER,            )
16 MARIN GENERAL HOSPITAL, MEMORIAL )
   HOSPITAL LOS BANOS, MEMORIAL            )
17 HOSPITALS ASSN., MILLS-PENINSULA        )
   MEDICAL CENTER, NOVATO                  )
18 COMMUNITY HOSPITAL, ST. LUKE'S          )
   HOSPITAL, SUTTER AMADOR HOSPITAL, )
19 SUTTER AUBURN FAITH HOSPITAL,           )
   SUTTER CENTER FOR PSYCHIATRY,           )
20 SUTTER COAST HOSPITAL, SUTTER           )
   DAVIS HOSPITAL, SUTTER DELTA            )
21 MEDICAL CENTER, SUTTER GENERAL          )
   HOSPITAL, SUTTER LAKESIDE HOSPITAL,)
22 SUTTER MATERNITY AND SURGERY            )
   CENTER OF SANTA CRUZ, SUTTER            )
23 MEMORIAL HOSPITAL, SUTTER MEDICAL)
   CENTER OF SANTA ROSA, SUTTER            )
24 ROSEVILLE MEDICAL CENTER, SUTTER )
   SOLANO MEDICAL CENTER, SUTTER           )
25 TRACY COMMUNITY HOSPITAL, and           )
   DOES 24 and 25, inclusive,              )
26                                         )
                     Defendants.           )
27 _____

28 ///

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2         Defendant Memorial Hospitals Association ("Memorial"), with the consent of the all

3    Defendants, hereby removes to this Court the State Court action described below and in support

4    thereof gives notice of the following facts:

5         1.     On July 8, 2005, Plaintiff Melinda Campbell ("Campbell") filed her class action

6    complaint in the Superior Court of the State of California in and for the County of Alameda as Case

7    Number RG05221764, against defendant Sutter Health only, alleging multiple causes of action based

8    upon Sutter Health's alleged lien practices.   Sutter Health successfully demurred to Plaintiff's

9    complaint.

10        2.     On December 16, 2005, Plaintiff filed her first amended complaint, also against

11   Sutter Health only, to which Sutter Health also demurred.   Sutter Health's demurrer was granted in

12   part, leaving a cause of action malicious prosecution, a claim unfair business practices that had to be

13   tethered to her malicious prosecution cause of action, and a request for declaratory relief.

14        3.     Each of Plaintiff's causes of action was based on her claim that Sutter Health asserted

15   or pursued hospital liens for medical expenses against the potential tort recoveries of persons who

16   did not owe a debt to Sutter Health.  Specifically, Plaintiff alleged that her debt to Sutter Health was

17   extinguished by bankruptcy, insurance payment, or some other means.

18        4.     After Sutter Health established that it did not serve liens, Plaintiff sought to name the

19   above-captioned hospitals as defendants. On June 22, 2007, with leave of court, Plaintiff filed her

20   second amended complaint ("SAC"), naming the above-captioned 23 Sutter Health affiliated

21   hospitals, including, for the first time, removing defendant Memorial.  Accordingly, this notice of

22   removal is timely under 28 U.S.C. section 1446(b). *See Bonner v. Fuji Photo Film*, 461 F. Supp. 2d

23   1112, 1117 (N.D. Cal. 2006) and *Ford v. United Motor Manufacturing, Inc.*, 857 F. Supp. 707, 710

24   (N.D. Cal. 1994).

25        5.     Plaintiff's claims are based solely on her claim that a lien asserted by removing

26   defendant Memorial against Plaintiff's expected tort recoveries was extinguished upon Plaintiff's

27   discharge in bankruptcy. Attached as Exhibit A is a true and correct copy of Campbell's Responses

28   ///

MHA
McDonough Holland & Allen PC
Attorneys at Law

2

1 | to Defendant Sutter Health's First Set of Interrogatories for Admissions (sic), Request and Response
2 | #3.

3 |     6.    Removal is proper pursuant to 28 U.S.C. sections 1441(a)-(b) and 1446, because this
4 | action is a civil action of which this Court has and would have had original jurisdiction under 28
5 | U.S.C. sections 1331 and 1334(b). All claims arise under or are related to, at least in part, federal
6 | bankruptcy laws. Plaintiff alleges that she is representing herself and those similarly situated in
7 | pursuing her claims that defendants, alone or together, pursued a lien against her potential tort
8 | recovery after the lien was "discharged" in bankruptcy. *See* SAC ¶ 4 and documents submitted
9 | herewith as Exhibits A-C. Because the her claims are civil proceedings involving the administration
10 | of a bankruptcy estate, allowance or disallowance of claims, and matters effecting adjustment of
11 | debtor-creditor relations, they are core proceedings pursuant to 28 U.S.C. section 157(b)(2)
12 | generally. Specifically, Plaintiff's claims involve the scope of discharge under to 28 U.S.C. sections
13 | 157(b)(2)(I) and 157(b)(2)(J) and the validity, extent, or priority of liens under 28 U.S.C. section
14 | 157(b)(2)(K). Pursuant to 28 U.S.C. section 157(b)(5), the District Court is the proper venue for
15 | Plaintiff's tort cause of action.

16 |     7.    While the SAC purports to include claims by class members whose liens were
17 | allegedly extinguished by means other than bankruptcy, all class members' claims must arise under
18 | and from the same alleged operative facts – defendants' lien practices. Accordingly, all claims form
19 | part of the same case or controversy, and this Court has supplemental jurisdiction to adjudicate any
20 | non-federal portion of the claims pursuant to 28 U.S.C. section 1367(a).

21 |     8.    All Defendants agree to and join in removal.

22 |     9.    Upon information and belief the SAC attached hereto as Exhibit B constitutes the sole
23 | pleading document served on Memorial and the other affiliated hospitals.

24 |     10.    For the Court's convenience, attached as Exhibit C, tabs 1-77, are all pleadings filed
25 | and served in this action when Sutter Health was the sole defendant; which, along with those
26 | attached as Exhibit B, constitute the entire State Court file for all non-discovery matters.

27 |     11.    Promptly after filing this Notice of Removal, removing defendant will file a copy of a
28 | ///

1  Notice of Removal with the Superior Court of the State of California in and for the County of

2  Alameda.

3  DATED: June 28, 2007

4                                              McDONOUGH HOLLAND & ALLEN PC
                                               Attorneys at Law
5

6                                              By:_____
7                                                    Marcia L. Augsburger

8                                              Attorneys for Removing Defendant Memorial
                                               Hospitals Association.
9

10

11      The following Defendants, constituting all defendants in this action, join in this petition for

12  removal.

13
                                               By:_____
14                                                   Marcia L. Augsburger

15                                             Attorneys for Defendant Sutter Health

16
                                               By:_____
17                                                   Marcia L. Augsburger

18                                             Attorneys for ALTA BATES MEDICAL CENTER,
                                               CALIFORNIA PACIFIC MEDICAL CENTER,
19                                             EDEN MEDICAL CENTER, MARIN GENERAL
                                               HOSPITAL,   MEMORIAL   HOSPITAL   LOS
20                                             BANOS,    MILLS-PENINSULA    MEDICAL
                                               CENTER, NOVATO COMMUNITY HOSPITAL,
21                                             ST. LUKE'S HOSPITAL, SUTTER AMADOR
                                               HOSPITAL,   SUTTER   AUBURN   FAITH
22                                             HOSPITAL,   SUTTER   CENTER   FOR
                                               PSYCHIATRY, SUTTER COAST HOSPITAL,
23                                             SUTTER DAVIS HOSPITAL, SUTTER DELTA
                                               MEDICAL   CENTER,   SUTTER   GENERAL
24                                             HOSPITAL, SUTTER LAKESIDE HOSPITAL,
                                               SUTTER   MATERNITY   AND   SURGERY
25                                             CENTER   OF   SANTA   CRUZ,   SUTTER
                                               MEMORIAL HOSPITAL, SUTTER MEDICAL
26                                             CENTER   OF   SANTA   ROSA,   SUTTER
                                               ROSEVILLE MEDICAL CENTER, SUTTER
27                                             SOLANO MEDICAL CENTER, SUTTER TRACY
                                               COMMUNITY HOSPITAL
28

Exhibit A

TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

LINDA ROSS (SBN 85563)
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco, California 94123
Tel: (415) 563-2400
Fax: (415) 931-9981

SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorneys for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, | Case No. RG05221764 |
| Plaintiffs, | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES FOR ADMISSIONS** |
| vs. | |
| SUTTER HEALTH, and DOES 1 through 25, inclusive, | |
| Defendants. | |

SCHNEIDER & WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FORM INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

i

1  3045.3, is equivalent to filing a complaint in a civil action." (April 18, 2006 Order at 3:12-13.)

2  Persons with knowledge of these facts are Plaintiff, who should be contacted through her counsel,

3  and Defendant Sutter Health.

4  **REQUEST NO. 2**

5      Admit that no HOSPITAL AFFILIATED WITH SUTTER HEALTH has ever filed an

6  ACTION against YOU.

7  **RESPONSE TO REQUEST NO. 2**

8      Sutter Health asserted a lien against the tort claim of Plaintiff with the intent of collecting on

9  a purported debt owed by Plaintiff to Sutter Health. After that lien was discharged by Plaintiff's

10  bankruptcy, Sutter Health continued to assert and pursue the lien, and attempted to collect interest

11  on the lien amount. As the Court in this case held, "giving notice of a HLA lien under Civil Code

12  3045.3, is equivalent to filing a complaint in a civil action." (April 18, 2006 Order at 3:12-13.)

13  Persons with knowledge of these facts are Plaintiff, who should be contacted through her counsel,

14  and Defendant Sutter Health.

