**8**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

**ENDORSED**
**FILED**
ALAMEDA COUNTY

SEP 2 1 2005

ARTHUR SIMS, L___. Off.Clerk
By        Sandra Cole

7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10

| | |
|---|---|
| 11  MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, ) | Case No. R605221764 |
| 12                                    ) | **NOTICE OF CONTINUED COMPLEX** |
| Plaintiffs, ) | **CASE MANAGEMENT CONFERENCE** |
| 13                                    ) | |
| v.                                    ) | Date:  November 16, 2005 |
| 14                                    ) | Time:  3:00 p.m. |
| SUTTER HEALTH and DOES 1 through 24,  ) | Place:  Department 22 |
| 15  inclusive,                        ) | Judge: Honorable Ronald M. Sabraw |
| 16                 Defendants.        ) | |

17

18        TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

19        PLEASE TAKE NOTICE that, pursuant to the agreement of counsel and the Court, the

20  Complex Case Management Conference, previously scheduled for October 12, 2005, at 3:30 p.m.,

21  has been continued to November 16, 2005, at 3:00 p.m., or as soon thereafter as counsel can be

22  heard, in Department 22 of this Court, at the Alameda County Superior Court Administration

23  Building, 1221 Oak Street, Oakland, California 94612.

24  DATED: September 20, 2005              McDONOUGH HOLLAND & ALLEN PC
                                          Attorneys at Law
25

26                                        By: _____
                                              John C. J. Barnes
27
                                          Attorneys for Defendant Sutter Health
28

MHA
McDonough Holland & Allen PC
Attorneys at Law

                                    1

CASE TITLE:          Melinda Campbell, et al. v. Sutter Health, et al.

COURT/CASE NO:       Alameda County Superior Court No. R605221764

## PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 20, 2005, I served the within:

(1)    NOTICE OF CONTINUED COMPLEX CASE MANAGEMENT CONFERENCE

[ X ]    **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

[ ]    **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

[ ]    **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

[ ]    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

Todd M. Schneider                          Attorneys for Plaintiffs
Joshua Konecky
W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Proof of Service                                                    855075v1 09504/0502

1   _Courtesy Copy to:_

2   Linda Ross
3   LAW OFFICE OF LINDA ROSS
    2204 Union Street
4   San Francisco, CA 94123
    Telephone: (415) 563-2400
5   Facsimile: (415) 931-9981

6   Scott Kalkin
    ROBOOSTOFF & KALKIN, PLC
7   369 Pine Street, Suite 610
8   San Francisco, CA 94104
    Telephone: (415) 732-0282
9   Facsimile: (415) 732-0287

10      I declare under penalty of perjury under the laws of the State of California that the foregoing is
11  true and correct and that this document was executed on September 20, 2005.

12                                      E.J. Kipping
                                        E.J. Kipping
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MHA**
Donough Holland & Allen PC
Attorneys at Law

Proof of Service                                                                855075v1 09504/0502

**9**

**COURTCALL, LLC**
*Telephonic Court Appearances*
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN
6383 ARIZONA CIRCLE
LOS ANGELES, CA 90045

*THIS NOTICE IS PROVIDED TO INFORM YOU OF A VOLUNTARY, COURT APPROVED METHOD FOR*
*YOU TO MAKE THE FOLLOWING COURT APPEARANCE BY TELEPHONE*

Marcia L. Augsburger
McDonough, Holland & Allen                      *COURTCALL IS PLEASED TO NOW SERVE*
916-444-3900                                    *THE ALAMEDA COUNTY SUPERIOR*
916-444-8334                                    *COURT FOR APPEARANCES ON AND*
                                                *AFTER APRIL 4, 2005!*

*STOP WRITING CHECKS OR TRACKING CREDIT CARD CHARGES! CALL COURTCALL TO OPEN A*
*DEBIT ACCOUNT AND RECEIVE A MONTHLY LEDGER IDENTIFYING EACH COURTCALL APPEARANCE.*

Re: Case Name: Campbell vs. Sutter Heath

Case No.: RG05221764  CourtCall ID#: 1137236

JURISDICTION: Alameda County Superior Court-Oakland

DEPT./JUDGE: 22 Judge Ronald M. Sabraw
PROCEEDING: Case Management Conference

DATE/TIME: Wednesday, October 12th, 2005/3:30 PM
*PARTICIPANTS DIAL THE TOLL-FREE TELECONFERENCE NUMBER FOR THE DEPARTMENT WHICH IS*
*PROVIDED IN THE CONFIRMATION COURTCALL WILL FAX TO YOU. COURTCALL DOES NOT CALL OUT*
*TO PARTICIPANTS!*

Check In Time is five (5) minutes prior to above appearance time
CourtCall Appearance Fee: $50.00 (Non-Refundable)

Faxed Request Form Must Be Received By CourtCall, LLC No Later Than October 05TH,
2005 unless the department posts its tentative rulings in which case the Form is due by 4:00
pm on the Court day prior to the hearing.

Late Filings, if accepted, will be subject to a late filing fee of $.00
No consent from opposing counsel is required

Call from any touch-tone phone in USA (NO CELLULAR PHONES/CORDLESS PHONES/PAY PHONES!). CALL COURTCALL IN ADVANCE IF YOU WILL
BE CALLING FROM OUTSIDE THE USA.

If your hearing is continued you must notify CourtCall of the continuance, in writing, prior to your scheduled appearance date to have your fee apply
to the continued hearing. Matters continued at the time of the hearing require a new form and fee for the continued date. There are no refunds for
matters voluntarily taken "off calendar."

CourtCall Appearances are available in various State, Federal and Bankruptcy Courts in Arkansas, Arizona, California, Delaware, Florida, Georgia,
Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico,
New York, Ohio, Oregon, Texas, Utah, Virginia, Washington, West Virginia and Wyoming. Call CourtCall, LLC for details.

The foregoing information has been obtained from court records which may not reflect recent calendar changes. If it is inaccurate because your
appearance has been continued to a new date, please apply this information to the new date. If the matter is off calendar or if you have no
involvement in the case, please disregard this notice. DO NOT CALL THE COURT CLERK!

*OUR REPRESENTATIVES ARE AVAILABLE TO MAKE PRESENTATIONS FOR YOUR FIRM, YOUR CLIENTS, BAR ASSOCIATIONS OR OTHER GROUPS.*
*PLEASE CALL TO SCHEDULE A PRESENTATION. HELP MAKE THE BENEFITS OF COURTCALL APPEARANCES AVAILABLE IN MORE LOCATIONS!*
*FAX BACK THIS SHEET WITH THE NAME/PHONE NUMBER OF A JUDGE/COURT YOU THINK WILL BE INTERESTED IN LEARNING MORE ABOUT*
*COURTCALL:* _____

IF YOU DO NOT WISH TO RECEIVE FURTHER FAX NOTICES/OFFERINGS FROM COURTCALL, PLEASE EITHER CALL US, TOLL-FREE AT
888-882-6878 FROM 5:00 AM TO 5:30 PM PACIFIC TIME OR FAX US, TOLL-FREE AT 888-883-2946 ANYTIME, PROVIDING YOUR NAME AND THE FAX
NUMBER(S) TO BE EXCLUDED.

*"Brings The Courtroom To The Lawyer's Desk"* ®

Chiquita Musgraves

| | |
|---|---|
| ATTORNEY OF RECORD (Name and Address):<br><br>Marcia L. Augsburger<br>McDonough, Holland & Allen<br><br>Telephone NO: 916-444-3900<br>Fax No: 916-444-8334<br>State Bar No. ———————<br><br>ATTORNEY FOR (Name):    Defendant, Sutter Heath | **DO NOT FILE WITH COURT**<br><br>COMPLETELY FILL OUT/CORRECT<br>FORM BEFORE SUBMITTING TO<br>COURTCALL!!<br><br>CourtCall ID#:        1137236 |
| Alameda County Superior Court-Oakland | |
| Case Name:    ˙Campbell vs. Sutter Heath<br><br><br>*****THIS REQUEST TO APPEAR TELEPHONICALLY WILL BE DENIED BY THE COURT UNLESS YOU HAVE FILED YOUR CASE MANAGEMENT CONFERENCE STATEMENT WITH THE COURT BY THE DATE STATED ON THE CASE MANAGEMENT CONFERENCE ORDER OR 15 DAYS PRIOR TO THE CONFERENCE WHERE IT IS AN INITIAL CMC.***** | CASE NUMBER: RG05221764<br><br>DEPARTMENT:<br>22/Judge Ronald M. Sabraw<br><br>DATE/TIME: Wednesday, October 12th,<br>2005/3:30 PM<br><br>HEARING:Case Management .<br>Conference |
| REQUEST FOR COURTCALL TELEPHONIC APPEARANCE | Our Tax ID#: 95-4568415 |

1. _____ (Name of specific attorney appearing telephonically)
requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the
Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT I DIAL INTO THE CALL FIVE
MINUTES BEFORE ITS SCHEDULED START TIME. COURTCALL DOES NOT DIAL OUT TO ME.
2. Not less than 5 court days prior to hearing, or 4:00 pm the Court day prior to the hearing if the department posts tentative
rulings, a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program
Administrator at (310) 743-1850 OR (888) 88-FAXIN.
3. The non-refundable CourtCall Appearance Fee in the sum of $50.00 (plus additional fee of $.00
if late filing is accepted) paid as follows:
___Check - (copy attached-write CourtCall ID# on check-and faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN)
payable to Telephonic Hearing Account and original mailed to CourtCall at 6383 Arizona Circle, Los Angeles, CA 90045,
telephone (310) 342-0888 or (888) 88-COURT. INDIVIDUALS REPRESENTING THEMSELVES MUST PAY BY CREDIT
CARD!
___Charged - to CourtCall Debit Account No.:_____
___Charged - to VISA, Mastercard or American Express:

To be completed only on the copy submitted to CourtCall, LLC:

| |
|---|
| Credit Card Number:_____    Expiration Date:_____ |
| To pay by credit card, the copy of this form submitted to CourtCall, LLC must be signed by the person whose credit card is to be charged and must be faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card. |
| Type Name                                    Signature |

4. Request forms are processed within 24 hours of receipt. Call CourtCall if you do not receive a faxed Confirmation
within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY
BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC
APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.

5. MY SIGNATURE ON THIS DOCUMENT SERVES AS CONSENT FOR COURTCALL TO CONTINUE TO FAX (AT THE
FAX NUMBER LISTED ABOVE UNDER "ATTORNEY OF RECORD") OR EMAIL NOTICES TO ME OR MY FIRM ADVISING
OF UPCOMING APPEARANCES AND/OR OTHER OFFERINGS FROM COURTCALL UNTIL I OR MY FIRM ADVISES
COURTCALL OTHERWISE.

Dated:    _____        _____

                                            Signature

Chiquita Musgraves

**10**

**COURTCALL, LLC**
*Telephonic Court Appearances*
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN
6383 ARIZONA CIRCLE
LOS ANGELES, CA 90045

## THIS NOTICE IS PROVIDED TO INFORM YOU OF A VOLUNTARY, COURT APPROVED METHOD FOR YOU TO MAKE THE FOLLOWING COURT APPEARANCE BY TELEPHONE

Marcia L. Augsburger
McDonough, Holland & Allen
916-444-3900
916-444-8334

*COURTCALL IS PLEASED TO NOW SERVE THE ALAMEDA COUNTY SUPERIOR COURT FOR APPEARANCES ON AND AFTER APRIL 4, 2005!*

### STOP WRITING CHECKS OR TRACKING CREDIT CARD CHARGES! CALL COURTCALL TO OPEN A DEBIT ACCOUNT AND RECEIVE A MONTHLY LEDGER IDENTIFYING EACH COURTCALL APPEARANCE.

Re: Case Name: Campbell vs. Sutter Health

Case No.: RG05221764   CourtCall ID#: 1165070

JURISDICTION: Alameda County Superior Court-Oakland

DEPT./JUDGE: 22 Judge Ronald M. Sabraw
PROCEEDING: Case Management Conference

DATE/TIME: Wednesday, November 16th, 2005/3:00 PM
*PARTICIPANTS DIAL THE TOLL-FREE TELECONFERENCE NUMBER FOR THE DEPARTMENT WHICH IS PROVIDED IN THE CONFIRMATION COURTCALL WILL FAX TO YOU. COURTCALL DOES NOT CALL OUT TO PARTICIPANTS!*

Check In Time is five (5) minutes prior to above appearance time
CourtCall Appearance Fee: $50.00 (Non-Refundable)

Faxed Request Form Must Be Received By CourtCall, LLC No Later Than November 09TH, 2005 unless the department posts its tentative rulings in which case the Form is due by 4:00 pm on the Court day prior to the hearing.

Late Filings, if accepted, will be subject to a late filing fee of $.00
No consent from opposing counsel is required

Call from any touch-tone phone in USA (NO CELLULAR PHONES/CORDLESS PHONES/PAY PHONES). CALL COURTCALL IN ADVANCE IF YOU WILL BE CALLING FROM OUTSIDE THE USA.

