**25**

1  TODD M. SCHNEIDER (State Bar #158253)
   JOSHUA KONECKY (State Bar #182897)
2  W.H. "HANK" WILLSON (State Bar #233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Tel: (415) 421-7100
   Fax: (415) 421-7105
5  TTY: (415) 421-1665
6
   LINDA ROSS (State Bar #85563)
7  LAW OFFICE OF LINDA ROSS
   2204 Union Street
8  San Francisco, California 94123
   Tel: (415) 563-2400
9
10 SCOTT KALKIN (State Bar #120791)
   ROBOOSTOFF & KALKIN, PLC
11 369 Pine Street, Suite 610
   San Francisco, California 94104
12 Tel: (415) 732-0282
   Fax: (415) 732-0287
13
14 Attorneys for Plaintiffs
15
16                    SUPERIOR COURT OF CALIFORNIA
17                        COUNTY OF ALAMEDA
18

| | |
|---|---|
| 19 MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, | Case No. RG05221764 |
| 20 | **PLAINTIFF'S COMPLEX CASE** |
| 21             Plaintiffs, | **MANAGEMENT CONFERENCE** |
|                vs. | **STATEMENT** |
| 22 | Date: November 16, 2005 |
| 23 SUTTER HEALTH, and DOES 1 through 25, inclusive, | Time: 3:00 pm |
| | Department: 22 |
| 24             Defendants. | Judge: The Hon. Ronald M. Sabraw |
| 25 | |

26
27
28

SCHNEIDER
& WALLACE

1   I.     **INTRODUCTION**

2          This action challenges Sutter Health's policy and practice of asserting liens against persons

3   who do not owe Sutter Health any debt, and asserting the liens even though Sutter Health is well

4   aware that it is not owed anything. Sutter Health's conduct is unlawful and against public policy,

5   and Plaintiff's complaint seeks appropriate redress.

6          As alleged in Plaintiff's complaint, Sutter Health unlawfully engages in a policy and

7   practice called "balance billing." Under this policy and practice, Sutter Health collects payments

8   for medical services provided to people who are injured by a tortious act (the amount owed to

9   Sutter Health is often agreed upon by contract between Sutter Health and the injured persons'

10  insurance carrier), but then asserts liens against the subsequent tort recoveries of the injured

11  persons when those recoveries—which include items such as emotional distress and lost

12  earnings—exceed the amount owed to Sutter Health. The injured person's debt to Sutter Health

13  could be extinguished by contract, bankruptcy, or some other means, but Sutter Health asserts

14  these liens even though it is aware that no debt exists. The amount of the lien is generally the

15  difference between the debt actually owed and already paid to Sutter Health, and an inapplicable

16  "customary rate" which Sutter Health exploits in order to exact further payment.

17  II.    **STATEMENT OF THE CASE**

18         In *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595, the California Supreme

19  Court held that any attempt by health care providers, such as Sutter Health, to recoup their so-

20  called "customary" charges, absent an underlying debt, is unlawful. In its Demurrer, set for

21  hearing concurrently with this Case Management Conference, Defendant attempts to deflect

22  attention from the clear impact of *Parnell* by making misguided arguments based on the litigation

23  privilege and due process. Despite Defendant's contentions, the litigation privilege does not apply

24  because the complaint challenges conduct (*i.e.*, the wrongful assertion of liens when there is no

25  underlying debt), not "communications," and because the Hospital Lien Act does *not* protect the

26  kinds of liens at issue here. Defendant's due process argument fails because *Parnell* merely

27  confirmed the state of the law, and because there is a presumption in favor of retroactive

28

SCHNEIDER
& WALLACE

1    application of judicial decisions in any event. Furthermore, it is clear that Defendant never relied

2    on any alleged difference between the case law prior to *Parnell* and now, as evidenced by the fact

3    that it asserted the liens before the case that it purportedly relied on, *Swanson v. St. John's*

4    *Regional Medical Center* (2002) 97 Cal.App.4th 245, and after *Parnell*, in the same unlawful

5    manner. (Complaint at ¶¶2, 20.)

6         Sutter Health's actions violate the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code

7    §1750, *et seq.*, by misrepresenting the nature of its services and their cost, and by representing that

8    the transaction conferred or involved rights, remedies or obligations it did not have or involve. (*Id.*

9    at ¶¶3, 21.) Sutter Health, by collecting on its unlawful liens, has taken the property of Plaintiff

10   and the class and has been unjustly enriched as a result. (*Id.* at ¶¶4, 22.) In addition, Sutter

11   Health's unlawful assertion of its liens interfered with the property of Plaintiff and the class such

12   that Sutter Health should be liable for conversion or trespass to the chattel of Plaintiff and the

13   class. (*Id.* at ¶¶5, 23.) Sutter Health asserted its unlawful liens despite the fact that Sutter Health

14   knew or should have known that it was owed no money by Plaintiff and class, and thus Sutter

15   Health is liable for fraud and/or negligent misrepresentation. (*Id.* at ¶6, 24.) Finally, as a result of

16   these violations and because Sutter Health's assertion of its unlawful liens constitutes an unfair

17   business practice, Sutter Health has violated the Unfair Business Practices Act (UCL), Cal. Bus.

18   and Prof. Code §§17200, *et seq.*

19   **III.     REPRESENTATION**

20        Plaintiff is represented by Todd Schneider, Joshua Konecky, and W.H. "Hank" Willson of

21   Schneider & Wallace, Linda Ross of the Law Office of Linda Ross, and Scott Kalkin of

22   Roboostoff & Kalkin, PLC. Schneider & Wallace will be lead counsel for Plaintiff.

23   **IV.     DISCOVERY**

24        Neither side has issued formal discovery. Plaintiff will issue her first round of discovery

25   within the few weeks. This will include requests for production and other written discovery, as

26   well as a notice of a deposition for the person most knowledgeable regarding the policies and

27   practices at issue. In addition to exploring the policies and practices at issue, the written discovery

28

SCHNEIDER
& WALLACE

1    will seek a class list through an opt-out procedure similar to those previously approved by this

2    Court. Because there is substantial overlap for discovery purposes between the facts going to the

3    merits of class liability and the facts going to class certification, Plaintiff does not believe that

4    bifurcation of discovery along these lines would be warranted.

5    **V.**    **CLASS CERTIFICATION**

6         Plaintiff anticipates filing a Motion for Class Certification in approximately July 2006.

7    Plaintiff may also file a motion to bifurcate class liability and injunctive relief from the calculation

8    of class member damages and wages due.

9    **VI.**    **OTHER MOTION PRACTICE**

10        Defendant has filed a Demurrer to Plaintiff's Complaint, which is scheduled for hearing on

11    November 16, 2005, at 3:00 pm—the same time as this Case Management Conference. In addition

12    to a Motion for Class Certification, Plaintiff anticipates filing a Motion for Summary Judgment.

13    **VII.**    **PROPOSED TRIAL AND PRETRIAL SCHEDULE**

14        Plaintiff anticipates that the trial of this action would take approximately two to three weeks,

15    and proposes that a trial occur in Summer 2007. Working backwards from that trial date, Plaintiff

16    proposes the following dates:

17        Last day for hearing on law and motion: April 30, 2007;

18        Last day to conduct expert discovery: March 31, 2007;

19        Last day for rebuttal expert disclosure: January 31, 2007;

20        Last day to complete non-expert discovery (including to have all motions to compel heard):

21    December 31, 2006;

22        Last day to disclose expert witnesses: November 30, 2006.

23    **VIII. ALTERNATIVE DISPUTE RESOLUTION (ADR)**

24        Plaintiff is amenable to mediation of the individual and class claims. Plaintiff would

25    propose private mediation.

26    **IX.**    **CALENDAR CONFLICTS**

27        Plaintiff and her counsel are not aware of any calendar conflicts at this time.

28

SCHNEIDER
& WALLACE

1

2  Respectfully Submitted,

3  Date: November 10, 2005                    SCHNEIDER & WALLACE
                                              LAW OFFICE OF LINDA ROSS
4                                             ROBOOSTOFF & KALKIN, PLC

5

6

7                                             Hank Willson
                                              Counsel for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

1

## PROOF OF SERVICE

2

### Sections 1013(a), 2015.5 C.C.P.

3

*Campbel et al. v. Sutter Health,*
*Alameda Superior Court Case No.: RG04190588*

4

5      I am a citizen of the United States and am employed in the County of San Francisco. I am

6  over the age of eighteen years and not a party to the within entitled action. My business address is

7  180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8      On November 10, 2005, I served the following:

9  **1. Plaintiffs' Complex Case Management Statement**

10  on the parties by placing true copies thereof for facsimile transmission to the number listed below

11  and in a sealed envelope, postage fully prepaid, for deposit in the United States Mail at San

12  Francisco, California, addressed as follows:

13

Marcia Augsburger
14      McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
15      Sacramento, CA 94814-4692
Facsimile: (916) 444-8334
16

17

18      I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct and that this Declaration is executed on November 10, 2005, at San Francisco,

20  California.

21

22

23                          SALLY MENDEZ

24

25

26

27

28

**26**

Schneider & Wallace·
Attn: Schneider, Todd M.
180 Montgomery St. Ste. 2000
San Francisco, CA  94104

McDonough Holland & Allen PC
Attn: Augsburger, Marica L.
555 Capitol Mall
9th Floor
Sacramento, CA  95814

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Campbell | |
|---|---|
| Plaintiff/Petitioner(s) | No. RG05221764 |
| vs. | Order |
| | Demurrer to Complaint Sustained |
| Sutter Health | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Demurrer to Complaint was set for hearing on 11/16/2005 at 03:00 PM in Department 22 before the Honorable Ronald M. Sabraw. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  Demurrer of Sutter Health to Complaint is SUSTAINED WITH LEAVE TO AMEND.

Plaintiff asserts that Sutter Health engages in a practice called "balance billing" by improperly filing liens under the Hospital Lien Act, Civil Code 3045.1 et seq.  Plaintiff asserts that the improper filing of the liens is unlawful, even if no money is collected on the liens. (Cpt., para 30, 33, 37, 42, 47, and 57.)

