**36**

1  TODD M. SCHNEIDER (State Bar #158253)
   JOSHUA KONECKY (State Bar #182897)
2  W.H. "HANK" WILLSON (State Bar #233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6
7  LINDA ROSS (State Bar #85563)
   LAW OFFICE OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400

10 SCOTT KALKIN (State Bar #120791)
11 ROBOOSTOFF & KALKIN, PLC
   369 Pine Street, Suite 610
12 San Francisco, California 94104
   Tel: (415) 732-0282
13 Fax: (415) 732-0287

14 Attorneys for Plaintiffs

15

16                    SUPERIOR COURT OF CALIFORNIA

17                         COUNTY OF ALAMEDA

18

19 | MELINDA CAMPBELL, on her own behalf,      | Case No. RG05221764
   | and on behalf of all others similarly situated, |
20 |                                           | **PLAINTIFF'S OPPOSITION TO**
   |              Plaintiffs,                   | **DEFENDANT'S REQUEST FOR**
21 |                                           | **JUDICIAL NOTICE**
   |        vs.                                |
22 |                                           | Date: February 9, 2006
   | SUTTER HEALTH, and DOES 1 through 25,     | Time: 1:30 pm
23 | inclusive,                                | Department: 22
   |                                           | Judge: The Honorable Ronald M. Sabraw
24 |              Defendants.                  |

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

1    Pursuant to California Evidence Code §455(a), because the items Defendant wishes to be

2    noticed are improper for judicial notice, Plaintiff hereby opposes Defendant's Request for Judicial

3    Notice:

4    Plaintiff opposes Defendant's Request for Judicial Notice, and respectfully requests that this

5    Court not take judicial notice of the unpublished order, complaint and brief of which Defendant

6    seeks notice. California Rule of Court (CRC) 977 states: "an opinion...that is not certified for

7    publication or ordered published *must not* be cited or relied on by a court or a party in any other

8    action." (Emphasis added.) Because the order in *Tweedy v. NCO Financial Systems, Inc.* is

9    unpublished, it must not be cited or relied upon.

10    In addition, the opinion in *Tweedy* was decided before the California Supreme Court's

11    opinion in *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595, which confirmed that

12    Defendant's balance billing practices are unlawful. *Tweedy* merely tracks the reasoning of the

13    court in *Swanson v. St. John's Regional Medical Center* (2002) 97 Cal.App.4th 245, which, as

14    shown in Plaintiff's Opposition to Defendant's Demurrer, is inapplicable to this case. In addition,

15    the court in *Tweedy* ignores the opinion of the Court of Appeal in *Nishihama v. City and County of*

16    *San Francisco* (2001) 93 Cal.App.4th 298, which stated that a hospital's "lien rights do not extend

17    beyond the amount it agreed to receive from [the plaintiff's insurer] as payment in full for services

18    provided to plaintiff." (*Id.* at 307.)

19    Finally, pleadings and briefs filed by an unrelated party in an unrelated case are not proper

20    for judicial notice here. The complaint and brief of which Defendant seeks notice have nothing to

21    do with the facts of this case, and have no precedential or evidentiary value in this case. This case

22    should be evaluated on its facts, and in light of Plaintiff's allegations.

23

24    Respectfully Submitted,

25    Date: January 27, 2006               SCHNEIDER & WALLACE

26

27    _____

28    Hank Willson
     Counsel for Plaintiff

SCHNEIDER
& WALLACE

37

1  TODD M. SCHNEIDER (State Bar #158253)
   JOSHUA KONECKY (State Bar #182897)
2  W.H. "HANK" WILLSON (State Bar #233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6

7  LINDA ROSS (State Bar #85563)
   LAW OFFICE OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400

10 SCOTT KALKIN (State Bar #120791)
11 ROBOOSTOFF & KALKIN, PLC
   369 Pine Street, Suite 610
12 San Francisco, California 94104
   Tel: (415) 732-0282
13 Fax: (415) 732-0287

14 Attorneys for Plaintiffs

15

16                  SUPERIOR COURT OF CALIFORNIA

17                       COUNTY OF ALAMEDA

18

19 MELINDA CAMPBELL, on her own behalf,       Case No. RG05221764
   and on behalf of all others similarly situated,
20                                             **PROOF OF SERVICE**
            Plaintiffs,
21
        vs.
22
   SUTTER HEALTH, and DOES 1 through 25,
23 inclusive,

24          Defendants.

25

26

27

28

SCHNEIDER                   PROOF OF SERVICE
& WALLACE

1    **PROOF OF SERVICE**

2    **Sections 1013(a), 2015.5 C.C.P.**

3    *Campbel et al. v. Sutter Health,*
     *Alameda Superior Court Case No.: RG05221764*
4

5    I am a citizen of the United States and am employed in the County of San Francisco. I am

6    over the age of eighteen years and not a party to the within entitled action. My business address is

7    180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8    On January 27, 2006, I served the following:

9    1.  **Plaintiff's Opposition to Defendant's Request for Judicial Notice; and**

10   2.  **Plaintiff's Opposition to Defendant's Demurrer to Plaintiff's First Amended**

11   **Complaint**

12   on the parties by placing true copies thereof for facsimile transmission to the number listed below

13   and in a sealed envelope, postage fully prepaid, for deposit in the United States Mail at San

14   Francisco, California, addressed as follows:

15
                              Marcia Augsburger
16                         McDonough Holland & Allen PC
                            555 Capitol Mall, 9th Floor
17                          Sacramento, CA 94814-4692
                            Facsimile: (916) 444-8334
18

19

20   I declare under penalty of perjury under the laws of the State of California that the foregoing

21   is true and correct and that this Declaration is executed on January 27, 2006, at San Francisco,

22   California.

23

24                                                    _____
                                                      SALLY MENDEZ
25

26

27

28

SCHNEIDER                                - 2 -
& WALLACE
                              PROOF OF SERVICE

**38**

1  TODD M. SCHNEIDER (SBN 158253)          RICHARD E. BRANDT (SBN 44893)
   JOSHUA KONECKY (SBN 182897)             MARCIA L. AUGSBURGER (SBN 14686)
2  W.H. "HANK" WILLSON (SBN 233321)        JOHN C.J. BARNES (216694)
   SCHNEIDER & WALLACE                     McDONOUGH HOLLAND & ALLEN PC
3  180 Montgomery Street, Suite 2000       555 Capitol Mall, 9th Floor
   San Francisco, California 94104         Sacramento, CA 95814
4  Tel: (415) 421-7100                     Tel: (916) 444-3900
   Fax: (415) 421-7105                     Fax: (916) 444-8989
5  TTY: (415) 421-1665
6                                          Attorneys for Defendant Sutter Health
7  LINDA ROSS (SBN 85563)
   LAW OFFICE OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400

10 SCOTT KALKIN (SBN 120791)
   ROBOOSTOFF & KALKIN, PLC
11 369 Pine Street, Suite 610
   San Francisco, California 94104
12 Tel: (415) 732-0282
13 Fax: (415) 732-0287                     **RECEIVED**

14 Attorneys for Plaintiff and the Proposed Class    FEB 02 2006

15                                                    **M.H. & A.**

16              SUPERIOR COURT OF CALIFORNIA

17                 COUNTY OF ALAMEDA

18

19 MELINDA CAMPBELL, on her own behalf,    Case No. RG05221764
   and on behalf of all others similarly situated,
20                                          **JOINT STIPULATION AND REQUEST**
             Plaintiffs,                    **REGARDING PLAINTIFF'S FILING OF**
21                                          **OPPOSITION TO DEFENDANT'S**
       vs.                                  **DEMURRER**
22
   SUTTER HEALTH, and DOES 1 through 25,
23 inclusive,                               Date: February 9, 2006
                                            Time: 1:30 pm
24           Defendants.                    Department: 22
                                            Judge: The Honorable Ronald M. Sabraw
25

26

27

28

SCHNEIDER
& WALLACE

JOINT STIPULATION AND REQUEST REGARDING P'S FILING OF OPPOSITION TO D'S DEMURRER
Campbell v. Sutter Health, et al., Case No. RG05221764

1 | **STIPULATION AND REQUEST**

2 |     The parties stipulate and request that Plaintiff be permitted to file her Opposition to

3 | Defendant's Demurrer to Plaintiff's First Amended Complaint (and accompanying Opposition to

4 | Defendant's Request for Judicial Notice), set for hearing on February 9, 2006, on January 30,

5 | 2006. The parties do not request that the date for the filing of Defendant's reply brief, or the date

6 | of the hearing, be changed.

7 |

8 | Respectfully Submitted,

9 | Date: January 27, 2006

10 | SCHNEIDER & WALLACE
LAW OFFICE OF LINDA ROSS
ROBOOSTOFF & KALKIN, PLC

11 |

12 |

13 | Hank Willson
Counsel for Plaintiff

14 |

15 | McDONOUGH HOLLAND & ALLEN PC

16 |

17 | John C.J. Barnes
Counsel for Defendant Sutter Health

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

SCHNEIDER
& WALLACE

JOINT STIPULATION AND REQUEST REGARDING P'S FILING OF OPPOSITION TO D'S DEMURRER
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

1

1

**PROOF OF SERVICE**

2

**Sections 1013(a), 2015.5 C.C.P.**

3

*Campbel et al. v. Sutter Health,*

4

*Alameda Superior Court Case No.: RG04190588*

5        I am a citizen of the United States and am employed in the County of San Francisco. I am

6   over the age of eighteen years and not a party to the within entitled action. My business address is

7   180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8        On January 30, 2006, I served the following:

9        **1. Joint Stipulation and Request Regarding Plaintiff's Filing of Opposition to**

10           **Defendant's Demurrer**

11   on the parties by placing true copies in a sealed envelope, postage fully prepaid, for deposit in the

12   United States Mail at San Francisco, California, addressed as follows:

13 |  |  |
|---|---|
| Richard Brandt | Linda Ross |
| Marcia Augsburger | Law Offices of Linda Ross |
| John Barnes | 2204 Union Street |
| McDonough Holland & Allen PC | San Francisco, CA 94123 |
| 555 Capitol Mall, 9th Floor |  |
| Sacramento, CA 94814-4692 |  |

17           Scott Kalkin
            Roboostoff & Kalkin
18           369 Pine Street, Suite 610
            San Francisco, CA 94104
19

20        I declare under penalty of perjury under the laws of the State of California that the foregoing

21   is true and correct and that this Declaration is executed on January 30, 2006, at San Francisco,

22   California.

23

24

25                                                SALLY MENDEZ

26

27

28

- 1 -

SCHNEIDER
& WALLACE

39

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (44893)
MARCIA L. AUGSBURGER (145686)
JOHN C.J. BARNES (216694)
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax: 916.444.8989

Attorneys for Defendant Sutter Health

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH and DOES 1 through 24, inclusive,<br><br>Defendants. | Case No. RG05221764<br><br>**SUTTER HEALTH'S REPLY BRIEF IN SUPPORT OF DEMURRER TO THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     February 9, 2006<br>Time:     1:30 p.m.<br>Place:    Department 22<br>Honorable Ronald M. Sabraw<br>Trial Date:    None<br>Complaint Filed:    July 8, 2005 |

I.   **SUMMARY OF CRITICAL ARGUMENTS ON REPLY TO DEMURER OPPOSITION**

Plaintiffs' opposition confirms that the Amended Complaint fails to allege any of the required elements of a malicious prosecution claim. Plaintiffs cite nothing in the Amended Complaint to support an allegation that Sutter Health filed any prior, independent actions, without probable cause, and with malice, that terminated in Plaintiffs' favor. Plaintiffs acknowledge that they want this Court to rule now that the liens were null and void and thus **should** have terminated in Plaintiffs' favor.

