Exhibit D

AMENDED AND RESTATED

BYLAWS

OF

ST. LUKE'S HOSPITAL

a California nonprofit public benefit corporation

(Includes Revisions through August 11, 2004)

## TABLE OF CONTENTS

ARTICLE I — NAME AND PRINCIPAL OFFICE ................................................................. 1
     Section 1-1. -     Name ................................................................................................. 1
     Section 1-2. -     Principal Office and Place of Business ......................................... 1
ARTICLE II — PURPOSES ............................................................................................... 1
     Section 2-1. -     Primary Purposes ........................................................................ 1
     Section 2-2. -     Diocesan Institution of the Protestant Episcopal Church ............... 2
ARTICLE III — MEMBERSHIP .......................................................................................... 2
     Section 3-1. -     Member ............................................................................................ 2
     Section 3-2. -     Transfer of Membership ................................................................ 2
     Section 3-3. -     Exercise of Membership Rights .................................................... 2
     Section 3-4. -     Liabilities and Assessments ........................................................ 3
ARTICLE IV — SYSTEM AFFILIATION .............................................................................. 3
     Section 4-1. -     Affiliated Status ............................................................................ 3
     Section 4-2. -     Participation in Activities of the General Member ......................... 3
     Section 4-3. -     Cash Concentration ...................................................................... 3
     Section 4-4. -     Equity Cash Transfer Policy ......................................................... 3
     Section 4-5. -     Payment of Allocation Fee ........................................................... 4
     Section 4-6. -     Cost of Capital Allocation Policy ................................................ 4
     Section 4-7. -     Representation on the Board of Directors ...................................... 4
     Section 4-8. -     Effect of Policies .......................................................................... 4
     Section 4-9. -     Policies Required of Affiliated Entities ......................................... 4
     Section 4-10. -     Compliance Program .................................................................... 4
ARTICLE V — DIRECTORS ............................................................................................... 5
     Section 5-1. -     Number, Qualification, Selection ................................................ 5
     Section 5-2. -     Powers and Responsibilities ........................................................ 7
     Section 5-3. -     Compensation .............................................................................. 7
     Section 5-4. -     Conflict of Interest ....................................................................... 7
     Section 5-5. -     Removal of Director for Cause ..................................................... 7
     Section 5-6. -     Removal of Director Without Cause .............................................. 7
     Section 5-7. -     Nominations .................................................................................. 8
ARTICLE VI — MEETINGS OF THE BOARD OF DIRECTORS ............................................. 8
     Section 6-1. -     Regular Meetings of the Board ..................................................... 8
     Section 6-2. -     Special Meetings of the Board ..................................................... 8
     Section 6-3. -     Annual Organizational Meetings of the Board ............................ 8
     Section 6-4. -     Place of Meetings of the Board ................................................... 9
     Section 6-5. -     Notice ............................................................................................ 9
     Section 6-6. -     Quorum .......................................................................................... 9
     Section 6-7. -     Manner of Acting .......................................................................... 9
     Section 6-8. -     Presiding Officer ........................................................................... 9
     Section 6-9. -     Telephonic Meetings ..................................................................... 9
     Section 6-10. -     Action in Lieu of Meeting of the Board ...................................... 10

Subp 00521

ARTICLE VII — OFFICERS ........................................................................................10
   Section 7-1. -    General ..............................................................................................10
   Section 7-2. -    Qualification, Election, Term of Office and Removal ......................10
   Section 7-3. -    Subordinate Officers, Etc. ...............................................................10
   Section 7-4. -    Resignation ......................................................................................10
   Section 7-5. -    Vacancies ........................................................................................11
   Section 7-6. -    Chair ................................................................................................11
   Section 7-7. -    Vice Chair ........................................................................................11
   Section 7-8. -    Chief Executive Officer ....................................................................11
      A.   Appointment, Compensation and Removal ........................................11
      B.   Responsibilities and Authority ...........................................................11
   Section 7-9. -    Chief Financial Officer ....................................................................12
   Section 7-10. -   Secretary..........................................................................................12
   Section 7-11. -   Assistant Secretary ..........................................................................12
   Section 7-12. -   Sutter Health Employment ...............................................................13
ARTICLE VIII — COMMITTEES ................................................................................13
   Section 8-1. -    General ..............................................................................................13
   Section 8-2. -    Executive Committee .......................................................................14
      A.   Composition.......................................................................................14
      B.   Responsibilities and Authority ...........................................................14
      C.   Accountability ...................................................................................14
   Section 8-3. -    Governance Committee ....................................................................14
      A.   Composition.......................................................................................14
      B.   Responsibilities and Authority ...........................................................14
   Section 8-4. -    Compliance Committee ....................................................................14
      A.   Composition.......................................................................................14
      B.   Responsibilities and Authority ...........................................................15
      C.   Accountability ...................................................................................15
   Section 8-5. -    Audit and Finance Committee ..........................................................15
      A.   Composition.......................................................................................15
      B.   Responsibilities and Authority ...........................................................15
      C.   Accountability ...................................................................................15
   Section 8-6. -    Strategic Planning Committee ..........................................................15
      A.   Composition.......................................................................................15
      B.   Responsibilities and Authority ...........................................................15
      C.   Accountability ...................................................................................15
   Section 8-7. -    Quality and Service Committee ........................................................15
      A.   Composition.......................................................................................15
      B.   Responsibilities and Authority ...........................................................16
      C.   Accountability ...................................................................................16
   Section 8-8. -    Joint Conference Committee.............................................................16
      A.   Composition.......................................................................................16
      B.   Responsibilities and Authority ...........................................................16
      C.   Accountability ...................................................................................16

Subp 00522

Section 8-9. -    Ad Hoc Committees..................................................................16
    A.    Composition.................................................................................16
    B.    Responsibilities and Authority.....................................................17
    C.    Accountability.............................................................................17
ARTICLE IX — MEDICAL STAFF...........................................................17
Section 9-1. -    Creation...................................................................................17
Section 9-2. -    Appointment, Reappointment and Revocation............................17
Section 9-3. -    Appeal to the Board of Directors ...............................................17
Section 9-4. -    Medical Staff Bylaws.................................................................17
Section 9-5. -    Professional Liability Insurance.................................................18
ARTICLE X — RECORDS, REPORTS AND INSPECTION RIGHTS............18
Section 10-1. -    Maintenance of Articles and Bylaws .........................................18
Section 10-2. -    Maintenance of Other Corporation Records ...............................18
Section 10-3. -    Inspection by Directors or General Member...............................18
Section 10-4. -    Annual Report...........................................................................18
ARTICLE XI — EXECUTION OF DOCUMENTS .......................................19
ARTICLE XII — TRANSACTIONS REQUIRING APPROVAL OF THE GENERAL
    MEMBER .............................................................................................19
Section 12-1. -    Matters Requiring Approval ......................................................19
Section 12-2. -    Other Major Activities ..............................................................21
Section 12-3. -    Approvals..................................................................................21
Section 12-4. -    Exercise of Authority.................................................................21
ARTICLE XIII — AUXILIARIES AND RELATED GROUPS.........................21
Section 13-1. -    Establishment............................................................................21
Section 13-2. -    Board Approval..........................................................................22
ARTICLE XIV — BONDING AND INDEMNIFICATION .............................22
Section 14-1. -    Bonding.....................................................................................22
Section 14-2. -    Indemnification .........................................................................22
ARTICLE XV — AMENDMENTS..............................................................23
Section 15-1. -    Amendments .............................................................................23

Subp 00523

AMENDED AND RESTATED

BYLAWS

OF

ST. LUKE'S HOSPITAL

## ARTICLE I — NAME AND PRINCIPAL OFFICE

### Section 1-1. -   Name

The name of the corporation shall be St. Luke's Hospital. This corporation is a nonprofit public benefit corporation organized under the California Nonprofit Public Benefit Corporation Law. References in these Bylaws to "Corporation" shall mean St. Luke's Hospital unless otherwise specified.

