Exhibit E

# AMENDED AND RESTATED

# BYLAWS OF

# EDEN MEDICAL CENTER

### A California Nonprofit Public Benefit Corporation

*Includes Revisions through December 17, 2001*

Subp 00127

## TABLE OF CONTENTS

Page

ARTICLE I. NAME ........................................................................................................1

ARTICLE II. PRINCIPAL OFFICE AND PLACE OF BUSINESS ...........................................1

ARTICLE III. PURPOSE AND ROLE ................................................................................1

ARTICLE IV. MEMBERS ................................................................................................2

    SECTION 1. MEMBERS.................................................................................2
    SECTION 2. GENERAL MEMBER APPROVALS..............................................3
    SECTION 3. EXERCISE OF MEMBERSHIP RIGHTS BY THE MEMBERS...........3
    SECTION 4. TRANSFER OF MEMBERSHIP....................................................3
    SECTION 5. LIABILITIES AND ASSESSMENTS..............................................3
    SECTION 6. VOTING ...................................................................................4

ARTICLE V. BOARD OF DIRECTORS ..............................................................................4

    SECTION 1. GENERAL CORPORATE POWERS...............................................4
    SECTION 2. SPECIFIC POWERS, DUTIES AND RESPONSIBILITIES...................4
    SECTION 3. BLOCK VOTING REQUIREMENT..................................................5
    SECTION 4. AUTHORIZED NUMBER .............................................................6
    SECTION 5. DISTRICT DIRECTORS, SUTTER DIRECTORS, AND EX-OFFICIO DIRECTORS .........6
    SECTION 6. APPOINTMENT AND TERM OF OFFICE........................................6
    SECTION 7. RESTRICTION OF INTERESTED PERSONS AS DIRECTORS .............7
    SECTION 8. FILLING VACANCIES .................................................................7
    SECTION 9. COMPENSATION AND REIMBURSEMENT .....................................7
    SECTION 10. CONFLICT OF INTEREST...........................................................8
    SECTION 11. QUALIFICATIONS OF BOARD MEMBERS ....................................8

ARTICLE VI. DIRECTORS' MEETINGS .............................................................................8

    SECTION 1. ANNUAL ORGANIZATIONAL MEETINGS OF THE BOARD.................. 8
    SECTION 2. REGULAR MEETINGS OF THE BOARD ........................................9
    SECTION 3. SPECIAL MEETINGS OF THE BOARD .........................................9
    SECTION 4. QUORUM ................................................................................9
    SECTION 5. WAIVER OF NOTICE .................................................................9
    SECTION 6. ADJOURNMENT........................................................................10
    SECTION 7. NOTICE OF ADJOURNED MEETING .............................................10

ARTICLE VII. OFFICERS ...............................................................................................10

    SECTION 1. OFFICERS OF THE CORPORATION ..............................................10
    SECTION 2. ELECTION OF OFFICERS ..........................................................10
    SECTION 3. OTHER OFFICERS ....................................................................10
    SECTION 4. REMOVAL OF OFFICERS ...........................................................11

Section 5. Resignation of Officers ...........................................................................11
Section 6. Vacancies in Office ...............................................................................11

ARTICLE VIII. RESPONSIBILITIES OF OFFICERS .............................................11

Section 1. Chair.....................................................................................................11
Section 2. Vice Chair ............................................................................................11
Section 3. Secretary ..............................................................................................12
Section 4. Assistant Secretary ...............................................................................12
Section 5. Chief Executive Officer .......................................................................12
Section 6. Chief Financial Officer .........................................................................12

ARTICLE IX. COMMITTEES .................................................................................13

Section 1. special committees ................................................................................13
Section 2. standing committees..............................................................................13

ARTICLE X. SYSTEM AFFILIATION ...................................................................13

Section 1. Affiliated Status ....................................................................................13
Section 2. Participation in Activities of the General Member ...............................14
Section 3. System Policies .....................................................................................14
Section 4. Policies Required of Affiliated Entities.................................................14
Section 5. compliance program .............................................................................15

ARTICLE XI. PROVISION OF MEDICAL CARE...................................................15

Section 1. Responsibility for Medical Care...........................................................15

ARTICLE XII. MEDICAL STAFF ..........................................................................17

Section 1. Medical Staff. .......................................................................................17
Section 2. Medical Staff Membership ...................................................................17
Section 3. Medico-Administration Positions..........................................................18
Section 4. Exclusion from the Medical Staff..........................................................18
Section 5. Medical Staff Membership ....................................................................20
Section 6. Time Periods for Processing Application ..............................................20
Section 7. Medical Staff Hearing and Appeal Procedures .....................................20

ARTICLE XIII. ALLIED HEALTH PROFESSIONAL .............................................21

ARTICLE XIV. BONDING AND INDEMNIFICATION ..........................................21

Section 1. Bonding.................................................................................................21
Section 2. Right of Indemnity ...............................................................................21
Section 3. Approval of Indemnity ..........................................................................21
Section 4. Advancement of Expenses ....................................................................22
Section 5. Insurance...............................................................................................22

ARTICLE XV. RECORDS, REPORTS AND INSPECTION RIGHTS .....................22

Section 1. Maintenance of Articles and Bylaws.....................................................22

Subp 00129

SECTION 2. MAINTENANCE OF OTHER CORPORATION RECORDS ........................................22
SECTION 3. INSPECTION BY DIRECTORS OR MEMBERS .......................................................22
SECTION 4. ANNUAL REPORT.......................................................................................23

**ARTICLE XVI.** CONSTRUCTION AND DEFINITIONS ........................................................23

**ARTICLE XVII.** EXECUTION OF DOCUMENTS..................................................................23

**ARTICLE XVIII.** AMENDMENTS.....................................................................................24

**ARTICLE XIX.** AUXILIARIES AND RELATED GROUPS ....................................................24

SECTION 1. ESTABLISHMENT. .......................................................................................24
SECTION 2. BOARD INVOLVEMENT ...............................................................................24

Subp 00130

AMENDED AND RESTATED

BYLAWS OF

EDEN MEDICAL CENTER

A California Nonprofit Public Benefit Corporation

## ARTICLE I.

## NAME

The name of this Corporation is Eden Medical Center. This Corporation is a nonprofit public benefit corporation organized under the California Nonprofit Public Benefit Corporation Law. References in these Bylaws to "Corporation" shall mean Eden Medical Center unless otherwise specified.

## ARTICLE II.

## PRINCIPAL OFFICE AND PLACE OF BUSINESS

The principal office of the Corporation shall be located in or near Castro Valley, Alameda County, California, as may be set by resolution of the Board of Directors of this Corporation (the "Board of Directors or the "Board") from time to time. The principal place of business of the Corporation shall be in or near Eden Township Hospital District, Alameda County, California.

## ARTICLE III.

## PURPOSE AND ROLE

This Corporation was formed for the purpose set forth in its Articles of Incorporation:

      a.      To establish, equip and maintain one or more nonprofit hospitals, medical centers, institutions or other places for the reception and care of the sick, injured and disabled, with permanent facilities that include inpatient beds and medical services; to provide diagnosis and treatment for patients; and to provide associated services, outpatient care and home care in furtherance of this Corporation's charitable purposes;

DEC_EMC_Bylaws_12-01.doc
EMC_Bylaws

1

b.    To promote and carry on educational activities related to the care of the sick, injured and disabled, or to the promotion of health;

c.    To promote and carry out scientific and medical research related to the care of the sick, injured and disabled;

d.    To promote or carry out such other activities as may be deemed advisable for the betterment of the general health of the community served; and

e.    To contribute to the growth, development and financial strength of Sutter Health, a California nonprofit public benefit corporation, and all its affiliated corporations that comprise a multi-institutional health care system.

## ARTICLE IV.

## MEMBERS

### Section 1.    Members.

This Corporation shall have two (2) Members, Eden Township Hospital District, which shall be the "Community Member" and Sutter Health, which shall be the "General Member." Members of nonprofit corporations shall exercise the rights conferred upon members under the California Nonprofit Public Benefit Corporation Law and any other applicable laws, along with the rights set forth in these Bylaws. The rights and powers of the Community Member and the General Member (collectively, "Members") shall include, without limitation, the right to approve the following matters:

a.    An amendment or restatement of the Articles of Incorporation of the Corporation;

b.    An amendment or restatement of the Bylaws of the Corporation which would materially and adversely affect voting rights of the Community Member;

c.    A merger, consolidation, reorganization or dissolution of the Corporation;

d.    Any action that would cause the Corporation to cease to operate a hospital under the Corporation's control; and

e.    A sale of all or substantially all of the assets of the Corporation.



DEC_EMC_Bylaws_12-01.doc                    2
EMC_Bylaws

### Section 2.   General Member Approvals.

The following actions or items will require the approval of the General Member prior to implementation or becoming effective:

a.   Approval of long-term or material agreements involving more than One Million Dollars ($1,000,000.00), including borrowings, equity financings or capitalized leases, and agreements involving the sale or disposition of assets which involve the receipt or payment of more than One Million Dollars ($1,000,000.00);

b.   Approval of the Corporation's strategic plan;

c.   Approval of all amendments to the Corporation's Bylaws which do not materially and adversely affect the voting rights of the Community Member;

d.   Approval of the Corporation's operating and capital budgets; and

e.   Approval of its termination as the General Member of the Corporation.

### Section 3.   Exercise of Membership Rights by the Members.

Each Member of this Corporation shall exercise its membership rights through its own board of directors. Subject to the provisions of each Member's Bylaws, and except as otherwise provided in these Bylaws where a supermajority vote of the board of directors of a Member is required, the board of directors of a Member may, by resolution, authorize a person or committee of persons to exercise its vote on any matter to come before the membership of this Corporation. In addition, the General Member may exercise its membership rights at any regular or special meeting of the board of directors of the General Member. The functions required by law or these Bylaws to be performed at the annual membership meeting or any regular or special meeting of the General Member of this Corporation may be performed at any regular or special meeting of the General Member's own board of directors.

### Section 4.   Transfer of Membership.

A Member may not transfer its membership or any rights arising therefrom.

### Section 5.   Liabilities and Assessments.

The Members, as such, shall not be liable for the debts of this Corporation. The Board of Directors shall have no power to levy and collect assessments on the Members. The provisions of this paragraph cannot be amended in any manner.

Subp 00133

### Section 6.    Voting.

Except as set forth in Section 2 of this Article IV or elsewhere in these Bylaws, matters requiring the Members' approval shall require the approval of both Members. Members shall have equal voting rights on all matters.

### ARTICLE V.

### BOARD OF DIRECTORS

### Section 1.    General Corporate Powers.

Except as reserved by the Members and subject to the provisions and limitations of the California Nonprofit Public Benefit Corporation Law and any other applicable laws and subject to any limitations of the Articles of Incorporation or Bylaws, including but not limited to the rights and powers of the Members, the Corporation's activities and affairs shall be managed, and all corporate powers shall be exercised, by or under the direction of the Board of Directors. The Directors of the Corporation (the "Directors") shall exercise their voting rights and fiduciary responsibilities in a fiscally responsible manner consistent with standards of conduct applicable to the directors of a California nonprofit public benefit corporation under California law, and shall further act in good faith at all times to achieve the purposes, goals and objectives of the affiliation between the Community Member and the General Member as set forth in the First Amended Memorandum of Understanding between Eden Township Hospital District, Sutter Health and Eden Medical Center (the "MOU").

### Section 2.    Specific Powers, Duties and Responsibilities.

Without prejudice to the general powers set forth in Section 1 of this Article V, but subject to the same limitations, the Board of Directors shall have the power to:

    a.    Grant or deny medical staff membership and privileges;

    b.    Establish, maintain and support quality assurance studies and activities;

    c.    Oversee development of programs and services;

    d.    Staff and equip the health facilities operated by the Corporation;

    e.    Elect the Corporation Board officers;

    f.    Approve sales and transfers of certain assets;

Subp 00134

g.    Adopt the Corporation's operating capital budgets and strategic plans, and monitor the Corporation's performance against these budgets and strategic plans;

h.    Evaluate the Chief Executive Officer's performance at least annually using criteria-based performance standards;

i.    Review and approve contracts to which the Corporation is a party, including collective bargaining and employment agreements;

j.    Review and amend bylaws and articles of incorporation of any subsidiary corporations that the Board may create to fulfill the charitable mission of the Corporation; and

k.    Monitor the Corporation's compliance in fulfilling regulatory and accreditation requirements.

### Section 3.    Block Voting Requirement.

The following actions of the Board will require the approval of not less than a majority of the District Directors (as defined in Article V, Section 5), and not less than a majority of the Sutter Directors (as defined in Article V, Section 5), provided that such actions shall not require approval of the Chief Executive Officer ("Block Voting Requirement"):

a.    Review and approval of the Corporation's operating budget;

b.    Review and approval of the Corporation's capital budget;

c.    Review and approval of new programs and services or significant changes in programs and services (including licensure changes) of the Corporation;

d.    Review and approval of closure of programs or services of the Corporation;

e.    Review and approval of the Corporation's strategic plans;

f.    Review and approval of aggregate capital expenditures by the Corporation on an annual basis that exceed approved budgets by ten percent (10%) of the applicable total budget, or unbudgeted expenses of more than One Hundred Thousand Dollars ($100,000.00);

g.    Review and approval of any of the Corporation's long-term or material agreements including borrowings, equity financings, capitalized leases or a sale or disposition of less than substantially all of the Corporation's assets, which agreements are not governed

DEC_EMC_Bylaws_12-01.doc                    5
EMC_Bylaws

by the requirements of the Sutter Health Obligated Group Master Indenture or the California Pacific Medical Center Obligated Group Master Indenture and authorized by the powers of attorney granted by this Corporation to Sutter Health and California Pacific Medical Center ("CPMC") at the time this Corporation becomes a member of the Sutter Health Obligated Group and the CPMC Obligated Group;

     h.     Approval of the names and logos of the Corporation and its hospital programs and services;

     i.     Appointment of the Corporation's Chief Executive Officer ("CEO").

### Section 4.    Authorized Number.

The authorized number of voting Directors is eleven (11), including the District Directors, Sutter Directors, and the Ex-Officio Director (as described in Article V, Section 5). The authorized number of non-voting Directors is one (1), and shall be the Non-Voting Ex Officio Director (as described in Article V, Section 5).

### Section 5.    District Directors, Sutter Directors, and Ex-Officio Directors.

The directors of the Community Member (Eden Township Hospital District) are hereby designated as Directors of the Corporation with voting rights. These Directors shall be referred to as the "District Directors." The District Directors shall continue in office as Directors of the Corporation for as long as such Directors hold their respective offices as directors of the Eden Township Hospital District.

