Exhibit X

## Key Provisions from Bylaws of Hospitals Affiliated With Sutter Health ("SH")

| | Alta Bates Summit Medical Center | Sutter Amador Hospital | California Pacific Medical Center[1] | Eden Medical Center | Marin General Hospital | Memorial Hospitals Assn. | Memorial Hospital Los Banos | Mills-Peninsula Health Services | Novato Community Hospital | SH: Sacramento Sierra Region (SHSSR) | St. Luke's Hospital | Sutter Coast Hospital | Sutter Delta Medical Center | Sutter Lakeside Hospital | Sutter Maternity & Surgery Center of Santa Cruz | Sutter Medical Center of Santa Rosa | Sutter Solano Medical Center | Sutter Tracy Community Hospital |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SH is Member? | Yes (§ 2.1) | Yes (§ 3-1) | Yes (§ 2-1) | Yes (§ 4-1) | No, Marin Community Health. (§ 3-1) | Yes (§ 3-1) | No, Memorial Hospital Assn. (§ 3-1) | Yes (§ 3-1) | No, Marin Community Health. (§ 3-1) | Yes (§ 3-1) | Yes (§ 3-1) | Yes (§ 3-1) | Yes (§ 3-1) | Yes (§ 3-1) | No (§ 3-1) PMMF | Yes (§ 3-1) | Yes | Yes (§ 3-1) |
| Local Board? | Yes (§ 4-1)C | Yes (§ 5-1B) | Yes (§ 4-2 (a)) | Yes (§ 5-5) | Yes (§ 5.2.2) | Yes (§ 5-1B) | Yes (§ 5-1B) | Yes (§ 5-1.B.10) | Yes (§ 5-1B) | Yes (§ 5-1.A) | Yes (§ 5-1.A(2)) | Yes (§ 5-1B) | Yes (§ 5-1B) | Yes (§ 5-1B) | Yes (§ 5-1.D) | Yes (§ 5-1B) | Yes (§ 2.7.7) | Yes (§ 5-1B) |
| No. of SH voting members is limited | Yes, 2 out of 23 | Yes, 2 out of 13 | Yes, 2 out of 28 | Unclear | Yes, 2 out of 16 | Yes, 3 out of 15-20 | SH has no voting members | Yes, 2 out of max 22 | Yes, 2 out of max of 15 | Yes, 2 out of max 17 | Yes, 2 out of 25 | Yes, 2 out of 13 | Yes, 2 out of 15 | 2 out of 13 | SH has no voting members | Yes, 2 out of max 16 | Yes, 2 out of 15 | Yes, 2 out of 15 |
| Hosp. Board controls operations | Yes (§ 4-2) | Yes (§ 5-2A) | Yes (§ 4-1) | Yes (§ 5.2) | Yes (§ 5.1) | Yes (§ 5-2A) | Yes (§ 5-2A) | Yes (§ 4-1) | Yes (§ 5-2A) | Yes (§ 5-2A) | Yes (§ 5-2) | Yes (§ 5-2A) | Yes (§ 5-2A) | Yes (§ 5-2A) | Yes (§ 5-2) | Yes (§ 5-2) | Yes (§ 4.5.1) | Yes (§ 5-2A) |
| Hosp. Board controls officers | Yes (§ 6-2) | Yes (§ 7-2) | Yes (§§ 5.2, 5.6) | Yes (§§ 7.2, 7.3, 7.9) | Yes (§ 6.2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 5.5) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§ 7-2) | Yes (§§ 5.2, 5.3) | Yes (§ 7-2) |
| Must adopt SH policies? | No | No | No | No | No | No | No | No | No | No | No | No | No | No | No | No | No | No |
| Princ. off. placed off bus. | Oakland, Berkeley | Jackson | San Francisco | Castro Valley | Marin Co. | Stanislaus Co. | Merced Co. Los Banos | San Mateo Burlingame | Novato | Sacramento | San Francisco | Crescent City | Antioch Contra Costa | Lakeport | Santa Cruz or Sac | City Santa Rosa or Sac | Co. of Solano | Tracy |
| SH liable for affl debts | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§ 4-5) | No (§ 3-4) | No (§ 3-4) | Silent (§ 3-4) | No (§ 3.5) | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§ 3-4) | No (§§ 2.4, 3.3) | No (§ 3-4) |
| Hosp. pays fees for SH Services | No (§ 3-6) | Yes (§ 4-5) | Yes (§ 3.5) | Yes (§ 10.3b) | Yes (§ 4-5) | Yes (§ 4-5) | Yes (§ 4-5) | Yes (§ 2.5) | Yes (§ 4-5) | Yes (§ 4-6) | Yes (§ 4-5) | Yes (§ 4-5) | Yes (§ 4-5) | Yes (§ 4-5) | Yes (§ 4-5) | Yes (§ 4-6) | Yes (§ 3.6) | Yes (§ 4-5) |
| Independent governing committees | Yes (§ 7) | Yes (§ 8) | Yes (§ 7) | Yes (§ 9) | Yes (§ 7) | Yes (§ 8) | Yes (§ 9) | Yes (§ 7) | Yes (§ 8) | Yes (§ 8) | Yes (§ 8) | Yes (§ 8) | Yes (§ 8) | Yes (§ 8) | Yes (§ 8) | Yes (§ 8) | Yes (§ 6.6) | Yes (§ 8) |
| SH auth to execute docs | Yes (§ 11-a) | No (§ 11) | Not addressed | No (§ 17) | Not addressed | Yes (§ 11) | No (§ 11) | Not addressed | No (§ 11) | No (§ 11) | No (§ 11) | No (§ 11) | Yes (§ 11) | No (§ 11) | Yes (§ 11) | No (§ 11) | No (§ 9.4) | No (§ 11) |
| Board meets at SH? | No (§ 5-4) | No (§ 6-4) | No (§ 4-14) | No (§ 6-2) | No (§ 5.10) | No (§ 6-4) | No (§ 6-4) | No (§ 4.16) | No (§ 6-4) | No (§ 6-4) | No (§ 6-4) | No (§ 6-4) | No (§ 6-4) | No (§ 6-4) | No (§ 6-4) | No (§ 6-4) | No (§ 4.7.2) | No (§ 6-4) |

[1] Note: CPMC bylaws are divided into Articles, which are referred to herein using "§" for consistency. CPMC bylaws are being amended to reflect merger of St. Luke's Hospital, effective January 1, 2007. Portions of the bylaws identified in this table are unlikely to be affected by the amendments.

[2] "Member" is used herein to refer to a member as defined in California nonprofit corporation law. Sutter Health is variously referred to in the bylaws as the "corporate member" and/or "general member."

[3] Eden Township Hospital Dist is a Community Member. Note: Eden bylaws are divided into Articles, which are referred to herein using "§" for consistency.

[4] Note: Mills-Peninsula bylaws are divided into Articles, which are referred to herein using "§" for consistency.

[5] There are also two categories of Community Members - regular (have contributed $100 or more) and honorary (appointed by the Board). § 2.1.2

[6] All bylaws contain language expressing that board composition should reflect diversity of community interests.

[7] Alta Bates: At least 90% of elected trustees live/work within service area. See also § 4-1A (Provides that 8 Trustees must be physicians from ABSMC).

[8] Sutter Amador: At least 60% of appointed trustees must live in Amador Co.

[9] California Pacific Medical Center: 10-15 directors must be community representatives. See also § 4-2 (a) (Provides that 5 Directors must be medical staff physicians).

[10] Eden Medical Center: District Directors are the directors of the Community Member.

[11] Marin General Hospital: Directors shall be residents of Marin County (except SH directors). See also § 5.3.1(b) (Nominees directors-at-large shall be broadly representative of the community).

[12] Memorial: Majority of Directors shall be residents of Stanislaus County. See also § 5-1.A (Provides that 4 Directors must be medical staff physicians, 1 must be member of the Board of Gould Medical Foundation).

[13] Mills Ranch: Majority of Directors shall be residents of Merced County.

[14] Mills Peninsula Health Services: Directors-at-Large shall be from the community served by the affiliate. See also § 5-1.B (Provides that 5 Directors-at-large shall be physicians).

[15] Novato Community Hospital: Majority of Directors shall live w/in Novato city limits or Novato's Urban Service Area.

[16] Sacramento Sierra Region ("SHSSR"): Board of Trustees must include 4 community representatives. See also § 5-1.A (Board must include 3 physicians, one of whom is a COS).

[17] St Luke's Hospital: Majority of elected Directors shall be members of Episcopal Diocese of CA. See also § 5-1.A(3)2 (CPMC designates one director).

[18] Sutter Coast Hospital: Majority of Trustees shall be residents of Del Norte County.

[19] Sutter Delta Medical Center: At least 66.6% of appointed Trustees shall live or work w/in the Affiliate's Service Area.

[20] Sutter Lakeside Hospital: At least 66.6% of appointed Trustees shall live or work w/in the Affiliate's Service Area.

[21] Santa Cruz: Board composition should reflect diversity of community interests.

[22] Santa Rosa: At least 60% of appointed Trustees shall reside in Sonoma County.

[23] Sutter Tracy Community Hospital: Majority of Trustees, which is not Sutter Health, per section 2.1.2 of the Bylaws, elects 5 Trustees from the Service Area. See also § 4-1 (No more than 5 Trustees may be "interested" physicians, i.e., physicians compensated by the Corporation or any of its affiliates).

[24] Sutter Tracy Community Hospital: All but ex officio Trustees shall live or work in Tulare Township.

[25] §§ 3.8, 4-1A2, 4-1.

[26] §§ 4-7, 5-1D, 5-1A.

[27] §§ 3.7, 4-2(c), 4-3.

[28] Per Article V of the Bylaws, sections 4 and 5, Eden has 11 directors total which includes voting directors appointed by the District and voting directors appointed by SH. However, the Bylaws are silent on how many directors each Member may designate.

[29] §§ 4.7, 5.2.

[30] Board includes SH Sr. VP, CEO-Central Valley Service Area, and SH designated representative as ex-officio voting members. Board also includes chair of Memorial Hospital Los Banos Board and member of Sutter Gould Medical Foundation Board. Bylaws Article V, § 5-1A & D.

[31] As General Member, Memorial Hospitals Association's CEO and his/her designee are ex-officio members with full voting rights.

[32] § 4.2.

[33] §§ 4-7, 5-1A.

[34] §§ 5-1.A.iv, 5-1A.

[35] §§ 4-7, 5-1A(Q), 5-1A.

[36] §§ 4-7, 5-1A.

[37] §§ 4-7, 5-1A.

[38] §§ 4-7, 5-1D, 5-1A.

[39] PAMF has 2 per § 4-7 and § 5-1C, out of max 15 per § 5-1A.

[40] § 4-8.

[41] § 5-1A.

[42] § 5.1.4.1. SH also has power to elect and remove 6 non-voting members of the Board of Trustees and Community Members may elect and remove 5 members. §§ 2.7.1.1, 2.7.2.1.

[43] §§ 4-7, 5-1D.

[44] § 5-1A.

[45] Officers serve at pleasure of the Board. General Member selects CEO, subject to Board approval; CEO selects CFO.

2

46  Officers other than Chair serve at pleasure of the Board, Chair may be removed as Officer w/ General Member approval.
47  Officers except CEO hold office at pleasure of the Board.
48  Officers serve at pleasure of the Board.
49  Officers serve at the pleasure of the Board, Chair may be removed as Officer w/ General Member approval.
50  Officers may be removed by Board.
51  Officers except CEO serve at the pleasure of the Board.
52  VP and Secretary serve at the pleasure of the Board, Chair may be removed as Officer w/ General Member approval.
53  Officers except for Administrator and CFO serve at the pleasure of the Board. If business is managed pursuant to a management services agreement, selection of Administrator is subject to Board approval.
54  Officers except CEO and CFO serve at the pleasure of the Board. General Member selects and appoints CEO, who in turn selects CFO.
55  Officers elected by Board of Trustees.
56  Any officer, except for the CEO, may be removed at any time by a 2/3 vote of the Trustees.
57  Executive, Finance, Governance, Planning, Marketing & Business Development, Quality & Performance Improvement, Ad Hoc.
58  Executive, Resource Allocation, Medical Policy Cmte, Nominating, Ad Hoc, Hosp. Found.
59  Executive, Finance, Nominating, Quality.
60  Standing and Special committees appointed by Board Chair.
61  Executive, Resource, Planning, Finance, Medical Policy.
62  Executive, Corp., Resource, Medical, Policy, Nominating, Joint, Conference, Planning, Ad Hoc.
63  Executive, Finance, Nominating, Joint, Conference, Ad Hoc, Hospital, Foundation.
64  Finance & Planning, Audit & Compliance, Building, Governance, Quality, Community, Benefit.
65  Executive, Medical, Policy, Nominating, Finance, Ad Hoc.
66  Executive, Planning & Finance, Medical, Policy, Physician, Strategy, Governance, Nominating, Community, Advisory, Boards, Adult Day Health Center, Advisory Board, Ad Hoc.
67  Executive, Governance, Compliance, Audit & Finance, Strategic, Planning, Quality & Service, Joint Conference, Ad Hoc.
68  Executive, Corporate Resources, Medical Policy, Nominating, Ad Hoc.
69  Executive, Corporate Resources, Medical Policy, Nominating, Strategic Planning, Ad Hoc.
70  Executive, Corporate Resources, Medical Policy, Governance, Joint Conference, Ad Hoc, Lakeside Wellness Foundation.
71  Executive, Corporate Resources, Medical Policy, Ad Hoc, Professional Advisory Board, Hospital Development Foundation.
72  Executive, Corporate Resources, Quality Review, Ad Hoc, SMCSR Foundation.
73  Executive, Finance, Strategic Planning, Governance, Joint Conference, Medical Policy.
74  As authorized by the Board, or Chair, CEO, Secretary or Asst. Secretary subject to limitations by the Board.
75  Unless authorized by resolution of the Board.
76  Principal office or other place designated by Chair or Trustees.
77  Place of business or other place designated by Chair or Trustees.
78  Board determines principal office or other place designated by Chair or Directors.
79  Board determines.

