McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (dbrandt@mhalaw.com) 44893
MARCIA L. AUGSBURGER (maugsburger@mhalaw.com) 145686
ELIZABETH O'NEILL (eoneill@mhalaw.com) 166882
JOHN C.J. BARNES (jbarnes@mhalaw.com) 216694
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:   916.444.8989

Attorneys for Sutter Health and All Affiliated Hospitals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>Defendants. | Case No. C 07-03406 MMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE; OR IN ALTERNATIVE TO TRANSFER FOR CONVENIENCE**<br>**[Rule 12(b)(3); 28 U.S.C. §§ 1404(a), 1406(a)]**<br><br>Date: August 10, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>Judge: Honorable Maxine M. Chesney |

1

## I. INTRODUCTION

Twelve of the Defendants in this case reside in the Eastern District.[1] These twelve Defendants are as follows, and reside in the following locations:

|     | Defendant | Location (City & County) | US District, California[2] |
|-----|-----------|--------------------------|----------------------------|
| 1.  | Sutter Health | 2200 River Plaza Drive, Sacramento, California.  Declaration of Brian Hunter in Support of Motion to Dismiss or Transfer | EASTERN District, NINTH CIRCUIT |
| 2.  | Sutter Amador Hospital | Jackson, Amador County.  Exhibit C ("Ex. C") to Notice of Removal, ("NOR") Tab 70, Exhibit B, Bylaws,("BL") Art. I. | EASTERN District, NINTH CIRCUIT |
| 3.  | Memorial Hospitals Association | Modesto, Stanislaus County.  Ex. C to NOR Tab 70, Exhibit F, BL Art. I. | EASTERN District, NINTH CIRCUIT |
| 4.  | Memorial Hospital Los Banos | Los Banos, Merced County.  NOR Tab 70, Exhibit G, BL Art I | EASTERN District, NINTH CIRCUIT |
| 5.  | SHSSR - Sutter General | Sacramento, Sacramento County.  EX. C TO NOR Tab 70, Exhibit K, BL Art IV, § 4-1 | EASTERN District, NINTH CIRCUIT |
| 6.  | Hospital - Sutter Memorial Hospital | Sacramento, Sacramento County.  EX. C TO NOR Tab 70, Exhibit L, BL Art IV, § 4-1 | EASTERN District, NINTH CIRCUIT |
| 7.  | Sutter Center for Psychiatry | Sacramento, Sacramento County.  EX. C TO NOR Tab 70, Exhibit M, BL Art IV, § 4-1 | EASTERN District, NINTH CIRCUIT |
| 8.  | Sutter Auburn Faith Hospital | Auburn, Placer County.  EX. C TO NOR Tab 70, Exhibit N, BL Art IV, § 4-1 | EASTERN District, NINTH CIRCUIT |
| 9.  | Sutter Davis Hospital | Davis, Yolo County.  EX. C TO NOR Tab 70, Exhibit O, BL Art IV, § 4-1 | EASTERN District, NINTH CIRCUIT |
| 10. | Sutter Roseville Medical Center | Roseville, Placer County.  EX. C TO NOR Tab 70, Exhibit P, BL Art IV, § 4-1 | EASTERN District, NINTH CIRCUIT |
| 11. | Sutter Solano Medical Center | Solano County.  EX. C TO NOR Tab 70, Exhibit V, BL Art. I, § 1.2; | EASTERN District, NINTH CIRCUIT |

---

[1] Declaration of Gayl Lounsbury In Support of Motion To Dismiss Or Transfer For Improper Venue, Or In Alternative, To Transfer For Convenience ("Lounsbury Dec."), ¶¶ 2-3;  Declaration of Brian Hunter In Support of Motion To Dismiss Or Transfer For Improper Venue, Or In Alternative, To Transfer For Convenience ("Hunter Dec."), ¶ 2;  Declaration of Marcia L. Augsburger In Support of Motion To Dismiss Or Transfer For Improper Venue, Or In Alternative, To Transfer For Convenience ("MLA Dec."), ¶¶ 3-14 and Exhibits ("Exs.") A-L thereto; Notice of Removal herein ("NOR"), Ex. C to Vol. II, Tab 70 and Exs. A-W (Bylaws stating locations of hospitals).

[2] Administrative Office of the U.S. Courts PACER Service Center  www.pacer.psc.uscourts.gov.



