McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT SBN (dbrandt@mhalaw.com) SBN 44893
MARCIA L. AUGSBURGER (maugsburger@mhalaw.com) SBN 145686
ELIZABETH O'NEILL (eoneill@mhalaw.com) SBN 166882
JOHN C.J. BARNES (jbarnes@mhalaw.com) SBN 216694
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.8989

Attorneys for Sutter Health and All Affiliated Hospitals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL LOS BANOS, MEMORIAL HOSPITAL ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 through 25, inclusive, <br><br> Defendants. | Case No. C 07-03406 MMC <br><br> **DECLARATION OF MARCIA L. AUGSBURGER IN SUPPORT OF MOTION TO DISMISS OR TRANSFER** <br><br> Date:  August 10, 2007 <br> Time: 9:00 a.m. <br> Place: Courtroom 7, 19th Floor <br> Judge: Honorable Maxine M. Chesney |

///

1

I, Marcia L. Augsburger, hereby declare the following:

1. I am one of the attorneys of record for the above-captioned Defendants and have personal knowledge of each matter stated herein.

2. The following are the names and addresses of the primary persons currently known to be percipient witnesses to any of the matters raised in the pleadings in this action and the matters upon which they are expected to testify:

    A. **Gayl Lounsbury**, who will be defendants' key witness, resides in San Joaquin County, California, and is expected to testify as to the following matters:

- the facts and events giving rise to Plaintiff's claims, as set forth in Ms. Lounsbury's declaration filed herewith and in the attached exhibits;
- whether Memorial Hospital Association ("MHA") brought such "action" knowing it was not "legally tenable";
- whether MHA prosecuted the action out of actual hostility, ill will, or a subjective intent to deliberately misuse the legal system;
- that the lien asserted against Plaintiff's tort recovery was served at the request of one of Plaintiff's attorneys, and that MHA stopped pursuing recovery on the lien after Plaintiff's counsel demanded it, and never pursued the lien in a legal action;
- that Plaintiff suffered no damage by virtue of service of the lien, which is necessary to her lawsuit; no portion of the lien was paid and the time for MHA to file an action to enforce the lien has expired;[1]
- that the hospitals did not aid and abet each other in the commission of malicious prosecution;
- that each Defendant does not know the other's conduct constitutes a breach of duty;
- that each defendant does not give substantial assistance or encouragement to

---

[1] Lounsbury Dec. Ex. G (noting Memorial has one year from notice of settlement to file suit to enforce lien [Cal. Civ. Code § 3045.5; Ex. I (notice of settlement dated Dec. 6, 2005). Plaintiff may be holding a settlement check from her tortfeasor's insurer, but that is between her and the insurer.



the others to so act;

- and that each Defendant does not give substantial assistance to the other in accomplishing a tortious result.

B. **Brian Hunter**, a key witness for Sutter Health, resides in Placer County, California, and is expected to testify as to the following matters:

- that Sutter Health exercises no control over its hospital affiliates' lien practices and does not run on "contributions from its hospital affiliates";
- that Sutter Health has not offered the hospitals a policy or any guidelines regarding the assertion of HLA liens after a patient files bankruptcy;
- that the hospitals did not aid and abet each other in the commission of malicious prosecution;
- that each Defendant does not know the other's conduct constitutes a breach of duty;
- that each defendant does not give substantial assistance or encouragement to the others to so act;
- that each Defendant does not give substantial assistance to the other in accomplishing a tortious result; and
- the matters set forth in Mr. Hunter's declaration, filed herewith.

3.  Attached as **Exhibit A** is a true and correct copy of the Affidavit of Gayl Lounsbury, Memorial Hospitals Association Re: Records Produced by Subpoena, which was served on Plaintiff in response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of Alameda.

4.  Attached as **Exhibit B** is a true and correct copy of the Affidavit of Gayl Lounsbury, Memorial Hospital Los Banos Re: Records Produced by Subpoena, which was served on Plaintiff in response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of Alameda.

5.  Attached as **Exhibit C** is a true and correct copy of the Affidavit of Gayl Lounsbury, Sutter Tracy Community Hospital Re: Records Produced by Subpoena, which was served on

1  Plaintiff in response to a subpoena issued in case #RG05221764 in the Superior Court of California,
2  County of Alameda.