15  **REQUEST NO. 3**

16      Admit that SUTTER HEALTH has never filed an ACTION against YOU to enforce a lien

17  asserted under the Hospital Lien Act, California Civil Code section 3045.1 *et seq.*

18  **RESPONSE TO REQUEST NO. 3**

19      Sutter Health asserted a lien against the tort claim of Plaintiff with the intent of collecting on

20  a purported debt owed by Plaintiff to Sutter Health. After that lien was discharged by Plaintiff's

21  bankruptcy, Sutter Health continued to assert and pursue the lien, and attempted to collect interest

22  on the lien amount. As the Court in this case held, "giving notice of a HLA lien under Civil Code

23  3045.3, is equivalent to filing a complaint in a civil action." (April 18, 2006 Order at 3:12-13.)

24  Persons with knowledge of these facts are Plaintiff, who should be contacted through her counsel,

25  and Defendant Sutter Health.

26

27

28

SCHNEIDER
& WALLACE

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FORM INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
4

1  TODD M. SCHNEIDER (SBN 158253)
   JOSHUA KONECKY (SBN 182897)
2  W.H. "HANK" WILLSON (SBN 233321)
3  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6
7  LINDA ROSS (SBN 85563)
   LAW OFFICES OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400
   Fax: (415) 931-9981
10
11 SCOTT KALKIN (SBN 120791)
   ROBOOSTOFF & KALKIN, PLC
12 369 Pine Street, Suite 610
   San Francisco, California 94104
13 Tel: (415) 732-0282
   Fax: (415) 732-0287
14
15 Attorneys for Plaintiffs

16

17                    SUPERIOR COURT OF CALIFORNIA

18                       COUNTY OF SANTA CLARA

19

20 MELINDA CAMPBELL, on her own behalf,        Case No. RG05221764
   and on behalf of all others similarly situated,
21
                                               **VERIFICATION BY PLAINTIFF FOR**
22          Plaintiffs,                        **PLAINTIFF'S RESPONSES AND**
                                               **OBJECTIONS TO DEFENDANT'S FIRST**
23      vs.                                    **SET OF REQUESTS FOR ADMISSIONS,**
                                               **DEFENDANT'S FIRST SET OF DEMANDS**
24 SUTTER HEALTH, and DOES 1 through 25,       **FOR INSPECTION, AND DEFENDANT'S**
   inclusive,                                  **FORM INTERROGATORIES**
25
            Defendants.
26

27

28

VERIFICATION BY PLAINTIFF FOR PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S DISCOVERY REQUESTS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

i

1

## VERIFICATION

2         I, Melinda Dowell (formerly Melinda Campbell), am Plaintiff in the above-captioned

3    matter. I have read Plaintiff's Responses and Objections to Defendant's First Set of Requests for

4    Admissions, Defendant's First Set of Demands for Inspection, and Defendant's Form

5    Interrogatories and know their contents. I am informed and believe that the matters stated therein

6    are true and on that ground I certify or declare under penalty of perjury under the laws of the State

7    of California that they are true and correct.

8

9    Dated: ___9\28\06_____

10

11                                                    _Melinda Dowell_____

12                                                    Melinda Dowell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

Exhibit B

1    TODD M. SCHNEIDER (SBN 158253)
    JOSHUA KONECKY (SBN 182897)
2    W.H. "HANK" WILLSON (SBN 233321)
    SCHNEIDER & WALLACE
3    180 Montgomery Street, Suite 2000
    San Francisco, California 94104
4    Tel: (415) 421-7100
    Fax: (415) 421-7105
5    TTY: (415) 421-1665

6    LINDA ROSS (SBN 85563)            SCOTT KALKIN (SBN 120791)
    LAW OFFICE OF LINDA ROSS      ROBOOSTOFF & KALKIN, PLC
7    2204 Union Street                   369 Pine Street, Suite 610
    San Francisco, California 94123       San Francisco, California 94104
8    Tel: (415) 563-2400              Tel: (415) 732-0282
                                 Fax: (415) 732-0287
9    Attorneys for Plaintiff and the Proposed Class

10                **SUPERIOR COURT OF CALIFORNIA**

11                  **COUNTY OF ALAMEDA**

12    MELINDA CAMPBELL, on her own behalf,    Case No. RG05221764
    and on behalf of all others similarly situated,

13                           **SECOND AMENDED CLASS ACTION**
               Plaintiffs,            **COMPLAINT FOR MALICIOUS**
14                           **PROSECUTION AND UNFAIR BUSINESS**
              vs.                   **PRACTICES**
15

16    SUTTER HEALTH, ALTA BATES MEDICAL    **DEMAND FOR A JURY TRIAL**
    CENTER, CALIFORNIA PACIFIC MEDICAL
    CENTER, EDEN MEDICAL CENTER,       **COMPLEX CASE; CLASS ACTION**
17    MARIN GENERAL HOSPITAL, MEMORIAL
    HOSPITAL LOS BANOS, MEMORIAL
18    HOSPITALS ASSN., MILLS-PENINSULA
    MEDICAL CENTER, NOVATO
19    COMMUNITY HOSPITAL, ST. LUKE'S
    HOSPITAL, SUTTER AMADOR HOSPITAL,
20    SUTTER AUBURN FAITH HOSPITAL,
    SUTTER CENTER FOR PSYCHIATRY,
21    SUTTER COAST HOSPITAL, SUTTER
    DAVIS HOSPITAL, SUTTER DELTA
22    MEDICAL CENTER, SUTTER GENERAL
    HOSPITAL, SUTTER LAKESIDE
23    HOSPITAL, SUTTER MATERNITY AND
    SURGERY CENTER OF SANTA CRUZ,
24    SUTTER MEMORIAL HOSPITAL, SUTTER
    MEDICAL CENTER OF SANTA ROSA,
25    SUTTER ROSEVILLE MEDICAL CENTER,
    SUTTER SOLANO MEDICAL CENTER,
26    SUTTER TRACY COMMUNITY HOSPITAL,
    and DOES 24 and 25, inclusive,

27

              Defendants.

28

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

1

1    Plaintiff Melinda Campbell ("Plaintiff"), on behalf of herself and all others similarly

2  situated, complains and alleges as follows:

3                              **INTRODUCTION**

4    1.    This is a class action against Sutter Health and its hospital affiliates ("Sutter Health"

5  or "Defendants") to challenge their unlawful policy and practice of engaging in "balance billing"

6  against consumers who receive services from Defendants' facilities. Defendants' unlawful policy

7  and practice has deprived countless medical consumers throughout California of money that is

8  rightfully theirs.

9    2.    Defendants' policy and practice of balance billing involves Defendants asserting a

10  lien against the tort claim of a person who is injured and receives services from one of Defendants'

11  facilities. Defendants have unlawfully asserted this type of lien against the claims of numerous

12  persons whose debt to Defendants has been extinguished (or has continued to assert the lien after

13  the underlying debt has been extinguished), either through payment by an insurance provider,

14  through bankruptcy, or through any other means. Defendants assert the lien for the difference

15  between any amount that has been paid and the amount that Defendants unilaterally and arbitrarily

16  consider to be their "customary" charge for the services, despite the fact that the person's debt has

17  been extinguished. Thus, any attempt by Defendants to recoup their "customary" charges is

18  unlawful.

19    3.    In addition, Defendants add interest charges to the amounts of the unlawfully

20  asserted liens described above. These interest charges serve to increase the amount of the

21  unlawfully asserted lien, despite the fact that any debt between Defendants and the consumer has

22  been extinguished.

23    4.    Defendants' actions constitute malicious prosecution, because Defendants asserted

24  their impermissible liens with knowledge that the liens were not based on underlying debts

25  between Defendants and Plaintiff or other Class members and, thus, were impermissible and

26  illegal. Because the liens were asserted (or continued to be asserted) despite the fact that any debts

27  between Defendants and Plaintiff or other members of the Class were extinguished, the liens and

28

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

2

1  any interest thereon were null and void at their assertion, and, thus, have been terminated in favor

2  of Plaintiff and the Class.

3       5.    In addition, Defendants are each liable for aiding and abetting malicious prosecution

4  because they each are fundamental to the relationship and exchange of the funds necessary to keep

5  the Sutter Health organization running. Sutter Health exercises significant control over its hospital

6  affiliates; in turn, Sutter Health runs entirely on contributions from its hospital affiliates, and the

7  hospital affiliates are guided by the unified best practices promulgated by Sutter Health regarding

8  the assertion of the liens at issue. As a result, each Defendant aids and abets the commission of

9  malicious prosecution because: each Defendant knows the other's conduct constitutes a breach of

10  duty and gives substantial assistance or encouragement to the others to so act, or, in the alternative,

11  each Defendant gives substantial assistance to the other in accomplishing a tortious result and each

12  Defendant's own conduct constitutes a breach of duty to Plaintiff and the members of the Class.

13       6.    Plaintiff and the Class also seek declaratory relief to the effect that the liens asserted

14  against them, and/or any interest thereon, by Defendants were null and void at their assertion (or

15  when they continued to be asserted after the underlying debt was extinguished), because any

16  underlying debts between Defendants and Plaintiff or other members of the Class had been

17  extinguished by insurance payment, bankruptcy, or any other means.

18       7.    Plaintiff brings this action as a class action under California Code of Civil Procedure

19  §382 on behalf of herself and all other persons (the "Class") who received services performed by

20  one of Defendants' facilities, whose debt to Defendants was extinguished by any means, and

21  against whose claim for their injuries Defendants unlawfully asserted a lien as previously

22  described.

23       8.    Plaintiff seeks full compensation on behalf of herself and all others similarly situated

24  for all amounts unlawfully recovered by Defendants, and all other compensatory damages.

25  Plaintiff seeks punitive damages on behalf of herself and the Class for Defendants' unlawful

26  policies and practices. Plaintiff also seeks declaratory and injunctive relief, including restitution.

27  Finally, Plaintiff seeks reasonable attorneys' fees and costs under Code of Civil Procedure

28  §1021.5.

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

3

1

## PARTIES

2     9.     Plaintiff Melinda Campbell is a resident of San Jose, California.