If your hearing is continued you must notify CourtCall of the continuance, in writing, prior to your scheduled appearance date to have your fee apply to the continued hearing. Matters continued at the time of the hearing require a new form and fee for the continued date. There are no refunds for matters voluntarily taken "off calendar."

CourtCall Appearances are available in various State, Federal and Bankruptcy Courts in Arkansas, Arizona, California, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, Ohio, Oregon, Texas, Utah, Virginia, Washington, West Virginia and Wyoming. Call CourtCall, LLC for details.

The foregoing information has been obtained from court records which may not reflect recent calendar changes. If it is inaccurate because your appearance has been continued to a new date, please apply this information to the new date. If the matter is off calendar or if you have no involvement in the case, please disregard this notice. DO NOT CALL THE COURT CLERK!

*OUR REPRESENTATIVES ARE AVAILABLE TO MAKE PRESENTATIONS FOR YOUR FIRM, YOUR CLIENTS, BAR ASSOCIATIONS OR OTHER GROUPS. PLEASE CALL TO SCHEDULE A PRESENTATION. HELP MAKE THE BENEFITS OF COURTCALL APPEARANCES AVAILABLE IN MORE LOCATIONS! FAX BACK THIS SHEET WITH THE NAME/PHONE NUMBER OF A JUDGE/COURT YOU THINK WILL BE INTERESTED IN LEARNING MORE ABOUT COURTCALL:* _____

· IF YOU DO NOT WISH TO RECEIVE FURTHER FAX NOTICES/OFFERINGS FROM COURTCALL, PLEASE EITHER CALL US, TOLL-FREE AT 888-882-6878 FROM 5:00 AM TO 5:30 PM PACIFIC TIME OR FAX US, TOLL-FREE AT 888-883-2946 ANYTIME, PROVIDING YOUR NAME AND THE FAX NUMBER(S) TO BE EXCLUDED.

*"Brings The Courtroom To The Lawyer's Desk"*   ℗

Briana Anderson

| ATTORNEY OF RECORD (Name and Address): | **DO NOT FILE WITH COURT** |
|---|---|
| Marcia L. Augsburger<br>McDonough, Holland & Allen<br><br>Telephone NO: 916-444-3900<br>Fax No: 916-444-8334<br>State Bar No. _____<br><br>ATTORNEY FOR (Name):    Sutter Health | COMPLETELY FILL OUT/CORRECT<br>FORM BEFORE SUBMITTING TO<br>COURTCALL!!<br><br>CourtCall ID#:    1165070 |
| Alameda County Superior Court-Oakland | |
| Case Name:    Campbell vs. Sutter Health | CASE NUMBER: RG05221764 |
| | DEPARTMENT:<br>22/Judge Ronald M. Sabraw |
| *****THIS REQUEST TO APPEAR TELEPHONICALLY WILL BE DENIED BY THE<br>COURT UNLESS YOU HAVE FILED YOUR CASE MANAGEMENT CONFERENCE<br>STATEMENT WITH THE COURT BY THE DATE STATED ON THE CASE<br>MANAGEMENT CONFERENCE ORDER OR 15 DAYS PRIOR TO THE CONFERENCE<br>WHERE IT IS AN INITIAL CMC.***** | DATE/TIME: Wednesday, November<br>16th, 2005/3:00 PM<br><br>HEARING:Case Management<br>Conference |
| REQUEST FOR COURTCALL TELEPHONIC APPEARANCE | Our Tax ID#: 95-4568415 |

1. _____(Name of specific attorney appearing telephonically)
requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the
Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT I DIAL INTO THE CALL FIVE
MINUTES BEFORE ITS SCHEDULED START TIME. COURTCALL DOES NOT DIAL OUT TO ME.
2. Not less than 5 court days prior to hearing, or 4:00 pm the Court day prior to the hearing if the department posts tentative
rulings, a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program
Administrator at (310) 743-1850 OR (888) 88-FAXIN.
3. The non-refundable CourtCall Appearance Fee in the sum of $50.00 (plus additional fee of $.00
if late filing is accepted) paid as follows:
__Check - (copy attached-write CourtCall ID# on check-and faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN)
payable to Telephonic Hearing Account and original mailed to CourtCall at 6383 Arizona Circle, Los Angeles, CA 90045,
telephone (310) 342-0888 or (888) 88-COURT. INDIVIDUALS REPRESENTING THEMSELVES MUST PAY BY CREDIT
CARD!
__Charged - to CourtCall Debit Account No.:_____
__Charged - to VISA, Mastercard or American Express:

To be completed only on the copy submitted to CourtCall, LLC:

| Credit Card Number:_____Expiration Date:_____ |
|---|
| To pay by credit card, the copy of this form submitted to CourtCall, LLC must be signed by the person whose credit card is<br>to be charged and must be faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN with the above credit card information<br>completed. The signature below constitutes authorization to charge the above referenced credit card. |
| Type Name                              Signature |

4. Request forms are processed within 24 hours of receipt. Call CourtCall if you do not receive a faxed Confirmation
within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY
BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC
APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.

5. *MY SIGNATURE ON THIS DOCUMENT SERVES AS CONSENT FOR COURTCALL TO CONTINUE TO FAX (AT THE
FAX NUMBER LISTED ABOVE UNDER "ATTORNEY OF RECORD") OR EMAIL NOTICES TO ME OR MY FIRM ADVISING
OF UPCOMING APPEARANCES AND/OR OTHER OFFERINGS FROM COURTCALL UNTIL I OR MY FIRM ADVISES
COURTCALL OTHERWISE.*

Dated:    _____    _____
                                                                Signature
Briana Anderson

**11**

1 | McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
2 | RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER (145686)
3 | JOHN C.J. BARNES (216694)
555 Capitol Mall, 9th Floor
4 | Sacramento, CA 95814
Phone: 916.444.3900
5 | Fax:   916.444.8989

ENDORSED
FILED
ALAMEDA COUNTY

AUG 3 0 2005

CLERK OF THE SUPERIOR COURT
By R. De Jesus, Deputy

6 | Attorneys for Defendant Sutter Health

8 |                SUPERIOR COURT OF CALIFORNIA

9 |                    COUNTY OF ALAMEDA

11 | MELINDA CAMPBELL, on her own behalf,    )   Case No. R605221764
and on behalf of all others similarly situated,   )
12 |                                          )   **DEMURRER BY DEFENDANT SUTTER**
                                          )   **HEALTH TO PLAINTIFFS' COMPLAINT**
13 |                 Plaintiffs,             )   10 - 12 - 05
                                          )   Date: ~~September 27, 2005~~
14 | v.                                       )   Time: ~~2:00 p.m.~~   3:30 pm
                                          )   Place: Department ~~31~~ 22
15 | SUTTER HEALTH and DOES 1 through 24,     )   Judge: Honorable Steven Brick
inclusive,                                )
16 |                                          )
                 Defendants.             )
                                          )

18 |        Pursuant to Civil Procedure Code sections 430.10(e) and 430.50(a), Defendant Sutter Health

19 | hereby demurs to the Class Action Complaint for Violations of the Consumers Legal Remedies Act,

20 | Civil Code §§ 1750, *et seq.,* Unjust Enrichment, Misrepresentation, Conversion, and Business and

21 | Professions Code §§ 17200 *et seq.* ("Complaint") filed by Plaintiffs Melinda Campbell *et al.*

22 | ("Plaintiffs") on the following grounds:

23 | **General Demurrer**

24 |        1.     The Complaint is barred by the litigation privilege set forth in Civil Code section

25 | 47(b) and therefore fails to state facts sufficient to constitute a cause of action.

26 |        2.     The Complaint fails to state facts sufficient to constitute a cause of action because it

27 | fails to allege unlawful or actionable conduct. Sutter Health's assertion of liens pursuant to the

28 | Hospital Lien Act, Civil Code §§ 3045.1 *et seq.* ("HLA"), was not unlawful, notwithstanding

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

1    Plaintiffs' allegations that it constitutes unlawful balance billing.  At most, the Complaint alleges

2    Sutter Health made a mistake of law, which is not actionable.

3         3.     The Complaint fails to state facts sufficient to constitute a cause of action because it

4    improperly requests retroactive application of new law first articulated in *Parnell v. Adventist Health*

5    *Systems/West*, 35 Cal. 4th 595 (2005).

6         4.     The Complaint fails to state facts sufficient to constitute a cause of action because the

7    communication for which it seeks recovery, the exercise of lien rights under the HLA, caused no

8    financial harm to Plaintiffs, and restitution and disgorgement are unavailable because Plaintiffs had

9    no vested right to the money they now seek.

10   **Demurrer to First Cause of Action**

11        5.     The First Cause of Action, based on the Consumer Legal Remedies Act, Civil Code

12   §§ 1750 *et seq.*, is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore

13   fails to state facts sufficient to constitute a cause of action.

14        6.     The First Cause of Action fails to state facts sufficient to constitute a cause of action

15   because the assertion of a lien under the HLA was not intended to result in the sale of medical

16   services to Plaintiffs; Plaintiffs received the services before the liens were asserted.

17        7.     The First Cause of Action fails to state facts sufficient to constitute a cause of action

18   because Plaintiffs were not aggrieved as a result of a violation of Civil Code § 1770, as required by

19   Civil Code § 1780.

20        8.     The First Cause of Action fails to state facts sufficient to constitute a cause of action

21   because it does not allege Plaintiffs gave Sutter Health a 30-day notice to correct the alleged

22   unlawful practice, which is required under Civil Code §§ 1782(a) & (b).

23        9.     The First Cause of Action fails to state facts sufficient to constitute a cause of action

24   because Plaintiffs failed to file an affidavit concurrently with the Complaint showing that the action

25   has been commenced in proper place for trial on the action, as required by Civil Code § 1780(c).

26   /////

27   /////

28   /////

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Demurrer                                                    853493v1 09504/0502

**Demurrer to Second Cause of Action**

10.    The Second Cause of Action, for "unjust enrichment," is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to constitute a cause of action.

11.    The Second Cause of Action fails to state facts sufficient to constitute a cause of action because unjust enrichment is not a cause of action and the Complaint articulates no facts or legal theory that could be the basis for any recovery by Plaintiffs based on the principle of unjust enrichment.

12.    The Second Cause of Action fails to state facts sufficient to constitute a cause of action because, as between Sutter Health and Plaintiffs, it would be unjust for Plaintiffs to receive money that tortfeasors paid as reimbursement of Sutter Health's customary charges.

**Demurrer to Third Cause of Action**

13.    The Third Cause of Action, for "conversion and trespass to chattels," is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to constitute a cause of action.

14.    The Third Cause of Action fails to state facts sufficient to constitute a cause of action for conversion because it fails to allege Plaintiffs had ownership or right to possession of property at the time of conversion, fails to allege Sutter Health converted the property by a wrongful act or disposition of property, and fails to allege damages.

15.    The Third Cause of Action fails to state facts sufficient to constitute a cause of action for trespass to chattels because it fails to allege Plaintiffs had ownership or right to possession of property at the time of any alleged trespass, fails to allege Sutter Health intentionally interfered with the possession of the property, and fails to allege damages.

**Demurrer to Fourth Cause of Action**

16.    The Fourth Cause of Action, for fraud and negligent misrepresentation, is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to constitute a cause of action.

/////

1        17.    The Fourth Cause of Action fails to state facts sufficient to constitute a cause of

2    action for fraud because the alleged deceptive communication, the assertion of liens pursuant to the

3    HLA, could not constitute willful deceit because of the HLA and case law prior to *Parnell v.*

4    *Adventist Health Systems/West*, 35 Cal. 4th 595 (2005).

5        18.    The Fourth Cause of Action fails to state facts sufficient to constitute a cause of

6    action for negligent misrepresentation because the alleged negligent misrepresentation, the assertion

7    of liens pursuant to the HLA, could not constitute a negligent misrepresentation because of the HLA

8    and case law prior to *Parnell v. Adventist Health Systems/West*, 35 Cal. 4th 595 (2005).

9    **Demurrer to Fifth Cause of Action**

10        19.    The Fifth Cause of Action, based on Business & Professions Code sections 17200 *et*

11    *seq.*, is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state

12    facts sufficient to constitute a cause of action.

13        20.    The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action

14    because it does not allege Sutter Health violated a discrete federal or state law.

15        21.    The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action

16    because the HLA provides a safe harbor for the conduct alleged to be unlawful.

17        WHEREFORE, defendant Sutter Health prays that its demurrer to the Complaint and each

18    cause of action therein be sustained without leave to amend, that Sutter Health be dismissed from the

19    action, and that the Court award Sutter Health judgment for its costs of suit and attorneys fees

20    pursuant to Civil Code § 1780(d).