ARGUMENTS CONCERNING THE COMPLAINT AS A WHOLE.

Demurrer to the entire complaint because Sutter's filing of liens is protected by the litigation privilege is SUSTAINED WITH LEAVE TO AMEND. Sutter Health argues that the filing of liens is protected litigation activity, whereas Plaintiff argues that the unauthorized filing of liens is the unlawful imposition of restraints on property.

Parnell expressly declined to address this issue.  35 Cal.4th at 611, n16 ("Like the Court of Appeal, we also decline to address "the issue of litigation immunity for filing notices of liens" and leave the sorting out of "the causes of action and types of relief to which [Parnell] may be entitled" to the proceedings on remand."). The Court is, however, bound by the decisions of the Court of Appeal regarding this issue.

Swanson v. St. John's Reg'l Medical Ctr. (2002) 97 Cal. App. 4th 245, 249 (disapproved of on other grounds in Parnell), states "Lien notices authorized by law·are protected by the litigation privilege" and holds that the filing of lien notices under the HLA is protected litigation activity. Sutter Health's filing of HLA liens is protected litigation activity even if it may have been in error.  This disposes of the issue before the Court.

Plaintiff refers the Court to Barquis v. Merchs. Collection Assn. (1972) 7 Cal. 3d 94 (purposefully filing cases in wrong venue to frustrate defense is improper) and Yu v. Signet Bank (1999) 69 Cal. App. 4th 1377 (filing claims against California consumers in Virginia venue is improper), and argues that the abuse of the legal system is not protected by the litigation privilege.  As Sutter Health points out, both of those cases concern malicious prosecution, and malicious prosecution is an exception to the litigation privilege.  Silberg v. Anderson (1990) 50 Cal. 3d 205, 216 ("The only exception to application of

Order

section 47(2) to tort suits has been for malicious prosecution actions."). Therefore, Plaintiff is granted leave to allege a claim for malicious prosecution and/or claims for unlawful or unfair competition that borrow from or are tethered to the law of malicious prosecution. The Court expresses no opinion about whether the facts alleged in the current complaint would support such claims.

Demurrer to the entire complaint because the Court cannot apply Parnell retroactively is OVERRULED. Brennan v. Tremco, Inc. (2001) 25 Cal. 4th 310, 318, states, "The general rule that judicial decisions are given retroactive effect is basic in our legal tradition." Therefore, the Court can apply Parnell to pending cases. The exception to the general rule is when a decision has changed a settled rule on which the parties had relied. Sutter Health has not demonstrated that the case law interpreting the Hospital Lien Act was settled or that Sutter Health had relied on a judicial interpretation of the Act. The Court notes that Sutter Health's alleged good faith reliance on the pre-Parnell state of the law is in the nature of an affirmative defense that the Court cannot resolve on a demurrer to the complaint.

Demurrer to the entire complaint because the Court cannot apply Parnell to cases that have been pursued through final judgment is OVERRULED. This demurrer concerns a form of relief, not a cause of action, so it is in the nature of a motion to strike. Sutter Health argues that the relief in this case cannot be based on personal injury cases with HLA liens that that have been pursued to final judgments. Sutter Health is correct that the relief in this action cannot affect a prior judgment. Plaintiff might, however, be able to pursue a claim asserting the filing of HLA liens in now-closed cases was in the nature of malicious prosecution and seek relief based on that conduct.

Demurrer to the entire complaint because Plaintiff fails to allege actionable conduct is OVERRULED. Parnell v. Adventist Health System/West (2005) 35 Cal. 4th 595, 609, recently held "that a lien under the HLA requires the existence of an underlying debt owed by the patient to the hospital and that, absent such a debt, no lien may attach." The Complaint alleges that Sutter Health unlawfully files liens when a patient's debt has been paid by his or her insurance company under the terms of the insurance company's agreement with Sutter Health. If true, this conduct might be unlawful under Parnell and might be in the nature of malicious prosecution.

Demurrer to the entire complaint because Plaintiff fails to allege monetary damages is OVERRULED. This demurrer concerns a form of relief, not a cause of action, so it is in the nature of a motion to strike. As noted by Sutter Health, monetary relief may be limited by Nishihama v. City and County of San Francisco (2001) 93 Cal. App. 4th 298, 306-308, which holds that an injured party can recover form the wrongdoer only the amount that the insurance company paid for medical care and not the amount that the health care provider normally charges for medical care. The Court cannot, however, conclude at the pleading stage that Plaintiff can recover no monetary relief. Monetary relief may be appropriate if Plaintiff has incurred expenses to remove the allegedly unlawful lien or has suffered consequential damages.

ARGUMENTS CONCERNING INDIVIDUAL CAUSES OF ACTION.

Because all of the claims as plead are barred by the litigation privilege, the Court does not need to reach the merits of the individual causes of action.

FURTHER PROCEEDINGS.

Plaintiff to file a First Amended Complaint on or before December 9, 2005. Defendant to file a responsive pleading on or before January 6, 2006.

The Court sets the next CMC for February 2, 2006, at 3:00 pm.

Dated: 11/16/2005

_____
Judge Ronald M. Sabraw

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG05221764
Order After Hearing Re: of 11/16/2005

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 11/17/2005.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

**27**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

7

ENDORSED
FILED
ALAMEDA COUNTY

NOV 2 2 2005

ARTHUR SIMS, Exec. Off.Clerk
By   Sandra Cole

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11 MELINDA CAMPBELL, on her own behalf,        )  Case No. R605221764
   and on behalf of all others similarly situated,  )
12                                            )  **NOTICE OF ENTRY OF ORDER ON**
                       Plaintiffs,            )  **SUTTER HEALTH'S DEMURRER TO**
13                                            )  **PLAINTIFFS' COMPLAINT**
   v.                                         )
14                                            )
   SUTTER HEALTH and DOES 1 through 24,       )  Date:   November 16, 2005
15 inclusive,                                 )  Time:   3:00 p.m.
                                              )  Place:  Department 22
16                     Defendants.            )  Judge: Honorable Ronald M. Sabraw
                                              )
17

18        PLEASE TAKE NOTICE that on November 16, 2005, the Honorable Ronald M. Sabraw,

19 Judge of the Alameda County Superior Court, entered an Order sustaining Sutter Health's Demurrer

20 to Plaintiffs' Complaint. A true and correct copy of the Order is attached hereto.

21

22 DATED: November 21, 2005

23                                       McDONOUGH HOLLAND & ALLEN PC
                                         Attorneys at Law
24

25
                                         By: _____
26                                              John C. J. Barnes

27                                       Attorneys for Defendant Sutter Health

28

MHA

**Notice of Entry of Order Sustaining Sutter Health's Demurrer to Plaintiffs' Complaint**        875602v1 09504/0502

Schneider & Wallace
Attn: Schneider, Todd M.
180 Montgomery St. Ste. 2000
San Francisco, CA  94104

McDonough Holland & Allen PC
Attn: Augsburger, Marica L.
555 Capitol Mall
9th Floor
Sacramento, CA  95814

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Campbell<br><br>Plaintiff/Petitioner(s)<br><br>vs.<br><br>Sutter Health<br><br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG05221764<br><br>Order<br><br>Demurrer to Complaint<br>Sustained |

The Demurrer to Complaint was set for hearing on 11/16/2005 at 03:00 PM in Department 22 before the Honorable Ronald M. Sabraw. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: Demurrer of Sutter Health to Complaint is SUSTAINED WITH LEAVE TO AMEND.

Plaintiff asserts that Sutter Health engages in a practice called "balance billing" by improperly filing liens under the Hospital Lien Act, Civil Code 3045.1 et seq. Plaintiff asserts that the improper filing of the liens is unlawful, even if no money is collected on the liens. (Cpt., para 30, 33, 37, 42, 47, and 57.)

ARGUMENTS CONCERNING THE COMPLAINT AS A WHOLE.

Demurrer to the entire complaint because Sutter's filing of liens is protected by the litigation privilege is SUSTAINED WITH LEAVE TO AMEND. Sutter Health argues that the filing of liens is protected litigation activity, whereas Plaintiff argues that the unauthorized filing of liens is the unlawful imposition of restraints on property.

Parnell expressly declined to address this issue. 35 Cal.4th at 611, n16 ("Like the Court of Appeal, we also decline to address "the issue of litigation immunity for filing notices of liens" and leave the sorting out of "the causes of action and types of relief to which [Parnell] may be entitled" to the proceedings on remand."). The Court is, however, bound by the decisions of the Court of Appeal regarding this issue.

Swanson v. St. John's Reg'l Medical Ctr. (2002) 97 Cal. App. 4th 245, 249 (disapproved of on other grounds in Parnell), states "Lien notices authorized by law are protected by the litigation privilege" and holds that the filing of lien notices under the HLA is protected litigation activity. Sutter Health's filing of HLA liens is protected litigation activity even if it may have been in error. This disposes of the issue before the Court.

Plaintiff refers the Court to Barquis v. Merchs. Collection Assn. (1972) 7 Cal. 3d 94 (purposefully filing cases in wrong venue to frustrate defense is improper) and Yu v. Signet Bank (1999) 69 Cal. App. 4th 1377 (filing claims against California consumers in Virginia venue is improper), and argues that the abuse of the legal system is not protected by the litigation privilege. As Sutter Health points out, both of those cases concern malicious prosecution, and malicious prosecution is an exception to the litigation privilege. Silberg v. Anderson (1990) 50 Cal. 3d 205, 216 ("The only exception to application of

section 47(2) to tort suits has been for malicious prosecution actions."). Therefore, Plaintiff is granted leave to allege a claim for malicious prosecution and/or claims for unlawful or unfair competition that borrow from or are tethered to the law of malicious prosecution. The Court expresses no opinion about whether the facts alleged in the current complaint would support such claims.