The opposition states the alleged wrong was the service or assertion of hospital lien notices. Under the HLA, hospital lien notices merely preserve hospitals' potential lien rights. Cal. Civ. Code §§ 3045.1, 3045.3, 3045.4. The notices do not create liens. *See Parnell v. Adventist Health System/West*, 35 Cal. 4th 595, 602 (2005). The HLA creates a "statutory nonpossessory lien" if an underlying debt is owed. *Id.* at 602-12. As the *Parnell* Court explained: "[A] lien under the HLA is simply a **legal claim** upon the property of another in satisfaction of a debt owed by a patient for medical services provided by the lien claimant." *Id.* **A claim is not an action.** At most, a lien notice is a representation that the hospital has statutory lien rights, but it is not an action.

Actions that may arise from service of hospital lien notices include: (1) an action by the hospital to enforce the lien against the tortfeasor or other party who made payment to the patient, pursuant to Civil Code section 3045.4; and (2) a declaratory relief claim by the patient or tortfeasor against the hospital before the lien is paid to determine whether the hospital has statutory lien rights. Plaintiffs do not allege that any prior actions terminated in their favor. They may not pursue a declaratory judgment now, when the liens have already been paid, because the relief they seek is retrospective and claims for declaratory relief must relate to an existing or future controversy.

Plaintiffs' true complaint is that Sutter Health accepted payment on lien claims where there was no underlying debt. A malicious prosecution action cannot be based on the defendant's mere acceptance of payment. It requires that the defendant have filed some adversarial action "having a procedural life of its own." Zamos v. Stroud, 32 Cal. 4th 958, 965 (2004). Accepting payment on claims is not such an action, nor is asserting an HLA lien. An HLA lien has "the same characteristics as a typical lien." Parnell, 35 Cal. 4th at 603. As a matter of law, a lien is a

1   subsidiary procedural matter that will not support a claim of malicious prosecution.  *Adams v.*

2   *Superior Court*, 2 Cal. App. 4th 521, 528 (1992). Therefore, an HLA lien is a subsidiary procedural

3   action that will not support a malicious prosecution claim.

4       For the same reason, Plaintiffs' abuse of process claim fails, and it is barred by the litigation

5   privilege in any event.  Abuse of process requires allegations showing use of the judicial process for

6   an unintended purpose.  Hospital lien notices are not asserted in a judicial process.

7       Accordingly, all of Plaintiffs' causes of action fail and the Amended Complaint must be

8   dismissed with prejudice.

9   **A.    The Amended Complaint Does Not Plead A Prior Action, As Required To State A Malicious Prosecution Claim.**

10      Plaintiffs base their complaint exclusively on the subsidiary "assertion" of liens against their

11  tort recovery, not on any action to hold them liable.[1]  **Hospital liens are not asserted against**

12  **patients nor filed in court.** Cal. Civ. Code § 3045.3. *Parnell*, 35 Cal. 4th at 601-02. Liens do not

13  take the form of a complaint. *Id.* A lien notice merely provides notice of the amount of charges the

14  hospital deems reasonable and necessary, i.e., notice of a **claim.** *Parnell*, 35 Cal. 4th at 606-07. No

15  summons issues and no party files an answer or demurrer to the lien. *Id.* at § 3045.1 *et seq.* Indeed,

16  the assertion of a hospital lien has absolutely no procedural effect on the injured parties' case.

17  Timely service of the lien notice merely preserves a lien right that may not ever be satisfied. If the

18  patient recovers nothing from the tortfeasor, the hospital collects nothing. *Id.* at §§ 3045.2, 3045.4.

19  If the patient is successful, the hospital may only recover up to 50% of the judgment, compromise or

20  settlement after prior liens are paid. *Id.* at § 3045.2. Thus, hospital liens are completely dependent

21  on the outcome of the patient's complaint against the tortfeasor. *Id.* at §§ 3045.1, 3045.2, 3045.4.

22      Because assertion of a hospital lien is a dependent subsidiary procedural act, it cannot

23  support a malicious prosecution claim. *See e.g., Chauncey v. Niems*, 182 Cal. App. 3d 967, 974

24  (1986) (proceedings that depend on other proceedings do not support malicious prosecution claims);

25  *Adams*, 2 Cal. App. 4th at 528 ("[S]ubsidiary procedural actions within a lawsuit such as an

26  application for a restraining order **or for a lien** will not support a claim of malicious prosecution.").

27  
---
[1] Opp. 3:10-18, 4:6-9, 8:23-25, 9:4-7, 15-23 ("[T]here will be a favorable judgment for Plaintiff and the class if and
28  when this Court rules on Plaintiff's request for classwide declaratory relief that the liens at issue are null and void.").

MHA
*Kenzaugh Holland & Allen pc*
*Attorneys at Law*

It is not a "'full-blown' .... independent, separate, adversarial action, involving the expense and trauma of preparing a response, and having a procedural life of its own." *Zamos*, 32 Cal. 4th at 965.[2] Civil Code section 3045.4 describes the hospital's right to file an action based on non-payment of the lien. *Nishihama v. City and County of San Francisco*, 93 Cal. App. 4th 298, 309 (2001). *See also Parnell*, 35 Cal. 4th at 601-02. Plaintiffs do not allege that any such actions were filed or that Plaintiffs or anyone who paid judgments or settlements were ever sued for nonpayment of the liens.

Nonetheless, Plaintiffs urge this Court to consider the assertion of liens to be "ancillary proceedings" sufficient to support a malicious prosecution claim.[3] Toward this end, Plaintiffs submit that because the effect of a legally untenable will contest "is ... to infringe on the interest of the will's proponent in freedom from unjustifiable and unreasonable litigation," the assertion of liens should also be considered "ancillary proceedings." Again, Plaintiffs allege the wrongdoing was assertion of the liens, not litigation, let alone "unjustifiable and unreasonable litigation" against them. In any event, will contests are adversarial actions, unlike hospital liens. Will contests are initiated by filing pleadings **with the court** in the form of a **civil complaint**. *Crowley v. Katleman*, 8 Cal. 4th 666, 691 (1993) (citing Cal. Prob. Code § 8250). The clerk **issues a summons** directing the will's proponent to file a responsive pleading. *Id.* The proponent, in turn, may **answer or demur** to the complaint. *Id.* The proponent and objector are then entitled to a **jury trial on the merits.** *Twyford v. Twyford*, 63 Cal. App. 3d 916, 922 (1976). Once filed, the will contest "has the effect of injecting new factual and legal issues into the probate process, and of placing on the will's proponent the burden of mounting a defense to those issues." *Id.* at 692.[4] Thus, a will contest is a "Civil Action" under Code of Civil Procedure section 307 *et seq.* A lien is not.[5]

---

[2] *See also Adams*, 2 Cal. App. 4th at 528; *Sierra Club Foundation*, 72 Cal. App. 4th 1135, 1152 (1959); *Sheldon Appel Co. v Albert & Oliker*, 47 Cal. 3d 863, 872 (1989); *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 498-499 (1998).

[3] Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant's Demurrer To Plaintiff's First Amended Complaint ("Opp.") 4:15-17.

[4] Indeed, the filing of a will contest changes the overall posture of the case: "[T]he filing of such a contest can dramatically transform the probate of a will from a routine ex parte procedure often conducted by simple affidavit (Prob. Code, § 8220. subds. (a) & (b)), into sharply adversarial and hotly contested litigation, necessitating lengthy and expensive discovery and trial." *Id.*

[5] Plaintiffs also attempt to compare the assertion of hospital liens to the filing of cross-complaints and the institution of special insanity proceedings. Opp. 4:15-17, citing *Twyford*, 63 Cal. App. 3d at 921-922 (filing of request for admissions is dependent and not sufficient "action" to support malicious prosecution claim). However, unlike a lien, a cross-complaint creates an action distinct and separate from the original complaint. *Bertero v. National General Corp.*, 13 Cal.

**B.    A Malicious Prosecution Claim Based on a Hospital Lien Requires a Termination of an Action Favorable to the Plaintiff Even If the Lien was not Valid.**

Plaintiffs concede they did not challenge the validity of Sutter Health's liens to legal termination in their favor. Opp. 9:15-23. They argue invalidity of the liens is the same as favorable termination, but acknowledge that the Amended Complaint **requires this Court to rule "that the liens were null and void, and thus terminated in favor of Plaintiff and the Class."** Opp. 3:10-18, 4:6-9, 8:23-25,[6] 9:4-7, 15-23.[7] **This unequivocally confirms that according to Plaintiffs' Amended Complaint no court has determined in a prior action that the liens were null and void.** Thus, Plaintiffs have not stated a claim for malicious prosecution. *Zamos*, 32 Cal. 4th at 965.

Invalidity of the liens is no substitute for favorable termination. *See, e.g., Crowley*, 8 Cal. 4th at 686. As the *Crowley* court explained, whether a prior action was **legally tenable** goes to the issue of whether the plaintiff in the prior action had **probable cause**, not to whether the action terminated favorably to the defendant in the prior action. *Id*. The **favorable termination requirement** goes to whether the defendant in the prior action was **finally determined to be innocent.** *Id*. These two elements, the malicious prosecution defendant's lack of probable cause and favorable termination in favor of the plaintiff, "serve different purposes, and the **legal tenability of the underlying action is not the standard by which to judge whether the action was terminated in [plaintiff's] favor.**'" *Id*. (Quoting *Warren v. Wasserman, Comden & Casselman*, 20 Cal. App. 3d 1297, 1303 (1990) (emphasis added)). In *Warren*, a law firm filed a cross-claim that

---

3d 43, 52 (1974). The cross-defendant becomes, for procedural purposes, a defendant. *Id*. Dismissal of the original complaint does not affect the independent existence of the cross-complaint. *Id*. The same is true for special insanity proceedings. *Twyford*, 63 Cal. App. 3d at 922. Even when initiated with other litigation, insanity proceedings are independent and do not depend upon other litigation for its prosecution. *Id.*, citing Cal. Welf. & Inst. Code § 5201 *et seq.*

[6] "[T]here will be a favorable judgment for Plaintiff and the class if and when this Court rules on Plaintiff's request for classwide declaratory relief that the liens at issue are null and void."