### Section 1-2. -   Principal Office and Place of Business

The principal office of the Corporation shall be at 3555 Cesar Chavez Street, City and County of San Francisco, State of California. The Board of Directors may change the principal office from one location to another in said City and County of San Francisco.

## ARTICLE II — PURPOSES

### Section 2-1. -   Primary Purposes

This Corporation was formed for purposes set forth in its Articles of Incorporation:

A.     To establish, equip and maintain one or more nonprofit hospitals, medical centers, institutions or other places for the reception and care of the sick, injured, and disabled, with permanent facilities that include inpatient beds and medical services; to provide diagnosis and treatment for patients; and to provide associated services, outpatient care and home care in furtherance of this Corporation's charitable purposes;

B.     To promote and carry on educational activities related to the care of the sick, injured and disabled, or to the promotion of health;

Subp 00524

C.   To promote and carry out scientific research related to the care of the sick, injured, and disabled;

D.   To promote or carry out such other activities as may be deemed advisable for the betterment of the general health of the community served; and

E.   To contribute to the growth, development and financial strength of Sutter Health, a California nonprofit public benefit corporation, and all its affiliated corporations that comprise a multi-institutional health care system.

## Section 2-2. - Diocesan Institution of the Protestant Episcopal Church

The Corporation shall at all times operate as a Diocesan Institution of the Protestant Episcopal Church in the Diocese of California. (Its property is irrevocably dedicated to religious, charitable, or hospital purposes.) So long as the Corporation is accepted and certified by Convention as a Diocesan Institution of the Diocese, it will function as such.

## ARTICLE III — MEMBERSHIP

## Section 3-1. -   Member

There shall be one member of this Corporation who shall be Sutter Health, a California nonprofit public benefit corporation ("Member" or "General Member"). The General Member, and only the General Member, shall be entitled to exercise fully all rights and privileges of members of nonprofit corporations under the California Nonprofit Public Benefit Corporation Law, and all other applicable laws. The rights and powers of the General Member shall also include, without limitation, the following: the limitation on liabilities described in Section 3-4 of these Bylaws; the rights and powers to appoint (and remove) the elected members of the Corporation's Board of Directors ("Board of Directors," "Board" or "Directors" or an individual member of the Board may be referred to as "Director"), subject to Sections 5-6 and 5-7 of these Bylaws; and exercise of all of the rights and powers set forth in Article 12 of these Bylaws. The General Member may not be expelled or suspended as the General Member without its consent.

## Section 3-2. -   Transfer of Membership .

The General Member may not transfer its membership or any rights arising therefrom.

## Section 3-3. -   Exercise of Membership Rights

The General Member of this Corporation shall exercise its membership rights through its own Board of Directors. Subject to the provisions of the General Member's Bylaws, and except as otherwise provided in these Bylaws where a super-majority vote of the Board of Directors of the General Member is required, the Board of Directors of the General Member may, by resolution, authorize a person or committee of persons to exercise its vote on any matter to come

DEC_StLH Bylaws – Final  8-11-04.doc              2
St. Luke's Hospital_Bylaws

Subp 00525

before the membership of this Corporation. In addition, the General Member may exercise its membership rights at any regular or special meeting of the Board of Directors of the General Member. The functions required by law or these Bylaws to be performed at the annual membership meeting or any regular or special meeting of the members of this Corporation may be performed at any regular or special meeting of the General Member's own Board of Directors.

Section 3-4. -    Liabilities and Assessments

    The General Member, as such, shall not be liable for the debts of this Corporation. The Board of Directors shall have no power to levy and collect assessments on the General Member. The provisions of this paragraph cannot be amended in any manner.

## ARTICLE IV — SYSTEM AFFILIATION

Section 4-1. -    Affiliated Status

    This Corporation is one of several affiliated corporations that comprise an integrated healthcare system ("System").

Section 4-2. -    Participation in Activities of the General Member

    The Board of Directors shall submit nominees to the General Member in order to enable the General Member to appoint members of this Corporation's Board or officers of this Corporation to serve on the General Member's corporate Board of Directors and/or its Board committees as appropriate to ensure the General Member's continued qualification as a supporting organization under Section 509 of the Internal Revenue Code of 1986, as amended from time to time, or successor provisions.

Section 4-3. -    Cash Concentration

    Subject to the provisions of Section 4-8 of these Bylaws, the Corporation shall participate in the Cash Concentration and Controlled Disbursement Program prescribed by the General Member and in effect from time to time.

Section 4-4. -    Equity Cash Transfer Policy

    Subject to the provisions of Section 4-8 of these Bylaws, the terms of the Equity Cash Transfer Policy contained in Exhibit 1 to these Bylaws are incorporated into and made part of these Bylaws. Neither donor originated funds nor the earnings therefrom shall be subject to the Equity Cash Transfer Policy.

Subp 00526

Section 4-5. -    Payment of Allocation Fee

Subject to the provisions of Section 4-8 of these Bylaws, this Corporation shall pay the allocation fees necessary to maintain the operation of the General Member.

Section 4-6. -    Cost of Capital Allocation Policy

Subject to the provisions of Section 4-8 of these Bylaws, the Corporation shall participate in the Cost of Capital Allocation Policy prescribed by the General Member and in effect from time to time.

Section 4-7. -    Representation on the Board of Directors

The President and CEO of the General Member may designate, by written notice to the Secretary of this Corporation, up to two (2) voting members of the Corporation's Board of Directors. The President and CEO of the General Member may revoke any such designation effective upon delivery of written notice thereof to the Secretary of this Corporation. The President and CEO of the General Member may attend any Board meeting.

Section 4-8. -    Effect of Policies

This Corporation's obligations under Sections 4-3 through 4-6 and the policies described therein shall be subject to all agreements with and obligations to third parties, (including without limitation bond indentures) to which this Corporation is a party or is bound at the time this provision is adopted or which are otherwise approved by the General Member after the adoption of this provision.