The directors of the General Member are hereby designated as Directors of the Corporation with voting rights. These Directors shall be referred to as "Sutter Directors." The Sutter Directors shall be elected by the General Member and shall continue in office as Directors of the Corporation for the term of their appointment or reappointment at the discretion of the General Member.

The Chief Executive Officer shall be an ex-officio director (the "Ex-Officio Director") with voting rights, except as limited under Section 3 of this Article V.

The President of the Medical Staff shall be an ex-officio director without voting rights.

### Section 6.    Appointment and Term of Office.

The District Directors shall serve as Directors of the Corporation and their terms shall correspond to their terms in office as directors of Eden Township Hospital District, which is a four-year term unless reelected. The terms of the Sutter Directors shall be for 2 years. The

DEC_EMC_Bylaws_12-01.doc      6
EMC_Bylaws

terms of the District Directors and the Sutter Directors shall be staggered. In order to effect staggered terms, the initial Sutter Directors may have shorter terms than two years. The Sutter Directors shall be elected by the General Member at the General Member's annual meeting. No Sutter Director shall serve for more than five consecutive two-year terms. (A partial term shall not be counted as a term for this limitation.) The Chief Executive Officer shall continue in office as Ex-Officio Director of the Corporation for the term of his or her tenure as Chief Executive Officer. The President of the Medical Staff shall continue in office as a Non-Voting Ex-Officio Director of the Corporation for the term of his or her tenure as President of the Medical Staff.

### Section 7.    Restriction of Interested Persons as Director.

No more than forty-nine percent (49%) of the persons serving on the Board at any time may be interested persons. An interested person is:

a.    Any person compensated by the Corporation for services rendered to it within the previous twelve (12) months, whether as a full-time or part-time employee, independent contractor, or otherwise, excluding any reasonable compensation paid to a Director as Director; and

b.    Any brother, sister, ancestor, descendant, spouse, brother-in-law, sister-in-law, son-in-law, daughter-in-law, mother-in-law, or father-in-law of such person.

However, any violation of the provisions of this Section 7 shall not affect the validity or enforceability of any transaction entered into by the Corporation.

### Section 8.    Filling Vacancies.

In the event of a vacancy involving the office of a Sutter Director, the General Member shall fill the vacancy by appointing a successor. In the event of a vacancy involving the office of a District Director, said vacancy shall be filled by the individual elected or appointed to fill the vacant position on the Board of Directors of the Community Member. In the event of vacancies involving the Ex-Officio Director and the Non-Voting Ex-Officio Director (collectively, the "Ex-Officio Directors"), said vacancies shall be filled by the individuals appointed to fill each respective position.

### Section 9.    Compensation and Reimbursement.

Directors shall serve without compensation except for reimbursement for reasonable personal expenses and as otherwise specifically provided by a resolution of the Board. Directors may be reimbursed for all out-of-pocket expenses incurred in attending meetings and carrying out duties and functions directly related to the Corporation's business. In keeping with the

DEC_EMC_Bylaws_12-01.doc                    7
EMC_Bylaws

nonprofit status of the Corporation, no Director shall benefit financially from his/her position as a Director.

### Section 10.    Conflict of Interest.

The Board shall promulgate written policies regarding conflict of interest related to Directors, salaried persons of the Corporation, officers of the Medical Staff, any physician who holds a medico administrative position within the Corporation or has a contract to provide professional services. Such policies shall not be inconsistent with the standards of conduct set forth in Sections 5230 through 5239 of the California Corporations Code, or successor provisions. Such policies shall ensure full disclosure of financial interests and transactions where conflict of interest is a possibility, and shall ensure the avoidance of potential conflict of interest in choosing new Directors. Such policies shall impose upon each Director the responsibility to be alert to possible conflicts of interest of himself/herself or of other Directors, and shall require that each Director declare his/her absence of conflict of interest on a declaration form provided for that purpose and disqualify himself/herself from making a decision where he/she has a conflict of interest.

### Section 11.    Qualifications of Board Members.

District Directors shall be voting citizens of Eden Township Hospital District and eligible to hold District office. Sutter Directors shall be qualified by their education, experience, and training and shall fulfill the appointment criteria developed by the General Member. The Ex-Officio Directors shall be qualified by their special training and experience. In addition, the President of the Medical Staff shall fulfill the requirements for appointment and election contained in the Medical Staff Bylaws, Rules and Regulations. Medical Staff members shall be eligible for membership on the Board of Directors unless prohibited by law.

### ARTICLE VI.

### DIRECTORS' MEETINGS

### Section 1.    Annual Organizational Meetings of the Board

Annually, no later than thirty (30) days following each annual membership meeting, the Board shall meet for the purpose of electing the officers, and the members and chairs of committees.



DEC_EMC_Bylaws_12-01.doc            8
EMC_Bylaws

### Section 2.     Regular Meetings of the Board.

Regular meetings of the Board shall be held at least quarterly at such time and place as the Board shall from time to time determine.

### Section 3.     Special Meetings of the Board.

Special meetings of the Board may be called at any time by the Chair of the Board, any two (2) Directors or either of the Members.

### Section 4.     Quorum.

A majority of the authorized number of Directors presently serving and empowered to vote shall constitute a quorum for the transaction of business, except to adjourn. Subject to the Block Voting Requirement set forth in Article V, Section 3, above, every action taken or decision made by a majority of the Directors present at a duly held meeting at which a quorum is present shall be the act of the Board, subject to the more stringent provisions of the California Nonprofit Public Benefit Corporation Law, including, without limitation, those provisions relating to:

a.     Approval of contracts or transactions in which a Director has a direct or indirect material financial interest;

b.     Approval of certain transactions between corporations having common directorships;

c.     Creation of and appointments to committees of the Board; and

d.     Indemnification of Directors.

A meeting at which a quorum is initially present may continue to transact business, despite the withdrawal of Directors, if any action taken or decision made is approved by at least a majority of the required quorum for that meeting.

### Section 5.     Waiver of Notice.

Unless otherwise restricted by law, notice of a meeting need not be given to any Director who, either before or after the meeting, signs a waiver of notice, a written consent to the holding of the meeting, or an approval of the minutes of the meeting. The waiver of notice or consent need not specify the purpose of the meeting. All such waivers, consents, and approvals shall be filed with the corporate records or made a part of the minutes of the meetings. Notice of a meeting need not be given to any Director who attends the meeting and

does not protest, before or at the commencement of the meeting, the lack of notice to him or her.

### Section 6.    Adjournment.

A majority of the Directors present, whether or not a quorum is present, may adjourn any meeting to another time and place.

### Section 7.    Notice of Adjourned Meeting.

Unless otherwise restricted by law, notice of the time and place of holding an adjourned meeting need not be given unless the original meeting is adjourned for more than 24 hours. If the original meeting is adjourned for more than 24 hours, notice of any adjournment to another time and place shall be given, before the time of the adjourned meeting, to the Directors who were not present at the time of the adjournment.

## ARTICLE VII.

## OFFICERS

### Section 1.    Officers of the Corporation.

The officers of the Corporation shall be a Chair, a Vice Chair, a Secretary, a Chief Executive Officer, and a Chief Financial Officer. The Chair, Vice Chair, and a Secretary shall be non-ex-officio members of the Board. The Corporation may also have, at the Board's discretion, one or more Assistant Secretaries and such other officers as may be appointed in accordance with Section 3 of this Article VII. Any number of offices may be held by the same person, except that no individual may serve concurrently as both Chair and Vice Chair or Secretary and Chief Financial Officer.

### Section 2.    Election of Officers.

The Chief Executive Officer shall be jointly chosen by the Members. The officers of the Corporation, except those appointed under Section 3 of this Article VII, shall be chosen annually by the Board and shall serve at the pleasure of the Board, subject to the rights, if any, of any officer under any contract of employment.

### Section 3.    Other Officers.

The Board may appoint and may authorize the Chair of the Board to appoint any other officers that the Corporation may require. Each officer so appointed shall have the title, hold



DEC_EMC_Bylaws_12-01.doc                    10
EMC_Bylaws

office for the period, have the authority, and perform the duties specified in the Bylaws or determined by the Board.

### Section 4.    Removal of Officers.

Without prejudice to any rights of an officer under any contract of employment, any officer may be removed with or without cause by the Board and also, if the officer was not chosen by the Board, by any officer on whom the Board may confer that power of removal.

### Section 5.    Resignation of Officers.

Any officer may resign at any time by giving written notice to the Corporation, subject to the rights, if any, of the Corporation under any contract to which the officer is a party. The resignation shall take effect as of the date the notice is received or at any later time specified in the notice and, unless otherwise specified in the notice, the resignation need not be accepted to be effective.

### Section 6.    Vacancies in Office.

A vacancy in any office because of death, resignation, removal, disqualification, or any other cause shall be filled in the manner prescribed in these Bylaws for regular appointments to that office.

## ARTICLE VIII.

## RESPONSIBILITIES OF OFFICERS

### Section 1.    Chair.

The Chair shall preside at meetings of the Board, shall have, subject to the advice and control of the Board of Directors, general responsibility for management of the affairs of the Corporation during his/her term of office, shall make appointments to committees, and shall exercise and perform such powers and duties as the Board may assign from time to time. The Chair shall be an ex-officio member of all committees.

### Section 2.    Vice Chair.

The Vice Chair shall have such powers and perform such duties as may be assigned to him/her by the Board or these Bylaws. The Vice Chair, in the absence or inability of the Chair of the Board to act, shall have the same powers and duties as the Chair and shall have, in addition, any powers and duties that the Chair from time to time delegates to him/her.

DEC_EMC_Bylaws_12-01.doc          11
EMC_Bylaws

### Section 3.    Secretary.

The secretary shall keep or cause to be kept, at the Corporation's principal office or such other place as the Board may direct, a book of minutes of all meetings, proceedings, and actions of the Board, and of committees of the Board. The minutes of meetings shall include the time and place that the meeting was held, whether the meeting was annual, regular, or special, and, if special, how authorized, the notice given, and the names of those present at Board and committee meetings. Such minutes shall include all waivers of notice, consents to the holding of meetings or approvals of the minutes of meetings executed pursuant to these Bylaws or the California Nonprofit Public Benefit Corporation Law. The Secretary shall give, or cause to be given, notice of all meetings of the Board required by these Bylaws or the California Nonprofit Public Benefit Corporation Law to be given. The Secretary shall have such other powers and perform such other duties as may be prescribed by the Board or these Bylaws.

### Section 4.    Assistant Secretary.

An Assistant Secretary, if there shall be such an officer, shall have all the powers and perform all the duties of the Secretary in the absence or inability of the Secretary to act. An Assistant Secretary shall have such other powers and perform such other duties as may be prescribed by the Board or these Bylaws.

### Section 5.    Chief Executive Officer.

The Chief Executive Officer shall be a voting ex-officio member of the Board of Directors. The Chief Executive Officer shall act as the duly authorized representative of the Board of this Corporation in all matters in which the Board has not formally designated some other person to so act. The Chief Executive Officer shall be given the necessary authority and responsibility to operate this Corporation in all of its activities. The Chief Executive Officer shall be an employee of the Corporation.

### Section 6.    Chief Financial Officer.

The Chief Financial Officer shall keep and maintain, or cause to be kept and maintained, adequate and correct books and accounts of the Corporation's properties and transactions. The Chief Financial Officer shall send or cause to be given to the Directors such financial statements and reports as are required to be given by law, by these Bylaws, or by the Board. The books of account shall be open to inspection by any Director at all reasonable times.

The Chief Financial Officer shall deposit, or cause to be deposited, all money and other valuables in the name and to the credit of the Corporation with such depositories as the Board may designate, shall disburse the Corporation's funds as the Board may order, shall render to

the Chief Executive Officer, Chair of the Board, and the Board, when requested, an account of all transactions as Chief Financial Officer and of the financial condition of the Corporation, and shall have such other powers and perform such other duties as the Board or the Bylaws may prescribe. The Chief Financial Officer shall be an employee of the Corporation.

## ARTICLE IX.

## COMMITTEES

### Section 1.    Special Committees.

Special committees and the chair thereof may be appointed by the Board Chair with the consent of the Board for such special tasks as circumstances warrant. If such special committees are appointed to deal with Medical Staff issues, one or more physicians shall be appointed to such special committees. Such special committees shall limit their activities to the accomplishment of the ad hoc task for which created and appointed, and shall have no power to act except such as is specifically conferred by the action of the Board of Directors. Upon completion of the ad hoc task for which appointed, such special committee shall stand discharged. Minutes of special committee meetings shall be distributed in a timely manner to all Board members.

### Section 2.    Standing Committees.

Standing Committees and the chair thereof may be appointed by the Board Chair when such standing committees are deemed necessary. Such standing committees shall limit their activities to the accomplishment of the purpose for which they were created and appointed. Said standing committees, as may be created, shall be discharged by motion duly made and passed by the Board of Directors. Minutes of standing committee meetings shall be distributed in a timely manner to all Board members. Special consideration shall be given to the creation of Standing Committees that fulfill the specific objectives of the General Member for the benefit of all affiliated organizations.

## ARTICLE X.

## SYSTEM AFFILIATION

### Section 1.    Affiliated Status.

This Corporation is one of several affiliated corporations that comprise an integrated healthcare system ("System").

DEC_EMC_Bylaws_12-01.doc                    13
EMC_Bylaws

**Section 2.    Participation in Activities of the General Member.**

The Board of Directors shall submit nominees to the General Member in order to enable the
General Member to appoint members of this Corporation's Board or officers of this
Corporation to serve on the General Member's corporate board of directors and/or its board
committees as appropriate to ensure the General Member's continued qualification as a
supporting organization under Section 509 of the Internal Revenue Code of 1986, as
amended from time to time, or successor provisions. In addition, representatives of this
Corporation shall participate in System processes which are designed to provide these
representatives with appropriate opportunities to participate in systemwide policy decisions
that affect this Corporation, including but not limited to conflict resolution processes.

**Section 3.    System Policies.**

This Corporation shall participate in the following System policies prescribed by the General
Member, subject to all agreements with and obligations to third parties and/or a Member
(including, without limitation, bond indentures), to which this Corporation is a party or is
bound at the time this provision is adopted or which are otherwise approved by the General
Member after the adoption of this provision:

        a.    The Cash Concentration and Controlled Disbursement Program prescribed by
the General Member and in effect from time to time;

        b.    The Excess Cash Transfer Policy contained in Exhibit 1 to these Bylaws and
incorporated into and made part of these Bylaws; provided, however, that neither donor
originated funds nor the earnings therefrom shall be subject to the Excess Cash Transfer
Policy;

        c.    The Cost of Capital Allocation Policy prescribed by the General Member and
in effect from time to time; and

        d.    The System Allocation Policy as modified by Section 5.7 of the MOU, which
requires the payment by the Corporation of allocation fees necessary to maintain the
operation of the General Manager.