3

Exhibit Y

1 | TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
2 | W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
3 | 180 Montgomery Street, Suite 2000
San Francisco, California 94104
4 | Tel: (415) 421-7100
Fax: (415) 421-7105
5 | TTY: (415) 421-1665
6

7 | LINDA ROSS (SBN 85563)
LAW OFFICES OF LINDA ROSS
8 | 2204 Union Street
San Francisco, California 94123
9 | Tel: (415) 563-2400
Fax: (415) 931-9981
10

11 | SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
12 | 369 Pine Street, Suite 610
San Francisco, California 94104
13 | Tel: (415) 732-0282
Fax: (415) 732-0287
14

15 | Attorneys for Plaintiffs

16

17

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, | Case No. RG05221764 |
| Plaintiffs, | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES** |
| vs. | |
| SUTTER HEALTH, and DOES 1 through 25, inclusive, | |
| Defendants. | |

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

i

1 | PROPOUNDING PARTY:        DEFENDANT SUTTER HEALTH

2 | RESPONDING PARTY:         PLAINTIFF MELINDA CAMPBELL

3 | SET NO.:                  ONE

4

5 |   Pursuant to §2030.210 of the California Code of Civil Procedure ("CCP"), Plaintiff Melinda

6 | Campbell ("Plaintiff") hereby responds and objects to the "Special Interrogatories" propounded by

7 | Defendant Sutter Health ("Defendant" or "Sutter Health").

8 | <center>**PRELIMINARY STATEMENT**</center>

9 |   Plaintiff's response to any specific interrogatory below should not be taken as an admission

10 | that Plaintiff admits or accepts the existence of any evidence, document, fact or thing set forth in or

11 | assumed by any such interrogatory, or that such response constitutes admissible evidence.

12 | <center>**GENERAL OBJECTIONS**</center>

13 |   Plaintiff makes the following General Objections whether or not separately set forth in

14 | response to each interrogatory. These General Objections are hereby incorporated into each

15 | specific response. The assertion of the same, similar or additional objections or partial responses

16 | to the individual interrogatories does not waive any of Plaintiff's General Objections.

17 |   1.  Plaintiff objects to the interrogatories to the extent that they purport to impose any

18 | obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with California

19 | Code of Civil Procedure §§2017 and 2030.

20 |   2.  Plaintiff objects to the interrogatories to the extent that they seek or require the

21 | disclosure of information which is protected from discovery by the attorney/client privilege, the

22 | attorney work-product doctrine and/or any other applicable privilege or immunity.

23 |   3.  Plaintiff objects to the interrogatories to the extent that they impose upon him a duty

24 | to seek out information which is not in Plaintiff's possession, custody or control. Plaintiff objects

25 | to the interrogatories on grounds of undue annoyance, oppression, burden and expense to the

26 | extent the interrogatories seek information that is equally available to Defendant or information

27 | that originated in Defendant's possession, custody or control.

28

SCHNEIDER
WALLACE

1    4.    Plaintiff objects to the interrogatories to the extent that they are overly broad and

2  unduly burdensome.

3    5.    Plaintiff objects to the interrogatories to the extent that they are vague and

4  ambiguous.

5    6.    Plaintiff objects to the interrogatories to the extent that the information requested is

6  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7    7.    In providing responses to these interrogatories, Plaintiff does not in any way waive

8  or intend to waive, but rather intends to preserve:

9        (a)    All objections as to the competency, relevancy, materiality and admissibility

10               of any of the interrogatories, the responses and their subject matter;

11        (b)    All objections as to the vagueness, ambiguity or other infirmity in the form of

12               any of the interrogatories, and any objections based on the undue burden

13               imposed thereby;

14        (c)    All rights to object on any ground to the use of any of the responses, or their

15               subject matter, in any subsequent proceedings, including the trial of this or

16               any other action;

17        (d)    All rights to object on any ground to any other discovery requests involving

18               or related to the subject matter of the interrogatories;

19        (e)    The right to supplement responses to the interrogatories prior to trial; and

20        (f)    Any and all privileges and/or rights under the applicable sections of the

21               California Code of Civil Procedure, or other statutes or common law.

22    8.    To the extent that plaintiff provides information in response to these interrogatories,

23  such production shall not constitute a waiver of any objection to the relevancy of such information,

24  all such objections being expressly reserved.  Plaintiff also expressly reserves the right to object to

25  further discovery, to the subject matter of these interrogatories and to the introduction of any

26  response to these interrogatories or any portion thereof.

27    9.    To the extent that the interrogatories are intended to be continuing, plaintiff objects

28  on the grounds that continuing interrogatories are not permitted.

SCHNEIDER
& WALLACE

1    10.    Plaintiff objects to the interrogatories on the ground that the interrogatories can be

2    construed to seek information that was generated or created after the filing date of the complaint in

3    this action, and therefore seek information protected by the attorney/client privilege and attorney

4    work-product doctrine.

5    11.    Plaintiff objects to the interrogatories on the ground that they were not accompanied

6    by a signed proof of service.

7    **RESPONSES AND OBJECTIONS TO FORM INTERROGATORIES**

8    **SPECIAL INTERROGATORY NO. 1**

9    Please state whether MEMORIAL made any appearance in YOUR bankruptcy action in the

10    U.S. Bankruptcy Court, Northern District of California (San Jose), Bankruptcy Petition No. 05

11    50717 ("Bankruptcy Matter").

12    **RESPONSE TO SPECIAL INTERROGATORY NO. 1**

13    Plaintiff objects to this interrogatory on the ground that it is information already within the

14    knowledge of Defendant.  Plaintiff objects to this interrogatory on the ground that it is unduly

15    burdensome and intended to harass or annoy Plaintiff.

16    Without waiving the foregoing objections, Plaintiff responds as follows:

17    To the best of Plaintiff's knowledge, no representative of Memorial Medical Center

18    appeared at the hearing on Plaintiff's bankruptcy petition.

19    **SPECIAL INTERROGATORY NO. 2**

20    If YOUR answer to the foregoing interrogatory is in the affirmative, please describe each

21    and every appearance MEMORIAL made in the Bankruptcy Matter.

22    **RESPONSE TO SPECIAL INTERROGATORY NO. 2**

23    Not applicable.

24    **SPECIAL INTERROGATORY NO. 3**

25    State each and every fact upon which YOU base YOUR claim of damages in this case.

26    **RESPONSE TO SPECIAL INTERROGATORY NO. 3**

27    Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

28    burdensome, and intended to harass or annoy Plaintiff.  Plaintiff objects to this interrogatory on the

SCHNEIDER
& WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
3

1    ground that it is unfair to require Plaintiff to calculate damages at this stage of a putative class

2    action. Plaintiff objects to this interrogatory on the ground that Defendant has not provided

3    Plaintiff with any discovery in response to her discovery requests, and as a result Plaintiff has not

4    been afforded an opportunity to fully investigate her claims.

5         Without waiving the foregoing objections, Plaintiff responds as follows:

6         Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

7    chosen "customary rates" for medical services rendered by asserting and using various legal tools

8    to compel enforcement of improper liens against the tort recoveries of injured persons, even

9    though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

10    *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

11    Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

12    Health continues to use judicial tools to enforce the liens even though it is aware that no debt

13    exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

14    (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

15    underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

16    collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

17    in extorting money from Plaintiff and the class by forcing payment or settlement despite the

18    absence of an underlying debt.

19         This unlawful policy and practice is widespread and applies to the entire class alleged in

20    Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

21    include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

22    members have disputed these liens; many have paid them or a portion of them, despite their

23    fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

24    liens.

25         Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

26    constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

27    because it asserts and continues to press the liens through the improper use of the judicial process,

28    even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

SCHNEIDER
& WALLACE

1   the class because they were rendered null and void by the extinguishment of their underlying debts.

2   By asserting and using various methods to attempt to enforce its impermissible liens against

3   Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

4   Health has made willful use of the judicial process and all of its tools for an improper purpose.

5        Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

6   acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

7   ("UCL").

8   **SPECIAL INTERROGATORY NO. 4**

9        Describe each and every fact upon which YOU base YOUR allegations that plaintiff owed a

10   debt to Sutter Health.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 4**

12        Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

13   burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

14   Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

15   any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

16   an opportunity to fully investigate her claims.

17        Without waiving the foregoing objections, Plaintiff responds as follows:

18        Plaintiff received medical services at a Sutter Health hospital for injuries she sustained as

19   the result of a tort committed by a third party. After Plaintiff declared bankruptcy, the United

20   States Bankruptcy Court discharged all of her debts, including her debt to the hospital for the

21   medical services she received. When Plaintiff brought an action against the tortfeasor who caused

22   her injuries that required the medical services at the Sutter Health hospital, Sutter Health asserted a

23   lien against Plaintiff to recover its so-called "customary charges" from Plaintiff, despite the fact

24   that Sutter Health knew that Plaintiff's debt to Sutter Health no longer existed. Sutter Health was

25   named in Plaintiff's bankruptcy petition, was offered an opportunity to appear at a hearing, and

26   was given notice of the Bankruptcy Court's discharge of Plaintiff's debt to Sutter Health.

27        As a result, Sutter Health asserted its lien against Plaintiff with malice and without probable

28   cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy Court's discharge

CHNEIDER
: WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
5

1   of Plaintiff's debt. (*See Parnell, supra*, 35 Cal.4[th] at 609 ["a lien under the HLA requires the

2   existence of an underlying debt by the patient to the hospital"].) Sutter Health is thus liable for

3   malicious prosecution and violations of the UCL.

4   **SPECIAL INTERROGATORY NO. 5**

5       Describe each and every fact upon which you base your allegation that Plaintiffs debt to

6   Sutter Health was extinguished.

7   **RESPONSE TO SPECIAL INTERROGATORY NO. 5**

8       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

9   burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

10   Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

11   any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

12   an opportunity to fully investigate her claims.

13       Without waiving the foregoing objections, Plaintiff responds as follows:

14       Plaintiff received medical services at a Sutter Health hospital for injuries she sustained as

15   the result of a tort committed by a third party. After Plaintiff declared bankruptcy, the United

16   States Bankruptcy Court discharged all of her debts, including her debt to the hospital for the

17   medical services she received. When Plaintiff brought an action against the tortfeasor who caused

18   her injuries that required the medical services at the Sutter Health hospital, Sutter Health asserted a

19   lien against Plaintiff to recover its so-called "customary charges" from Plaintiff, despite the fact

20   that Sutter Health knew that Plaintiff's debt to Sutter Health no longer existed. Sutter Health was

21   named in Plaintiff's bankruptcy petition, was offered an opportunity to appear at a hearing, and

22   was given notice of the Bankruptcy Court's discharge of Plaintiff's debt to Sutter Health.

23       As a result, Sutter Health asserted its lien against Plaintiff with malice and without probable

24   cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy Court's discharge

25   of Plaintiff's debt. (*See Parnell, supra*, 35 Cal.4[th] at 609 ["a lien under the HLA requires the

26   existence of an underlying debt by the patient to the hospital"].) Sutter Health is thus liable for

27   malicious prosecution and violations of the UCL.

28

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

6

CHNEIDER
: WALLACE

1  **SPECIAL INTERROGATORY NO. 6**

2      State each and every fact upon which YOU base YOUR contention that Sutter Health

3  asserted impermissible liens.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 6**

5      Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

6  burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

7  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

8  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

9  an opportunity to fully investigate her claims.

10      Without waiving the foregoing objections, Plaintiff responds as follows:

11      Plaintiff received medical services at a Sutter Health hospital for injuries she sustained as

12  the result of a tort committed by a third party. After Plaintiff declared bankruptcy, the United

13  States Bankruptcy Court discharged all of her debts, including her debt to the hospital for the

14  medical services she received. When Plaintiff brought an action against the tortfeasor who caused

15  her injuries that required the medical services at the Sutter Health hospital, Sutter Health asserted a

16  lien against Plaintiff to recover its so-called "customary charges" from Plaintiff, despite the fact

17  that Sutter Health knew that Plaintiff's debt to Sutter Health no longer existed. Sutter Health was

18  named in Plaintiff's bankruptcy petition, was offered an opportunity to appear at a hearing, and

19  was given notice of the Bankruptcy Court's discharge of Plaintiff's debt to Sutter Health.