**Memo of Ps & As in Support of Motion to Dismiss or Transfer**         1024460v5 09504/0502

| | Defendant | Location (City & County) | US District, California[2] |
|---|---|---|---|
| 12. | Sutter Tracy Community Hospital | Tracy, San Joaquin County, EX. C TO NOR Tab 70, Exhibit W, BL Art. I | EASTERN District, NINTH CIRCUIT |

These Defendants, with the consent of all Defendants, request that the Court dismiss them or transfer the entire case to the Eastern District in the interest of justice, pursuant to 28 U.S.C. section 1406(a); *District No. 1, Pacific Coast District v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982). In the alternative, Defendants request that the entire action be transferred to the Eastern District based on 28 U.S.C. section 1404(a), for the convenience of parties and witnesses and in the interest of justice. As discussed below, the events giving rise to Plaintiff's claims occurred in the Eastern District and the allegations in Plaintiff's complaint are matters to be addressed by testimony from key witnesses who reside and work in the Eastern District and by evidence that is maintained in the Eastern District.

## II.  NATURE OF THE CASE

### A.  Background

Plaintiff Melinda Campbell ("Plaintiff" or "Campbell") filed her original class action complaint[3] in the Superior Court of the State of California, in and for the County of Alameda, against Defendant Sutter Health only, alleging that Sutter Health asserted hospital liens for medical services rendered to patients who were injured by third parties after those liens were extinguished by bankruptcy, insurance payment, or "some other means." Notice Of Removal ("NOR") Ex. C, Tab 1 ¶ 2. Hospital liens are asserted under the Hospital Lien Act, California Civil Code section 3045.1, *et seq.* ("HLA"). Sutter Health successfully demurred to Plaintiff's first complaint. The Court held that the entire complaint was barred "because Sutter's filing of liens is protected by the litigation privilege …." NOR, Ex. C, Tab 26, p. 1. The Court granted leave "to allege a claim for malicious prosecution and/or claims for unlawful or unfair competition that borrow from or are tethered to the law of malicious prosecution." *Id.* at p. 2. Plaintiff then filed her first amended complaint, also against Sutter Health only, pleading various causes of action based on the same alleged conduct – the assertion of hospital liens that were allegedly "extinguished." NOR, Ex. C, Tab 29. Sutter

---

[3] Though styled as a class action, no class has been certified and Campbell is the only plaintiff named as representative of the putative class.

Health demurred again. NOR, Ex. C, Tabs 30-34. Sutter Health's demurrer was granted in part, leaving a cause of action for malicious prosecution, a claim for unfair business practices that had to be tethered to her malicious prosecution cause of action, and a request for declaratory relief. NOR, Ex. C, Tab 44.

After Sutter Health established that it did not serve liens (*see, e.g.,* MLA Dec. Exs. M-R; NOR, Ex. C, Tab 66, 3:19-20; 4:13-19), Plaintiff sought to name the above-captioned hospitals as defendants. NOR, Ex. C, Tab 66. On June 22, 2007, with leave of court, Plaintiff filed her second amended complaint ("SAC"), naming the 23 hospitals, with the result that 12 of the Defendants in this case are located in the Eastern District of California. NOR, Ex. B; *supra* footnote 1. On June 28, 2007, Defendant Memorial Hospitals Association ("MHA") timely removed the case to this Court based on Plaintiff's confirmation that her causes of action are based solely on her claim that a lien asserted by MHA against Plaintiff's expected tort recoveries was extinguished upon Plaintiff's discharge in bankruptcy. NOR, Ex. A (Campbell's Responses to Defendant Sutter Health's First Set of Interrogatories for Admissions (sic), Request and Response #3), p. 4; NOR, Ex. C, Tab 70, Ex. Y.

### B. The Events Giving Rise To Plaintiff's Causes Of Action Are Matters To Be Addressed By Testimony From Witnesses Who Reside And Work In The Eastern District.

Plaintiff's case is set forth in her responses to Special Interrogatories,[4] as follows:

> Plaintiff received medical services at the [MHA] hospital[5] for injuries she sustained as the result of a tort committed by a third party. After Plaintiff declared bankruptcy, the United States Bankruptcy Court discharged all of her debts, including her debt to the hospital for the medical services she received. When Plaintiff brought an action against the tortfeasor who caused her injuries that required the medical services at the [MHA] hospital, [MHA] asserted a lien against Plaintiff to recover its so-called "customary charges" from Plaintiff,[6] despite the fact that [MHA] knew that Plaintiff's debt to [MHA] no longer existed. [MHA] was named in Plaintiff's bankruptcy petition, was offered an opportunity to appear at a hearing, and was given notice of the Bankruptcy Court's discharge of Plaintiff's debt to [MHA]. As a result, [MHA] asserted its lien against Plaintiff with malice and without probable cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy Court's