3     6.   Attached as **Exhibit D** is a true and correct copy of the Affidavit of Michael Taylor,
4  Sutter Amador Hospital Re: Records Produced by Subpoena, which was served on Plaintiff in
5  response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of
6  Alameda.

7     7.   Attached as **Exhibit E** is a true and correct copy of the Affidavit of Michael Taylor,
8  Sutter Auburn Faith Hospital Re: Records Produced by Subpoena, which was served on Plaintiff in
9  response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of
10 Alameda.

11    8.   Attached as **Exhibit F** is a true and correct copy of the Affidavit of Michael Taylor,
12 Sutter Center for Psychiatry Re: Records Produced by Subpoena, which was served on Plaintiff in
13 response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of
14 Alameda.

15    9.   Attached as **Exhibit G** is a true and correct copy of the Affidavit of Michael Taylor,
16 Sutter Davis Hospital Re: Records Produced by Subpoena, which was served on Plaintiff in response
17 to a subpoena issued in case #RG05221764 in the Superior Court of California, County of Alameda.

18    10.  Attached as **Exhibit H** is a true and correct copy of the Affidavit of Michael Taylor,
19 Sutter General Hospital Re: Records Produced by Subpoena, which was served on Plaintiff in
20 response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of
21 Alameda.

22    11.  Attached as **Exhibit I** is a true and correct copy of the Affidavit of Michael Taylor,
23 Sutter Memorial Hospital Re: Records Produced by Subpoena, which was served on Plaintiff in
24 response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of
25 Alameda.

26    12.  Attached as **Exhibit J** is a true and correct copy of the Affidavit of Michael Taylor,
27 Sutter Roseville Medical Center Re: Records Produced by Subpoena, which was served on Plaintiff
28 /////

in response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of Alameda.

13. Attached as **Exhibit K** is a true and correct copy of the Affidavit of Michael Holdsworth, California Pacific Medical Center dba St. Luke's Hospital Re: Records Produced by Subpoena, which was served on Plaintiff in response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of Alameda.

14. Attached as **Exhibit L** is a true and correct copy of the Affidavit of Richard Soohoo, Sutter Solano Medical Center Re: Records Produced by Subpoena, which was served on Plaintiff in response to a subpoena issued in case #RG05221764 in the Superior Court of California, County of Alameda.

15. Sutter Health established that it did not serve hospital liens, as shown on the following documents:

    a. Order Denying Motion of Plaintiff To Compel Discovery, attached hereto as **Exhibit M;**

    b. Declaration of Brian Hunter in support of Sutter Health's opposition to Plaintiff's motion to compel further responses to discovery, paragraphs 5 and 11, and points and authorities in support of same, attached collectively hereto as **Exhibit N**;

    c. Sutter Health's Responses To Plaintiff's First Set of Special Interrogatories, attached hereto as **Exhibit O**, 2:27-28, 3:6;

    d. Sutter Health's Responses To Plaintiff's First Set of Form Interrogatories, attached hereto as **Exhibit P**, 5:25-14:25, 15:22-16:13;

    e. Sutter Health's Responses To Plaintiff's Request For Production Of Documents, attached hereto as **Exhibit Q**, 4:7-24;

    f. Sutter Health's Responses To Plaintiff's Requests For Admissions, attached hereto as **Exhibit R**, 3:2-5:14.

16. The interests of justice and the convenience of the parties and witnesses would be served by transferring this action to the Eastern District of California for the following reasons:

A. It would be burdensome and inconvenient for the key witnesses and counsel for defendants to attend trial in the Northern District because of the expense of travel and time away from their business and other pursuits.

B. All of the relevant books, records, and other documents of Memorial Hospitals Association, Sutter Health, and Sutter Health Central Valley Service Area Credit and Collections Department are located in the district to which transfer is sought.

C. To save fees and costs, the Defendants are all represented by the same counsel, McDonough Holland & Allen PC, which is located in Sacramento, near the primary Defendants. Each of the 24 Defendants has different defenses, and their lien practices and circumstances are necessarily distinct and different. Thus, the twelve Defendants who reside in the Eastern District would need to bear the burden of the inconveniences associated with being hauled into court in the Northern District – compared to the one and only Plaintiff in this case.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 3rd day of July 2007, at Sacramento, California.

                          /s/
                    MARCIA L. AUGSBURGER