3     10.     Defendant Sutter Health and the Defendant hospital affiliates of Sutter Health are,
4 and at all times have been, providers of medical services in California. The Sutter Health
5 organization has its headquarters in Sacramento, California, and has hospitals and locations in
6 twenty (20) counties in northern California, including Alameda County. Sutter Health and the
7 Defendant hospital affiliates of Sutter Health employ over 42,500 people in California.

8     11.     At all relevant times, Defendants have done business under the laws of California,
9 have had places of business in California, including in this judicial district, and have asserted liens
10 against Class members in this judicial district. Defendants are "persons" as defined in California
11 Business and Professions Code §17201.

12     12.     Plaintiff does not know the true names and capacities of Defendants sued herein as
13 DOES 24 and 25, and therefore sues these Defendants by fictitious names. Plaintiff will amend
14 her complaint to state the true names and capacities when ascertained. Plaintiff is informed and
15 believes and thereon alleges that each of the fictitiously named Defendants is responsible in some
16 manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter
17 set forth were proximately caused by said Defendants.

18     13.     Plaintiff is informed and believes and thereon alleges that each of the Defendants
19 acted in concert with each and every other Defendant, intended to and did participate in the events,
20 acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and
21 injury thereby to Plaintiff as alleged herein.

22     14.     At all times herein mentioned, each Defendant was the agent or employee of each of
23 the other Defendants and was acting within the course and scope of such agency or employment.

24     15.     Throughout this Complaint, any reference to "Sutter Health" and "Defendant" are
25 intended to refer to all Defendants jointly.

26

## JURISDICTION

27     16.     This Court has jurisdiction over the claims of Plaintiff and the Class for violations of
28 the CLRA pursuant to California Civil Code §1780.

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

4

1    17.    This Court has jurisdiction over the claims of Plaintiff and the Class for injunctive
2 relief, including restitution of amounts wrongfully collected, which are the money and property of
3 Plaintiff and the Class, arising from Sutter Health's unfair competition under California Business
4 and Professions Code §§17203 and 17204.

5    18.    This Court has jurisdiction at common law over the claims of Plaintiff and the Class
6 for malicious prosecution and abuse of process.

7 **VENUE**

8    19.    Venue is proper in this County pursuant to Code of Civil Procedure §395(a).
9 Defendant conducts business, employs Class members, and has offices and locations in this
10 County, and many of the events complained of occurred in this County.

11 **FACTUAL ALLEGATIONS**

12    20.    Defendants have a policy and practice of asserting liens, in the amount of what
13 Defendants unilaterally and arbitrarily deem to be the "customary" charge for the cost of services,
14 against the tort claims of persons who have received services from facilities of Defendants, despite
15 the fact that these persons' debts to Defendants have been extinguished. This policy and practice
16 of "balance billing," at all relevant times, has been substantially similar, if not identical, throughout
17 Defendants' locations in California.

18    21.    In addition, Defendants add interest charges to the amounts of the impermissible
19 liens described above. These interest charges serve to increase the amount of the unlawfully
20 asserted lien, despite the fact that any debt between Defendants and the customer has been
21 extinguished.

22    22.    When Defendants asserted their impermissible liens, Defendants acted without
23 probable cause and with malice because they lacked, or should have lacked, a reasonable belief in
24 the validity of the liens, and knew, or should have known, that the liens were not based on a legally
25 enforceable underlying debt.

26    23.    Because all debts between Defendants and Plaintiff or other members of the Class
27 had been extinguished when Defendants asserted their liens (or the debts were extinguished and

28

SCHNEIDER & WALLACE

1    Defendants continued to assert their liens after that time), the liens were null and void, and, thus,

2    were terminated in favor of Plaintiff or other members of the Class.

3        24.    The liens asserted by Defendants against Plaintiff and the Class are null and void

4    because they are not based on any underlying debt between Defendants and Plaintiff and the Class.

5        25.    Each Defendant knows the other's conduct constitutes a breach of duty and gives

6    substantial assistance or encouragement to the others to so act.

7        26.    Each Defendant gives substantial assistance to the other in accomplishing a tortious

8    result and the each Defendant's own conduct constitutes a breach of duty to Plaintiff and the

9    members of the Class.

10       27.    Defendants' unlawful conduct has been widespread and repeated throughout their

11   California locations. Defendants knew or should have known that their policies and practices have

12   been unlawful and unfair.

13                              **CLASS ALLEGATIONS**

14       28.    Plaintiff brings this action on behalf of herself and all others similarly situated

15   pursuant to California Code of Civil Procedure §382. The Class that Plaintiff seeks to represent is

16   defined as follows:

17           All persons who received the services performed by a Sutter Health hospital affiliate in
             California, whose debt to Sutter Health or its hospital affiliate was extinguished by any
18           means, and against whose claim for their injuries Sutter Health or its hospital affiliate
             asserted a lien, and/or interest thereon, for the payment to Sutter Health or its hospital
19           affiliate for the services rendered, at any time on or after four years prior to the date of the
             filing of this suit.
20
         29.    This action has been brought and may properly be maintained as a class action under
21
     Code of Civil Procedure §382 because there is a well-defined community of interest in the
22
     litigation and the proposed class is easily ascertainable:
23
             a.     Numerosity: The potential members of the Class as defined are so numerous
24
     that joinder of all the members of the Class is impracticable.
25
             b.     Commonality: There are questions of law and fact common to Plaintiff and
26
     the Class that predominate over any questions affecting only individual members of the
27
     Class. These common questions of law and fact include, but are not limited to:
28

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
6

1        i.    Whether Defendants acted with malice in asserting and pursuing liens

2    against Plaintiff and the Class;

3        ii.   Whether Defendants acted without probable cause in asserting and

4    pursuing liens against Plaintiff and the Class;

5        iii.  Whether the liens asserted by Defendants have terminated in favor of

6    Plaintiff and the Class;

7        iv.   Whether the liens asserted by Defendants constitute an "action"

8    sufficient to give rise to an action for malicious prosecution;

9        v.    Whether Defendants aided and abetted the commission of malicious

10   prosecution by giving substantial assistance or encouragement to the other

11   Defendants, while knowing that the others' conduct constituted a breach of duty;

12       vi.   Whether Defendants aided and abetted the commission of malicious

13   prosecution by giving substantial assistance to the other Defendants in

14   accomplishing a tortious result and the each Defendant's own conduct constituted a

15   breach of duty to Plaintiff and the members of the Class;

16       vii.  Whether Defendant's policy and practice of "balance billing" has

17   been an unlawful, unfair or fraudulent business practice under the UCL;

18       viii. Whether Defendants aided and abetted the violation of the UCL by

19   giving substantial assistance or encouragement to the other Defendants, while

20   knowing that the others' conduct constituted a breach of duty;

21       ix.   Whether Defendants aided and abetted the violation of the UCL by

22   giving substantial assistance to the other Defendants in accomplishing a tortious

23   result and the each Defendant's own conduct constituted a breach of duty to Plaintiff

24   and the members of the Class;

25       x.    Whether Plaintiff and the Class are entitled to declaratory relief that

26   the liens, and interest thereon, asserted by Sutter Health are null and void.

27       c.    Typicality:  Plaintiff's claims are typical of the claims of the Class.

28   Defendant's common course of conduct in violation of law as alleged herein has caused

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

7

1    Plaintiff and the Class to sustain the same or similar injuries and damages. Plaintiff's claims

2    are thereby representative of and co-extensive with the claims of the Class.

3        d.    Adequacy of Representation: Plaintiff is a member of the Class, does not

4    have any conflicts of interest with other Class members, and will prosecute the case

5    vigorously on behalf of the Class. Counsel representing Plaintiff are competent and

6    experienced in litigating large employment class actions, including large minimum wage

7    and overtime class actions. Plaintiff will fairly and adequately represent and protect the

8    interests of the Class members.

9        e.    Superiority of Class Action: A class action is superior to other available

10    means for the fair and efficient adjudication of this controversy. Individual joinder of all

11    Class members is not practicable, and questions of law and fact common to the Class

12    predominate over any questions affecting only individual members of the Class. Each Class

13    Member has been damaged and is entitled to recovery by reason of Defendants' illegal

14    policies and/or practices. Class action treatment will allow those similarly situated persons

15    to litigate their claims in the manner that is most efficient and economical for the parties and

16    the judicial system.

17                    **FIRST CAUSE OF ACTION**
                     Malicious Prosecution
18                    (Against All Defendants)

19    30.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

20    herein.

21    31.    Defendants asserted liens on the tort claims of Plaintiff and the Class, for an amount

22    deemed by Defendants to be "customary" for the services rendered, despite the fact that the debts

23    of Plaintiff and the Class to Defendants had been extinguished.

24    32.    Defendants' assertion of these impermissible liens constitutes malicious prosecution,

25    because their actions were undertaken without probable cause, with malice, and the liens have been

26    terminated favorably for Plaintiff and the Class.

27    33.    Defendants knew, or should have known, that because there existed no debts

28    between Defendants and Plaintiff or other members of the Class, their assertion of the liens was

SCHNEIDER
& WALLACE

1 │ impermissible. By asserting the liens, and interest thereon, Defendants alleged that they was

2 │ entitled to debts that it was not owed by Plaintiff or other members of the Class. Thus, Defendants

3 │ asserted these liens without probable cause and with malice. Defendants sought a recovery on

4 │ their liens which bore no resemblance to what they were legally owed, which was nothing.

5 │     34.    Because Defendants asserted the liens after any debts owed to them by Plaintiff and

6 │ the Class members had been extinguished (or continued to assert the liens after any such debts

7 │ were extinguished), the liens were and are null and void. As such, the liens have been terminated

8 │ in the favor of Plaintiff and the Class. In addition, Plaintiff and the Class seek declaratory relief

9 │ that the liens asserted by Defendants are null and void.