21    DATED:  August 30, 2005

22                        McDONOUGH HOLLAND & ALLEN PC

23                        Attorneys at Law

24

25                        By: _____

26                            MARCIA L. AUGSBURGER

27                        Attorneys for Defendant Sutter Health

28

# PROOF OF SERVICE

**Superior Court Of The State Of California County Of Alameda**
**Case Number**: R605221764
**Case Title**: Melinda Campbell, et al. vs. Sutter Health, et al.

I declare that I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen (18) and not a party to the within action. My business address is 1st Nationwide Legal Services, Inc. 501 12th Street, Sacramento, California 95814.

On August 30, 2005, I caused the following documents to be served Sutter Health's Request For Judicial Notice; Notice Of Hearing On Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Sutter Health's Memorandum Of Points And Authorities; Proof of Service addressed as follows:

> Todd M. Schneider, Esq.
> Schneider & Wallace
> 180 Montgomery Street, Suite 2000
> San Francisco, Ca 94104

☐   <u>BY MAIL</u> – by placing a true and correct copy of the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firms's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

☒   <u>BY HAND DELIVERY</u> -- by delivering by hand and leaving a true copy with the person and at the address shown above.

☐   <u>BY FACSIMILE TRANSMISSION</u> – by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below. Facsimile No.

☐   <u>STATE:</u> I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2005, at Alameda, California

_____
Robert J. Mason

**12**

1 | McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
2 | RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER (145686)
3 | JOHN C.J. BARNES (216694)
555 Capitol Mall, 9th Floor
4 | Sacramento, CA 95814
Phone: 916.444.3900
5 | Fax: 916.444.8989

6 | Attorneys for Defendant Sutter Health

**ENDORSED
FILED**
ALAMEDA COUNTY

AUG 3 0 2005

CLERK OF THE SUPERIOR COURT
By R. De Jesus, Deputy

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11 | MELINDA CAMPBELL, on her own behalf,    ) Case No. R605221764
and on behalf of all others similarly situated, )
12 |                                        ) **SUTTER HEALTH'S REQUEST
                     Plaintiffs,           ) FOR JUDICIAL NOTICE**
13 |                                        )    10 - 12 - 05
v.                                         ) Date: ~~September 27, 2005~~
14 |                                        ) Time: ~~2:00 p.m.~~   3:30 pm
SUTTER HEALTH and DOES 1 through 24,       ) Place: Department ~~31~~ 22
15 | inclusive,                             ) Judge: Honorable Steven Brick
16 |                     Defendants.        )
17 |

18          Pursuant to California Evidence Code section 452(d)(1), Defendant Sutter Health requests

19 | that the Court take judicial notice of the record attached hereto as Exhibit 1, entitled "Order After

20 | Hearing on NCO's Demurrer to First Amended Complaint," issued by the Honorable Loren E.

21 | McMaster, and filed on October 2, 2003, in the Superior Court of California, County of Sacramento,

22 | Case No. 03AS03039, *Arnold Tweedy, et al., v. NCO Financial Systems, Inc., et al.*

23 | DATED: August 30, 2005

24                                          McDONOUGH HOLLAND & ALLEN PC
                                            Attorneys at Law
25

26

27 | By: _____
                    MARCIA L. AUGSBURGER
28                                          Attorneys for Defendant Sutter Health

Exhibit 1

1    McDONOUGH HOLLAND & ALLEN PC
     Attorneys at Law
2    MARCIA L. AUGSBURGER (State Bar No. 145686)
     DANIELA F. ALMEIDA (State Bar No. 202628)
3    555 Capitol Mall, 9th Floor
     Sacramento, California 95814
4    Phone:  916.444.3900
     Fax:    916.444.8334

5    Attorneys for NCO FINANCIAL SYSTEMS, INC.

FILED
ENDORSED

03 OCT -2 PM 12: 28

SACRAMENTO COURTS
DEPT. #53

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

11   ARNOLD TWEEDY, et al.,              )  Case No. 03AS03039
     INC. a California Corporation       )
12                                       )  **ORDER AFTER HEARING ON NCO'S
                              Plaintiffs, )  DEMURRER TO FIRST AMENDED
13                                       )  COMPLAINT**
                  v.                     )
14                                       )  Date   :   September 22, 2003
     NCO FINANCIAL SYSTEMS, INC.,        )  Time   :   2:00 p.m.
15   et al.                              )  Dept   :   53
                                         )  Trial Date: None Set
16                            Defendants. )  Complaint Filed: May 29, 2003
                                         )
17

18        The demurrer of defendant NCO Financial Services, Inc. ("NCO") was set for

19   hearing at the above date and time, in Department 53 of the above-entitled court, the

20   Honorable Loren E. McMaster, Judge presiding.

21        After considering the moving, supporting, opposing, and responding arguments

22   filed in this matter by counsel, the Court issued its Tentative Ruling, as follows:

23        Defendant NCO's (assignee of Sutter) Demurrer to the 1st amended
          Complaint is ruled on as follows:
24
          Plaintiffs were injured in a car accident and taken to the emergency
25        room at Sutter Roseville Medical Center ("Sutter"). Sutter had a Provider
          Agreement with Health Net, plaintiffs' insurer, whereby Sutter would
26        accept agreed upon rates for certain services. Sutter billed Health Net
          approximately $9,000 for each plaintiff and Health Net paid Sutter
27        significantly less than the billed amount pursuant the agreed upon rate
          structure under the Provider Agreement.  The Provider Agreement
28

-1-

1   "statutory medical lien in favor of a hospital against third persons liable
    for the patient's injuries." Mercy Hospital & Medical Center v Farmers
2   Ins. Group of Companies (1997) 15 Cal. 4th 213, 217. Therefore, no cause
    of action is stated based on the lawful act of asserting the hospital lien
3   under Civil Code 3045.1. Plaintiff's reliance on Nishihama v City and
    County of San Francisco (2001) 93 Cal.App.4th 298, 307 is misplaced, as
4   that court's statements regarding limitation of the hospital lien were
    dicta.

5
    No cause of action is stated arising out of NCO's attempt to assert a lien
6   on up to 50% of plaintiff's recovery from the tortfeasor, before
    subtracting attorneys fees. Attorneys fees are not "prior liens" under
7   Civil Code 3045.4. Attorneys fees are not subtracted first from the gross
    recovery because this would result in an apportionment of attorneys fees
8   between the plaintiff and the hospital. The hospital is not liable for any
    attorneys fees because its lien is statutory. San Francisco v Sweet (1995)
9   12 Cal.4th 105, 122 fn. 11; Day v Alta Bates Medical Center (2002) 98
    Cal.App.4th 243, 251-253; Lovett v Carrasco (1998) 63 Cal.App.4th 48.

10
    The claims of June Tweedy are not premature given that NCO has
11  asserted a lien against her recovery in the underlying action.

12  Defendant's Request for Judicial Notice is granted.

13  Plaintiffs may file and serve a 2nd Amended Complaint on or before
    October 10, 2003. Response to be filed and served within 15 days of
14  service of the amended complaint, 20 days if served by mail. Although
    not required by rule or statute, if the response is a demurrer defendant
15  shall attach a copy of the amended complaint to the moving papers.

16      Request for hearing and oral argument was made by counsel for plaintiffs,

17  pursuant to Sacramento County Local Rules, and the matter was heard on September 22,

18  2003, in Department 53 of the above-entitled court, before the Honorable Loren E.

19  McMaster, Judge. Marcia L. Augsburger, of McDonough, Holland & Allen, appeared on

20  behalf of defendant NCO; Stephen J. Dougan appeared on behalf of plaintiffs June and

21  Arnold Tweedy.

22      Having considered the moving, supporting, opposing, and responding papers,

23  and having considered the oral arguments presented at the hearing, the Court affirmed

24  its tentative ruling.

25      IT IS SO ORDERED.

26  DATED:_____                    LOREN E. McMASTER
                                        _____
27                                          Hon. Loren E. McMaster
                                            Judge of the Superior Court

28

Order After Hearing on Demurrer to First Amended Complaint

1   Approved as to form:

2

3

4   Stephen J. Dougan
    Attorney for Plaintiffs
5   Arnold and June Tweedy

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# PROOF OF SERVICE

**Superior Court Of The State Of California County Of Alameda**
**Case Number:** R605221764
**Case Title:** Melinda Campbell, et al. vs. Sutter Health, et al.

I declare that I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen (18) and not a party to the within action. My business address is 1st Nationwide Legal Services, Inc. 501 12th Street, Sacramento, California 95814.

On August 30, 2005, I caused the following documents to be served Sutter Health's Request For Judicial Notice; Notice Of Hearing On Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Sutter Health's Memorandum Of Points And Authorities; Proof Of Service addressed as follows:

> Todd M. Schneider, Esq.
> Schneider & Wallace
> 180 Montgomery Street, Suite 2000
> San Francisco, Ca 94104

☐   <u>BY MAIL</u> – by placing a true and correct copy of the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firms's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

☒   <u>BY HAND DELIVERY</u> – by delivering by hand and leaving a true copy with the person and at the address shown above.

☐   <u>BY FACSIMILE TRANSMISSION</u> – by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below. Facsimile No.

☐   <u>STATE:</u> I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2005, at Alameda, California

_____
Robert J. Mason

**13**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

ENDORSED
FILED
ALAMEDA COUNTY

AUG 3 0 2005

CLERK OF THE SUPERIOR COURT
By R. De Jesus, Deputy

7

8              SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,        )   Case No. R605221764
    and on behalf of all others similarly situated,  )
12                                              )   **NOTICE OF HEARING ON DEMURRER**
                    Plaintiffs,                 )   **BY DEFENDANT SUTTER HEALTH TO**
13                                              )   **PLAINTIFFS' COMPLAINT**
    v.                                          )   *10 - 12 - 05*
14                                              )   Date:   ~~September 27, 2005~~
    SUTTER HEALTH and DOES 1 through 24,        )   Time:   ~~2:00 p.m.~~  3:30 p m
15  inclusive,                                  )   Place:  Department ~~31~~  22
                                                )   Judge:  Honorable Steven Brick
16                  Defendants.                 )
                                                )
17

18

19          TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

20          PLEASE TAKE NOTICE that the demurrer served and filed herewith has been set for

21  hearing on September 27, 2005, at 2:00 p.m., or as soon thereafter as counsel can be heard, in

22  Department 31 of this Court, at the Alameda County Superior Court Administration Building, 201

23  13th Street, Oakland, California 94612.

24          Pursuant to Appendix E to Chapters 4 and 5 of the Alameda County Local Rules, Department

25  22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by

26  calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days

27  preceding the hearing date.

28  /////

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Notice of Hearing on Demurrer                                    853405v1 99999/0001

1    The tentative ruling will become the Court's ruling unless by 4:00 p.m. the court day
2 preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling
3 voice mail system to request argument and to specify the case name, line number, and the issues to
4 be contested.

5    Counsel or unrepresented parties must advise all other counsel and unrepresented parties no
6 later than 4:00 p.m. of his or her decision to appear and of the issues to be argued. Failure to advise
7 the Court, counsel and any unrepresented parties will preclude counsel from arguing the matter.

8 DATED: August 30, 2005

9                                      McDONOUGH HOLLAND & ALLEN PC
10                                     Attorneys at Law

11
12                                     By: _____
                                            MARCIA L. AUGSBURGER
13
                                       Attorneys for Defendant Sutter Health
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Hearing on Demurrer                                    853405v1 99999/0001

## PROOF OF SERVICE

**Superior Court Of The State Of California County Of Alameda**
**Case Number:** R605221764
**Case Title:** Melinda Campbell, et al. vs. Sutter Health, et al.

I declare that I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen (18) and not a party to the within action. My business address is 1st Nationwide Legal Services, Inc. 501 12th Street, Sacramento, California 95814.

On August 30, 2005, I caused the following documents to be served Sutter Health's Request For Judicial Notice; Notice Of Hearing On Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Sutter Health's Memorandum Of Points And Authorities; Proof of Service addressed as follows:

Todd M. Schneider, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, Ca 94104

☐   BY MAIL – by placing a true and correct copy of the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firms's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

☒   BY HAND DELIVERY – by delivering by hand and leaving a true copy with the person and at the address shown above.

☐   BY FACSIMILE TRANSMISSION – by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below. Facsimile No.