Demurrer to the entire complaint because the Court cannot apply Parnell retroactively is OVERRULED. Brennan v. Tremco, Inc. (2001) 25 Cal. 4th 310, 318, states, "The general rule that judicial decisions are given retroactive effect is basic in our legal tradition." Therefore, the Court can apply Parnell to pending cases. The exception to the general rule is when a decision has changed a settled rule on which the parties had relied. Sutter Health has not demonstrated that the case law interpreting the Hospital Lien Act was settled or that Sutter Health had relied on a judicial interpretation of the Act. The Court notes that Sutter Health's alleged good faith reliance on the pre-Parnell state of the law is in the nature of an affirmative defense that the Court cannot resolve on a demurrer to the complaint.

Demurrer to the entire complaint because the Court cannot apply Parnell to cases that have been pursued through final judgment is OVERRULED. This demurrer concerns a form of relief, not a cause of action, so it is in the nature of a motion to strike. Sutter Health argues that the relief in this case cannot be based on personal injury cases with HLA liens that that have been pursued to final judgments. Sutter Health is correct that the relief in this action cannot affect a prior judgment. Plaintiff might, however, be able to pursue a claim asserting the filing of HLA liens in now-closed cases was in the nature of malicious prosecution and seek relief based on that conduct.

Demurrer to the entire complaint because Plaintiff fails to allege actionable conduct is OVERRULED. Parnell v. Adventist Health System/West (2005) 35 Cal. 4th 595, 609, recently held "that a lien under the HLA requires the existence of an underlying debt owed by the patient to the hospital and that, absent such a debt, no lien may attach." The Complaint alleges that Sutter Health unlawfully files liens when a patient's debt has been paid by his or her insurance company under the terms of the insurance company's agreement with Sutter Health. If true, this conduct might be unlawful under Parnell and might be in the nature of malicious prosecution.

Demurrer to the entire complaint because Plaintiff fails to allege monetary damages is OVERRULED. This demurrer concerns a form of relief, not a cause of action, so it is in the nature of a motion to strike. As noted by Sutter Health, monetary relief may be limited by Nishihama v. City and County of San Francisco (2001) 93 Cal. App. 4th 298, 306-308, which holds that an injured party can recover form the wrongdoer only the amount that the insurance company paid for medical care and not the amount that the health care provider normally charges for medical care. The Court cannot, however, conclude at the pleading stage that Plaintiff can recover no monetary relief. Monetary relief may be appropriate if Plaintiff has incurred expenses to remove the allegedly unlawful lien or has suffered consequential damages.

ARGUMENTS CONCERNING INDIVIDUAL CAUSES OF ACTION.

Because all of the claims as plead are barred by the litigation privilege, the Court does not need to reach the merits of the individual causes of action.

FURTHER PROCEEDINGS.

Plaintiff to file a First Amended Complaint on or before December 9, 2005. Defendant to file a responsive pleading on or before January 6, 2006.

The Court sets the next CMC for February 2, 2006, at 3:00 pm.

Dated:  11/16/2005

Judge Ronald M. Sabraw

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123


Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG05221764
Order After Hearing Re: of 11/16/2005

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 11/17/2005.

Executive Officer / Clerk of the Superior Court

By    _____

Deputy Clerk

1  | CASE TITLE:·        Melinda Campbell, et al. v. Sutter Health, et al.

2  | COURT/CASE NO:      Alameda County Superior Court No. R605221764

3  | ## PROOF OF SERVICE

4  |     I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5  | foregoing action.

6  |     I am readily familiar with the business practice at my place of business for collection and
processing of correspondence for mailing with the United States Postal Service. Correspondence so
7  | collected and processed is deposited with the United States Postal Service that same day in the
ordinary course of business.

8  |
   |     On November 21, 2005, I served the within:
9  |

10 | (1)    NOTICE OF ENTRY OF ORDER ON SUTTER HEALTH'S DEMURRER TO
   |        PLAINTIFFS' COMPLAINT

11 | [X]    **by mail** on the following party(ies) in said .action, in accordance with Code of Civil
   |        Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
12 |        designated area for outgoing mail, addressed as set forth below. At McDonough
   |        Holland & Allen PC, mail placed in that designated area is given the correct amount of
13 |        postage and is deposited that same day, in the ordinary course of business, in a United
14 |        States mailbox in the City of Sacramento, California.

15 | [ ]    **by personally delivering** a true copy thereof, in accordance with Code of Civil
   |        Procedure § 1011, to the person(s) and at the address(es) set forth below.
16 |

17 | [ ]    **by overnight delivery** on the following party(ies) in said action, in accordance with
   |        Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
18 |        envelope, with delivery fees paid or provided for, and delivering that envelope to an
   |        overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..
19 |

20 | [ ]    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
   |        the following party(ies) at the facsimile number(s) indicated: ·
21 |

22 |
   | Todd M. Schneider                              Counsel for Plaintiffs
23 | Joshua Konecky
   | W.H. "Hank" Wilson
24 | SCHNEIDER & WALLACE
   | 180 Montgomery Street, Suite 2000
25 | San Francisco, CA 94104
   | Telephone: (415) 421-7100
26 | Facsimile: (415) 421-7105
27 |
   .
28 |

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

Proof of Service                                                    855075v1 09504/0502

1    *Courtesy Copy to:*                          Co-counsel for Plaintiffs

2    Linda Ross
3    LAW OFFICE OF LINDA ROSS
     2204 Union Street
4    San Francisco, CA 94123
     Telephone: (415) 563-2400
5    Facsimile:  (415) 931-9981

6    Scott Kalkin
     ROBOOSTOFF & KALKIN, PLC
7    369 Pine Street, Suite 610
8    San Francisco, CA 94104
     Telephone: (415) 732-0282
9    Facsimile:  (415) 732-0287

10
     I declare under penalty of perjury under the laws of the State of California that the foregoing is
11   true and correct and that this document was executed on November 21, 2005.

12                                                        _EJ Kipping_
                                                          EJ Kipping
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
Donahugh Holland & Allen PC
Attorneys at Law

                                        2

Proof of Service                                              855075v1 09504/0502

**28**

1  TODD M. SCHNEIDER (SBN 158253)          RICHARD E. BRANDT (SBN 44893)
   JOSHUA KONECKY (SBN 182897)             MARCIA L. AUGSBURGER (SBN 14686)
2  W.H. "HANK" WILLSON (SBN 233321)        JOHN C.J. BARNES (216694)
   SCHNEIDER & WALLACE                     McDONOUGH HOLLAND & ALLEN PC
3  180 Montgomery Street, Suite 2000       555 Capitol Mall, 9th Floor
   San Francisco, California 94104         Sacramento, CA 95814
4  Tel: (415) 421-7100                     Tel: (916) 444-3900
   Fax: (415) 421-7105                     Fax: (916) 444-8989
5  TTY: (415) 421-1665
6                                          Attorneys for Defendant Sutter Health
7  LINDA ROSS (SBN 85563)
   LAW OFFICE OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400

10 SCOTT KALKIN (SBN 120791)
   ROBOOSTOFF & KALKIN, PLC
11 369 Pine Street, Suite 610
   San Francisco, California 94104
12 Tel: (415) 732-0282
   Fax: (415) 732-0287
13

14 Attorneys for Plaintiff and the Proposed Class

15

16              SUPERIOR COURT OF CALIFORNIA

17                  COUNTY OF ALAMEDA

18

19 MELINDA CAMPBELL, on her own behalf,     Case No. RG05221764
   and on behalf of all others similarly situated,
20                                          JOINT STIPULATION AND REQUEST
              Plaintiffs,                   FOR EXTENSION OF TIME FOR FILING
21                                          OF PLAINTIFF'S AMENDED
        vs.                                 COMPLAINT AND DEFENDANT'S
22                                          RESPONSIVE PLEADING; PROPOSED
   SUTTER HEALTH, and DOES 1 through 25,    ORDER
23 inclusive,
24              Defendants.                 Department: 22
                                            Judge: The Hon. Ronald M. Sabraw
25

26

27

28

SCHNEIDER
& WALLACE

JOINT STIPULATION AND REQUEST FOR EXTENSION OF TIME FOR FILING OF P'S FAC AND D'S RESPONSIVE PLEADING
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

1          **STIPULATION**

2          The parties stipulate and request that the date for Plaintiff to file her First Amended

3   Complaint be moved from December 9, 2005 to December 16, 2005; and the date for Defendant's

4   responsive pleading be moved from January 6, 2006 to January 13, 2006. In addition, the parties

5   request that the Case Management Conference currently scheduled for February 2, 2006 be moved

6   to February 9, 2006, or as soon thereafter as is convenient for the Court.

7

8   Respectfully Submitted,

9   Date: December 9, 2005                    SCHNEIDER & WALLACE
                                              LAW OFFICE OF LINDA ROSS
10                                            ROBOOSTOFF & KALKIN, PLC

11

12

13                                            Hank Willson
                                              Counsel for Plaintiff

14

15                                            McDONOUGH HOLLAND & ALLEN PC

16

17                                            John C. Barnes
                                              Counsel for Defendant Sutter Health

18

19                     **PROPOSED ORDER**

20      1.  Plaintiff to file a First Amended Complaint on or before December 16, 2005.

21      2.  Defendant to file a responsive pleading on or before January 13, 2005.

22      3.  The Court sets the next Case Management Conference for _____, 2006 at

23          _____.