[7] Plaintiffs also attempt to support their argument by mischaracterizing an argument Sutter Health made on page 15 of its initial brief. Opp. 9:2-4. The portion of Sutter Health's brief Plaintiffs cite stated: "[I]t appears that Plaintiffs seek a declaration that HLA liens that were based on extinguished debts are null and void. This is an improper request for an advisory opinion, as *Parnell* has already answered the question definitively. *Parnell*, 35 Cal. 4th at 609." This means that if Plaintiffs' Amended Complaint does not request this Court to determine the validity of each lien, then all the declaratory relief action seeks is an opinion that if an HLA lien is based on an extinguished debt, then it is null and void. That question has been answered by *Parnell*, but not the question of whether the liens at issue in this case were in fact based on extinguished debts. That question has never been determined, according to the Amended Complaint and Plaintiffs' Opposition. Therefore, no malicious prosecution action may be brought at this time.

Sutter Health's Reply In Support of Demurrer to First Amended Complaint                   894350v7 09504/0502

was later dismissed because the statute of limitations had run. *Warren*, 20 Cal. App. 3d at 1299. The cross-defendant then filed a complaint for malicious prosecution against the law firm, arguing it had satisfied the favorable termination element because an action that was barred by the statute of limitations was not "legally tenable." *Id.* at 1300, 1303. The court disagreed, explaining that the malicious prosecution plaintiff had confused the elements of probable cause and favorable termination and holding that lack of legal tenability does not satisfy the favorable termination requirement. *Id.* at 1302-04. Thus, even if the liens at issue here were "null and void" when they were asserted, the Amended Complaint does not plead termination in Plaintiffs' favor. *See id.*

Plaintiffs also ask the court to do away with the favorable termination element, arguing that forcing them to obtain such terminations would be an "utter waste." Opp. 9:19-21. On the contrary, without the requirement, all defendants in all civil cases could sue plaintiffs for malicious prosecution. Every civil complaint would invite a cross-complaint for malicious prosecution. Thus, the requirement that Plaintiffs obtain a favorable judgment in a prior action on the merits ensures that judicial resources are not wasted. The strict requirements of malicious prosecution are necessary to prevent expanding the malicious prosecution tort. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 873 (1992). *See also Sheldon Appel*, 47 Cal. 3d at 872.

The strict pleading requirements do not flex depending on how difficult it is to obtain a favorable judgment on the merits. On the contrary, as the *Warren* court acknowledged, parties wishing to assert a malicious prosecution claim may have to go to extraordinary lengths:

> An allegation defendants prosecuted a prior action knowing that the applicable statute of limitations has run on the claim does not reflect on the merits of the action. While filing a lawsuit knowing the limitations period has run is a petty act which wastes judicial resources, **if a litigant wants to pursue a malicious prosecution action under those circumstances, he must eschew the procedural defense, forgo the easy termination, and obtain a favorable judgment on the merits.** Otherwise, the policy reasons behind requiring a favorable termination would be thwarted if a litigant could meet the favorable termination requirement simply by alleging defendants knew the action was barred by the statute of limitation.

*Warren*, 220 Cal. App. 3d at 1303.

Finally, Plaintiffs argue they are excused from pleading termination because they purport to represent a class. Opp. 9:15-23. However, Plaintiffs' class status does not excuse their failure to



allege favorable termination.[8]    This would undermine the purpose of the substantive law of malicious prosecution: "Class actions are provided only as a means to enforce substantive law. Altering the substantive law to accommodate procedure would be to confuse the means with the ends— to sacrifice the goal for the going." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1103 (1993) (quoting *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 462 (1974)).

### C.    Plaintiffs Fail To Explain Why, As A Matter Of Law, Sutter Health Did Not Have Probable Cause To Assert Liens Under *Swanson*.

For liens asserted prior to *Parnell*, Plaintiffs appear to argue that Sutter Health must show it **actually relied** on *Swanson* in order overcome the allegation it lacked probable cause. Opp. 6:9-15. However, this is not the legal standard for determining whether there was probable cause. The question is whether *Swanson* and other authorities made it **at least arguable** that Sutter Health could assert liens against insured patients. *Sheldon Appel*, 47 Cal. 3d at 878, 885. Sutter Health has already demonstrated that *Swanson*, *Nishihama*, trial court rulings, and the words of the HLA itself made it at least arguable that asserting liens against insured patients was permissible.[9]    Plaintiffs' arguments that some authorities supported contrary arguments does not change this. *Sheldon Appel*, 47 Cal. 3d at 878, 885.

For liens asserted after *Parnell*, Plaintiffs argue that lack of probable cause is obvious because their Amended Complaint relates only to liens asserted where no debt was owed. This argument is a ruse. There are no such liens yet because no court has ruled on the validity of the liens. In fact, Plaintiffs want this Court to make the determination. Even after *Parnell*, there are so many arguments that hospitals may make to support a lien rights that it cannot be credibly alleged that Sutter Health asserted liens without probable cause before a court resolves multiple issues on each lien and determines the liens are invalid. *See Parnell*, 35 Cal. 4th at 609-611; *Sheldon Appel*, 47 Cal. 3d at 878, 885. This action is premature.

---

[8] If Plaintiffs believe that they are unable to challenge hospital liens on an individual basis, there are procedures available to them, such as coordination of cases under Code of Civil Procedure section 404, that would permit them to adjudicate the validity of liens *en masse*.

[9] *See* Sutter Health's initial brief on this motion at II.C.1. Additionally, contrary to Plaintiffs' assertion, Sutter Health was **a defendant** in the *Tweedy v. NCO* case, along with a Sutter Health hospital, Sutter Roseville. *See* Sutter Health's Reply To Opposition To Request For Judicial Notice, filed herewith.



6

### D.  Plaintiffs Misstate The Malice Requirement.

Plaintiffs contend that malice exists when "proceedings are instituted primarily for an improper purpose." Opp. 8:10-11. However, the malice element also requires Plaintiffs to demonstrate that the underlying action was prosecuted out of actual hostility, ill will, or with a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant. *Downey Venture*, 66 Cal. App. 4th at 498-499. Plaintiffs' Amended Complaint alleges that Sutter Health "knew, **or should have known,** that the liens were not based on a legally enforceable debt." Amend. Comp. ¶ 23 (emphasis added). This is not the actual intent necessary to support a finding of malice.

### E.  Plaintiffs Have Failed To Support Their Abuse Of Process Claim And To Avoid The Litigation Privilege.

The tort of abuse of process has two elements, neither of which Plaintiffs have alleged: "[T]here must be wrongful *use* of process, not merely a request for or initiation of process – and second, the act complained of must involve use of *process*." *Adams*, 2 Cal. App. 4th at 528. As to the "process" requirement, *Adams* court explained: "Process is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court. **Thus, serving upon plaintiff a false notice that a bench warrant had been issued is not process,** because in making the false statement, defendant took no action pursuant to court authority." *Id.* at 530. Thus, even accepting Plaintiffs' allegations as true and assuming Sutter Health served invalid hospital liens on them, Plaintiffs have failed to state a cause of action for abuse of process because they have not pleaded a court action. Again, hospital liens are not filed with the court, and are not judicial proceedings. Cal. Civ. Code § 3045.3. As to the element of "abuse," the *Adams* court instructed:

> Merely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve. ... The gist of the tort is the improper use of the process after it is issued. Here all that is described is a motion to prevent reduction of felonies to misdemeanors. That motion did not result in the issuance of any process of the court which was then abused. It produced no act of judicial authority, no writ or order which was then misused. Privileged or not, such activity falls short of the tort of abuse of process, which most generally consists of acts exterior to the lawsuit such as attempted extortion or pressure on a debtor by misuse of court orders. .... [A]lthough abuse of process may consist of a threat that process will be invoked, and therefore could also consist of an attempt to invoke such process, process must in fact issue at the defendant's behest.

Sutter Health's Reply In Support of Demurrer to First Amended Complaint          894350v7 09504/0502

*Id.* at 530-531. Thus, because Plaintiffs here do not allege process they cannot allege any, misuse of a process.

In any event, as *Adams* also establishes, the litigation privilege bars Plaintiffs' abuse of process claim. The *Adams* court went on to hold, unequivocally, that abuse of process claims in that case were barred by the broad litigation privilege, under Civil Code section 47 (b)(2). *Id.* at 530-32.

Plaintiffs argue that their complaint alleges a "course of conduct" which they say is not protected communication. However, the only conduct alleged in Plaintiffs' complaint is Sutter Health's assertion of hospital liens. *See* Am. Comp. ¶s 2, 3, 4, 5, 7, 12, 21, 23, 24, 25, 28. This Court has already decided that the communicative act of asserting a hospital liens is protected by the litigation privilege. Order on Dem. p. 1; *See also Swanson*, 97 Cal. App. 4th at 249; *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 832 (2003) (both holding assertion of liens privileged). This Court stated: "The Court is, however, bound by the decisions of the Court of Appeal regarding this issue. [*Swanson*] states "Lien notices authorized by law are protected by the litigation privilege" and holds that the filing of lien notices under the HLA is protected litigation activity." This issue is also resolved by *Olszewski*: "[W]e reject plaintiff's contention that defendant's practice of using these statutorily authorized liens "to seize funds" in violation of federal law is noncommunicative conduct falling outside the litigation privilege. The only tortious acts alleged by plaintiff were defendant's assertion of liens ...." *Olszewski*, 30 Cal. 4th at 831.

Plaintiffs also reargue that *Limandri v. Jenkins*, 52 Cal. App. 4th 326 (1997) saves their case. This time, however, they argue that "Plaintiff has alleged an entire unlawful course of conduct by Defendant: Defendant asserts these liens despite the fact that its [sic] knows or should know that it is owed no debt ... [and then] continues to assert, pursue and collect on its liens despite this knowledge." Opp. 11:21-12:2. This is not noncommunicative conduct distinct from the assertion of the lien. It is not even a "course of conduct." It is simply another way of saying that Sutter Health asserted liens until they were paid. In contrast, in *Limandri*, an attorney entered into a fee agreement with his client that gave the attorney a percentage of the client's recovery in an environmental contamination case and then the abuse of process defendant allegedly interfered with this agreement by seeking and obtaining a security interest in the same recovery. *Id.* at 345. The

**MHA**
Donough Holland & Allen PC
Attorneys at Law

8

notice of lien came later, and was merely incidental to the creation of the offending security interest and other conduct and therefore not protected by the litigation privilege. *Id.* at pp. 342, 346. Here, the assertion of hospital liens are not alleged to be incidental to Sutter Health's conduct, but to be precisely the conduct plaintiffs allege is wrongful.

Furthermore, the privilege applies even if the assertion is considered conduct because it was necessary to the communication of the lien. *See, e.g. Rubin v. Green,* 4 Cal. 4th 1187, 1195-1196 (1993) (fact that defendant's communication "necessarily involved related acts" does not destroy privilege); *O'Keefe v. Kampa,* 84 Cal. App. 4th 130, 134 (2000) ("[T]he scope of publication or broadcast includes noncommunicative conduct like the filing of a motion for writ of sale [citation], the filing of assessment liens [citation], or the filing of a mechanic's lien [citation].")