Section 4-9. -    Policies Required of Affiliated Entities

Except for tax-exempt entities which are primarily fundraising foundations and the Brotherton Fund (until the latter is dissolved), this Corporation shall prescribe the policies described in Sections 4-3 through 4-6 to the tax-exempt entities that this Corporation owns or controls or of which this Corporation is a member. As to those entities, the policies shall be subject to all agreements with and obligations to third parties, (including without limitation bond indentures) to which the entity is a party or is bound at the time this provision is adopted or which are otherwise approved by the General Member after the adoption of this provision.

Section 4-10. -    Compliance Program

This Corporation shall adopt a Compliance Program consistent with Sutter Health Compliance Program Plan which shall include the following:

A.    All Board Members shall receive Compliance training consistent with Sutter Health Compliance Program Plan.

Subp 00527

B.      The Board shall have oversight of and ultimate responsibility for an effective
        Compliance Program including adoption of related compliance policies.

C.      The Board or a Committee of the Board shall receive and review routine and
        special Compliance reports on a regular basis.

D.      The Board shall delegate to Corporation's chief executive officer responsibility
        to implement Compliance Program in accordance with Sutter Health
        Compliance Program Plan.


## ARTICLE V — DIRECTORS

### Section 5-1. -    Number, Qualification, Selection

A.      The Board of Directors shall consist of the following twenty-five (25) persons.

    (1)     Ex-Officio Directors. The holders of the following offices shall serve as
        ex-officio Directors during incumbency in the office indicated:

        (1)   The Episcopal Bishop of California;
        (2)   Chief Executive Officer of St. Luke's Hospital;
        (3)   Chair of St. Luke's Hospital Foundation;
        (4)   Chief of Medical Staff, St. Luke's Hospital;

    Ex-officio Directors shall have all the rights and obligations of a Director,
        including the right to vote on all matters presented to the Board. The
        Episcopal Bishop of California shall have the right from time to time to
        designate a person to serve in his stead.

    (2)     Elected Directors. There shall be up to eighteen (18) Directors nominated
        by the Board and appointed by the general member ("Elected Directors").
        At least a majority of elected members of the Board of Directors shall be
        members in good standing of a parish or mission of the Episcopal Diocese
        of California or cleric canonically resident in such Diocese, unless specific
        exemption from such requirement is obtained from the Bishop and
        Standing Committee of the Diocese. The initial election of any person to
        the Board of Directors shall be subject to the written consent of the Bishop
        and Standing Committee of the Diocese.

    (3)     Designated Directors.

        1.   Sutter Health Representative. The President and Chief Executive
             Officer of Sutter Health Board shall designate two Directors.

DEC_StLH Bylaws – Final 8-11-04.doc               5
St. Luke's Hospital_Bylaws

Subp 00528

2.  California Pacific Medical Center Representative. California Pacific Medical Center shall designate one Director.

B.  Notwithstanding any other provision of these Bylaws to the contrary, not more than forty percent (40%) of the persons serving as Directors at any time may be interested persons.  An interested person is:

1.  Any person being compensated by the Corporation for services rendered to it within the previous 12 months, whether as a full-time or part-time employee, independent contractor or otherwise, excluding any reasonable compensation paid to a Director as Director;

2.  Any member of the Corporation's medical staff; or

3.  Any brother, sister, ancestor, descendant, spouse, brother-in-law, sister-in-law, son-in-law, daughter-in-law, mother-in-law or father-in-law of any such person above.

However, any violation of the provisions of this Section 5-1B shall not affect the validity or enforceability of any transaction entered into by the Corporation.

C.  Elected Directors shall be chosen for their willingness and ability to effectively contribute to and support the objectives of the Corporation. Composition of the Board should reflect a breadth of diversity of community interests that is in keeping with the broad role of the Corporation in the community.

D.  At the annual membership meeting, in addition to whatever other business that may be conducted, the General Member shall elect replacements for Elected Directors whose terms will expire prior to the next annual meeting of the membership. Elected Directors shall be elected by vote of the General Member from a slate of nominees selected as described at Section 5-7 of these Bylaws.

E.  The terms of all Elected Directors shall be for three years, and appointments shall be staggered. In order to effect staggered terms, certain Directors may have shorter terms than three years. No Elected Director may serve for more than three consecutive three-year terms. (A partial term shall not be counted as a term for this limitation.) An Elected Director shall hold office until the earlier of: (1) the expiration of the term for which such Elected Director was elected and either such Elected Director's successor is elected and qualified or the Board declares such Elected Director's position to be vacant; or (2) the death, resignation or removal of the Elected Director. None of the foregoing provisions apply to ex-officio Directors or the Designated Directors.

Subp 00529

Section 5-2. -    Powers and Responsibilities

Except as otherwise provided by the Articles of Incorporation or these Bylaws, the powers of the Corporation shall be exercised, its property controlled and its affairs conducted by or under the direction of the Board of Directors. The Board shall promulgate policies consistent with any system-wide policies adopted by the System.

Section 5-3. -    Compensation

Directors shall serve without compensation except for reimbursement for reasonable expenses and as otherwise specifically provided by a resolution of the Board. In keeping with the nonprofit status of the Corporation, no Director shall benefit financially from his/her position as a Director.

Directors may be reimbursed for all out-of-pocket expenses incurred in attending meetings and carrying out duties and functions directly related to the Corporation's business.

Section 5-4. -    Conflict of Interest

The Board shall promulgate written policies regarding conflict of interest related to Directors, salaried persons of the Corporation and officers of the Medical Staff. Such policies shall be consistent with the standards of conduct set forth in Sections 5230 through 5239 of the California Corporations Code, or successor provisions and applicable provisions of the Internal Revenue Code. Such policies shall ensure full disclosure of financial interests and transactions where conflict of interest is a possibility, and shall ensure the avoidance of potential conflict of interest in choosing new Directors. Such policies shall impose upon each Director the responsibility to be alert to possible conflicts of interest of himself/herself or of other Directors, and shall require that each Director declare his/her absence of conflict of interest on a declaration form provided for that purpose and disqualify himself/herself from making a decision where he/she has a conflict of interest.

Section 5-5. -    Removal of Director for Cause

The Board of Directors may declare vacant the office of a director who has been declared of unsound mind by a final order of court, or convicted of a felony, or been found by a final order or judgment of any court to have breached any duty under Article 3 (commencing with Section 5230) of the California Corporations Code.

Section 5-6. -    Removal of Director Without Cause

Any and all elected or designated directors may be removed without cause by the Member; provided, however, the Member shall notify this Corporation's Board, and give it an opportunity to respond in the manner and subject to the terms and conditions described herein, prior to the effective date of any such proposed removal. Upon request of this Corporation's Board, the Member shall meet and confer with the Board or its representative, for the purpose of

DEC_StLH Bylaws – Final 8-11-04.doc                     7
St. Luke's Hospital_Bylaws

Subp 00530

reconsidering the proposed removal. In the event at least a majority of the elected Board members do not concur with the proposed removal, and in the event the proposed removal is not for cause as defined by Corporations Code Section 5221, such removal shall not be effective until a replacement has been nominated and selected as provided in Section 5-1.A(2) of these Bylaws. Where a director removed under this section was chosen by designation pursuant to Section 5-1.A(3) of this Article, the removal of the director shall require the written consent of the designating person.