**Section 4.    Policies Required of Affiliated Entities.**

Except for tax-exempt entities which are primarily fundraising foundations, this Corporation
shall prescribe the policies described in Section 3 of this Article X to the tax-exempt entities
which this Corporation owns or controls or of which this Corporation is a member. As to
those entities, the policies shall be subject to all agreements with and obligations to third

DEC_EMC_Bylaws_12-01.doc                14
EMC_Bylaws

parties, healthcare districts and any other member of the affiliated entity (including without limitation bond indentures) to which the entity is a party or is bound at the time this provision is adopted or which are otherwise approved by the General Member after the adoption of this provision.

### Section 5.     Compliance Program.

This Corporation shall adopt a Compliance Program consistent with Sutter Health Compliance Program Plan which shall include the following:

a.     All Board Members shall receive Compliance training consistent with Sutter Health Compliance Program Plan.

b.     The Board shall have oversight of and ultimate responsibility for an effective Compliance Program including adoption of related compliance policies.

c..     The Board or a Committee of the Board shall receive and review routine and special Compliance reports on a regular basis.

d.     The Board shall delegate to Corporation's chief executive officer responsibility to implement Compliance Program in accordance with Sutter Health Compliance Program Plan.

## ARTICLE XI.

## PROVISION OF MEDICAL CARE

### Section 1.     Responsibility for Medical Care.

a.     The Board is responsible for the quality of medical care rendered in the Corporation's facilities. It shall discharge that responsibility by assuring that the organized Medical Staff carries out the specific quality control functions in accordance with guidelines established by the System's Systemwide Quality Review Committee, including, without limitation, the following:

1.     Reviewing, analyzing and evaluating clinical practice to determine the quality of medical care;

2.     Making recommendations to management and the Board for establishment, maintenance, continuing improvement and enforcement of professional standards;

DEC_EMC_Bylaws_12-01.doc                    15
EMC_Bylaws

3. Reporting regularly as required on the quality of medical care in terms of professional standards;

4. Recommending the appointment and reappointment of physicians to the Medical Staff and the delineation of their clinical privileges;

5. Supervising and ensuring:

. (a) Compliance with the Medical Staff Bylaws, and the Rules and Regulations for the Medical Staff (the "Rules"); and

(b) Carrying out the policies of the Eden Medical Center (the "Hospital") concerning the functions outlined in the Medical Staff Bylaws;

6. Disciplining the members of the Medical Staff for violations of policies of the Hospital and the Medical Staff Bylaws and Rules within the limitations of the authority delegated by the Board;

7. Assisting in identifying community health needs and setting appropriate institutional goals to meet those needs; and

8. Conducting formally structured ongoing programs of continuing medical education designed to meet the highest professional standards of care.

b. The President of the Medical Staff shall be responsible for the effective discharge of functions to be carried out by the Medical Staff.

c. The President of the Medical Staff shall have the authority necessary to carry out his/her responsibilities as they are defined in the Medical Staff Bylaws.

d. The President of the Medical Staff shall work with the Chief Executive Officer.

e. The Board shall be responsible for:

1. Making all appointments and reappointments to the Medical Staff and alterations of staff status;

2. Granting clinical privileges;

3. Disciplinary actions; and

DEC_EMC_Bylaws_12-01.doc                    16
EMC_Bylaws

Subp 00146

4.     All matters relating to Medical Staff professional competence.

f.     In discharging these responsibilities, the Board shall assure that the safety and interest of the patients take precedence over all other concerns.

g.     The Board shall, through the Medical Staff organization and the functions assigned to it, maintain systems for:

1. .     The establishment of professional standards and criteria by which to evaluate medical care;

2.     The continuing surveillance of professional practice and Medical Staff functions in order to determine the degree to which those professional standards and criteria are being met; and

3.     Gaining compliance with the predetermined standards and criteria when the system of surveillance indicate they are not being met.

h.     No delegation to the Medical Staff shall preclude the Board from exercising the authority required to meet its responsibilities under these Bylaws.

i.     Nothing in these Bylaws or the System's guidelines or policies shall prevent this Corporation from adopting and implementing higher standards than those recommended by the System's Systemwide Quality Review Committee.

## ARTICLE XII.

## MEDICAL STAFF

### Section 1.     Medical Staff.

The Medical Staff shall be organized in accordance with the Medical Staff Bylaws, which shall be known as Bylaws of the Medical Staff of Eden Medical Center. Subject to the oversight responsibility and ultimate authority of the Board, the Medical Staff shall govern its own affairs, elect its own officers, and conduct meetings in accordance with the Medical Staff Bylaws.

### Section 2.     Medical Staff Membership.

Membership on the Medical Staff is a privilege, not a right, which shall be extended only to professionally competent physicians, surgeons, dentists, podiatrists and, where required by

DEC_EMC_Bylaws_12-01.doc          17
EMC_Bylaws

California law, clinical psychologists ("practitioners") licensed to practice in this State whose education, training, experience, demonstrated competence, references, and professional ethics assure, in the judgment of the Board of Directors, that any patient admitted to, or treated in, the Hospital will be given high quality professional care. Each applicant and member (including any physician appointed to an administrative position with clinical responsibilities) shall agree to abide by the Corporation's Bylaws and Medical Staff Bylaws, including its Rules.

### Section 3.    Medico-Administration Positions

The Board of Directors may, by contract, appoint physicians to medico-administrative positions within the Hospital. The duties of such physicians shall be defined in writing. Any such physician appointed by the Board of Directors shall apply for, and shall have been granted, membership on the Medical Staff pursuant to the Medical Staff Bylaws and Rules before performing any such services. As permitted by law, the Medical Staff membership and clinical privileges of any physician appointed to an administrative position shall also be subject to the terms and conditions of his/her contract in all matters covered by said contract. Unless the contract provides otherwise, only those privileges made exclusive or semi-exclusive to the holder of a closed staff or a limited staff's specialty department contract will automatically terminate, without the right of access to the due process and hearing procedures of the Medical Staff Bylaws, with the termination of the contract. It shall further be the responsibility of any physician, surgeon, dentist or podiatrist, who is engaged as an independent contractor in a medico-administrative position by the Hospital, to provide in the agreement that he/she has with his/her physician or Allied Health Professional employees, subcontractors and the like that their privileges, which are made exclusive or semi-exclusive to the holder of the contract, are also subject to automatic termination upon termination of the contract. Provided however, that no privileges or medical staff membership may be terminated based upon medical disciplinary cause or reason (as defined in California Business and Professions Code section 805(a)(6) or its successors) without affording the practitioner the hearing rights provided in the Medical Staff Bylaws.

### Section 4.    Exclusion from the Medical Staff.

a.    The Board of Directors shall have the power to exclude from Medical Staff membership, to deny reappointment to the Medical Staff, or to restrict the privileges of any practitioner, whether a general practitioner or specialist, in any hospital operated by the Corporation, who has not exhibited that standard of experience, training, demonstrated competence and ability, judgment, and physical and mental health status, which will assure, in the judgment of the Board of Directors, that any patient admitted to or treated in the Hospital will be given high quality professional care.



DEC_EMC_Bylaws_12-01.doc                    18
EMC_Bylaws

b.     The Board of Directors shall have the power to exclude from Medical Staff membership, to deny reappointment to the Medical Staff, or to restrict the privileges of any practitioner, whether a general practitioner or specialist, in any hospital operated by the Corporation, who has not demonstrated, by his/her actions or on the basis of documented references, a willingness to adhere strictly to the lawful ethics of his/her profession, to work cooperatively with others in the hospital setting and to be willing to participate in and properly discharge staff responsibilities.

c.     In the case of both general practitioners and specialists, the medical resources available in the field of his/her practice shall be considered in determining the skill and care required. No practitioner shall be entitled to membership on the Medical Staff, or to the enjoyment of particular privileges, merely by virtue of the fact that he/she is duly licensed to practice his/her profession in this or any other state, or that he/she is a member of some professional organization, or that he/she has in the past, or presently has, such privileges at another hospital. In accordance with the provisions of California Business and Professions Code section 809.3 or successor provisions, the burden shall be on the applicant to establish that he/she possesses the requisite professional and ethical qualifications.

d.     In order to qualify for initial or continuing Medical Staff membership and privileges, any practitioner must clearly establish that he/she has obtained and maintains suitable professional liability coverage.

1.     The required professional liability coverage shall consist either of (a) a qualifying policy of professional liability insurance issued by an insurer enjoying a certificate of authority from the California Insurance Commissioner and subject to the regulatory authority of the Department of Insurance or (b) confirmation that the practitioner participates in a qualifying inter-indemnity, reciprocal, or inter-insurance cooperative corporation supervised by the California Commissioner of Corporations.

2.     The minimum limits and other similar terms for professional liability coverage shall be established from time to time, by the Board of Directors, taking into account any recommendations by the Medical Staff Executive Committee, and these limits and other terms may recognize distinctions among the various clinical specialties.

3.     Any applicant for membership or privileges who fails to meet this requirement shall be so advised in writing, as shall any practitioner who currently enjoys membership or privileges. Thereafter, an applicant who fails to satisfy this coverage requirement shall be deemed to have withdrawn his/her application, and shall not be entitled to further credentialing consideration. Likewise, the current privileges of any practitioner who fails to satisfy this coverage requirement shall be automatically suspended. Furthermore, that practitioner will be deemed to have resigned from the Medical Staff and to

DEC_EMC_Bylaws_12-01.doc                19
EMC_Bylaws

Subp 00149

have relinquished all privileges should the requirement not be satisfied within six (6) months of the date of commencement of the suspension.

4.    Any such automatic suspension, resignation, relinquishment, or withdrawal of any application, or any consequent denial, suspension, or termination of membership or privileges, shall not afford the practitioner any right to a hearing or appellate review of the types described in the Medical Staff Bylaws and these Bylaws.

## Section 5.    Medical Staff Membership.

The Medical Staff Bylaws and Rules shall set forth the procedure by which eligibility for Medical Staff membership and establishment of professional privileges shall be determined. The Medical Staff Bylaws and Rules shall provide that the Medical Staff or a committee or committees thereof shall study the qualifications of all applicants in the establishment of professional privileges and shall submit to the Board of Directors recommendations thereon. The Board shall give great weight to such recommendations and, in no event, shall act in an arbitrary or capricious manner.

## Section 6.    Time Periods for Processing Application.

Applications for appointments to the Medical Staff shall be considered in a timely and good faith manner.  Except for good cause, the Board of Directors shall review the application, take action thereon, and notify the applicant within forty-five (45) days after receiving the final recommendation of the Medical Staff.  The time period specified herein is to assist the Board of Directors in accomplishing its task and shall not be deemed to create any right for the applicant to have his/her application processed within that period.

## Section 7.    Medical Staff Hearing and Appeal Procedures.

The Medical Staff Bylaws shall provide procedures for hearing of appeals from decisions regarding privileges of applicants for Medical Staff membership, or matters pertaining to privileges of Medical Staff members.  Such procedures shall insure that the practitioner who deems himself/herself offended shall have full opportunity to have his/her case reviewed by members or committees of the Medical Staff or other physicians qualified to pass upon the issues and render such decisions, and to have his/her case reviewed by the Board of Directors

Subp 00150

## ARTICLE XIII.

### ALLIED HEALTH PROFESSIONAL

The Board of Directors shall create a separate allied health professional status for practitioners who are not employed by the Corporation and are not eligible for Medical Staff membership, but who are nonetheless allowed to provide patient care services on the Hospital's premises. The Board shall (1) establish procedures for determining whether a particular category or class of practitioners will be permitted to practice at the Hospital in allied health professional status; and (2) ensure, through the Medical Staff or other appropriate mechanism, that procedures are established for the credentialing and review of individual practitioners from admitted classes or categories who apply for or maintain allied health professional status, or who otherwise practice, at the Hospital.

## ARTICLE XIV.

### BONDING AND INDEMNIFICATION

#### Section 1.    Bonding.

All officers and employees handling funds shall be properly bonded.

#### Section 2.    Right of Indemnity.

To the fullest extent permitted by law, this Corporation shall indemnify its Directors, officers, employees, and other persons described in section 5238(a) of the California Corporations Code, including persons formerly occupying such position, against all expenses, judgments, fines, settlements and other amounts actually and reasonably incurred by them in connection with any "proceeding," as that term is used in that section, and including an action by or in the right of the Corporation, by reason of the fact that the person is or was a person described in that section. "Expenses," as used in this Bylaw, shall have the same meaning as in section 5238(a) of the California Corporations Code.

#### Section 3.    Approval of Indemnity.

On written request to the Board by any person seeking indemnification under section 5238(b) or section 5238(c) of the California Corporations Code, the Board shall promptly determine under section 5238(e) of the California Corporations Code whether the applicable standard of conduct set forth in section 5238(b) or section 5238(c) has been met and, if so, the Board shall authorize indemnification.



DEC_EMC_Bylaws_12-01.doc                    21
EMC_Bylaws

Subp 00151

### Section 4.    Advancement of Expenses.

To the fullest extent permitted by law and except as otherwise determined by the Board in a specific instance, expenses incurred by a person seeking indemnification under Sections 2 and 3 of this Article XIV in defending any proceeding covered by those Sections shall be advanced by the Corporation before final disposition of the proceeding, on receipt by the Corporation of an undertaking by or on behalf of that person that the advance will be repaid unless it is ultimately determined that the person is entitled to be indemnified by the Corporation for those expenses.

### Section 5.    Insurance.

The Corporation shall have the right to purchase and maintain insurance to the full extent permitted by law on behalf of its officers, Directors, employ any officer, Director, employee, or agent in such capacity or arising out of the officer's, Director's employee's, or agent's status as such.

### ARTICLE XV.

### RECORDS, REPORTS AND INSPECTION RIGHTS

### Section 1.    Maintenance of Articles and Bylaws.

The Corporation shall keep at its principal office the original or copies of the Articles of Incorporation and the Bylaws as amended to date.

### Section 2.    Maintenance of Other Corporation Records.

The accounting books, records and minutes of proceedings of the Board and committees of the Board shall be kept at such place or places designated by the Board, or, in the absence of such designation, at the principal office of the Corporation. The minutes shall be kept in written or typed form, and the accounting books and records shall be kept in either written or typed form, or in any other form capable of being converted into written, typed or printed form.