20      As a result, Sutter Health asserted its lien against Plaintiff with malice and without probable

21  cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy Court's discharge

22  of Plaintiff's debt. (*See Parnell, supra*, 35 Cal.4[th] at 609 ["a lien under the HLA requires the

23  existence of an underlying debt by the patient to the hospital"].) Sutter Health's unlawful policy is

24  widespread and applies to the entire class alleged in Plaintiff's FAC. Sutter Health is interested in

25  extorting money from Plaintiff and the class by forcing payment or settlement despite the absence

26  of an underlying debt. Sutter Health is liable for malicious prosecution and violations of the UCL.

27

28

SCHNEIDER
WALLACE

1  **SPECIAL INTERROGATORY NO. 7**

2      State each and every fact upon which YOU base YOUR contention that Sutter Health

3  asserted liens against class members.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 7**

5      Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

6  burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

7  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

8  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

9  an opportunity to fully investigate her claims.

10      Without waiving the foregoing objections, Plaintiff responds as follows:

11      Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

12  chosen "customary rates" for medical services rendered by asserting and using various legal tools

13  to compel enforcement of improper liens against the tort recoveries of injured persons, even

14  though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

15  *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

16  Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

17  Health continues to use judicial tools to enforce the liens even though it is aware that no debt

18  exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

19  (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

20  underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

21  collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

22  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

23  absence of an underlying debt.

24      This unlawful policy and practice is widespread and applies to the entire class alleged in

25  Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

26  include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

27  members have disputed these liens; many have paid them or a portion of them, despite their

28

CHNEIDER
: WALLACE

1    fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

2    liens.

3         Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

4    constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

5    because it asserts and continues to press the liens through the improper use of the judicial process,

6    even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

7    the class because they were rendered null and void by the extinguishment of their underlying debts.

8    By asserting and using various methods to attempt to enforce its impermissible liens against

9    Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

10   Health has made willful use of the judicial process and all of its tools for an improper purpose.

11        Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

12   acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

13   ("UCL").

14   **SPECIAL INTERROGATORY NO. 8**

15        State each and every fact upon which you base your contention that Sutter health brought an

16   action against you.

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 8**

18        Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

19   burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

20   Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

21   any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

22   an opportunity to fully investigate her claims.

23        Without waiving the foregoing objections, Plaintiff responds as follows:

24        Plaintiff received medical services at a Sutter Health hospital for injuries she sustained as

25   the result of a tort committed by a third party. After Plaintiff declared bankruptcy, the United

26   States Bankruptcy Court discharged all of her debts, including her debt to the hospital for the

27   medical services she received. When Plaintiff brought an action against the tortfeasor who caused

28   her injuries that required the medical services at the Sutter Health hospital, Sutter Health asserted a

1    lien against Plaintiff to recover its so-called "customary charges" from Plaintiff, despite the fact

2    that Sutter Health knew that Plaintiff's debt to Sutter Health no longer existed. Sutter Health was

3    named in Plaintiff's bankruptcy petition, was offered an opportunity to appear at a hearing, and

4    was given notice of the Bankruptcy Court's discharge of Plaintiff's debt to Sutter Health.

5       As a result, Sutter Health asserted its lien against Plaintiff with malice and without probable

6    cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy Court's discharge

7    of Plaintiff's debt. (*See Parnell, supra*, 35 Cal.4[th] at 609 ["a lien under the HLA requires the

8    existence of an underlying debt by the patient to the hospital"].) This liens constitutes an action

9    against Plaintiff, and has caused Plaintiff considerable injury, both emotional and financial. (*See*

10    Court's Order of April 18, 2006 at 3:22-23 ["The complaint adequately alleges that the prior action

11    (the notice of a lien) was in the nature of a civil action commenced by or at the direction of the

12    defendant"].) Sutter Health is liable for malicious prosecution and violations of the UCL.

13    **SPECIAL INTERROGATORY NO. 9**

14       State each and every fact upon which YOU base YOUR allegation that the lien(s)

15    terminated in favor of Plaintiff.

16    **RESPONSE TO SPECIAL INTERROGATORY NO. 9**

17       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

18    burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

19    Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

20    any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

21    an opportunity to fully investigate her claims.

22       Without waiving the foregoing objections, Plaintiff responds as follows:

23       Plaintiff received medical services at a Sutter Health hospital for injuries she sustained as

24    the result of a tort committed by a third party. After Plaintiff declared bankruptcy, the United

25    States Bankruptcy Court discharged all of her debts, including her debt to the hospital for the

26    medical services she received. When Plaintiff brought an action against the tortfeasor who caused

27    her injuries that required the medical services at the Sutter Health hospital, Sutter Health asserted a

28    lien against Plaintiff to recover its so-called "customary charges" from Plaintiff, despite the fact

SCHNEIDER
& WALLACE

1    that Sutter Health knew that Plaintiff's debt to Sutter Health no longer existed. Sutter Health was

2    named in Plaintiff's bankruptcy petition, was offered an opportunity to appear at a hearing, and

3    was given notice of the Bankruptcy Court's discharge of Plaintiff's debt to Sutter Health.

4         As a result, Sutter Health asserted its lien against Plaintiff with malice and without probable

5    cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy Court's discharge

6    of Plaintiff's debt. (*See Parnell, supra*, 35 Cal.4[th] at 609 ["a lien under the HLA requires the

7    existence of an underlying debt by the patient to the hospital"].) Sutter Health is thus liable for

8    malicious prosecution and violations of the UCL.

9    **SPECIAL INTERROGATORY NO. 10**

10        State each and every fact upon which YOU base YOUR contention that Sutter Health acted

11   without probable cause.

12   **RESPONSE TO SPECIAL INTERROGATORY NO. 10**

13        Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

14   burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

15   Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

16   any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

17   an opportunity to fully investigate her claims.

18        Without waiving the foregoing objections, Plaintiff responds as follows:

19        Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

20   chosen "customary rates" for medical services rendered by asserting and using various legal tools

21   to compel enforcement of improper liens against the tort recoveries of injured persons, even

22   though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

23   *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

24   Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

25   Health continues to use judicial tools to enforce the liens even though it is aware that no debt

26   exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

27   (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

28   underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

HNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
11

1  collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

2  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

3  absence of an underlying debt.

4       This unlawful policy and practice is widespread and applies to the entire class alleged in

5  Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

6  include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

7  members have disputed these liens; many have paid them or a portion of them, despite their

8  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

9  liens.

10       Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

11  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

12  because it asserts and continues to press the liens through the improper use of the judicial process,

13  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

14  the class because they were rendered null and void by the extinguishment of their underlying debts.

15  By asserting and using various methods to attempt to enforce its impermissible liens against

16  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

17  Health has made willful use of the judicial process and all of its tools for an improper purpose.

18       Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

19  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

20  ("UCL").

21  **SPECIAL INTERROGATORY NO. 11**

22       State each and every upon which YOU base YOUR contention that Sutter Health acted with

23  malice.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 11**

25       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

26  burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

27  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

28

CHNEIDER
WALLACE

1  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

2  an opportunity to fully investigate her claims.

3      Without waiving the foregoing objections, and assuming that Defendant intended to include

4  the word "fact" between the words "every" and "upon" in this interrogatory, Plaintiff responds as

5  follows:

6      Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

7  chosen "customary rates" for medical services rendered by asserting and using various legal tools

8  to compel enforcement of improper liens against the tort recoveries of injured persons, even

9  though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

10  *knows* it is not owed any debt.  There are various reasons why the injured person's debt to Sutter

11  Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

12  Health continues to use judicial tools to enforce the liens even though it is aware that no debt

13  exists.  According to the California Supreme Court in *Parnell v. Adventist Health System/West*

14  (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

15  underlying debt is unlawful.  Despite *Parnell*, Sutter Health has continued unlawfully to assert and

16  collect on its liens.  (*See* First Amended Complaint ("FAC") at ¶¶2, 20.)  Sutter Health is interested

17  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

18  absence of an underlying debt.

19      This unlawful policy and practice is widespread and applies to the entire class alleged in

20  Plaintiff's FAC.  Actions that Sutter Health could take and has taken to pursue its liens would

21  include the use of such judicial tools as collecting on defaults and serving subpoenas.  Many class

22  members have disputed these liens; many have paid them or a portion of them, despite their

23  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

24  liens.

25      Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

26  constitutes malicious prosecution.  Sutter Health has acted with malice and without probable cause

27  because it asserts and continues to press the liens through the improper use of the judicial process,

28  even though it knows that no debts are owed.  The liens have terminated in favor of Plaintiff and

SCHNEIDER
& WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
13

1    the class because they were rendered null and void by the extinguishment of their underlying debts.

2    By asserting and using various methods to attempt to enforce its impermissible liens against

3    Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

4    Health has made willful use of the judicial process and all of its tools for an improper purpose.

5        Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

6    acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

7    ("UCL").

8    **SPECIAL INTERROGATORY NO. 12**

9        State each and every fact upon which YOU base YOUR contention that Sutter Health makes

10   willful use of the judicial process of an improper purpose.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 12**

12       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

13   burdensome, intended to harass or annoy Plaintiff, and a premature contention interrogatory.

14   Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

15   any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

16   an opportunity to fully investigate her claims.

17       Without waiving the foregoing objections, Plaintiff responds as follows:

18       Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

19   chosen "customary rates" for medical services rendered by asserting and using various legal tools

20   to compel enforcement of improper liens against the tort recoveries of injured persons, even

21   though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

22   *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

23   Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

24   Health continues to use judicial tools to enforce the liens even though it is aware that no debt

25   exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

26   (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

27   underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

28   collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

CHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

14

1  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

2  absence of an underlying debt.

3       This unlawful policy and practice is widespread and applies to the entire class alleged in

4  Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

5  include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

6  members have disputed these liens; many have paid them or a portion of them, despite their

7  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

8  liens.

9       Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

10  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

11  because it asserts and continues to press the liens through the improper use of the judicial process,

12  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

13  the class because they were rendered null and void by the extinguishment of their underlying debts.

14  By asserting and using various methods to attempt to enforce its impermissible liens against

15  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

16  Health has made willful use of the judicial process and all of its tools for an improper purpose.

17       Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

18  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

19  ("UCL").

20  **SPECIAL INTERROGATORY NO. 13**

21       State each and every fact upon which YOU base YOUR contention that Sutter Health knew

22  or should have known that its policies and practices have been unlawful and unfair.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 13**

24       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

25  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

26  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

27  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

28  an opportunity to fully investigate her claims.

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
15

1    Without waiving the foregoing objections, Plaintiff responds as follows:

2    Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

3    chosen "customary rates" for medical services rendered by asserting and using various legal tools

4    to compel enforcement of improper liens against the tort recoveries of injured persons, even

5    though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

6    *knows* it is not owed any debt.  There are various reasons why the injured person's debt to Sutter

7    Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

8    Health continues to use judicial tools to enforce the liens even though it is aware that no debt

9    exists.  According to the California Supreme Court in *Parnell v. Adventist Health System/West*

10    (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

11    underlying debt is unlawful.  Despite *Parnell*, Sutter Health has continued unlawfully to assert and

12    collect on its liens.  (*See* First Amended Complaint ("FAC") at ¶¶2, 20.)  Sutter Health is interested

13    in extorting money from Plaintiff and the class by forcing payment or settlement despite the

14    absence of an underlying debt.

15    This unlawful policy and practice is widespread and applies to the entire class alleged in

16    Plaintiff's FAC.  Actions that Sutter Health could take and has taken to pursue its liens would

17    include the use of such judicial tools as collecting on defaults and serving subpoenas.  Many class

18    members have disputed these liens; many have paid them or a portion of them, despite their

19    fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

20    liens.

21    Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

22    constitutes malicious prosecution.  Sutter Health has acted with malice and without probable cause

23    because it asserts and continues to press the liens through the improper use of the judicial process,

24    even though it knows that no debts are owed.  The liens have terminated in favor of Plaintiff and

25    the class because they were rendered null and void by the extinguishment of their underlying debts.

26    By asserting and using various methods to attempt to enforce its impermissible liens against

27    Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

28    Health has made willful use of the judicial process and all of its tools for an improper purpose.

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
16

1    Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

2    acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

3    ("UCL").

4    **SPECIAL INTERROGATORY NO. 14**

5    Describe with particularity the "policy and practice of 'balance billing'" alleged in

6    paragraph 31 of YOUR complaint.

7    **RESPONSE TO SPECIAL INTERROGATORY NO. 14**

8    Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

9    burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

10    Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

11    any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

12    an opportunity to fully investigate her claims.

13    Without waiving the foregoing objections, Plaintiff responds as follows:

14    Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

15    chosen "customary rates" for medical services rendered by asserting and using various legal tools

16    to compel enforcement of improper liens against the tort recoveries of injured persons, even

17    though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

18    *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

19    Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

20    Health continues to use judicial tools to enforce the liens even though it is aware that no debt

21    exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

22    (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

23    underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

24    collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

25    in extorting money from Plaintiff and the class by forcing payment or settlement despite the

26    absence of an underlying debt.