---

[4] NOR, Ex. C, Tab 70, Ex. Y Nos. 3-6, 8, 9.
[5] Discovery has established that this hospital was Memorial Medical Center ("Memorial"). NOR, Ex. C, Tab 70, Ex. Z (Plaintiff's Responses To Requests For Admission) and Requests for Admissions, Genuineness of Documents, attached to MLA Dec. as Ex. AA.
[6] Actually, the evidence establishes that Plaintiff's counsel requested the lien be served on her, presumably so that she could prove up her damages in her personal injury action, and this was before she filed bankruptcy. Lounsbury Dec. ¶ 7; NOR, Ex. C, Tab 71 (Declaration of Gayl Lounsbury), ¶ 5 and Ex. A; NOR, Ex. C, Tab 70, Ex. A, Nos. 26-30.



discharge of Plaintiff's debt. [Citation.] [MHA] is thus liable for malicious prosecution and violations of the UCL.

Defendants' position is that these facts do not support a cause of action for malicious prosecution because the bankruptcy did not extinguish the lien as a matter of law or there was probable cause to believe that it did not do so. *See, e.g.*, 11 U.S.C. § 524(a)(2) (discharge "[O]perates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, . . . ."); *In re Dickinson*, 24 B.R. 547 (S.D. Cal. 1982); *Saltarelli & Steponovich v. Douglas*, 40 Cal. App. 4th 1 (1995); *Choy v. Redland Insurance Company*, 103 Cal. App. 4th 789, 800 (2002). Malicious prosecution, and the unfair business practices and declaratory relief actions tethered thereto, require a showing that Defendants 1) initiated a "'full-blown' …. independent, separate, adversarial action, involving the expense and trauma of preparing a response, and having a procedural life of its own" against the Plaintiff, 2) pursued the action to a legal termination in the Plaintiff's favor, 3) brought the action without probable cause, in that based on the facts known to Defendants, the institution of the prior action was not "legally tenable," and 4) brought the action with malice in that Defendants prosecuted the prior action out of "actual hostility, ill will, or with a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant." *Zamos v. Stroud*, 32 Cal. 4th 958, 965 (2004); *Adams v. Superior Court*, 2 Cal. App. 4th 521, 528 (1992); *Sierra Club Foundation v. Graham*, 72 Cal. App. 4th 1135, 1152 (1999); *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 872 (1989); *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 498-499 (1998).

The events giving rise to Plaintiff's claims are matters to be established by testimony from key witnesses in the Eastern District and evidence maintained in the Eastern District. Lounsbury Dec. ¶ 2-13. Moreover, whether MHA brought such "action" knowing that it was not "legally tenable," and whether MHA prosecuted the action out of actual hostility, ill will, or a subjective intent to deliberately misuse the legal system are factual questions requiring testimony from witnesses that reside in Modesto, California, in the Eastern District, and Sutter Health, which is located in Sacramento, California, also in the Eastern District. *Id.*; Hunter Dec. ¶ 2; MLA Dec. ¶¶ 2,



16. Furthermore, if Plaintiff continues to pursue her theory that all of the Defendants are interconnected and controlled by Sutter Health, as she alleges, Sutter Health witnesses' testimony will be critical and voluminous to prove otherwise. *See, e.g.,* Hunter Dec. ¶¶ 3-15. These witnesses should be permitted to testify in their home town area—the Eastern District. Thus, the testimony of witnesses in the Eastern District is highly relevant and necessary to Plaintiff's case, supporting transfer to the Eastern District court. *A.J. Industries, Inc. V. United States Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974); *Palace Exploration Co. v. Petroleum Develop. Co.*, 316 F.3d 1110, 1121-1122 (10th Cir. 2003).

The testimony Defendants will present in defense of Plaintiff's specific claims of wrongful and intentional conduct against MHA in this matter will be elicited primarily from Gayl Lounsbury of MHA. MLA Dec. ¶ 2; Lounsbury Dec. ¶¶ 2-17. Ms. Lounsbury's testimony will establish that the lien asserted against Plaintiff's tort recovery was served **at the request of one of Plaintiff's attorneys**, and that **MHA stopped pursuing recovery on the lien** after Plaintiff's counsel demanded it, and never pursued the lien in a legal action. Lounsbury Dec. ¶¶ 2-17. This evidence will be offered to show that Plaintiff's claim cannot satisfy the elements of termination on the merits, lack of probable cause, and malice. *Id.* Ms. Lounsbury and all other key witnesses to be called on these matters reside and work in the Eastern District. *Id.*, ¶ 3; MLA Dec. ¶ 2.