10 │     35.    In addition, Defendants are each liable for aiding and abetting malicious prosecution

11 │ because they each are fundamental to the relationship and exchange of the funds necessary to keep

12 │ the Sutter Health organization running. Sutter Health exercises significant control over its hospital

13 │ affiliates; in turn, Sutter Health runs entirely on contributions from its hospital affiliates, and the

14 │ hospital affiliates are guided by unified best practices regarding the assertion of the liens at issue.

15 │ As a result, each Defendant aids and abets the commission of malicious prosecution because: each

16 │ Defendant knows the other's conduct constitutes a breach of duty and gives substantial assistance

17 │ or encouragement to the others to so act, or, in the alternative, each Defendant gives substantial

18 │ assistance to the other in accomplishing a tortious result and the each Defendant's own conduct

19 │ constitutes a breach of duty to Plaintiff and the members of the Class.

20 │     36.    As a result of Defendants' malicious prosecution, Plaintiff, on behalf of herself and

21 │ the Class, seeks an order of this Court awarding actual damages, an order enjoining Defendants

22 │ from asserting liens on the recoveries of Plaintiff and the Class, restitution of any money or

23 │ property wrongfully taken from Plaintiff and the Class, punitive damages, and any other relief that

24 │ the Court deems proper.

25 │     37.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

26 │     38.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

27 │                            **SECOND CAUSE OF ACTION**
   │        **Violation of California Business and Professions Code §§17200,** *et seq.*

28 │                            (Against All Defendants)

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

9

39.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

40.    California Business and Professions Code §§17200, *et. seq.* (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

41.    California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

42.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

      a.    malicious prosecution;

      b.    aiding and abetting malicious prosecution.

43.    The violations of these laws, as well as fundamental California public policies, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq.*

44.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class money rightfully belonging to them, while enabling Defendants to gain an unfair competitive advantage over law-abiding competitors.

45.    Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

10

1    46.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

2  and the Class have suffered a loss of money and property, in the form of money that rightfully

3  belongs to them.

4    47.    Business and Professions Code §17203 provides that the Court may restore to any

5  person in interest any money or property which may have been acquired by means of such unfair

6  competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

7  Code §17203 for all money unlawfully taken from them during the four-year period prior to the

8  filing of this Complaint.

9    48.    Plaintiff's success in this action will enforce important rights affecting the public

10  interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.

11  Plaintiff and the Class seek and are entitled to money wrongfully taken from them, declaratory and

12  injunctive relief, and all other equitable remedies owing to them.

13    49.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

14  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

15  public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

16  pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to

17  Code of Civil Procedure §1021.5 and otherwise.

18    50.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

19                              **THIRD CAUSE OF ACTION**
     **Declaratory Relief that the Liens Asserted by Defendants Are Null and Void**
20                              (Against All Defendants)

21    51.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

22  forth herein.

23    52.    Defendants asserted liens, and interest thereon, on the tort claims of Plaintiff and the

24  Class, for an amount unilaterally and arbitrarily deemed by Defendants to be "customary" for the

25  services rendered, despite the fact that the debts of Plaintiff and the Class to Defendants had been

26  extinguished.

27    53.    Because any debts between Defendants and Plaintiff and the Class had been

28  extinguished by contract, bankruptcy, or some other means, Defendants' liens were null and void

SCHNEIDER
& WALLACE

1  at the time they were asserted (or became null and void at the time that the underlying debt

2  between Defendants and the class member was extinguished).

3      54.    As a result, Plaintiff seeks declaratory relief declaring Defendants' liens, and any

4  interest asserted thereon, against Plaintiff and the Class members to be null and void.

5      55.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

6      56.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

7                                  **PRAYER FOR RELIEF**

8      Plaintiff prays for relief as follows:

9      1.     For an order certifying this action as a class action under California Code of Civil

10 Procedure §382, as alleged herein, appointing Plaintiff as a Class Representative, and Plaintiff's

11 attorneys as Class Counsel;

12     2.     For a declaratory judgment that Defendants have committed malicious prosecution;

13     3.     For a declaratory judgment that Defendants have violated Business and Professions

14 Code §§17200, *et seq.*, as a result of the aforementioned violations;

15     4.     For a declaratory judgment that the liens, and any interest thereon, asserted by

16 Defendants against Plaintiff and the Class are null and void;

17     5.     For preliminary, permanent and mandatory injunctive relief prohibiting Defendants,

18 their officers, agents and all those acting in concert with them, from committing in the future those

19 violations of law herein alleged;

20     6.     For an equitable accounting to identify, locate and restore to Plaintiff and the Class

21 the money they are due, with interest thereon;

22     7.     For an award of restitution, according to proof, under Business and Professions Code

23 §§17200-17205, with interest thereon;

24     8.     For an order awarding Plaintiff and the Class compensatory damages, including but

25 not limited to amounts for emotional distress, and all other sums of money owed to Plaintiff and

26 the Class, together with interest on these amounts, according to proof;

27     9.     For an order awarding Plaintiff and the Class civil penalties pursuant to the Unfair

28 Business Practices Act under Business and Professions Code §17202, with interest thereon.

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

12

1      10.    For an award of punitive damages in an amount sufficient to punish Defendants;

2      11.    For an award of reasonable attorneys' fees as provided by California Code of Civil

3  Procedure §1021.5; and/or other applicable law;

4      12.    For all costs of suit; and

5      13.    For such other and further relief as this Court deems just and proper.

6

7  Respectfully submitted,

8  Date: June 21, 2007                SCHNEIDER & WALLACE
                                  LAW OFFICE OF LINDA ROSS
9                                ROBOOSTOFF & KALKIN, PLC

10

11

12                                Hank Willson
                                Counsel for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND UNFAIR BUSINESS PRACTICES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

13

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3  a jury.

4

5  Respectfully submitted,

6  Date: June 21, 2007 ·                   SCHNEIDER & WALLACE
                                       LAW OFFICE OF LINDA ROSS

7                                       ROBOOSTOFF & KALKIN, PLC

8

9

10                                     Hank Willson
                                       Counsel for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

1

## PROOF OF SERVICE

2

### Sections 1013(a), 2015.5 C.C.P.

3

*Campbell et al. v. Sutter Health,*
*Alameda Superior Court Case No.: RG05221764*

4

5       I am employed in the County of San Francisco. I am over the age of eighteen years and not

6   a party to the within entitled action. My business address is 180 Montgomery Street, Suite 2000,

7   San Francisco, CA 94104.

8       On June 21, 2007, I served the following:

9       1. SECOND AMENDED CLASS ACTION COMPLAINT FOR MALICIOUS PROSECUTION AND

10          UNFAIR BUSINESS PRACTICES

11   BY OVERNIGHT MAIL: I served the said document(s) on the interested parties by placing true

12   copies thereof enclosed in a sealed DHL Express envelope, postage fully prepaid, to send via DHL

13   Overnight in San Francisco, California, to the address set forth below.

14

15                          Marcia Augsburger
                            John C.J. Barnes
16                     **McDonough Holland & Allen PC**
                        555 Capitol Mall, 9th Floor
17                      Sacramento, CA  94814-4692

18       I declare under penalty of perjury under the laws of the State of California that the

19   foregoing is true and correct and that this Declaration is executed on June 21, 2007, at San

20   Francisco, California.

21

22

23                          Cathy Vittoria

24

25

26

27

28

Exhibit C

1 | McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
2 | RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER, (maugsburger@mhalaw.com) (145686)
3 | ELIZABETH M. O'NEILL, (eoneill@mhalaw.com) (166882)
JOHN C.J. BARNES, (jbarnes@mhalaw.com) (216694)
4 | 555 Capitol Mall, 9th Floor
Sacramento, CA 95814
5 | Phone: 916.444.3900
Fax:   916.444.8989
6 |
Attorneys for Defendant
7 | Memorial Hospitals Association

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | MELINDA CAMPBELL, on her own behalf,    ) CASE NO.
and on behalf of all others similarly situated,  )
12 |                                                              )
                                                             )
13 |                                    Plaintiff(s),     ) **EXHIBIT C TO NOTICE OF**
                                                             ) **REMOVAL (28 U.S.C. § 1331, 1334,**
           v.                                           ) **1441 AND 1446)**
14 |                                                              )
                                                             )
SUTTER HEALTH, ALTA BATES MEDICAL ) **[FEDERAL QUESTION]**
15 | CENTER, CALIFORNIA PACIFIC MEDICAL )
CENTER, EDEN MEDICAL CENTER,          )
16 | MARIN GENERAL HOSPITAL, MEMORIAL )
HOSPITAL LOS BANOS, MEMORIAL         )
17 | HOSPITALS ASSN., MILLS-PENINSULA   )
MEDICAL CENTER, NOVATO                    )
18 | COMMUNITY HOSPITAL, ST. LUKE'S       )
HOSPITAL, SUTTER AMADOR HOSPITAL, )
19 | SUTTER AUBURN FAITH HOSPITAL,         )
SUTTER CENTER FOR PSYCHIATRY,         )
20 | SUTTER COAST HOSPITAL, SUTTER        )
DAVIS HOSPITAL, SUTTER DELTA             )
21 | MEDICAL CENTER, SUTTER GENERAL      )
HOSPITAL, SUTTER LAKESIDE HOSPITAL,)
22 | SUTTER MATERNITY AND SURGERY        )
CENTER OF SANTA CRUZ, SUTTER          )
23 | MEMORIAL HOSPITAL, SUTTER MEDICAL)
CENTER OF SANTA ROSA, SUTTER          )
24 | ROSEVILLE MEDICAL CENTER, SUTTER  )
SOLANO MEDICAL CENTER, SUTTER       )
25 | TRACY COMMUNITY HOSPITAL, and      )
DOES 24 and 25, inclusive,                      )
26 |                                                              )
                                   Defendants.      )
27 |