☐   STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2005, at Alameda, California

Robert J. Mason

**14**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10

11 MELINDA CAMPBELL, on her own behalf,      Case No. R605221764
   and on behalf of all others similarly situated,
12                                           **SUTTER HEALTH'S MEMORANDUM
                        Plaintiffs,          OF POINTS AND AUTHORITIES IN
13                                           SUPPORT OF DEMURRER TO THE
   v.                                        CLASS ACTION COMPLAINT FOR
14                                           VIOLATIONS OF THE CONSUMERS
   SUTTER HEALTH and DOES 1 through 24,      LEGAL REMEDIES ACT, CIVIL CODE
15 inclusive,                                §§ 1750, et seq., UNJUST ENRICHMENT,
                                             MISREPRESENTATION, CONVERSION,
16                      Defendants.          AND BUSINESS AND PROFESSIONS
                                             CODE §§ 17200, et seq.**
17
                                             _____
18                                           10 - 12 - 05
                                             Date: ~~September 27, 2005~~
19                                           Time: ~~2:00 p.m.~~ 3:30 pm
                                             Place: Department ~~31~~ 22
20                                           Judge: Honorable Steven Brick
21
22
23
24
25
26
27
28

ENDORSED
FILED
ALAMEDA COUNTY

AUG 3 0 2005

CLERK OF THE SUPERIOR COURT
By R. De Jesus, Deputy

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENTS ..........................................................1

II.    THE COMPLAINT MUST BE DISMISSED BECAUSE IT IS BARRED BY THE
LITIGATION PRIVILEGE, IT FAILS TO ALLEGE UNLAWFUL OR
ACTIONABLE CONDUCT, IT WOULD RESULT IN A VIOLATION OF DUE
PROCESS, AND NO REMEDY IS AVAILABLE TO PLAINTIFFS AS A
MATTER OF LAW. ..........................................................................................................2

    A.    The Complaint and Each Cause of Action Alleged is Absolutely Barred by
California Civil Code Section 47(b), the Litigation Privilege. ......................................3

    B.    The Complaint Fails To State A Cause Of Action Because It Fails To Allege
Unlawful Or Actionable Conduct. .................................................................................5

        1.    The Assertion Of HLA Liens Is Not Unlawful Or Actionable
Notwithstanding Plaintiffs' Allegations That It Constitutes Unlawful
Balance Billing...................................................................................................5

        2.    At Most, The Complaint Alleges Conduct Based On A Mistake Of
Law, Which Is Not Actionable. ..........................................................................7

    C.    Retroactive Application Of The *Parnell* Decision Would Constitute A Denial
Of Due Process. ..............................................................................................................7

    D.    The Complaint Fails To State A Cause Of Action Because Plaintiffs Suffered
No Injury or Damage, As A Matter Of Law, and Restitution and
Disgorgement Are Unavailable Because Plaintiffs Had No Vested Right To
The Money They Now Seek. ...........................................................................................9

    E.    The First Cause of Action Fails To State A Cause Of Action Under the CLRA
and Fails To Allege the Statutory Prerequisites For Such A Cause Of Action. ...........10

    F.    The Second Cause Of Action Must Be Dismissed Because "Unjust
Enrichment" Is Not A Cause Of Action And The Complaint Articulates No
Facts Or Legal Theory That Could Be A Basis For Recovery By Plaintiffs
Based On The Principle Of Unjust Enrichment...............................................................11

    G.    Plaintiffs' Third Cause Of Action For "Conversion and Trespass to Chattels as
a Result of 'Balance Billing'" Fails to State Causes Of Action.....................................13

    H.    Plaintiffs' Fourth Cause Of Action for "Fraud and Negligent Misrepresentation
in Violation of Civil Code § 1709" Fails to State Causes of Action. ............................13

    I.    The Fifth Cause of Action Fails To State A Cause Of Action For Unlawful or
Unfair Business Practices And The Conduct Alleged Falls Within A Safe
Harbor .............................................................................................................................14

III.    CONCLUSION.................................................................................................................15

Sutter Health's Ps & As to Demurrer

854379v1 99999/0001

## Cases

*Albertson v. Raboff,*
  46 Cal. 2d 375 (1956) ................................................................................ 7
*Brown v. Kennard,*
  94 Cal. App. 4th 40 (2001) .................................................................... 7, 9
*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
  20 Cal. 4th 163 (1999) ................................................................ 10, 12, 18
*City of Hope Nat. Medical Center v. Superior Court,*
  8 Cal. App. 4th 633 (1992) ...................................................................... 16
Civil Code §§ 1750 et seq. ........................................................................... 5
*Community Assisting Recovery, Inc. v. Aegis Security Insurance Company,*
  92 Cal. App. 4th 886 (2001) .................................................................... 18
*CrossTalk Productions, Inc. v. Jacobson,*
  65 Cal. App. 4th 631 (1998) ................................................................ 5, 10
*Day v. Alta Bates Medical Center,*
  98 Cal. App. 4th 243 (2002) ...................................................................... 7
*Draper v. Grant,*
  91 Cal. App. 2d 566 (1949) ................................................................ 11, 17
*Droeger v. Friedman, Sloan & Ross,*
  54 Cal. 3d 26 (1991) ................................................................................ 12
*Foley v. Interactive Data Corp.,*
  47 Cal. 3d 654 fn. 31 (1988) .................................................................... 12
*Frank Pisano & Assoc. v. Taggert,*
  29 Cal. App. 3d 1 (1972) ............................................................................ 7
*Gregory v. Albertson's, Inc.,*
  104 Cal. App. 4th 845 (2002) .................................................................. 18
*Kuehn v. Kuehn,*
  85 Cal. App. 4th 824 (2000) ...................................................................... 8
*LiMandri v. Jenkins,*
  52 Cal. App. 4th 326 (1997) ...................................................................... 7
*Louisville Title Insurance Company v. Surety Title and Guaranty Company,*
  60 Cal. App. 3d 781 (1976) ................................................................ 10, 17
*Lovett v. Carrasco,*
  63 Cal. App. 4th 48 (1998) ........................................................................ 7
*Madrid v. Perot Systems Corp.,*
  130 Cal. App. 4th 440 (2005) .............................................................. 14, 16
*Marshall v. Packard-Bell Co.,*
  106 Cal. App. 2d 770 (1951) ................................................................ 10, 17
*Massachusetts Mut. Life Ins. Co. v. Superior Court,*
  97 Cal. App. 4th 1282 (2002) .................................................................. 14
*McBride v. Boughton,*
  123 Cal. App. 4th 379 (2004 ............................................................... 15, 16
*Mercy Hospital & Medical Center v. Farmers Ins. Group of Companies,*
  15 Cal. 4th 213 (1977) ......................................................................... 7, 10
*Merlet v. Rizzo,*
  64 Cal. App. 4th 53 (1998) ........................................................................ 9
*Moore v. Regents of University of California,*
  51 Cal. 3d 120 (1990) .............................................................................. 12
*Moss v. Superior Court,*
  17 Cal. 4th 396 (1988) .............................................................................. 12
*Nishihama v. City and County of San Francisco,*
  93 Cal. App. 4th 298 (2001) ...................................................... 13, 14, 15, 16
*Obos v. Scripps Psychological Associates,*
  59 Cal. App. 4th 103 (1997) ...................................................................... 9

MHA
Imeagh Holland & Allen PC
Attorneys at Law

Sutter Health's Ps & As to Demurrer                    854379v1 99999/0001

*Ochs v. PacifiCare of California,*
  115 Cal. App. 4th 782 (2004) ............................................................................ 18
*O'Keefe v. Kompa,*
  84 Cal. App. 4th 130 (2001) ............................................................................ 7, 9
*Olszewski v. Scripps Health,*
  30 Cal. 4th 798 (2003) ............................................................................ 7, 8, 9, 18
*Outboard Marine v. Superior Court,*
  52 Cal. App. 3d 30 (1975) ............................................................................ 15
*Parnell v. Adventist Health System/West,*
  35 Cal. 4th 595 (2005) ............................................................................ passim
*Pettit v. Levy,*
  28 Cal. App. 3d 484 (1972) ............................................................................ 8
*Reynolds v. City and County of San Francisco,*
  53 Cal. App. 3d 99 (1975) ............................................................................ 11, 17
*Ribas v. Clark,*
  38 Cal. 3d 355 (1985) ............................................................................ 7
*Rubin v. Green,*
  4 Cal. 4th 1187 (1993 ............................................................................ 8, 9
*Samura v. Kaiser Foundation Health Plan, Inc.,*
  17 Cal. App. 4th 1284 (1993) ............................................................................ 10
*Schnall v. Hertz Corp.,*
  78 Cal. App. 4th 1144 (2000) ............................................................................ 18
*Silberg v. Anderson,*
  50 Cal. 3d 205 (1990) ............................................................................ 9
*Spates v. Dameron Hospital Assn.,*
  114 Cal. App. 4th 208 (2003) ............................................................................ 17
*Swanson v. St. John's Regional Medical Center,*
  97 Cal. App. 4th 245 (2002) ............................................................................ passim
*Thrifty-Tel v. Bezenek,*
  46 Cal. App. 4th 1559 (1996 ............................................................................ 17
*Tweedy v. NCO Financial Systems Inc.,*
  Sac. Sup. Ct. Case No. 03AS03039 ............................................................................ 12
*Wilton v. Mountain Wood Homeowners Assoc., Inc.,*
  18 Cal. App. 4th 565 (1993) ............................................................................ 7, 9

**Statutes**

Business and Professions Code §§ 17200 *et seq.* ............................................................................ 5, 6, 8

California Civil Code
  § 1710 ............................................................................ 17
  § 1770(a) ............................................................................ 14
  § 1780(c) ............................................................................ 15
  § 1782(a) & (b) ............................................................................ 15
  § 3045.1 ............................................................................ 5, 7
  §§ 3040, 3045 ............................................................................ 18

Civil Code
  § 1770 ............................................................................ 14
  § 1780 ............................................................................ 14
  § 1709 ............................................................................ 6, 17
  § 1782(a) ............................................................................ 15
  § 3045.1 ............................................................................ 7
  § 3045.2 ............................................................................ 7
  § 47(b) ............................................................................ 7

Code of Civil Procedure
  § 430.10(e) ........................................................................................................... 5
  § 430.50(a) ........................................................................................................... 5
  § 430.70.............................................................................................................. 12

Evidence Code Section 452 ..................................................................................... 12
Evidence Code Section 453 ..................................................................................... 12

Health and Safety Code section 1373.18 ................................................................. 10
Health and Safety Code sections 14124.791 and 14124.74...................................... 18

Insurance Code section 10133.2 .............................................................................. 10

Welfare and Institutions Code section 14121.791 ..................................................... 8
Welfare and Institutions Code section 14124.74 ....................................................... 8
Welfare and Institutions Code sections 14124.791 and 14124.74............................. 18

**Other Authorities**

Stats.2000, ch. 848, § 1; no. 10
  West's Cal. Legis. Service, pp. 4505–4506,
  June 20, 2000 Assem. Comm. on Judiciary Report, SB 1471 ....................................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MHA
Issomeogh Holland & Allen PC
Attorneys at Law

## I.     INTRODUCTION AND SUMMARY OF ARGUMENTS

Each of the five causes of action contained in the Complaint is premised on the erroneous legal conclusion that Sutter Health unlawfully asserted liens against the tort recovery of a class of persons who were injured and received services from a Sutter Health facility.   Class Action Complaint for Violations of the Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*, Unjust Enrichment, Misrepresentation, Conversion, and Business and Professions Code §§ 17200 *et seq.* ("Complaint") ¶¶ 2, 20, 22, 23, 24, 30, 37, 38, 42, 43, 47, and 48.   The Hospital Lien Act ("HLA"), set forth in California Civil Code sections 3045.1, *et seq.*, expressly authorizes every hospital that "furnishes . . . services to any person injured by reason of an accident" to assert a lien against damages to be recovered in the patient's lawsuit against the tortfeasor responsible for the patient's injuries.  Cal. Civ. Code § 3045.1.  In other words, the HLA specifically authorizes the very conduct that Plaintiffs allege to be wrongful, unlawful and/or unfair.  "A demurrer is treated as admitting all materials facts properly pleaded, but not 'contentions, deductions or conclusions of fact or laws.'" *CrossTalk Productions, Inc. v. Jacobson*, 65 Cal. App. 4th 631, 635 (1998).  Because Plaintiffs' assertion that the alleged liens are unlawful is an erroneous conclusion of law, the Complaint and all five causes of action must be dismissed.

Accordingly, Sutter Health demurs to the Complaint, and to each cause of action, pursuant to Code of Civil Procedure sections 430.10(e) and 430.50(a).  Sutter Health generally demurs on the following grounds:  (1) the Complaint is barred by the litigation privilege set forth in California Civil Code section 47(b) (parts II.A. and B. below.); (2) due process requires the Complaint be dismissed with prejudice because it requires retroactive application of new law first articulated in *Parnell v. Adventist Health System/West*, 35 Cal. 4th 595 (2005), which was decided in April of this year (part II.C. below); (3) an exercise of HLA lien rights cannot support a cause of action because it causes no financial harm to a patient receiving hospital services (part II.D. below.).