24

25   Date: _____

26

27                                            The Hon. Ronald M. Sabraw

28

SCHNEIDER
& WALLACE

JOINT STIPULATION AND REQUEST FOR EXTENSION OF TIME FOR FILING OF P'S FAC AND D'S RESPONSIVE PLEADING
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
1

1

## PROOF OF SERVICE

2

### Sections 1013(a), 2015.5 C.C.P.

3

*Campbel et al. v. Sutter Health,*

4

*Alameda Superior Court Case No.: RG04190588*

5     I am a citizen of the United States and am employed in the County of San Francisco. I am

6   over the age of eighteen years and not a party to the within entitled action. My business address is

7   180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8     On December 9, 2005, I served the following:

9     **1. Joint Stipulation and Request for Extension of Time for Filing of Plaintiff's**

10       **Amended Complaint and Defendant's Responsive Pleading; Proposed Order**

11   on the parties by placing true copies in a sealed envelope, postage fully prepaid, for deposit in the

12   United States Mail at San Francisco, California, addressed as follows:

13

| | |
|---|---|
| Richard Brandt | Linda Ross |
| Marcia Augsburger | Law Offices of Linda Ross |
| John Barnes | 2204 Union Street |
| McDonough Holland & Allen PC | San Francisco, CA 94123 |
| 555 Capitol Mall, 9th Floor | |
| Sacramento, CA 94814-4692 | |

14

15

16

17       Scott Kalkin
         Roboostoff & Kalkin
18       369 Pine Street, Suite 610
         San Francisco, CA 94104
19

20     I declare under penalty of perjury under the laws of the State of California that the foregoing

21   is true and correct and that this Declaration is executed on December 9, 2005, at San Francisco,

22   California.

23

24

25                                         SALLY MENDEZ

26

27

28

To. John Barnes                 From. Schneider and Wallace        12/9/2005 4.59.06 PM (Page 5 of 7)

Case 3:07-cv-03406-MMC   Document 2-3   Filed 06/28/2007   Page 25 of 61

1 | TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
2 | W.H. "HANK" WILLSON (SBN 233321)
3 | SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
4 | San Francisco, California 94104
Tel: (415) 421-7100
5 | Fax: (415) 421-7105
TTY: (415) 421-1665
6
7 | LINDA ROSS (SBN 85563)
LAW OFFICE OF LINDA ROSS
8 | 2204 Union Street
San Francisco, California 94123
9 | Tel: (415) 563-2400

10 | SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
11 | 369 Pine Street, Suite 610
12 | San Francisco, California 94104
Tel: (415) 732-0282
13 | Fax: (415) 732-0287

RICHARD E. BRANDT (SBN 44893)
MARCIA L. AUGSBURGER (SBN 14686)
JOHN C.J. BARNES (216694)
McDONOUGH HOLLAND & ALLEN PC
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Tel: (916) 444-3900
Fax: (916) 444-8989

Attorneys for Defendant Sutter Health

14 | Attorneys for Plaintiff and the Proposed Class

16 | **SUPERIOR COURT OF CALIFORNIA**

17 | **COUNTY OF ALAMEDA**

19 | MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,

Plaintiffs,

vs.

SUTTER HEALTH, and DOES 1 through 25, inclusive,

Defendants.

Case No. RG05221764

**PROPOSED ORDER APPROVING JOINT STIPULATION AND REQUEST FOR EXTENSION OF TIME FOR FILING OF PLAINTIFF'S AMENDED COMPLAINT AND DEFENDANT'S RESPONSIVE PLEADING**

Department: 22
Judge: The Hon. Ronald M. Sabraw

SCHNEIDER
& WALLACE

PROPOSED ORDER APPROVING JOINT STIPULATION AND REQUEST FOR EXTENSION OF TIME
Campbell v. Sutter Health, et al., Case No. RG05221764

1    **PROPOSED ORDER**

2        Based on the Joint Stipulation of the parties filed herewith, the Court hereby makes the

3    following ORDERS:

4        1.  Plaintiff to file a First Amended Complaint on or before December 16, 2005.

5        2.  Defendant to file a responsive pleading on or before January 13, 2005.

6        3.  The Court sets the next Case Management Conference for _____, at

7        _____.

8

9        IT IS SO ORDERED.

10

11   Date: December 9, 2005

12                              The Honorable Ronald. M. Sabraw

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

PROPOSED ORDER APPROVING JOINT STIPULATION AND REQUEST FOR EXTENSION OF TIME
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

1

1                 **PROOF OF SERVICE**

2                Sections 1013(a), 2015.5 C.C.P.

3                *Campbel et al. v. Sutter Health,*

4         *Alameda Superior Court Case No.: RG04190588*

5     I am a citizen of the United States and am employed in the County of San Francisco.  I am

6 over the age of eighteen years and not a party to the within entitled action.  My business address is

7 180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8     On December 9, 2005, I served the following:

9     1.  **Joint Stipulation and Request for Extension of Time for Filing of Plaintiff's**

10        **Amended Complaint and Defendant's Responsive Pleading; and**

11     2.  **Proposed Order**

12 on the parties by placing true copies in a sealed envelope, postage fully prepaid, for deposit in the

13 United States Mail at San Francisco, California, addressed as follows:

14                 Richard Brandt              Linda Ross

15                Marcia Augsburger        Law Offices of Linda Ross
                 John Barnes               2204 Union Street

16          McDonough Holland & Allen PC     San Francisco, CA 94123
             555 Capitol Mall, 9th Floor

17              Sacramento, CA  94814-4692

18                 Scott Kalkin

19              Roboostoff & Kalkin
             369 Pine Street, Suite 610

20              San Francisco, CA 94104

21     I declare under penalty of perjury under the laws of the State of California that the foregoing

22 is true and correct and that this Declaration is executed on December 9, 2005, at San Francisco,

23 California.

24

25                                       *(signature)*

26                                 SALLY MENDEZ

27

28

                                     - 1 -

SCHNEIDER
& WALLACE

                                 PROOF OF SERVICE

**29**

1   TODD M. SCHNEIDER (SBN 158253)
    JOSHUA KONECKY (SBN 182897)
2   W.H. "HANK" WILLSON (SBN 233321)
    SCHNEIDER & WALLACE
3   180 Montgomery Street, Suite 2000
    San Francisco, California 94104
4   Tel: (415) 421-7100
    Fax: (415) 421-7105
5   TTY: (415) 421-1665
6
    LINDA ROSS (SBN 85563)
7   LAW OFFICE OF LINDA ROSS
    2204 Union Street
8   San Francisco, California 94123
    Tel: (415) 563-2400
9
10  SCOTT KALKIN (SBN 120791)
    ROBOOSTOFF & KALKIN, PLC
11  369 Pine Street, Suite 610
    San Francisco, California 94104
12  Tel: (415) 732-0282
    Fax: (415) 732-0287
13
14  Attorneys for Plaintiff and the Proposed Class

15

16                  SUPERIOR COURT OF CALIFORNIA

17                      COUNTY OF ALAMEDA

18

19  MELINDA CAMPBELL, on her own behalf,        Case No. RG05221764
    and on behalf of all others similarly situated,
20                                              FIRST AMENDED CLASS ACTION
             Plaintiffs,                        COMPLAINT FOR MALICIOUS
21                                              PROSECUTION, ABUSE OF PROCESS,
       vs.                                      UNFAIR BUSINESS PRACTICES, AND
22                                              DECLARATORY RELIEF
    SUTTER HEALTH, and DOES 1 through 25,
23  inclusive,                                  DEMAND FOR A JURY TRIAL

24           Defendants.                        COMPLEX CASE; CLASS ACTION

25

26

27       Plaintiff Melinda Campbell ("Plaintiff"), on behalf of herself and all others similarly

28  situated, complains and alleges as follows:

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

1

**INTRODUCTION**

1.     This is a class action against Sutter Health ("Sutter Health" or "Defendant") to challenge its unlawful policy and practice of engaging in "balance billing" against consumers who receive services from Sutter Health facilities. Sutter Health's unlawful policy and practice has deprived countless medical consumers throughout California of money that is rightfully theirs.

2.     Sutter Health's policy and practice of balance billing involves Sutter Health asserting a lien against the tort recovery of a person who is injured and receives services from a Sutter Health facility. Sutter Health has unlawfully asserted this type of lien against the recovery of numerous persons whose debt to Sutter Health has been extinguished (or has continued to assert the lien after the underlying debt has been extinguished), either through payment by an insurance provider, through bankruptcy, or through any other means. Sutter Health asserts the lien for the difference between any amount that has been paid and the amount that Sutter Health unilaterally and arbitrarily considers to be its "customary" charge for the services, despite the fact that the person's debt has been extinguished. Thus, any attempt by Sutter Health to recoup its "customary" charges is unlawful.

3.     In addition, Sutter Health adds interest charges to the amounts of the unlawfully asserted liens described above. These interest charges serve to increase the amount of the unlawfully asserted lien, despite the fact that any debt between Sutter Health and the consumer has been extinguished.

4.     Sutter Health's actions constitute malicious prosecution, because Sutter Health asserted its impermissible liens with knowledge that the liens were not based on underlying debts between Sutter Health and Plaintiff or other Class members and, thus, were impermissible and illegal. Because the liens were asserted (or continued to be asserted) despite the fact that any debts between Sutter Health and Plaintiff or other members of the Class were extinguished, the liens and any interest thereon were null and void at their assertion, and, thus, have been terminated in favor of Plaintiff and the Class.

5.     Sutter Health's actions constitute abuse of process, because by asserting (or continuing to assert) its impermissible liens against Plaintiff and the Class, Sutter Health has made

SCHNEIDER & WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL. *CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

2

1  willful use of the judicial process for an improper purpose; that is, to collect monies it is not
2  entitled to under California law even though no underlying debts existed between Sutter Health
3  and Plaintiff or other members of the Class.

4    6.    As a result of Sutter Health's malicious prosecution and/or abuse of process, Sutter
5  Health has engaged in conversion of the property of Plaintiff and the Class and/or trespass to the
6  chattel of Plaintiff and the Class, as well as fraudulent and negligent misrepresentation regarding
7  Plaintiff and the Class.

8    7.    Plaintiff and the Class also seek declaratory relief to the effect that the liens asserted
9  against them, and/or any interest thereon, by Sutter Health were null and void at their assertion (or
10  when they continued to be asserted after the underlying debt was extinguished), because any
11  underlying debts between Sutter Health and Plaintiff or other members of the Class had been
12  extinguished by insurance payment, bankruptcy, or any other means.

13    8.    Plaintiff brings this action as a class action under California Code of Civil Procedure
14  §382 on behalf of herself and all other persons (the "Class") who received services performed by a
15  Sutter Health facility, whose debt to Sutter Health was extinguished by any means, and against
16  whose recovery for their injuries Sutter Health unlawfully asserted a lien as previously described.

17    9.    Plaintiff seeks full compensation on behalf of herself and all others similarly situated
18  for all amounts unlawfully recovered by Sutter Health, and all other compensatory damages.
19  Plaintiff seeks punitive damages on behalf of herself and the Class for Sutter Health's unlawful
20  policies and practices. Plaintiff also seeks declaratory and injunctive relief, including restitution.
21  Finally, Plaintiff seeks reasonable attorneys' fees and costs under Code of Civil Procedure
22  §1021.5.