Plaintiffs also argue again that "liens *not* authorized by the HLA are *not* protected by the litigation privilege." Opp. 13:7-10 (emphasis in original.). This Court has also rejected this argument. Order on Dem. p. 1. The litigation privilege applies even when the communication constitutes an outright violation of law and regardless of equity, malice or intent to harm. *See, e.g., Silberg v. Anderson,* 50 Cal. 3d 205, 218 (1990); *Brown v. Kennard,* 94 Cal. App. 4th 40, 46-51 (2001); *O'Keefe v. Kompa,* 84 Cal. App. 4th at 133-34; *Merlet v. Rizzo,* 64 Cal. App. 4th 53, 64-66 (1998).

As a last ditch effort, Plaintiffs question the law of privilege, arguing that the litigation privilege should not apply to abuse of process claims. Plaintiffs want the Court to believe that the Supreme Court has recognized that the extension of the litigation privilege to abuse of process claims could "'largely eliminate the entire abuse of process tort.'" Opp:12:10-12, *citing Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42 Cal. 3d 1157, 1166-1167 (1987). **But the Supreme Court rejected this argument.** *Id.* The Court was recounting an <u>argument made by the appellant.</u>[10] The Court expressly refused to decide the case on this ground, instead deciding the case "much more narrowly," and holding that the litigation privilege does not prevent the admission in evidence of statements made during a settlement conference as evidence that a party

---

[10] Plaintiffs plucked the sentence fragment from the following sentence in the opinion: "Indeed, [appellant] maintains that if the absolute privilege of section 47(2) were applied in the abuse of process context in the same manner as it applies to other torts, the privilege would largely eliminate the entire abuse of process tort." *Id.*

had the requisite intent to support an abuse of process claim. *Id.* That issue is not before the Court here. The applicability of the litigation privilege to HLA liens is at issue, and the law is settled that the litigation privilege applies to bar abuse of process claims. *See Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1132 (1990).

**F.     Plaintiffs Have Not Saved Their Remaining Causes Of Action By Pleading Malicious Prosecution And Abuse Of Process.**

This Court already ruled that Plaintiffs' claims for conversion and fraud are barred by the litigation privilege. Order on Dem. p. 2.    Trying to overcome this, Plaintiffs assert the novel proposition that they have resurrected their conversion and fraud claims by adding claims for malicious prosecution and abuse of process. Opp. 14:19-21. This argument fails for at least two reasons. First, Plaintiffs have not, in fact, sufficiently pleaded malicious prosecution and abuse of process, as set forth above. Second, the elements of conversion and fraud are different from those of malicious prosecution and abuse of process, and there is no authority for the proposition that malicious prosecution or abuse of process can support conversion or fraud.

Similarly, Plaintiffs' Unfair Competition claim is barred by the litigation privilege unless Plaintiffs state claims that "borrow from or are tethered to the law of malicious prosecution." Order on Dem. 1.    As set forth above, Plaintiffs fail to state a claim for malicious prosecution. Accordingly, their UCL claim is barred by the litigation privilege.

**II.     CONCLUSION**

For the reasons stated herein, Sutter Health respectfully requests the Court sustain its demurrer without leave to amend.

DATED: February 2, 2006                    McDONOUGH HOLLAND & ALLEN PC
                                           Attorneys at Law

                                           By: *Edward J. Math* for
                                           MARCIA L. AUGSBURGER
                                           Attorneys for Defendant Sutter Health

Sutter Health's Reply In Support of Demurrer to First Amended Complaint        894350v7 09504/0502

1    CASE TITLE:        Melinda Campbell, *et al*. v. Sutter Health, *et al*.

2    COURT/CASE NO:     Alameda County Superior Court No. RG05221764

3                       **PROOF OF SERVICE**

4    I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
     Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5    foregoing action.

6    I am readily familiar with the business practice at my place of business for collection and
     processing of correspondence for mailing with the United States Postal Service. Correspondence so
7    collected and processed is deposited with the United States Postal Service that same day in the
     ordinary course of business.

8

9    On February 2, 2006, I served the within:

10   (1)  SUTTER HEALTH'S REPLY BRIEF IN SUPPORT OF DEMURRER TO
          THE FIRST AMENDED CLASS ACTION COMPLAINT;

11   (2)  SUTTER HEALTH'S REPLY TO PLAINTIFFS' OPPOSITION TO REQUEST
12        FOR JUDICIAL NOTICE; AND,

13   (3)  [PROPOSED] ORDER GRANTING SUTTER HEALTH'S DEMURRER TO
          PLAINTIFFS' FIRST AMENDED COMPLAINT FOR MALICIOUS
14        PROSECUTION, ABUSE OF PROCESS, UNFAIR BUSINESS PRACTICES,
          AND DECLARATORY RELIEF.

15

16   ☐  **by mail** on the following party(ies) in said action, in accordance with Code of Civil
        Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
17      designated area for outgoing mail, addressed as set forth below. At McDonough
        Holland & Allen PC, mail placed in that designated area is given the correct amount of
18      postage and is deposited that same day, in the ordinary course of business, in a United
        States mailbox in the City of Sacramento, California.

19

20   ☐  **by personally delivering** a true copy thereof, in accordance with Code of Civil
        Procedure § 1011, to the person(s) and at the address(es) set forth below.

21   ☒  **by overnight delivery** on the following party(ies) in said action, in accordance with
22      Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
        envelope, with delivery fees paid or provided for, and delivering that envelope to an
23      overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

24   ☐  **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
        the following party(ies) at the facsimile number(s) indicated:

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

Proof of Service

1

2   Todd M. Schneider                                    Counsel for Plaintiffs
    Joshua Konecky
3   W.H. "Hank" Wilson
    SCHNEIDER & WALLACE
4   180 Montgomery Street, Suite 2000
    San Francisco, CA  94104
5   Telephone:  (415) 421-7100
    Facsimile:  (415) 421-7105
6
    **_Courtesy Copy to:_**                              Co-counsel for Plaintiffs
7
8   Linda Ross
    LAW OFFICE OF LINDA ROSS
9   2204 Union Street
    San Francisco, CA 94123
10  Telephone:  (415) 563-2400
    Facsimile:  (415) 931-9981
11
    Scott Kalkin
12  ROBOOSTOFF & KALKIN, PLC
    369 Pine Street, Suite 610
13  San Francisco, CA 94104
    Telephone:  (415) 732-0282
14  Facsimile:  (415) 732-0287

15

16      I declare under penalty of perjury under the laws of the State of California that the foregoing is
    true and correct and that this document was executed on February 2, 2006.

17

18                                                        _Renee Reeve_
                                                              RENEE REEVE

19

20

21

22

23

24

25

26

27

28

MHA
Jarrough Holland & Allen PC
Attorneys at Law

Proof of Service                                                    889827v2 09504/0502

**40**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,   )   Case No. RG05221764
    and on behalf of all others similarly situated,  )
12                                          )   **SUTTER HEALTH'S REPLY TO**
                              Plaintiffs,   )   **PLAINTIFFS' OPPOSITION TO**
13                                          )   **REQUEST FOR JUDICIAL NOTICE**
    v.                                      )
14                                          )   Date:  February 9, 2006
    SUTTER HEALTH and DOES 1 through 24,    )   Time:  1:30 p.m.
15  inclusive,                              )   Place:  Department 22
                                            )   Honorable Ronald M. Sabraw
16                            Defendants.    )
                                            )
17

18       This Court is permitted under Evidence Code section 452(e)(1) to take judicial notice of the

19  records of any court of this state. Plaintiffs do not state sufficient grounds for this Court to abstain

20  from taking judicial notice of the records of the Superior Court of California, County of Sacramento,

21  Case No. 03AS03039, *Arnold Tweedy, et al., v. NCO Financial Systems, Inc., et al.* ("Tweedy").

22       First, Plaintiffs are incorrect that Tweedy involved unrelated parties. Sutter Health was a

23  defendant in the matter. *See* Sutter Health's Request for Judicial Notice in Support of Demurrer

24  ("RFJN"), Exhibit A.

25       Second, Plaintiffs are incorrect that Tweedy involved unrelated issues. The plaintiff in

26  Tweedy was a Health Net member who challenged a hospital lien asserted under Civil Code section

27  3045.1 *et seq. See* RFJN, Exhibit A. That is precisely the issue in this matter.

28       Third, Plaintiffs misstate the effect of California Rules of Court 977. Rule of Court 977

    prevents a party from citing an unpublished opinion as support for a proposition of law. Sutter

1    Health does not cite Tweedy for its precedential value, but rather as support for its position that the

2    assertion of liens prior to *Parnell v. Adventist Health Systems*, 35 Cal.4th 595 (2005) was, at the

3    time, arguably proper. If it was arguably proper, Sutter Health had probable cause to assert the liens,

4    and Plaintiffs cannot sustain an action for malicious prosecution. *Zamos v. Stroud*, 32 Cal. 4th 958,

5    965 (2004).

6          Finally, Plaintiffs' critique of the superior court's reasoning in Tweedy is irrelevant.  The

7    issue is not whether the court was correct.  The issue is whether the court's decision made it at least

8    arguable that Sutter Health was permitted to assert liens against insured patients prior to *Parnell*.

9          For all of these reasons, Sutter Health respectfully requests the Court grant its Request for

10   Judicial Notice.

11   DATED: February 2, 2006

12                             McDONOUGH HOLLAND & ALLEN PC

13                             Attorneys at Law

14

15                          By: *Edward J. Math for*

                             MARCIA L. AUGSBURGER

16                          Attorneys for Defendant Sutter Health

17

18

19

20

21

22

23

24

25

26

27

28



1  CASE TITLE:         Melinda Campbell, *et al.* v. Sutter Health, *et al.*

2  COURT/CASE NO:      Alameda County Superior Court No. RG05221764

3                      **PROOF OF SERVICE**

4  I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the

5  foregoing action.