Section 5-7. -    Nominations

Nominations of directors, including but not limited to nominations for full terms, and nominations to fill vacancies created by resignation, removal, or death occurring during a term, shall be proposed by the Governance Committee. The Board, as further described in Section 5-1.A (2) of these Bylaws, shall approve the nominees. The Member may accept any candidate proposed by the Board, reject any and all candidates with instructions to reconsider, or propose its own candidate. In the event the Member proposes its own candidate, it shall give the Board, the Bishop and Standing Committee of the Diocese 30 days to accept or reject the Member's proposed candidate. In the event the Board, the Bishop or Standing Committee of the Diocese does not act within 30 days, the Member's selection shall become effective. If the Board rejects the Member's proposed candidate the disagreement shall be mediated by an independent mediator acceptable to both parties. Both the Board and the Member shall participate in good faith in such mediation. If the disagreement is not resolved within 60 days after submission to the mediator to the satisfaction of both parties, the Member's appointee shall take office.

## ARTICLE VI — MEETINGS OF THE BOARD OF DIRECTORS

Section 6-1. -    Regular Meetings of the Board

Regular meetings of the Board shall be held at least ten times a year at such time and place as the Board shall from time to time determine.

Section 6-2. -    Special Meetings of the Board

Special meetings of the Board may be called at any time by the Chair of the Board, any two Directors or the General Member.

Section 6-3. -    Annual Organizational Meetings of the Board

Annually, no later than 30 days following each annual meeting of the general membership, the Board shall meet for the purpose of electing the officers.

Subp 00531

Section 6-4. -    Place of Meetings of the Board

All regular meetings of the Board, except as herein otherwise provided, shall be held at the principal office of the Corporation or such other place within the State of California as the Chair of the Board or the Directors requesting such a meeting may designate.

Section 6-5. -    Notice

Special meetings of the Board shall be held upon no less than four days' notice to each Director by first-class mail or 48 hours' notice to each Director delivered personally or by telephone, telegraph or facsimile transmission. The attendance of a Director at any meeting shall constitute a waiver of notice of the meeting, except where a Director attends a meeting only for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

Section 6-6. -    Quorum

A majority of the whole number of Directors presently serving and empowered to vote shall constitute a quorum for the transaction of business. However, a majority of those present at the time and place of any meeting, although less than a quorum, may adjourn the same from time to time or from day to day, without further notice, until a quorum shall attend, and when a quorum shall attend, any business may be transacted which might have been transacted at the meeting had the same been held on the day on which the same was originally appointed or called.

Section 6-7. -    Manner of Acting

The act of a majority of Directors empowered to vote and present at a meeting at which a quorum is present shall be the act of the Board, unless the act of a greater number is required by law or these Bylaws.

Section 6-8. -    Presiding Officer

The Chair of the Board, or in his/her absence, the Vice Chair, or in the absence of both, a chairperson selected by the Directors present, shall call the meeting to order and shall preside.

Section 6-9. -    Telephonic Meetings

Directors may participate in meetings of the Board through use of conference telephone, video conference or similar communications equipment, so long as all directors participating in such meeting can hear one another. Participation in a meeting pursuant to this Section 6-9 constitutes presence in person at such meeting.

Subp 00532

Section 6-10. -   Action in Lieu of Meeting of the Board

Any action required or permitted to be taken by the Board may be taken without a meeting, if all Directors shall individually or collectively consent in writing to such action. Such written consent or consents shall be filed with the minutes of proceedings of the Board. Such action by written consent shall have the same force and effect as the unanimous vote of the Directors.

## ARTICLE VII — OFFICERS

### Section 7-1. -    General

The officers of the Corporation shall be a Chair, a Vice Chair, a Chief Executive Officer, a Chief Financial Officer and a Secretary. The Corporation may also have, at the discretion of the Board, one or more Assistant Secretaries and such other officers as may be appointed in accordance with the provisions of Section 7-3. Offices may be held by the same person except that neither the Chief Financial Officer nor the Secretary may serve concurrently as Chair of the Board or as the Chief Executive Officer.

### Section 7-2. -    Qualification, Election, Term of Office and Removal

The Chief Executive Officer shall select the Chief Financial Officer. All other officers of the Corporation shall be chosen by the Board, and shall serve at the pleasure of the Board, subject to the rights, if any, of an officer under any contract of employment. The Chair, Vice Chair and Secretary shall be selected from persons who are Elected Directors. The officers shall serve for one-year terms or until successors have been elected, but must be elected each year. Officers shall serve a maximum of three consecutive one-year terms. Any officer may be removed as an officer with or without cause by a majority of the whole number of Directors presently serving and empowered to vote. Any removal as an officer shall not affect the officer's status as a Director.

### Section 7-3. -    Subordinate Officers, Etc.

The Board may appoint such other officers as the business of the Corporation may require, each of whom shall hold office for such period, have such authority and perform such duties as are required in these Bylaws or as the Board may from time to time determine.

### Section 7-4. -    Resignation

Any officer may resign at any time by giving written notice to the Board, subject to the rights, if any, of the Corporation under any contract to which the officer is a party. Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Subp 00533

Section 7-5. -    Vacancies

A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled in the manner prescribed in these Bylaws for regular appointments to such office.

Section 7-6. -    Chair

The Chair shall preside at all meetings of the Board.  The Chair shall exercise and perform such other powers and duties as may be prescribed by the Board from time to time.  The Chair shall be an ex-officio member of all committees.

Section 7-7. -    Vice Chair

The Vice Chair, in the absence, inability or refusal of the Chair of the Board to act, shall have the same powers and duties as the Chair and shall have, in addition, any powers and duties that the Chair from time to time delegates to him/her.  The Vice Chair shall have such other powers and perform such other duties as may be assigned to him/her by the Board or these Bylaws.

Section 7-8. -    Chief Executive Officer

A.    Appointment, Compensation and Removal.  The President and Chief Executive Officer of the General Member shall screen candidates when the chief executive officer (hereinafter, the "Chief Executive Officer") is to be hired and shall present finalists to the Board of this Corporation for selection.  The Chief Executive Officer shall be an employee of the General Member.  The Executive Committee of the Board of this Corporation shall meet with and provide an evaluation of the Chief Executive Officer and shall make compensation recommendations, based on an agreed upon salary system and survey process, to the President and Chief Executive Officer of the General Member, or his or her designee, who shall make the final determination.  The Chief Executive Officer shall serve at the pleasure of the General Member, acting through its President and Chief Executive Officer, and the Board of this Corporation, each of which, with the approval of the other, may terminate the services of the Chief Executive Officer.