### Section 3.    Inspection by Directors or Members.

Except as otherwise limited by law, every Director and each Member shall have the absolute right at any reasonable time to inspect all books, records and documents of every kind and the physical properties of the Corporation. This inspection by a Director or either Member may be made in person or by an agent or attorney, and the right of inspection includes the right to copy and make extracts of documents.

DEC_EMC_Bylaws_12-01.doc                22
EMC_Bylaws

### Section 4.    Annual Report.

The fiscal year of this Corporation shall end on the 31st day of December of each year. The Corporation shall provide to the Directors, within one hundred twenty (120) days after the close of its fiscal year, a report containing the following information in reasonable detail:

a.    The assets and liabilities, including the trust funds, of the Corporation as of the end of the fiscal year;

b.    The principal changes in assets and liabilities, including trust funds, during the fiscal year;

c.    The revenue or receipts of the Corporation, both unrestricted and restricted to particular purposes, for the fiscal year;

d.    The expenses or disbursements of the Corporation, for both general and restricted purposes, during the fiscal year;

e.    Any information required by the California Nonprofit Public Benefit Corporation Law regarding transactions with interested persons and indemnifications; and

f.    The report shall be accompanied by any report by independent accountants, or, if there is no such independent report, a certificate to the effect that the report was prepared without audit.

### ARTICLE XVI.

### CONSTRUCTION AND DEFINITIONS

Unless the context requires otherwise, the general provisions, rules of construction, and definitions in the California Nonprofit Public Benefit Corporation Law shall govern the construction of these bylaws. Without limiting the generality of the preceding sentence, the masculine gender includes the feminine and neuter, the singular includes the plural, the plural includes the singular, and the term "person" includes both a legal entity and a natural person.

### ARTICLE XVII.

### EXECUTION OF DOCUMENTS

The following persons shall be authorized to execute any deeds, mortgages, bonds, contracts or other instruments which the Board has authorized:

DEC_EMC_Bylaws_12-01.doc                23
· EMC_Bylaws

a.    Any officer or other person duly authorized by resolution of the Board to execute documents; or

b.    In the absence of express authorization by Board resolution, the Chair or Chief Executive Officer, and the Secretary or any Assistant Secretary (all subject to such limitations as may be imposed by resolution of the Board).

## ARTICLE XVIII.

### AMENDMENTS

These Bylaws may be amended or new Bylaws may be adopted by action of the Board at any regular meeting of the Board or at any special meeting called for that purpose. Amendments to these Bylaws shall not be effective unless and until approved by the Members as set forth in these Bylaws.

## ARTICLE XIX.

### AUXILIARIES AND RELATED GROUPS

#### Section 1.    Establishment.

Subject to the provisions of Article IV Section 2 of these Bylaws, the Board may establish or support the establishment of auxiliaries and/or related organizations, including the auxiliary and hospice, wishing to support the objectives of the Corporation or work in complementary ways with the Corporation. Bylaws, other rules and regulations of the auxiliary or related organization and any amendments thereto, and all major projects must be approved by the Board.

#### Section 2.    Board Involvement.

The Board reserves the right to channel any such funds as may be donated by such bodies to uses or objectives consistent with the purposes stated in Article III of these Bylaws, and for liaison purposes only, a member of the Board shall be appointed to attend executive committee meetings of the auxiliary, and from time to time, but not less than annually, the Board shall receive a report, for information only, from the auxiliary as to the operations of that organization.

DEC_EMC_Bylaws_12-01.doc          24
EMC_Bylaws

# EXHIBIT 1

## EQUITY CASH TRANSFER POLICY

DEC_EMC_Bylaws_12-01.doc
EMC_Bylaws

| Sutter Health and Affiliates | |
| :---: | :---: |
| **Finance Policies and Procedures** | |
| **EQUITY CASH TRANSFER** | |
| Policy Number 207 | Origination Date: 1/96<br>Last Revised Date: 7/98<br>Next Review Date: 9/99 |
| Approved by: Bob Reed, Chief Financial Officer | |

### POLICY

Sutter Health shall ensure that operating funds are available to affiliated entities sufficient to fund their approved operating and capital budgets. Transfers from Sutter Health to affiliates may be made where such transfers are determined to be in the best interests of the Sutter Health system, the affiliate has adopted this policy, or otherwise incorporated this policy into its bylaws, and the transfer is not otherwise prohibited by pre-existing contractual obligations. Alternatively, excess operating cash may be transferred from the affiliate to Sutter Health.

Sutter Health shall ensure that each affiliate's Funded Depreciation (including seismic funds) shall be used to fund that affiliate's routine and non-routine capital acquisitions, and will ensure that trusteed funds will be used for their authorized purposes.

Donor-originated funds are specifically excluded from this policy.

### PURPOSE

The purpose of this policy is to enable Sutter Health to optimize the strategic value of available capital resources for the benefit of the system and of individual affiliated entities. Each non-profit Sutter Health affiliated entity shall adopt this policy, thus providing the system with maximum flexibility to redeploy cash resources to meet approved system strategic objectives.

### AUTHORIZATION

The Sutter Health Chief Financial Officer may authorize transactions and establish routine practices in accordance with this policy. Sutter Health will provide periodic reports to each affiliated entity reflecting transactions executed in accordance with this policy.

### PROCEDURES

**Definitions**

Excess Operating Cash

Operating cash generated by each affiliated entity, over and above its target. (See Figure 1 for example of calculation).

Subp 00156

Target

Each affiliated entity's operating cash target shall consist of: Fourteen days of budgeted operating expenses, excluding depreciation expense.

Donor-originated Funds

Cash received by or due to, an affiliated entity or associated charitable foundation, which has not been spent.

**Accounting Treatment**

For transfers to Sutter Health, the following entry would be recorded:

|                       | Dr. | Cr. |
|-----------------------|-----|-----|
| Equity Transfer – SH  | XXX |     |
| Cash – Operating Pool |     | XXX |

For transfers received from Sutter Health, the following entry would be recorded:

|                       | Dr. | Cr. |
|-----------------------|-----|-----|
| Cash – Operating Pool | XXX |     |
| Equity Transfer – SH  |     | XXX |

Subp 00157

## SUTTER HEALTH

### Equity Cash Transfer Calculation (000)

| Month: | May 31, 1998 | | Sample Affiliate | |
|---|---|---|---|---|
| | | | (Affiliate Name) | |
| | | | | |
| April 30, 1998 End Operating Pool Balance | + | $ | 9,000 | |
| B of A Balance (& other balances, if any) | + | | 500 | |
| Outstanding Checks | - | | (800) | |
| Special Provisions (if any) | - | | 0 | |
| Adjusted Operating Pool Balance | = | $ | 8,700 | |
| Target Balance (see note 1) | - | | (3,260) | |
| Equity Cash Transfer Available | = | $ | 5,440 | |
| (Transaction value dated 5/1/98) | | | | |
| | | | | |
| | | | | |
| Note 1: | | | | |
| Target Calculation: | | | | |
| | | | | |
| Annual Operating Expense Budget | + | $ | 100,000 | |
| Depreciation/Amortization | - | | (15,000) | |
| Adjusted Annual Operating Expense Budget | = | $ | 85,000 | |
| 14 day Target Factor | X | | 14/365 | |
| Target Balance | = | $ | 3,260 | |

Subp 00158

BYLAW AMENDMENT FORM

CORPORATION:_____ Eden Medical Center _____

ARTICLES OF INC. _____ BYLAWS_____ X _____

ARTICLE AND SECTION AFFECTED: _____ Article III (f)_____

DATE OF APPROVAL BY THE CORPORATION:____ August 11, 2004_____

DATE OF APPROVAL BY THE EDEN TOWNSHIP HOSPITAL DISTRICT:___ July 28, 2004_

DATE OF APPROVAL BY SUTTER HEALTH:_____ August 11, 2004_____

SUBJECT MATTER OF AMENDMENT:_____ To amend the introductory clause in the _____
description of corporate purposes and role; to add a statement to the description of corporate
purposes regarding the operation of San Leandro Hospital._____

The following additions (indicated by underline) and /or deletions (indicated by strikeover)
were adopted on the above dates:

ARTICLE III.  PURPOSE AND ROLE

~~This Corporation was formed for the purpose set forth in its Articles of Incorporation:~~

The primary purposes of this Corporation are:

. . .

f.    To lease from the Community Member and to operate a health care facility or
health care facilities in the City of San Leandro in accordance with the standards and
requirements imposed by the lease and the Local Health Care District Law insofar as
required by the lease.

Subp 00125

BYLAW AMENDMENT FORM

CORPORATION:_____ Eden Medical Center _____

ARTICLES OF INC. _____ BYLAWS_____ X _____

ARTICLE AND SECTION AFFECTED: _____ Article V – Section 12 (new section) _____

DATE OF APPROVAL BY THE CORPORATION:_____ September 11, 2002 _____

DATE OF APPROVAL BY THE EDEN TOWNSHIP HOSPITAL DISTRICT:___ Sept. 25, 2002

DATE OF APPROVAL BY SUTTER HEALTH:_____ October 21, 2002 _____

SUBJECT MATTER OF AMENDMENT:_____ To add a Treasurer to the Board. _____

The following additions (indicated by underline) and /or deletions (indicated by strikeover)
were adopted on the above dates:

### ARTICLE V.  BOARD OF DIRECTORS

#### Section 12.    Treasurer.

One of the Directors, selected by a majority of the remaining Directors, shall serve as
Treasurer to the Board. The Treasurer shall also serve as the chair of the Finance
Committee and be responsible to report to the Board on all issues related to the finances
of the Corporation from information provided by the Chief Executive Officer and/or the
Chief Financial Officer. The Treasurer shall have such other powers and perform such
other duties in conjunction with Board functions and activities as may be prescribed by
the Board.

EMC_Bylaws_ Amd Article V- Section 12.doc
EMC_Bylaw Amendments

Exhibit F

# AMENDED AND RESTATED BYLAWS

## OF

## *MEMORIAL HOSPITALS ASSOCIATION*

A nonprofit, public benefit
corporation organized under
the laws of the
State of California

*Includes Revisions through December 16, 2004*

## TABLE OF CONTENTS

I.  NAME ...................................................................................................................................1

II.  PURPOSES...........................................................................................................................1

III.  MEMBERSHIP ....................................................................................................................2

Section 3-1. - General Member. ............................................................................................2

Section 3-2. - Transfer of Membership. ................................................................................2

Section 3-3. - Exercise of Membership Rights.....................................................................2

Section 3-4. - Liabilities and Assessments. ..........................................................................2

IV.  SYSTEM AFFILIATION ....................................................................................................2

Section 4-1. - Affiliated Status. .............................................................................................2

Section 4-2. - Participation in Activities of the General Member.......................................3

Section 4-3. - Cash Concentration ........................................................................................3

Section 4-4. - Equity Cash Transfer Policy ..........................................................................3

Section 4-5. - Payment of Allocation Fee. ...........................................................................3

Section 4-6. - Cost of Capital Allocation Policy..................................................................3

Section 4-7. - Representation on the Board of Directors. ....................................................3

Section 4-8. - Effect of Policies. ...........................................................................................3

Section 4-9. - Policies Required of Affiliated Entities.........................................................4

Section 4-10. - Compliance Program ....................................................................................4

V.  DIRECTORS........................................................................................................................4

Section 5-1. - Number, Qualification, Selection. .................................................................4

Section 5-2. - Powers and Responsibilities. .........................................................................6

Section 5-3. - Compensation. ................................................................................................6

Section 5-4. - Conflict of Interest. ........................................................................................7

VI.  MEETINGS...........................................................................................................................7

Section 6-1. - Regular Meetings............................................................................................7

Section 6-2. - Special Meetings.............................................................................................7

Section 6-3. - Annual Organizational Meeting. ...................................................................7

Section 6-4. - Place of Meetings. ..........................................................................................7

Section 6-5. - Notice...............................................................................................................8

Section 6-6. - Quorum. ...........................................................................................................8

Section 6-7. - Manner of Acting............................................................................................8

Section 6-8. - Presiding Officer.............................................................................................8

Section 6-9. - Action in Lieu of Meeting. ............................................................................8

Section 6-10. - Telephonic Meetings. ...................................................................................8

VII.  OFFICERS ...........................................................................................................................9

Section 7-1. - General.............................................................................................................9

Section 7-2. - Qualification, Election and Term of Office...................................................9

Section 7-3. - Subordinate Officers, Etc. .............................................................................9

Subp 00193

Section 7-4. - Resignation. ..................................................................9
Section 7-5. - Vacancies. ....................................................................9
Section 7-6. - Chair. .........................................................................9
Section 7-7. - Vice-Chair ...................................................................10
Section 7-8. - Past- Chair. ..................................................................10
Section 7-9. - Vice Chair-Corporate Resource Committee. ..............................10
Section 7-10. - Chief Executive Officer. .................................................10
Section 7-11. - Chief Financial Officer. ..................................................11
Section 7-12. - Secretary. ..................................................................11

VIII.  COMMITTEES .........................................................................11
Section 8-1. - General. ......................................................................11
Section 8-2. - Executive Committee. ......................................................12
Section 8-3. - Corporate Resource Committee. ...........................................13
Section 8-4. - Medical Policy Committee .................................................14
Section 8-5. - Nominating Committee. ....................................................17
Section 8-6. - Joint Conference Committee. ..............................................17
Section 8-7. - Planning Committee. .......................................................18
Section 8-8. - Ad Hoc Committees. .......................................................19

IX.  PROVISION OF MEDICAL, DENTAL, PODIATRIC AND CLINICAL PSYCHOLOGICAL
CARE ......................................................................................20
Section 9-1. - Responsibility for Medical Care. ..........................................20
Section 9-2. - Medical Staff Organization. ...............................................22
Section 9-3. - Medical Staff Bylaws. .....................................................23
Section 9-4. - Hearing and Appeals. ......................................................24
Section 9-5. - Professional Liability Insurance. ..........................................24

X.  RECORDS, REPORTS AND INSPECTION RIGHTS .....................................25
Section 10-1. - Maintenance of Articles and Bylaws. ....................................25
Section 10-2. - Maintenance of Other Corporation Records. ............................25
Section 10-3. - Inspection by Directors or General Member. ...........................25

XI.  EXECUTION OF DOCUMENTS .........................................................25

XII.  TRANSACTIONS REQUIRING APPROVAL OF THE GENERAL MEMBER. ..........25
Section 12-1. - Matters Requiring Approval. .............................................27
Section 12-2. - Other Major Activities. ...................................................27
Section 12-3. - Approvals. ..................................................................27
Section 12-4. - Other Actions Requiring Approval of the General Member. .............27

XIII.  AUXILIARIES AND RELATED GROUPS. ...............................................28
Section 13-1. - Establishment. .............................................................28
Section 13-2. - Board Approval. ...........................................................28

Subp 00194

XIV.  BONDING AND INDEMNIFICATION ..........................................................................................28
         Section 14-1. - Bonding.................................................................................................................28
         Section 14-2. - Indemnification.....................................................................................................28
XV.   AMENDMENTS................................................................................................................................29

Exhibit 4.3 - Cash Concentration and Controlled Disbursement Program

Exhibit 4.4  - Equity Cash Transfer Policy

Subp 00195

AMENDED AND RESTATED

BYLAWS

MEMORIAL HOSPITALS ASSOCIATION

## I.  NAME

The name of the Corporation shall be as listed in the Restated Articles of Incorporation, namely, Memorial Hospitals Association, a nonprofit, public benefit corporation organized under the laws of the State of California.