27    This unlawful policy and practice is widespread and applies to the entire class alleged in

28    Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

CHNEIDER
: WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
17

1  include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

2  members have disputed these liens; many have paid them or a portion of them, despite their

3  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

4  liens.

5  Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

6  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

7  because it asserts and continues to press the liens through the improper use of the judicial process,

8  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

9  the class because they were rendered null and void by the extinguishment of their underlying debts.

10  By asserting and using various methods to attempt to enforce its impermissible liens against

11  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

12  Health has made willful use of the judicial process and all of its tools for an improper purpose.

13  Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

14  acts and practices, in violation of the California Business and Professions Code §§17200, et seq.

15  ("UCL").

16  **SPECIAL INTERROGATORY NO. 15**

17  State each and every fact upon which YOU base YOUR contention that Defendant has a

18  "policy and practice of 'balance billing'... ."

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 15**

20  Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

21  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

22  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

23  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

24  an opportunity to fully investigate her claims.

25  Without waiving the foregoing objections, Plaintiff responds as follows:

26  Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

27  chosen "customary rates" for medical services rendered by asserting and using various legal tools

28  to compel enforcement of improper liens against the tort recoveries of injured persons, even

HNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
18

1   though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

2   *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

3   Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

4   Health continues to use judicial tools to enforce the liens even though it is aware that no debt

5   exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

6   (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

7   underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

8   collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

9   in extorting money from Plaintiff and the class by forcing payment or settlement despite the

10   absence of an underlying debt.

11        This unlawful policy and practice is widespread and applies to the entire class alleged in

12   Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

13   include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

14   members have disputed these liens; many have paid them or a portion of them, despite their

15   fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

16   liens.

17        Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

18   constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

19   because it asserts and continues to press the liens through the improper use of the judicial process,

20   even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

21   the class because they were rendered null and void by the extinguishment of their underlying debts.

22   By asserting and using various methods to attempt to enforce its impermissible liens against

23   Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

24   Health has made willful use of the judicial process and all of its tools for an improper purpose.

25        Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

26   acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

27   ("UCL").

28

CHNEIDER
: WALLACE

1    **SPECIAL INTERROGATORY NO. 16**

2        Describe each and every way YOU contend Plaintiffs claims are typical of the claims of the

3    class.

4    **RESPONSE TO SPECIAL INTERROGATORY NO. 16**

5        Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

6    burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

7    Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

8    any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

9    an opportunity to fully investigate her claims.

10        Without waiving the foregoing objections, Plaintiff responds as follows:

11        Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

12    chosen "customary rates" for medical services rendered by asserting and using various legal tools

13    to compel enforcement of improper liens against the tort recoveries of injured persons, even

14    though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

15    *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

16    Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

17    Health continues to use judicial tools to enforce the liens even though it is aware that no debt

18    exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

19    (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

20    underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

21    collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

22    in extorting money from Plaintiff and the class by forcing payment or settlement despite the

23    absence of an underlying debt.

24        This unlawful policy and practice is widespread and applies to the entire class alleged in

25    Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

26    include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

27    members have disputed these liens; many have paid them or a portion of them, despite their

28

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

20

1  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

2  liens.

3       Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

4  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

5  because it asserts and continues to press the liens through the improper use of the judicial process,

6  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

7  the class because they were rendered null and void by the extinguishment of their underlying debts.

8  By asserting and using various methods to attempt to enforce its impermissible liens against

9  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

10  Health has made willful use of the judicial process and all of its tools for an improper purpose.

11       Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

12  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

13  ("UCL").

14  **SPECIAL INTERROGATORY NO. 17**

15       State each and every fact upon which YOU base YOUR contention allegation that

16  individual joinder of all class members is not practicable.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 17**

18       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

19  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

20  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

21  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

22  an opportunity to fully investigate her claims.

23       Without waiving the foregoing objections, Plaintiff responds as follows:

24       Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

25  chosen "customary rates" for medical services rendered by asserting and using various legal tools

26  to compel enforcement of improper liens against the tort recoveries of injured persons, even

27  though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

28  *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

CHNEIDER
: WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
21

1  Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

2  Health continues to use judicial tools to enforce the liens even though it is aware that no debt

3  exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

4  (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

5  underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

6  collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

7  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

8  absence of an underlying debt.

9      This unlawful policy and practice is widespread and applies to the entire class alleged in

10  Plaintiff's FAC. The class alleged includes, most likely, thousands of individuals against whom

11  Sutter Health has asserted and pursued liens despite the fact that Sutter Health knew or should have

12  known that it was owed no debt. Actions that Sutter Health could take and has taken to pursue its

13  liens would include the use of such judicial tools as collecting on defaults and serving subpoenas.

14  Many class members have disputed these liens; many have paid them or a portion of them, despite

15  their fraudulence, in order to rest easier; and all have experienced expense and injury as a result of

16  these liens.

17      Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

18  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

19  because it asserts and continues to press the liens through the improper use of the judicial process,

20  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

21  the class because they were rendered null and void by the extinguishment of their underlying debts.

22  By asserting and using various methods to attempt to enforce its impermissible liens against

23  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

24  Health has made willful use of the judicial process and all of its tools for an improper purpose.

25      Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

26  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq*.

27  ("UCL").

28

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

22

1  **SPECIAL INTERROGATORY NO. 18**

2      State each and every question of fact that is common to a class.

3  **RESPONSE TO SPECIAL INTERROGATORY NO. 18**

4      Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

5  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

6  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

7  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

8  an opportunity to fully investigate her claims.

9      Without waiving the foregoing objections, Plaintiff responds as follows:

10     Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

11 chosen "customary rates" for medical services rendered by asserting and using various legal tools

12 to compel enforcement of improper liens against the tort recoveries of injured persons, even

13 though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

14 *knows* it is not owed any debt.  There are various reasons why the injured person's debt to Sutter

15 Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

16 Health continues to use judicial tools to enforce the liens even though it is aware that no debt

17 exists.  According to the California Supreme Court in *Parnell v. Adventist Health System/West*

18 (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

19 underlying debt is unlawful.  Despite *Parnell*, Sutter Health has continued unlawfully to assert and

20 collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.)  Sutter Health is interested

21 in extorting money from Plaintiff and the class by forcing payment or settlement despite the

22 absence of an underlying debt.

23     This unlawful policy and practice is widespread and applies to the entire class alleged in

24 Plaintiff's FAC.  Actions that Sutter Health could take and has taken to pursue its liens would

25 include the use of such judicial tools as collecting on defaults and serving subpoenas.  Many class

26 members have disputed these liens; many have paid them or a portion of them, despite their

27 fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

28 liens.

CHNEIDER
: WALLACE

1    Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

2    constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

3    because it asserts and continues to press the liens through the improper use of the judicial process,

4    even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

5    the class because they were rendered null and void by the extinguishment of their underlying debts.

6    By asserting and using various methods to attempt to enforce its impermissible liens against

7    Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

8    Health has made willful use of the judicial process and all of its tools for an improper purpose.

9    Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

10    acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

11    ("UCL").

12    **SPECIAL INTERROGATORY NO. 19**

13    State each and every fact upon which YOU based YOUR allegation that "defendant has

14    committed acts of unfair competition as defined by the Unfair Business Practices at…"

15    **RESPONSE TO SPECIAL INTERROGATORY NO. 19**

16    Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

17    burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

18    Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

19    any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

20    an opportunity to fully investigate her claims.

21    Without waiving the foregoing objections, Plaintiff responds as follows:

22    Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

23    chosen "customary rates" for medical services rendered by asserting and using various legal tools

24    to compel enforcement of improper liens against the tort recoveries of injured persons, even

25    though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

26    *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

27    Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

28    Health continues to use judicial tools to enforce the liens even though it is aware that no debt

HNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

24

1    exists.  According to the California Supreme Court in *Parnell v. Adventist Health System/West*

2    (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

3    underlying debt is unlawful.  Despite *Parnell*, Sutter Health has continued unlawfully to assert and

4    collect on its liens.  (*See* First Amended Complaint ("FAC") at ¶¶2, 20.)  Sutter Health is interested

5    in extorting money from Plaintiff and the class by forcing payment or settlement despite the

6    absence of an underlying debt.

7        This unlawful policy and practice is widespread and applies to the entire class alleged in

8    Plaintiff's FAC.  Actions that Sutter Health could take and has taken to pursue its liens would

9    include the use of such judicial tools as collecting on defaults and serving subpoenas.  Many class

10   members have disputed these liens; many have paid them or a portion of them, despite their

11   fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

12   liens.

13       Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

14   constitutes malicious prosecution.  Sutter Health has acted with malice and without probable cause

15   because it asserts and continues to press the liens through the improper use of the judicial process,

16   even though it knows that no debts are owed.  The liens have terminated in favor of Plaintiff and

17   the class because they were rendered null and void by the extinguishment of their underlying debts.

18   By asserting and using various methods to attempt to enforce its impermissible liens against

19   Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

20   Health has made willful use of the judicial process and all of its tools for an improper purpose.

21       Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

22   acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

23   ("UCL").

24   **SPECIAL INTERROGATORY NO. 20**

25       Describe with particularity what laws YOU contend serve as unlawful predicate acts and

26   policies for purposes of Business and Professions Code §§ 17200, et. seq., as alleged in paragraph

27   63 of YOUR complaint.

28

SCHNEIDER
& WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

25

1 | **RESPONSE TO SPECIAL INTERROGATORY NO. 20**

2      Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

3 | burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

4 | Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

5 | any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

6 | an opportunity to fully investigate her claims.

7      Without waiving the foregoing objections, Plaintiff responds as follows:

8      Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

9 | chosen "customary rates" for medical services rendered by asserting and using various legal tools

10 | to compel enforcement of improper liens against the tort recoveries of injured persons, even

11 | though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

12 | *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

13 | Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

14 | Health continues to use judicial tools to enforce the liens even though it is aware that no debt

15 | exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

16 | (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

17 | underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

18 | collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

19 | in extorting money from Plaintiff and the class by forcing payment or settlement despite the

20 | absence of an underlying debt.

21      This unlawful policy and practice is widespread and applies to the entire class alleged in

22 | Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

23 | include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

24 | members have disputed these liens; many have paid them or a portion of them, despite their

25 | fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

26 | liens.

27      Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

28 | constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

1  because it asserts and continues to press the liens through the improper use of the judicial process,

2  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

3  the class because they were rendered null and void by the extinguishment of their underlying debts.

4  By asserting and using various methods to attempt to enforce its impermissible liens against

5  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

6  Health has made willful use of the judicial process and all of its tools for an improper purpose.

7      Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

8  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

9  ("UCL").

10  **SPECIAL INTERROGATORY NO. 21**

11      Describe with particularity each and every "fundamental California Public Polic[y]" that

12  YOU allege serves as an unlawful predicate act and practice for purposes of Business &

13  Professions Code §§ 17200, et. seq., as alleged in paragraph 63 of YOUR complaint.

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 21**

15      Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

16  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

17  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

18  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

19  an opportunity to fully investigate her claims.

20      Without waiving the foregoing objections, Plaintiff responds as follows:

21      Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

22  chosen "customary rates" for medical services rendered by asserting and using various legal tools

23  to compel enforcement of improper liens against the tort recoveries of injured persons, even

24  though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

25  *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

26  Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

27  Health continues to use judicial tools to enforce the liens even though it is aware that no debt

28  exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.,* Case No. RG05221764
27

1  (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

2  underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

3  collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

4  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

5  absence of an underlying debt.

6       This unlawful policy and practice is widespread and applies to the entire class alleged in

7  Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

8  include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

9  members have disputed these liens; many have paid them or a portion of them, despite their

10  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

11  liens.

12       Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

13  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

14  because it asserts and continues to press the liens through the improper use of the judicial process,

15  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

16  the class because they were rendered null and void by the extinguishment of their underlying debts.

17  By asserting and using various methods to attempt to enforce its impermissible liens against

18  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

19  Health has made willful use of the judicial process and all of its tools for an improper purpose.

20       Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

21  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

22  ("UCL").

23  **SPECIAL INTERROGATORY NO. 22**

24       State each and every fact upon which YOU allege that "the acts and practices have taken

25  from Plaintiff and the class money rightfully belonging to them.

26  **RESPONSE TO SPECIAL INTERROGATORY NO. 22**

27       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

28  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

CHNEIDER
: WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
28

1   Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

2   any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

3   an opportunity to fully investigate her claims.

4          Without waiving the foregoing objections, Plaintiff responds as follows:

5          Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

6   chosen "customary rates" for medical services rendered by asserting and using various legal tools

7   to compel enforcement of improper liens against the tort recoveries of injured persons, even

8   though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

9   *knows* it is not owed any debt.  There are various reasons why the injured person's debt to Sutter

10  Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

11  Health continues to use judicial tools to enforce the liens even though it is aware that no debt

12  exists.  According to the California Supreme Court in *Parnell v. Adventist Health System/West*

13  (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

14  underlying debt is unlawful.  Despite *Parnell*, Sutter Health has continued unlawfully to assert and

15  collect on its liens.  (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

16  in extorting money from Plaintiff and the class by forcing payment or settlement despite the

17  absence of an underlying debt.