Testimony from Ms. Lounsbury and documentary evidence will also establish that Plaintiff suffered no damage by virtue of service of the lien, which is necessary to her lawsuit. *Holmes v. California Nat'l Guard*, 90 Cal. App. 4th 297, 314-315 (2001). No portion of the lien was paid, and the statute of limitations to file an action to enforce the lien has expired.[7] Lounsbury Dec. ¶¶ 8, 12, 13.

The testimony and other evidence of Plaintiff's claims against Sutter Health are based on her assertion that "Sutter Health exercises significant control over its hospital affiliates; in turn, Sutter Health runs entirely on contributions from its hospital affiliates, and the hospital affiliates are guided by the unified best practices promulgated by Sutter Health regarding the assertion of the liens at

---

[7] Lounsbury Dec. Ex. G (noting Memorial has one year from notice of settlement to file suit to enforce lien [Cal. Civ. Code § 3045.5; Ex. I (notice of settlement dated Dec. 6, 2005). Plaintiff may be holding a settlement check from her tortfeasor's insurer, but that is between her and the insurer.

issue." NOR, Ex. B, p. 3, ¶ 5. Brian Hunter of Sutter Health will testify that Sutter Health exercises no control over hospital lien practices, and does not run on "contributions from its hospital affiliates," and has not offered the hospitals a policy or any guidelines regarding the assertion of HLA liens after a patient files bankruptcy. Hunter Dec. ¶¶ 2-15.

Plaintiff's claims against the Defendant hospitals other than MHA are based on her assertion that the hospitals "aided and abetted each other in the commission of malicious prosecution because: each Defendant knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the others to so act, or, in the alternative, each Defendant gives substantial assistance to the other in accomplishing a tortious result and each Defendant's own conduct constitutes a breach of duty to Plaintiff and the members of the Class." *Id.* Both Ms. Lounsbury and Mr. Hunter will testify on these matters. MLA Dec. ¶ 2; Lounsbury Dec. ¶ 14-16; Hunter Dec. ¶ 2-15.

### C. This Case Should Be Transferred Or Dismissed As To The 12 Defendants Who Reside In The Eastern District, In The Interest Of Justice, Pursuant To 28 U.S.C. Section 1406(a).

Federal courts will, in the interest of justice, transfer a case to any district or division where it could have been brought. 28 U.S.C. § 1406(a); *District No. 1, Pacific Coast District v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982). *See also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (in removal cases, issue is whether action could have been commenced there). The interest of justice requires that this case be transferred to the United States District Court For The Eastern District Of California because the activity alleged to be wrongful, the assertion of an HLA lien after Plaintiff's discharge in bankruptcy, occurred in the Eastern District, and the documentary evidence relating thereto is maintained in the Eastern District. Lounsbury Dec. ¶¶ 2-17. The hospital stay giving rise to the lien occurred in the Eastern District. *Id.* at Ex. C to NOR Tab 70, Exhibit Y Nos. 3-6, 8, 9. The hospital alleged to have pursued the lien is in the Eastern District. Lounsbury Dec. ¶¶ 5-7. The witnesses to events surrounding the lien reside in the Eastern District. *Id.* ¶¶ 2-17. The witnesses to Sutter Health's relationship with the hospitals are in Sacramento. Hunter Dec. ¶ 2. Having to travel to the Northern District to provide testimony in this matter would be a great inconvenience to these key witnesses, and would impose a burden on hospital operations. *See, e.g.,* Lounsbury Dec. ¶ 17.

This action could have been brought in the Eastern District because twelve of the Defendants reside there[8] and federal jurisdiction is not based on diversity. NOR ¶ 6-7. "Where jurisdiction is not founded solely on diversity grounds, a civil action may only be brought in: (1) a judicial district where any Defendant resides, if all defendants reside in the same State, . . . ." 28 U.S.C. § 1391(b)(1). Moreover, the action could have been brought in the Eastern District because "the events or omissions giving rise to the claim occurred" in the Eastern District. *Id.* § 1391(b)(2). Plaintiff's causes of action are based solely on her claim that a Defendant that resides in Modesto, California, namely MHA, asserted a hospital lien against Plaintiff's expected tort recoveries for medical treatment she received at the Modesto hospital after the lien had been extinguished upon Plaintiff's discharge in bankruptcy. NOR, Exhibit A (Campbell's Responses to Defendant Sutter Health's First Set of Interrogatories for Admissions (sic), Request and Response #3).