28 |

# VOLUME I

MHA
McDonough Holland & Allen PC
Attorneys at Law

Exhibit C to Notice of Removal                                    1024019v1 09504/0502

# *Campbell, et al. v. Sutter Health, et al.*

## Index of State Court Pleadings

| Tab | Date Filed | Description |
|-----|-----------|-------------|
| 1 | 7/8/05 | Class Action Complaint for Violations of the Consumers Legal Remedies Act, Civil Code §§1750, *et seq.*, Unjust Enrichment, Misrepresentation, conversion, and Business and Professions Code §§17200, *et seq.* |
| 2 | 7/8/05 | Civil Case Cover Sheet |
| 3 | 7/11/05 | Notice of Hearing |
| 4 | 8/1/05 | Summons |
| 5 | 8/1/05 | Proof of Service |
| 6. | 8/26/05 | Notice of Hearing |
| 7 | 8/26/05 | Minutes of Hearing |
| 8 | 9/21/05 | Notice of Continued Case Management Conference |
| 9 | 10/5/05 | Notice of Telephonic Hearing |
| 10 | 11/2/05 | Notice of Telephonic Hearing |
| 11 | 8/30/05 | Demurrer by Defendant Sutter Health to Plaintiff's Complaint |
| 12 | 8/30/05 | Sutter Health's Request for Judicial Notice |
| 13 | 8/30/05 | Notice of Hearing on Demurrer by Defendant Sutter Health to Plaintiff's Complaint |
| 14 | 8/30/05 | Sutter Health's Memorandum of Points and Authorities in Support of Demurrer to the Class Action Complaint for Violations of the Consumers Legal Remedies Act, Civil Code §§1750, *et seq.*, Unjust Enrichment, Misrepresentation, conversion, and Business and Professions Code §§17200, *et seq.* |
| 15 | 9/14/05 | Proof of Service |
| 16 | 9/13/05 | Amended Notice of Hearing on Demurrer by Defendant Sutter Health to Plaintiff's Complaint |
| 17 | 9/21/05 | Notice of Continued Case Management Conference |
| 18 | 9/21/05 | Second Amended Notice of Hearing on Demurrer by Defendant Sutter Health to Plaintiff's Complaint |
| 19 | 11/2/05 | Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Demurrer |
| 20 | 11/2/05 | Plaintiff's Opposition to Defendant's Request for Judicial Notice |
| 21 | 11/2/05 | Proof of Service |
| 22 | 11/8/05 | Sutter Health's Reply in Support of Demurrer |
| 23 | 11/8/05 | [Proposed] Order Granting Sutter Health's Demurrer to Plaintiff's Complaint |
| 24 | 11/8/05 | Sutter Health's Case Management Statement |
| 25 | 11/10/05 | Plaintiff's Complex Case Management Conference Statement |
| 26 | 11/17/05 | Order – Demurrer to Complaint Sustained |

| 27 | 11/22/05 | Notice of Entry of Order on Sutter Health's Demurrer to Plaintiff's Complaint |
| 28 | 12/9/05 | Joint Stipulation and Request for Extension of Time for Filing of Plaintiff's Amended Complaint and Defendant's Responsive Pleading; Proposed Order |
| 29 | 12/16/05 | First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices and Declaratory Relief |
| 30 | 1/13/06 | Notice of Hearing on Demurrer by Defendant Sutter Health to Plaintiff's First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief |
| 31 | 1/13/06 | Demurrer by Defendant Sutter Health to Plaintiff's First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief |
| 32 | 1/13/06 | Sutter Health's Memorandum of Points and Authorities in Support of Demurrer to the First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief |
| 33 | 1/13/06 | Sutter Health's Request for Judicial Notice in Support of Demurrer to Amended Complaint |
| 34 | 1/13/06 | Sutter Health's Submission of Non-California Authority in Support of Demurrer to Amended Complaint |
| 35 | 1/27/06 | Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Demurrer to Plaintiff's First Amended Complaint |
| 36 | 1/27/06 | Plaintiff's Opposition to Defendant's Request for Judicial Notice |
| 37 | 1/27/06 | Proof of Service |
| 38 | 2/2/06 | Joint Stipulation and Request Regarding Plaintiff's Filing of Opposition to Defendant's Demurrer |
| 39 | 2/2/06 | Sutter Health's Reply Brief in Support of Demurrer to the First Amended Class Action Complaint |
| 40 | 2/2/06 | Sutter Health's Reply to Plaintiff's Opposition to Request for Judicial Notice |
| 41 | 2/2/06 | [Proposed] Order Granting Sutter Health's Demurrer to the First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief |
| 42 | 2/3/06 | Sutter Health's Case Management Statement |
| 43 | 2/7/06 | Plaintiff's Complex Case Management Conference Statement |
| 44 | 4/18/06 | Order (1) Overruling in Part and Sustaining Without Leave to Amend in Part the Demurrer to First Amended Complaint and (2) Finding Order Suitable for Interlocutory Review Under C.C.P. 166.1. |
| 45 | 6/2/06 | Defendant Sutter Health's Answer to First Amended Class Action Complaint |
| 46 | 9/26/06 | Notice of Plaintiff's Ex Parte Application for Order Vacating Hearing Date for Motion for Class Certification; Application; Memorandum of Points and Authorities; Declaration of Hank Willson; Exhibits |

| 47 | 9/26/06 | [proposed] Order Regarding Plaintiff's Ex Parte Application for Order Vacating Hearing Date for Motion for Class Certification |
| 48 | 9/26/06 | Proof of Service |
| 49 | 9/28/06 | Opposition to Ex Parte Application for Order Vacating Hearing Date for Motion for Class Certification |
| 50 | 9/29/06 | Declaration of Marcia L. Augsburger in Support of Opposition to Ex Parte Application for Order Vacating Hearing Date for Motion for Class Certification |
| 51 | 10/2/06 | Plaintiff's Reply Regarding Ex Parte Application for Order Vacating Hearing Date for Motion for Class Certification |
| 52 | 10/2/06 | Request for Courtcall Telephonic Appearance |
| 53 | 10/2/06 | Confirmation of Telephonic Appearance |
| 54 | 10/2/06 | Order Granting Plaintiff's Application to Vacate Hearing Date for Motion for Class Certification |
| 55 | 10/30/06 | Sutter Health's Case Management Statement |
| 56 | 10/30/06 | Plaintiff's Complex Case Management Conference Statement |
| 57 | 11/6/06 | Notice of Hearing |
| 58 | 1/16/07 | Sutter Health's Case Management Statement |
| 59 | 1/18/07 | Plaintiff's Complex Case Management Conference Statement |
| 60 | 1/23/07 | Confirmation of Telephonic Appearance |
| 61 | 1/23/07 | Minutes of Hearing |
| 62 | 4/9/07 | Sutter Health's Case Management Statement |
| 63 | 4/16/07 | Notice of Hearing (Amended) |
| 64 | 4/19/07 | Plaintiff's Complex Case Management Conference Statement |
| 65 | 4/24/07 | Minutes of Hearing |
| 66 | 5/16/07 | Notice of Motion and Motion for Leave to File Second Amended Complaint; Memorandum of Point and Authorities |
| 67 | 5/16/07 | Declaration of Hank Willson in Support of Motion for Leave to File Second Amended Complaint |
| 68 | 5/16/07 | Proof of Service |
| 69 | 5/29/07 | Sutter Health's Memorandum of Point and Authorities in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint |
| 70 | 5/29/07 | Declaration of Marcia L. Augsburger in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint |
| 71 | 5/29/07 | Declaration of Gayl Lounsbury in Support of Opposition to Motion for Leave to File Second Amended Complaint |
| 72 | 5/29/07 | Sutter Health's Submission of Non-California Authority in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint |
| 73 | 6/4/07 | Reply Brief for Plaintiff's Motion for Leave to File Second Amended Complaint |
| 74 | 6/4/07 | Reply Declaration of Hank Willson in Support of Motion for Leave to File Second Amended Complaint |
| 75 | 6/4/07 | Proof of Service |

| 76 | 6/6/07 | Order (1) Granting Motion of Plaintiff for Leave to File Second Amended Complaint, (2) Granting in Part Motion of Plaintiff to Compel Production, and (3) Granting in Part Motion of Plaintiff for Entry of Protective Order |
| 77 | 6/25/07 | Confidentiality Order |

**1**

*4182468*

1    TODD M. SCHNEIDER (State Bar #158253)
     JOSHUA KONECKY (State Bar #182897)
2    W.H. "HANK" WILLSON (State Bar #233321)
     SCHNEIDER & WALLACE
3    180 Montgomery Street, Suite 2000
     San Francisco, California 94104
4    Tel: (415) 421-7100
     Fax: (415) 421-7105
5    TTY: (415) 421-1665
6
7    LINDA ROSS (State Bar #85563)
     LAW OFFICE OF LINDA ROSS
8    2204 Union Street
     San Francisco, California 94123
9    Tel: (415) 563-2400
10
     SCOTT KALKIN (State Bar #120791)
11   ROBOOSTOFF & KALKIN, PLC
     369 Pine Street, Suite 610
12   San Francisco, California 94104
     Tel: (415) 732-0282
13   Fax: (415) 732-0287
14
     Attorneys for Plaintiff
15
16                      SUPERIOR COURT OF CALIFORNIA
17                          COUNTY OF ALAMEDA
18

FILED
ALAMEDA COUNTY

JUL 0 8 2005

ARTHUR SIMS, Exec. Off./Clerk
By _____

19   MELINDA CAMPBELL, on her own behalf,      Case No. RG05201764
     and on behalf of all others similarly situated,
20                                             CLASS ACTION COMPLAINT FOR
                Plaintiffs,                    VIOLATIONS OF THE CONSUMERS
21                                             LEGAL REMEDIES ACT, CIVIL CODE
          vs.                                  §§1750, *et seq.*, UNJUST ENRICHMENT,
22                                             MISREPRESENTATION, CONVERSION,
     SUTTER HEALTH, and DOES 1 through 25,     AND BUSINESS AND PROFESSIONS
23   inclusive,                                CODE §§17200, *et seq.*
24              Defendants.
                                               DEMAND FOR A JURY TRIAL
25
                                               COMPLEX CASE
26
27                                             SUMMONS
                                               ISSUED
28

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
1

Plaintiff Melinda Campbell ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      This is a class action against Sutter Health ("Sutter Health" or "Defendant") to challenge its unlawful policy and practice of engaging in "balance billing" against insured customers who receive services from Sutter Health facilities. Sutter Health's unlawful policy and practice has deprived countless medical consumers throughout California of money that is rightfully theirs.