Sutter Health also specially demurs to each cause of action contained in the Complaint.  Cal. Code Civ. Proc. § 430.50(a).  Plaintiffs' First Cause Of Action, based on the Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.* ("CLRA"), must be dismissed without leave to amend because asserting the liens was not intended to result in the sale of medical services to Plaintiffs;

---

Sutter Health's Ps & As to Demurrer                                                     854379v1 99999/0001

1  Plaintiffs received the services before the liens were asserted. (Part II.E. below.) Furthermore, the

2  First Cause of Action must be dismissed for failure to allege that Plaintiffs gave Sutter Health a 30-

3  day notice to correct the alleged unlawful practice and for failure to attach a venue affidavit. (*Id.*)

4      Plaintiffs' Second Cause of Action, "Unjust Enrichment," must be dismissed without leave to

5  amend because it is not a cause of action but a legal principle describing the failure to make

6  restitution. (Part II.F.) Here, restitution is unavailable because the Complaint does not allege a

7  contract or quasi-contract theory and because Plaintiffs were never entitled to the money they now

8  seek. (*Id.*)

9      Sutter Health demurs to Plaintiffs' Third Cause of Action, "Conversion and Trespass to

10  Chattels as a Result of 'Balance Billing,'" on the grounds described above. (Parts II.A., B., and D.,

11  and G.) The Complaint does not allege unlawful "Balance Billing" or wrongful conduct and

12  Plaintiffs suffered no damage. (*Id.*)

13      Similarly, with respect to Plaintiffs' Fourth Cause of Action for "Fraud and Negligent

14  Misrepresentation in Violation of Civil Code § 1709," the Complaint does not state facts sufficient to

15  support the elements of fraud or misrepresentation; Plaintiffs suffered no damage, and the

16  Complaint does not allege a misrepresentation. (Part II.H.) At most the Complaint either pleads a

17  threat to exercise lien rights, which is not actionable, or that hospital liens were asserted or paid

18  under mistake of law, for which damages are unavailable, or both. (*Id.*)

19      Plaintiffs' claim under Business and Professions Code § 17200 (the "UCL"), the Fifth Cause

20  of Action, is barred because Plaintiffs have not alleged that Sutter Health violated any federal or

21  state law. (Part II.I.) In any event, the HLA provides a safe harbor, requiring dismissal of the UCL

22  cause of action. (*Id.*)

23  **II.    THE COMPLAINT MUST BE DISMISSED BECAUSE IT IS BARRED BY**
24  **THE LITIGATION PRIVILEGE, IT FAILS TO ALLEGE UNLAWFUL OR**
    **ACTIONABLE CONDUCT, IT WOULD RESULT IN A VIOLATION OF DUE**
25  **PROCESS, AND NO REMEDY IS AVAILABLE TO PLAINTIFFS AS A**
    **MATTER OF LAW.**

26      Sutter Health generally demurs to the Complaint based on the matters addressed below.

27  ///

28  ///

A.    **The Complaint and Each Cause of Action Alleged is Absolutely Barred by California Civil Code Section 47(b), the Litigation Privilege.**

Civil Code § 47(b) provides, in pertinent part, as follows:  "A privileged publication or broadcast is one made . . . in any . . . (2) judicial proceeding, (3) [or] in any other official proceeding authorized by law. . . ."  **"[T]he assertion of liens as authorized by validly enacted California statutes is shielded by the litigation privilege."**  *Olszewski v. Scripps Health,* 30 Cal. 4th 798, 832 (2003) (medical liens are filed to achieve object of litigation).[1]  The liens at issue in this case are based upon an enacted California statute, Civil Code section 3045.1, which provides:

> Every person, partnership, association, corporation, public entity, or other institution or body maintaining a hospital licensed under the laws of this state which furnishes emergency and ongoing medical or other services to any person injured by reason of an accident or negligent or other wrongful act not covered by Division 4 (commencing with Section 3201) or Division 4.5 (commencing with Section 6100) of the Labor Code, shall, if the person has a claim against another for damages on account of his or her injuries, have a lien upon the damages recovered, or to be recovered,[2] by the person, or by his or her heirs or personal representative in case of his or her death to the extent of the amount of the reasonable and necessary charges of the hospital and any hospital affiliated health facility, as defined in Section 1250 of the Health and Safety Code, in which services are provided for the treatment, care, and maintenance of the person in the hospital or health facility affiliated with the hospital resulting from that accident or negligent or other wrongful act.

Civil Code § 3045.1 is a validly enacted statute. *Mercy Hospital & Medical Center v. Farmers Ins. Group of Companies,* 15 Cal. 4th 213, 217 (1977); *Day v. Alta Bates Medical Center,* 98 Cal. App. 4th 243, 251-253 (2002); *Lovett v. Carrasco,* 63 Cal. App. 4th 48, 56 (1998).  Therefore, the conduct that the Complaint alleges is wrongful, namely, asserting liens against the tort recovery of injured persons, **is absolutely immune from the tort claims at issue here** under Civil Code section 47(b). *See, e.g., Olszewski,* 30 Cal. 4th at 832 (hospital liens asserted under statute later found preempted were absolutely privileged); *Swanson v. St. John's Regional Medical Center,* 97 Cal. App. 4th 245, 249 (2002); *Ribas v. Clark,* 38 Cal. 3d 355, 364 (1985) (privilege applies to statutory causes of action [such as the CLRA] as well as virtually all others). *See also Rubin v. Green,* 4 Cal. 4th 1187,

---

[1] *See also Wilton v. Mountain Wood Homeowners Assoc., Inc.,* 18 Cal. App. 4th 565, 569 (1993) (homeowners' assessment liens); *Frank Pisano & Assoc. v. Taggert,* 29 Cal. App. 3d 1, 25 (1972) (mechanics' liens); *Albertson v. Raboff,* 46 Cal. 2d 375, 381 (1956) (recording of lis pendens); *O'Keefe v. Kompa,* 84 Cal. App. 4th 130, 133-34 (2001) (levying on bank accounts and filing abstract of judgment); *Brown v. Kennard,* 94 Cal. App. 4th 40, 46-51 (2001) (levying writ of execution); *LiMandri v. Jenkins,* 52 Cal. App. 4th 326, 346-47 (1997) (liens are privileged when they are "a statutory prerequisite to the pursuit of a judicial remedy . . . .").

[2] Civil Code § 3045.2 provides: "The lien shall apply whether the damages are recovered, or are to be recovered, by judgment, settlement, or compromise."

1   1193 (1993) (Business & Professions Code § 17200 claim and claim for injunctive relief); *Pettit v.*

2   *Levy*, 28 Cal. App. 3d 484, 487 (1972) (fraud & negligent misrepresentation); *Kuehn v. Kuehn*,

3   85 Cal. App. 4th 824, 834 (2000) (conversion).[3]

4   *Swanson*, 97 Cal. App. 4th at 249, held that HLA liens are protected by the litigation

5   privilege as a matter of law. The Court in *Parnell* did not overrule or even disturb *Swanson* on this

6   point; *Parnell* merely held that a lien under the HLA required the existence of a debt owed by the

7   patient to the hospital and disapproved of *Swanson* only "to the extent it conflicts with our decision

8   today. . . ." *Parnell*, 35 Cal. 4th at 609. The issue of litigation immunity under Section 47(b) was

9   not decided in *Parnell*. *Id.* at 611-612, fn. 16. Thus, *Swanson's* application of the litigation privilege

10  to HLA liens governs this lawsuit.

11   *Olszewski v. Scripps Health*, 30 Cal. 4th 798 supports the same conclusion. In *Olszewski*, the

12  California Supreme Court analyzed a complaint filed against a hospital for asserting liens under the

13  authority of a hospital lien statute, Welfare and Institutions Code section 14121.791. The Court held

14  that hospital liens asserted under section 14121.791 were preempted by federal Medicaid law, but

15  that section 47(b) immunized the hospital from all tort liability. *Id.* at 831-32. *Olszewski* is

16  particularly applicable here because the Court specifically addressed whether a judicial decision

17  determining that liens authorized by statute are not valid should be retroactively applied. The

18  *Olszewski* Court stated: "Although we hold that federal law preempts sections 14124.791 and

19  14124.74 and invalidates defendant's liens, defendant undoubtedly had a legal right to assert the

20  liens prior to our holding here. . . . [W]e refuse to penalize defendant for following validly enacted

21  statutes." *Olszewski*, 30 Cal. 4th at 831-32.

22   But the protection of the litigation privilege does not depend on the conclusion that Sutter

23  Health's alleged filing of liens was sanctioned by preexisting law. Indeed, the litigation privilege

24  applies even when the judicial proceeding communication in issue constitutes an outright violation

25  ---
[3] Plaintiffs' prayer for declaratory relief under the Consumer Legal Remedies Act does not save the Complaint. First, the
26  prayer is based on privileged conduct for the reasons described above. Second, Plaintiffs cannot state a cause of action
for declaratory relief because they seek recovery for allegedly wrongful communications Sutter Health made in the past.
27  *Interstate Marina Development Co. v. County of Los Angeles*, 155 Cal. App. 3d 435, 443 (1984) (purpose of declaratory
relief is to eliminate uncertainties and controversies that may result in future); *Baldwin v. Marina City Properties, Inc.*,
28  79 Cal. App. 3d 393, 407 (1978) (no legal basis for declaratory relief where complaint seeks guidance on parties' present
respective rights when only past wrongs are alleged). Third, as addressed in part II.E. below, the CLRA does not apply
to the facts alleged or to plaintiff class as a matter of law.

1  of law and regardless of equity, malice or intent to harm. *See, e.g., Silberg v. Anderson*, 50 Cal. 3d

2  205, 218 (1990); *Brown,* 94 Cal. App. 4th at 46-51; *O'Keefe*, 84 Cal. App. 4th at 133-34; *Merlet v.*

3  *Rizzo*, 64 Cal. App. 4th 53, 64-66 (1998); *Wilton*, 18 Cal. App. 4th at 571. In *Brown*, for example,

4  an attorney attempted to levy on an account by writ of execution to enforce a money judgment. The

5  account holder sued the attorney for abuse of process because the funds were categorically exempt

6  from the writ. *Brown*, 94 Cal. App. 4th at 43. The court held the writ was privileged, and its

7  acknowledged illegitimacy was irrelevant, because it was "related to the realization of a litigation

8  objective." *Id.* at 48-50. Similarly, in *Wilton* a condominium owner challenged the validity of

9  several homeowners assessment liens, which the owner alleged were fraudulently assessed. *Wilton,*

10  18 Cal. App. 4th at 567-68. The court rejected the challenge to the liens, reasoning "the absolute

11  privilege extends to publications in judicial proceedings regardless of whether malice or intent to

12  harm was involved." *Id.* at 571.

13       Thus, the wrongful conduct alleged in the Complaint is absolutely privileged, even where the

14  patient's debt had been extinguished, and Plaintiffs cannot avoid application of the privilege by

15  pleading that the content of the liens constituted unlawful balance billing. *See, e.g., Olszewski*, 30

16  Cal. 4th at 832. The litigation privilege applies to both the assertion and the content of the liens, *Id.;*

17  *Rubin*, 4 Cal. 4th at 1193. Any doubt as to whether the privilege applies must be resolved in favor of

18  applying it. *Obos v. Scripps Psychological Associates*, 59 Cal. App. 4th 103, 108 (1997).

19  **B.    The Complaint Fails To State A Cause Of Action Because It Fails To Allege**
20  **Unlawful Or Actionable Conduct.**

21       The assertion of and collection on HLA liens is not actionable as balance billing or

22  otherwise. (Part B.1. below.) Even if Plaintiffs' causes of action could be based on the holding in

23  *Parnell* that some liens may be void or voidable, the conduct alleged supports, at most, a mistake of

24  law, which is not actionable. (Part B.2.)

25       **1.    The Assertion Of HLA Liens Is Not Unlawful Or Actionable**
26       **Notwithstanding Plaintiffs' Allegations That It Constitutes Unlawful**
       **Balance Billing.**

27       On its face, the Complaint does not plead that the unlawful conduct was Sutter Health's

28  collection of money on void liens, although the requested relief is money. Rather, the Complaint

**MHA**
<sub>ough Holland & Allen PC</sub>
<sub>Attorneys at Law</sub>

1    states, on its face, that the wrongdoing was the mere **assertion of liens**,[4] which is not actionable, as a

2    matter of law. *See, e.g., Louisville Title Insurance Company v. Surety Title and Guaranty Company*,

3    60 Cal. App. 3d 781, 801 (1976) (reviewing cases in which courts recognized that taking or

4    threatening to take legal action cannot constitute duress); *Marshall v. Packard-Bell Co.*, 106 Cal.

5    App. 2d 770, 774 (1951) (mere threat to exercise rights is not duress or coercion).[5]

6        Plaintiffs' conclusory allegation that asserting liens against their tort recoveries constitutes

7    unlawful "balance billing" must be disregarded. *See, e.g., CrossTalk*, 65 Cal. App. 4th at 635. The

8    facts alleged do not support unlawful "balance billing" as a matter of law. *Mercy Hospital*, 15 Cal.

9    4th at 217; *Swanson*, 97 Cal. App. 4th at 250-51. The *Swanson* court ruled: "The Legislature has

10   exempted hospital liens from balance billing limits. . . . Because the Legislature has determined that

11   hospital liens are exempt from balancing billing limits, we may not override that determination."