23                                    **PARTIES**

24    10.    Plaintiff Melinda Campbell is a resident of San Jose, California.

25    11.    Defendant Sutter Health is, and at all times has been, a provider of medical services
26  in California. Sutter Health has its headquarters in Sacramento, California, and has hospitals and
27  locations in twenty (20) counties in northern California, including Alameda County. Sutter Health
28  owns 26 hospitals, and employs over 42,500 people in California.

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

3

1         12.    At all relevant times, Sutter Health has done business under the laws of California,

2    has had places of business in California, including in this judicial district, and has asserted liens

3    against Class members in this judicial district. Sutter Health is a "person" as defined in California

4    Business and Professions Code §17201.

5         13.    Plaintiff does not know the true names and capacities of Defendants sued herein as

6    DOES 1-25, and therefore sues these Defendants by fictitious names. Plaintiff will amend her

7    complaint to state the true names and capacities when ascertained. Plaintiff is informed and

8    believes and thereon alleges that each of the fictitiously named Defendants is responsible in some

9    manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter

10    set forth were proximately caused by said Defendants.

11         14.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

12    acted in concert with each and every other Defendant, intended to and did participate in the events,

13    acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and

14    injury thereby to Plaintiff as alleged herein.

15         15.    At all times herein mentioned, each Defendant was the agent or employee of each of

16    the other Defendants and was acting within the course and scope of such agency or employment.

17         16.    Throughout this Complaint, any reference to "Sutter Health" and "Defendant" are

18    intended to refer to all Defendants jointly.

19                                 **JURISDICTION**

20         17.    This Court has jurisdiction over the claims of Plaintiff and the Class for violations of

21    the CLRA pursuant to California Civil Code §1780.

22         18.    This Court has jurisdiction over the claims of Plaintiff and the Class for injunctive

23    relief, including restitution of amounts wrongfully collected, which are the money and property of

24    Plaintiff and the Class, arising from Sutter Health's unfair competition under California Business

25    and Professions Code §§17203 and 17204.

26         19.    This Court has jurisdiction at common law over the claims of Plaintiff and the Class

27    for malicious prosecution and abuse of process.

28

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
CAMPBELL V. SUTTER HEALTH, ET AL., Case No. RG05221764
4

1

**VENUE**

2      20.    Venue is proper in this County pursuant to Code of Civil Procedure §395(a).

3   Defendant conducts business, employs Class members, and has offices and locations in this

4   County, and the events complained of occurred in this County.

5

**FACTUAL ALLEGATIONS**

6      21.    Sutter Health has a policy and practice of asserting liens, in the amount of what

7   Sutter Health unilaterally and arbitrarily deems to be the "customary" charge for the cost of

8   services, against the tort recoveries of persons who have received services from Sutter Health

9   facilities, despite the fact that these persons' debts to Sutter Health have been extinguished. This

10  policy and practice of "balance billing," at all relevant times, has been substantially similar, if not

11  identical, throughout the various Sutter Health locations in California.

12      22.    In addition, Sutter Health adds interest charges to the amounts of the impermissible

13  liens described above. These interest charges serve to increase the amount of the unlawfully

14  asserted lien, despite the fact that any debt between Sutter Health and the customer has been

15  extinguished.

16      23.    When Sutter Health asserted its impermissible liens, Sutter Health acted without

17  probable cause and with malice because it lacked, or should have lacked, a reasonable belief in the

18  validity of the liens, and knew, or should have known, that the liens were not based on a legally

19  enforceable underlying debt.

20      24.    Because all debts between Sutter Health and Plaintiff or other members of the Class

21  had been extinguished when Sutter Health asserted its liens (or the debts were extinguished and

22  Sutter Health continued to assert its liens after that time), the liens were null and void, and, thus,

23  were terminated in favor of Plaintiff or other members of the Class.

24      25.    Sutter Health, by asserting its liens against Plaintiff and the Class, makes and

25  continues to make willful use of the judicial process for an improper purpose.

26      26.    Sutter Health had the improper purpose of collecting on its impermissible liens

27  despite the fact that any underlying debts between Sutter Health and Plaintiff or other members of

28  the Class had been extinguished.

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

5

1    27.    In addition, Sutter Health had the improper purpose of seeking to extract settlements

2    from Plaintiff and the Class members, despite the fact that no underlying debts existed upon which

3    the liens validly could be based.

4    28.    The liens asserted by Sutter Health against Plaintiff and the Class are null and void

5    because they are not based on any underlying debt between Sutter Health and Plaintiff and the

6    Class.

7    29.    Sutter Health's unlawful conduct has been widespread and repeated throughout its

8    California locations. Sutter Health knew or should have known that its policies and practices have

9    been unlawful and unfair.

10                                              **CLASS ALLEGATIONS**

11    30.    Plaintiff brings this action on behalf of herself and all others similarly situated

12    pursuant to California Code of Civil Procedure §382. The Class that Plaintiff seeks to represent is

13    defined as follows:

14        All persons who received the services performed by a Sutter Health facility, whose debt to
          Sutter Health was extinguished by any means, and against whose recovery for their injuries
15        Sutter Health asserted a lien, and/or interest thereon, for the payment to Sutter Health for the
          services rendered, at any time on or after four years prior to the date of the filing of this suit.
16
17    31.    This action has been brought and may properly be maintained as a class action under

18    Code of Civil Procedure §382 because there is a well-defined community of interest in the

      litigation and the proposed class is easily ascertainable:
19
20        a.    Numerosity: The potential members of the Class as defined are so numerous

      that joinder of all the members of the Class is impracticable.
21
22        b.    Commonality: There are questions of law and fact common to Plaintiff and

23    the Class that predominate over any questions affecting only individual members of the

      Class. These common questions of law and fact include, without limitation:
24
25            i.    Whether Defendant's policy and practice of "balance billing"

      constitutes abuse of process;
26
27            ii.    Whether Defendant's policy and practice of "balance billing"

      constitutes malicious prosecution;
28

SCHNEIDER
& WALLACE

1         iii.    Whether Plaintiff and the Class are entitled to declaratory relief that

2    the liens, and interest thereon, asserted by Sutter Health are null and void;

3         iv.    Whether Defendant's policy and practice of "balance billing" has

4    been an unlawful, unfair or fraudulent business practice under the UCL.

5         c.    Typicality: Plaintiff's claims are typical of the claims of the Class.

6    Defendant's common course of conduct in violation of law as alleged herein has caused

7    Plaintiff and the Class to sustain the same or similar injuries and damages. Plaintiff's claims

8    are thereby representative of and co-extensive with the claims of the Class.

9         d.    Adequacy of Representation: Plaintiff is a member of the Class, does not

10    have any conflicts of interest with other Class members, and will prosecute the case

11    vigorously on behalf of the Class. Counsel representing Plaintiff are competent and

12    experienced in litigating large employment class actions, including large minimum wage

13    and overtime class actions. Plaintiff will fairly and adequately represent and protect the

14    interests of the Class members.

15         e.    Superiority of Class Action: A class action is superior to other available

16    means for the fair and efficient adjudication of this controversy. Individual joinder of all

17    Class members is not practicable, and questions of law and fact common to the Class

18    predominate over any questions affecting only individual members of the Class. Each Class

19    Member has been damaged and is entitled to recovery by reason of Defendants' illegal

20    policies and/or practices. Class action treatment will allow those similarly situated persons

21    to litigate their claims in the manner that is most efficient and economical for the parties and

22    the judicial system.

23    **FIRST CAUSE OF ACTION**
    **Malicious Prosecution**

24    (Against All Defendants)

25        32.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

26    herein.

27

28

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
CAMPBELL V. SUTTER HEALTH, ET AL., Case No. RG05221764

7

1    33.    Sutter Health asserted liens on the recoveries of Plaintiff and the Class, for an

2    amount deemed by Sutter Health to be "customary" for the services rendered, despite the fact that

3    the debts of Plaintiff and the Class to Sutter Health had been extinguished.

4    34.    Sutter Health's assertion of these impermissible liens constitutes malicious

5    prosecution, because its actions were undertaken without probable cause, with malice, and the liens

6    have been terminated favorably for Plaintiff and the Class.

7    35.    Sutter Health knew, or should have known, that because there existed no debts

8    between Sutter Health and Plaintiff or other members of the Class, its assertion of the liens was

9    impermissible. By asserting the liens, and interest thereon, Sutter Health alleged that it was

10   entitled to debts that it was not owed by Plaintiff or other members of the Class. Thus, Sutter

11   Health asserted its liens without probable cause and with malice. Sutter Health sought a recovery

12   on its liens which bore no resemblance to what it was legally owed, which was nothing.

13   36.    Because Sutter Health asserted the liens after any debts owed to it by Plaintiff and

14   the Class members had been extinguished (or continued to assert the liens after any such debts

15   were extinguished), the liens were and are null and void. As such, the liens have been terminated

16   in the favor of Plaintiff and the Class. In addition, Plaintiff and the Class seek declaratory relief

17   that the liens asserted by Sutter Health are null and void.

18   37.    As a result of Sutter Health's malicious prosecution, Plaintiff, on behalf of herself

19   and the Class, seeks an order of this Court awarding actual damages, an order enjoining Defendant

20   from asserting liens on the recoveries of Plaintiff and the Class, restitution of any money or

21   property wrongfully taken from Plaintiff and the Class, punitive damages, and any other relief that

22   the Court deems proper.

23   38.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

24   39.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

25                        **SECOND CAUSE OF ACTION**
                          **Abuse of Process**
26                        (Against All Defendants)

27   40.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

28   herein.

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

8

1    41.    Sutter Health asserted liens on the recoveries of Plaintiff and the Class, for an

2    amount deemed by Sutter Health to be "customary" for the services rendered, despite the fact that

3    the debts of Plaintiff and the Class to Sutter Health had been extinguished.