6  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so

7  collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

8

9  On February 2, 2006, I served the within:

10  (1)  SUTTER HEALTH'S REPLY BRIEF IN SUPPORT OF DEMURRER TO THE FIRST AMENDED CLASS ACTION COMPLAINT;

11

12  (2)  SUTTER HEALTH'S REPLY TO PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE; AND,

13  (3)  [PROPOSED] ORDER GRANTING SUTTER HEALTH'S DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR MALICIOUS

14  PROSECUTION, ABUSE OF PROCESS, UNFAIR BUSINESS PRACTICES, AND DECLARATORY RELIEF.

15

16  ☐  **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a

17  designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of

18  postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

19

20  ☐  **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

21  ☒  **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed

22  envelope, with delivery fees paid or provided for, and delivering that envelope to an

23  overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

24  ☐  **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

1

2    Todd M. Schneider                                    Counsel for Plaintiffs
      Joshua Konecky
3    W.H. "Hank" Wilson
      SCHNEIDER & WALLACE
4    180 Montgomery Street, Suite 2000
      San Francisco, CA 94104
5    Telephone: (415) 421-7100
      Facsimile: (415) 421-7105
6
      ***Courtesy Copy to:***                             Co-counsel for Plaintiffs
7
8    Linda Ross
      LAW OFFICE OF LINDA ROSS
9    2204 Union Street
      San Francisco, CA 94123
10   Telephone: (415) 563-2400
      Facsimile: (415) 931-9981
11
      Scott Kalkin
12   ROBOOSTOFF & KALKIN, PLC
13   369 Pine Street, Suite 610.
      San Francisco, CA 94104
14   Telephone: (415) 732-0282
      Facsimile: (415) 732-0287
15

16        I declare under penalty of perjury under the laws of the State of California that the foregoing is
      true and correct and that this document was executed on February 2, 2006.
17

18                                                        _____
                                                                  RENEE REEVE
19

20

21

22

23

24

25

26

27

28

MHA
Schneider Holland & Allen PC
Attorneys at Law

**41**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

   RECEIVED

8  FEB 2 2006               SUPERIOR COURT OF CALIFORNIA

   By                          COUNTY OF ALAMEDA
   ALAMEDA COUNTY SUPERIOR COURT

10 MELINDA CAMPBELL, on her own behalf,        )   Case No. RG05221764
   and on behalf of all others similarly situated,  )
11                                             )   [PROPOSED] ORDER GRANTING
                        Plaintiffs,            )   SUTTER HEALTH'S DEMURRER TO
12                                             )   PLAINTIFFS' FIRST AMENDED
   v.                                          )   COMPLAINT FOR MALICIOUS
13                                             )   PROSECUTION, ABUSE OF PROCESS,
   SUTTER HEALTH and DOES 1 through 24,        )   UNFAIR BUSINESS PRACTICES, AND
14 inclusive,                                  )   DECLARATORY RELIEF
                                               )   [Submitted pursuant to Alameda County
15                      Defendants.            )   Superior Court Local Rule 5.1]
                                               )
16                                             )   Date:  February 9, 2006
                                               )   Time:  1:30 p.m.
17                                             )   Place: Department 22
                                               )   Judge: Honorable Ronald M. Sabraw
18

19            TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

20         Defendant Sutter Health's Demurrer to Plaintiffs' First Amended Class Action Complaint for

21 Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief

22 ("Amended Complaint") came on for hearing in this Department on February 9, 2006, at 1:30 p.m.

23 The matter was argued and submitted, and good cause appearing therefor,

24         IT IS HEREBY ORDERED that:

25         Sutter Health's Demurrer is sustained without leave to amend, on the following grounds:

26 **Demurrer to Entire Complaint**

27         The Amended Complaint, as each cause of action, fails to state facts sufficient to constitute a

28 cause of action.

MHA
McDonough Holland & Allen PC
Attorneys at Law

                                                  1

1  **Demurrer to First Cause of Action**

2      1.      The First Cause of Action, for malicious prosecution, fails to state facts sufficient to

3  constitute a cause of action because the assertion of a lien under the Hospital Lien Act, Civil Code

4  section 3045.1 *et seq.* ("HLA"), is not a prior action sufficient to support a malicious prosecution

5  claim.

6      2.      The First Cause of Action fails to state facts sufficient to constitute a cause of action

7  because the Amended Complaint fails to allege any action that legally terminated in Plaintiffs' favor.

8      3.      The First Cause of Action fails to state facts sufficient to constitute a cause of action

9  because Sutter Health had probable cause to assert HLA liens.

10      4.      The First Cause of Action fails to state facts sufficient to constitute a cause of action

11  because the Amended Complaint fails to sufficiently allege Sutter Health asserted HLA liens with

12  malice.

13  **Demurrer to Second Cause of Action**

14      5.      The Second Cause of Action, for "abuse of process," is improper and must be stricken

15  because this Court did not grant Plaintiffs leave to amend to state a cause of action for abuse of

16  process.

17      6.      The Second Cause of Action is barred by the litigation privilege set forth in Civil

18  Code § 47(b) and therefore fails to state facts sufficient to constitute a cause of action.

19  **Demurrer to Third Cause of Action**

20      7.      The Third Cause of Action, for "conversion and trespass to chattels," is barred by the

21  litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to

22  constitute a cause of action.

23  **Demurrer to Fourth Cause of Action**

24      8.      The Fourth Cause of Action, for fraud and negligent misrepresentation, is barred by

25  the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state facts sufficient to

26  constitute a cause of action.

27  ///

28  ///

2

1    **Demurrer to Fifth Cause of Action**

2        9.    The Fifth Cause of Action, based on Business & Professions Code sections 17200 *et*

3    *seq.*, is barred by the litigation privilege set forth in Civil Code § 47(b) and therefore fails to state

4    facts sufficient to constitute a cause of action.

5        10.    The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action

6    because it does not allege that Sutter Health violated a discrete federal or state law.

7    **Demurrer to Sixth Cause of Action**

8        11.    The Sixth Cause of Action, for declaratory relief, fails to state facts sufficient to

9    constitute a cause of action because it seeks a declaration concerning communications that occurred

10    in the past.

11        12.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action

12    because it seeks an advisory opinion on a question already answered by *Parnell v. Adventist Health*

13    *Systems/West*, 35 Cal. 4th 595 (2005).

14        13.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action

15    because it does not seek resolution of an actual controversy between the parties.

16        14.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action

17    because it is based on communications that are protected by the litigation privilege.

18    IT IS FURTHER ORDERED that Sutter Health be dismissed from this action, and that Sutter Health

19    is awarded its costs of suit and attorneys fees pursuant to Civil Code § 1780(d).

20

21    DATED: _____        _____

22                                    Honorable Ronald M. Sabraw
                                    Judge of the Superior Court

23

24

25

26

27

28

**MHA**

3

**42**

1. McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2. RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3. JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4. Sacramento, CA 95814
   Phone: 916.444.3900
5. Fax:   916.444.8989

6. Attorneys for Defendant Sutter Health

7.

ENDORSED
FILED
ALAMEDA COUNTY

FEB – 3 2006

CLERK OF THE SUPERIOR COURT
By ___ CYNTHIA S. BOGLE ___
                              Deputy

8.            SUPERIOR COURT OF CALIFORNIA

9.               COUNTY OF ALAMEDA

10. MELINDA CAMPBELL, on her own behalf,    )    Case No. RG05221764
    and on behalf of all others similarly situated,.    )
11.                                           )    SUTTER HEALTH'S CASE
                                              )    MANAGEMENT STATEMENT
12.                           Plaintiffs,    )
                                              )
13. v.                                        )    Date:  February 9, 2006
                                              )    Time:  1:30 p.m.
14. SUTTER HEALTH and DOES 1 through 24,    )    Place: Department 22
    inclusive,                                )    Judge: Honorable Ronald M. Sabraw
15.                                           )    Trial Date:  None
                              Defendants.    )
16. _____)

## BY FAX

17.      In anticipation of the Case Management Conference to be held in this Department on

18. February 9, 2006, Defendant Sutter Health respectfully submits the following Case Management

19. Statement.

20.             I.    STATEMENT OF ISSUES PRESENTED

21. A.    Plaintiffs' Claims:

22.      Plaintiff Melinda Campbell, on behalf of herself and an alleged class of aggrieved persons

23. (hereafter collectively "Plaintiffs"), has sued Sutter Health. Plaintiffs allege that Sutter Health

24. improperly asserted hospital lien notices against their tort recoveries from third-party tortfeasors.

25. See First Amended Class Action Complaint for Malicious Prosecution, et seq. (hereafter "Amended

26. Complaint"), ¶ 2. Plaintiffs allege that by asserting liens, Sutter Health has committed malicious

27. prosecution and abused legal process; committed conversion and trespass to chattels; committed

28. fraud and negligent misrepresentation; and violated Business and Professions Code section 17200 et

1    *seq.* Amended Complaint, ¶s 32-76. Plaintiffs seek declaratory, injunctive, equitable, restitutionary,

2    and compensatory relief, civil penalties, and attorneys fees and costs. Amended Complaint, Prayer

3    for Relief, ¶s 1-11.

4    **B.    Sutter Health's Position:**

5       Sutter Health has filed a Demurrer to Plaintiffs' Amended Complaint. The demurrer is set to

6    be heard in this Department on February 9, 2006, at 1:30 p.m. The outcome of the demurrer may

7    limit or eliminate Plaintiffs' case.

8    **C.    Facts Supporting Each Position:**

9       Sutter Health maintains that no facts can support a cause of action against it relating to the

10    assertion of hospital lien notices under the Hospital Lien Act, Civil Code section 3045.1, *et seq.*

11    **D.    Status of Relevant Discovery:**

12       Discovery has not yet begun.

13                 **II.    THE PARTIES AND REPRESENTATION**

14       Plaintiff Melinda Campbell is allegedly a resident of San Jose, California, who received

15    healthcare services from a Sutter Health-affiliated hospital. Amended Complaint, ¶s 8, 10. Ms.

16    Campbell purports to represent a class of similarly aggrieved persons. Amended Complaint, ¶ 30.

17    Schneider & Wallace is lead counsel for Plaintiffs.

18       Sutter Health is a community-based, not-for-profit, healthcare delivery system. Sutter Health

19    serves more than 100 communities in Northern California through a system of 28 locally governed,

20    not-for-profit hospitals. McDonough Holland & Allen PC represents Sutter Health in this litigation.

21           **III.    PROPOSED DEADLINES AND LIMITS ON JOINDER**

22       None at this time.

23          **IV.    CLASS DISCOVERY AND CLASS CERTIFICATION**

24       Sutter Health disputes that the putative class is suitable for class treatment. Sutter Health will

25    oppose certification of the class described in the Amended Complaint at ¶ 30.

26             **V.    PROPOSED LITIGATION SCHEDULE**

27       If this case goes forward, Sutter Health proposes the following schedule:

28       ▪ Class discovery: Winter - Spring 2006



Sutter Health's Case Management Statement                    895749v1 09504/0502

- Class certification motion: June 2006
- Discovery regarding liability and damages: Summer 2006
- Dispositive motion(s): Fall - Winter 2006
- Trial: Winter 2006 - Spring 2007

### VI.    POTENTIAL EVIDENTIARY/CONFIDENTIALITY ISSUES

Sutter Health anticipates Plaintiffs will seek patient medical records and other private information during discovery. These records may be subject to state and federal privacy protections.

### VII.    DESCRIPTION OF PROCEDURAL POSTURE OF THE CASE

**1.    Unserved Parties:**

Sutter Health has been properly served.

**2.    Unserved/Unfiled Cross-Complaints:**

None at this time.

**3.    Related Actions/Potential for Coordination or Consolidation:**

None known.

**4.    Possible Jurisdictional or Venue Issues:**

None at this time.

**5.    Status of Discovery:**

Discovery has not yet begun.

**6.    Unresolved Law and Motion:**

Sutter Health's demurrer to the Amended Complaint is set to be heard in this Department on February 9, 2006. If the case goes forward, Sutter Health will oppose class certification and will file a dispositive motion.

**7.    Requests for, or Opposition to, any ADR Proceedings:**

None at this time.

**8.    Severance of Issues for Trial:**

Unknown at this time.

**9.    Calendar Conflicts:**

None at this time.



Sutter Health's Case Management Statement                                895749v1 09504/0502

## VIII.   STREAMLINING THE LITIGATION

**1.     Master file:**

Sutter Health believes the parties would benefit from an electronic document repository.

**2.     Lead counsel:**

Schneider & Wallace is lead counsel for Plaintiffs.  McDonough Holland & Allen PC is counsel for Sutter Health.