B.    Responsibilities and Authority.  The Chief Executive Officer shall be the general manager and administrator of this Corporation.  The Chief Executive Officer shall be given the necessary authority and responsibility to operate this Corporation in all of its activities, including without limitation, quality of services, cost effectiveness and economic performance and implementation of System strategies, subject to the following:  With respect to policy development, program planning, employee and community relations, the Chief Executive Officer shall be subject to such policies as may be adopted and such orders as may be issued by the Board of this Corporation or by any of its committees to which the Board has

Subp 00534

delegated the power for such action; with respect to program execution and overall management performance, the Chief Executive Officer shall be subject to the authority of and shall report to the Board; with respect to strategies of the local delivery system operated by this Corporation and overall operations of that system, the Chief Executive Officer shall be responsible to the President of the General Member. The Chief Executive Officer shall also periodically report to the President and Chief Executive Officer of the General Member or his/her designee on the affairs of this Corporation. The Chief Executive Officer shall act as the duly authorized representative of the Board of this Corporation in all matters in which the Board has not formally designated some other person to so act.

## Section 7-9. -    Chief Financial Officer

The Chief Financial Officer shall keep and maintain, or cause to be kept and maintained, adequate and correct books and records of account in written form or any other form capable of being converted into written form. The Chief Financial Officer shall deposit all monies and other valuables in the name and to the credit of the Corporation with such depositories as may be designated by the Board. The Chief Financial Officer shall reimburse all funds of the Corporation as may be ordered by the Board. The books of account shall at all times be open to inspection by the Chief Executive Officer, any Director and the General Member. The Chief Financial Officer shall have such other powers and perform such other duties as may be prescribed by the Board or these Bylaws.

## Section 7-10. -    Secretary

The Secretary shall keep, or cause to be kept, a book of minutes in written form of the proceedings of the Board and committees of the Board. Such minutes shall include all waivers of notice, consents to the holding of meetings or approvals of the minutes of meetings executed pursuant to these Bylaws or the California Nonprofit Public Benefit Corporation Law. The Secretary shall give, or cause to be given, notice of all meetings of the Board required by these Bylaws or the California Nonprofit Public Benefit Corporation Law to be given. The Secretary shall have such other powers and perform such other duties as may be prescribed by the Board or these Bylaws.

## Section 7-11. -    Assistant Secretary

The Assistant Secretary, if there shall be such an officer, shall have all the powers and perform all the duties of the Secretary in the absence or inability of the Secretary to act. The Assistant Secretary shall have such other powers and perform such other duties as may be prescribed by the Board or these Bylaws.

DEC_StLH Bylaws -- Final  8-11-04.doc              12
St. Luke's Hospital_Bylaws

Subp 00535

Section 7-12. -   Sutter Health Employment

     The Chief Executive Officer, the Chief Financial Officer and other qualifying members of the Senior Management Team shall be Sutter Health employees.

## ARTICLE VIII — COMMITTEES

Section 8-1. -    General

     Except as specified in these Bylaws or in any resolution creating an additional committee, the Chair of the Board shall have the power to appoint the members and chairperson of each committee, subject to approval of the Board. The chairperson and all other members of each committee shall hold office or until their successors are appointed. Except as specified for the Executive Committee, the Chair of the Board shall have the power to fill any vacancies that occur on committees for the remainder of the year. Each member appointed to a committee shall be a voting member.

     With the exception of the Executive Committee, persons may be appointed to committees who are not Directors of the Corporation; however, such persons may not be a chairperson of the committee. The Chair of the Board, or his/her designee, shall be an ex-officio advisory and ·consulting member of each committee, and all committees deliberating on issues affecting the discharge of Medical Staff responsibilities shall include, in at least an advisory and consulting capacity, a physician member of the Medical Staff.

     To the extent adopted by resolution by a majority of the directors present at a meeting at which a quorum is present, the following committees shall have and exercise the authority of the Board of Directors in the management of the Corporation, but the designation of such committees and the delegation thereto of authority shall not operate to relieve the Board of Directors or any individual Director of any responsibility imposed upon it or him by law. Except as provided hereafter, each committee shall be composed of not less than two (2) directors, one of whom shall be the chair of the committee. Members of the active Medical Staff of the Corporation and other persons not members of the board may be named and serve on any such regular committee.

     The provisions of Sections 6 of these Bylaws, regarding notice, quorum, manner of acting, telephone meetings and action in lieu of a meeting shall apply to committees of the Board. All committees of the Board shall keep minutes of their meetings, which shall be filed with the Secretary of the Board.

     The specified committees and the duties of each are as follows:

Subp 00536

Section 8-2. -    Executive Committee

A.    <u>Composition</u>. The Executive Committee shall consist of the Chair of the Board, who shall serve as chairperson of the committee, the Vice Chair of the Board, the Sutter Health Designated Director or his/her designee, and the Chief Executive Officer, as well as any other board members which the Chair of the Board shall appoint.

B.    <u>Responsibilities and Authority</u>. The affairs and management of the Corporation shall be supervised by the Executive Committee which shall have power to transact all regular business of the Corporation during the period between meetings of the Board, subject to any prior limitations imposed by the Board and subject to the limitations of California Corporations Code Section 5212, or successor provisions. Additionally, the Executive Committee shall review, at least every two years, the corporate Bylaws and recommend revisions as necessary to ensure compliance with applicable statutes, regulations, licensing and accreditation requirements.

C.    <u>Accountability</u>. The Executive Committee shall meet only as necessary. If the Executive Committee takes action, it shall report at the next regular Board meeting the results of actions that it has taken within the authority delegated to it, so that the Board maintains accountability from the Executive Committee for its actions. Minutes of all meetings of the Executive Committee shall be distributed to all Board members for information and any necessary actions.

Section 8-3. -    Governance Committee

A.    <u>Composition</u>. The board shall designate not less than two (2) directors to serve as a Governance Committee.

B.    <u>Responsibilities and Authority</u>. The Governance Committee shall be responsible for developing for board approval criteria for selection to the office of Director and for the modification and updating of such criteria. The committee shall nominate for the office of Director the number of persons necessary to fill vacancies in the board by reason of expiration of term or resignation, or any other cause. The Governance Committee shall also plan the Board annual retreat and be responsible for the orientation, training, and other development of Directors.

C.    <u>Accountability</u>. The committee shall make regular reports to the Executive Committee or to the Board.

Section 8-4. -    Compliance Committee

A.    <u>Composition</u>. The board shall designate not less than two (2) directors to serve as a Compliance Committee.

DEC_StLH Bylaws – Final 8-11-04.doc                14
St. Luke's Hospital_Bylaws

Subp 00537

B.    Responsibilities and Authority.   The Compliance Committee shall receive regular reports from the Corporation's compliance officer.  The Committee shall assure that the Corporation's compliance program is effective and coordinated with the General Member's compliance program.