The principal office of the Corporation shall be located in Stanislaus County, California and the principal place of business shall be located in or near Modesto, California.

## II.  PURPOSES

This Corporation became an affiliate of Sutter Health pursuant to and in accordance with the terms and conditions of a Memorandum of Understanding dated February 6, 1996 (the "MOU").  This Corporation was formed for the purposes set forth in its Restated Articles of Incorporation, which are as follows:

A.    To establish, equip and maintain one or more nonprofit hospitals, medical centers, institutions or other places for the reception and care of the sick, injured, and disabled, with permanent facilities that include inpatient beds and medical services ("hospital"); to provide diagnosis and treatment for patients; and to provide associated services, outpatient care and home care in furtherance of this corporation's charitable purposes;

B.    To promote and carry on educational activities related to the care of the sick, injured, and disabled, or to the promotion of health;

C.    To promote and carry out scientific research related to the care of the sick, injured, and disabled;

D.    To promote or carry out such other activities as may be deemed advisable for the betterment of the general health of the community served; and

E.    To contribute to the growth, development, and financial strength of Sutter Health, a California nonprofit public benefit corporation.

Subp 00196

## III.  MEMBERSHIP

### Section 3-1. - General Member.

There shall be one member of this Corporation who shall be Sutter Health, a California nonprofit public benefit corporation ("General Member").  The General Member, and only the General Member, shall be entitled to exercise fully all rights and privileges of members of nonprofit corporations under the California Nonprofit Public Benefit Corporation Law, and all other applicable laws.  The rights and powers of the General Member shall also include, without limitation, the following: the limitation on liabilities described in Section 3-4 of these Bylaws, the rights and powers to appoint (and remove) the appointed members of the Board of Directors, subject to Section 12-4 of these Bylaws; and exercise of all of the rights and powers set forth in Article XII of these Bylaws.  The General Member may not be expelled or suspended as the General Member without its consent.

### Section 3-2. - Transfer of Membership.

The General Member may not transfer its membership or any rights arising therefrom.

### Section 3-3. - Exercise of Membership Rights.

The General Member of this Corporation shall exercise its membership rights through its own Board of Directors.  Subject to the provisions of the General Member's bylaws, the Board of Directors of the General Member may, by resolution, authorize a person or committee of persons to exercise its vote on any matter to come before the membership of this Corporation.  In addition, the General Member may exercise its membership rights at any regular or special meeting of the Board of Directors of the General Member.  The functions required by law or these Bylaws to be performed at the annual membership meeting or any regular or special meeting of the members of this Corporation may be performed at any regular or special meeting of the General Member's Board of Directors.

### Section 3-4. - Liabilities and Assessments.

The General Member shall not be liable for the debts of this Corporation.  The Board of Directors shall have no power to levy and collect assessments upon the General Member.  The provisions of this paragraph cannot be amended in any manner.

## IV.  SYSTEM AFFILIATION

### Section 4-1. - Affiliated Status.

This Corporation is one of several affiliated corporations that comprise a multi-institutional health care system ("System").  The General Member supports the affiliates that comprise the System.

Subp 00197

Section 4-2. - Participation in Activities of the General Member.

The Board of Directors shall submit nominees to the General Member in order to enable the General Member to appoint members of this Corporation's Board to serve on the General Member's corporate Board of Directors and/or its Board committees as appropriate to ensure the General Member's continued qualification as a "supporting organization" under Section 509 of the Internal Revenue Code of 1986, as amended from time to time, or successor provisions.

Section 4-3. - Cash Concentration.

Subject to the provisions of Section 4-8 of these Bylaws, the Corporation shall participate in the Cash Concentration and Controlled Disbursement Program prescribed by the General Member and in effect from time to time. A copy of the program in effect at the time of the adoption of these Bylaws is attached as Exhibit 4.3.

Section 4-4. - Equity Cash Transfer Policy.

Subject to the provisions of Section 4-8 of these Bylaws, the terms of the Equity Cash Transfer Policy contained in Exhibit 4.4 to these Bylaws are incorporated into and made part of these Bylaws. Neither donor originated funds nor the earnings therefrom shall be subject to the Equity Cash Transfer Policy.

Section 4-5. - Payment of Allocation Fee.

Subject to the provisions of Section 4-8 of these Bylaws, this Corporation shall pay the allocation fees necessary to maintain the operation of the General Member.

Section 4-6. - Cost of Capital Allocation Policy.

Subject to the provisions of Section 4-8 of these Bylaws, the Corporation shall participate in the Cost of Capital Allocation Policy prescribed by the General Member and in effect from time to time.

Section 4-7. - Representation on the Board of Directors.

The President and CEO of the General Member and the Vice Chair of the General Member may each attend any Board meeting.

Section 4-8. - Effect of Policies.

This Corporation's obligations under Sections 4-3 through 4-6 and the policies described therein shall be subject to all agreements with and obligations to third parties (including without limitation bond indentures) to which this Corporation is a party or is bound at the time these Restated Bylaws are adopted or which are otherwise approved by the General Member after the adoption of these Restated Bylaws.

Subp 00198

### Section 4-9. - Policies Required of Affiliated Entities

Except for tax-exempt entities which are primarily fundraising foundations and except for Memorial Hospital Los Banos, a California nonprofit public benefit corporation, this Corporation shall prescribe the policies described in Sections 4-3 through 4-6 to the tax-exempt entities which this Corporation owns or controls or which this Corporation is a member. As to those owned, controlled, or membership entities, the policies shall be subject to all agreements with and obligations to third parties, Healthcare Districts and any other member of the affiliated entity (including without limitation bond indentures) to which the entity is a party or is bound at the time these Restated Bylaws are adopted or which are otherwise approved by the General Member after the adoption of these Restated Bylaws.

### Section 4-10. - Compliance Program.

Corporation shall adopt a Compliance Program consistent with Sutter Health Compliance Program Plan which shall include the following:

A.    All Board Members shall receive Compliance training consistent with Sutter Health Compliance Program Plan.

B.    The Board shall have oversight of and ultimate responsibility for an effective Compliance Program including adoption of related compliance policies.

C.    The Board or a Committee of the Board shall receive and review routine and special Compliance reports on a regular basis.

D    The Board shall delegate to Corporation's Chief Executive Officer responsibility to implement Compliance Program in accordance with Sutter Health Compliance Program Plan.

## V.  DIRECTORS

### Section 5-1. - Number, Qualification, Selection.

A.    The Board of Directors (hereafter sometimes referred to as the "Board") shall consist of a minimum of fifteen (15) and a maximum of twenty (20) Directors, four (4) of whom may be physician members of this Corporation's Medical Staff who are elected through the nominating process described in these Bylaws and who are not serving as *ex-officio* Directors, and (1) of whom shall be a member of the Board of the Sutter Gould Medical Foundation. All Directors shall be eligible to vote.

B.    A majority of the members of the Board of Directors shall be residents of Stanislaus County, California. All members shall be appointed as herein set forth.

DEC_MHA Bylaws_12-04.doc                    4
MHA_Bylaws

Subp 00199

C.    Not more than 49% of the persons serving as members of the Board of Directors at any time may be interested persons. An interested person is:

    i.    Any person being compensated by the Corporation for services rendered to it within the previous 12 months, whether as a full-time or part-time employee, independent contractor or otherwise, excluding any reasonable compensation paid to a Director as Director.

    ii.    Any brother, sister, ancestor, descendant, spouse, brother-in-law, sister-in-law, son-in-law, daughter-in-law, mother-in-law, or father-in-law of any such person.

However, any violation of the provisions of this paragraph shall not affect the validity or enforceability of any transaction entered into by the Corporation.

D.    The General Member's Senior Vice President and CEO-Central Valley Service Area or his/her designee, the Chief Executive Officer (hereinafter know as Chief Executive Officer) of this Corporation, the Chief of the Medical Staff of this Corporation, the Chief-Elect of the Medical Staff of this Corporation, the Chair of the Board of Memorial Hospital Los Banos and a representative of the General Member who is designated as such by the Chief Executive Officer of the General Member shall be *ex officio* members with full voting rights, of the Board of Directors. All other members shall be elected or appointed as herein set forth.

E.    Appointed members of the Board of Directors shall be chosen for their willingness and ability to effectively contribute to and support the objectives of the hospital. Membership on the Board should reflect a breadth of diversity of community interests that is in keeping with the broad role of the hospital in the community.

F.    The General Member shall appoint replacements for members of the Board of this Corporation whose terms will expire prior to the next annual meeting of the General Member. Directors shall be selected by the General Member from a slate of nominees selected as described in Section 12-4 of these Bylaws. Directors shall serve at the discretion of the General Member.

G.    The terms of all elected Directors shall be for three years, and appointments shall be staggered. No appointed Director may serve for more than nine consecutive years. As soon as feasible after adoption of these Bylaws, and by a method to be determined by the General Member, approximately one-third of the Directors shall be selected to serve an initial three-year term, another one-third shall be selected for a two-year term, and the remaining one-third shall be selected for a one-year term. Notwithstanding the above limitation on time of service, each Director shall hold office until his/her successor is appointed. None of these temporal provisions apply to *ex officio* Directors.

Subp 00200

Section 5-2. - Powers and Responsibilities.

A.    Except as otherwise provided by the Articles of Incorporation or by these Bylaws, the powers of the Corporation shall be exercised, its property controlled and its affairs conducted by or under the direction of the Board of Directors.

B.    Except as to those powers herein expressly reserved to the General Member by Article XII, and subject to any region wide policies adopted by the General Member, the General Powers of the Board of Directors shall include, but not be limited to, the following:

   i.    subject to the provisions of Sections 7-2 and 7-5, below, to select and remove officers, agents and employees of the Corporation; to prescribe powers and duties for them; to fix their compensation; and require from them security for faithful service;

   ii.    to develop annual one-year operating and three-year capital budgets, in accordance with guidelines established by the General Member's Finance-Planning Committee;

   iii.    to approve capital expenditures outside of approved capital budgets, to a limit specified by the General Member's Finance-Planning Committee;

   iv.    to develop and recommend corporate objectives;

   v.    to select and appoint a qualified Medical Staff and maintain a liaison therewith;

   vi.    to supervise the hospital's quality assurance activities, including all aspects of patient care evaluation, in accordance with guidelines established by the General Member's Systemwide Quality Review Committee;

   vii.    to monitor and evaluate performance of the Chief Executive Officer;

   viii.    to recommend local hospital service area residents for appointment by the General Member to the Board; and

   ix.    to arrange for periodic review of its own performance.

Section 5-3. - Compensation.

Directors who are not part of the full-time management of the Corporation shall serve without compensation except for reimbursement for reasonable expenses. In keeping with the

Subp 00201

nonprofit status of the Corporation, no Director shall benefit financially from his/her position as a Board member.

Directors may be reimbursed for all out-of-pocket expenses incurred in attending meetings and carrying out duties and functions directly related to the Corporation's business.

Section 5-4. - Conflict of Interest.

The Board shall promulgate written policies regarding conflict of interest related to its own members, salaried persons in the hospital and members of the Medical Staff. Such policies shall not be inconsistent with the standards of conduct set forth in Sections 5230 through 5238 of the California Corporations Code or with the General Member's conflict of interest policies or guidelines. Such policies shall ensure full disclosure of financial interests and transactions where conflict of interest is a possibility, and shall ensure the avoidance of potential conflict of interest in choosing new Board members. Such policies shall impose upon each Board member the responsibility to be alert to possible conflicts of interest of himself or herself or of other Board members, and shall require that each Director declare his or her absence of conflict of interest on a declaration form provided for that purpose and disqualify himself or herself from making a decision where he or she has a conflict of interest.

## VI.  MEETINGS

Section 6-1. - Regular Meetings.

Regular meetings of the Board of Directors shall be held at such frequency, time, and place as the Board shall from time to time determine.

Section 6-2. - Special Meetings.

Special meetings of the Board of Directors may be called at any time on the order of the Chair, on the order of a majority of the Directors presently serving, or by the General Member.

Section 6-3. - Annual Organizational Meeting.

Annually, not later than 30 days following each annual meeting of the Member, the Board shall meet for the purpose of electing the officers, and approving two Board members to serve on this Corporation's Nominating Committee, one representative to serve on the General Member's Finance-Planning Committee, and the members and chairpersons of Board's committees. Nominees shall be selected by this Corporation's Nominating Committee, as described in Section 8-5 of these Bylaws.

Section 6-4. - Place of Meetings.

All regular meetings of the Board of Directors, except as herein otherwise provided, shall be held at the place of business of the Corporation or such other place within the State of California as the Chair or the Directors requesting such a meeting may designate.

Subp 00202

Section 6-5. - Notice.

Special meetings of the Board of Directors shall be held upon four days' notice to each Director by first-class mail or 48 hours' notice to each Director delivered personally or by telephone or facsimile transmission. The attendance of a Director at any meeting shall constitute a waiver of notice of the meeting, except where a Director attends a meeting only for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

Section 6-6. - Quorum.

A majority of the whole number of Directors presently serving and empowered to vote shall constitute a quorum for the transaction of business. However, a majority of those present at the time and place of any meeting, although less than a quorum, may adjourn the same from time to time or from day to day, without further notice, until a quorum shall attend, and when a quorum shall attend, any business may be transacted which might have been transacted at the meeting had the same been held on the day on which the same was originally appointed or called.

Section 6-7. - Manner of Acting.

The act of a majority of Directors empowered to vote and present at a meeting at which a quorum is present shall be the act of the Board of Directors, unless the act of a greater number is required by law or by these Bylaws.