18         This unlawful policy and practice is widespread and applies to the entire class alleged in

19  Plaintiff's FAC.  Actions that Sutter Health could take and has taken to pursue its liens would

20  include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

21  members have disputed these liens; many have paid them or a portion of them, despite their

22  fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

23  liens.

24         Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

25  constitutes malicious prosecution.  Sutter Health has acted with malice and without probable cause

26  because it asserts and continues to press the liens through the improper use of the judicial process,

27  even though it knows that no debts are owed.  The liens have terminated in favor of Plaintiff and

28  the class because they were rendered null and void by the extinguishment of their underlying debts.

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
29

1  By asserting and using various methods to attempt to enforce its impermissible liens against

2  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

3  Health has made willful use of the judicial process and all of its tools for an improper purpose.

4      Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

5  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

6  ("UCL").

7  **SPECIAL INTERROGATORY NO. 23**

8      State each and every fact upon which YOU base YOUR contention that injunctive relief is

9  necessary and appropriate to prevent Defendant from repeating the acts and practices alleged in

10  YOUR complaint.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 23**

12      Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

13  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

14  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

15  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

16  an opportunity to fully investigate her claims.

17      Without waiving the foregoing objections, Plaintiff responds as follows:

18      Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

19  chosen "customary rates" for medical services rendered by asserting and using various legal tools

20  to compel enforcement of improper liens against the tort recoveries of injured persons, even

21  though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

22  *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

23  Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

24  Health continues to use judicial tools to enforce the liens even though it is aware that no debt

25  exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

26  (2005) 35 Cal.4[th] 595, any attempt by Sutter Health to recoup its "customary" charges absent an

27  underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

28  collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

1   in extorting money from Plaintiff and the class by forcing payment or settlement despite the

2   absence of an underlying debt.

3        This unlawful policy and practice is widespread and applies to the entire class alleged in

4   Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

5   include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

6   members have disputed these liens; many have paid them or a portion of them, despite their

7   fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

8   liens.

9        Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

10  constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

11  because it asserts and continues to press the liens through the improper use of the judicial process,

12  even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

13  the class because they were rendered null and void by the extinguishment of their underlying debts.

14  By asserting and using various methods to attempt to enforce its impermissible liens against

15  Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

16  Health has made willful use of the judicial process and all of its tools for an improper purpose.

17       Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

18  acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

19  ("UCL").

20  **SPECIAL INTERROGATORY NO. 24**

21       State each and every way in which YOU allege debts were extinguished, as alleged in

22  paragraph 73 of YOUR complaint.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 24**

24       Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, unduly

25  burdensome, intended to harass or annoy Plaintiff, and is a premature contention interrogatory.

26  Plaintiff objects to this interrogatory on the ground that Defendant has not provided Plaintiff with

27  any discovery in response to her discovery requests, and as a result Plaintiff has not been afforded

28  an opportunity to fully investigate her claims.

CHNEIDER
t WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

31

1    Without waiving the foregoing objections, Plaintiff responds as follows:

2    Sutter Health unlawfully engages in "balance billing" in an attempt to collect its arbitrarily

3    chosen "customary rates" for medical services rendered by asserting and using various legal tools

4    to compel enforcement of improper liens against the tort recoveries of injured persons, even

5    though the injured persons do not owe Sutter Health any debt, and even though Sutter Health

6    *knows* it is not owed any debt. There are various reasons why the injured person's debt to Sutter

7    Health could be extinguished, including contract, bankruptcy, or some other means, but Sutter

8    Health continues to use judicial tools to enforce the liens even though it is aware that no debt

9    exists. According to the California Supreme Court in *Parnell v. Adventist Health System/West*

10   (2005) 35 Cal.4th 595, any attempt by Sutter Health to recoup its "customary" charges absent an

11   underlying debt is unlawful. Despite *Parnell*, Sutter Health has continued unlawfully to assert and

12   collect on its liens. (*See* First Amended Complaint ("FAC") at ¶¶2, 20.) Sutter Health is interested

13   in extorting money from Plaintiff and the class by forcing payment or settlement despite the

14   absence of an underlying debt.

15   This unlawful policy and practice is widespread and applies to the entire class alleged in

16   Plaintiff's FAC. Actions that Sutter Health could take and has taken to pursue its liens would

17   include the use of such judicial tools as collecting on defaults and serving subpoenas. Many class

18   members have disputed these liens; many have paid them or a portion of them, despite their

19   fraudulence, in order to rest easier; and all have experienced expense and injury as a result of these

20   liens.

21   Sutter Health's continuing assertion of liens against persons who owe Sutter Health no debt

22   constitutes malicious prosecution. Sutter Health has acted with malice and without probable cause

23   because it asserts and continues to press the liens through the improper use of the judicial process,

24   even though it knows that no debts are owed. The liens have terminated in favor of Plaintiff and

25   the class because they were rendered null and void by the extinguishment of their underlying debts.

26   By asserting and using various methods to attempt to enforce its impermissible liens against

27   Plaintiff and the class to collect monies to which it is not entitled under California law, Sutter

28   Health has made willful use of the judicial process and all of its tools for an improper purpose.

CHNEIDER
: WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

32

1     Sutter Health's malicious prosecution constitutes unfair, unlawful, and fraudulent business

2   acts and practices, in violation of the California Business and Professions Code §§17200, *et seq.*

3   ("UCL").

4

5   Date: December 20, 2006                          SCHNEIDER & WALLACE
                                                      LAW OFFICES OF LINDA ROSS
6                                                     ROBOOSTOFF & KALKIN, PLC

7

8                                                     Hank Wi───

9                                                     Hank Willson
                                                      Counsel for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit Z

TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

LINDA ROSS (SBN 85563)
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco, California 94123
Tel: (415) 563-2400
Fax: (415) 931-9981

SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorneys for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

|  |  |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       vs.<br><br>SUTTER HEALTH, and DOES 1 through 25, inclusive,<br><br>       Defendants. | Case No. RG05221764<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS** |

SCHNEIDER
WALLACE

1  PROPOUNDING PARTY:          DEFENDANT SUTTER HEALTH

2  RESPONDING PARTY:           PLAINTIFF MELINDA CAMPBELL

3  SET NO.:                    TWO

4

5      Pursuant to §2033.210 of the California Code of Civil Procedure ("CCP"), Plaintiff Melinda

6  Campbell ("Plaintiff") hereby responds and objects to the "Request for Admissions" propounded

7  by Defendant Sutter Health ("Defendant" or "Sutter Health").

8                          **PRELIMINARY STATEMENT**

9      Plaintiff's response to any specific request below should not be taken as an admission that

10 plaintiff admits or accepts the existence of any evidence, document, fact or thing set forth in or

11 assumed by any such request, or that such response constitutes admissible evidence.

12                          **GENERAL OBJECTIONS**

13     Plaintiff makes the following General Objections whether or not separately set forth in

14 response to each request. These General Objections are hereby incorporated into each specific

15 response. The assertion of the same, similar or additional objections or partial responses to the

16 individual requests does not waive any of Plaintiff's General Objections.

17     1.     Plaintiff objects to the requests to the extent that they purport to impose any

18 obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with California

19 Code of Civil Procedure §§2017 and 2033.

20     2.     Plaintiff objects to the requests to the extent that they seek or require the disclosure

21 of information which is protected from discovery by the attorney/client privilege, the attorney

22 work-product doctrine and/or any other applicable privilege or immunity.

23     3.     Plaintiff objects to the requests to the extent that they impose upon him a duty to

24 seek out information which is not in Plaintiff's possession, custody or control. Plaintiff objects to

25 the requests on grounds of undue annoyance, oppression, burden and expense to the extent the

26 requests seek information that is equally available to Defendant or information that originated in

27 Defendant's possession, custody or control.

28

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

1

1      4.      Plaintiff objects to the requests to the extent that they are overly broad and unduly

2   burdensome.

3      5.      Plaintiff objects to the requests to the extent that they are vague and ambiguous.

4      6.      Plaintiff objects to the requests to the extent that the information requested is neither

5   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      7.      Plaintiff objects that the definition of "action" used by Defendant is incomplete and

7   ambiguous when applied to the circumstances of this case, including the prior orders of the Court

8   in this case.

9      8.      In providing responses to these requests, Plaintiff does not in any way waive or

10  intend to waive, but rather intends to preserve:

11              (a)     All objections as to the competency, relevancy, materiality and admissibility

12                      of any of the requests, the responses and their subject matter;

13              (b)     All objections as to the vagueness, ambiguity or other infirmity in the form of

14                      any of the requests, and any objections based on the undue burden imposed

15                      thereby;

16              (c)     All rights to object on any ground to the use of any of the responses, or their

17                      subject matter, in any subsequent proceedings, including the trial of this or

18                      any other action;

19              (d)     All rights to object on any ground to any other discovery requests involving

20                      or related to the subject matter of the requests;

21              (e)     The right to supplement responses to the requests prior to trial; and

22              (f)     Any and all privileges and/or rights under the applicable sections of the

23                      California Code of Civil Procedure, or other statutes or common law.

24      9.      To the extent that plaintiff provides information in response to these requests, such

25  production shall not constitute a waiver of any objection to the relevancy of such information, all

26  such objections being expressly reserved.  Plaintiff also expressly reserves the right to object to

27  further discovery, to the subject matter of these requests and to the introduction of any response to

28  these requests or any portion thereof.

SCHNEIDER
& WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

2

10.    To the extent that the requests are intended to be continuing, plaintiff objects on the grounds that continuing requests are not permitted.

11.    Plaintiff objects to the requests on the ground that the requests can be construed to seek information that was generated or created in proximity with the filing date of the complaint in this action, and which would be protected by the attorney/client privilege and attorney work-product doctrine.

12.    Plaintiff objects to the requests on the ground that they were not accompanied by a signed proof of service.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

### REQUEST NO. 21

Admit that YOU received the medical services that were the subject of the hospital lien alleged in paragraphs 21-33 and 33 of YOUR COMPLAINT (hereinafter the hospital lien shall be referred to as the "Lien" and the medical services as "the Medical Services").

### RESPONSE TO REQUEST NO. 21

Plaintiff objects to this request on the ground that it is vague and ambiguous.

Without waiving the foregoing objections, Plaintiff responds as follows:

Admit.

### REQUEST NO. 22

Admit that YOU received the Medical Services at Memorial Medical Center in Modesto, California ("Memorial").

### RESPONSE TO REQUEST NO. 22

Plaintiff objects to this request on the ground that it is vague and ambiguous.

Without waiving the foregoing objections, Plaintiff responds as follows:

Admit.

### REQUEST NO. 23

Admit that YOU received the Medical Services on July 12, 2002.

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
3

1  **RESPONSE TO REQUEST NO. 23**

2      Plaintiff objects to this request on the ground that it is vague and ambiguous.  Plaintiff

3  objects to this request on the ground that it calls for speculation.

4      Without waiving the foregoing objections, Plaintiff responds as follows:

5      Admit.

6  **REQUEST NO. 24**

7      Admit that YOU were uninsured when YOU received the Medical Services.

8  **RESPONSE TO REQUEST NO. 24**

9      Plaintiff objects to this request on the ground that it is vague and ambiguous.

10      Without waiving the foregoing objections, Plaintiff responds as follows:

11      Admit.

12  **REQUEST NO. 25**

13      Admit that Richard Palenchar represented YOU in the case Campbell v. Espinoza,

14  Stanislaus County Superior Court Case No. 339623 ("YOUR personal injury ACTION").

15  **RESPONSE TO REQUEST NO. 25**

16      Plaintiff objects to this request on the ground that it is vague and ambiguous.

17      Without waiving the foregoing objections, Plaintiff responds as follows:

18      Admit.

19  **REQUEST NO. 27**

20      Admit that on or about October 22, 2002, Richard Palenchar worked for Law Offices of

21  Linda Ross.

22  **RESPONSE TO REQUEST NO. 27**

23      Plaintiff objects to this request on the ground that it is vague and ambiguous.

24      Without waiving the foregoing objections, Plaintiff responds as follows:

25      On or about October 22, 2002, Richard Palenchar worked with Linda Ross at the law offices

26  of Ross & Palenchar.

27  **REQUEST NO. 28**

28      Admit that Richard Palenchar contacted Gayl Lounsbury of Memorial on October 22, 2002.

SCHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
4

1    **RESPONSE TO REQUEST NO. 28**

2       Plaintiff objects to this request on the ground that it is vague and ambiguous. Plaintiff

3   objects to this request on the ground that it calls for speculation.

4       Without waiving the foregoing objections, Plaintiff responds as follows:

5       Plaintiff does not have sufficient knowledge to either admit or deny this request.

6    **REQUEST NO. 29**

7       Admit that Richard Palenchar asked Gayl Lounsbury to send a lien to 2204 Union Street in

8   San Francisco on or about October 22, 2002.

9    **RESPONSE TO REQUEST NO. 29**

10       Plaintiff objects to this request on the ground that it is vague and ambiguous. Plaintiff

11   objects to this request on the ground that it calls for speculation.