Moreover, this case should not be venued in this Court for these 12 Defendants because they do not reside in the Northern District and the events or omissions giving rise to Plaintiff's claim did not occur in the Northern District. Accordingly, in the alternative to transfer, the Court may sever this action and dismiss the 12 Defendants who reside in the Eastern District. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 531 (7th Cir. 2002); *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986); *Cameron v. Thornburgh*, 983 F.2d 253, 257-58 (D.C. Cir. 1993) (action dismissed against some defendants before 1406(a) transfer); 28 U.S.C. § 1406(a).

D.  **This Case Should Be Transferred Or Dismissed As To The 12 Defendants Who Reside In The Eastern District, For The Convenience Of Parties, Witnesses, And In The Interest Of Justice, Pursuant To 28 U.S.C. Section 1404(a).**

"For the convenience of parties, witnesses and in the interest of justice," the court may transfer an action "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985); *Straus Family Creamery v. Lyons,* 219 F.Supp.2d 1046, 1047 (N.D.Cal.2002). These factors are addressed to the inherent discretion of the court and are interpreted broadly to allow the court to consider the particular facts of each case. *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006);

---

[8] *See* footnote 1 *supra*.

*Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.), citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, (1988)), *cert. denied,* 531 U.S. 928 (2000).

As discussed above, the action might have been brought in the Eastern District, where 12 of the Defendants reside and the events giving rise to Plaintiff's claim occurred. The Defendant parties who should be considered are Sutter Health, which was the first and only original Defendant, and MHA, which allegedly performed the wrongful conduct at issue. Both Sutter Health and MHA are located in the Eastern District.

As also addressed above, because the alleged misconduct occurred in the Eastern District, the witnesses and documents are there. Lounsbury Dec. ¶¶ 2-17. Among the factors that a district court may consider in deciding whether a transfer is appropriate are the location where the relevant events occurred and the ease of access to sources of proof. *Jones,* 211 F.3d at 498-99, citing *Stewart,* 487 U.S. at 29-31, *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987).

Other factors the court may consider are the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, and the differences in the costs of litigation in the two forums. *Jones,* 211 F.3d at 498-99; *Lou,* 834 F.2d at 739; *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005). "Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. *Id.,* citing *Cain v. New York State Board of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986). *See also Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478 (D.Del. 1987).

Plaintiff does not claim any of the Defendants did anything in the Northern District to harm her. NOR, Exs. A & B. Thus, the Northern District forum lacks any significant contact with the activities alleged in the complaint. *Id.* Moreover, the expense for Defendants of litigating in the Northern District would be greater. Lounsbury Dec. ¶ 17. Accordingly, the case should be transferred. *See, e.g., Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478, 482 (DE 1987); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (ED NY 1991); *Schnidt v. American Institute of Physics,* 322 F. Supp. 2d 28, 33 (D. D.C. 2004) (plaintiff's residence not determinative where all other operative facts giving rise to the litigation occurred elsewhere).[9]

---

[9] Moreover, plaintiff's choice of forum is less significant where she proposes to represent a statewide class. See *Berenson v. National Financial Services, LLC*, 319 F. Supp. 2d 1, 3 (D. D.C. 2004)

Finally, the weight of inconveniences weighs far more heavily on Defendants than it does on Plaintiff. *See Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc.*, 605 F. Supp. 225, 227 (ND IL 1985). To save fees and costs, the Defendants are all represented by the same firm, McDonough Holland & Allen PC, which is located in Sacramento, near the primary Defendants. MLA Dec. ¶ 16. However, this does not change the fact that each of the 24 Defendants is a distinct, separate, non-profit public benefit corporation,[10] and each Defendants defenses and circumstances are necessarily distinct and different. MLA Dec. ¶ 16. Thus, the twelve Defendants who reside in the Eastern District would need to bear the burden of the inconveniences associated with being hauled into court in the Northern District – compared to the one and only Plaintiff in this case. Two of those Defendants being the primary ones whose actions or inactions are the basis of Plaintiff's case (i.e., MHA and Sutter Health), the scales of inconvenience tip the burden toward Defendants' side.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion.

DATED:  July 5, 2007                    McDONOUGH HOLLAND & ALLEN PC
                                        Attorneys at Law


                                        By:  ___/s/_____
                                                Marcia L. Augsburger

                                        Attorneys for Sutter Health and All Affiliated Hospitals

---

(stating the rule with regard to plaintiffs representing nationwide class); *Ellis v. Costco Wholesale Corp.,* 372 F. Supp. 2d 530, 543 (N.D. Cal. 2005).
[10] Hunter Dec. ¶¶ 3-15.

Memo of Ps & As in Support of Motion to Dismiss or Transfer                    1024460v5 09504/0502