2.      Sutter Health's policy and practice of balance billing involves Sutter Health asserting a lien against the tort recovery of a person who is injured and receives services from a Sutter Health facility. Sutter Health has unlawfully asserted this type of lien against the recovery of numerous persons whose debt to Sutter Health has been extinguished, either through payment by an insurance provider, whether public or private, acting pursuant to an agreement with Sutter Health which deems the payment to be "payment-in-full," through bankruptcy, or through any other means. Sutter Health asserts the lien for the difference between any amount that has been paid and the amount that Sutter Health considers to be its "customary" charge for the services, despite the fact that the person's debt has been extinguished. Thus, any attempt by Sutter Health to recoup its "customary" charges is unlawful. The California Supreme Court recently held this very practice to be unlawful in *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595.

3.      Sutter Health's actions violate the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §1750, *et seq.*, by misrepresenting the nature of the services and their cost, and by representing that the transaction conferred or involved rights, remedies or obligations it did not have or involve.

4.      By asserting liens against the recoveries of Plaintiff and the Class, and collecting on those purported liens, Sutter Health was unjustly enriched at the expense of Plaintiff and the Class; Sutter Health had no right to the recoveries which Plaintiff and the Class had obtained, and to which Plaintiff and the Class had a property right.

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
2

1    5.    By asserting a lien against the recoveries of Plaintiff and the Class, and collecting on

2    those purported liens, Sutter Health interfered with the property of Plaintiff and the Class such that

3    Sutter Health should be required to pay the full value of the portions of the recoveries which Sutter

4    Health took from Plaintiff and the Class.

5    6.    Sutter Health asserted liens against the recoveries of Plaintiff and the Class despite

6    the fact that Sutter Health knew or should have known that the debts of Plaintiff and the Class to

7    Sutter Health had been extinguished. Plaintiff and the Class were damaged by Sutter Health's

8    misrepresentation.

9    7.    Plaintiff brings this action as a class action under California Code of Civil Procedure

10.    §382 on behalf of herself and all other persons (the "Class") who received the benefit of services

11    performed by a Sutter Health facility, whose debt to Sutter Health was extinguished by any means,

12    who recovered for their injuries from a third party, and against whose recovery Sutter Health

13    unlawfully asserted a lien for the payment to Sutter Health an amount deemed by Sutter Health to

14    be the "customary" charge for the services, at any time on or after four years prior to the date of

15    the filing of this suit.

16    8.    Plaintiff seeks full compensation on behalf of herself and all others similarly situated

17    for all amounts unlawfully recovered by Sutter Health, and all other compensatory damages.

18    Plaintiff seeks punitive damages on behalf of himself and the Class for Sutter Health's unlawful

19    policy and practice. Plaintiff also seeks declaratory and injunctive relief, including restitution.

20    Finally, Plaintiff seeks reasonable attorneys' fees and costs under Code of Civil Procedure

21    §1021.5.

22                                         **PARTIES**

23    9.    Plaintiff Melinda Campbell is a resident of San Jose, California.

24    10.    Defendant Sutter Health is, and at all times has been, a provider of medical services

25    in California. Sutter Health has its headquarters in Sacramento, California, and has hospitals and

26    locations in twenty (20) counties in northern California, including Alameda County. Sutter Health

27    owns 26 hospitals, and employs over 42,500 people in California.

28

SCHNEIDER
& WALLACE

1    11.    At all relevant times, Sutter Health has done business under the laws of California,

2  has had places of business in California, including in this judicial district, and has asserted liens

3  against Class members in this judicial district. Sutter Health is a "person" as defined in California

4  Business and Professions Code §17201.

5    12.    Plaintiff does not know the true names and capacities of Defendants sued herein as

6  DOES 1-25, and therefore sues these Defendants by fictitious names. Plaintiff will amend her

7  complaint to state the true names and capacities when ascertained. Plaintiff is informed and

8  believes and thereon alleges that each of the fictitiously named Defendants is responsible in some

9  manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter

10  set forth were proximately caused by said Defendants.

11    13.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

12  acted in concert with each and every other Defendant, intended to and did participate in the events,

13  acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and

14  injury thereby to Plaintiff as alleged herein.

15    14.    At all times herein mentioned, each Defendant was the agent or employee of each of

16  the other Defendants and was acting within the course and scope of such agency or employment.

17    15.    Throughout this Complaint, any reference to "Sutter Health" and "Defendant" are

18  intended to refer to all Defendants jointly.

19                                **JURISDICTION**

20    16.    This Court has jurisdiction over the claims of Plaintiff and the Class for violations of

21  the CLRA pursuant to California Civil Code §1780.

22    17.    This Court has jurisdiction over the claims of Plaintiff and the Class for injunctive

23  relief, including restitution of amounts wrongfully collected, which are the money and property of

24  Plaintiff and the Class, arising from Sutter Health's unfair competition under California Business

25  and Professions Code §§17203 and 17204.

26    18.    This Court has jurisdiction at common law over the claims of Plaintiff and the Class

27  for unjust enrichment, fraud, misrepresentation, conversion and trespass to chattels.

28

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

4

**VENUE**

19.    Venue as to Defendant is proper in this County pursuant to Code of Civil Procedure §395(a). Defendant conducts business, employs Class Members, and has offices and locations in this County, and the events complained of occurred in this County.

**FACTUAL ALLEGATIONS**

20.    Sutter Health has a policy and practice of asserting liens, for the amount of what Sutter Health deems to be the "customary" charge for the cost of services, against the tort recoveries of persons who have received services from Sutter Health facilities, despite the fact that the persons' debts to Sutter Health have been extinguished. This policy and practice of "balance billing," at all relevant times, has been substantially similar, if not identical, throughout the various Sutter Health locations in California.

21.    Sutter Health's balance billing violates the CLRA, Civil Code §1770(a)(5), because it misrepresents the cost of its services by demanding payment for its services after the debt for those services has been extinguished. It also violates the CLRA, Civil Code §1770(a)(14), because, by demanding payment for services despite the fact that the debt has been extinguished, it represents that the provision of services involved obligations for Plaintiff and the Class which they did not in fact involve.

22.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on those purported liens, Sutter Health was unjustly enriched at the expense of Plaintiff and the Class. Sutter Health's "balance billing" awards to Sutter Health money to which it had no right, and to which Plaintiff and the Class had a property right.

23.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on those purported liens, Sutter Health intentionally interfered with the property of Plaintiff and the Class such that Sutter Health should be required to pay the full value of the portion of the recoveries which Sutter Health took from Plaintiff and the Class. Thus, Sutter Health is liable to Plaintiff and the Class for conversion. In cases where Sutter Health was unable to collect on its purported liens, Sutter Health is liable to Plaintiff and the Class for trespass to chattels, because

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

5

1          b.      Commonality: There are questions of law and fact common to Plaintiff and

2    the Class that predominate over any questions affecting only individual members of the

3    Class. These common questions of law and fact include, without limitation:

4                  i.      Whether Defendant's policy and practice of "balance billing" violates

5    the CLRA, Civil Code §1770(a)(5), because it misrepresents the cost of its services

6    by demanding payment for its services after the debt for those services has been

7    extinguished;

8                  ii.     Whether Defendant's policy and practice of "balance billing" violates

9    the CLRA, Civil Code §1770(a)(14), because, by demanding payment for services

10   despite the fact that the debt has been extinguished, it represents that the provision of

11   services involved obligations which they did not in fact involve;

12                 iii.    Whether Defendant's policy and practice of "balance billing," by

13   asserting liens against the recoveries of Plaintiff and the Class, and collecting on

14   those purported liens, unjustly enriched Defendant;

15                 iv.     Whether Defendant's policy and practice of "balance billing," by

16   asserting liens against the recoveries of Plaintiff and the Class, and collecting on

17   those purported liens, makes Defendant liable to Plaintiff and the Class for

18   conversion.

19                 v.      Whether Defendant's policy and practice of "balance billing," by

20   asserting liens against the recoveries of Plaintiff and the Class, makes Defendant

21   liable to Plaintiff and the Class for trespass to chattels;

22                 vi.     Whether Defendant's assertion of liens against the recoveries of

23   Plaintiff and the Class despite the fact that Defendant knew or should have known

24   that the debts of Plaintiff and the Class to Defendant had been extinguished makes

25   Defendant liable to Plaintiff and the Class for fraud or deceit;

26                 vii.    Whether Defendant's assertion of liens against the recoveries of

27   Plaintiff and the Class despite the fact that Defendant had no reasonable ground for

28   not knowing that the debts of Plaintiff and the Class to Defendant had been

HNEIDER
WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

7

1    extinguished makes Defendant liable to Plaintiff and the Class for negligent

2    misrepresentation; and

3         viii.    Whether Defendant's policy and practice of "balance billing" has

4    been an unlawful, unfair or fraudulent business practice under the UCL.

5        c.    Typicality: Plaintiff's claims are typical of the claims of the Class.

6    Defendant's common course of conduct in violation of law as alleged herein has caused

7    Plaintiff and the Class to sustain the same or similar injuries and damages. Plaintiff's claims

8    are thereby representative of and co-extensive with the claims of the Class.