12   *Swanson*, 97 Cal. App. 4th at 250-51.[6]

13       Plaintiffs' reliance on *Parnell*, 35 Cal. 4th 595, for the contrary rule is misplaced. The

14   *Parnell* Court highlighted that the lien was **not asserted against the patient** when the Court noted

15   "to assert [an HLA lien], the hospital need not provide notice of the lien to the injured person, and

16   that notice must be served on the tortfeasor . . . ." and that under the HLA, **it is the tortfeasor who is**

17   **liable to the hospital** "for the amount of the lien claimed in the notice which the hospital was

18   entitled to receive as payment for medical care and services rendered to the injured person."

19   *Parnell*, 35 Cal. 4th at 601-02. At most, the *Parnell* Court held that Parnell may be entitled to a

20   declaratory judgment that the lien was invalid, **not that the patient could assert a cause of action**

21   **for damages**.[7] *Id.* at 611, fn. 16.

22

23   [4] Complaint ¶s 30, 37, 42, 47, 57.
     [5] Although an exception exists where the action taken or threatened involves the assertion of claims known to be false,

24   the law as it existed prior to *Parnell* and *Parnell* itself establishes that Sutter Health could not have known that any lien
     claims were false, as discussed *infra.*

25   [6] Citing June 20, 2000 Assem. Comm. on Judiciary Report, SB 1471, *Mercy Hospital & Medical Center*, 15 Cal. 4th
     213; *Samura v. Kaiser Foundation Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1301-02 (1993); *Cel-Tech*

26   *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 184 (1999).
     [7] *Parnell* also instructs that asserting liens under the HLA does not implicate or violate balance billing laws because

27   recovery under the HLA is contingent on the patient's recovery of damages. *Parnell*, 35 Cal. 4th at 611, fn 15
     (discussing Insurance Code section 10133.2 and Health and Safety Code section 1373.18 and noting that these statutes

28   do not preclude hospitals from contractually preserving their right to recover "reasonable and necessary charges" from a
     patient because the statutes limit only copayment amounts and that recovery on an HLA lien is not a patient "copayment"
     because an HLA lien is contingent on the patient's recovery of damages from a third-party tortfeasor).



1   **2.    At Most, The Complaint Alleges Conduct Based On A Mistake Of Law, Which Is Not Actionable.**

2

3   Even assuming arguendo that *Parnell* supports Plaintiffs' allegations that certain liens were

4   unlawfully asserted or paid, the allegations support, at most, a mistake of law, which does not permit

5   Plaintiffs to recover damages and does not support restitution and/or disgorgement. *See, e.g.,*

6   *Draper v. Grant*, 91 Cal. App. 2d 566, 571 (1949) (voluntary payment of fine under mistake of law

7   not recoverable); *Reynolds v. City and County of San Francisco*, 53 Cal. App. 3d 99, 101 (1975)

8   (unconstitutional filing fee not recoverable where paid based on mistaken belief fee was valid).

9   Again, prior to the *Parnell* decision, *Swanson* held hospital liens asserted after the patients' insurers

10  paid their contracted amounts **were valid**. *See, e.g. Swanson*, 97 Cal. App. 4th at 247-249. The

11  *Parnell* Court held that *Swanson* was mistaken where a contract between a patient's insurance

12  company and a hospital provided that payment of the negotiated rates "shall constitute payment in

13  full" for healthcare services provided to the beneficiaries and other evidence showed the hospital

14  accepted the payment as payment in full. *Parnell*, 35 Cal. 4th at 598-99, 609. Thus, Plaintiffs

15  cannot plead facts sufficient to show that Sutter Health or those who paid the liens knew the liens

16  were invalid; such invalidity was not established in the law.

17  The validity of any HLA liens Sutter Health asserted after *Parnell*,[8] if any, is not knowable

18  either and, thus, must have been asserted under mistake of law. The *Parnell* decision is based on the

19  specific facts before the Court and provides there is no bright line test. *Id.* at 611-612, fn. 16. Its

20  outcome remains unresolved, and the case was remanded with instructions to permit the declaratory

21  relief action to proceed, not to render a particular result or to award damages or other relief. *Id.*

22  **C.    Retroactive Application Of The *Parnell* Decision Would Constitute A Denial Of Due Process.**

23

24  Due process also requires that the Complaint be dismissed without leave to amend. The

25  Complaint seeks to compel a review of all HLA liens asserted by 26 hospitals in 20 counties over the

26  last 4 years[9] in long-closed personal injury lawsuits, and imposition of penalties, when the liens were

27

28  ---
[8] The Complaint alleges at paragraph 7 on page 3 that the plaintiff class includes all persons who had their recoveries liened by Sutter Health any time within four years before the filing of the complaint. The Complaint was filed on or about July 8, 2005. *Parnell* was published on April 4, 2005.
[9] Complaint ¶s 10 & 60.

1  expressly authorized under *Swanson*, 97 Cal. App. 4th 245. Plaintiffs' theory is that these liens now

2  may be void or voidable if *Parnell* is improperly, retroactively applied. Complaint ¶ 2. Permitting

3  Plaintiffs to proceed on this theory would constitute a denial of due process by the Court. *Moss v.*

4  *Superior Court*, 17 Cal. 4th 396, 429 (1988). "[R]etroactive application of a decision disapproving

5  prior authority on which a person may reasonably rely in determining what conduct will subject the

6  person to penalties denies due process." *Id.* No claim may be stated for following the law at the

7  time it exists. *See, e.g., Cel-Tech*, 20 Cal. 4th at 182-84; *Droeger v. Friedman, Sloan & Ross*, 54

8  Cal. 3d 26, 41 (1991); *Moore v. Regents of University of California*, 51 Cal. 3d 120, 147 (1990);

9  *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 694, fn. 31 (1988).

10      The Complaint must be dismissed because prior to the *Parnell* decision, the law was settled

11  that hospitals were permitted to assert hospital liens even where the patients' insurers paid their

12  contracted amounts. *See, e.g. Swanson*, 97 Cal. App. 4th at 247-249. For example, in *Swanson*, an

13  insured patient argued that hospitals were not entitled to assert HLA liens against his tort recoveries

14  when his medical insurance carrier had already paid the hospital for the services. *Swanson*, 97 Cal.

15  App. 4th at 247-249.    This is also Plaintiffs' argument here.    The *Swanson* court affirmed the

16  hospital's demurrer to the patient's complaint, holding that the HLA is a statutory lien and does not

17  require that the patient owe the hospital a debt. *Id.* at 249.

18      Matters judicially noticeable[10] also establish that Sutter Health could not have known its

19  assertion of liens was wrongful. In the Sacramento Superior Court case *Tweedy v. NCO Financial*

20  *Systems Inc.*, [as assignee of a Sutter hospital], Sac. Sup. Ct. Case No. 03AS03039, the court

21  considered the precise issues before the Court in *Parnell* and alleged to be unlawful in this case, and

22  determined the liens were not wrongfully asserted. *See* Sutter Health's Request For Judicial Notice

23  filed herewith, **Exhibit 1**.

24      The language of the HLA, *Olszewski, Swanson*, and matters judicially noticeable, objectively

25  establish Sutter Health's reasonable belief that the hospital liens at issue here were valid and proper.

26  Thus, due process requires the Complaint be dismissed.    *Moss*, 17 Cal. 4th at 429.

27  / / /

28
_____
[10] Civil Procedure Code § 430.70 permits a demurrer to be based on a matter of which the Court may take judicial notice
pursuant to Section 452 or 453 of the Evidence Code.

**MHA**
Downough Holland & Allen PC
Attorneys at Law

1    **D.    The Complaint Fails To State A Cause Of Action Because Plaintiffs Suffered No**
2    **Injury or Damage, As A Matter Of Law, and Restitution and Disgorgement Are**
     **Unavailable Because Plaintiffs Had No Vested Right To The Money They Now**
3    **Seek.**

4    Even if the assertion of liens was not privileged and was unlawful, Plaintiffs were not

5    damaged as a matter of law. *Nishihama v. City and County of San Francisco*, 93 Cal. App. 4th 298,

6    306-08 (2001). In their personal injury actions, where the liens were allegedly asserted,[11] Plaintiffs

7    were only entitled to recover from the tortfeasor the amount paid to the hospitals. *Id.* at 307. Thus,

8    if the tortfeasors paid more than the insurance payments in Plaintiffs' settlements with them or

9    judgments against them, the Plaintiffs were never entitled to that money—the medical providers

10   were. *Id.* at 306-08. Plaintiffs are not damaged now by being without something they were never

11   entitled to in the first place. *Id.* In *Nishihama* the court explained:

12       A plaintiff in a personal injury action is entitled to recover from the defendant
         tortfeasor, the reasonable value of medical services rendered to the plaintiff, including
13       the amount paid by a collateral source, such as an insurer. As medical expenses fall
         into the category of economic damages, they represent actual pecuniary loss caused
14       by the defendant's wrong. "Thus, when the evidence shows a sum certain to have
         been paid or incurred for past medical care and services, whether by the plaintiff or
15       by an independent source, that sum certain is the most the plaintiff may recover for
         that care despite the fact that it may have been less than the prevailing market rate."
16       ... The jury awarded plaintiff $20,295 for the costs of her medical care, which
         included the sum of $17,268 for care received by her from California Pacific Medical
17       Center ("CPMC"). This amount was based on CPMC's normal rates. Plaintiff,
         however, participates in an employer-sponsored health plan administered by Blue
18       Cross. At the time of plaintiff's care, Blue Cross had a contract with CPMC under
         which CPMC agreed that Blue Cross would pay reduced rates for specified services
19       rendered to members, and CPMC would accept Blue Cross's payment as payment in
         full for those services. Under the terms of that agreement, CPMC accepted $3,600 as
20       payment in full for the services it rendered to plaintiff. The City concedes its
         responsibility to pay plaintiff the $3,600 paid to CPMC by Blue Cross. It complains,
21       however, that the court permitted the jury to award damages for medical costs based
         on CPMC's normal rates, rather than the sum it actually accepted from Blue Cross.
22       Plaintiff did not and does not contest the assertion that CPMC accepted $3,600 as
         payment in full for the services provided. She points out, however, that in accordance
23       with California's Hospital Lien Act (HLA), ... CPMC filed a lien against the
         judgment reflecting its normal rates, and argues that she should not be put in the
24       position of having to accept the lesser amount in this action while risking the
         possibility that she will then have to pay a greater amount to CPMC because of its
25       lien.
                           ***
26       The HLA places the burden of satisfying the hospital's lien on the defendant
         tortfeasor, not on the plaintiff. ... We therefore conclude that the trial court erred in
27       permitting the jury to award plaintiff $17,168 instead of $3,600 for CPMC's services.
         We do not agree with the City, however, that this error requires remand, because the
28

─────────────────────────

[11]   Complaint ¶s 2, 4-7, 20, 22-24.

MHA
Joseph Nedland B. Allen PC
Attorneys at Law

1   jury somehow received a false impression of the extent of plaintiff's injuries by
    learning the usual rates charged to treat those injuries. There is no reason to assume
2   that the usual rates provided a less accurate indicator of the extent of plaintiff's
    injuries than did the specially negotiated rates obtained by Blue Cross. **Indeed the**
3   **opposite is more likely to be true.**

4   *Id.* (emphasis added). As the court held in *Nishihama*, Plaintiffs never had the right to recover more

5   than their insuring health plans paid the hospitals. Plaintiffs cannot accomplish in this action what

6   they could not accomplish in their actions against the tortfeasors who caused their injuries. If

7   anything, Plaintiffs benefited from the assertion of hospital liens in their tort cases because they were

8   able to claim more in general damages to the extent the HLA liens increased their medical special

9   damages. *Nishihama*, 93 Cal. App. 4th at 306-08.

10          Accordingly, Sutter Health's general demurrer to the Complaint should be sustained without

11   leave to amend; the Complaint states no cause of action for damages and no claim for restitution or

12   disgorgement. *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 455 (2005) (restitution may

13   not be based on defendants' unjust enrichment unless plaintiff had a vested interest in the money and

14   money received from third parties must qualify as money taken from plaintiff, even in class action).

15   This Court should not permit Plaintiffs to pursue a windfall, at the expense of hospitals who treated

16   them at discounted insurance rates.

17   **E.    The First Cause of Action Fails To State A Cause Of Action Under the CLRA**
18   **and Fails To Allege the Statutory Prerequisites For Such A Cause Of Action.**

19          Under the CLRA, the practices at issue must have been "intended to result or which results in

20   the sale or lease of goods or services to any customer . . . ." Cal. Civ. Code § 1770(a). The

21   Complaint alleges that Sutter Health's assertion of the liens **after services were rendered** was

22   wrongful, **not that the liens were intended to result in the sale or lease of medical services.**

23   Moreover, as a matter of law, the liens were not asserted against Plaintiffs as "consumers" but

24   against the tortfeasors. *Parnell*, 35 Cal. 4th at 601-02. Thus, no cause of action is stated under the

25   CLRA.

26          No cause of action is stated for the further reason that recovery under the CLRA is expressly

27   limited to persons aggrieved *as a result of* a violation of Section 1770. Civ. Code § 1780;

28   *Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1292 (2002) (plaintiffs

**MHA**
Holland & Allen PC
Attorneys at Law

10

1  must show that deceptive conduct caused them harm). As described above, Sutter's assertion of liens

2  did not cause Plaintiffs any harm. Plaintiffs did not suffer harm because **they** did not pay the liens—

3  the tortfeasors did (*Parnell*, 35 Cal. 4th at 601-02); and **Plaintiffs actually benefited** from the liens

4  because the general damages they could claim against the tortfeasors increased commensurate with

5  the higher medical specials stated in the lien notices. *Nishihama*, 93 Cal. App. 4th at 306-08.