4    42.    Sutter Health's assertion of these impermissible liens constitutes an abuse of process,

5    because it is a willful use of the judicial process for an improper purpose. Because Sutter Health

6    knew or should have known that, because no debts existed between Sutter Health and Plaintiff and

7    the Class members, its liens were impermissible, the assertion of the liens was for the improper

8    purpose of collecting on debts not owed to Sutter Health.

9    43.    As a result of Sutter Health's abuse of process, Plaintiff, on behalf of herself and the

10   Class, seeks an order of this Court awarding actual damages, an order enjoining Defendant from

11   asserting liens on the recoveries of Plaintiff and the Class, restitution of any money or property

12   wrongfully taken from Plaintiff and the Class, punitive damages, and any other relief that the Court

13   deems proper.

14   44.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

15   45.    Wherefore, Plaintiff and the Class members request relief as hereinafter provided.

16                          **THIRD CAUSE OF ACTION**
                **Conversion and Trespass to Chattel as a Result of "Balance Billing"**
17                              (Against All Defendants)

18   46.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

19   herein.

20   47.    Sutter Health's assertion of impermissible liens constitutes malicious prosecution,

21   because its actions were undertaken without probable cause, with malice, and the liens have been

22   terminated favorably for Plaintiff and the Class. Sutter Health's assertion of impermissible liens

23   constitutes an abuse of process, because it is a willful use of the judicial process for an improper

24   purpose.

25   48.    As a result of Sutter Health's malicious prosecution and/or abuse of process, Sutter

26   Health intentionally interfered with the property of Plaintiff and the Class such that Sutter Health

27   should be required to pay the full value of the portion of the recovery which Sutter Health took

28   from Plaintiff. Thus, Sutter Health is liable to Plaintiff and the Class for conversion.

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

9

1    49.    As a result of Sutter Health's malicious prosecution and/or abuse of process, Sutter

2  Health intentionally interfered with the use and enjoyment of the personal property of Plaintiff and

3  the Class. Thus, Sutter Health is liable to Plaintiff and the Class for trespass to chattel.

4    50.    As a proximate result of the aforementioned violations, Plaintiff and the Class have

5  been damaged in an amount according to proof at time of trial.

6    51.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

7
**FOURTH CAUSE OF ACTION**
**Fraud and Negligent Misrepresentation in Violation of Civil Code §1709**
8                          (Against All Defendants)

9    52.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

10  herein.

11    53.    Sutter Health's assertion of impermissible liens constitutes malicious prosecution,

12  because its actions were undertaken without probable cause, with malice, and the liens have been

13  terminated favorably for Plaintiff and the Class. Sutter Health's assertion of impermissible liens

14  constitutes an abuse of process, because it is a willful use of the judicial process for an improper

15  purpose.

16    54.    As a result of Sutter Health's malicious prosecution and/or abuse of process, Sutter

17  Health intended to defraud Plaintiff and the Class, and Plaintiff and the Class actually and

18  justifiably relied upon Sutter Health's assertion that it had a right to its "customary" charges for its

19  services. Thus, Sutter Health is liable for the damage its fraudulent misrepresentation caused to

20  Plaintiff and the Class, pursuant to Civil Code §1709.

21    55.    As a result of Sutter Health's malicious prosecution and/or abuse of process, Sutter

22  Health asserted liens against the recoveries of Plaintiff and the Class when Sutter Health had no

23  reasonable ground for believing that it had a right to the liens. Civ. Code §1710. Thus, Sutter

24  Health is liable for the damage its negligent misrepresentation has caused to Plaintiff and the

25  Class, pursuant to Civil Code §1709.

26    56.    As a proximate result of the aforementioned misrepresentations, Defendants have

27  damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but

28  in an amount in excess of the jurisdictional requirements of this Court.

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

10

1    57.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

2    58.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

3
**FIFTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§17200, *et seq.***
4    (Against All Defendants)

5    59.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

6    forth herein.

7    60.    California Business and Professions Code §§17200, *et. seq.* (also referred to herein

8    as the "Unfair Business Practices Act" or "Unfair Competition Law"), prohibits unfair competition

9    in the form of any unlawful, unfair or fraudulent business act or practice.

10    61.    California Business and Professions Code §17204 allows a person injured by the

11    unfair business acts or practices to prosecute a civil action for violation of the UCL.

12    62.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years

13    prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the

14    Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business

15    practices and acts described in this Complaint, including, but not limited to:

16            a.    malicious prosecution;

17            b.    abuse of process;

18            c.    conversion;

19            d.    trespass to chattel;

20            e.    fraudulent misrepresentation pursuant to Cal. Civ. Code §1709; and

21            f.    negligent misrepresentation pursuant to Cal. Civ. Code §1709.

22    63.    The violations of these laws, as well as fundamental California public policies, serve

23    as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200,

24    *et seq.*

25    64.    The acts and practices described above constitute unfair, unlawful and fraudulent

26    business practices, and unfair competition, within the meaning of Business and Professions Code

27    §§17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff and the

28

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764
11

1   Class money rightfully belonging to them, while enabling Sutter Health to gain an unfair

2   competitive advantage over law-abiding competitors.

3        65.    Business and Professions Code §17203 provides that a court may make such orders

4   or judgments as may be necessary to prevent the use or employment by any person of any practice

5   which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent

6   Defendant from repeating its unlawful, unfair and fraudulent business acts and business practices

7   alleged above.

8        66.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

9   and the Class have suffered a loss of money and property, in the form of money that rightfully

10  belongs to them.

11       67.    Business and Professions Code §17203 provides that the Court may restore to any

12  person in interest any money or property which may have been acquired by means of such unfair

13  competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

14  Code §17203 for all money unlawfully taken from them during the four-year period prior to the

15  filing of this Complaint.

16       68.    Plaintiff's success in this action will enforce important rights affecting the public

17  interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.

18  Plaintiff and the Class seek and are entitled to money wrongfully taken from them, declaratory and

19  injunctive relief, and all other equitable remedies owing to them.

20       69.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

21  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

22  public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

23  pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to

24  Code of Civil Procedure §1021.5 and otherwise.

25       70.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

26

27

28

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
CAMPBELL V. SUTTER HEALTH, ET AL., Case No. RG05221764

12

1

## SIXTH CAUSE OF ACTION
**Declaratory Relief that the Liens Asserted by Sutter Health Are Null and Void**
(Against All Defendants)

2

3      71.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

4   herein.

5      72.     Sutter Health asserted liens, and interest thereon, on the recoveries of Plaintiff and

6   the Class, for an amount unilaterally and arbitrarily deemed by Sutter Health to be "customary" for

7   the services rendered, despite the fact that the debts of Plaintiff and the Class to Sutter Health had

8   been extinguished.

9      73.     Because any debts between Sutter Health and Plaintiff and the Class had been

10   extinguished by contract, bankruptcy, or some other means, Sutter Health's liens were null and

11   void at the time they were asserted (or became null and void at the time that the underlying debt

12   between Sutter Health and the class member was extinguished).

13      74.     As a result, Plaintiff seeks declaratory relief declaring Sutter Health's liens, and any

14   interest asserted thereon, against Plaintiff and the Class members to be null and void.

15      75.     Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

16      76.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

17                              **PRAYER FOR RELIEF**

18      Plaintiff prays for relief as follows:

19      1.     For an order certifying this action as a class action under California Code of Civil

20   Procedure §382, as alleged herein, appointing Plaintiff as a Class Representative, and Plaintiff's

21   attorneys as Class Counsel;

22      2.     For a declaratory judgment that Defendant has violated Business and Professions

23   Code §§17200, *et seq.*, as a result of the aforementioned violations;

24      3.     For a declaratory judgment that the liens, and any interest thereon, asserted by Sutter

25   Health against Plaintiff and the Class are null and void;

26      4.     For preliminary, permanent and mandatory injunctive relief prohibiting Defendant,

27   its officers, agents and all those acting in concert with them, from committing in the future those

28   violations of law herein alleged;

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764
13

1      5.    For an equitable accounting to identify, locate and restore to Plaintiff and the Class

2  the money they are due, with interest thereon;

3      6.    For an award of restitution and disgorgement of profits, according to proof, under

4  Business and Professions Code §§17200-17205, with interest thereon;

5      7.    For an order awarding Plaintiff and the Class compensatory damages, including but

6  not limited to amounts for emotional distress, and all other sums of money owed to Plaintiff and

7  the Class, together with interest on these amounts, according to proof;

8      8.    For an order awarding Plaintiff and the Class civil penalties pursuant to the Unfair

9  Business Practices Act, with interest thereon.

10      9.    For an award of punitive damages in an amount sufficient to punish defendants;

11      10.    For an award of reasonable attorneys' fees as provided by California Code of Civil

12  Procedure §1021.5; and/or other applicable law;

13      11.    For all costs of suit; and

14      12.    For such other and further relief as this Court deems just and proper.

15

16  Respectfully submitted,

17  Date: December 16, 2005            SCHNEIDER & WALLACE
                                 LAW OFFICE OF LINDA ROSS

18                                 ROBOOSTOFF & KALKIN, PLC

19

20

21                                 Hank Willson
                                 Counsel for Plaintiff

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*, Case No. RG05221764

14

1      **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3      a jury.