**3.     e-filing:**

Sutter Health believes that all filings with the Court should be e-filed, and that service between the parties may be accomplished by e-mail of PDF documents.

**4.     Web page:**

Sutter Health is open to the concept of a web page.

DATED: February 3, 2006

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
                JOHN C.J. BARNES

Attorneys for Defendant Sutter Health

1  CASE TITLE:        Melinda Campbell, *et al.* v. Sutter Health, *et al.*

2  COURT/CASE NO:      Alameda County Superior Court No. RG05221764

3  ### PROOF OF SERVICE

4  I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

5

6  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

7

8  On February 3, 2006, I served the within:

9

10  (1)  SUTTER HEALTH'S CASE MANAGEMENT STATEMENT

11  [X]  **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

14  [ ]  **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

16  [ ]  **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

19  [ ]  **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

20

21

22

23

24

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

Proof of Service                                                    889827v3 09504/0502

1

2  Todd M. Schneider                                    Counsel for Plaintiffs
   Joshua Konecky
3  W.H. "Hank" Wilson
   SCHNEIDER & WALLACE
4  180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
5  Telephone:  (415) 421-7100
   Facsimile:  (415) 421-7105
6
   *Courtesy Copy to:*                                 Co-counsel for Plaintiffs
7
8  Linda Ross
   LAW OFFICE OF LINDA ROSS
9  2204 Union Street
   San Francisco, CA 94123
10 Telephone:  (415) 563-2400
   Facsimile:  (415) 931-9981
11
   Scott Kalkin
12 ROBOOSTOFF & KALKIN, PLC
   369 Pine Street, Suite 610
13 San Francisco, CA 94104
   Telephone:  (415) 732-0282
14 Facsimile:  (415) 732-0287

15

16    I declare under penalty of perjury under the laws of the State of California that the foregoing is
   true and correct and that this document was executed on February 3, 2006.

17

18                                           _____
                                                    RENÉE REEVE

19

20

21

22

23

24

25

26

27

28



Proof of Service                                                          889827v3 09504/0502

**43**

1  TODD M. SCHNEIDER (State Bar #158253)
   JOSHUA KONECKY (State Bar #182897)
2  W.H. "HANK" WILLSON (State Bar #233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6
7  LINDA ROSS (State Bar #85563)
   LAW OFFICE OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400
10
   SCOTT KALKIN (State Bar #120791)
11 ROBOOSTOFF & KALKIN, PLC
   369 Pine Street, Suite 610
12 San Francisco, California 94104
   Tel: (415) 732-0282
13 Fax: (415) 732-0287
14
   Attorneys for Plaintiffs
15
16                  **SUPERIOR COURT OF CALIFORNIA**
17                       **COUNTY OF ALAMEDA**
18
19 | MELINDA CAMPBELL, on her own behalf, | Case No. RG05221764 |
   | and on behalf of all others similarly situated, | |
20 |                  Plaintiffs, | **PLAINTIFF'S COMPLEX CASE** |
   |                             | **MANAGEMENT CONFERENCE** |
21 |                             | **STATEMENT** |
   |        vs. | |
22 |            | |
   | SUTTER HEALTH, and DOES 1 through 25, | Date: February 9, 2006 |
23 | inclusive, | Time: 1:30 pm |
   |           | Department: 22 |
24 |            Defendants. | Judge: The Hon. Ronald M. Sabraw |
25
26
27
28

SCHNEIDER
& WALLACE

1 | I. **INTRODUCTION**

2        This action challenges Sutter Health's policy and practice of asserting liens against persons

3 who do not owe Sutter Health any debt, and asserting the liens even though Sutter Health is well

4 aware that it is not owed anything. Sutter Health's conduct is unlawful and against public policy,

5 and Plaintiff's complaint seeks appropriate redress.

6        As alleged in Plaintiff's First Amended Complaint, Sutter Health unlawfully engages in a

7 policy and practice called "balance billing." Under this policy and practice, Sutter Health collects

8 payments for medical services provided to people who are injured by a tortious act (the amount

9 owed to Sutter Health is often agreed upon by contract between Sutter Health and the injured

10 persons' insurance carrier), but then asserts liens against the subsequent tort recoveries of the

11 injured persons when those recoveries—which include items such as emotional distress and lost

12 earnings—exceed the amount owed to Sutter Health. The injured person's debt to Sutter Health

13 could be extinguished by contract, bankruptcy, or some other means, but Sutter Health asserts

14 these liens even though it is aware that no debt exists. The amount of the lien is generally the

15 difference between the debt actually owed and already paid to Sutter Health, and an inapplicable

16 "customary rate" which Sutter Health exploits in order to exact further payment.

17 | II. **STATEMENT OF THE CASE**

18        In *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595, the California Supreme

19 Court held that any attempt by health care providers, such as Sutter Health, to recoup their so-

20 called "customary" charges, absent an underlying debt, is unlawful.

21        Defendant's Demurrer attempts to undermine the class action process and render Plaintiff

22 and the class incapable of responding to Defendant's unlawful business practices in any

23 meaningful way. If Defendant's Demurrer is to be believed, Plaintiff and the class have no redress

24 against Defendant's unlawful liens, except to bring thousands of full-fledged judicial actions to

25 expunge each and every single lien that Defendant asserts. Such piecemeal enforcement is not a

26 realistic option. Without the ability to challenge Defendant's conduct on a classwide basis,

27 Defendant can continue to harass its customers and use judicial tools to compel them to pay off the

28

1    liens, despite the fact that Defendant is fully aware that it is not owed any money, and despite the

2    fact that the California Supreme Court has found this practice to be unlawful. Sutter Health's

3    arguments would render *Parnell* a nullity, by allowing Sutter Health to continue to prosecute its

4    unlawful liens in the very same way that was outlawed by *Parnell*; Sutter Health is attempting to

5    use the litigation privilege as a shield from redress for its unlawful practices. However, the

6    litigation privilege applies only to communications, not a course of conduct or the practice of

7    misusing legal procedures, such as subpoenas, default judgments, and debt collection practices.

8        Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

9    constitutes malicious prosecution. Malicious prosecution requires an action taken without

10   probable cause, with malice, which is terminated in the favor of the plaintiff. Plaintiff's allegations

11   that Sutter Health asserts and continues to press the liens through the improper use of the judicial

12   process, even though it knows that no debts are owed, satisfy the malice and lack of probable cause

13   elements. In turn, the allegation that the liens were rendered null and void by the extinguishment

14   of the underlying debt shown that they have been terminated in favor of Plaintiff and the class.

15       Sutter Health's assertion of liens despite the lack of any underlying debts also constitutes

16   abuse of process. Abuse of process requires the willful use of the judicial process for an improper

17   purpose. By asserting and using various methods to attempt to enforce its impermissible liens

18   against Plaintiff and the Class to collect monies it is not entitled to under California law, Sutter

19   Health has made willful use of the judicial process and all of its tools for an improper purpose.

20       As a result of Sutter Health's malicious prosecution and abuse of process, Sutter Health is

21   liable for conversion and/or trespass to the chattel of Plaintiff and the class, and Sutter Health has

22   engaged in fraud and/or negligent misrepresentation regarding whether Plaintiff and the members

23   of the class owed Sutter Health any money. In addition, Sutter Health's malicious prosecution and

24   abuse of process are unfair, unlawful, and fraudulent business acts and practices, in violation of the

25   California Business and Professions Code §§17200, *et seq.* ("UCL").

26

27

28

1  **III.    REPRESENTATION**

2        Plaintiff is represented by Todd Schneider, Joshua Konecky, and W.H. "Hank" Willson of

3   Schneider & Wallace, Linda Ross of the Law Office of Linda Ross, and Scott Kalkin of

4   Roboostoff & Kalkin, PLC. Schneider & Wallace will be lead counsel for Plaintiff.

5  **IV.    DISCOVERY**

6        Neither side has issued formal discovery. Plaintiff will issue her first round of discovery

7   within the next few weeks. This will include requests for production and other written discovery,

8   as well as a notice of a deposition for the person most knowledgeable regarding the policies and

9   practices at issue. In addition to exploring the policies and practices at issue, the written discovery

10  will seek a class list through an opt-out procedure similar to those previously approved by this

11  Court. Because there is substantial overlap for discovery purposes between the facts going to the

12  merits of class liability and the facts going to class certification, Plaintiff does not believe that

13  bifurcation of discovery along these lines would be warranted.

14 **V.    CLASS CERTIFICATION**

15       Plaintiff anticipates filing a Motion for Class Certification in approximately September

16  2006. Plaintiff may also file a motion to bifurcate class liability and injunctive relief from the

17  calculation of class member damages and wages due.

18 **VI.    OTHER MOTION PRACTICE**

19       Defendant has filed a Demurrer to Plaintiff's First Amended Complaint, which is scheduled

20  for hearing on February 9, 2006, at 1:30 pm—the same time as this Case Management Conference.

21  In addition to a Motion for Class Certification, Plaintiff anticipates filing a Motion for Summary

22  Judgment.

23 **VII.    PROPOSED TRIAL AND PRETRIAL SCHEDULE**

24       Plaintiff anticipates that the trial of this action would take approximately two to three weeks,

25  and proposes that a trial occur in late Summer 2007. Working backwards from that trial date,

26  Plaintiff proposes the following dates:

27       Last day for hearing on law and motion: June 15, 2007;

28

SCHNEIDER
& WALLACE

1    Last day to conduct expert discovery:  May 15, 2007;

2    Last day for rebuttal expert disclosure:  March 15, 2007;

3    Last day to complete non-expert discovery (including to have all motions to compel heard):

4    February 15, 2006;

5    Last day to disclose expert witnesses: January 15, 2006.

6    **VIII.  ALTERNATIVE DISPUTE RESOLUTION (ADR)**

7    Plaintiff is amenable to mediation of the individual and class claims.  Plaintiff would

8    propose private mediation.