C.    Accountability. The committee shall make regular compliance reports to the Board of Directors.

## Section 8-5. - Audit and Finance Committee

A.    Composition.  The board shall designate not less than two (2) directors to serve as an Audit and Finance Committee.

B.    Responsibilities and Authority.  The Audit and Finance Committee shall review and recommend the proposed annual operating and capital budgets, monitor operating results and capital expenditures, and review all financial affairs of the Corporation. The committee shall receive and review the System's annual audit report and the Corporation's specific annual audit report and management letter comments; provide input into the annual audit plan; meet with the System's internal auditors and/or independent auditors in executive session without Management present; and to receive periodic audit reports from the System's Internal Audit Department.

C.    Accountability.  The Committee shall meet at least monthly and make recommendations to the Executive Committee or to the Board.

## Section 8-6. - Strategic Planning Committee

A.    Composition. The board shall designate not less than two (2) directors to serve as a Strategic Planning Committee.

B.    Responsibilities and Authority.  The Strategic Planning Committee shall be responsible for the development, review and monitoring of progress of the plan for accomplishment of the Corporation's mission and objectives.

C.    Accountability.  The Committee shall make periodic recommendations to the board to modify and update the strategic plan.

## Section 8-7. - Quality and Service Committee

A.    Composition.  The membership of the Board Quality and Service Committee are delegated representatives of the Board of Directors.  The Committee shall meet at least six (6) times per year and include the following members:

Subp 00538

(1)    Selected members of the Board of Directors;

(2)    Chief of the Medical Staff and members of the Medical Staff;

(3)    Director of Quality and Service or other designee of the Chief Executive Officer;

(4)    The Chairperson of the Medical Staff Quality Committee; and

(5)    Chief Executive Officer or designee.

B.    Responsibilities and Authority. The Board Quality and Service Committee sets standards, oversees the organization-wide performance improvement activities, regularly reviews the policies and procedures of the administration and Medical Staff relating to quality of patient care and risk management and facilitates communication between the Board of Directors, hospital administration, medical staff and hospital departments. The Board Quality and Service Committee shall establish priorities for organization-wide performance improvement activities and ensure adequate resources are allocated to accomplish performance improvement functions and expected outcomes.

C.    Accountability. The Committee shall make periodic reports to the Board of Directors on its activities and make recommendations to the Board when appropriate.

Section 8-8. -    Joint Conference Committee

A.    Composition. This committee shall consist of the Chair, Vice Chair and other designated members of the board; the Chief, Vice Chief and Secretary-Treasurer of the Medical Staff; and the Chief Executive Officer of the Corporation.

B.    Responsibilities and Authority. This Committee shall act as liaison between the board and the administration of the Corporation and the Medical Staff. This committee shall receive communications, requests and recommendations presented by the Medical Staff through its authorized representatives on matters of a medical administrative nature, shall review the same, and shall make recommendations to the board when appropriate.

C.    Accountability. This committee shall meet at the call of the Chair of the board, upon the initiative of the Chair, or at the request of the Chief of the Medical Staff or the Chief Executive Officer of the Corporation.

Section 8-9. -    Ad Hoc Committees

A.    Composition. Ad hoc committees may be appointed by the Board for such special purposes as circumstances warrant. Individuals not on the Board but having special knowledge or background may be appointed to serve on such committees.

Subp 00539

B.     <u>Responsibilities and Authority</u>.  Activities of an ad hoc committee shall be limited to the accomplishment of those tasks for which it was appointed.  The committee shall have no powers except those specifically conferred by the Board.

C.     <u>Accountability</u>.  All ad hoc committees shall report directly to the Board.  Upon completion of the stated purpose for which it was formed, the committee shall be discharged.

## ARTICLE IX — MEDICAL STAFF

### Section 9-1. -    Creation

The Board of Directors shall make provision for organization for a medical staff, consisting of doctors of medicine, doctors of dentistry, and doctors of other healing arts or sciences in the fields related to medicine who are privileged to attend to patients at the hospital.

### Section 9-2. -    Appointment, Reappointment and Revocation

The Board of Directors acting upon the recommendation of the executive committee of the medical staff shall have the final authority over appointment and reappointment of medical staff members, and over the revocation and other curtailment of medical staff membership or privileges.  The medical staff of the corporation shall evaluate the professional competence and qualifications of applicants for appointments or reappointment, and shall make recommendations to the Board of Directors concerning the suitability of all such applicants.  The medical staff shall in like manner evaluate all cases where revocation or curtailment of staff membership or privileges is considered, and shall recommend action to the Board of Directors.  The medical staff shall include in its by-laws procedures for the evaluation and recommendations required under this section, and including procedures for appeal of adverse decisions to the medical staff or committees thereof and to the Board of Directors.

### Section 9-3. -    Appeal to the Board of Directors

In any case where there is a recommendation to deny, reduce, condition or suspend clinical privileges, revoke or suspend medical staff membership, continue a summary suspension, or deny or defer medical staff appointments or reappointments, the affected member of the staff who has complied with all conditions of appeal set forth in the medical staff by-laws approved by the Board of Directors, shall be entitled to such an appellate review and hearing that may be specified by the terms of such medical staff bylaws.

### Section 9-4. -    Medical Staff Bylaws

Subject to the approval of the Board of Directors (whose approval shall not be unreasonably withheld), the medical staff shall adopt bylaws, rules and regulations defining the organization or the medical staff, procedures for evaluations and recommendations concerning

Subp 00540

appointments, reappointments and revocation or curtailment of staff membership or privileges, procedures for formal and effective medical staff participation in formulating hospital administrative policy and standards of patient care, and such other matters that the medical staff shall deem appropriate for inclusion in its bylaws, rules and regulations.

## Section 9-5. -   Professional Liability Insurance

The Board shall ensure that each practitioner granted clinical privileges in the Corporation's facilities shall maintain professional liability insurance in not less than the minimum amounts as from time to time may be determined by the Board, based upon the recommendation of the executive committee of the Medical Staff or as required by Corporation's professional liability insurance carrier. The minimum amount of required coverage established pursuant to this provision shall not exceed the amount of professional liability insurance carried by the Corporation.

## ARTICLE X — RECORDS, REPORTS AND INSPECTION RIGHTS

## Section 10-1. -   Maintenance of Articles and Bylaws

The Corporation shall keep at its principal office the original or copies of the Articles of Incorporation and the Bylaws as amended to date.

## Section 10-2. -   Maintenance of Other Corporation Records

The accounting books, records and minutes of proceedings of the Board and committees of the Board shall be kept at such place or places designated by the Board, or, in the absence of such designation, at the principal office of the Corporation. The minutes shall be kept in written or typed form, and the accounting books and records shall be kept in either written or typed form, or in any other form capable of being converted into written, typed or printed form.

## Section 10-3. -   Inspection by Directors or General Member

Except as otherwise limited by law, every Director and the General Member shall have the absolute right at any reasonable time to inspect all books, records and documents of every kind and the physical properties of the Corporation. This inspection by a Director or the General Member may be made in person or by an agent or attorney, and the right of inspection includes the right to copy and make extracts of documents.