Section 6-8. - Presiding Officer.

The Chair, or in his or her absence, the Vice-Chair, or in the absence of both, the Past-Chair, or in the absence of all three, a chairperson selected by the Directors present, shall call the meeting to order and shall preside.

Section 6-9. - Action in Lieu of Meeting.

Any action required or permitted to be taken by the Board of Directors may be taken without a meeting, if all members of the Board shall individually or collectively consent in writing to such action. Such written consent or consents shall be filed with the minutes of proceedings of the Board. Such action by written consent shall have the same force and effect as the unanimous vote of the Directors.

Section 6-10. - Telephonic Meetings.

Members of the Board may participate in a meeting through use of a conference telephone or similar communications equipment, so long as all Directors participating in such meeting can hear one another. Participation in a meeting, pursuant to this paragraph, constitutes presence in person at the meeting.

Subp 00203

## VII.  OFFICERS

### Section 7-1. - General.

The officers of the Corporation shall be a Chair of the Board, a Vice-Chair of the Board, a Past-Chair of the Board, a Vice Chair-Corporate Resource Committee, a Chief Financial Officer, a Chief Executive Officer, and a Secretary.  Offices may be held by the same person except that neither the Chief Financial Officer nor the Secretary may serve concurrently as Chair of the Board or as the Chief Executive Officer.

### Section 7-2. - Qualification, Election and Term of Office.

The Chair of the Board, Vice-Chair of the Board, Past-Chair of the Board, Secretary and Vice Chair-Corporate Resource Committee shall be elected by the Board from among its own membership at the Annual Organizational Meeting.  These officers shall serve for one-year terms or until successors have been elected, but must be elected each year.  The election of the Chair is effective upon approval of the General Member.  Only elected members who live in the local hospital's primary service area shall be eligible to be Chair.  Officers, other than the Chair, serve at the pleasure of the Board and may be removed as an officer without cause by a majority vote of the Directors.  The Chair may be removed as an officer without cause by a majority vote of the Directors and the approval of the General Member.  Such removal shall not affect the officer's status as a Director.

### Section 7-3. - Subordinate Officers, Etc.

The Board may appoint such other officers as the business of the Corporation may require, each of whom shall hold office for such period, have such authority and perform such duties as are required in these Bylaws or as the Board may from time to time determine.

### Section 7-4. - Resignation.

Any officer may resign at any time by giving written notice to the Board, subject to the rights, if any, of the Corporation under any contract to which the officer is a party.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

### Section 7-5. - Vacancies.

A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled in the manner prescribed in these Bylaws for regular appointments to such office.

### Section 7-6. - Chair.

The Chair shall preside at all meetings of the Board of Directors.  The Chair shall

Subp 00204

exercise and perform such other powers and duties as may be prescribed by the Board of Directors from time to time. The Chair shall be an *ex officio* member of all committees. The Chair may delegate any of his or her powers to the Vice-Chair of the Corporation.

Section 7-7. - Vice-Chair.

The Vice-Chair, in the absence, inability, or refusal of the Chair to act, shall have the same powers and duties as the Chair and shall have in addition any powers and duties that the Chair from time to time delegates to him or her. He or she shall have such other powers and perform such other duties as may be assigned to him or her by the Board of Directors.

Section 7-8. - Past-Chair.

The Past-Chair, in the absence, inability, or refusal of both the Chair and Vice-Chair to act, shall have the same powers and duties as the Chair and shall have in addition any powers and duties that the Chair from time to time delegates to him or her. He or she shall have such other powers and perform such other duties as may be assigned to him or her by the Board of Directors.

Section 7-9. - Vice Chair-Corporate Resource Committee.

The Vice Chair - Corporate Resource Committee shall preside at all meetings of the Corporate Resource Committee. He or she shall have such other powers and perform such other duties as may be assigned to him or her by the Board of Directors.

Section 7-10. - Chief Executive Officer.

A.    Appointment, Compensation and Removal. The President and CEO of the General Member shall screen candidates when the Chief Executive Officer is to be hired and shall present finalists to the Board of this Corporation for selection. The Chief Executive Officer shall be an employee of the General Member. The Executive Committee of the Board of this Corporation shall meet with and provide an evaluation of the Chief Executive Officer and shall make compensation recommendations, based on an agreed upon salary system and survey process, to the President and CEO of the General Member, or his or her designee, who shall make the final determination. The Chief Executive Officer shall serve at the pleasure of the General Member, acting through its President and CEO, and the Board of this Corporation, each of which, with the approval of the other, may terminate the services of the Chief Executive Officer.

B.    Responsibilities and Authority The Chief Executive Officer shall be the general manager, chief executive officer and Administrator of this Corporation. The Chief Executive Officer shall be given the necessary authority and responsibility to operate this Corporation in all of its activities, including without limitation, quality of services, cost effectiveness and economic performance and implementation of System strategies, subject to the following: With respect to

Subp 00205

policy development, program planning, employee and community relations, the Chief Executive Officer shall be subject to such policies as may be adopted and such orders as may be issued by the Board of this Corporation or by any of its committees to which the Board has delegated the power for such action; with respect to program execution and overall management performance, the Chief Executive Officer shall be subject to the authority of and shall report to the Board; with respect to strategies of the local delivery system operated by this Corporation and overall operations of that system, the Chief Executive Officer shall be responsible to the President and CEO of the General Member. The Chief Executive Officer shall also periodically report to the President and CEO of the General Member or his/her designee on the affairs of this Corporation. The Chief Executive Officer shall act as the duly authorized representative of the Board of this Corporation in all matters in which the Board has not formally designated some other person to so act.

C.    *Ex-Officio* Board Membership. The Chief Executive Officer shall be an *ex-officio* voting member of the Board of this Corporation.

Section 7-11. - Chief Financial Officer.

The Chief Executive Officer shall select the Chief Financial Officer. The Chief Financial Officer, acting with the Executive and Corporate Resource Committees, shall ensure that a true and accurate accounting of the financial transactions of the hospital is made, that reports of such transactions are presented to the Executive Committee or the Board and that all accounts payable are presented to such representatives as the Executive Committee may designate for authorization of payment. The books of account shall at all times be open to inspection by any member of the Board and by the General Member. When requested by the Chair, the Vice Chair - Corporate Resource Committee, or the Board of Directors, the Chief Financial Officer shall render an account of the financial condition of the Corporation and shall perform all other duties required of him or her by the Chair, Directors, and committees pertaining to his or her office or incident to the position of Chief Financial Officer.

Section 7-12. - Secretary.

The Secretary shall cause appropriate notices and agendas to be prepared and sent for all meetings of the Board of Directors; shall act as custodian of all records and reports; shall be responsible for the keeping and reporting of adequate records of all meetings of the Board of Directors; and shall certify to the correctness of any corporate bylaws or resolutions. The Board may appoint such Assistant Secretaries as deemed appropriate, each of whom shall have authority to sign documents on behalf of and in the absence or unavailability of the Secretary.

VIII.    COMMITTEES

Section 8-1. - General.

Except as specified in these Bylaws or in any resolution creating an additional committee, the members and chair of each committee shall be elected by the Board of Directors at the

Subp 00206

Annual Organizational Meeting of the Board. The chair and all other members of each committee shall hold office for one year, or until their successors are elected. Except as specified for the Executive Committee, the Chair of the Board shall have the power to fill any vacancies that occur on committees for the remainder of the year.

Except for the Executive Committee and Medical Policy Committee, persons may be appointed to committees who are not members of the Board or employees of the Corporation. Such persons may serve as officers of their committees. The Chair of the Board, or his or her designee, shall be an advisory and consulting member of each committee and all committees deliberating on issues affecting the discharge of Medical Staff responsibilities shall include, in at least an advisory and consulting capacity, a physician member of the Medical Staff.

The provisions of Sections 6-5, 6-6, 6-7, and 6-9 of these Bylaws, regarding notice, quorum, manner of acting, and action in lieu of a meeting, shall apply to committees of the Board.

All committees of the Board shall keep minutes of their meetings, which shall be filed with the Secretary of the Board.

Section 8-2. - Executive Committee.

    A.    Composition.

        The Executive Committee shall consist of the Chair of the Board who shall serve as Chair of the committee, the Vice-Chair, the Past-Chair, the Vice Chair - Corporate Resource Committee, the Secretary, the Senior Vice President - Pacific Region of the General Member or his/her designee, the Chief Financial Officer, and the Chief Executive Officer.

    B.    Responsibilities and Authority.

        The affairs and management of the Corporation shall be supervised by the Executive Committee which shall have power to transact all regular business of the Corporation during the period between meetings of the Board, subject to any prior limitations imposed by the Board and subject to the limitations of Section 5212(a) of the California Corporations Code, or any successor provision. Additionally, the Executive Committee shall review the corporate Bylaws and recommend revisions as necessary (and at least every two years) to ensure compliance with applicable statutes, regulations, and accreditation requirements. Additionally, the Executive Committee shall be responsible for handling all employment matters regarding the Chief Executive Officer, including hiring, termination and periodic performance evaluation.

    C.    Accountability.

        The Executive Committee shall report to each regular Board meeting the results of

Subp 00207

actions that it has taken within the authority delegated to it, so that the Board maintains accountability from the Executive Committee for its actions. Minutes of all meetings of the Executive Committee shall be distributed to all Board of Director members for information and any necessary actions.

Section 8-3. - Corporate Resource Committee.

A.    Composition.

The Corporate Resource Committee shall consist of at least three members of the Board, the Chief Financial Officer, and two representatives of the Medical Staff. The Chief Executive shall serve as an *ex officio* member of the committee. The Vice Chair - Corporate Resource Committee shall serve as the Chair of the committee and shall preside at all meetings of the Corporate Resource Committee.

B.    Responsibilities and Authority.

This committee shall be responsible for the following financial and planning matters:

i.    This committee shall be responsible for supervising the management of the pension funds, and for overseeing the management of the Corporation's assets and ensuring that financial records are maintained in accordance with Generally Accepted Accounting Principles. It shall see that an annual operating budget covering a one-year period and an annual capital budget covering a three-year period are prepared and submitted to the Board of Directors in accordance with the schedules established in the Systemwide Annual Budget Calendar. The Corporate Resource Committee shall examine the monthly financial reports and require explanations from the Chief Executive Officer of variations from the budget. The committee shall also supervise and review the results of all outside audits, and recommend action thereon, if any, to the Board.

ii.    The committee shall also:

a.    Consider and recommend plans for securing capital and operating funds for the Corporation;

b.    Assist in the preparation and modification of long-range and short-range development plans to assure that the total health care program is attuned to meeting the health needs of the community served by the Corporation, including periodic reexamination of the Corporation's purposes, goals, policies and current programs for delivery of health services;

c.    Review the financial feasibility of, and availability of resources for,

Subp 00208

corporate projects, acts, and undertakings referred to it by the Board of Directors and make recommendations thereon to the Board; and

d.    Perform such other duties related to fiscal and planning matters as may be assigned to it by the Board or its Chair.

The committee shall exercise its responsibilities and authority in a manner consistent with any guidelines or policies established by the General Member's Finance-Planning Committee.

C.    Accountability.

This committee shall report monthly or as often as necessary, at regular meetings of the Board or the Executive Committee, its findings on monthly reports of the fiscal operation. It shall present annually to the Board a report reflecting anticipated operating and capital expenditures and receipts for the ensuing year, and such other budgets and planning reports as requested by the Board.

Section 8-4. - Medical Policy Committee.

A.    Purposes.

i.    To assist the Board to discharge its corporate responsibility for the quality of medical care by establishing, maintaining, and improving means of holding the Medical Staff accountable for all its activities within the hospital.

ii.    To give support, guidance, and counsel to the Chief Executive Officer and Medical Staff officials in carrying out their supervisory roles with respect to Medical Staff functions and activities.

B.    Composition.

This committee shall consist of five members: four members of the Board, including the Chair of the Board (or his or her designee), one of whom shall be a Board member who is a member of the Medical Staff and the Vice President for Nursing. The Chair of this committee shall be a lay Board member. The Chief Executive Officer, the Chief of the Medical Staff of this Corporation, and the Chief-Elect of the Medical Staff of this Corporation shall serve as *ex officio* members, without vote.

A member of the hospital's management team shall be named by the Chief Executive Officer to serve as administrative staff member to this committee.

Subp 00209

C.    Responsibilities.

The committee shall:

i.      Advise and make recommendations to the Board on all Medical Staff matters.

ii.     See that appropriate standards for the screening of all applications to the Medical Staff are established, maintained, and improved as necessary, and ensure compliance with those standards.

iii.    Review and act upon recommendations pertaining to all applications for appointment and reappointment to the Medical Staff, including privileges to be granted (except applications for temporary appointments and privileges or extensions of current staff status and privileges or extensions of current staff status and privileges which may be granted by the Chief Executive Officer or his/her designee).

iv.     Review and  act upon recommendations from the Executive Committee of the Medical Staff as appropriate.

v.      Receive and review specific reports needed to ascertain if Medical Staff functions are being properly discharged.

vi.     Hold Medical Staff officials accountable for carrying out the Medical Staff functions of reviewing, analyzing and evaluating clinical work, and for making appropriate recommendations in accordance with the findings therefrom.

vii.    Hold Medical Staff officials accountable for seeing that all members of the Medical Staff comply with Medical Staff bylaws, rules and regulations and all hospital promulgated policies.

viii.   Determine the extent of compliance with the J.C.A.H.O. standards and recommendations on medical matters, and make recommendations accordingly.

ix.     Meet at regular intervals and maintain a record of its proceedings.

D.    Authority.

This committee shall have the authority to:

i.      Take action on behalf of the Board of Directors regarding the credentialing, appointment and reappointment of medical staff members.

Subp 00210

ii.    Authorize the President/CEO or his/her designee, to act on the Medical Policy Committee's behalf to grant approval for applications for temporary privileges for new applicants and/or extensions of temporary privileges or reappointments, upon concurrence of the Department Chair or his/her designee.

iii.    Determine and request whatever studies, investigative reports, or statistics concerning Medical Staff activities and functions it deems essential to discharging its responsibilities;

iv.    Reject any reports from the Medical Staff or its officials not considered complete;

v.    Require any member of the Medical Staff, after conference with the Chief Executive Officer and the Chief of the Medical Staff of this Corporation, to appear before it for any reason considered necessary; and

vi.    Summarily suspend, after conference with the Chief Executive Officer, the Chief of the Medical Staff of this Corporation, and the respective Department Chief, any member of the Medical Staff for any sufficient reason, as specified in the Medical Staff bylaws.