12       Without waiving the foregoing objections, Plaintiff responds as follows:

13       Plaintiff does not have sufficient knowledge to either admit or deny this request.

14    **REQUEST NO. 30**

15       Admit that Law Offices of Linda Ross was located at 2204 Union Street in San Francisco on

16   or about October 22, 2002.

17    **RESPONSE TO REQUEST NO. 30**

18       Plaintiff objects to this request on the ground that it is vague and ambiguous.

19       Without waiving the foregoing objections, Plaintiff responds as follows:

20       The law offices of Ross & Palenchar was located at 2204 Union Street in San Francisco on

21   or about October 22, 2002.

22    **REQUEST NO. 31**

23       Admit that the lien asserted by Memorial was not filed in the Stanislaus Superior Court.

24    **RESPONSE TO REQUEST NO. 31**

25       Plaintiff objects to this request on the ground that it is vague and ambiguous.

26       Without waiving the foregoing objections, Plaintiff responds as follows:

27       Plaintiff does not have sufficient knowledge to either admit or deny this request.

28

SCHNEIDER WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

5

1  **REQUEST NO. 32**

2      Admit YOUR personal injury ACTION settled for $15,000 (the "Settlement Amount").

3  **RESPONSE TO REQUEST NO. 32**

4      Plaintiff objects to this request on the ground that it is vague and ambiguous.

5      Without waiving the foregoing objections, Plaintiff responds as follows:

6      Admit.

7  **REQUEST NO. 33**

8      Admit that YOU received the Settlement Amount in September 2005.

9  **RESPONSE TO REQUEST NO. 33**

10      Plaintiff objects to this request on the ground that it is vague and ambiguous. Plaintiff

11  objects to this request on the ground that it calls for speculation.

12      Without waiving the foregoing objections, Plaintiff responds as follows:

13      Plaintiff's counsel received a check for $4,968.62 in September 2005 from the insurance

14  company for the tortfeasor who caused her injuries.

15  **REQUEST NO. 34**

16      Admit that the document attached hereto as Exhibit A is a copy of a check for $4,968.62 of

17  the Settlement Amount.

18  **RESPONSE TO REQUEST NO. 34**

19      Plaintiff objects to this request on the ground that it is vague and ambiguous.

20      Without waiving the foregoing objections, Plaintiff responds as follows:

21      Admit.

22  **REQUEST NO. 35**

23      Admit that the check referred to in Request for Admission No. 34 was tendered to satisfy the

24  lien.

25  **RESPONSE TO REQUEST NO. 35**

26      Plaintiff objects to this request on the ground that it is vague and ambiguous. Plaintiff

27  objects to this request on the ground that it calls for speculation. Plaintiff objects to this request on

28  the ground that it assumes facts not in evidence.

HNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
6

1    Without waiving the foregoing objections, Plaintiff responds as follows:

2    Deny.

3    **REQUEST NO. 36**

4    Admit that YOUR attorney has deposited the check in an interest bearing account.

5    **RESPONSE TO REQUEST NO. 36**

6    Plaintiff objects to this request on the ground that it is vague and ambiguous.  Plaintiff

7    objects to this request on the ground that it is not relevant to the claims or defenses in this case.

8    Plaintiff objects to this request on the ground that it seeks information protected by the attorney-

9    client privilege or the attorney work product doctrine.

10    Without waiving the foregoing objections, Plaintiff responds as follows:

11    Deny.

12

13    Date: December 20, 2006                    SCHNEIDER & WALLACE
                                                  LAW OFFICES OF LINDA ROSS
14                                               ROBOOSTOFF & KALKIN, PLC

15

16                                               Hank Will────

17                                               Hank Willson
                                                 Counsel for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28

CHNEIDER
WALLACE

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764
7

Exhibit AA

1   TODD M. SCHNEIDER (SBN 158253)
    JOSHUA KONECKY (SBN 182897)
2   W.H. "HANK" WILLSON (SBN 233321)
3   SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
4   San Francisco, California 94104
    Tel: (415) 421-7100
5   Fax: (415) 421-7105
    TTY: (415) 421-1665
6
7   LINDA ROSS (SBN 85563)
    LAW OFFICES OF LINDA ROSS
8   2204 Union Street
    San Francisco, California 94123
9   Tel: (415) 563-2400
    Fax: (415) 931-9981
10
11  SCOTT KALKIN (SBN 120791)
    ROBOOSTOFF & KALKIN, PLC
12  369 Pine Street, Suite 610
    San Francisco, California 94104
13  Tel: (415) 732-0282
    Fax: (415) 732-0287
14
15  Attorneys for Plaintiffs

16

17                  SUPERIOR COURT OF CALIFORNIA

18                      COUNTY OF ALAMEDA

19

20  MELINDA CAMPBELL, on her own behalf,    Case No. RG05221764
    and on behalf of all others similarly situated,
21
                                            PLAINTIFF'S RESPONSES AND
22              Plaintiffs,                  OBJECTIONS TO DEFENDANT'S
                                            REQUESTS FOR ADMISSIONS
23          vs.                             REGARDING GENUINENESS OF
                                            DOCUMENTS
24  SUTTER HEALTH, and DOES 1 through 25,
    inclusive,
25
                Defendants.
26

27

28

CHNEIDER
: WALLACE

1 │ PROPOUNDING PARTY:         DEFENDANT SUTTER HEALTH

2 │ RESPONDING PARTY:          PLAINTIFF MELINDA CAMPBELL

3 │ SET NO.:                   ONE

4

5 │     Pursuant to §2033.210 of the California Code of Civil Procedure ("CCP"), Plaintiff Melinda

6 │ Campbell ("Plaintiff") hereby responds and objects to the "Request for Admissions" propounded

7 │ by Defendant Sutter Health ("Defendant" or "Sutter Health").

8 │                              **GENERAL OBJECTIONS**

9 │     Plaintiff makes the following General Objections whether or not separately set forth in

10 │ response to each request.  These General Objections are hereby incorporated into each specific

11 │ response.

12 │     1.     Plaintiff objects to the requests to the extent that they purport to impose any

13 │ obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with California

14 │ Code of Civil Procedure §§2017 and 2033.

15 │     2.     Plaintiff objects to the requests on grounds of undue annoyance, oppression, burden

16 │ and expense to the extent the requests seek information that is equally available to Defendant or

17 │ information that originated in Defendant's possession, custody or control.

18 │     3.     Plaintiff objects to the requests to the extent that the information requested is neither

19 │ relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20 │     4.     In providing responses to these requests, Plaintiff does not in any way waive or

21 │ intend to waive, but rather intends to preserve:

22 │            (a)   All objections as to the competency, relevancy, materiality and admissibility
   │                  of any of the requests, the responses and their subject matter;
23 │
   │            (b)   All objections as to the vagueness, ambiguity or other infirmity in the form of
24 │                  any of the requests, and any objections based on the undue burden imposed
   │                  thereby;
25 │
   │            (c)   All rights to object on any ground to the use of any of the responses, or their
26 │                  subject matter, in any subsequent proceedings, including the trial of this or
   │                  any other action;
27 │
   │            (d)   All rights to object on any ground to any other discovery requests involving
28 │                  or related to the subject matter of the requests;

SCHNEIDER
& WALLACE

(e)    The right to supplement responses to the requests prior to trial; and

(f)    Any and all privileges and/or rights under the applicable sections of the California Code of Civil Procedure, or other statutes or common law.

5.    To the extent that plaintiff provides information in response to these requests, such production shall not constitute a waiver of any objection to the relevancy of such information, all such objections being expressly reserved. Plaintiff also expressly reserves the right to object to further discovery, to the subject matter of these requests and to the introduction of any response to these requests or any portion thereof.

6.    Plaintiff objects to the requests on the ground that they were not accompanied by a signed proof of service.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

### REQUEST 2:

You are requested to admit within 30 days after the service of this Request for Admissions that the original of each of the following documents, copies of which are attached, is genuine:

SH00001-00003

SH00004

SH00005-00006

SH00007-00051

SH00052-00053

SH00054-00056

SH00057

SH00058-00060

SH00061

SH00062-00063

SH00064-00067.

### RESPONSE TO REQUEST NO. 2

Plaintiff objects to this request on the ground that it is overbroad. Plaintiff further objects to this Request on the ground that it lacks foundation and calls for speculation.

P's RESPONSES AND OBJECTIONS TO D's REQUESTS FOR ADMISSIONS REGARDING GENUINENESS OF DOCUMENTS
*Campbell v. Sutter Health, et al.*, Case No. RG05221764

2

1      Without waiving the foregoing objections, Plaintiff responds as follows:

2      Admit.

3

4   Date: January 12, 2007                          SCHNEIDER & WALLACE
                                                    LAW OFFICES OF LINDA ROSS
5                                                   ROBOOSTOFF & KALKIN, PLC

6

7

8                                                   Hank Willson
                                                    Counsel for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P's Responses and Objections to D's Requests for Admissions Regarding Genuineness of Documents
*Campbell v. Sutter Health, et al.,* Case No. RG05221764

FI-100

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and Address):*
John C. J. Barnes, 216694
McDonough Holland & Allen PC
555 Capitol Mall 9th Floor
Sacramento, CA 95814
TELEPHONE NO.: 916-444-3900     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*     Sutter Health

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS:  1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:  Dept. 22

SHORT TITLE: Melinda Campbell v. Sutter Health

| REQUEST FOR ADMISSIONS | CASE NUMBER: |
|---|---|
| ☐ Truth of Facts   ☒ Genuineness of Documents | RG05221764 |

Requesting Party: Sutter Health
Responding Party: Melinda Campbell
Set No.: 1

**You are requested to admit within thirty days after service of this *Request for Admissions* that**
1. ☐  each of the following facts is true *(number each fact consecutively):*

☐  Continued on Attachment 1

2. ☒  the original of each of the following documents, copies of which are attached, is genuine *(number each document consecutively):*
   (1) SH 00001 - 00003: "Acknowledgment of Financial Responsibility"
   (2) SH 00004: Memorial Hospital Billing Summary
   (3) SH 00005-00006: Notice of Hospital lien — For Emergency Services
   (4) SH 00007 - 00051: U.S. Bankruptcy Court, Northern District of San Jose, Bankruptcy Petition #: 05-50717
   (5) SH 00052 - 000053:  May 19, 2005 Letter from Linda Ross
   (6) SH 00054 - 00056 : May 25, 2005 Letter from Gregory Hatton
   (7) SH 00057:  May 31, 2005 Letter from Davil Vasquez
   (8) SH 00058 - 00060:  June 7, 2005 Letter from Davil Vasquez
   (9) SH 00061:  November 30, 2005 Letter from Davil Vasquez
   (10) SH 00062 - 00063:  December 6, 2005 Letter from Linda Ross
   (11) SH 00064 - 00067:  December 6, 2005 Letter from Michael Provan, attaching checks.

☐  Continued on Attachment 2.

John C. J. Barnes
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**REQUEST FOR ADMISSIONS**

Code Civil Procedure
§§2033 010-2033 420, 2033 710

American LegalNet, Inc.
www.USCourtForms.com

MEMORIAL HOSPITAL/MEDICAL CENTER 1700 COFFEE ROAD MODESTO, CALIF. 95355

| PATIENT ACCOUNT # | DATE | TIME | ROOM | BED | ACCOM | SERV | | MEDICAL RECORD # | RACE | RELIGION | FIN. CL | ADA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| M013942503 | 07/12/02 | 2126 | | | | MFC | | MB29203 | W | CHR | SR | AI |

| ADMITTING / PRIVATE PHYSICIAN | EMERGENCY / ATTENDING PHYSICIAN | | DATE OF BIRTH | AGE | SEX | MARITAL STATU |
|---|---|---|---|---|---|---|
| PHYSICIAN, OUT OF AREA | COASTAL MEDICAL GROUP | | 10/24/63 | 38 | F | DIVORCE |

| PATIENT NAME | | | | MAILING / STREET ADDRESS | | |
|---|---|---|---|---|---|---|
| CAMBELL, MELINDA | | | | 1455 MERRY LANE | | |

| CITY | STATE | ZIP | TELEPHONE | OCCUPATION | SOCIAL SECURITY # |
|---|---|---|---|---|---|
| SAN JOSE CA 95128 | | | 408 374 1750 | MANAGER/INSTRUCTOR | 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 |

| EMPLOYER | EMPLOYER ADDRESS | CITY | STATE | ZIP | TELEPHONE |
|---|---|---|---|---|---|
| BALI TOTAL FITNESS | 1570 HAMILTON AVENUE | SAN JOSE CA 95125 | | | 408 267 1900 |

| RESPONSIBLE PERSON | RESP. PERSON ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| CAMBELL, MELINDA | 1455 MERRY LANE SAN JOSE CA 95128 | | | |

| RESP. PER. TELEPHONE | OCCUPATION | SOCIAL SECURITY # | EMPLOYER |
|---|---|---|---|
| 408 374 1750 | MANAGER/INSTR | 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 | BALI TOTAL FITNESS |