9        d.    Adequacy of Representation: Plaintiff is a member of the Class, does not

10   have any conflicts of interest with other Class members, and will prosecute the case

11   vigorously on behalf of the Class. Counsel representing Plaintiff are competent and

12   experienced in litigating large employment class actions, including large minimum wage

13   and overtime class actions. Plaintiff will fairly and adequately represent and protect the

14   interests of the Class members.

15       e.    Superiority of Class Action: A class action is superior to other available

16   means for the fair and efficient adjudication of this controversy. Individual joinder of all

17   Class members is not practicable, and questions of law and fact common to the Class

18   predominate over any questions affecting only individual members of the Class. Each Class

19   Member has been damaged and is entitled to recovery by reason of Defendants' illegal

20   policies and/or practices. Class action treatment will allow those similarly situated persons

21   to litigate their claims in the manner that is most efficient and economical for the parties and

22   the judicial system.

23
### FIRST CAUSE OF ACTION
**Violations of The Consumers Legal Remedies Act, Civil Code §§1750, *et seq.***
24   (Against All Defendants)

25   28.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

26   herein.

27   29.    Plaintiff and other persons similarly situated made use of the services of Sutter

28   Health for personal, family or household purposes.

HNEIDER
WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

8

1     30.    Sutter Health asserted liens on the recoveries of Plaintiff and the Class, for an

2  amount deemed by Sutter Health to be "customary" for the services rendered, despite the fact that

3  the debts of Plaintiff and the Class to Sutter Health had been extinguished.

4     31.    This act constitutes a violation of California Civil Code §1770(a)(5) in that Sutter

5  Health represented that the services would not saddle Plaintiff and the Class with purported debts

6  after the time the debts rightfully had been extinguished through law or contract.

7     32.    This act constitutes a violation of California Civil Code §1770(a)(14), in that Sutter

8  Health demanded payment for services despite the fact that the debt has been extinguished, thereby

9  representing that the provision of services involved obligations for Plaintiff and the Class which

10  they did not in fact involve.

11     33.    Pursuant to California Civil Code §1780, Plaintiff, on behalf of herself and the Class,

12  seeks an order of this Court awarding actual damages, an order enjoining Defendant from asserting

13  liens on the recoveries of Plaintiff and the Class, restitution of any money or property wrongfully

14  taken from Plaintiff and the Class, punitive damages, and any other relief that the Court deems

15  proper.

16     34.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

17     35.    Wherefore, Plaintiff and the Class Members request relief as hereinafter provided.

18          **SECOND CAUSE OF ACTION**
**Unjust Enrichment as a Result of "Balance Billing"**
19          (Against All Defendants)

20     36.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

21  herein.

22     37.    Sutter Health has unjustly enriched itself at the expense of Plaintiff and the Class by

23  asserting liens on the recoveries of Plaintiff and the Class despite the fact that the debts of Plaintiff

24  and the Class to Sutter Health have been extinguished, whenever Sutter Health has succeeded in

25  collecting from Plaintiff and the Class the amounts of the unlawful liens.

26     38.    Defendants have knowingly and willfully asserted liens against the recoveries of

27  Plaintiff and the Class whose debts to Sutter Health have been extinguished. As a proximate result

28  of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to

HNEIDER WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
9

1 | be determined according to proof at time of trial, but in an amount in excess of the jurisdictional

2 | requirements of this Court.

3 |     39.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

4 |     40.    Wherefore; Plaintiff and the Class request relief as hereinafter provided.

5 |                          **THIRD CAUSE OF ACTION**

     **Conversion and Trespass to Chattels as a Result of "Balance Billing"**

6 |                             (Against All Defendants)

7 |     41.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

8 | herein.

9 |     42.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on

10 | those purported liens, despite the fact that the debts of Plaintiff and the Class to Sutter Health had

11 | been extinguished, Sutter Health intentionally interfered with the property of Plaintiff and the

12 | Class such that Sutter Health should be required to pay the full value of the portion of the recovery

13 | which Sutter Health took from Plaintiff. As a result, Sutter Health is liable to Plaintiff and the

14 | Class for conversion.

15 |     43.    In the event that Sutter Health was unable to collect on its purported lien, by

16 | asserting liens against the recoveries of Plaintiff and the Class, Sutter Health intentionally

17 | interfered with the use and enjoyment of the personal property of Plaintiff and the Class. As a

18 | result, Sutter Health is liable to Plaintiff and the Class for trespass to chattels.

19 |     44.    As a proximate result of the aforementioned violations, Plaintiff and the Class have

20 | been damaged in an amount according to proof at time of trial.

21 |     45.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

22 |                         **FOURTH CAUSE OF ACTION**

  **Fraud and Negligent Misrepresentation in Violation of Civil Code §1709**

23 |                           (Against All Defendants)

24 |     46.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

25 | herein.

26 |     47.    Sutter Health asserted liens against the recoveries of Plaintiff and the Class despite

27 | the fact that Sutter Health knew that the debts of Plaintiff and the Class had been extinguished.

28 | Sutter Health intended to defraud Plaintiff and the Class, and Plaintiff and the Class actually and

1 | be determined according to proof at time of trial, but in an amount in excess of the jurisdictional

2 | requirements of this Court.

3 |     39.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

4 |     40.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

5 | **THIRD CAUSE OF ACTION**<br>**Conversion and Trespass to Chattels as a Result of "Balance Billing"**<br>(Against All Defendants)

6 |

7 |     41.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

8 | herein.

9 |     42.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on

10 | those purported liens, despite the fact that the debts of Plaintiff and the Class to Sutter Health had

11 | been extinguished, Sutter Health intentionally interfered with the property of Plaintiff and the

12 | Class such that Sutter Health should be required to pay the full value of the portion of the recovery

13 | which Sutter Health took from Plaintiff. As a result, Sutter Health is liable to Plaintiff and the

14 | Class for conversion.

15 |     43.    In the event that Sutter Health was unable to collect on its purported lien, by

16 | asserting liens against the recoveries of Plaintiff and the Class, Sutter Health intentionally

17 | interfered with the use and enjoyment of the personal property of Plaintiff and the Class. As a

18 | result, Sutter Health is liable to Plaintiff and the Class for trespass to chattels.

19 |     44.    As a proximate result of the aforementioned violations, Plaintiff and the Class have

20 | been damaged in an amount according to proof at time of trial.

21 |     45.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

22 | **FOURTH CAUSE OF ACTION**<br>**Fraud and Negligent Misrepresentation in Violation of Civil Code §1709**<br>(Against All Defendants)

23 |

24 |     46.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

25 | herein.

26 |     47.    Sutter Health asserted liens against the recoveries of Plaintiff and the Class despite

27 | the fact that Sutter Health knew that the debts of Plaintiff and the Class had been extinguished.

28 | Sutter Health intended to defraud Plaintiff and the Class, and Plaintiff and the Class actually and

SHNEIDER WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
10

1 | justifiably relied upon Sutter Health's assertion that it had a right to its "customary" charges for its

2 | services. As a result, Sutter Health is liable for the damage its fraudulent misrepresentation caused

3 | to Plaintiff and the Class, pursuant to Civil Code §1709.

4 |       48.    In the alternative, Sutter Health asserted liens against the recoveries of Plaintiff and

5 | the Class when Sutter Health had no reasonable ground for believing that it had a right to the liens.

6 | Civ. Code §1710. As a result, Sutter Health is liable for the damage its negligent

7 | misrepresentation has caused to Plaintiff and the Class, pursuant to Civil Code §1709.

8 |       49.    As a proximate result of the aforementioned misrepresentations, Defendants have

9 | damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but

10 | in an amount in excess of the jurisdictional requirements of this Court.

11 |       50.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

12 |       51.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

13 | **FIFTH CAUSE OF ACTION**<br>**Violation of California Business and Professions Code §§17200, et seq.**<br>

14 | (Against All Defendants)

15 |       52.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

16 | forth herein.

17 |       53.    California Business and Professions Code §§17200 et. seq. (also referred to herein as

18 | the "Unfair Business Practices Act" or "Unfair Competition Law"), prohibits unfair competition in

19 | the form of any unlawful, unfair or fraudulent business act or practice.

20 |       54.    California Business and Professions Code §17204 allows a person injured by the

21 | unfair business acts or practices to prosecute a civil action for violation of the UCL.

22 |       55.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years

23 | prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the

24 | Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business

25 | practices and acts described in this Complaint, including, but not limited to:

26 |         a.   violations of Civil Code §1770(a)(5);

27 |         b.   violations of Civil Code §1770(a)(14);

28 |         c.   unjust enrichment at the expense of Plaintiff and the Class;

SCHNEIDER WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
11

1              d.  unlawful conversion of the property of Plaintiff and the Class;

2              e.  unlawful trespass to the chattel of Plaintiff and the Class;

3              f.  fraud in violation of Civil Code §§1709-1710; and

4              g.  negligent misrepresentation in violation of Civil Code §§1709-1710.

5        56.    The violations of these laws and regulations, as well as of the fundamental California

6    public policies protecting consumers, serve as unlawful predicate acts and practices for purposes of

7    Business and Professions Code §§17200 *et. seq.*

8        57.    The acts and practices described above constitute unfair, unlawful and fraudulent

9    business practices, and unfair competition, within the meaning of Business and Professions Code

10   §§17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class

11   money rightfully belonging to them, while enabling Sutter Health to gain an unfair competitive

12   advantage over law-abiding employers and competitors.

13       58.    Business and Professions Code §17203 provides that a court may make such orders

14   or judgments as may be necessary to prevent the use or employment by any person of any practice

15   which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent

16   Defendant from repeating its unlawful, unfair and fraudulent business acts and business practices

17   alleged above.

18       59.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

19   and the Class have suffered a loss of money and property, in the form of money that rightfully

20   belongs to them.