6  Additionally, the Complaint does not allege that Plaintiffs notified Sutter Health of its alleged

7  unlawful practice at least 30 days before filing suit and that Sutter Health failed to correct the

8  practice, as required to file suit under the CLRA. Cal. Civ. Code § 1782(a) & (b). Thus, the

9  Complaint must be dismissed. *Outboard Marine v. Superior Court*, 52 Cal. App. 3d 30, 40-41

10  (1975) (complaint alleging CLRA claims legally defective for failure to allege compliance with

11  notice provisions of Civil Code § 1782(a).).

12  Finally, dismissal of the CLRA action is mandatory because Plaintiffs failed to file an

13  affidavit concurrently with the Complaint stating facts showing the action was commenced in the

14  proper county. Cal. Civ. Code § 1780(c) ("If a plaintiff fails to file the affidavit required by this

15  section, the court **shall**, upon its own motion or upon motion of any party, dismiss the action without

16  prejudice.").

17  **F.   The Second Cause Of Action Must Be Dismissed Because "Unjust Enrichment"**
   **Is Not A Cause Of Action And The Complaint Articulates No Facts Or Legal**
18  **Theory That Could Be A Basis For Recovery By Plaintiffs Based On The**
   **Principle Of Unjust Enrichment.**
19

20  Plaintiff's Second Cause of Action is labeled "Unjust Enrichment . . . ." However, unjust

21  enrichment "is not a cause of action . . . or even a remedy, but rather a general principle underlying

22  various legal doctrines and remedies." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004). In

23  *McBride*, the First District Court reviewed a judgment dismissing a claim for "Unjust Enrichment"

24  following the sustaining of a general demurrer. *Id.* The court instructed that because "Unjust

25  Enrichment" describes "the result of a failure to make restitution," the gravamen of the complaint

26  must be examined to determine what cause of action could be stated if given leave to amend. *Id.* at

27  387-88. The court explained that restitution may be awarded in lieu of breach of contract damages

28

**MHA**
Joseph Holland & Allen PC
Attorneys at Law

11

1    when the parties had an express contract that was procured by fraud or is unenforceable or

2    ineffective, or where a quasi-contract theory is alleged. *Id.* at 388.

3         Here, Plaintiffs allege no express contract, so the only possible premise for a cause of action

4    for "Unjust Enrichment" is that Plaintiffs are entitled to restitution on a quasi-contract theory based

5    on tortious conduct. *Id.* at 389. No quasi-contract theory is alleged, and, as addressed herein, no

6    tortious conduct is validly pleaded.

7         Moreover, "[t]he person receiving the benefit [allegedly Sutter Health] is required to make

8    restitution only if the circumstances are such that **as between the two individuals**, it is *unjust* for the

9    person to retain it." *Id* (emphasis added). As between Sutter Health and Plaintiffs, it would be

10   unjust for Plaintiffs to receive the money that the tortfeasors paid as reimbursement of the hospitals'

11   customary charges. *Nishihama*, 93 Cal. App. 4th at 306-08. In *Nishihama* the court explained:

12         As medical expenses fall into the category of economic damages, they represent
13         actual pecuniary loss caused by the defendant's wrong. Thus, when the evidence
           shows a sum certain to have been paid or incurred for past medical care and services,
14         whether by the plaintiff or by an independent source, **that sum certain is the most**
           **the plaintiff may recover** for that care despite the fact that it may have been less
15         **than the prevailing market rate.'**

16   *Id.* at 306-307 (emphasis added) (citations omitted). Thus, Plaintiffs never had the right to recover

17   more than their insuring health plans paid the hospitals; whereas, Sutter Health, according to the

18   Complaint itself, simply recouped its customary charges. Complaint ¶ 2. Under Plaintiffs' theory of

19   restitution in this case, they would unfairly receive now from Sutter Health money the Plaintiffs once

20   represented to the tortfeasor was in fact reasonably owed to medical providers. Indeed, the

21   tortfeasor would not have had to pay Plaintiff this money in the first place if it did not represent

22   payment for a debt actually incurred. Under Plaintiffs' theory, they would receive not only money

23   representing special damages they never incurred, but also money for the portion of any general

24   damages attributable to what the customary charges stated in the lien notices showed as the extent of

25   Plaintiffs' pain and suffering and other injuries. Thus, the Court should conclude on this demurrer

26   that Sutter Health may not be required to make restitution to Plaintiffs based on the unjust

27   enrichment claims. *Madrid*, 130 Cal. App. 4th at 455; *McBride*, 123 Cal. App. 4th at 389-90; *City*

28   *of Hope Nat. Medical Center v. Superior Court*, 8 Cal. App. 4th 633, 637 (1992).

**MHA**
Kenaagh Holland & Allen PC
Attorneys at Law

Sutter Health's Ps & As to Demurrer                                    854379v1 99999/0001

1    **G.    Plaintiffs' Third Cause Of Action For "Conversion and Trespass to Chattels as a**
2    **Result of 'Balance Billing'" Fails to State Causes Of Action.**

3    Conversion is the wrongful exercise of dominion over the property of another. *Spates v.*
4    *Dameron Hospital Assn.*, 114 Cal. App. 4th 208, 221 (2003). The elements of a conversion are the
5    plaintiff's ownership or right to possession of the property at the time of the conversion; the
6    defendant's conversion by a wrongful act or disposition of property rights; and damages. *Id.* An
7    action for trespass to chattel lies where an intentional interference with the possession of personal
8    property has proximately caused injury. *Thrifty-Tel v. Bezenek*, 46 Cal. App. 4th 1559, 1566 (1996).
9    As described above, Plaintiffs never had a right to the difference between what their insurance
10    companies paid and the hospital's customary charges, Sutter Health did not act wrongfully by
11    serving HLA liens on Plaintiffs' tortfeasors and/or receiving its customary charges, and Plaintiffs
12    suffered no damage. Accordingly, the Third Cause of Action must be dismissed.

13    **H.    Plaintiffs' Fourth Cause Of Action for "Fraud and Negligent Misrepresentation**
14    **in Violation of Civil Code § 1709" Fails to State Causes of Action.**

15    The Complaint does not state facts sufficient to support the elements of fraud or
16    misrepresentation for the reasons described above. Civil Code section 1709, which addresses willful
17    deceit, requires intent to induce the plaintiff to alter position to his or her risk and damages. As
18    described above, based on the HLA and case law prior to *Parnell*, no facts can be alleged showing
19    willful intent to assert or collect on unlawful liens and Plaintiffs suffered no damage.

20    In any event, the Complaint does not allege a deceit within the meaning of section 1709 or a
21    misrepresentation. Cal. Civ. Code § 1710.[12] At most the Complaint pleads a threat to exercise lien
22    rights, which is not actionable, *Louisville Title*, 60 Cal. App. 3d at 801; *Marshall*, 106 Cal. App. 2d
23    at 774, and/or that hospital liens were asserted and/or paid under mistake of law, for which damages
24    are unavailable. *Draper*, 91 Cal. App. 2d at 571; *Reynolds*, 53 Cal. App. 3d at 101. (Part II.B.
25    above.)

26
27    _____
28    [12] Section 1710 requires: (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) A promise, made without any intention of performing it.

MHA
ough Holland & Allen PC
Attorneys at Law

**I.    The Fifth Cause of Action Fails To State A Cause Of Action For Unlawful or Unfair Business Practices And The Conduct Alleged Falls Within A Safe Harbor**

The Complaint fails to state a cause of action under the UCL for all of the reasons explained in Sections A, B and C, and D above.    In addition,    Plaintiffs have failed to state a UCL cause of action because they have not alleged that Sutter violated a discrete federal or state law. *Olszewski*, 30 Cal. 4th at 827; *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1160-61 (2000), citing *Cel-Tech*, 20 Cal. 4th at 180; *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 852-854 (2002) (Rev. Den.). *See also Community Assisting Recovery, Inc. v. Aegis Security Insurance Company*, 92 Cal. App. 4th 886, 894-95 (2001) (Rev. Den.) (holding that although unfair competition statutes are framed in "broad, sweeping language" and what is "unfair" is a question of fact, judgment of dismissal on demurrer was appropriate).

In any event, Plaintiffs have not stated a claim under Business and Professions Code section 17200 because specific legislation, namely, the HLA, provides a "safe harbor" for the conduct at issue. *Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782 793-94 (2004); *Olszweski*, 30 Cal. 4th at 829. As discussed above, the legislature considered the practice alleged to be unfair here and did not regulate against it. *Swanson*, 97 Cal. App. 4th at 250-51, citing Cal. Civ. Code §§ 3040, 3045, Stats.2000, ch. 848, § 1; no. 10 West's Cal. Legis. Service, pp. 4505-4506, June 20, 2000 Assem. Comm. on Judiciary Report, SB 1471.

In *Olszewski*, the plaintiff sued medical providers under the UCL based on the filing of liens under Welfare and Institutions Code sections 14124.791 and 14124.74. *Olszweski*, 30 Cal. 4th at 806. Just as the HLA permits hospitals to recover its "reasonable and necessary charges," Health and Safety Code sections 14124.791 and 14124.74 permit a provider to lien the full customary charges for their services – "an amount greater than the nominal cost-sharing charges allowed under the state plan." *Id.* at 820. The *Olszewski* plaintiffs argued that the hospital liens served under sections 14124.791 and 14124.74 were unlawful because they were preempted by federal law and therefore could not provide a safe harbor. *Id.* at 828. The Court rejected this argument and held that sections 14124.791 and 14124.74 provided a safe harbor and the trial court properly sustained the plaintiff's demurrer to the unfair business practices claim. *Id.* at 830.

Sutter Health's Ps & As to Demurrer                                                                                854379v1 99999/0001

1   As in *Olszewski*, Plaintiffs here assert that Sutter Health's hospital liens were unlawful under

2   *Parnell*.   As in *Olszewski*, this court must reject Plaintiffs' claims on the ground that the HLA

3   provides a safe harbor and dismiss Plaintiffs' claims without leave to amend.

### III.   CONCLUSION

5   For the reasons set forth herein, Sutter Health respectfully requests the Court sustain its demurrer to

6   Plaintiffs Complaint, and/or to each and every cause of action therein, without leave to amend.

7   DATED:  August 30, 2005

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
MARCIA L. AUGSBURGER
Attorneys for Defendant Sutter Health

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sutter Health's Ps & As to Demurrer

## PROOF OF SERVICE

**Superior Court Of The State Of California County Of Alameda**
**Case Number:** R605221764
**Case Title:** Melinda Campbell, et al. vs. Sutter Health, et al.

I declare that I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen (18) and not a party to the within action. My business address is 1st Nationwide Legal Services, Inc. 501 12th Street, Sacramento, California 95814.

On August 30, 2005, I caused the following documents to be served Sutter Health's Request For Judicial Notice; Notice Of Hearing On Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Sutter Health's Memorandum Of Points And Authorities; Proof of Service addressed as follows:

Todd M. Schneider, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, Ca 94104

☐ BY MAIL – by placing a true and correct copy of the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firms's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

☒ BY HAND DELIVERY – by delivering by hand and leaving a true copy with the person and at the address shown above.

☐ BY FACSIMILE TRANSMISSION – by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below. Facsimile No.

☐ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2005, at Alameda, California

_____
Robert J. Mason

**15**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

7

**ENDORSED FILED**
**ALAMEDA COUNTY**

SEP 1 4 2005

CLERK OF THE SUPERIOR COURT
By Aida T. Lemos, Deputy

8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,       ) Case No. R605221764
    and on behalf of all others similarly situated,  )
12                                                    ) **PROOF OF SERVICE**
                           Plaintiffs,               )
13                                                    )
    v.                                                )
14                                                    )
    SUTTER HEALTH and DOES 1 through 24,             )
15  inclusive,                                        )
                                                      )
16                         Defendants.               )
                                                      )
17

18

19

20

21

22

23

24

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

Proof of Service                                                    856850v1 09504/0502

## PROOF OF SERVICE

**Superior Court Of The State Of California County Of Alameda**
**Case Number:** R605221764
**Case Title:** Melinda Campbell, et al. vs. Sutter Health, et al.

I declare that I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen (18) and not a party to the within action. My business address is 1st Nationwide Legal Services, Inc. 501 12th Street, Sacramento, California 95814.

On August 30, 2005, I caused the following documents to be served Sutter Health's Request For Judicial Notice; Notice Of Hearing On Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Demurrer By Defendant Sutter Health To Plaintiffs' Complaint; Sutter Health's Memorandum Of Points And Authorities; Proof of Service addressed as follows:

    Todd M. Schneider, Esq.
    Schneider & Wallace
    180 Montgomery Street, Suite 2000
    San Francisco, Ca 94104

☐    BY MAIL – by placing a true and correct copy of the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firms's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

☒    BY HAND DELIVERY – by delivering by hand and leaving a true copy with the person and at the address shown above.

☐    BY FACSIMILE TRANSMISSION – by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below. Facsimile No.

☐    STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2005, at Alameda, California

                    Robert J. Mason

**16**

1 | McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
2 | RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER (145686)
3 | JOHN C.J. BARNES (216694)
555 Capitol Mall, 9th Floor
4 | Sacramento, CA 95814
Phone: 916.444.3900
5 | Fax:    916.444.8989

6 | Attorneys for Defendant Sutter Health

*ENDORSED*
*ALAMEDA COUNTY*
2005 SEP 13  PH 12: 43
CLERK OF THE SUPERIOR COURT
BY _____
DEPUTY

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | MELINDA CAMPBELL, on her own behalf, ) Case No. R605221764
and on behalf of all others similarly situated, )
12 |                                    ) **AMENDED NOTICE OF HEARING ON**
                     Plaintiffs,    ) **DEMURRER BY DEFENDANT SUTTER**
13 |                                    ) **HEALTH TO PLAINTIFFS' COMPLAINT**
v.                                 )
14 |                                    ) Date:   October 12, 2005
SUTTER HEALTH and DOES 1 through 24, ) Time:   3:30 p.m.
15 | inclusive,                         ) Place:  Department 22
                                    ) Judge:  Honorable Ronald M. Sabraw
16 |              Defendants.        )
                                    )
17

18 | TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

19 | PLEASE TAKE NOTICE that the hearing on Sutter Health's demurrer, previously scheduled

20 | for September 27, 2005, at 2:00 p.m., has been reset by the Court for October 12, 2005, at 3:30 p.m.,

21 | or as soon thereafter as counsel can be heard, in Department 22 of this Court, at the Alameda County

22 | Superior Court Administration Building, 1221 Oak Street, Oakland, California 94612.

23 | Pursuant to Appendix E to Chapters 4 and 5 of the Alameda County Local Rules, Department

24 | 22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by

25 | calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days

26 | preceding the hearing date.

27 | /////

28 | /////

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

1    The tentative ruling will become the Court's ruling unless by 4:00 p.m. the court day

2  preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling

3  voice mail system to request argument and to specify the case name, line number, and the issues to

4  be contested.

5    Counsel or unrepresented parties must advise all other counsel and unrepresented parties no

6  later than 4:00 p.m. of his or her decision to appear and of the issues to be argued.  Failure to advise

7  the Court, counsel and any unrepresented parties will preclude counsel from arguing the matter.

8  DATED:  September 1, 2005

9                                          McDONOUGH HOLLAND & ALLEN PC
                                          Attorneys at Law
10

11

12                                         By: _____
                                               MARCIA L. AUGSBURGER
13

                                          Attorneys for Defendant Sutter Health
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   CASE TITLE:          Melinda Campbell, et al. v. Sutter Health, et al.

2   COURT/CASE NO:       Alameda County Superior Court No. R605221764

3                        **PROOF OF SERVICE**

4       I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
    Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5   foregoing action.

6       I am readily familiar with the business practice at my place of business for collection and
    processing of correspondence for mailing with the United States Postal Service. Correspondence so
7   collected and processed is deposited with the United States Postal Service that same day in the
    ordinary course of business.

8       On September 1, 2005, I served the within:

9

10  (1)     AMENDED NOTICE OF HEARING ON DEMURRER BY DEFENDANT
            SUTTER HEALTH TO PLAINTIFFS' COMPLAINT

11
    [ X ]           **by mail** on the following party(ies) in said action, in accordance with Code of Civil
12                  Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
                    designated area for outgoing mail, addressed as set forth below. At McDonough
13                  Holland & Allen PC, mail placed in that designated area is given the correct amount of
                    postage and is deposited that same day, in the ordinary course of business, in a United
14                  States mailbox in the City of Sacramento, California.

15  [    ]          **by personally delivering** a true copy thereof, in accordance with Code of Civil
                    Procedure § 1011, to the person(s) and at the address(es) set forth below.
16

17  [    ]          **by overnight delivery** on the following party(ies) in said action, in accordance with
                    Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
18                  envelope, with delivery fees paid or provided for, and delivering that envelope to an
                    overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

19
    [    ]          **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
20                  the following party(ies) at the facsimile number(s) indicated:

21

22
     Todd M. Schneider                              Attorneys for Plaintiffs
23   Joshua Konecky
     W.H. "Hank" Wilson
24   SCHNEIDER & WALLACE
     180 Montgomery Street, Suite 2000
25   San Francisco, CA 94104
     Telephone: (415) 421-7100
26   Facsimile: (415) 421-7105

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

                                    1

Proof of Service                                    855075v1 09504/0502

1    *Courtesy Copy to:*

2    Linda Ross
3    LAW OFFICE OF LINDA ROSS
     2204 Union Street
4    San Francisco, CA 94123
     Telephone: (415) 563-2400
5    Facsimile:  (415) 931-9981

6    Scott Kalkin
     ROBOOSTOFF & KALKIN, PLC
7    369 Pine Street, Suite 610
8    San Francisco, CA 94104
     Telephone: (415) 732-0282
9    Facsimile:  (415) 732-0287

10       I declare under penalty of perjury under the laws of the State of California that the foregoing is
11   true and correct and that this document was executed on September 1, 2005.

12                                                      _____
13                                                           BJ Kipping

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
Cavanagh Holland & Allen PC
Attorneys at Law

Proof of Service                                                                    855075v1 09504/0502

**17**

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER (145686)
JOHN C.J. BARNES (216694)
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:    916.444.8989

Attorneys for Defendant Sutter Health

ENDORSED
FILED
ALAMEDA. COUNTY

SEP 2 1 2005

ARTHUR SIMS, L.... Off. Clerk
By      Sandra Cole

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH and DOES 1 through 24, inclusive,<br><br>Defendants. | Case No. R605221764<br><br>**NOTICE OF CONTINUED COMPLEX CASE MANAGEMENT CONFERENCE**<br><br>Date:  November 16, 2005<br>Time:  3:00 p.m.<br>Place:  Department 22<br>Judge: Honorable Ronald M. Sabraw |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the agreement of counsel and the Court, the Complex Case Management Conference, previously scheduled for October 12, 2005, at 3:30 p.m., has been continued to November 16, 2005, at 3:00 p.m., or as soon thereafter as counsel can be heard, in Department 22 of this Court, at the Alameda County Superior Court Administration Building, 1221 Oak Street, Oakland, California 94612.

DATED: September 20, 2005

McDONOUGH HOLLAND & ALLEN PC
Attorneys  Law

By: _____
John C. J. Barnes

Attorneys for Defendant Sutter Health

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

| | |
|---|---|
| CASE TITLE: | Melinda Campbell, et al. v. Sutter Health, et al. |
| COURT/CASE NO: | Alameda County Superior Court No. R605221764 |

### PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 20, 2005, I served the within:

(1)   NOTICE OF CONTINUED COMPLEX CASE MANAGEMENT
CONFERENCE

[X]   **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

[ ]   **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

[ ]   **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

[ ]   **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

Todd M. Schneider                              Attorneys for Plaintiffs
Joshua Konecky
W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

1     *Courtesy Copy to:*

2

3     Linda Ross
    LAW OFFICE OF LINDA ROSS
    2204 Union Street

4     San Francisco, CA 94123
    Telephone:  (415) 563-2400

5     Facsimile:  (415) 931-9981

6     Scott Kalkin
    ROBOOSTOFF & KALKIN, PLC

7     369 Pine Street, Suite 610

8     San Francisco, CA 94104
    Telephone:  (415) 732-0282

9     Facsimile:  (415) 732-0287

10

11     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on September 20, 2005.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
Joseph Holland & Allen PC
Attorneys at Law

Proof of Service                                                         855075v1 09504/0502

**18**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

7

**ENDORSED**
**FILED**
ALAMEDA COUNTY

SEP 2 1 2005

ARTHUR SIMS, Exec. Off. Clerk
By        Sandra Cole

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,     )   Case No. R605221764
    and on behalf of all others similarly situated,  )
12                                                    )   **SECOND AMENDED NOTICE OF**
                            Plaintiffs,               )   **HEARING ON DEMURRER BY**
13                                                    )   **DEFENDANT SUTTER HEALTH TO**
    v.                                                )   **PLAINTIFFS' COMPLAINT**
14                                                    )
    SUTTER HEALTH and DOES 1 through 24,    )   Date:  November 16, 2005
15  inclusive,                                        )   Time:  3:00 p.m.
                                                      )   Place:  Department 22
16                          Defendants.               )   Judge:  Honorable Ronald M. Sabraw
                                                      )
17

18          TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

19          PLEASE TAKE NOTICE that, pursuant to the agreement of counsel and the Court, the

20  hearing on Sutter Health's demurrer, previously scheduled for October 12, 2005, at 3:30 p.m., has

21  been continued to November 16, 2005, at 3:00 p.m., or as soon thereafter as counsel can be heard, in

22  Department 22 of this Court, at the Alameda County Superior Court Administration Building, 1221

23  Oak Street, Oakland, California 94612.

24          Pursuant to Appendix E to Chapters 4 and 5 of the Alameda County Local Rules, Department

25  22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by

26  calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days

27  preceding the hearing date.

28  /////

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

Second Amended Notice of Hearing on Demurrer                                    859583v1 09504/0502

1    The tentative ruling will become the Court's ruling unless by 4:00 p.m. the court day
2 preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling
3 voice mail system to request argument and to specify the case name, line number, and the issues to
4 be contested.

5    Counsel or unrepresented parties must advise all other counsel and unrepresented parties no
6 later than 4:00 p.m. of his or her decision to appear and of the issues to be argued. Failure to advise
7 the Court, counsel and any unrepresented parties will preclude counsel from arguing the matter.

8 DATED: September 20, 2005

9                                        McDONOUGH HOLLAND & ALLEN PC
                                          Attorneys at Law
10

11
                                          By: _____
12                                             John C. J. Barnes

13                                        Attorneys for Defendant Sutter Health

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
Donough Holland & Allen PC
Attorneys at Law

2

1  CASE TITLE:        Melinda Campbell, et al. v. Sutter Health, et al.

2  COURT/CASE NO:        Alameda County Superior Court No. R605221764

3  ## PROOF OF SERVICE

4      I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
   Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5  foregoing action.

6      I am readily familiar with the business practice at my place of business for collection and
   processing of correspondence for mailing with the United States Postal Service. Correspondence so
7  collected and processed is deposited with the United States Postal Service that same day in the
   ordinary course of business.
8
       On September 20, 2005, I served the within:
9
10  (1)    SECOND AMENDED NOTICE OF HEARING ON DEMURRER BY
           DEFENDANT SUTTER HEALTH TO PLAINTIFFS' COMPLAINT

11
    [ X ]    **by mail** on the following party(ies) in said action, in accordance with Code of Civil
12           Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
             designated area for outgoing mail, addressed as set forth below. At McDonough
13           Holland & Allen PC, mail placed in that designated area is given the correct amount of
             postage and is deposited that same day, in the ordinary course of business, in a United
14           States mailbox in the City of Sacramento, California.

15  [  ]     **by personally delivering** a true copy thereof, in accordance with Code of Civil
             Procedure § 1011, to the person(s) and at the address(es) set forth below.
16

17  [  ]     **by overnight delivery** on the following party(ies) in said action, in accordance with
             Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
18           envelope, with delivery fees paid or provided for, and delivering that envelope to an
             overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..
19

20  [  ]     **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
             the following party(ies) at the facsimile number(s) indicated:
21

22
    Todd M. Schneider                          Attorneys for Plaintiffs
23  Joshua Konecky
    W.H. "Hank" Wilson
24  SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
25  San Francisco, CA 94104
    Telephone: (415) 421-7100
26  Facsimile: (415) 421-7105

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

1    *Courtesy Copy to:*

2    Linda Ross
3    LAW OFFICE OF LINDA ROSS
     2204 Union Street
4    San Francisco, CA 94123
     Telephone: (415) 563-2400
5    Facsimile: (415) 931-9981

6    Scott Kalkin
     ROBOOSTOFF & KALKIN, PLC
7    369 Pine Street, Suite 610
     San Francisco, CA 94104
8    Telephone: (415) 732-0282
     Facsimile: (415) 732-0287
9

10       I declare under penalty of perjury under the laws of the State of California that the foregoing is
11   true and correct and that this document was executed on September 20, 2005.

12                                                    _____
                                                            EJ Kipping
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MHA**
Joseph Holland & Allen PC
Attorneys at Law

2