4

5      Respectfully submitted,

6      Date: December 16, 2005                        SCHNEIDER & WALLACE
                                                        LAW OFFICE OF LINDA ROSS
7                                                       ROBOOSTOFF & KALKIN, PLC

8

9

10                                                      Hank Willson
                                                        Counsel for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUTTER HEALTH, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MELINDA CAMPBELL, on her own behalf, and on behalf of all others
similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response.   You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro, en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*  RG05221764 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TODD M. SCHNEIDER  (Bar # 158253)    SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104

Phone No. (415) 421-7100
Fax No. (415) 421-7105

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [New January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*



1 | TODD M. SCHNEIDER (State Bar #158253)
2 | JOSHUA KONECKY (State Bar #182897)
    W.H. "HANK" WILLSON (State Bar #233321)
3 | SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
4 | San Francisco, California 94104
    Tel: (415) 421-7100
5 | Fax: (415) 421-7105
    TTY: (415) 421-1665
6 |
7 | LINDA ROSS (State Bar #85563)
    LAW OFFICE OF LINDA ROSS
8 | 2204 Union Street
    San Francisco, California 94123
9 | Tel: (415) 563-2400
10 |
    SCOTT KALKIN (State Bar #120791)
11 | ROBOOSTOFF & KALKIN, PLC
    369 Pine Street, Suite 610
12 | San Francisco, California 94104
    Tel: (415) 732-0282
13 | Fax: (415) 732-0287
14 | Attorneys for Plaintiffs
15 |
16 | **SUPERIOR COURT OF CALIFORNIA**
17 | **COUNTY OF ALAMEDA**
18 |
19 | MELINDA CAMPBELL, on her own behalf,     Case No. RG05221764
20 | and on behalf of all others similarly situated,
                                             **PROOF OF SERVICE**
21 |          Plaintiffs,
22 |     vs.
23 | SUTTER HEALTH, and DOES 1 through 25,
    inclusive,
24 |          Defendants.
25 |
26 |
27 |
28 |

SCHNEIDER
& WALLACE

1

### PROOF OF SERVICE

2

#### Sections 1013(a), 2015.5 C.C.P.

3

*Campbel et al. v. Sutter Health,*
*Alameda Superior Court Case No.: RG05221764*

4

5      I am a citizen of the United States and am employed in the County of San Francisco.  I am

6   over the age of eighteen years and not a party to the within entitled action.  My business address is

7   180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8      On December 16, 2005, I served the following:

9      **1.  First Amended Class Action Complaint for Malicious Prosecution, Abuse of**

10         **Process, Unfair Business Practices, and Declaratory Relief, and**

11      **2.  First Amended Summons**

12   on the parties by placing true copies thereof for facsimile transmission to the number listed below

13   and in a sealed envelope, postage fully prepaid, for deposit in the United States Mail at San

14   Francisco, California, addressed as follows:

15

Marcia Augsburger
16                         McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
17                         Sacramento, CA 94814-4692
Facsimile: (916) 444-8334
18

19

20      I declare under penalty of perjury under the laws of the State of California that the foregoing

21   is true and correct and that this Declaration is executed on December 16, 2005, at San Francisco,

22   California.

23

24

SALLY MENDEZ
25

26

27

28

SCHNEIDER
& WALLACE

- 2 -

**30**

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law

**FILED**
**ALAMEDA COUNTY**
2006 JAN 13 PM 4:31
CLERK OF THE SUPERIOR COURT
BY
DEPUTY

2   RICHARD E. BRANDT (44893)
    MARCIA L. AUGSBURGER (145686)
3   JOHN C.J. BARNES (216694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax:    916.444.8989

6   Attorneys for Defendant Sutter Health

7

8                 SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,       )   Case No. RG05221764
    and on behalf of all others similarly situated,  )
12                                              )   **NOTICE OF HEARING ON DEMURRER**
                    Plaintiffs,                 )   **BY DEFENDANT SUTTER HEALTH TO**
13                                              )   **PLAINTIFFS' FIRST AMENDED CLASS**
    v.                                          )   **ACTION COMPLAINT FOR MALICIOUS**
14                                              )   **PROSECUTION, ABUSE OF PROCESS,**
    SUTTER HEALTH and DOES 1 through 24,        )   **UNFAIR BUSINESS PRACTICES, AND**
15  inclusive,                                  )   **DECLARATORY RELIEF**
                                                )
16                  Defendants.                 )   Date:   February 9, 2006
                                                )   Time:   1:30 p.m.
17                                              )   Place:  Department 22
                                                )   Judge: Honorable Ronald M. Sabraw
18

19        TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

20        PLEASE TAKE NOTICE that the demurrer served and filed herewith has been set for

21  hearing on February 9, 2006, at 1:30 p.m., or as soon thereafter as counsel can be heard, in

22  Department 22 of this Court, at the Alameda County Superior Court Administration Building, 1221

23  Oak Street, Oakland, California 94612.

24        Pursuant to Appendix E to Chapters 4 and 5 of the Alameda County Local Rules, Department

25  22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by

26  calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days

27  preceding the hearing date.

28  /////

**MHA**
:Donough Holland & Allen PC
Attorneys at Law

1

Notice of Hearing on Demurrer to Amended Complaint

1    The tentative ruling will become the Court's ruling unless, by 4:00 p.m. the court day

2    preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling

3    voice mail system to request argument and to specify the case name, line number, and the issues to

4    be contested.

5    Counsel or unrepresented parties must advise all other counsel and unrepresented parties no

6    later than 4:00 p.m. of his or her decision to appear and of the issues to be argued. Failure to advise

7    the Court, counsel, and any unrepresented parties will preclude counsel from arguing the matter.

8    DATED: January 13, 2006

9                                McDONOUGH HOLLAND & ALLEN PC
                                 Attorneys at Law
10

11                               By: _____
12                                         JOHN C.J. BARNES

13                               Attorneys for Defendant Sutter Health

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Hearing on Demurrer to Amended Complaint

1    CASE TITLE:        Melinda Campbell, et al. v. Sutter Health, et al.

2    COURT/CASE NO:        Alameda County Superior Court No. RG05221764

3                    **PROOF OF SERVICE**

4        I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5    foregoing action.

6        I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so
7    collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

8
    On January 13, 2006, I served the within:
9

10   (1)    Sutter Health's Request for Judicial Notice in Support of Demurrer to Amended
         Complaint; Notice of Hearing on Demurrer by Defendant Sutter Health to
11        Plaintiffs' First Amended Class Action Complaint for Malicious Prosecution,
         Abuse of Process, Unfair Business Practices, and Declaratory Relief; Demurrer
12        by Defendant Sutter Health to Plaintiffs' First Amended Complaint for
         Malicious Prosecution, Abuse of Process, Unfair Business Practices, and
13        Declaratory Relief; Sutter Health's Memorandum of Points and Authorities in
         Support of Demurrer to the First Amended Class Action Complaint for
14        Malicious Prosecution, Abuse of Process, Unfair Business Practices, and
         Declaratory Relief; Sutter Health's Submission of Non-California Authority in
15        Support of Demurrer to Amended Complaint

16
17   ☐    **by mail** on the following party(ies) in said action, in accordance with Code of Civil
         Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
         designated area for outgoing mail, addressed as set forth below. At McDonough
18        Holland & Allen PC, mail placed in that designated area is given the correct amount of
         postage and is deposited that same day, in the ordinary course of business, in a United
19        States mailbox in the City of Sacramento, California.

20
21   ☐    **by personally delivering** a true copy thereof, in accordance with Code of Civil
         Procedure § 1011, to the person(s) and at the address(es) set forth below.

22   ☒    **by overnight delivery** on the following party(ies) in said action, in accordance with
         Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
23        envelope, with delivery fees paid or provided for, and delivering that envelope to an
         overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

24
25   ☐    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
         the following party(ies) at the facsimile number(s) indicated:

26
27
28



Proof of Service                                                    889827v1 09504/0502

1

1

2    Todd M. Schneider                                    Counsel for Plaintiffs
     Joshua Konecky
3    W.H. "Hank" Wilson
     SCHNEIDER & WALLACE
4    180 Montgomery Street, Suite 2000
     San Francisco, CA 94104
5    Telephone: (415) 421-7100
     Facsimile:  (415) 421-7105
6
7    ***Courtesy Copy to:***                             Co-counsel for Plaintiffs

8    Linda Ross
     LAW OFFICE OF LINDA ROSS
9    2204 Union Street
     San Francisco, CA 94123
10   Telephone: (415) 563-2400
     Facsimile:  (415) 931-9981
11
     Scott Kalkin
12   ROBOOSTOFF & KALKIN, PLC
13   369 Pine Street, Suite 610
     San Francisco, CA 94104
14   Telephone: (415) 732-0282
     Facsimile:  (415) 732-0287
15

16   I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct and that this document was executed on January 13, 2006.
17

18                                                   RENEE REEVE

19

20

21

22

23

24

25

26

27

28

**MHA**
Jamorough Holland & Allen PC
Attorneys at Law

Proof of Service                                                          889827v1 09504/0502

**31**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,  )   Case No. RG05221764
    and on behalf of all others similarly situated,  )
12                                        )   DEMURRER BY DEFENDANT SUTTER
                        Plaintiffs,       )   HEALTH TO PLAINTIFFS' FIRST
13                                        )   AMENDED COMPLAINT FOR
    v.                                    )   MALICIOUS PROSECUTION, ABUSE OF
14                                        )   PROCESS, UNFAIR BUSINESS
    SUTTER HEALTH and DOES 1 through 24,  )   PRACTICES, AND DECLARATORY
15  inclusive,                            )   RELIEF
                                          )
16                      Defendants.       )   Date:  February 9, 2006
                                          )   Time:  1:30 p.m.
17                                        )   Place: Department 22
                                          )   Judge: Honorable Ronald M. Sabraw
18

19       Pursuant to Civil Procedure Code sections 430.10(e), 430.10(f), and 430.50(a), Defendant

20  Sutter Health hereby demurs to the First Amended Class Action Complaint for Malicious

21  Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief ("Amended

22  Complaint") filed by Plaintiffs Melinda Campbell, et al. ("Plaintiffs") on the following grounds:

23  **General Demurrer to Entire Complaint**

24       1.    The Amended Complaint must be dismissed because it fails to state facts sufficient to

25  constitute a cause of action.

26  **Demurrer to First Cause of Action**

27       1.    The First Cause of Action, for malicious prosecution, fails to state facts sufficient to

28  constitute a cause of action because the assertion of a lien under the Hospital Lien Act, Civil Code

                                          1

1   section 3045.1 *et seq.* ("HLA"), is not a prior action sufficient to support a malicious prosecution

2   claim.

3       2.    The First Cause of Action fails to state facts sufficient to constitute a cause of action

4   because the Amended Complaint fails to allege any action that terminated in Plaintiffs' favor on the

5   merits.

6       3.    The First Cause of Action fails to state facts sufficient to constitute a cause of action

7   because Sutter Health had probable cause to assert HLA liens.

8       4.    The First Cause of Action fails to state facts sufficient to constitute a cause of action

9   because the Amended Complaint fails to sufficiently allege Sutter Health asserted HLA liens with

10  malice.

11  **Demurrer to Second Cause of Action**

12      5.    The Second Cause of Action, for "abuse of process," is improper and must be stricken

13  because this Court did not grant Plaintiffs leave to amend to state a cause of action for abuse of

14  process.

15      6.    The Second Cause of Action is barred by the litigation privilege set forth in Civil

16  Code § 47(b) and therefore fails to state facts sufficient to constitute a cause of action.

17  **Demurrer to Third Cause of Action**

18      7.    The Third Cause of Action, for "conversion and trespass to chattels," is barred by the

19  litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to

20  constitute a cause of action.

21  **Demurrer to Fourth Cause of Action**

22      8.    The Fourth Cause of Action, for fraud and negligent misrepresentation, is barred by

23  the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to

24  constitute a cause of action.

25  **Demurrer to Fifth Cause of Action**

26      9.    The Fifth Cause of Action, based on Business & Professions Code sections 17200 *et*

27  *seq.*, is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state

28  facts sufficient to constitute a cause of action.

MHA

Donough Holland & Allen PC
Attorneys at Law

1      10.    The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action

2  because it does not allege that Sutter Health violated a discrete federal or state law.

3  **Demurrer to Sixth Cause of Action**

4      11.    The Sixth Cause of Action, for declaratory relief, fails to state facts sufficient to

5  constitute a cause of action because it seeks a declaration concerning communications that occurred

6  in the past.

7      12.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action

8  because it seeks an advisory opinion on a question already answered by *Parnell v. Adventist Health*

9  *Systems/West*, 35 Cal. 4th 595 (2005).

10      13.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action

11  because it does not seek resolution of an actual controversy between the parties.

12      14.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action

13  because it is based on communications that are protected by the litigation privilege.

14      WHEREFORE, defendant Sutter Health prays that its demurrer to the Amended Complaint

15  and each cause of action therein be sustained without leave to amend, that Sutter Health be

16  dismissed from the action, and that the Court award Sutter Health judgment for its costs of suit and

17  attorneys fees pursuant to Civil Code § 1780(d).

18  DATED: January 13, 2006

19                                  McDONOUGH HOLLAND & ALLEN PC

20                                  Attorneys at Law

21

22                                  By: _____

                                         JOHN C.J. BARNES

23                                  Attorneys for Defendant Sutter Health

24

25

26

27

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Demurrer to Amended Complaint

880314v1 00504/0502

1  CASE TITLE:          Melinda Campbell, et al. v. Sutter Health, et al.

2  COURT/CASE NO:       Alameda County Superior Court No. RG05221764

3                        **PROOF OF SERVICE**

4      I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

5

6      I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

7

8

9      On January 13, 2006, I served the within:

10  (1)  Sutter Health's Request for Judicial Notice in Support of Demurrer to Amended Complaint; Notice of Hearing on Demurrer by Defendant Sutter Health to Plaintiffs' First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief; Demurrer by Defendant Sutter Health to Plaintiffs' First Amended Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief; Sutter Health's Memorandum of Points and Authorities in Support of Demurrer to the First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief; Sutter Health's Submission of Non-California Authority in Support of Demurrer to Amended Complaint

16  ☐  **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

20  ☐  **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

22  ☒  **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

25  ☐  **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

26

27

28

**MHA**
Mcdonough Holland & Allen PC
Attorneys at Law

1

Proof of Service

889927v1.09504/0502

1

2    Todd M. Schneider                              Counsel for Plaintiffs
     Joshua Konecky
3    W.H. "Hank" Wilson
     SCHNEIDER & WALLACE
4    180 Montgomery Street, Suite 2000
     San Francisco, CA 94104
5    Telephone: (415) 421-7100
     Facsimile: (415) 421-7105
6
7    ***Courtesy Copy to:***                        Co-counsel for Plaintiffs

8    Linda Ross
     LAW OFFICE OF LINDA ROSS
9    2204 Union Street
     San Francisco, CA 94123
10   Telephone: (415) 563-2400
     Facsimile: (415) 931-9981
11
12   Scott Kalkin
     ROBOOSTOFF & KALKIN, PLC
13   369 Pine Street, Suite 610
     San Francisco, CA 94104
14   Telephone: (415) 732-0282
     Facsimile: (415) 732-0287

15

16   I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct and that this document was executed on January 13, 2006.
17

18   _____
                           RENEE REEVE
19

20

21

22

23

24

25

26

27

28

MHA
Jennough Helland & Allen PC
Attorneys at Law

2

1 | McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
2 | RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER (145686)
3 | JOHN C.J. BARNES (216694)
555 Capitol Mall, 9th Floor
4 | Sacramento, CA 95814
Phone: 916.444.3900
5 | Fax:   916.444.8989

6 | Attorneys for Defendant Sutter Health

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | MELINDA CAMPBELL, on her own behalf,      )   Case No. RG05221764
and on behalf of all others similarly situated,  )
12 |                                           )   **NOTICE OF HEARING ON DEMURRER**
                                            )   **BY DEFENDANT SUTTER HEALTH TO**
              Plaintiffs,                   )   **PLAINTIFFS' FIRST AMENDED CLASS**
13 |                                           )   **ACTION COMPLAINT FOR MALICIOUS**
v.                                          )   **PROSECUTION, ABUSE OF PROCESS,**
14 |                                           )   **UNFAIR BUSINESS PRACTICES, AND**
SUTTER HEALTH and DOES 1 through 24,        )   **DECLARATORY RELIEF**
15 | inclusive,                                 )
                                            )
16 |              Defendants.                  )   Date:  February 9, 2006
                                            )   Time:  1:30 p.m.
17 |                                           )   Place:  Department 22
                                            )   Judge:  Honorable Ronald M. Sabraw
18 |

19 |       TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

20 |       PLEASE TAKE NOTICE that the demurrer served and filed herewith has been set for

21 | hearing on February 9, 2006, at 1:30 p.m., or as soon thereafter as counsel can be heard, in

22 | Department 22 of this Court, at the Alameda County Superior Court Administration Building, 1221

23 | Oak Street, Oakland, California 94612.

24 |       Pursuant to Appendix E to Chapters 4 and 5 of the Alameda County Local Rules, Department

25 | 22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by

26 | calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days

27 | preceding the hearing date.

28 | /////

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

1   The tentative ruling will become the Court's ruling unless, by 4:00 p.m. the court day
2   preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling
3   voice mail system to request argument and to specify the case name, line number, and the issues to
4   be contested.

5   Counsel or unrepresented parties must advise all other counsel and unrepresented parties no
6   later than 4:00 p.m. of his or her decision to appear and of the issues to be argued. Failure to advise
7   the Court, counsel, and any unrepresented parties will preclude counsel from arguing the matter.

8   DATED: January 13, 2006

9                                   McDONOUGH HOLLAND & ALLEN PC
                                     Attorneys at Law

By: _____
         JOHN C.J. BARNES

Attorneys for Defendant Sutter Health

2

1    CASE TITLE:         Melinda Campbell, et al. v. Sutter Health, et al.

2    COURT/CASE NO:      Alameda County Superior Court No. RG05221764

3                        **PROOF OF SERVICE**

4        I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
     Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5    foregoing action.

6        I am readily familiar with the business practice at my place of business for collection and
     processing of correspondence for mailing with the United States Postal Service. Correspondence so
7    collected and processed is deposited with the United States Postal Service that same day in the
     ordinary course of business.
8
         On January 13, 2006, I served the within:
9
     (1)  Sutter Health's Request for Judicial Notice in Support of Demurrer to Amended
10        Complaint; Notice of Hearing on Demurrer by Defendant Sutter Health to
          Plaintiffs' First Amended Class Action Complaint for Malicious Prosecution,
11        Abuse of Process, Unfair Business Practices, and Declaratory Relief; Demurrer
          by Defendant Sutter Health to Plaintiffs' First Amended Complaint for
12        Malicious Prosecution, Abuse of Process, Unfair Business Practices, and
          Declaratory Relief; Sutter Health's Memorandum of Points and Authorities in
13        Support of Demurrer to the First Amended Class Action Complaint for
14        Malicious Prosecution, Abuse of Process, Unfair Business Practices, and
          Declaratory Relief; Sutter Health's Submission of Non-California Authority in
15        Support of Demurrer to Amended Complaint

16
     ☐    **by mail** on the following party(ies) in said action, in accordance with Code of Civil
17        Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
          designated area for outgoing mail, addressed as set forth below. At McDonough
18        Holland & Allen PC, mail placed in that designated area is given the correct amount of
          postage and is deposited that same day, in the ordinary course of business, in a United
19        States mailbox in the City of Sacramento, California.

20
     ☐    **by personally delivering** a true copy thereof, in accordance with Code of Civil
21        Procedure § 1011, to the person(s) and at the address(es) set forth below.

22   ☒    **by overnight delivery** on the following party(ies) in said action, in accordance with
          Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
23        envelope, with delivery fees paid or provided for, and delivering that envelope to an
          overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..
24
     ☐    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
25        the following party(ies) at the facsimile number(s) indicated:

26

27

28

1

2    Todd M. Schneider                          Counsel for Plaintiffs
     Joshua Konecky
3    W.H. "Hank" Wilson
     SCHNEIDER & WALLACE
4    180 Montgomery Street, Suite 2000
     San Francisco, CA 94104
5    Telephone: (415) 421-7100
     Facsimile:  (415) 421-7105
6
     *Courtesy Copy to:*                        Co-counsel for Plaintiffs
7

8    Linda Ross
     LAW OFFICE OF LINDA ROSS
9    2204 Union Street
     San Francisco, CA 94123
10   Telephone: (415) 563-2400
     Facsimile:  (415) 931-9981
11

12   Scott Kalkin
     ROBOOSTOFF & KALKIN, PLC
13   369 Pine Street, Suite 610
     San Francisco, CA 94104
14   Telephone: (415) 732-0282
     Facsimile:  (415) 732-0287

15

16   I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct and that this document was executed on January 13, 2006.
17

18                                              RENEE REEVE

19

20

21

22

23

24

25

26

27

28