9    **IX.   CALENDAR CONFLICTS**

10    Plaintiff and her counsel are not aware of any calendar conflicts at this time.

11

12    Respectfully Submitted,

13    Date: February 7, 2006             SCHNEIDER & WALLACE

14                                LAW OFFICE OF LINDA ROSS

                                  ROBOOSTOFF & KALKIN, PLC

17                                  Hank Willson

                                  Counsel for Plaintiff

1

## PROOF OF SERVICE

2

### Sections 1013(a), 2015.5 C.C.P.

3

*Campbel et al. v. Sutter Health,*
*Alameda Superior Court Case No.: RG05221764*

4

5      I am a citizen of the United States and am employed in the County of San Francisco. I am

6  over the age of eighteen years and not a party to the within entitled action. My business address is

7  180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

8      On February 7, 2006, I served the following:

9      **1. Plaintiff's Complex Case Management Conference Statement**

10  on the parties by placing true copies thereof for facsimile transmission to the number listed below

11  and in a sealed envelope, postage fully prepaid, for deposit in the United States Mail at San

12  Francisco, California, addressed as follows:

13

                    Marcia Augsburger
14                  McDonough Holland & Allen PC
                    555 Capitol Mall, 9th Floor
15                  Sacramento, CA  94814-4692
                    Facsimile: (916) 444-8334
16

17

18      I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct and that this Declaration is executed on February 7, 2006, at San Francisco,

20  California.

21

22                                           _____
                                                      SALLY MENDEZ
23

24

25

26

27

28

SCHNEIDER
& WALLACE

- 1 -

PROOF OF SERVICE

**44**

*4244697*

1
2
3                    SUPERIOR COURT OF THE STATE OF CALIFORNIA **ENDORSED FILED**
4                        IN AND FOR THE COUNTY OF ALAMEDA   **ALAMEDA COUNTY**

                                                                        APR 1 8 2006
5
6   MELINDA CAMPBELL, on her own behalf,    No. RG05-221764  CLERK OF THE SUPERIOR COURT
    and on behalf of all others similarly situated,              By E. Opelski-Erickson, Deputy
7                                              ORDER (1) OVERRULING IN PART AND
            Plaintiffs,                         SUSTAINING WITHOUT LEAVE TO
8                                              AMEND IN PART THE DEMURRER TO
            v.                                 THE FIRST AMENDED COMPLAINT AND
9                                              (2) FINDING ORDER SUITABLE FOR
                                               INTERLOCUTORY REVIEW UNDER
10  SUTTER HEALTH, and DOES 1 through 24,     C.C.P. 166.1.
    inclusive,
11                                             Date:    February 9, 2006
            Defendants.                        Time:    1:30 p.m.
12                                             Dept.:   22
13

14
15
16          The demurrer of Defendant Sutter Health to the First Amended Complaint came on for

17  hearing on February 9, 2006, in Department 22 of this Court, the Honorable Ronald M. Sabraw

18  presiding. Counsel appeared on behalf of Plaintiff and on behalf of Defendant. After

19  consideration of the points and authorities and the evidence, as well as the oral argument of

20  counsel, IT IS ORDERED: Demurrer of Sutter Health to First Amended Complaint is

21  OVERRULED IN PART and SUSTAINED WITHOUT LEAVE TO AMEND IN PART. The

22  Court also finds this order suitable for interlocutory review under C.C.P. 166.1.

23
24          Plaintiff asserts that Sutter Health engages in a practice called "balance billing" by

25  improperly filing liens under the Hospital Lien Act, Civil Code 3045.1 et seq (the "HLA").
26

                                                1

Plaintiff asserts that the improper filing of the HLA liens is unlawful, even if no money is collected on the liens.

WHAT IS A LIEN UNDER THE HOSPITAL LIEN ACT?

It is unclear whether the delivery and/or filing of notice of a HLA lien is in the nature of litigation activity. The answer to this question determines what claims Plaintiffs can pursue.

If providing notice of a HLA lien is simply providing notice, then provision of the notice would not be protected by the litigation privilege. This is suggested by the plain language of Civil Code 3045.3, which makes clear that notice of a lien can be served by mail and that there is no requirement that a notice of lien be filed in a court file in a pending civil action. If notice of a HLA lien is not litigation activity, then the litigation privilege would not apply. Under this approach, Plaintiffs should frame their claims as ones for interference with contract, violation of the CLRA, and violations of the UCL.[1]

If providing notice of a HLA lien is legal action equivalent to initiating legal proceedings, then providing notice of a lien would be protected by the litigation privilege. The Court takes judicial notice that liens are customarily filed in court files. Presumably based on this common practice, the Court in *Swanson v. St. John's Reg'l Medical Ctr.* (2002) 97 Cal. App. 4th 245, 249 (disapproved of on other grounds in *Parnell*), held that "Lien notices authorized by law are protected by the litigation privilege." If notice of a HLA lien is litigation activity, then Plaintiffs should frame their claims as ones for malicious prosecution and abuse of process.[2]

The Court is guided by the rationale of *Wilton v. Mountain Wood Homeowners Assn., Inc.* (1993) 18 Cal. App. 4th 565. *Wilton* concerned whether or not the filing of a lien by a

---

[1] This is the route taken by Plaintiff in the original Complaint. By order dated November 6, 2005, the Court sustained a demurrer to the original complaint, held that a HLA lien is in the nature of litigation activity and granted leave to allege a claim for malicious prosecution and/or claims for unlawful or unfair competition that borrow from or are tethered to the law of malicious prosecution.

[2] This is the route taken by Plaintiff in the First Amended Complaint that is the subject of this demurrer.

2

1  homeowner's association with the county recorder under Civil Code 1367 was protected by the

2  litigation privilege. The Court held that even though the filing of a lien with the county recorder

3  is not "in" judicial proceedings, it is a prerequisite to judicial proceedings and is covered by the

4  litigation privilege. The Court stated that although mechanics' liens and homeowners'

5  assessment liens are not actual litigation, they are "permitted by law to achieve the object of

6  litigation" and are closely related to judicial proceedings because they must be filed as a first step

7  in foreclosure actions to remedy defaults. The Court held the litigation privilege applies even

8  though the liens can be enforced by either judicial foreclosure or by private power of sale.

9      HLA liens are similar to homeowner's association liens in that they are not filed with

10  courts to initiate or prosecute civil litigation, but are prerequisites to judicial proceedings and

11  designed to achieve the object of litigation.  Civil Code 1367(e); Civil Code 3045.4. Therefore,

12  the Court concludes that giving notice of a HLA lien under Civil Code 3045.3, is equivalent to

13  filing a complaint in a civil action.

14

15  MALICIOUS PROSECUTION.

16      Demurrer is OVERRULED.

17      To establish a cause of action for the malicious prosecution of a civil proceeding, a

18  plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of

19  the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought or

20  continued without probable cause [citations]; and (3) was initiated or continued with malice.

21  *Zamos v. Stroud* (2004) 32 Cal. 4th 958, 965-66.

22      The complaint adequately alleges that the prior action (the notice of a lien) was in the

23  nature of a civil action commenced by or at the direction of the defendant.

24      The complaint adequately alleges that under *Parnell v. Adventist Health System/West*

25  (2005) 35 Cal. 4th 595, the Court can find that all HLA liens that have been filed in cases where

26

3

1  the Hospital has been paid in full are without merit as a matter of law and that the

2  patient/plaintiff is the prevailing party.[3]

3      The complaint adequately alleges that the HLA liens were filed or maintained without

4  probable cause and were initiated or continued with malice and/or a conscious disregard for the

5  law.

6      The Court notes that in future motions it may be appropriate to address issues of probable

7  cause, malice, and conscious disregard based on the state of the law in relevant time periods.

8  The state of the law might be divided into three time periods: (1) before *Swanson* (3/5/02); (2)

9  after *Swanson* and before *Parnell* (4/4/05); and (3) after *Parnell*. The analysis might also be

10 affected by the facts of what Defendant knew and what it was told by its lawyers and any relevant

11 trade groups. These appear to be fact issues that cannot be resolved on demurrer.

12

13 ABUSE OF PROCESS.

14     Demurrer is SUSTAINED WITHOUT LEAVE TO AMEND. The elements of abuse or

15 process are (1) an ulterior motive in using the process and (2) the use of the process in a wrongful

16 manner. *Abraham v. Lancaster Community Hosp.* (1990) 217 Cal. App. 3d 796, 826.

17     Consistent with the discussion regarding the nature of a HLA lien, the Court presumes

18 that serving notice of a HLA lien is the use of the Court's process. This is a stretch given that a

19 person can serve a HLA notice by mail and never file it with any Court, much less obtain a Court

20 order.

21     The complaint alleges that Defendant was using the HLA lien process to do exactly what

22 liens are supposed to do – to notify someone that a debt is allegedly owed and that money should

23

24

25 _____
[3] Given that a HLA lien can be established through service by mail and might never involve a filing with
26 any Court, the "prevailing party" analysis might need to be adapted to concern a claim for money rather
than to concern a civil action.

4

1  be paid to the person with the lien and not to some other person. Therefore, Plaintiffs cannot

2  prove that Defendant was using of the process in a wrongful manner.

3

4  CONVERSION/TRESPASS and FRAUD.

5       Demurrers are SUSTAINED WITHOUT LEAVE TO AMEND. These claims are barred

6  by the litigation privilege.

7

8  UCL.

9       Demurrer is OVERRULED. The UCL claim borrows from and/or is tethered to the

10  claims for malicious prosecution. The demurrer to this cause of action is treated the same as the

11  demurrer to the malicious prosecution claim.

12

13  SUITABILITY FOR APPELLATE REVIEW.

14       The nature of a HLA lien is a novel issue that is suitable for interlocutory review under

15  C.C.P. 166.1. There is a substantial ground for difference of opinion on this issue given the

16  apparent conflict between (1) the plain language of Civil Code 3045.3 that notice can be served

17  by mail and need not be filed in any civil action and (2) the statement in *Swanson* that "Lien

18  notices authorized by law are protected by the litigation privilege." There also appears to be

19  some tension between *Wilton*, which suggests that actions short of litigation are covered by the

20  litigation privilege, and *Adams v. Superior Court* (1992) 2 Cal. App. 4th 521, 528, which holds

21  that only the initiation of full-blown actions will support a claim for malicious prosecution.

22       It would seem wrong to hold that serving notice of a HLA lien is sufficiently like

23  litigation to be covered by the litigation privilege (barring all claims except malicious

24  prosecution and abuse of process), *Swanson, supra*, but falls short of being actual litigation so

25  Plaintiffs cannot pursue or prevail on claims of malicious prosecution and abuse of process,

26

5

*Adams, supra.* The alternative, that filing or serving notice of a HLA lien is not litigation, would solve this problem, but would run contrary to holding in *Swanson* and the rationale of *Wilton.*

Appellate resolution of this matter will materially advance the resolution of the case because if the Court is wrong on this issue, then the rest of the case will also be wrong. The Court finds that this issue is appropriate for interlocutory review.

FURTHER PROCEEDINGS.

Defendant must file an answer on or before May 4, 2006.

Dated: April 18, 2006

Judge Ronald M. Sabraw

**Case Title/No.:**    **Campbell vs. Sutter Health RG05221764**

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause. I served this ORDER (1) OVERRULING IN PART AND SUSTAINING WITHOUT LEAVE TO AMEND IN PART THE DEMURRER TO THE FIRST AMENDED COMPLAINT AND (2) FINDING ORDER SUITABLE FOR INTERLOCUTORY REVIEW UNDER CCP 166.1 by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Todd M. Schneider
Joshua Konecky
W.H. "Hank" Willson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123

Marcia Augsburger
MCDONOUGH HOLLAND & ALLEN PC
555 Capitol Mall, 9th Floor
Sacramento, CA 94814-4692

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Dated: April 19, 2006

Executive Officer/Clerk of the Superior Court

By _____
*Elizabeth Opelski-Erickson, Deputy Clerk*

**45**

*4839151*

FILED
ALAMEDA COUNTY

JUN -2 2005

CLERK OF THE SUPERIOR COURT

BY _____
                    DEPUTY

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10 MELINDA CAMPBELL, on her own behalf,      )   Case No. RG05221764
   and on behalf of all others similarly situated, )
11                                            )   **DEFENDANT SUTTER HEALTH'S**
                                              )   **ANSWER TO FIRST AMENDED CLASS**
                  Plaintiffs,                 )   **ACTION COMPLAINT**
12                                            )
13 v.                                         )
                                              )
   SUTTER HEALTH and DOES 1 through 24,       )
14 inclusive,                                 )
                                              )
15                Defendants.                 )
                                              )
16                                            )
                                              )
17                                            )

18          RESPONSE TO UNVERIFIED COMPLAINT
                    (General Denial)
19

20     Defendant Sutter Health ("Sutter Health") denies, generally and specifically, each and every

   allegation in the complaint. Sutter Health denies generally and specifically, each purported cause of
21
   action contained in the complaint and further denies that Plaintiff and all others similarly situated
22
   ("Plaintiff") is entitled to recovery or any relief or remedy as requested or in any other form
23
   whatsoever against this answering defendant.
24
               FIRST AFFIRMATIVE DEFENSE
25              (Failure to State a Cause of Action)

26     The complaint, and each purported cause of action therein contained, fails to state facts

27 sufficient to state a cause of action against Sutter Health.

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

RV EAV

PLDG.

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

7

8               SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10 MELINDA CAMPBELL, on her own behalf,      ) Case No. RG05221764
   and on behalf of all others similarly situated,  )
11                                           ) **DEFENDANT SUTTER HEALTH'S**
                       Plaintiffs,           ) **ANSWER TO FIRST AMENDED CLASS**
12                                           ) **ACTION COMPLAINT**
   v.                                        )
13                                           )
   SUTTER HEALTH and DOES 1 through 24,      )
14 inclusive,                                )
                                             )
15                     Defendants.           )
                                             )
16                                           )
                                             )
17 _____ )

18        **RESPONSE TO UNVERIFIED COMPLAINT**
                 **(General Denial)**
19
          Defendant Sutter Health ("Sutter Health") denies, generally and specifically, each and every
20
   allegation in the complaint. Sutter Health denies generally and specifically, each purported cause of
21
   action contained in the complaint and further denies that Plaintiff and all others similarly situated
22
   ("Plaintiff") is entitled to recovery or any relief or remedy as requested or in any other form
23
   whatsoever against this answering defendant.
24
              **FIRST AFFIRMATIVE DEFENSE**
25              **(Failure to State a Cause of Action)**

26        The complaint, and each purported cause of action therein contained, fails to state facts

27 sufficient to state a cause of action against Sutter Health.

28

MHA
Donough Holland & Allen PC
Attorneys at Law

Defendant Sutter Health's Answer to
First Amended Class Action Complaint                              928240v2 09504/0502

1

### SECOND AFFIRMATIVE DEFENSE
**(Defect or Misjoinder of Parties)**

2

3

4

Plaintiff and any class she purports to represent are not entitled to any relief against Sutter Health by reason of a defect or misjoinder of parties, pursuant to section 430.10(d) of the California Code of Civil Procedure.

5

6

### THIRD AFFIRMATIVE DEFENSE
**(Privilege and Justification)**

7

8

9

Both by statute and by common law, Sutter Health was privileged and justified in acting as it did, and acted in accordance with law, and therefore cannot be liable for Plaintiff's damages, if any there be.

10

11

### FOURTH AFFIRMATIVE DEFENSE
**(Improper "Class Action")**

12

13

Plaintiff's class allegations fail to satisfy the required prerequisites to bring a class action under California Code of Civil Procedure section 382 and/or Business and Professions Code section 17200.

14

15

### FIFTH AFFIRMATIVE DEFENSE
**(Lack of Capacity or Standing to Sue)**

16

17

Plaintiff lacks capacity or standing to sue, in her own right, as a class representative, and/or as a representative of the general public.

18

19

### SIXTH AFFIRMATIVE DEFENSE
**(Res Judicata, Collateral Estoppel, and Stare Decisis)**

20

21

22

23

24

As a result of prior judgments, the claims asserted by Plaintiff and any class she purports to represent are barred by the doctrines of res judicata, collateral estoppel and stare decisis, by principles of fairness and equity which authorize a litigant to rely on a court judgment and not be penalized for doing so, by the unconscionability of the application of different judgments requiring different conduct, and by related concepts.

25

26

### SEVENTH AFFIRMATIVE DEFENSE
**(Judicial Estoppel)**

27

28

Plaintiff is barred from any recovery against Sutter Health by reason of the doctrine of judicial estoppel.



2

1

### EIGHTH AFFIRMATIVE DEFENSE
#### (Settlement and Release)

2

3

The matters alleged in the complaint are encompassed within and barred by settlement and release agreements, which operate as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlements and releases.

4

5

### NINTH AFFIRMATIVE DEFENSE
#### (Prematurity and Failure to Exhaust Remedies)

6

7

Plaintiff and the members of any class she purports to represent have failed to exhaust available remedies and this lawsuit is premature.

8

9

### TENTH AFFIRMATIVE DEFENSE
#### (Waiver and Estoppel)

10

11

By conduct, representations and omissions, Plaintiff has waived, relinquished and/or abandoned, and is equitably estopped to assert, any claim for relief against Sutter Health respecting the matters which are the subject of the complaint.

12

13

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Unjust Enrichment)

14

15

Plaintiff would be unjustly enriched if allowed to recover on this complaint.

16

### TWELFTH AFFIRMATIVE DEFENSE
#### (Due Process)

17

18

Requiring Sutter Health to litigate in this case whether it maliciously prosecuted claims that it did not pursue in a prior action, and/or that did not result in a judgment in Plaintiff's favor, but rather are being litigated for the first time in this lawsuit, is contrary to law and would violate Sutter Health's right to due process.

19

20

21

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Comply With Statutory Prerequisites)

22

23

The cause of action for unfair competition is barred by Plaintiff's failures to comply with Business and Professions Code sections 17200 *et seq.*

24

25

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Business and Professions Code section 17204)

26

The complaint is barred under California Business and Professions Code section 17204.

27

28



Defendant Sutter Health's Answer to
First Amended Class Action Complaint

928240v2 09504/0502

1

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Due Process and Equal Protection)**

2

3    Any finding of liability pursuant to California Business and Professions Code sections

4    17200, 17203 and 17204 would violate the Due Process and Equal Protection Clauses of the United

5    States and California Constitutions because the standards of liability under those statutes are unduly

6    vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that

serves no legitimate governmental interest.

7

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Failure to Do Equity)**

8

9    No relief may be obtained under the complaint by reason of the Plaintiff's failure to do equity

10    in the matters alleged in the complaint.   This complaint was not commenced and has not been

11    prosecuted in good faith and for a proper purpose.

12

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Estoppel by Improper Purpose)**

13

14    This litigation is barred because it was commenced and is prosecuted to obtain attorneys'

15    fees for the benefit of counsel for the Plaintiff and not for any legitimate or cognizable purpose

16    recognized in California law; Plaintiff and the class she purports to represent and her counsel are

17    barred and estopped from proceeding in this action by reason of their improper purpose and violation

of applicable principles of ethics, equity and law.

18

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

19

20    No relief may be obtained under the complaint by reason of the doctrine of unclean hands

21    and by reason of the unconscionability of the Plaintiff's acts and claims.

22

### NINETEENTH AFFIRMATIVE DEFENSE
**(Setoff and Recoupment)**

23

24    Without conceding that any act of the defendant caused damage to Plaintiff or any other

25    person in any respect, Sutter Health alleges that it is entitled to offset and recoup against any

judgment that may be entered against it all obligations of Plaintiff owing to Sutter Health.

26    ///

27    ///

28



Defendant Sutter Health's Answer to
First Amended Class Action Complaint                                    928240v2 09504/0502

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Damage, if any, Caused by Others)

Sutter Health is informed and believes and thereon alleges that any injury or damage sustained by Plaintiff was proximately caused by the acts or omissions of persons or entities other than Sutter Health.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Failure to Exercise Due Care)

Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged within the complaint, and plaintiff is therefore barred entirely from recovery against Sutter Health or alternatively, plaintiff should have the recovery, if any, proportionately reduced. Moreover, Plaintiff directed, ordered, approved and/or ratified the alleged wrongful acts set forth in the complaint. Plaintiff is therefore barred from recovery against Sutter Health, or, alternatively, Plaintiff should have any recovery proportionately reduced.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

The complaint and its causes of action are barred by sections 335.1 of the California Code of Civil Procedure and 17208 of the Business and Professions Code.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Laches)

Plaintiff is barred from any recovery against Sutter Health by reason of the doctrine of laches and undue delay in giving notice to Sutter Health of the matters alleged in the complaint and in commencing this litigation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Abstention)

The Court should abstain from taking action in these areas, which are within the primary jurisdiction of legislative and/or regulatory bodies.


McDonough Holland & Allen PC
Attorneys at Law

5

**Defendant Sutter Health's Answer to**
**First Amended Class Action Complaint**

928240v2 09504/0502

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Adequate Legal Remedy)

Plaintiff's injury or damage, which Sutter Health denies exists, would be adequately compensated in an action at law for damages. Accordingly, plaintiffs and their class have a complete and adequate remedy at law, if any is available, and are not entitled to seek injunctive and other equitable relief.

WHEREFORE, Defendant Sutter Health prays for judgment as follows:

1. **That Plaintiff take nothing by the complaint;**

2. **That Sutter Health receive an award of costs of suit herein; and**

3. **That Sutter Health receive an award of such other and further relief as this Court deems proper.**

DATED: Thursday, June 1, 2006

Respectfully submitted,

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
      MARCIA L. AUGSBURGER

Attorneys for Defendant Sutter Health

6

Defendant Sutter Health's Answer to
First Amended Class Action Complaint

928240v2 09504/0502

CASE TITLE:        Melinda Campbell, *et al*. v. Sutter Health, *et al*.

COURT/CASE NO:     Alameda County Superior Court No. RG05221764

### PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 2, 2006, I served the within:

(1)   Defendant Sutter Health's Answer to First Amended Class Action Complaint

[X]   **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

[ ]   **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

[ ]   **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

[ ]   **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:



Proof of Service                                                        889827v3 09504/0502

1

2    Todd M. Schneider                                    Counsel for Plaintiffs
     Joshua Konecky
3    W.H. "Hank" Wilson
     SCHNEIDER & WALLACE
4    180 Montgomery Street, Suite 2000
     San Francisco, CA 94104
5    Telephone: (415) 421-7100
     Facsimile: (415) 421-7105
6
     *Courtesy Copy to:*                                 Co-counsel for Plaintiffs
7
8    Linda Ross
     LAW OFFICE OF LINDA ROSS
9    2204 Union Street
     San Francisco, CA 94123
10   Telephone: (415) 563-2400
     Facsimile: (415) 931-9981
11
     Scott Kalkin
12   ROBOOSTOFF & KALKIN, PLC
     369 Pine Street, Suite 610
13   San Francisco, CA 94104
     Telephone: (415) 732-0282
14   Facsimile: (415) 732-0287

15

16        I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct and that this document was executed on June 2, 2006.
17
                                                         _Renee Reeve_
18                                                       RENEE REEVE

19

20

21

22

23

24

25

26

27

28

**MHA**
Donough Holland & Allen PC
Attorneys at Law

2