## Section 10-4. -   Annual Report

The fiscal year of this Corporation shall end on the 31st day of December of each year. The Corporation shall provide to the Directors, within 120 days after the close of its fiscal year, a report containing the following information in reasonable detail:

Subp 00541

A.    The assets and liabilities, including the trust funds, of the Corporation as of the end of the fiscal year;

B.    The principal changes in assets and liabilities, including trust funds, during the fiscal year;

C.    The revenue or receipts of the Corporation, both unrestricted and restricted to particular purposes, for the fiscal year;

D.    The expenses or disbursements of the Corporation, for both general and restricted purposes, during the fiscal year;

E.    Any information required by the California Nonprofit Public Benefit Corporation Law regarding transactions with interested persons and indemnifications; and

F.    The report shall be accompanied by any report by independent accountants, or, if there is no such independent report, a certificate to the effect that the report was prepared without audit.

## ARTICLE XI — EXECUTION OF DOCUMENTS

The following persons shall be authorized to execute any deeds, mortgages, bonds, contracts or other instruments which the Board has authorized:

A.    Any officer or other person duly authorized by resolution of the Board to execute documents; or

B.    In the absence of express authorization by Board resolution, the Chair or Chief Executive Officer, and the Secretary or any Assistant Secretary (all subject to such limitations as may be imposed by resolution of the Board).

## ARTICLE XII — TRANSACTIONS REQUIRING APPROVAL OF THE GENERAL MEMBER

Section 12-1. - Matters Requiring Approval

Notwithstanding anything in these Bylaws to the contrary, neither the Board nor any officer or employee of the Corporation may take any of the following actions, or approve an affiliate taking any of the following actions without the prior approval of the General Member:

A.    Merger, consolidation, reorganization or dissolution of this Corporation or any subsidiary or affiliate entity;

DEC_StLH Bylaws ~ Final 8-11-04.doc          19
St. Luke's Hospital_Bylaws

Subp 00542

B.   Amendment or restatement of the Articles of Incorporation or the Bylaws of this Corporation or any subsidiary or affiliate entity;

C.   Adoption of operating budgets of this Corporation or any subsidiary or affiliate entity, including consolidated or combined budgets of this Corporation and all subsidiary organizations of the Corporation;

D.   Adoption of capital budgets of this Corporation or any subsidiary or affiliate entity;

E.   Aggregate operating or capital expenditures on an annual basis that exceed approved operating or capital budgets by a specified dollar amount to be determined from time to time by the General Member;

F.   Long-term or material agreements including, but not limited to, borrowings, equity financings, capitalized leases and installment contracts; and purchase, sale, lease, disposition, hypothecation, exchange, gift, pledge or encumbrance of any asset, real or personal, with a fair market value in excess of a dollar amount to be determined from time to time by the Directors of the General Member, which shall not be less than 10% of the total annual capital budget of this Corporation;

G.   Appointment of an independent auditor and hiring of independent counsel except in conflict situations between the General Member and this Corporation or any subsidiary or affiliate entity;

H.   The creation or acquisition of any subsidiary or affiliate entity;

I.   Contracting with an unrelated third party for all or substantially all of the management of the assets or operations of this Corporation or any subsidiary or affiliate entity;

J.   Approval of major new programs and clinical services of this Corporation or any subsidiary or affiliate entity. The General Member shall from time to time define the term "major" in this context;

K.   Approval of strategic plans of this Corporation or any subsidiary or affiliate entity;

L.   Adoption of quality assurance policies not in conformity with policies established by the General Member; and

M.   Any transaction between this Corporation, a subsidiary or affiliate and a director of this Corporation or an affiliate of such director.

Subp 00543

Section 12-2. - Other Major Activities

A.    In addition, the General Member shall have the authority, except as otherwise
      provided by the General Member and after consultation with this Corporation, to
      require the prior review and approval of those activities of this Corporation or any
      subsidiary or affiliate entity which the General Member determines to be major
      activities.

B.    "Major activities" shall be those which the General Member by a vote of not less
      than two-thirds (2/3) of its Board of Directors has declared major, by written
      notice to this Corporation, delivered personally or transmitted by registered or
      certified mail return receipt requested. Such notice shall specifically identify the
      matter or matters requiring approval of the General Member, and shall refer to this
      Bylaw provision granting such approval rights to the General Member. Notices
      received pursuant to this section shall be recorded in the minutes of this
      Corporation and shall be filed with the minutes of this Corporation.

Section 12-3. - Approvals

        The General Member's approval or disapproval of matters described in Section 12-1
or 12-2, above, shall be recorded in or filed with the minutes of this Corporation.

Section 12-4. - Exercise of Authority

        Notwithstanding any provision in these Bylaws to the contrary, and except as otherwise
provided in subsection B of Section 12-2 of these Bylaws (regarding definition of "major
activities"), this Corporation shall not prescribe the manner by which the General Member
exercises its authority under these Bylaws, and no present or future provision of these Bylaws
shall have such effect. Without limiting the generality of the foregoing, no present or future
provision of these Bylaws or other action of this Corporation shall prescribe the required vote of
the Board of the General Member for the exercise of its authority herein, nor shall the approval of
the General Member to be inferred from its failure affirmatively to disapprove of a proposed
action of this Corporation within a specified time period.

## ARTICLE XIII — AUXILIARIES AND RELATED GROUPS

Section 13-1. - Establishment

        Subject to the provisions of Section 12-1, the Board may establish or support the
establishment of auxiliaries, supporting foundations and/or related organizations, wishing to support
the objectives of the Corporation or work in complementary ways with the Corporation. Bylaws,
other rules and regulations of the auxiliary, supporting foundations and/or other related organizations
and any amendments thereto, and all major projects must be approved by the Board.

Subp 00544

Section 13-2. - Board Approval

For liaison purposes only, a Director shall be appointed to attend executive committee meetings of the auxiliary, supporting foundation or related organization, and from time to time, but not less than annually, the Board shall receive a report, for information only, from the auxiliary or related organization as to the operations of that organization.

## ARTICLE XIV — BONDING AND INDEMNIFICATION

### Section 14-1. - Bonding

All officers and employees handling funds shall be properly bonded.

### Section 14-2. - Indemnification

The Corporation shall, to the maximum extend permitted by law, indemnify each of its present or former directors, officers or employees against expenses, judgments, fines, settlements and other amounts actually and reasonably incurred in connection with any proceeding arising by reason of the fact that any such person is or was an agent of the Corporation and in any proceeding brought by a third party against such person (whether or not the Corporation is joined as a party defendant) to impose a liability on such person for an act alleged to have been committed while a director, officer or employee, or by the Corporation, or by both; provided that the Board of Directors, by a majority vote of a quorum consisting of directors who are not parties to such proceeding, determines that such director, officer or employee was acting in good faith and in a manner he or she reasonably believed to be in the best interests of the Corporation or its members, and in the case of a criminal proceeding, had no reasonable cause to believe that his or her conduct was unlawful. Payments authorized hereunder include amounts paid and expenses insured in settling any such proceeding or threatened proceeding. The foregoing does not apply to any proceeding specifically excluded by law, which includes a proceeding brought by this Corporation, a proceeding instituted or maintained on behalf of this Corporation by a member and certain actions brought by the Attorney General of California or a person granted relator status by said Attorney General.

In a proceeding as to which indemnification pursuant to the preceding paragraph is specifically excluded by law, this Corporation shall indemnify each of its directors, officers or employees against expenses actually and reasonably incurred in connection with the defense or settlement of such proceeding arising by reason of the fact that any such person is or was a director, officer or employee of this Corporation; provided, however, that the Board of Directors determines that such director, officer or employee was acting in good faith and in a manner such person believed to be in the best interests of this Corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances and further provided that, to the extend required by law, the authority specified by law shall also approve the indemnification provided for by this paragraph.

Subp 00545

Expenses incurred in defending any proceeding may be advanced by the Corporation prior to the final disposition of such proceeding upon receipt of any undertaking by or on behalf of the director, officer or employee to repay the amount of the advance unless it shall be determined ultimately that such director, officer or employee is entitled to be indemnified as authorized in this Article or by law.

The Board of Directors may authorize the Corporation to pay in whole or in part the premium or other charge for any type of insurance in which any director, officer or employee of the Corporation is indemnified or insured against liability, loss or expense arising out of his actual or alleged misfeasance or nonfeasance in the performance of his or her duties or any wrongful act against or by the Corporation, provided that no such insurance may indemnify any such person for violation of Section 5233 of the California Nonprofit Public Benefit Corporation Law.

The provisions of the above paragraphs shall apply to the legal representatives and heirs of any present or former director, officer or employee of the Corporation.

## ARTICLE XV — AMENDMENTS

### Section 15-1. - Amendments

These Bylaws may be amended or new Bylaws may be adopted by action of the Board at any regular meeting of the Board or at any special meeting called for that purpose. Amendments shall not be effective unless and until approved by the General Member. Alternatively, amendments may be adopted by the General Member, other than amendments which reduce the powers of the Board or which amend or delete Section 2-2, at any regular or special meeting of the Board of the General Member called for that purpose. However, prior to amending unilaterally these Bylaws, the General Member shall notify the Board of the proposed changes, explain the reasons for them, and allow the Board to comment. Following that process the General Member may request that the Board adopt such amendments at its next regularly scheduled meeting.

Subp 00546

## EXHIBIT 1

## EQUITY CASH TRANSFER POLICY

Exhibit 1

DEC StLH Bylaws – Final 8-11-04.doc
St. Luke's Hospital_Bylaws

Subp 00547

| Sutter Health and Affiliates<br>Finance Policies and Procedures | |
|---|---|
| **EQUITY CASH TRANSFER** | |
| Policy Number 207 | Origination Date: 1/96<br>Last Revised Date: 7/98<br>Next Review Date: 9/99 |
| Approved by: Bob Reed, Chief Financial Officer | |

## POLICY

Sutter Health shall ensure that operating funds are available to affiliated entities sufficient to fund their approved operating and capital budgets. Transfers from Sutter Health to affiliates may be made where such transfers are determined to be in the best interests of the Sutter Health system, the affiliate has adopted this policy, or otherwise incorporated this policy into its bylaws, and the transfer is not otherwise prohibited by pre-existing contractual obligations. Alternatively, excess operating cash may be transferred from the affiliate to Sutter Health.

Sutter Health shall ensure that each affiliate's Funded Depreciation (including seismic funds) shall be used to fund that affiliate's routine and non-routine capital acquisitions, and will ensure that trusteed funds will be used for their authorized purposes.

Donor-originated funds are specifically excluded from this policy.

## PURPOSE

The purpose of this policy is to enable Sutter Health to optimize the strategic value of available capital resources for the benefit of the system and of individual affiliated entities. Each non-profit Sutter Health affiliated entity shall adopt this policy, thus providing the system with maximum flexibility to redeploy cash resources to meet approved system strategic objectives.

## AUTHORIZATION

The Sutter Health Chief Financial Officer may authorize transactions and establish routine practices in accordance with this policy. Sutter Health will provide periodic reports to each affiliated entity reflecting transactions executed in accordance with this policy.

## PROCEDURES

**Definitions**

Excess Operating Cash

Operating cash generated by each affiliated entity, over and above its target. (See Figure 1 for example of calculation).

Subp 00548

Target

Each affiliated entity's operating cash target shall consist of: Fourteen days of budgeted operating expenses, excluding depreciation expense.

Donor-originated Funds

Cash received by or due to, an affiliated entity or associated charitable foundation, which has not been spent.

**Accounting Treatment**

For transfers to Sutter Health, the following entry would be recorded:

|  | Dr. | Cr. |
|---|---|---|
| Equity Transfer – SH | XXX | |
| Cash – Operating Pool | | XXX |

For transfers received from Sutter Health, the following entry would be recorded:

|  | Dr. | Cr. |
|---|---|---|
| Cash – Operating Pool | XXX | |
| Equity Transfer – SH | | XXX |

Subp 00549

## SUTTER HEALTH

### Equity Cash Transfer Calculation (000)

| | | | |
|---|---|---|---|
| **Month:    May 31, 1998** | | **Sample Affiliate** | |
| | | *(Affiliate Name)* | |
| | | | |
| **April 30, 1998  End Operating Pool Balance** | + | $ | 9,000 |
| **B of A Balance (& other balances, if any)** | + | | 500 |
| **Outstanding Checks** | - | | (800) |
| **Special Provisions (if any)** | - | | 0 |
| **Adjusted Operating Pool Balance** | = | $ | 8,700 |
| **Target Balance (see note 1)** | - | | (3,260) |
| ***Equity Cash Transfer Available*** | = | *$* | *5,440* |
| | | | |
| *(Transaction value dated 5/1/98)* | | | |
| | | | |
| | | | |
| | | | |
| *Note 1:* | | | |
| **Target Calculation:** | | | |
| | | | |
| **Annual Operating Expense Budget** | + | $ | 100,000 |
| **Depreciation/Amortization** | - | | (15,000) |
| **Adjusted Annual Operating Expense Budget** | = | $ | 85,000 |
| **14 day Target Factor** | X | | 14/365 |
| **Target Balance** | = | $ | 3,260 |
| | | | |
| | | | |
| | | | |

Subp 00550

## CERTIFICATE OF SECRETARY

The amendments contained in these Amended and Restated Bylaws of St. Luke's Hospital, a California nonprofit public benefit corporation, were approved by the Board of Directors of St. Luke's Hospital on May 24, 2004, and by Sutter Health, the General Member, on August 11, 2004, respectively.

Dated: _August 23, 2004_

_Gloria Gee_
_____
Secretary

Subp 00551