The authority delegated to this committee shall be exercised in a manner consistent with any provisions for fair procedure, if applicable, afforded each member of the Medical Staff as outlined in the Medical Staff bylaws, and with any guidelines or policies established by the General Member's Systemwide Quality Review Committee; provided, however, nothing in these Bylaws or the General Member's guidelines or policies shall prevent this Corporation from adopting and implementing higher standards than those established by the Systemwide Quality Review Committee.

E.    Accountability.

This committee shall at all times be accountable to the Board of Directors and shall fulfill that accountability by:

i.    Submitting quarterly a brief written report, and recommendations where appropriate, to the Board regarding:

a.    Applications to the Medical Staff;

b.    Studies pertaining to medical care appraisal; and

c.    Any matters considered in need of Board deliberation;

ii.    Submitting status reports describing studies and reports in progress

Subp 00211

pertaining to the effectiveness of the Medical Staff in carrying out its
required surveillance functions;

iii.    Reporting to the Executive Committee of the Board whenever so requested
by the Chair of the Board;

iv.    Submitting a report on any aspect of its activities whenever so requested
by the Board; and

v.    Establishing a mechanism whereby the committee's effectiveness shall be
evaluated.

Section 8-5. - Nominating Committee.

A.    Composition.

The Nominating Committee shall consist of the immediate past Chair of the
Board, the Senior Vice-President and CEO-Central Valley Service Area of the
General Member (or his or her designee), the Chief Executive Officer, and two
other members of the Board to be elected at each Annual Organizational Meeting
of the Board. The Chair of the Board shall serve as Chair of this committee.

B.    Responsibilities and Authority.

The Nominating Committee shall recommend to the Board nominees for
membership on the Board of this Corporation (including nominees to fill
vacancies created by expiration of a term as well as by resignation, removal, or
death); shall recommend nominees for the officers of this Corporation, two
members of the Nominating Committee, and the members and chairs of the
committees to be elected at the Annual Organizational Meeting, as described at
Section 6-3 of these Bylaws. The Committee shall arrange for periodic review
and evaluation of the Board members' performance, and of the Board as a whole.
The Committee shall meet as often as necessary, and in sufficient time to ensure
that this Corporation's nominees are timely submitted to the General Member for
its action.

C.    Accountability.

The Nominating Committee shall report to the Board as often as necessary, but at
least annually.

Section 8-6. - Joint Conference Committee.

A.    Composition.

The Joint Conference Committee shall consist of the Chief of the Medical Staff,

Subp 00212

Chief-Elect of the Medical Staff, immediate Past-Chief of the Medical Staff, and one other member of the Medical Staff appointed by the Chief of the Medical Staff, and approved by the Medical Staff's Executive Committee, and four (4) Directors elected by the Board. The Chief Executive Officer shall be an ex-officio member of this committee. During their respective terms on the committee, each of the Officers and members of the Joint Conference Committee shall hold office at the pleasure of the Board until his or her successor shall have been appointed and approved. One of the four Directors elected by the Board shall be designated by the Board to serve as Chair of this committee.

B.    Responsibilities and Authority.

The Joint Conference Committee shall conduct itself as a forum for the discussion of hospital operations and effective patient care, and shall provide medico-administrative liaison with the Board and the Chief Executive Officer. The function of this Committee shall not be to make policy, but to recommend on particular matters to the Board and the Medical Staff when considered appropriate on matters which concern both the Board and the Medical Staff. The Joint Conference Committee shall meet as needed as considered necessary by the Chief of the Medical Staff or the Chair of the Board and the Chief Executive Officer.

C.    Accountability.

The Joint Conference Committee shall submit written reports of its activities to the Board and to the Medical Staff as needed.

Section 8-7. - Planning Committee.

A.    Composition.

The Planning Committee shall consist of at least eight members; however, only those members who are also Directors shall be voting members. The Chair of the Planning Committee shall be a Director selected by the Board. There shall be a minimum of two members who are physicians, at least one of whom shall be a Director. These committee members shall be appointed by the Board in consultation with the Planning Committee Chair. The CEO shall be an *ex officio*, voting member of the Committee. There shall be one member who is a nursing executive who is selected by the President. At its discretion, the committee may allow guests to attend its meetings, on either a standing or ad hoc basis. Guests shall have no participatory or other rights of the members.

B.    Responsibilities and Authority:

i.    Planning Committee Responsibilities.

The committee's duties shall include:

Subp 00213

a.  Assist in the preparation and modification of long-range and short-range development plans developed with participation of Administration, the Board, the Medical Staff, and nursing and other departments, to assure that the Corporation's health care program is attuned to meeting the health needs of the community, including periodic re-examination of the Corporation's purposes, goals, policies and current programs for delivery of health services;

b.  Solicit and receive input from the general public to:

   (1)  Identify areas of health care services needs within the service areas of the Corporation's respective facilities.

   (2)  Propose ways in which the Corporation might respond to those needs.

c.  Review the feasibility of, and availability of resources for, corporate projects, acts and undertakings referred to by the Board of Directors and make recommendations thereon to the Board; and

d.  Receive and evaluate reports from the Board and ensure compliance with applicable California and federal laws regarding community benefit reporting.

ii.  This committee shall perform such other duties related to planning matters as may be assigned to it by the Board or its Chair.

The committee shall exercise its responsibilities and authority in a manner consistent with any policies or guidelines established by the General Member. The committee shall meet as often as necessary, but at least quarterly.

C.  Accountability.

As requested and required by law, it shall present recommendations and reports to the Board.

Section 8-8. - Ad Hoc Committees.

A.  Composition.

Ad hoc committees may be appointed by the Board for such special purposes as circumstances warrant. Individuals not on the Board but having special knowledge or background may be appointed to serve on such committees.

B.  Responsibilities and Authority.

Subp 00214

Activities of such a committee shall be limited to the accomplishment of those tasks for which it was appointed. The committee shall have no powers except those specifically conferred by the Board of Directors. As with all committees, management and staff shall provide the resources for ad hoc committees.

C.  Accountability.

All ad hoc committees shall report directly to the Board of Directors. Upon completion of the stated purpose for which it was formed, the committee shall be discharged.

## IX.  PROVISION OF MEDICAL, DENTAL, PODIATRIC AND CLINICAL PSYCHOLOGICAL CARE

### Section 9-1. - Responsibility for Medical Care.

A.  The Board of Directors is responsible for the quality of medical, dental, podiatric, and clinical psychological care rendered in the hospital. It shall discharge that responsibility by assuring that the organized Medical Staff carries out the specific quality control functions in accordance with guidelines established by the General Member's Systemwide Quality Review Committee and subject to Section 9-1I below, including, without limitations, the following:

   i.  Reviewing, analyzing, and evaluating clinical practice to determine the quality of medical care;

   ii.  Making recommendations to management and the Board for the establishment, maintenance, continuing improvement, and enforcement of professional standards;

   iii.  Reporting regularly, as required by the Medical Policy Committee in Article VIII, Section 8-4 of these Bylaws, on the quality of medical care in terms of professional standards;

   iv.  Recommending the appointment and reappointment of physicians, dentists, podiatrists, and clinical psychologists to the Medical Staff and the delineation of their clinical privileges;

   v.  Supervising and ensuring:

      a.  Compliance with the bylaws, rules and regulations for the Medical Staff; and

      b.  Carrying out the policies of the hospital concerning the functions outlined in those Medical Staff bylaws;

Subp 00215

vi.   Disciplining the members of the Medical Staff for violations of policies of the hospital and the Medical Staff bylaws, rules and regulations, within the limitations of the authority delegated by the Board of Directors;

vii.  Assisting in identifying community health needs and setting appropriate institutional goals to meet those needs; and

viii. Conducting formally structured ongoing programs of continuing medical education designed to meet the highest professional standards of care.

B.   The Chief of the Medical Staff of this Corporation shall be responsible for the effective discharge of functions to be carried out by the Medical Staff.

C.   The Chief of the Medical Staff of this Corporation shall have the authority necessary to carry out his or her responsibilities and it shall be defined in the bylaws for the Medical Staff.

D.   The Chief of the Medical Staff of this Corporation shall be accountable to the Chief Executive Officer.

E.   The Board of Directors shall be responsible for:

i.    Making all appointments and reappointments to the Medical Staff and alterations of staff status;

ii.   Granting clinical privileges;

iii.  Disciplinary actions; and

iv.   All matters relating to Medical Staff professional competence.

F.   In discharging these responsibilities, the Board of Directors shall:

i.    Assure that the safety and interest of the patients takes precedence over all other concerns; and

ii.   Always request, but not be bound by, recommendations from the Medical Staff officials and the Executive Committee of the Medical Staff.

G.   The Board of Directors shall, through the Medical Staff organization and the functions assigned to it, maintain systems for:

i.    The establishment of professional standards and criteria by which to evaluate medical care;

Subp 00216

     ii.     The continuing surveillance of professional practice and Medical Staff functions in order to determine the degree to which those professional standards and criteria are being met; and

     iii.     Gaining compliance with the predetermined standards and criteria when the systems of surveillance indicate they are not being met.

H.     No delegation to the Medical Staff shall preclude the Board of Directors from exercising the authority required to meet its responsibilities under these Bylaws.

I.     Nothing is these Bylaws or the General Member's guidelines or policies shall prevent this Corporation from adopting and implementing higher standards than those established by the Systemwide Quality Review Committee.

## Section 9-2. - Medical Staff Organization.

A.     <u>Purposes</u>.

The Board of Directors shall organize, or cause to be organized, a Medical Staff, comprised of physicians, dentists, podiatrists, and clinical psychologists for the following purposes:

     i.     To serve as the primary means for accountability to the Board for the appropriateness of the professional performance and ethical conduct of its members and affiliates;

     ii.     To discharge specific quality control functions designated to ensure the continual upgrading of the quality of medical, dental, podiatric care, and clinical psychological care rendered by the Medical Staff while at the same time assuring that the safety and interest of the patients shall take precedence over all other concerns; and

     iii.     To provide a structure whereby the Medical Staff members can become an integral part of the total hospital organization and participate in the institution's planning, policy setting, and decision making processes.

B.     <u>Functions</u>.

In fulfilling the purposes of the Medical Staff organization, the functions as stated in Section 9-1A of these Bylaws shall be carried out.

C.     <u>Officials</u>.

     i.     <u>Medical Staff and Department Officers</u>.

     The Medical Staff bylaws shall provide for the selection of Medical Staff

Subp 00217

and department officers.

ii.    Medico-Administrative Officers.

A medico-administrative officer is a practitioner engaged by the hospital on a full or part-time basis for both administrative and clinical duties. Clinical responsibilities are defined as those involving professional capability as a practitioner, such as to require the exercise of clinical judgment with respect to patient care, and may include supervision of professional activities of other practitioners.

A practitioner engaged in a purely administrative capacity with no clinical duties or privileges is subject to the regular personnel policies of the hospital and to the specific terms of his or her contract or other conditions of engagement, and need not be a member of the Medical Staff. A medico-administrative officer, however, must be a member of the Medical Staff, with clinical privileges delineated in accordance with the Medical Staff bylaws. His or her Medical Staff membership and clinical privileges shall not depend upon continued occupation as a medico-administrative officer, unless otherwise provided by contract or other agreement.

iii.    Tenure.

The Chief of the Medical Staff of this Corporation shall hold office for a two-year term and may not serve two consecutive terms in that office. Each medico-administrative officer shall serve for such term as provided by contract or other agreement.

Section 9-3. - Medical Staff Bylaws.

A.    Purpose of Bylaws.

There shall be bylaws for the Medical Staff. The bylaws shall state the purpose and functions of the Medical Staff organization and they shall be in consonance with the purposes and functions of the Medical Staff organization stated herein. The bylaws for the Medical Staff shall provide an organizational framework necessary for the implementation of appropriate quality control programs as dictated by the prescribed functions of the Medical Staff organization. The bylaws shall define relationships, responsibilities, authority and methods of accountability for each Medical Staff official, department and committee. The bylaws will specifically assure that only a member of the Medical Staff with admitting privileges shall admit patients to the hospital; that only an appropriately licensed practitioner with clinical privileges shall be directly responsible for a patient's diagnosis and treatment within the area of his or her privileges; that each patient's general medical condition shall be the responsibility of a physician member of the Medical Staff; that each patient admitted to the hospital shall

Subp 00218

receive a baseline history and physical examination by a physician who is either a member of or approved by the Medical Staff; and that other direct medical care of patients provided by allied health professionals, residents, and medical students shall be under the appropriate degree of supervision by a licensed practitioner with clinical privileges.

B.    Writing of Medical Staff Bylaws.

The Medical Staff, through its officials and appropriate committees, shall be required to submit bylaws, rules and regulations for the Medical Staff organization in accordance with the requirements as set forth in this Article.

The Medical Staff shall periodically review and, as necessary, submit revisions to its bylaws, rules and regulations.

C.    Approval of Bylaws.

All such bylaws, rules and regulations for the Medical Staff shall be approved by the Board whose approval shall not be unreasonably withheld before becoming effective.

Section 9-4. - Hearing and Appeals.

The Board of Directors shall assure that each member of the Medical Staff shall be afforded fair procedure with respect to all appointment and reappointment procedures and the granting, revocation, rescinding, reduction, removal, or denial of Medical Staff privileges. The steps for affording such fair procedure to each member of the Medical Staff shall be carefully defined in the bylaws for the Medical Staff, and shall provide in detail for hearing and appeal procedures, and for notice to the aggrieved practitioner of his or her access to those procedures.

Section 9-5. - Professional Liability Insurance.

The Board of Directors shall ensure that each practitioner granted clinical privileges in the Hospital shall maintain professional liability insurance in not less than the minimum amounts as from time to time may be determined by the Board, based upon the recommendation of the Medical Staff Executive Committee. Subject to the approval of the Board, the Chief Executive Officer may, for good cause shown by a practitioner, temporarily waive this requirement with regard to such practitioner; provided that any such waiver is not granted or withheld on an arbitrary, discriminatory, or capricious basis. For purposes of this section, "good cause" shall be related to a practitioner's inability to reasonably obtain the required coverage due to arbitrary action of an insurer, and shall include consideration of the practitioner's ability to demonstrate alternative means of satisfying financial responsibilities in the event of professional negligence. The minimum amount of required coverage established pursuant to this provision shall not exceed the amount of professional liability insurance carried by the Hospital.

Subp 00219

## X.  RECORDS, REPORTS AND INSPECTION RIGHTS

Section 10-1. - Maintenance of Articles and Bylaws.

The Corporation shall keep at its principal office the original or a copy of the Articles of Incorporation and of the Bylaws as amended to date.

Section 10-2. - Maintenance of Other Corporation Records.

The accounting books, records and minutes of proceedings of the Board of Directors and any committee(s) of the Board of Directors shall be kept at such place or places designated by the Board of Directors, or, in the absence of such designation, at the principal executive office of the Corporation.  The minutes shall be kept in written or typed form, and the accounting books and records shall be kept in either written or typed form, or in any other form capable of being converted into written, typed or printed form.

Section 10-3. - Inspection by Directors or General Member.

Except as otherwise limited by law, every Director and the General Member shall have the absolute right at any reasonable time to inspect all books, records, and documents of every kind and the physical properties of the Corporation.  This inspection by a Director or the General Member may be made in person or by an agent or attorney, and the right of inspection includes the right to copy and make extracts of documents.

## XI.  EXECUTION OF DOCUMENTS

The following persons shall be authorized to execute any deeds, mortgages, bonds, contracts, or other instruments which the Board has authorized to be executed:

A.    Any officer or other person duly authorized by resolution of the Board to execute documents; or

B.    In the absence of express authorization by Board resolution, the Chair or Vice-Chair, and the Secretary or any Assistant Secretary (all subject to such limitations as may be imposed by resolution of the Board).

## XII.  TRANSACTIONS REQUIRING APPROVAL OF THE GENERAL MEMBER

Section 12-1. - Matters Requiring Approval.

Neither the Board nor any officer or employee of the Corporation, which is an affiliated institution of the General Member, may take any of the following actions without the prior approval of the General Member:

Subp 00220

A.    Merger, consolidation, reorganization, or dissolution of this Corporation or any subsidiary or affiliate entity.

B.    Amendment or restatement of the Articles of Incorporation or the Bylaws of this Corporation or any subsidiary or affiliate entity;

C.    Adoption of operating budgets of this Corporation or any subsidiary or affiliate entity, including consolidated or combined budgets of this Corporation and all subsidiary organizations of the Corporation;

D.    Adoption of capital budgets of this Corporation or any subsidiary or affiliate entity;

E.    Aggregate operating or capital expenditures on an annual basis that exceed approved operating or capital budgets by a specified dollar amount to be determined from time to time by the General Member;

F.    Long-term or material agreements including, but not limited to, borrowings, equity financings, capitalized leases and installment contracts; and purchase, sale, lease, disposition, hypothecation, exchange, gift, pledge, or encumbrance of any asset, real or personal, with a fair market value in excess of a dollar amount to be determined from time to time by the Directors of General Member, which shall not be less than 10% of the total annual capital budget of the corporation;

G.    Appointment of an independent auditor and approval of independent counsel except in conflict situations between General Member and an affiliate;

H.    The creation or acquisition of any subsidiary or affiliate entity;

I.    Contracting with an unrelated third party for all or substantially all of the management of the assets or operations of this Corporation or any subsidiary or affiliate entity;

J.    Approval of major new programs and clinical services of this Corporation or any subsidiary or affiliate entity.  General Member shall from time to time define the term "major" in this context;

K.    Approval of strategic plans of this Corporation or any subsidiary or affiliate entity;

L.    Adoption of quality assurance policies not in conformity with policies established by the General Member;

M.    Any transaction between the this Corporation, a subsidiary or affiliate and a director of this Corporation or an affiliate of such director;

Subp 00221

Section 12-2. - Other Major Activities.

A.    In addition, the General Member shall have the authority, except as otherwise provided by the General Member and after consultation with this Corporation, to require the prior review and approval of those activities of this Corporation or any subsidiary or affiliate entity which the General Member determines to be major activities.

B     "Major activities" shall be those which the General Member by a vote of not less than two-thirds (2/3) of its Board of Directors has declared major, by written notice to this Corporation, delivered personally or deposited by registered or certified mail, return receipt requested. Such notice shall specifically identify the matter or matters requiring approval of the General Member, and shall refer to this bylaw provision granting such approval rights to the General Member. Notices received pursuant to this section shall be recorded in the minutes of this Corporation and shall be filed with the minutes of this Corporation.

Section 12-3. - Approvals.

The General Member's approval or disapproval of matters described in Section 12-1 or 12-2 above, shall be recorded in or filed with the minutes of this Corporation. The approval of the General Member of any action of this Corporation for which General Member approval is required under these Bylaws shall not be inferred from the General Member's failure affirmatively to disapprove of a proposed action of this Corporation within a specified time period.

Section 12-4. - Other Actions Requiring Approval of the General Member.

A.    Vacancy. Any vacancy occurring on the Board of this Corporation shall be filled by an appointee of the General Member from nominees selected as described in subsection C of this Section 12-4 of these Bylaws.

B.    Removal. Any non-*ex-officio* Director or Director of this Corporation's Board may be removed from office by the General Member; provided, however, the General Member shall notify this Corporation's Board, and give it an opportunity to respond in the manner and subject to the terms and conditions described herein, prior to any such proposed removal.

C.    Nominations. Nominations of Directors for the Board of this Corporation, including but not limited to nominations for full terms, and nominations to fill vacancies created by resignation, removal, or death occurring during a term, shall be made by the Board of this Corporation to the General Member. The Board of this Corporation shall consider the recommendations of the Nominating Committee when the Board presents its nominees to the General Member. The General Member may accept any candidate proposed by the Board, reject any and all candidates with instructions to reconsider, or propose its own candidate. In the

Subp 00222

event the General Member proposes its own candidate, it shall give the Board thirty (30) days to accept or reject the General Member's proposed candidate. In the event the Board does not act within thirty (30) days, the General Member's selection shall become effective. If the Board rejects the General Member's proposed candidate, the disagreement shall be mediated by an independent mediator acceptable to both parties. Both this Corporation and the General Member shall participate in good faith in such mediation. Notwithstanding any other provision of these bylaws, if the disagreement is not resolved within the sixty (60) days after Board's rejection of the General Member's proposed candidate to the satisfaction of both parties, the General Member's appointee shall take office.

## XIII.  AUXILIARIES AND RELATED GROUPS

### Section 13-1. - Establishment.

Subject to the provisions of Section 12-1 of these Bylaws, the Board of Directors may establish or support the establishment of auxiliaries and/or related organizations wishing to support the objectives of the hospital or work in complementary ways with the hospital. Bylaws, other thereto, and all major projects must be approved by the Board of Directors.

### Section 13-2. - Board Approval.

The Board of Directors reserves the right to channel any such funds as may be donated by such bodies to uses or objectives consistent with the purposes stated in Article II of these Bylaws, and for liaison purposes only, a member of the Board of Directors shall be appointed to attend executive committee meetings of the auxiliary, and from time to time, but not less than annually, the Board of Directors shall receive a report, for information only, from the auxiliary as to the operations of that organization.

## XIV.  BONDING AND INDEMNIFICATION

### Section 14-1. - Bonding.

All officers and employees handling funds shall be properly bonded.

### Section 14-2. - Indemnification.

The Corporation shall have the right to indemnify any person who was or is a party or is threatened to be made a party to any civil, criminal, administrative, or investigative proceeding by reason of the fact that such person is or was a Director, officer, employee, or otherwise an agent of the Corporation, against expenses, judgments, fines, settlements and other amounts actually and reasonably incurred in connection with such proceeding, provided that all of the requirements of the California Corporations Code section 5238 for such indemnification are met.

Subp 00223

## XV.  AMENDMENTS

These Bylaws may be amended or new Bylaws may be adopted by action of the Board at any regular meeting of the Board or at any special meeting called for that purpose. Amendments shall not be effective unless and until approved by the General Member.  Alternatively, amendments which are necessary for the tax-exempt status, accreditation or licensing of the General Member or this Corporation, its affiliated entities, or of the facilities of this Corporation or affiliated entities, may be adopted by the General Member at any regular or special meeting of the Board of Directors of the General Member called for that purpose.  However, prior to amending unilaterally these Bylaws, the General Member shall notify the Board of the proposed changes, explain the reasons for them, and allow the Board to comment.  Following that process the General Member may request that the Board adopt such amendments at its next regularly scheduled meeting.

Subp 00224

EXHIBIT 4.3

SUTTER HEALTH
CASH CONCENTRATION AND
CONTROLLED DISBURSEMENTS PROGRAM

DEC_MHA Bylaws_12-04.doc
MHA_Bylaws

| Sutter Health and Affiliates Finance Policies and Procedures | |
|---|---|
| **CASH CONCENTRATION & CONTROLLED DISBURSEMENTS** | |
| Policy Number  200 | Origination Date:  06/93 Last Revised Date: 04/99 Next Review Date: 09/00 |
| Approved by: Robert D. Reed, Chief Financial Officer | |

### POLICY

Sutter Health Finance - Treasury (Treasury) shall establish and maintain a Cash Concentration and Controlled Disbursement Program for all non-profit affiliates.  The program will:

A.    Establish the cash management and depository bank(s) for use by each affiliate.

C.    Link the depository accounts of participating non-profit affiliates to a Sutter Health Concentration (bank) Account and an account in the Operating Cash Investment Pool.

D.    Provide each affiliate's linked depository account with a zero balance account (ZBA), or similar feature, enabling each affiliate to minimize its bank account balance.

E.    Provide each affiliate a controlled disbursement (checking) account. This account will be funded daily, for the exact amount of that day's clearings, from the affiliate's account in the Operating Cash Investment Pool via the Sutter Health Concentration Account. This process enables the Sutter Health System to minimize bank account balances, thus maximizing daily investment interest income.

Any other banking relationships must be approved by the Sutter Health Chief Financial Officer  or Sutter Health Vice President of Finance/Assistant Treasurer.

### PURPOSE

The purpose of this policy is to:

A.    Minimize idle bank account balances and maximizes daily interest income on a systemwide basis.

B.    Provide specialized treasury management expertise by operating a centralized cash management function.

C.    Enhance internal controls by providing for the review of checks that are scheduled to clear the bank each day.

### AUTHORIZATION

The Sutter Health Chief Financial Officer is authorized to develop and maintain the Program and execute transactions pursuant thereto.

Subp 00226

**PROCEDURES**

1. Sutter Health, through a selected third party trustee, shall provide participants with periodic (not less than monthly) reports detailing affiliates' transactions relative to the operation of the program.

2. Accounting treatment and reconciliation for Cash Concentration and Controlled Disbursements is under development.

Subp 00227

# EXHIBIT 4.4

## SUTTER HEALTH
## EQUITY CASH TRANSFER POLICY

DEC_MHA Bylaws_12-04.doc
MHA_Bylaws

Subp 00228

| Sutter Health and Affiliates Finance Policies and Procedures |
|---|
| **EQUITY CASH TRANSFER** |

| Policy Number 207 | Origination Date: 1/96 |
|---|---|
| | Last Revised Date: 7/98 |
| Approved by: Bob Reed, Chief Financial Officer | Next Review Date: 9/99 |

## POLICY

Sutter Health shall ensure that operating funds are available to affiliated entities sufficient to fund their approved operating and capital budgets. Transfers from Sutter Health to affiliates may be made where such transfers are determined to be in the best interests of the Sutter Health system, the affiliate has adopted this policy, or otherwise incorporated this policy into its bylaws, and the transfer is not otherwise prohibited by pre-existing contractual obligations. Alternatively, excess operating cash may be transferred from the affiliate to Sutter Health.

Sutter Health shall ensure that each affiliate's Funded Depreciation (including seismic funds) shall be used to fund that affiliate's routine and non-routine capital acquisitions, and will ensure that trusteed funds will be used for their authorized purposes.

Donor-originated funds are specifically excluded from this policy.

## PURPOSE

The purpose of this policy is to enable Sutter Health to optimize the strategic value of available capital resources for the benefit of the system and of individual affiliated entities. Each non-profit Sutter Health affiliated entity shall adopt this policy, thus providing the system with maximum flexibility to redeploy cash resources to meet approved system strategic objectives.

## AUTHORIZATION

The Sutter Health Chief Financial Officer may authorize transactions and establish routine practices in accordance with this policy. Sutter Health will provide periodic reports to each affiliated entity reflecting transactions executed in accordance with this policy.

## PROCEDURES

**Definitions**

Excess Operating Cash

Operating cash generated by each affiliated entity, over and above its target. (See Figure 1 for example of calculation).

Subp 00229

Target

Each affiliated entity's operating cash target shall consist of: Fourteen days of budgeted operating expenses, excluding depreciation expense.

Donor-originated Funds

Cash received by or due to, an affiliated entity or associated charitable foundation, which has not been spent.

**Accounting Treatment**

For transfers to Sutter Health, the following entry would be recorded:

|                          | Dr.  | Cr.  |
|--------------------------|------|------|
| Equity Transfer – SH     | XXX  |      |
| Cash – Operating Pool    |      | XXX  |

For transfers received from Sutter Health, the following entry would be recorded:

|                          | Dr.  | Cr.  |
|--------------------------|------|------|
| Cash – Operating Pool    | XXX  |      |
| Equity Transfer – SH     |      | XXX  |

Subp 00230

| SUTTER HEALTH | | |
|---|---|---|
| **Equity Cash Transfer Calculation (000)** | | |
| | | |
| Month:    May 31, 1998 | | Sample Affiliate |
| | | (Affiliate Name) |
| | | |
| April 30, 1998  End Operating Pool Balance | + | $        9,000 |
| B of A Balance (& other balances, if any) | + | 500 |
| Outstanding Checks | - | (800) |
| Special Provisions (if any) | - | 0 |
| Adjusted Operating Pool Balance | = | $        8,700 |
| Target Balance (see note 1) | - | (3,260) |
| *Equity Cash Transfer Available* | = | *$        5,440* |
| | | |
| *(Transaction value dated 5/1/98)* | | |
| | | |
| | | |
| | | |
| Note 1: | | |
| Target Calculation: | | |
| | | |
| Annual Operating Expense Budget | + | $      100,000 |
| Depreciation/Amortization | - | (15,000) |
| Adjusted Annual Operating Expense Budget | = | $       85,000 |
| 14 day Target Factor | X | 14/365 |
| Target Balance | = | $        3,260 |
| | | |
| | | |

Subp 00231

## SECRETARY'S CERTIFICATE

The amendments contained in these bylaws were adopted by the Board of Directors of Memorial Hospitals Association on December 13, 2004 and by the General Member, Sutter Health, on December 16, 2004, respectively.

Dated: 12/13/04

Richard M. Beal
Secretary

DEC_MHA·Bylaws_12-04.doc
MHA_Bylaws