| RESP. PER. EMPLOYER ADDRESS | CITY | STATE | ZIP | TELEPHONE |
|---|---|---|---|---|
| 1570 HAMILTON AVENUE SAN JOSE, CA 95125 | | | | 408 267 1900 |

| PERSON TO NOTIFY | REL. TO PATIENT | ADDRESS | |
|---|---|---|---|
| | | | |

| CITY | STATE | ZIP | TELEPHONE | WORK / MESSAGE TELEPHONE |
|---|---|---|---|---|
| | | | | |

| INS. #1 NAME | | | INS. ADDRESS | | CITY | STATE | ZIP | PHONE # |
|---|---|---|---|---|---|---|---|---|
| 4SP - SELF PAY | | | | | | | | |

| POLICY # | GROUP # | SUBSCRIBER | REL. TO PT | EMPLOYER / ORGANIZATION |
|---|---|---|---|---|
| 571535800 | | CAMBELL, MELINDA | PTF | BALI TOTAL FITNESS |

| INS. #2 NAME | | | INS. ADDRESS | | CITY | STATE | ZIP | PHONE # |
|---|---|---|---|---|---|---|---|---|
| UNKNOWN - X | | | X, X, X X | | | | | X |

| POLICY # | GROUP # | SUBSCRIBER | REL. TO PT | EMPLOYER / ORGANIZATION |
|---|---|---|---|---|
| 571535800 | | CAMBELL, MELINDA | PTF | BALI TOTAL FITNESS |

| INS. #3 NAME | | | INS. ADDRESS | | CITY | STATE | ZIP | PHONE # |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| POLICY # | GROUP # | SUBSCRIBER | REL. TO PT | EMPLOYER / ORGANIZATION |
|---|---|---|---|---|
| | | | | |

| CHIEF COMPLAINT / ADMITTING DIAGNOSIS |
|---|
| MOAT- RESTRAINED DRIVER ON MVA AROUND 1900 STATED |

| COMMENTS |
|---|
| CAR RAN RED LIGHT C/O LT SHOULDER BACK NECK ARM |

NO LdV
POS
4KF

## ACKNOWLEDGMENT OF FINANCIAL RESPONSIBILITY
## PROMPT CARE / EMERGENCY ROOM PATIENTS

I understand Memorial Hospital/Medical Center agrees to provide a medical screening exam AND STABILIZING TREATMENT regardless of my insurance or ability to pay. I have been advised that I should receive the medical screening exam AND STABILIZING TREATMENT at this facility before leaving.

I have been advised that my insurance may require that I obtain the approval of my Primary Care Physician prior to obtaining emergency room treatment for a condition which is not potentially life threatening.

I have chosen to proceed with the medical screening exam and treatment and am aware that I will be financially responsible for the services of Memorial Hospital/Medical Center, the emergency room physicians and any outside providers who may assist in my medical care if my insurance denies the service or reduces my benefits.

X _Melinda Campbell_      7/12/02
    Patient Name                 Date

CAMBELL, MELINDA
M013942608
PHYSICIAN, OUT
COASTAL MEDICA
MRN: MB29203
10/24/62   F   35
REG ER
07/12/02
4SP   4MVA

08/23/2006  12:39  MPH  EDIT & COLLECTIONS → 19164448989  NO.255  P003

Page: 1 Document Name: untitled

NP42 _____ ** NETWORK PROVIDER TRACKING ** SPN 07/12/02 21:34
                    MEMBERSHIP ELIGIBILITY
INFO (42Z14001) - MEMBERSHIP INFORMATION DISPLAYED
MRN - 11 - 0006960296          AS OF DATE: 07122002
SUB :
NAME: CAMPBELL MELINDA K                    EFF DATE TO PLAN:
ADDR: 620 NELLO DR #2                       ELIGIBILITY TERM:
CITY/ST/ZIP: CAMPBELL CA 950080000          MEDICARE CODE  :     SEX: F
                                            DATE OF BIRTH  : 10/24/1963

PCP ASSIGNED  : MEMBER NOT ASSIGNED         FACILITY:
ASSIGNMENT EFF:

- - - - - BENEFIT CATEGORIES (SELECT ONE AND PRESS ENTER) - - - - - - - -

F1=Help   F3-Exit   F5-Refresh   F9-NPAH

CAMBELL,MELINDA
M013942503
PHYSICIAN, OUT          10/24/63    F   39
COASTAL MEDICA                      REG ER
MRN:  M828203                       07/12/02
                                    4SP  4NVA

DATE: 7/12/2002 Time: 9:29:54 PM

SH 00002

Patient inquiry    UREP.A

| | |
|---|---|
| Patient: CAMPBELL,MELINDA | MRN: 351419442   FSC: |
| | SSN: 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 HB: GLD |
| | DOB: 05/28/1949 |

B-Benefit        M-MHA Eligibility

CAMPBELL,MELINDA is not enrolled in an HMO, or you are not authorized to access any such HMOs

SH 00003

CAMBELL,MELINDA
M013942608
PHYSICIAN, OUT    10/24/63
COASTAL MEDICA
MRN:  M012208    F    4B
REG ER
07/12/02
48P  AMV

05/25/2005    08:52    MHA CREDIT & COLLECTIONS → 19494741244    NO.444    D03

**MEMORIAL HOSPITAL**
P.O. BOX 1870
MODESTO, CA 95353-1870
FID # 94-1080917
(209) 569-7339

* * * D R A F T * * *

| AMOUNT ENCLOSED | TYPE |
|---|---|
| | FINAL |

1

| PATIENT NAME | | PATIENT ACCOUNT NUMBER | ADMISSION DATE | DISCHARGE DATE | BILLING DATE |
|---|---|---|---|---|---|
| CAMBELL, MELINDA | | M013942503 | 07/12/02 | 07/13/02 | 07/17/02 |

**FOR BILLING INQUIRIES PLEASE**

**CALL    800-600-7339 OR (209) 569-7339**

**E-MAIL SHCVBILL@SUTTERHEALTH.ORG**

| INSURANCE COVERAGE | POLICY NUMBER |
|---|---|
| SELF PAY | 571535800 |
| X | 571535800 |

GUARANTOR

CAMBELL, MELINDA
1465 MERRY LANE
SAN JOSE  CA   95128

| SERVICE DATE | | DESCRIPTION | | | QTY | AMOUNT |
|---|---|---|---|---|---|---|
| 07/12/02 | 41406448 | XR Shoulder 2V Or More | 73030LT | 73030TC | 1 | 535.40 |
| 07/12/02 | 41402215 | XR Spine Cerv 2-3V | 72040TC | 72040TC | 1 | 1029.90 |
| 07/12/02 | 41406445 | XR Elbow 2V | 73070LT | 73070TC | 1 | 600.10 |
| 07/12/02 | 40540742 | SLING ARM; SLING TX9902-04 ME | | Z7610 | 1 | 112.60 |
| 07/12/02 | 44610418 | NS 1000CC; 7983-09-39 NS 100090799 | | X7700 | 1 | 204.05 |
| | | (6) | | | | |
| 07/12/02 | 40500432 | TRAY LACERATION DISP; TRAY ST | | Z7610 | 1 | 442.30 |
| | | LACERATION | | | | |
| 07/12/02 | 42304063 | ED LEVEL 2 | 99282 | Z7502 | 1 | 291.50 |
| 07/12/02 | 42307205 | INJECTION IM/SQ EA | 90782 | 90782 | 2 | 121.00 |
| 07/12/02 | 75053041 | DIP TET ADULT | 90718 | X5308 | 1 | 157.60 |
| 07/13/02 | 75062349 | MEPERDNE 100MG | 90799 | X6020 | 1 | 162.45 |
| 07/13/02 | 75065102 | PHENERGAN 50MG INJ | 90799 | X6236 | 1 | 193.75 |

*** SUMMARY BY SERVICE ***

| | QTY | AMOUNT |
|---|---|---|
| CENTRAL SUPPLIES/NON-STERILE | | |
| CENTRAL SUPPLY/STERILE | 1 | 112.60 |
| DRUGS/DETAIL CODE | 1 | 442.30 |
| EMERGENCY ROOM | 1 | 157.60 |
| INJECTABLE PHARMACY | 3 | 412.50 |
| PHARMACY | 2 | 356.20 |
| RADIOLOGY/DIAGNOSTIC | 1 | 204.05 |
| | 3 | 2155.40 |

ESTIMATED INSURANCE DUE
SELF PAY

3850.65

PLEASE REMIT TO:
MORIAL HOSPITAL
J. BOX 1870
MODESTO, CA. 95363-1870

| TOTAL M013942503 | |
|---|---|
| TOTAL CREDITS | 3850.65 |
| TOTAL DUE | 0.00 |
| ESTIMATED INSURANCE COVERAGE | 3850.65 |

SH 00004

## SUTTER HEALTH, CENTRAL VALLEY SERVICE AREA
## CREDIT & COLLECTIONS DEPARTMENT
## 1741 COFFEE RD, SUITE #1F
## MODESTO, CALIFORNIA 95355
### (209) 491-2293          FAX: (209) 491-0783

### NOTICE OF HOSPITAL LIEN - FOR EMERGENCY SERVICES

To:   Melinda Cambell, Anchor General Insurance and Richard Palenchar, her attorney:

Notice is hereby given that the undersigned, MEMORIAL HOSPITALS ASSOCIATION, a California Corporation, has furnished emergency and on-going medical or other services of a reasonable value to Melinda Cambell, who was injured on or about July 12, 2002 as a result of an accident. Memorial Hospitals Association, a California Corporation, claims a lien in accordance with the provisions of Section 3045.1 of the Civil Code of the State of California on any damages, which may be recovered.

The following information is provided you in accordance with the provisions of Section 3045.3 of the Civil Code of the State of California.

1.   Melinda Cambell, 1465 Merry Lane, San Jose, CA 95128.

2.   The accident occurred on or about July 12, 2002.

3.   Memorial Hospitals Association, a California Corporation, 1700 Coffee Rd., Modesto, CA 95355, Provided emergency and on-going or other medical services.

4.   The amount claimed as reasonable and necessary charges for treatment, care, and maintenance of the injured person in the hospital on July 12, 2002 through July 13, 2002 is $3850.85.

5.   To the best of the knowledge of the undersigned, the names and addresses of all persons, firms, and corporations claimed to be liable for damages arising out of the injuries sustained in said accident are as follows:

NAME                          ADDRESS
Anchor General Insurance      P O Box 509020
Claim # 22012537              San Diego, CA 92150-9020

Dated: October 22, 2002

Gayl Lounsbury, Central Valley Region
Credit & Collections Office Manager
1741 Coffee Rd., Suite 1F, Modesto CA 95355
(209) 491-2293

ENCLOSURES

SH 00005

05/25/2005   08:52   MHA CREDIT & COLLECTIONS → 19494741244                NO.444   P04

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Melinda Cambell
1465 Morning Lane
San Jose, CA
               95128

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery
Melinda Cambell       10/31/02
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)              ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anchor General Ins
PO Box 509020
San Diego, CA
               92150-9020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent
                     ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery
Art Goodman           10/26/02
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

[round postmark: SAN DIEGO CA OCT 26]

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Blancher
2204 Union Street
San Francisco, CA
               94123

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery
                      10/28/02
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1000 0005 1401 8373

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1035

SH 00006

05/23/2005    15:09    MHA CREDIT & COLLECTIONS → 19494741244         NO.432    P02
                                  3319981
    19 05 05:27p    Law Offices              4168912981              P.1

**LAW OFFICES OF LINDA ROSS**
**ATTORNEYS AT LAW**
2204 UNION STREET
SAN FRANCISCO, CALIFORNIA 94123
TELEPHONE (415) 563-3400
FACSIMILE (415) 931-9981
linda@lindarosslaw.com

LINDA ROSS
SEM GHAPOURI

May 19, 2005

Gayl Loundbury
Sutter Health, Central Valley Service Area
Credit & Collections Office Manager
1741 Coffee Road, Suite 1F
Modesto, Ca 95355-2807
VIA FACSIMILE (209)491-0783

Re: *Campbell v. Espinoza*
    Account No: M013942503

Dear Ms. Loundbury:

I am writing to advise you that pursuant to the discharge in bankruptcy of Ms. Campbell's debt to Memorial Medical Center, you no longer have the right to assert a lien in pursuant to the Hospital Lien Act (HLA) in Ms. Campbell's personal injury action. I have been advised that in spite of the discharge of the debt by the Bankruptcy Court, the hospital is now taking the position it will be proceeding against the third party. Your position is contrary to law. Pursuant to the holding in <u>Parnell v. Adventist Health System/West et al</u>. (2005) 35 Ca. 4th 595, "a lien under the HLA may not attach absent an underlying debt." At the moment Ms. Campbell's debt was discharged, so were the hospital's lien rights against her as well as the derivative rights against the third party. At this time I request that you to contact your attorneys regarding your position. If we do not receive notice that the lien has been withdrawn by May 31, 2005, a lawsuit will be filed against the hospital for unfair business practices and other related remedies.

Very truly yours,

*Linda Ross*
Linda Ross

Cc: Michael Provan (619) 515-0710

SH 00052

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (9/97)                    Case Number 05-50717 ASW 7

# UNITED STATES BANKRUPTCY COURT
## Northern District of California (San Jose)

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 2/1/05.

You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

| | |
|---|---|
| Debtor(s) (name(s) and address): <br> Melinda Campbell <br> aka Melinda K Darknell <br> aka Melinda K McGinnis <br> aka Melinda Davis–Campbell <br> 1855 Menty Ln. <br> San Jose, CA 95128 | |
| Case Number: <br> 05–50717 | Social Security/Taxpayer ID Nos.: <br> 571–53–5800 |
| Attorney for Debtor(s) (name and address): <br> Scott D. Kalkin <br> Law Offices of Rohnostoff and Kalkin <br> 369 Pine St. #500 <br> San Francisco, CA 94104 <br> Telephone number (415) 732–6282 | Bankruptcy Trustee (name and address): <br> Suzanne Decker <br> 151 Callan Avenue <br> Suite 305 <br> San Leandro, CA 94577 <br> Telephone number: 510–483–4324 |

Date: March 10, 2005                    Time: 12:50 PM
Location: U.S. Federal Bldg., 280 S 1st St. #130, San Jose, CA 95113

Papers must be received by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 5/9/05

### Deadline to Object to Exemptions:
Thirty (30) days after the conclusion of the meeting of creditors.

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office: <br> 280 South First Street <br> Room 3035 <br> San Jose, CA 95113 <br> Telephone number: 408–535–5118 | Clerk of the Bankruptcy Court: <br> Gloria L. Franklin |
| Hours Open: Monday – Friday 9:00 AM – 4:30 PM | Date: 2/14/05 |

Important Notice to Individual Debtors: The United States Trustee requires all debtors who are individuals to provide government-issued photo identification and proof of social security number to the trustee at the meeting of creditors.

SH 00053

# HATTON, PETRIE & STACKLER APC

Gregory M. Hatton
Arthur R. Petrie, II
Bruce V. Rorty
David R. Vasquez
Michael J. Wright

20311 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

OF COUNSEL:
Ronald E. Stackler
Pamela J. Anderson

May 25, 2005

### VIA FAX & FIRST CLASS MAIL

Linda Ross, Esq.
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco CA 94123

      RE:    *Campbell v. Espinoza*
             Acct. No. M013942503

Dear Ms. Ross:

      Gayl Lounsbury of Memorial Hospitals Association asked us to respond to your letter of May 19th, which threatens suit against Memorial if it refuses to withdraw its statutory lien claim under the Hospital Lien Act [CC §§3045.1 through 3045.6, "HLA".]

      Your reliance on Bankruptcy Law and the California Supreme Court's recent *Parnell* decision is misplaced for a number of reasons. We discuss each below:

      1.    <u>Memorial's HLA Claim Is Not Subject To The Jurisdiction Of The Bankruptcy Court.</u>

      *Parnell* and numerous other decisions (including the Supreme Court opinion in *Mercy Hospital v. Farmers*) recognize that Memorial's statutory right of action under the HLA is *against the responsible third party tortfeasor, and/or his/her liability insurer.* Similarly, the injured plaintiff's common law right of action is *against the responsible third party tortfeasor* and, upon entry of judgment in favor of the injured plaintiff, *against the tortfeasor's liability carrier.*

      Upon bankruptcy of the injured plaintiff, the injured plaintiff's claim against the responsible tortfeasor/insurer transfers under Federal Law to the Bankruptcy Trustee (in this case Suzanne Decker of San Leandro, California.)

      In contrast, the hospital's statutory HLA claim against the responsible tortfeasor/insurer stays with the hospital and remains viable. This result neither implicates nor offends Federal

---

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

SH 00054

Linda Ross, Esq.
May 25, 2005
Page 2

Bankruptcy Law. As both *Mercy Hospital* and *Parnell* point out, *the HLA creates no right of action against the injured patient.* Hence, under the facts and circumstances here, there is nothing relevant to discharge.

When it comes to an injured patient's bankruptcy, *an HLA claim does not satisfy the federal criteria for dischargeability because an HLA claim is not a debt owed by the injured patient.*

Moreover, there are jurisdictional defects here as well. An injured patient's filing of a Chapter 7 action does not empower the bankruptcy court to discharge the debts owed by non-debtor third parties, such as the tortfeasor and liability insurer who are statutorily obligated to pay Memorial's reasonable and necessary charges in this case.

2.    **Plaintiff Campbell's Reliance On *Parnell* Is Misplaced:**

*Parnell* permits enforcement of hospital lien whenever: 1) the patient has no health insurance; or 2) the patient's health insurer has no contract with the hospital; or 3) the patient's health insurer's contract with the hospital permits statutory lien enforcement. Here, the patient was uninsured. Under *Parnell,* Memorial's lien rights are therefore equal to the statutory maximum (a.k.a. "reasonable and necessary" charges).

The fact that plaintiff Campbell's personal debts may have been discharged in bankruptcy does not, in and of itself, trigger the operation of *Parnell,* for several reasons:

1)    In *Parnell,* the Supreme Court found that the contract between the hospital and the patient's health insurer resulted in debt elimination that inures to the benefit of the responsible tortfeasor/liability insurer. Here, there is no contract between the hospital and the patients' health insurer. The patient was uninsured.

2)    In *Parnell,* the Supreme Court held that the *hospital's contract with the patient's insurer* was an agreement by the hospital to accept less than billed charges for treating injuries caused by third parties. The Supreme Court emphasized however, that the hospital was "free to contract" to collect all reasonable and necessary charges for the treatment of injuries caused by third parties. In Mr. Parnell's *individual case,* the Supreme Court found that there was no such agreement regarding charges for injury treatments.

3)    The patient has no obligation to the hospital under the Hospital Lien Act. Rather, the third party tortfeasor and his/her liability insurer are obligated to pay the hospital bill. Unless the third party's *insurer* goes bankrupt, a bankruptcy is irrelevant to a claim under the HLA. Based on the available information, the third party insurer in this case has not filed for bankruptcy protection, and is therefore not subject to any stay or debt relief which may have been afforded patient Campbell.

SH 00055

Linda Ross, Esq.
May 25, 2005
Page 3

4)    In essence, *Parnell* holds that a hospital that contracts *in advance of treatment* with a
      health insurer to accept a discounted rate for the treatment of injuries caused by third
      parties may not collect more from a third party. *Parnell* does not stand for the bald
      proposition, "No patient debt, no statutory lien."

      By copy of this letter to the Bankruptcy Trustee and to the third party liability insurer
responsible to pay Memorial's statutory lien claim, Memorial respectfully advises the trustee and
the carrier of its intent to pursue *the third party's liability carrier* for full payment of the lien.

                          Very truly yours,

                          HATTON, PETRIE & STACKLER LLP

                          DAVIL R. VASQUEZ, ESQ. for
                          GREGORY M. HATTON, ESQ.


GMH:km

cc:     Suzanne Decker
        1511 Callan Avenue, suite 305
        San Leandro CA 94577

        **USBC Case No. 05-50717ASW7**
        (Melinda Campbell, Chapter 7)

cc:     Anchor General Insurance
        P.O. Box 509020
        San Diego CA 92150-9020

        **Claim No. 22012537**                              **SH 00056**

cc:     Gayl Lounsbury/Sutter Health

## HATTON, PETRIE & STACKLER APC

Gregory M. Hatton
Arthur R. Petrie, II
Davil R. Vasquez
Michael J. Wright

20311 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

OF COUNSEL:
Ronald E. Stackler
Bruce V. Rorty
Pamela J. Anderson

May 31, 2005

Michael Provan, Esq.
PROVAN, CLUNE & Bobroff
600 B Street, suite 1960
San Diego CA 92101

     RE:    *Campbell v. Espinoza*
           Acct. No. M013942503

Dear Mr. Provan:

Thank you for taking time to speak with me this afternoon. This letter will serve to confirm that your client, Espinoza, has *not* yet settled with the plaintiff, Campbell. Thank you for this clarification.

As we discussed, in light of the relatively small amount of money at issue we would have no objection to Ms. Ross either proposing an equitable settlement of the lien, or furnishing my office with points and authorities for the proposition that our client's claim against your client under the Hospital Lien Act has been nullified by virtue of Ms. Campbell's bankruptcy.

Very truly yours,

HATTON, PETRIE & STACKLER LLP

DAVIL R. VASQUEZ, ESQ.

cc:    Suzanne Decker
       1511 Callan Avenue, suite 305
       San Leandro CA 94577

       **USBC Case No. 05-50717ASW7**
       (Melinda Campbell, Chapter 7)

SH 00057

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

# HATTON, PETRIE & STACKLER APC

20311 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

Gregory M. Hatton
Arthur R. Petrie, II
David R. Vasquez
Michael J. Wright

OF COUNSEL:
Ronald B. Stackler
Bruce V. Rorty
Pamela J. Anderson

June 7, 2005

Linda Ross, Esq.
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco CA 94123

RE:    *Campbell v. Espinoza*
Acct. No: M013942503

Dear Ms. Ross:

I have not heard from you since our last telephone conversation on June 1st, at which time you offered to send a letter points and authorities outlining legal support for your position. If that letter is forthcoming, I trust it will cover *new* territory, rather than re-hashing the arguments we discussed at length on the 1st. Alternatively, I would respectfully suggest that you, your client and Anchor General propose a *reasonable* affirmative settlement offer you believe my client should be willing to accept from the third party payor. Please do not suggest some nuisance value amount.

The original lien amount was $3,850.65, dating back to July, 2002. Since then $1,117.97 in interest has accrued, bringing the claim total to $4,968.62.

I look forward to hearing from you and/or the third party carrier, which is the subject of our claim (as opposed to your client). Thank you very much.

Very truly yours,

HATTON, PETRIE & STACKLER LLP

DAVIL R. VASQUEZ, ESQ.

SH 00058

cc:    Suzanne Decker
1511 Callan Avenue, suite 305
San Leandro CA 94577

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

Linda Ross, Esq.
June 7, 2005
Page 2


USBC Case No. 05-50717ASW7
(Melinda Campbell, Chapter 7)

cc:    Anchor General Insurance
       P.O. Box 509020
       San Diego CA 92150-9020

       **Claim No. 22012537**

cc:    Michael Provan, Esq.
       PROVAN, CLUNE & Bobroff
       600 B Street, suite 1960
       San Diego CA 92101


cc:    Gayl Lounsbury/Sutter Health

**SH 00059**

Michael Provan, Esq.
May 31, 2005
Page 2


cc:    Gayl Lounsbury/Sutter Health

cc:    Linda Ross, Esq.
       LAW OFFICES OF LINDA ROSS
       2204 Union Street
       San Francisco CA 94123

**SH 00060**

## HATTON, PETRIE & STACKLER APC

Gregory M. Hatton
Arthur R. Petrie, II
Davil R. Vasquez
Michael J. Wright

20281 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

OF COUNSEL:
Ronald E. Stackler

November 30, 2005

Linda Ross, Esq.
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco CA 94123

RE:    *Campbell v. Espinoza*
       Acct. No. M013942503

Dear Ms. Ross:

I have not heard from you, or from any of the other recipients of my June 7, 2005 letter. On May 31, 2005, Mr. Provan confirmed that a settlement check on the underlying personal injury case had *not* been tendered. In fact, he advised me that case had *not* settled. This was an important representation because my client will have one year from the date of its notice of any settlement around the lien within which to file suit.

Accordingly, and at this time, I would ask you and the other recipients of this letter (identified below) to furnish a brief written status of the case. Has a settlement check been paid to, or on behalf of, plaintiff Campbell? If so, when?

Once again, my preference would be that all parties work towards a mutually acceptable resolution of this claim. The amount of money at issue does not justify litigation.

Your timely response and professionalism will be appreciated.

**Please note the change in our mailing address. Thank you.**

Very truly yours,

HATTON, PETRIE & STACKLER LLP

DAVIL R. VASQUEZ, ESQ.

SH 00061

///

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

Dec 06 05 12:05p    Law Offices                4159319981            p.2

LINDA ROSS                    LAW OFFICES OF LINDA ROSS
SEFI GHAFOURI                      ATTORNEYS AT LAW
                                     2204 UNION STREET
                           SAN FRANCISCO, CALIFORNIA 94123
                                TELEPHONE (415) 563-2400
                                FACSIMILE (415) 931-9981
                                  linda@lindarosslaw.com

                              December 6, 2005

Davil Vasquez, Esq.          Via Facsimile and US Mail
Hatton, Petrie, & Stackler APC
20281 Birch Street, Ste. 100
Newport Beach, CA 92660
Fax: 949-474-1244

        Re: Campbell v. Espinoza
            Account No: M013942503

Dear Mr. Vasquez:

        I am in receipt of your letter dated November 30, 2005. I have enclosed a copy of
the check that I am holding pending the outcome of the class action lawsuit, which has
been filed in this matter. I suggest you contact John Barnes of McDonough, Holland &
Allen the attorneys of record for Sutter Health in this matter.

                              Very truly yours,

                              Linda Ross

Cc: Michael Provan (619) 515-0710

                                                        SH 00062