21       60.    Business and Professions Code §17203 provides that the Court may restore to any

22   person in interest any money or property which may have been acquired by means of such unfair

23   competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

24   Code §17203 for all money unlawfully taken from them during the four-year period prior to the

25   filing of this Complaint.

26       61.    As a direct and proximate result of the aforementioned acts and practices, Defendant

27   has received and continue to hold ill-gotten gains belonging to Plaintiff and the Class, and has

28   profited in that amount from its unlawful acts and practices. An order under §17203 and/or any

SCHNEIDER
WALLACE

1  other applicable law requiring Defendant to disgorge all the profits and gains it has reaped through

2  its unlawful, unfair and fraudulent conduct is necessary and appropriate to prevent Defendant from

3  profiting and benefiting from these illegal and wrongful acts.

4      62.    Plaintiff's success in this action will enforce important rights affecting the public

5  interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.

6  Plaintiff and the Class seek and are entitled to money wrongfully taken from them, declaratory and

7  injunctive relief, and all other equitable remedies owing to them.

8      63.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

9  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

10  public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

11  pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to

12  Code of Civil Procedure §1021.5 and otherwise.

13      64.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

14                              **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiff prays for relief as follows:

16      1.    For an order certifying this action as a class action under California Code of Civil

17  Procedure §382, as alleged herein, appointing Plaintiff as a Class Representative, and Plaintiff's

18  attorneys as Class Counsel;

19      2.    For a declaratory judgment that Defendant has violated the CLRA and public policy

20  as alleged herein;

21      3.    For a declaratory judgment that Defendant has violated Business and Professions

22  Code §§17200 *et seq.*, as a result of the aforementioned violations;

23      4.    For preliminary, permanent and mandatory injunctive relief prohibiting Defendant,

24  its officers, agents and all those acting in concert with them, from committing in the future those

25  violations of law herein alleged;

26      5.    For an equitable accounting to identify, locate and restore to Plaintiff and the Class

27  the money they are due, with interest thereon;

28

CHNEIDER
WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
13

1      6.      For an award of restitution and disgorgement of profits, according to proof, under

2  Business and Professions Code §§17200-17205, with interest thereon;

3      7.      For an order awarding Plaintiff and the Class compensatory damages, including

4  amounts for lost wages, emotional distress, and all other sums of money owed to Plaintiff and the

5  Class, together with interest on these amounts, according to proof;

6      8.      For an order awarding Plaintiff and the Class civil penalties pursuant to the Unfair

7  Business Practices Act, with interest thereon.

8      9.      For an award of reasonable attorneys' fees as provided by California Code of Civil

9  Procedure §1021.5; and/or other applicable law;

10     10.     For all costs of suit; and

11     11.     For such other and further relief as this Court deems just and proper.

12

13  Respectfully submitted,

14  Dated: July 8, 2005                     SCHNEIDER & WALLACE

15

16

17                                  HANK WILLSON
                                   Counsel for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
WALLACE

## **DEMAND FOR JURY TRIAL**

1
2      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to
3   a jury.
4
5   Respectfully submitted,
6   Dated: July 8, 2005                              SCHNEIDER & WALLACE
7
8                                                    _____
9                                                    HANK WILLSON
                                                     Counsel for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
15

**2**

*4182504*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
W.H. "Hank" Willson (SBN 233321)
Schneider & Wallace
180 Montgomery Street, Suite 2000, San Francisco, CA 94104
TELEPHONE NO.: (415) 421-7100    FAX NO.: (415) 421-7105
ATTORNEY FOR *(Name):* Melinda Campbell

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:
Campbell v. Sutter Health, et al.

FILED
ALAMEDA COUNTY

JUL 0 8 2007

ARTHUR SIMS, Exec. Off./Clerk
By _____

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG05221764 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental /Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence           f. ☑ Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is ☐ is not a class action suit.
Date:

W.H. "Hank" Willson
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Campbell v. Sutter Health | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

|  |  |
|---|---|
| [x] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover. Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G)<br>Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [X] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial    Is the deft. In possession |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes   [ ] No |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

**3**

Schneider & Wallace
Attn: Schneider, Todd M.
180 Montgomery St. Ste. 2000
San Francisco, CA  94104

Sutter Health

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Campbell | No. <u>RG05221764</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| | NOTICE OF HEARING |
| Sutter Health | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/26/2005     TIME: 02:00 PM     DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/26/2005     TIME: 01:30 PM     DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 07/11/2005                     Executive Officer / Clerk of the Superior Court

                              By      *Sandra Cole*
                                                          Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/11/2005.

                              By      *Sandra Cole*
                                                          Deputy Clerk

**4**

*4230366*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
SUTTER HEALTH, and DOES 1 through 25,
inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MELINDA CAMPBELL, on her own behalf,
and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
ALAMEDA COUNTY

AUG 1 - 2005

CLERK OF THE SUPERIOR COURT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG05221764 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Schneider (SBN 158253); W.H. "Hank" Willson (SBN 233321)    Telephone: (415) 412-7100
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000, San Francisco, CA 94104

DATE: 7/8/05
*(Fecha)*
Clerk, by Yasmin Redd, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

**5**

*4230370*

| | | |
|---|---|---|
| *Attorney or Party without Attorney:*<br><br>Todd M. Schneider (SBN 158253); W.H. "Hank" Willson (SBN 233321)<br>SCHNEIDER & WALLACE<br>180 Montgomery Street, Suite 2000, San Francisco<br>*Telephone:* 94104<br>(415) 421-7100<br>*Attorney for:* Plaintiff | | **F I L E D**<br>ALAMEDA COUNTY<br><br>AUG 1 - 2005<br><br>CLERK OF THE SUPERIOR COURT<br>By _Loryea_ Clerk |

| | *Ref. No. or File No.:*<br>RG05221764 | |

*Insert name of Court, and Judicial District and Branch Court:*
Alameda County Superior Court

*Plaintiff:* Melinda Campbell, et al.

*Defendant:* Sutter Health, et al.

| **PROOF OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>RG05221764 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Complaint

3. a. *Party served:*            Sutter Health
   b. *Person served:*       Thelma Otero, Person Authorized to Accept

4. *Address where the party was served:*     Gary Loveridge, Agent for Service
                                              2200 River Plaza Drive
                                              Sacramento, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jul. 15, 2005 (2) at: 12:20PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

7. *Person Who Served Papers:*                                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Jason Marshall                   d. *The Fee for Service was:*
   b. All City Delivery                 e. I am: (3) registered California process server
      268 Bush Street, Suite 4038             *(i)* Independent Contractor
      San Francisco, CA 94104             *(ii) Registration No.:*    98-61
   c. 415-725-5946                        *(iii) County:*           Sacramento
                                             *(iv) Expiration Date:*    Tue, Jun. 27, 2006

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jul. 15, 2005

_(Jason Marshall)_

| *Judicial Council form POS-010*<br>*Rule 982.9.(a)&(b) Rev July 1, 2004* | **PROOF OF SERVICE**<br>**Summons & Complaint** | *all8.32639* |
|---|---|---|

**6**

Schneider & Wallace
Attn: Schneider, Todd M.
180 Montgomery St. Ste. 2000
San Francisco, CA  94104

Sutter Health

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Campbell | No. RG05221764 |
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF HEARING |
| Sutter Health | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/26/2005    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/26/2005    TIME: 01:30 PM    DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

7

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Campbell | No. RG05221764 |
| Plaintiff/Petitioner(s) | |
| VS. | Minutes |
| Sutter Health | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

Department    22                    Honorable    Ronald M. Sabraw          , Judge

Cause called for: Complex Determination Hearing on August 26, 2005.

Not reported.

No appearances.

The Court designates this case as complex pursuant to Rule 1800 et seq. of the California Rules of Court.
The matter is assigned for all purposes to Department 22 of the Alameda County Superior Court. Counsel
are advised to be familiar with the Alameda County Local Rules concerning complex litigation, section E
to the Appendix to Chapters 4 and 5.

THE INITIAL COMPLEX CASE MANAGEMENT CONFERENCE IS SET FOR 10/12/05 AT 3:30
pm IN DEPARTMENT 22. NOTE DATE AND TIME CHANGE.

ANY CHALLENGES TO THE PLEADING SHOULD BE SET FOR THAT DATE AND TIME.

Calendar information, filings, and tentative rulings are available to the public at
http://www.co.alameda.ca.us/domainweb/.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both
factually and legally, as well as the projected management of the case at each stage. This is not a
perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just,
speedy and economical determination of the litigation.

The CCMC statements must address the following issues:

A. A statement of the issues presented in the case, including each theory and defense, the facts supporting
each position taken in the form of a brief factual summary assisting the Court in understanding the
background of the case, the relief sought, including an estimate of damages, and the status of relevant
discovery;
B. The number of parties and their posture, including a proposed structure of representation, (e.g.,
liaison/lead counsel or by committee) if applicable;
C. Deadlines and limits on joinder of parties and amended or additional pleadings;
D. Class discovery and class certification; [added 06-14]
E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a
plan for hearing remaining law and motion, and a projected trial date;
F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;
G. A detailed description of the procedural posture of the case, describing any outstanding procedural
problems, including, but not limited to:
  (1) unserved parties and the reasons for the failure to serve;
  (2) unserved and/or unfiled cross-complaints;
  (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;
  (4) any possible jurisdictional or venue issues that may arise;

**Minutes**

(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6) unresolved law and motion matters;

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date; and

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel to streamline service of process, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Minutes of    08/26/2005
Entered on    08/30/2005

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

**Minutes**

M2531580

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1)  unserved parties and the reasons for the failure to serve;

(2)  unserved and/or unfiled cross-complaints;

(3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4)  any possible jurisdictional or venue issues that may arise;

(5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6)  unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel to streamline service of process, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  08/26/2005

_____

Judge Ronald M. Sabraw

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG05221764
Order After Hearing Re: of 08/26/2005

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 08/30/2005.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk