Exhibit M

*89.504.0502*
*LJM*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

ENDORSED
FILED
ALAMEDA COUNTY

NOV - 3 2006

CLERK OF THE SUPERIOR COURT
By E. Opelski-Erickson, Deputy

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, | No. RG05-221764 |
| Plaintiffs, | ORDER DENYING MOTION OF PLAINTIFF TO COMPEL DISCOVERY. |
| v. | Date:   November 2, 2006 |
| SUTTER HEALTH, and DOES 1 through 24, inclusive, | Time:   11:00 a.m. |
| | Dept.:   22 |
| Defendants. | |

The motion of Plaintiff to compel discovery came on for hearing on November 2, 2006,

in Department 22 of this Court, the Honorable Ronald M. Sabraw presiding. Counsel appeared

on behalf of Plaintiff and on behalf of Defendant. After consideration of the points and

authorities and the evidence, as well as the oral argument of counsel, IT IS ORDERED: The

motion of Plaintiff to compel discovery is DENIED.

POSESSION, CUSTODY, OR CONTROL. The Court's review of the law suggests that

a parent corporation must produce documents in the possession of corporations over which it has

control but that sibling corporations or agencies are not required to produce documents in the

possession of their siblings.

The information concerning the relationship between Sutter Health and the affiliated

hospitals is ambiguous. The Articles of Incorporation state that the primary purpose of Sutter

1

Health is to support the affiliated hospitals (Articles, II-B) and that in furtherance of that purpose Sutter is authorized "To assist in or perform administrative functions of the charitable organizations that it supports" (Articles, II-B(7)). It appears that Sutter Health has participated in settling litigation involving the affiliated hospitals. (Willson Dec., Exh G.) Brian Hunter, Sutter's Vice President, however, states that Sutter Health owns no hospitals and is not authorized to act on behalf of the affiliated hospitals absent a grant of authority. (Hunter Dec., para 5 and 7.) Mr. Hunter states that the affiliated hospitals have separate boards of directors and are separately licensed. (Hunter Dec., para 10, 14, and 15.)

Plaintiff has not presented sufficient evidence to establish that Sutter Health has sufficient control over the affiliated hospitals that it has possession, custody, or control of their documents within the meaning of C.C.P. 2031.010(a). *2,022 Ranch v. Superior Court* (2003) 113 Cal. App. 4th 1377, 1387 (in discovery motions the Court must weigh and resolve conflicts in the evidence). Therefore, the motion to compel the production of documents is denied.

SANCTIONS. The request of Sutter Health for sanctions is denied.

FURTHER PROCEEDINGS. Sutter Health has offered to produce a witness to testify about the relationship between Sutter Health and the affiliated hospitals. (Augsburger Dec, para 6.) If Plaintiff obtains additional information about the relationship between Sutter Health and the affiliated hospitals, then Plaintiff may file a new motion to compel based on the new information.

Dated: November 3, 2006

_____
Judge Ronald M. Sabraw

2

Case Title/No.:    RG05221764 CAMPBELL VS. SUTTER HEALTH

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause. I served this ORDER DENYING MOTION OF PLAINTIFF TO COMPEL DISCOVERY by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.


Todd M. Schneider
Joshua Konecky
W.H. "Hank" Willson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Marcia L. Augsburger
McDONOUGH HOLLAND & ALLEN PC
555 Capitol Mall, 9th Floor
Sacramento, CA 95814


Dated: November 6, 2006

Executive Officer/Clerk of the Superior Court

By _____

*Elizabeth Opelski-Erickson, Deputy Clerk*

Exhibit N

<table>
<tr><td>1</td><td>McDONOUGH HOLLAND & ALLEN PC<br>Attorneys at Law</td></tr>
</table>

1    McDONOUGH HOLLAND & ALLEN PC
     Attorneys at Law
2    RICHARD E. BRANDT (44893)
     MARCIA L. AUGSBURGER (145686)
3    JOHN C.J. BARNES (216694)
     555 Capitol Mall, 9th Floor
4    Sacramento, CA 95814
     Phone: 916.444.3900
5    Fax:   916.444.8989

6    Attorneys for Defendant Sutter Health

7

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 0 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10   MELINDA CAMPBELL, on her own behalf,        )    Case No. RG05221764
     and on behalf of all others similarly situated,  )
11                                               )    DECLARATION OF BRIAN HUNTER IN
                                                 )    SUPPORT OF OPPOSITION TO
12                  Plaintiffs,                   )    MOTION TO COMPEL
                                                 )
13   v.                                          )
                                                 )    Date:  November 2, 2006
14   SUTTER HEALTH and DOES 1 through 24,        )    Time:  11:00 a.m.
     inclusive,                                   )    Dept:  22
15                                               )    Judge: Ronald M. Sabraw
                   Defendants.                    )    Trial Date:    None
16                                                    1st Amended Complaint Filed: July 8, 2005

BY FAX

17          I, Brian Hunter, hereby declare the following:

18          1.      This declaration is based on my own personal knowledge and, if called upon, I could

19   and would testify to the matters set forth herein.

20          2.      I am a Vice-President of Sutter Health. I have personal knowledge of the corporate

21   structure and operations of Sutter Health and its relationship with the corporations that own and

22   operate the hospitals with which Sutter Health has a relationship.

23          3.      Sutter Health is a California nonprofit public benefit corporation, organized under the

24   California Nonprofit Public Benefit Corporation Law, set forth in §§ 5110 et. seq. of the California

25   Corporations Code. A true and correct copy of Sutter Health's Articles of Incorporation is attached

26   hereto as Exhibit A ("Articles").

27          4.      As described in the Articles, Sutter Health supports community-based health care

28   providers, most of which are also California nonprofit public benefit corporations. These providers

MHA
McDonough Holland & Allen PC
Attorneys at Law

                                                 1
DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL

1   include acute care hospitals, medical foundations, home health and hospice services, outpatient

2   facilities, philanthropic foundations, education and training programs, occupational health services

3   and skilled nursing facilities. Among these are 24 hospital providers.

4       5.    Sutter Health does not own any hospitals. The 24 hospitals listed in Sutter Health's

5   responses to discovery are owned by other, separate, and distinct, California nonprofit public benefit

6   corporations. Sutter Health is a "member" (as that term is defined at California Corporations Code

7   section 5056) of each of these nonprofit public benefit corporations, and has statutory rights as

8   defined in the Corporations Code. These organizations are "affiliated" as a result of this relationship.

9   Because the corporations that operate the hospitals are nonprofit public benefit corporations, they do

10  not have shareholders.

11      6.    As set forth in the Articles, Sutter Health's function is to provide support to the

12  affiliated hospitals. For example, Sutter Health provides "charitable, educational, and scientific

13  activities, and ... such activities as may be deemed advisable for the advancement of health care"

14  and "coordinate(s) activities of organizations of which it is a member and their affiliated

15  organizations which are engaged in health care for the betterment of the general health of the

16  communities served."

17      7.    Absent a specific grant of authority from a hospital corporation, Sutter Health is not

18  authorized to act on behalf of the hospitals, and the hospitals are not authorized to act on behalf of

19  Sutter Health.

20      8.    Sutter Health is not authorized to provide verified responses to this discovery on

21  behalf of its affiliated hospital corporations.

22      9.    To my knowledge, no hospital corporation has given authority to Sutter Health to

23  control the hospital's documents and Sutter Health does not have a legal right to obtain documents

24  from any of the hospitals on demand.  Furthermore, Sutter Health does not control hospital

25  documents, or the production of any hospital documents. One reason for this is that many hospital

26  documents are subject to strict patient confidentiality laws and regulations. Another reason is that

27  for licensing and accreditation purposes, hospitals are required to maintain their documents in

28  accordance with detailed, industry specific, rules and regulations.

MHA

McDonough Holland & Allen PC
Attorneys at Law

DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL

2

965159v1 09504/0502

1    10.    The hospitals operated by the nonprofit corporations are separately licensed by the

2  Department of Health Services.

3    11.    Sutter Health is not a hospital and does not provide medical services.  Accordingly,

4  Sutter Health is not authorized by law to assert, and has never asserted, any hospital liens.

5    12.    Sutter Health has its principal place of business in Sacramento, California.  The

6  address of the corporate headquarters is 2200 River Plaza Dr., Sacramento, California.  The hospital

7  affiliates are located at separate locations throughout Northern California ranging from Santa Cruz,

8  California to Crescent City, California.  One hospital affiliate is located in Hawaii.

9    13.    The hospitals maintain facilities, employees, a medical staff and health care services

10  that are separate from Sutter Health and from the other hospital affiliates.

11    14.    Sutter Health and the corporations for which it is a member have separate Boards of

12  Directors.  These separate Boards are responsible for the governance of their respective corporations.

13  The hospital corporations maintain their own bank accounts and ongoing financial books and records

14  separate from Sutter Health.

15    15.    The day-to-day operational decisions concerning each hospital are made by each

16  hospital's management team, subject to the direction of the hospital's Boards of Directors.

17    16.    Sutter Health extends support services to its affiliate entities.  The affiliates pay an

18  allocated fee for such services.

19    17.    I am familiar with the class action that is the subject of the Superior Court Order

20  Plaintiff submitted with this motion.  The actions taken by Sutter Health and the hospitals in that

21  action were based on agreements applicable only to that case, for purposes specific to that case.

22    I have read this statement, and declare, under penalty of perjury under the laws of the State of

23  California, that it is true and correct.

24    Executed in Sacramento, California on the 20th day of October, 2006.

25

26    _____

27    BRIAN HUNTER

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

3

DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL

965159v1 09504/0502

# EXHIBIT "A"

A0601203

1088 70 5

**FILED** ARA
in the office of the Secretary of State
of the State of California

SEP 0 1 2003

*Kevin Shelley*

KEVIN SHELLEY, Secretary of State

AMENDED AND RESTATED
ARTICLES OF INCORPORATION
OF
SUTTER HEALTH

Van R. Johnson and Gary F. Loveridge certify that:

1.    They are the President and the Assistant Secretary, respectively, of Sutter Health, a California nonprofit public benefit corporation.

2.    The articles of incorporation of this corporation are amended and restated in their entirety to read as follows:

"ARTICLES OF INCORPORATION
OF
SUTTER HEALTH

"I

"Sutter Health is the name of this corporation.

"II

"A.    This corporation is a nonprofit public benefit corporation and is not organized for the private gain of any person.  It is organized under the Nonprofit Public Benefit Corporation Law for charitable purposes, and shall be operated exclusively for charitable purposes.

"B.    The specific and primary purpose of this corporation is to support or benefit the charitable organizations listed below, including any charitable subsidiary of those organizations:

> Alta Bates Health System
> Alta Bates Summit Medical Center
> Berkeley Long-Term Care Company
> California Pacific Medical Center
> Eden Medical Center
> Sutter Gould Medical Foundation
> Marin Community Health
> Marin General Hospital
> Memorial Hospitals Association
> Memorial Hospital Los Banos
> Mills-Peninsula Health Services
> Novato Community Hospital
> Palo Alto Medical Foundation for Health Care,
>       Research and Education
> Physician Foundation at California Pacific Medical Center

SH_Articles_Amd_9-03.doc
Sutter_SH_Articles

Samuel Merritt College
St. Luke's Hospital
Sutter Amador Hospital
Sutter Coast Hospital
Sutter Delta Medical Center
Sutter Health @ Work
Sutter Health Sacramento Sierra Region
Sutter Health Pacific
Sutter Lakeside Hospital
Sutter Maternity and Surgery Center of Santa Cruz
Sutter Medical Center of Santa Rosa
Sutter Medical Foundation
Sutter North Medical Foundation
Sutter Regional Medical Foundation
Sutter Solano Medical Center
Sutter Tracy Community Hospital
Sutter Visiting Nurse Association and Hospice

"In furtherance of this purpose, this corporation is authorized:

"(1)    To engage in and conduct charitable, educational, and scientific activities, and to further such activities as may be deemed advisable for the advancement of health care.

"(2)    To coordinate activities of organizations of which it is a member and their affiliated organizations which are engaged in health care for the betterment of the general health of the communities served.

"(3)    To provide for the planning and liaison of health care services among health care service organizations in the communities served, and to otherwise assist such organizations in the performance of their activities.

"(4)    To facilitate interchange of ideas among health care service organizations and the communities served through educational activities and otherwise so as to advance the planning for and delivery of high quality health care services in the communities served.

"(5)    To sponsor, encourage, promote and advance the provision of health care and the activities of health care institutions and the betterment of health care in the communities served.

"(6)    To promote quality of care in all of the health care facilities and services owned or managed by its affiliated entities.

"(7)    To assist in or perform administrative functions of the charitable organizations that it supports.

"(8)    To promote or carry on such other activities as may be deemed advisable for the betterment of the general health of the communities served.

"C.    The general purpose of this corporation is to have and exercise all rights and powers conferred on nonprofit public benefit corporations under the laws of the State of California; provided, however, that this corporation shall not to any substantial degree, engage in any activity or exercise any power that its not in furtherance of the specific purposes set forth at IIB of these articles.

"III

"A.    This corporation shall not carry on propaganda or otherwise attempt to influence legislation to such extent as would result in the loss of exemption under section 501(c)(3) of the Internal Revenue Code. This corporation shall not participate in or intervene in (including the publication or distribution of statements) any political campaign on behalf of any candidate for public office.

"B.    Not withstanding any other provision of these articles, the corporation shall not engage in any activity not permitted to be carried on (1) by a corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code; (2) by a corporation, contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code; or (3) by a public charity described in sections 509(a)(1), (2), or (3) of the Internal Revenue Code.

"IV

"The property of this corporation is irrecoverably dedicated to charitable purposes and no part of the net income or assets of this corporation shall ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person. Upon dissolution or winding up of the corporation, its assets remaining after payment or provision for payment of all debts and liabilities of this corporation shall be transferred exclusively to and shall become the property of Sutter Health Sacramento Sierra Region, a California nonprofit public benefit corporation. If Sutter Health Sacramento Sierra Region no longer: (a) exists; (b) qualifies as an exempt organization under section 501(c)(3) of the Internal Revenue Code; or (c) is organized and operated exclusively for hospital, scientific, charitable and educational purposes meeting the requirements for exemption provided by Section 214 of the Revenue and Taxation Code, then the assets of this corporation shall be transferred to and shall become the property of such nonprofit funds, foundations or corporations as are designated by the Board of Directors of this corporation and which: (a) are organized and operated exclusively for hospital, scientific, charitable and educational purposes meeting the requirements for exemption provided by Section 214 of the Revenue and Taxation Code; and (b) have established their tax-exempt status under section 501(c)(3) of the Code.

"V

"The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law."

SH_Articles_Amd_9-03.doc
Sutter_SH_Articles

3

3.    The forgoing amendment and restatement of the articles of incorporation has been duly approved by the Board of Directors.

4.    Sutter Health has no members.

We further declare under penalty of perjury under the Laws of the state of California that the foregoing matters are true and correct of our own knowledge.

Dated: _August 22, 2003_

_____
Van R. Johnson, President

Dated: _August 22, 2003_

_____
Gary F. Loveridge, Assistant Secretary



SH_Articles_Amd_9-03.doc
Sutter_SH_Articles

4

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (44893)
    MARCIA L. AUGSBURGER (145686)
3   JOHN C.J. BARNES (216694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax:   916.444.8989

6   Attorneys for Defendant Sutter Health

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,        )   Case No. RG05221764
    and on behalf of all others similarly situated, )
11                                              )   SUTTER HEALTH'S MEMORANDUM
                                                )   OF POINTS AND AUTHORITIES IN
12                         Plaintiffs,          )   OPPOSITION TO PLAINTIFF'S MOTION
                                                )   TO COMPEL FURTHER DISCOVERY
13  v.                                          )   RESPONSES
                                                )
14  SUTTER HEALTH and DOES 1 through 24,        )
    inclusive,                                  )   Date:  November 2, 2006
15                                              )   Time:  11:00 a.m.
                           Defendants.          )   Dept:  22
16                                              )   Judge: Ronald M. Sabraw
                                                )   Trial Date:   None
17                                                  1st Amended Complaint Filed: July 8, 2005

18

19

20

21

22

23

24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 0 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

BY FAX

MHA
McDonough Holland & Allen PC   Sutter Health's Memorandum of Points & Authorities
1059232231v6 10/20/2006 2:28:24 PM   in Opp to Plaintiff's Motion to Compel Further Discovery Responses

963835v6 09504/0502

1

# TABLE OF CONTENTS

2
                                                     **Page**

3

I.    INTRODUCTION ............................................................................................................ 1

II.   DISCUSSION ................................................................................................................. 4

    A.    Sutter Health Provided Full Verified Responses To The Discovery ............................ 4

    B.    Plaintiff's Motion Is Based On An Erroneous Conclusion That Sutter Health Owns Hospitals, And Therefore Has Possession, Custody, Or Control Of The Documents And Information Requested .......................................................................... 7

    C.    Plaintiff's Motion Is Based On The Erroneous Conclusions That Sutter Health Has An Obligation To Collect And Produce Documents And Information From Separate Non-Profit Corporations. ............................................................... 9

        1.    Sutter Health May Not Be Compelled To Obtain or Produce Documents Or Witnesses From Separate Entities. .......................................... 9

        2.    The Hospitals Are Owned and Operated By Separate And Distinct Legal Entities, and Sutter Health Does Not Have Possession or Custody of, or Control Over, Their Documents. .......................................... 11

        3.    The Discovery Requests Will Be Best Tailored To The Issues In This Malicous Prosecution Case, And Best Suited To Resolution Of The Action, If The Requests Are Interpreted To Seek Information From Sutter Health Only. ......................................................................................... 13

    D.    Sutter Health Should Be Awarded Its Attorneys Fees And Costs Incurred On This Motion ................................................................................................................. 14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

i

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                963835v6 09504/0502

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases**

4    *Citric Acid Litigation v. Archer Daniels Midland Co., Inc.*, 191 F.3d 1990 (1999) ........................... 9
*Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326 (1980) ................................................ 6
5    *Howard Gunty Profit Sharing Plan v. Superior Court*, 88 Cal. App. 4th 572 (2001)................... 6, 14
*Parnell v. Adventist Health System/West*, 35 Cal. 4th 595 (2005).......................................... 2
6    *Parris v. Superior Court*, 109 Cal. App. 4th 285 (2003) ................................................ 6
*People ex. rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (2004) .............................. 3, 9, 10
7    *Swanson v. St. John's Regional Medical Center*, 97 Cal. App. 4th 245 (2002)........................... 2
*United States of America v. International Union of Petroleum and Industrial Workers*, 870 F.2d
8        1450 (9th Cir. 1989).................................................................................... 9, 10
*Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652 (1975) ....................................... 3
9    *Zamos v. Stroud*, 32 Cal. 4th 958 (2004) .................................................................. 2

**Statutes**

10

Cal. Civ. Code § 3541 ......................................................................................... 14
11    Cal. Code Civ. Proc. § 128.7 ............................................................................... 6
Cal. Code Civ. Proc. § 2020.020 .......................................................................... 15
12    Cal. Code Civ. Proc. § 2020.030 .......................................................................... 15
Cal. Code Civ. Proc. § 2023.010 .......................................................................... 15
13    Cal. Corp. Code § 5049...................................................................................... 8
Cal. Corp. Code § 5056...................................................................................... 8
14    Cal. Corp. Code § 5410...................................................................................... 8
Cal. Corp. Code § 5002...................................................................................... 8

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

ii

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses

963835v6 09504/0502

## I.     INTRODUCTION

This motion must be denied because Sutter Health fully responded to Plaintiff's discovery requests. Plaintiff impermissibly asks this Court to compel Sutter Health to change its verified responses to support the incorrect allegations in her complaint.

Plaintiff's discovery falls into three primary categories: (1) requests that erroneously assume Sutter Health asserted liens against patients tort recoveries under the hospital lien act, California Civil Code section 3045.1, *et seq.*;[1] (2) requests that incorrectly assert Sutter Health rendered "services" to "customers" or persons against whose tort recoveries liens were asserted;[2] and (3) requests for documents and information that, for other reasons, do not exist, such as documents reflecting insurance coverage for this case.[3] As Sutter Health explained repeatedly in its verified responses, Sutter Health is not a hospital and has never asserted liens against tort recoveries,[4] does not render services to injured persons, and does not have "customers."[5] Plaintiff simply refuses to believe Sutter Health's verified responses, stating: "Furthermore, Sutter Health's assertion that 'Sutter Health does not…assert liens' is not credible. There is no dispute that these liens have been asserted and do exist." P's Sep. Stmnt., 11:5-6. Plaintiff is wrong. There is a dispute. Sutter Health's verified discovery responses say that Sutter Health does not assert liens. Plaintiff's unsupported assertion does not change these facts.

Plaintiff also improperly asks this Court to order Sutter Health to search the records of 24 hospitals, which are operated by separate non-profit corporate entities, and to produce all documents in the hospitals' possession, from the beginning of time through the present, that are in any way related to liens the hospitals asserted against patients' tort recoveries, including patients' private

---

[1]     Plaintiff's Separate Statement of Discovery At Issue In Support [of this motion] ("P's Sep. Stmnt."), regarding (hereafter in citations, "re") Requests for Production of Documents ("re RPDs") Nos. 3,4,8,9, and 10; re Special Interrogatories Nos. 1 and 2; re Form Interrogatories Nos. 15.1 and 17.1.

[2]     P's Sep. Stmnt. re RPDs Nos. 5,6,7, and 10.

[3]     *See, e.g.* P's Sep. Stmnt. Nos. 11, 12, 13, 14, 15 and 16.

[4]     *See, e.g.,* Declaration of Hank Willson [filed with this motion] ("Willson Dec."), Exhibit ("Ex.") E, Sutter Health's responses to Plaintiff's First Set Of Special Interrogatories ("SH Resp. to Spec. Int."), Nos. 1 and 2; Sutter Health's responses to Form Interrogatories ("SH Resp. to Form Int."), & No: 17.1, re requests for admissions ("RFAs") No. 1, 2, 9, 10.

[5]     *See, e.g.,* Willson Dec., Ex. E, SH Resp. to Spec. Int., Nos. 1 and 2; SH Resp. to Form Int., No. 17.1, re RFAs No. 2, 4, 10, 12.



1  medical and financial information.[6]  This is an abuse of the discovery process.  For one thing, the

2  requests are vastly overbroad and seek information that is not relevant.  For example, the requests

3  are overbroad as to time.  This Court instructed in its 4/16/2006 Order, page 4, that relevant time

4  periods may be as follows:  (1) after the California Supreme Court decided *Parnell v. Adventist*

5  *Health System/West*, 35 Cal. 4th 595, 602 (2005), April 4, 2005 through the present;  (2) the time

6  period between *Swanson v. St. John's Regional Medical Center*, 97 Cal. App. 4th 245, 249 (2002)

7  and *Parnell*, March 5, 2002 through April 4, 2005; and/or (3) the period before *Swanson*.  However,

8  not all periods from the beginning of time are relevant.  At a minimum, the statute of limitations

9  should be considered.

10       Additionally, the requests seek much more than information about liens that the defendant in

11  this case served or allegedly directed the hospitals to serve.  This Court has ruled that to establish

12  malicious prosecution, Plaintiff must prove that **Sutter Health** asserted unlawful hospital liens or

13  directed the hospitals to serve them.  Order on Defendant's demurrer to the first amended complaint,

14  filed April 18, 2006 ("4/18/06 Order"), pp. 3:17-21.  As stated in this Court's 4/18/06 Order:

15       To establish a cause of action for the malicious prosecution of a civil proceeding, the
         plaintiff must plead and prove that the prior action (1) was commenced by or at the
16       direction of the defendant and was pursued to a legal determination in his favor (2)
         was brought or continued without probable cause; and (3) was initiated or continued
17       with malice.

18  *Id.* at pp. 3:17-21 (citing *Zamos v. Stroud*, 32 Cal. 4th 958 (2004)).  Sutter Health's verified

19  discovery responses establish that it did not commence a prior action against Plaintiff and did not

20  assert hospital liens against any person.[7]

21       Furthermore, an order from this Court compelling Sutter Health to obtain and disclose all

22  documents relating to liens served on hospital patients would require Sutter Health to violate

23  patients' federal and state constitutional and statutory rights to privacy in medical and financial

24

25  _____

26  [6]     *See, e.g.,* Plaintiff's Memorandum Of Points And Authorities [in support of this motion to compel] ("P's Ps &
         As"), 9:5-8 and P's Sep. Stmnt.  Plaintiff characterizes the requests as demanding all documents "which constitute or
27       relate to liens asserted by [those hospitals] against the tort claims of persons who received services at [those hospitals]."
         (Emphasis added.)
         [7]     *See, e.g.,* Willson Dec. Ex. E, SH Resp. to Spec. Int., Nos. 1 and 2; SH Resp. to Form Int. No. 17.1, re requests
28  for admissions Nos. 1, 2, 9, 10;  Declaration of Brian Hunter in Support Of Opposition To Motion To Compel, filed
         herewith ("Hunter Dec.").


MHA
Donough Holland & Allen PC
Attorneys at Law

2

1    matters,[8] including consumer protection statutes.[9]  *See, e.g., Valley Bank of Nevada v. Superior*

2    *Court*, 15 Cal. 3d 652, 656-59 (1975).  Plaintiff should not be permitted to use this Court to validate

3    her efforts to violate the rights of hospital patients,[10] and should not be permitted to use Sutter Health

4    as her instrument for doing so.

5          In any event, the discovery act does not require Sutter Health to compile or produce

6    documents in the possession of separate and distinct entities like Sutter Health's affiliated hospitals.

7    *See, e.g., People ex. rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (2004) (holding that

8    Code of Civil Procedure section 2031 does not consider distinct and separate entities to be in

9    possession, custody or control of documents created or possessed by nonparties, and a deposition

10   notice served on a party under section 2025 is not sufficient to compel attendance of non-parties).

11   This is more fully addressed in part II. C. 1. below.

12         Plaintiff makes several arguments in support of her requests to obtain private, confidential

13   information from the hospitals.  First, Plaintiff argues that the definition of "Sutter Health" contained

14   in the requests included the 24 separate entities.  The discovery requests define "Sutter Health" as:

15   "Sutter Health, including any **hospitals**, offices or locations **of Sutter Health**, and any of its

16   divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers,

17   directors, employees, agents, attorneys or representatives, and all other persons or entities acting,

18   purporting to act or authorized to act on its behalf."  As described in part II. B. below, there are no

19   "hospitals ... of Sutter Health."[11]  Sutter Health may have "affiliates" and "subsidiaries," depending

20   on how Plaintiff defines those terms, but the hospitals "do not purport to act and are not authorized

21   to act" on Sutter Health's behalf.[12]  Similarly, Sutter Health is not authorized to provide verified

---

24   [8]      *See, e.g., Board of Medical Quality Assurance v. Gherardini*, 93 Cal. App. 3d 669 (1979); 42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act ["HIPAA"]); 45 C.F.R. 164.512; Cal. Civ. Code § 56 *et. seq.*;

25   Cal. Code Civ. Proc. § 1983.5.
        [9]      *See, e.g.,* Cal. Civ. Code § 56 *et. seq.*

26   [10]     *See, e.g., Board of Medical Quality Assurance*, 93 Cal. App. 3d 669; 42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act); 45 C.F.R. 164.512; Cal. Civ. Code § 56 *et. seq.*; Cal. Code Civ. Proc. § 1983.5.

27   [11]     *See, e.g.,* Exhibit E to Willson Dec., p. 1, Sutter Health's response to request for production of documents ("SH Resp. to RPD"), number 1 ("... Sutter Health does not own any hospitals.").  *See also* Hunter Dec., ¶¶ 2-17; Ex. A

28   (Sutter Health Articles Of Incorporation).
        [12]     Hunter Dec., ¶ 7.

MHA
Borough Holland & Allen PC
Attorneys at Law

1  responses to discovery on behalf of its affiliated hospitals.[13] Thus, Sutter Health responded to the

2  requests on its own behalf.

3          Plaintiff also asserts that Sutter Health must compile and produce documents in the hospitals'

4  possession because she believes that Sutter Health "owns" the hospitals, and/or has "possession,

5  custody, or control" of them within the meaning of Code of Civil Procedure section 2031.230.

6  Plaintiff is factually and legally wrong. *See, e.g., Lockyer*, 122 Cal. App. 4th at 1064-66, 1068-71,

7  1076.

## II.     DISCUSSION

**A.     Sutter Health Provided Full Verified Responses To The Discovery**

10         Plaintiff's moving papers mischaracterize her discovery requests and Sutter Health's

11  responses. For example, Plaintiff incorrectly states: "Sutter Health's only reason for not responding

12  to Plaintiff's discovery requests (and presumably for its claim that 'no responsive documents exist') is

13  its assertion that Sutter Health does not 'own the hospitals that constitute its network of facilities.'"[14]

14  Sutter Health **fully responded** to the discovery.[15] Stating that documents and information do not

15  exist is a complete response.[16] Sutter Health provided **many** reasons for its responses, [17] including

16  the following:

- that requests were grossly overbroad, unduly burdensome and oppressive;[18]
- that requests were vague and ambiguous;[19]

---

[13]     Hunter Dec., ¶ 8. Plaintiff served Sutter Health with requests for admissions, apparently expecting Sutter Health to make verified admissions on behalf of the hospitals. Declaration of Marcia L. Augsburger In Support of [this Opposition] ("MLA Dec."), and Ex. A thereto. Sutter Health refused, explaining: "Sutter Health responds to the requests herein on its own behalf only, and not on behalf of any other party or entity, for the following reasons: a. Sutter Health cannot make admissions on behalf of other parties or entities; b. Sutter Health cannot verify responses that purport to respond on behalf of other parties or entities; c.     Sutter Health lacks the capacity and knowledge sufficient to respond on behalf of other parties or entities." *Id.* Plaintiff did not move to compel further responses to those requests, indicating that Plaintiff knows Sutter Health cannot respond on behalf of the hospitals and that this motion was filed for an improper purpose.

[14]     P's Ps & As, 1:26-2:1 (emphasis added).

[15]     Willson Dec. Ex. E.

[16]     Plaintiff complains that Sutter Health's responses did not state that a search or inquiry was made to find responsive documents. P's Ps & As at 9:1-4, citing Cal. Code Civ. Proc. § 2031.230. Sutter Health does not believe this statement is necessary where the responding party knows that no responsive documents ever existed. However, Plaintiff never contacted Sutter Health to resolve this issue and did not raise it until this motion.

[17]     *Id.* Contrary to Plaintiff's representation, Plaintiff did **not** grant Sutter Health an extension of time to respond, and Sutter Health responded within the time set by statute. MLA Dec. ¶ 3.

[18]     For example, document request No. 2, demanding production of all documents from the beginning of time through the present that "identify the hospitals affiliated with Sutter Health." Willson Dec. Ex. E.

MHA
Downough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses

4

963835v6 09504/0502

- that requests asked for information about Sutter Health "customers," but Sutter Health has no "customers";[20]
- that requests asked for information about services Sutter Health rendered to Plaintiff, but Sutter Health did not render services to Plaintiff;[21]
- that requests asked for information about any liens Sutter Health may have served against tort recoveries, but Sutter Health does not assert liens against tort recoveries.[22]

In response to Form Interrogatory number 15.1, which requested information about Sutter Health's affirmative defenses, Sutter Health incorporated its pleadings on demurrer in this case and explained that the defenses are based on the facts that (1) neither Sutter Health nor Plaintiff initiated a "prior action"[23] sufficient to support a malicious prosecution claim; (2) no prior action against Sutter Health terminated in Plaintiff's favor; and (3) Sutter Health is not legally authorized to assert and has never asserted hospital liens.[24] Sutter Health also explained that Plaintiff cannot prove malicious prosecution based on the lien asserted against her because, among other things, she **requested** that the lien be served on her[25] and that her bankruptcy pleadings do not support a malicious prosecution claim.[26] Sutter Health's subsequent correspondence explains that a hospital lien is not discharged in bankruptcy,[27]and a discharge in bankruptcy is not a termination on the merits for malicious prosecution purposes.[28]

On this motion, Plaintiff does not rebut or challenge Sutter Health's objections that were based on vagueness, ambiguity, overbreadth, burden and oppression, which is another reason why this motion must be denied. Nor does Plaintiff challenge many of Sutter's substantive responses, for

---

[19]   For example, document request number 5, which requests records of communications with persons who received undefined "services" from Sutter Health.
[20]   See, e.g., SH Resp. to Spec. Interogs., Nos. 1 and 2; SH Resp. to Form Interogs., No.17.1, re RFAs, Nos. 2, 4, 10, 12, Willson Dec. Ex. E.
[21]   See, e.g., SH Resp. to Form Interogs., No. 17.1, re RFA Nos. 1, 9, 11, 12, Willson Dec. Ex. E.
[22]   See, e.g., SH Resp. to Spec. Interogs., Nos. 1 and 2; SH Resp. to Form Interogs., No. 17.1, re requests for admissions Nos. 1, 2, 9, 10, Willson Dec. Ex. E.
[23]   Sutter Health maintains that despite the legal conclusion alleged in the first amended complaint, the assertion of a lien is not an "action" for purposes of malicious prosecution. Sutter Health's Memorandum of Points and Authorities in Support of Demurrer to the First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief pp. 4-6; Sutter Health's Reply Brief in Support of Demurrer to the First Amended Class Action Complaint, pp. 1-3.
[24]   See, e.g., numbers 1-5 of SH Resp. to Form Interogs., Willson Dec. Ex. E.
[25]   See, e.g., numbers 10-11 of SH Resp. to Form Interogs, Willson Dec. Ex. E.
[26]   See, e.g., numbers 17, 18, & 26 of SH Resp. to Form Interogs, Willson Dec. Ex. E.
[27]   See letter dated August 28, 2006 to Plaintiff's counsel, attached to MLA Dec. as Ex. H
[28]   Willson Dec. Ex. E, number 17.1 of Sutter Health's responses to Form Interrogatories. Sutter Health also fully explained the reasons why it denied Plaintiff's requests for admissions. Sutter Health's responses to 15.1(a) and (b), and 17.1 (a) and (b) are not a subject of this motion, indicating that even Plaintiff agrees they are complete.

**MHA**
Joseph Holland & Allan PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                    963835v6 09504/0502

1    example, Sutter Health's responses to form interrogatories 15, 1(a) and (b) and 17.1(a) and (b).[29]

2    Plaintiff challenges the responses that do not assist her in locating potential clients. This is a misuse

3    of the class action process. *Howard Gunty Profit Sharing Plan v. Superior Court*, 88 Cal. App. 4th

4    572, 580 (2001) (disapproved on other grounds in *Parris v. Superior Court*, 109 Cal. App. 4th 285,

5    301 (2003)), citing *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980) ("The potential

6    for misuse of the class action mechanism is obvious. Its benefits to class members are often nominal

7    and symbolic, with persons other than class members becoming the chief beneficiaries.").

8            Plaintiff argues that she needs the information requested in order to support a class

9    certification motion. However, Plaintiff represented in her First Amended Complaint ("FAC") that

10   she already has information to support a finding that she a member of an ascertainable class. Cal.

11   Code Civ. Proc. § 128.7. If so, then the class members are like Plaintiff, i.e., uninsured hospital

12   patients who were treated at Memorial Hospital, not Sutter Health, who requested that a hospital lien

13   be served on them, who filed bankruptcy after the liens were served, and who sought to have the

14   liens discharged in bankruptcy.[30]  Plaintiff's problem is not that she has no "ascertainable class" but

15   that she has no culpable defendant.

16           This motion and a review of the discovery requests confirms that Plaintiff is not seeking

17   discovery "on class issues" but is trying to locate a new potential class. While discovery may be

18   used to identify existing class members, *Parris v. Superior Court*, 109 Cal.App.4th 285, 301 (2003),

19   it may not be used to assist Plaintiff's counsel in creating a different class. This is readily apparent

20   from Plaintiff's discovery requests. They do not seek information about patients who are within the

21   alleged class. They seek information about **all liens** asserted **at any time** on **all tort recoveries.**

22           In any event, Sutter Health's discovery responses establish that the class(es) alleged in the

23   complaint have no cause of action for malicious prosecution against Sutter Health based on assertion

24   of hospital liens. Sutter Health's responses to the discovery will not change if the Court grants this

25   motion: Sutter Health did not assert Hospital liens, and nothing will change that.

26   ---

[29]      Sutter Health's responses to 15.1(a) and (b), and 17.1 (a) and (b) are not a subject of this motion, indicating that
27   even Plaintiff agrees they are complete. Nonetheless, Plaintiff seeks to compel production of information identifying all
     witnesses and all documents to support Sutter Health's responses to those requests.
28   [30]      Declaration of Marcia L. Augsburger in support of Sutter Health's opposition to ex parte application for order
     vacating hearing date for motion for class certification, on file in this matter, ¶¶ 1-5, and attached exhibits.


MHA
Donough Holland & Allen PC
Attorneys at Law

6

**B.    Plaintiff's Motion Is Based On An Erroneous Conclusion That Sutter Health Owns Hospitals, And Therefore Has Possession, Custody, Or Control Of The Documents And Information Requested**

As noted above, Plaintiff's assertion that she asked for records and information from 24 hospitals is apparently based in part on her previously undisclosed interpretation of her definition of "Sutter Health," *i.e.*, that "hospitals ... of Sutter Health,"[31] means hospitals owned by Sutter Health. Despite Sutter Health's verified responses that it does not own any hospitals, Plaintiff argues that Sutter Health's "assertion that [it] does not 'own' the hospitals that constitute its network of facilities ... is inconsistent with Sutter Health's established connection with and control over the actions of the hospitals in the Sutter Health network with respect to how patients are charged for medical services." Plaintiff's Ps & As at 1:26-2:7. No facts support Plaintiff's conclusion. Moreover, the Superior Court ruling Plaintiff cites does not support or evidence support for this proposition. The hospitals' involvement in the settlement of that case was based on agreements that were applicable only to that case, for purposes specific to that case. Hunter Dec. ¶ 17.

Next Plaintiff contends that "while Sutter Health claims that it does not 'own' any hospitals, it lists 24 hospitals that are within its network ...."[32] This is a good example of how important it was that Sutter Health generally answered only the questions that Plaintiff asked in the discovery - Sutter Health listed its affiliated hospitals as a courtesy to Plaintiff, and now Plaintiff characterizes Sutter Health's response as an admission that Sutter Health "owns" the listed hospitals. Sutter Health did not list hospitals it owned. Sutter Health listed hospitals in response to document request number 2, which asked for the following: "All DOCUMENTS which IDENTIFY the hospitals **affiliated with** SUTTER HEALTH." Willson Dec. Ex. E. Sutter Health objected to this request on the ground that "affiliated" was undefined such that Plaintiff could attach an unexpressed definition to the term that would render Sutter Health's response incorrect. Apparently Sutter Health's objection was well taken – Plaintiff now defines "affiliated" as "owned." "Affiliated" does not mean "owned."

Plaintiff also implies that because 14 of the 24 names of hospitals contain the name "Sutter," Sutter Health must own the hospitals. The fact that the word "Sutter" is in some hospital names does

---

[31]    *See, e.g.*, Exhibit E to Willson Dec., p. 1, SH Resp. to RPDs, No. 1 ("... Sutter Health does not own any hospitals."). *See also* Ex. A (Sutter Health Articles Of Incorporation) to Hunter Dec. and ¶¶ 3, 5, 6, 14-16.
[32]    Plaintiff's Ps & As, 2:8-9.

MHA
Donough Holland & Allen PC
Attorneys at Law

7

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                    963835v6 09504/0502

1  not establish that Sutter Health owns those hospitals. Plaintiff bears the burden of proving that

2  Sutter Health has the legal right to control the documents requested,[33] but is grasping at straws.

3      As reflected in public records, the hospitals are owned by separate and distinct non-profit

4  public benefit corporations that have no stockholders.[34] *See, e.g.,* Cal. Corp. Code §§ 5002 *et seq.*

5  (providing at sections 5049 and 5410 that non-profit corporations do not distribute gains, profits or

6  dividends to any member). Non-profit corporations are not "owned." Sutter Health is a "member"

7  of those non-profit public benefit corporations "as that term is defined at California Corporations

8  Code Section 5056." Hunter Dec. ¶ 3. A "member" is not an owner. Section 5056 (a) provides, in

9  pertinent part: "'Member' means any person who, pursuant to a specific provision of a corporations

10  articles or bylaws, has the right to vote for the election of a director or directors or on a disposition

11  of all or substantially all of the assets of a corporation or on a merger or on a dissolution ...."

12  (Emphasis added.) Sutter Health's ability to vote on certain matters relating to the non-profit public

13  benefit corporations does not mean those corporations are owned by Sutter Health.

14      Based on the foregoing, the absence of a single interrogatory regarding Sutter Health's

15  relationship with the hospitals, and Plaintiff's failure to meet and confer with Sutter Health's counsel,

16  it appears that Plaintiff does not seek, and will not accept, true information about Sutter Health's

17  relationships with the hospitals. In fact, Plaintiff declined Sutter Health's offer to produce a witness

18  to testify about Sutter Health's organizational structure, stating that Plaintiff does not want to depose

19  any witnesses on that subject unless Sutter Health also produces "the documents, information, or

20  witnesses relating to the liens that have been requested in Plaintiff's discovery requests ...."[35]

21      In fact, Plaintiff has repeatedly expressed that its position on discovery in this case is that

22  Sutter Health must produce "all or nothing." For the reasons described above, the only possible

23  result is that Plaintiff takes nothing.

24      ///

25      ///

26

27  [33]  *United States of America v. International Union of Petroleum and Industrial Workers,* 870 F.2d 1450 (9th Cir. 1989).

28  [34]  Hunter Dec. ¶¶ 3, 5.
    [35]  MLA Dec. ¶ 6, & Exs. M & N thereto.



8

**C.     Plaintiff's Motion Is Based On The Erroneous Conclusions That Sutter Health Has An Obligation To Collect And Produce Documents And Information From Separate Non-Profit Corporations.**

As noted above, Plaintiff asserts that Sutter Health is obligated to collect and produce documents (and apparently to make admissions[36] and verify discovery responses under penalty of perjury) on behalf of other business entities who are not parties to this lawsuit. As discussed in part 1 below, Plaintiff is wrong on the law. As discussed in part 2 below, Plaintiff is wrong on the facts; the hospitals are all owned and operated by separate entities and Sutter Health does not have "control" over their documents.

**1.     Sutter Health May Not Be Compelled To Obtain or Produce Documents Or Witnesses From Separate Entities.**

Plaintiff inaccurately states that a party is required to produce documents in response to a document request if the party has actual possession, custody or control, *or* has the legal right to obtain the documents on demand. P's Ps & As 9:8-13. Governing cases hold that "control" **is defined as** "the legal right to obtain documents on demand." *In re Citric Acid Litigation v. Archer Daniels Midland Co., Inc.*, 191 F.3d 1990, 1107 (1999) ("*Archer*").[37] In *Archer*, the court rejected the argument Plaintiff makes, i.e., that the test is "either/or," holding, as follows:

> Varni urges this court to reject the legal control test …. It asks us instead to define 'control' in a manner that focuses on the party's practical ability to obtain the requested documents …. [W]e conclude - consistently with all of our sister circuits who have addressed this issue - that the legal control test is the proper standard under Rule 45. … Ordering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents.

*Id.* at 1107 (citations omitted) (also stating that the fact an entity has voluntarily furnished documents in the past to the party alleged to have "control" is insufficient unless that party has legal control over the documents). *See also People ex. rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (2004); *United States of America v. International Union of Petroleum and Industrial Workers*, 870 F.2d 1450 (9th Cir. 1989) ("*Petroleum*").

---

[36]     Ex. A to MLA Dec.

[37]     Plaintiff is correct that "California Courts look to federal cases when interpreting the California discovery laws …." P's Ps & As at 9, n. 3, citing cases including *Emerson Electric Co. v. Superior Court*, 16 Cal. 4th 1101, 1108 (1997).

MHA
JDonough Holland & Allen PC
Attorneys at Law

9

1      In *Lockyer*, the real parties in interest served a request for production of documents on the

2    Attorney General and Director of the Department of Consumer Affairs (collectively "the People")

3    that sought documents from non-party state agencies by defining the responding party (the "People")

4    to include the non-party state agencies. *Id.* at 1064, 1066. The People objected, and refused to

5    produce documents that were in the possession of "non-party entites." *Id.* at 1066, 1068. By the

6    time the case reached the court of appeals, a second dispute had arisen about whether the People

7    were required to produce witnesses from nonparty state agencies for deposition. *Id.* at 1068-71.

8    With regard to the deposition issue, the court ruled:

9          The state agencies from which Cole requested documents and witnesses are not
           parties to this litigation. Therefore, because a state agency would also not be
10         considered an 'officer, director, managing agent, or employee' of the People, section
           2025 sub-division (h) required Cole to serve them with subpoenas under section 2020
11         to compel attendance of witnesses from those agencies, and for them to produce any
           documents at such depositions. The court erred as a matter of law in denying the
12         People's motion to quash deposition notices that requested that they produce for
           deposition persons most knowledgeable from those agencies, and documents to
13         accompany the deponents.

14   *Id.* at 1076. The court also stated that the deposition notices "were not sufficient to compel the

15   attendance of non-party state agency witnesses." *Id.* at 1076, n. 5.

16         For the same reasons, the court held that Code of Civil Procedure section 2031 **did not**

17   **require the People to obtain the requested documents from the non-party state agencies.** *Id.* at

18   1078. The court found that "state agencies, in the ordinary course of their duties, are distinct and

19   separate governmental entities, third parties under the discovery statutes that can be compelled to

20   produce documents only upon subpoena." *Id.* (emphasis added).

21         In *Petroleum*, 870 F.2d at 1453-54, the ninth circuit court held that an international union

22   could not be compelled to obtain the local Union's records. The court reasoned that actual control

23   did not exist where "the locals had the right and ability to maintain their own delegate election

24   records." *Id.*

25         For the reasons described in part 2 below, Plaintiff has not met its burden to prove that Sutter

26   has legal control of the hospital's documents. *Petroleum*, 870 F.2d at 1452. This motion must be

27   dismissed.

28



10

2.    **The Hospitals Are Owned and Operated By Separate And Distinct Legal Entities, and Sutter Health Does Not Have Possession or Custody of, or Control Over, Their Documents.**

Sutter Health's verified responses to the discovery, and the additional evidence presented herewith, establish that Sutter Health's function is to **support** the affiliated hospitals.[38] For example, as described in the Articles, Sutter Health provides "charitable, educational, and scientific activities, and ... such activities as may be deemed advisable for the advancement of health care" and "coordinate(s) activities of organizations of which it is a member and their affiliated organizations which are engaged in health care for the betterment of the general health of the communities served."[39] Absent a specific grant of authority from a hospital corporation, Sutter Health is not authorized to act on behalf of the hospitals, and the hospitals are not authorized to act on behalf of Sutter Health.[40] Sutter Health is not authorized to provide verified responses to discovery on behalf of its affiliated hospital corporations.[41] No hospital corporation has given authority to Sutter Health to control their documents and Sutter Health does not have a legal right to obtain documents from any of the hospitals on demand.[42] Furthermore, Sutter Health does not control hospital documents, or the production of any hospital documents.[43] One reason for this is that many hospital documents are subject to strict patient confidentiality laws and regulations.[44] Another reason is that for licensing and accreditation purposes, hospitals are required to maintain their documents in accordance with detailed, industry specific, rules and regulations.[45] The hospitals operated by the non-profit corporations for which Sutter Health is the member are separately licensed by the Department of Health Services.[46] Sutter Health is not, and does not operate, as a hospital and does not provide medical services.[47] Accordingly, Sutter Health is not authorized by law to assert, and has never asserted, any hospital liens.[48]

---

[38]    Hunter Dec. ¶¶ 3-16 and Ex. A thereto.
[39]    *Id.* ¶ 6 and Ex. A thereto.
[40]    *Id.* at ¶ 7.
[41]    *Id.* at ¶ 8
[42]    *Id.* at ¶ 9.
[43]    *Id.*
[44]    *See, e.g., id.*
[45]    *Id.* at ¶ 9.
[46]    *Id.* at ¶ 5 and 10.
[47]    *Id.* at ¶ 11.
[48]    *Id.*



1    Sutter Health has its principal place of business in Sacramento, California.[49] The hospital

2  affiliates are located at separate locations throughout Northern California ranging from Santa Cruz,

3  California to Crescent City, California.[50] One hospital affiliate is located in Hawaii.[51] The hospitals

4  maintain facilities, employees, medical staffs and health care services that are separate from Sutter

5  Health and from the other hospital affiliates.[52] Sutter Health and the corporations for which it is the

6  member have separate Boards of Directors.[53] These separate Boards are responsible for the

7  governance of their respective corporations.[54] The hospital corporations maintain their own bank

8  accounts and financial books and records separate from Sutter Health.[55] The day-to-day operational

9  decisions concerning each hospital are made by each hospital's management team, subject to the

10  direction of the hospital's Boards of Directors.[56] Sutter Health extends support services to its

11  affiliate entities.[57] The affiliates pay an allocated fee for such services.[58]

12    Plaintiff makes no showing that Sutter Health has a right to control the hospitals' records.

13  Plaintiff first leaps to the conclusion that "[i]t is unreasonable to suggest that Sutter Health does not

14  have possession and control over such documents – or its own copies of them – simply because they

15  may also be located at the hospitals."[59] Plaintiff ignores Sutter Health's verified responses to the

16  discovery.

17    Then Plaintiff asserts: "Indeed, Sutter Health's refusal to produce a witness in response to

18  Plaintiff's Notice of Deposition for a person most knowledgeable concerning, among other things,

19  the organizational structure of Sutter Health and its hospital affiliates, belies its contention that it has

20  no control over or possession of responsive documents."[60] In fact, Sutter Health never refused to

---

49    *Id.* at ¶ 12.
50    *Id.*
51    *Id.*
52    *Id.* at ¶ 13.
53    *Id.* at ¶ 14.
54    *Id.*
55    *Id.*
56    *Id.* at ¶ 15.
57    *Id.* at ¶ 16.
58    *Id.*
59    Plaintiff's Ps & As, 2:12-18.
60    Plaintiff's Ps & As, 2:19-22. Plaintiff also speculates that Sutter Health is the "headquarters" for the 24 separate hospital entities, and based on that erroneous presumption, argues that Sutter Health is not relieved of an obligation to collect documents even if they are not located in the headquarters. *Id.* at 2:23-27. The endurance submitted herewith proves both Plaintiff's assumption and conclusion are wrong.



12

1  produce a witness on Sutter Health's organizational structure. Sutter Health objected to the

2  ambiguities and other defects in the notice. Sutter Health offered to provide such a witness,

3  assuming Plaintiff would cooperate with Sutter Health to correct the many objectionable and

4  unintelligible demands in the notice. Plaintiff declined.[61] Moreover, Sutter Health's ability to

5  produce a witness to testify regarding its organizational structure is irrelevant to whether or not it has

6  control over documents held by third parties.

7
8
9  **3.    The Discovery Requests Will Be Best Tailored To The Issues In This Malicious Prosecution Case, And Best Suited To Resolution Of The Action, If The Requests Are Interpreted To Seek Information From Sutter Health Only.**

10  The issues before the Court in this malicious prosecution action are best addressed by

11  discovery requests directed to Sutter Health, about Sutter Health. On their face, the discovery

12  requests at issue seek information about liens asserted by **Sutter Health**, the only defendant in this

13  case. If Sutter Health wrongfully asserted hospital liens, as Plaintiff alleges in her complaint and

14  motion, then the answers to Plaintiff's discovery requests on that subject would provide the

15  information Plaintiff discusses on pages 5 through 10 of her brief regarding, for example,

16  identification of potential class members.

17  However, if Sutter Health is defined to include the hospitals to which it provides support, the

18  requests would be objectionable on numerous grounds.[62] Moreover, a ruling that the requested

19  documents must be produced would, at a minimum, create a substantial risk of violating patients'

20  rights.[63] Indeed, such a ruling would violate the rights of many other persons and entities who are

21  not parties to this lawsuit, from the hospitals' rights to privacy in financial matters to insurance

22  companies' rights to maintain the confidentiality of their proprietary contracts.

---

23  [61]    MLA Dec. ¶ 7 and Ex. N thereto.

24  [62]    If "SUTTER HEALTH" were defined to include the hospitals to which it provides support, request numbers 3-5-10, 12,13, 16 would be objectionable on numerous grounds, including the grounds that the request sought information in violation of patients' privacy rights and rights under HIPAA, and is overbroad, burdensome, oppressive, and not reasonably likely to lead to the discovery of relevant evidence. If "SUTTER HEALTH" were defined in special interrogatory number 1 to include the hospitals to which Sutter Health provides support, the requests would be objectionable on numerous grounds, including the grounds that the request sought information in violation of patients' privacy rights and rights under HIPAA, was overbroad, vague and ambiguous, burdensome and oppressive, and sought information regarding confidential settlement discussions.

25
26
27  [63]    *See, e.g., Board of Medical Quality Assurance v. Gherardini*, 93 Cal. App. 3d 669 (1979); 42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act); 45 C.F.R. 164.512; Cal. Civ. Code § 56 *et. seq.*; Cal. Code Civ. Proc. § 1983.5.

28

**MHA**
Donough Holland & Allen PC
Attorneys at Law

13

1    The Court should avoid this path of "most resistance" and interpret the requests as they are

2    written. *Cf.* Cal. Civ. Code § 3541 ("An interpretation which gives effect is preferred to one which

3    makes void."). "Sutter Health" should be interpreted as "Sutter Health," and not as "Sutter Health

4    plus other third party entities." Plaintiff sought and received all information necessary to resolve the

5    case that is before this Court against the only defendant that is before this Court. Sutter Health

6    provided verified responses establishing that it did not assert hospital liens or provide services giving

7    rise to liens. This eliminates any need for the Court to decide whether hospitals liens are "actions"

8    for purposes of malicious prosecution, whether the liens were asserted without probable cause and

9    with malice by or at Sutter Health's direction, or whether the liens were pursued to a legal

10    determination in favor of Plaintiff. 4/18/06 Order, pp. 3:17-21. Sutter Health should not be

11    subjected to the litigation process where the lawsuit is not meritorious. *Howard Gunty Profit*

12    *Sharing Plan,* 88 Cal. App. 4th at 581-82.

13    **D.    Sutter Health Should Be Awarded Its Attorneys Fees And Costs Incurred On
        This Motion.**

14

15    Plaintiff's accusation that Sutter Health engaged in gamesmanship is ironic, given that:

16    ▪ Plaintiff's counsel refused to engage in discussions with Sutter Health's counsel when she
        attempted to explain that Sutter Health is not a hospital and does not serve hospital liens or
17    direct that they be served,[64] and then

18    ▪ Plaintiff's counsel failed and refused to meet and confer before filing this motion until
        October 10, 2006 – the day before the motion was due to be filed – when counsel made a
19    demand characterized as "one last attempt" to meet and confer;[65]

20    ▪ While Sutter Health's counsel was on vacation, Plaintiff's counsel served numerous discovery
        requests, including form interrogatories, special interrogatories, document requests, requests
21    for admissions, and a notice of deposition of person(s) most knowledgeable in multiple
        distinct areas, with another demand for production of documents, and two weeks later when
22    Sutter Health's counsel returned to the office and requested additional time to respond,
        Plaintiff's counsel refused to provide an extension of time without a waiver of Sutter Health's
23    rights to preserve its objections;[66]

24    ▪ Plaintiff initially attempted to mislead Sutter Health's counsel into believing she was being
25    given an extension of time to respond to the discovery without such a waiver;[67]

26

27    [64] MLA Dec. ¶¶ 3-7.
      [65] *Id.*
28    [66] MLA Dec. ¶ 3.
      [67] *Id.*



1    ▪ Although Plaintiff's counsel refused Sutter Health's request for more time to respond,
2      Plaintiff now implies that an extension was granted based on a promise by Sutter Health to
       produce documents and information that do not exist;[68]

3    ▪ Despite Plaintiff's failure to attempt to resolve any of the discovery issues raised in this
4      motion, Sutter Health offered to identify and produce a witness who could testify about some
       of the matters described in Plaintiff's deposition notice, if Plaintiff would explain
5      unintelligible terms like the "reporting, and operational structure of Sutter Health" as it might
       relate to this case, and requested mutual agreement on the time and place of the deposition,
6      but Plaintiff's counsel declined;[69]

7
8    Thus, Plaintiff has misused the discovery process, and has filed this motion to compel without
9    substantial justification.  Cal. Code Civ. Proc. § 2023.010.  She "persist[ed] over objection and
10   without substantial justification, in an attempt to obtain information or materials that are outside the
11   scope of permissible discovery ... [employed] a discovery method in a manner or to an extent that
12   causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense ... [and
13   failed] to confer in person, by telephone, or by letter with an opposing party or attorney in a
14   reasonable and good faith attempt to resolve informally any dispute concerning discovery[.]"

15        Accordingly, Sutter respectfully requests that the Court impose a monetary sanction,
16   pursuant to Code of Civil Procedure section 2020.030, ordering Plaintiff to pay the reasonable
17   expenses, including attorney's fees, incurred by Sutter Health as a result of that conduct. Sutter also
18   requests that the Court order Plaintiff to pay Sutter Health's attorneys fees and costs pursuant to
19   Code of Civil Procedure section 2020.020, for failure to meet and confer.  Sutter Health has incurred
20   in excess of $30,000 opposing this motion.  Declaration of John Barnes in Support of Opposition to
21   Motion to Compel, served herewith.

22   DATED: October 20, 2006

23                                              McDONOUGH HOLLAND & ALLEN PC
                                                Attorneys at Law
24
25   By: _____
                                                MARCIA L. AUGSBURGER
26                                              Attorneys for Defendant Sutter Health
27

28   [68]   Plaintiff's Ps & As 1:14-23.
     [69]   MLA Dec. ¶¶ 6-7.

CASE TITLE:        Melinda Campbell, *et al.* v. Sutter Health, *et al.*

COURT/CASE NO:      Alameda County Superior Court No. RG05221764

## PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 20, 2006, I served the within:

(1)  **SUTTER HEALTH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

(2)  **DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF DISCOVERY AT ISSUE IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

(3)  **DECLARATION OF MARCIA L. AUGSBURGER IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL**

(4)  **DECLARATION OF JOHN BARNES IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

(5)  **DECLARATION OF BRIAN HUNTER IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL**

☐  **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

☐  **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

☒  **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

1

Todd M. Schneider                                Counsel for Plaintiffs
Joshua Konecky
W.H. "Hank" Willson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

*__Courtesy Copy to:__*                           Co-counsel for Plaintiffs

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123
Telephone: (415) 563-2400
Facsimile: (415) 931-9981

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104
Telephone: (415) 732-0282
Facsimile: (415) 732-0287

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on October 20, 2006.

_Rene' Young_
RENEE YOUNG

2

Proof of Service                                    889827v3 09504/0502

Exhibit O

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (SBN 44893)
    MARCIA L. AUGSBURGER (SBN 145686)
3   JOHN C.J. BARNES (SBN 211694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax: · 916.444.8989

6   Attorneys for Defendant
    SUTTER HEALTH
7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,      )    Case No. RG05221764
    and on behalf of all others similarly situated,   )
11                                            )
                                              )
12                          Plaintiff,        )    **SUTTER HEALTH'S RESPONSES TO**
                                              )    **PLAINTIFF'S FIRST SET OF**
13           v.                               )    **SPECIAL INTERROGATORIES**
                                              )
14  SUTTER HEALTH, et al.,                    )
                                              )
15                          Defendant.        )
    ──────────────────────────────────────

16  PROPOUNDING PARTY:   Plaintiff Melinda Campbell

17  RESPONDING PARTY:    Defendant Sutter Health

18  SET NO.:             One

19                **PRELIMINARY STATEMENT**

20        Pursuant to Code of Civil Procedure section 2030.210, Defendant SUTTER HEALTH

21  ("Sutter Health") hereby responds to the Special Interrogatories, Set One of Melinda Campbell

22  ("Plaintiff") dated July 28, 2006.

23        These responses state the knowledge, information, and belief of Sutter Health as of the date

24  of these responses.  Sutter Health is presently engaged in its own investigation and discovery.

25  Further investigation may lead to additional information relevant to the subject matter(s) of the

26  Special Interrogatories.  As a result, Sutter Health hereby reserves its right to amend or supplement

27  its responses at any time and to use any subsequently-acquired information at trial, any other

28  hearing, and for any other purpose.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

                                        1

1    Moreover, Sutter Health notes that its responses may be based upon hearsay or other forms

2    of information not necessarily reliable or admissible into evidence and, as a result, Sutter Health

3    hereby provides notice that it does not intend to waive, and hereby specifically reserves, its right to

4    object to the introduction into evidence of any of the Special Interrogatories and/or the responses

5    thereto at any trial or hearing.

6    <u>**GENERAL OBJECTIONS**</u>

7    1.    Sutter Health objects to each and every interrogatory to the extent it seeks

8    unauthorized disclosure of Protected Health Information, as defined in the Health Insurance

9    Portability and Accountability Act, 42 U.S.C. § 201 *et seq.*

10    2.    Sutter Health objects to each and every interrogatory to the extent it calls for

11    information protected by attorney-client privilege or the attorney work-product doctrine.

12    3.    Sutter Health objects to each and every interrogatory to the extent it is vague,

13    ambiguous, overbroad, or unduly burdensome.

14    4.    Sutter Health objects to the Special Interrogatories to the extent they seek information

15    concerning any other entity other than Sutter Health, on the grounds that such interrogatories are

16    overbroad, vague and ambiguous, burdensome and oppressive, and not likely to lead to the discovery

17    of relevant, admissible evidence. Moreover, Sutter Health cannot determine what Plaintiff means by

18    "affiliates."

19    5.    Each of the foregoing objections is expressly incorporated into each individual

20    response below as if fully stated therein.

21    <u>**SPECIFIC OBJECTIONS**</u>

22    <u>**INTERROGATORY NO. 1:**</u>    Please state whether SUTTER HEALTH has retracted any

23    liens it has asserted against tort claims asserted by SUTTER HEALTH customers without obtaining

24    payment from the customer in the full amount of the lien asserted, and the reasons for any dismissal.

25    <u>**RESPONSE TO INTERROGATORY NO. 1:**</u>

26    Sutter Health objects to this Interrogatory on the ground it is unintelligible. Without waiving

27    the foregoing objection, Sutter Health responds as follows: Sutter Health has no customers, and

28    does not assert liens against tort claims.

**MHA**

Sutter Health's Responses to Plaintiff's
Special Interrogatories

950741v1 09504/0502

1    **INTERROGATORY NO. 2:**        Please state the name and identifying information for any

2    judicial or administrative action which has addressed the validity and/or legality of a lien asserted

3    against a tort claim asserted by a SUTTER HEALTH customer, the ruling(s) (if any), and the

4    reasons for the ruling(s).

5    **RESPONSE TO INTERROGATORY NO. 2:**

6        Sutter Health has no customers, and does not assert liens against tort claims.

7    DATED:  September 1, 2006

8
                                            McDONOUGH HOLLAND & ALLEN PC
9                                            Attorneys at Law

10

11                                           By: _____

                                                    Marcia L. Augsburger
12
                                             Attorneys for Defendant Sutter Health
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Special Interrogatories

950741v1 09504/0502

1    CASE TITLE:      Melinda Campbell, et al. v. Sutter Health, et al.

2    COURT/CASE NO:    Alameda County Superior Court No. RG05221764

3                    **PROOF OF SERVICE**

4     I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the

5    foregoing action.

6     I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so

7    collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

8

    On September 1, 2006, I served the within:

9

10    (1)    **SUTTER HEALTH'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**

11    [X]    **by mail** on the following party(ies) in said action, in accordance with Code of Civil

12          Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough

13          Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United

14          States mailbox in the City of Sacramento, California.

15    [ ]    **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

16

17    [ ]    **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed

18          envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

19

   [ ]    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to

20          the following party(ies) at the facsimile number(s) indicated:

21

22    Todd M. Schneider                 Counsel for Plaintiffs

23    Joshua Konecky

   W.H. "Hank" Wilson

24    SCHNEIDER & WALLACE

25    180 Montgomery Street, Suite 2000

   San Francisco, CA 94104

26    Telephone: (415) 421-7100

   Facsimile: (415) 421-7105

27

28



1    *Courtesy Copy to:*                                    Co-counsel for Plaintiffs

2

3    Linda Ross
     LAW OFFICE OF LINDA ROSS
     2204 Union Street
4    San Francisco, CA 94123
     Telephone: (415) 563-2400
5    Facsimile: (415) 931-9981

6

7    Scott Kalkin
     ROBOOSTOFF & KALKIN, PLC
     369 Pine Street, Suite 610
8    San Francisco, CA 94104
     Telephone: (415) 732-0282
9    Facsimile: (415) 732-0287

10

11      I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct and that this document was executed on September 1, 2006.

12

13                                          RENEE REEVE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MHA**
Donough Holland & Allen PC
Attorneys at Law

2

Proof of Service                                          855075v1 09504/0502

Exhibit P

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (SBN 44893)
   MARCIA L. AUGSBURGER (SBN 145686)
3  JOHN C.J. BARNES (SBN 211694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant
   SUTTER HEALTH
7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF ALAMEDA

10 MELINDA CAMPBELL, on her own behalf,        )    Case No. RG05221764
   and on behalf of all others similarly situated, )
11                                              )
                                                )
12                     Plaintiff,               )    SUTTER HEALTH'S RESPONSES TO
                                                )    PLAINTIFF'S FIRST SET OF FORM
13       v.                                     )    INTERROGATORIES
                                                )
14 SUTTER HEALTH, et al.,                       )
                                                )
15 ─────────────────────── Defendant. ─────)

16 PROPOUNDING PARTY:   Plaintiff Melinda Campbell

17 RESPONDING PARTY:    Defendant Sutter Health

18 SET NO.:             One

19                **PRELIMINARY STATEMENT**

20       Pursuant to Code of Civil Procedure section 2030.210, Defendant SUTTER HEALTH

21 ("Sutter Health") hereby responds to the Form Interrogatories, Set One of Melinda Campbell

22 ("Plaintiff") dated July 28, 2006.

23       These responses state the knowledge, information, and belief of Sutter Health as of the date

24 of these responses.   Sutter Health is presently engaged in its own investigation and discovery.

25 Further investigation may lead to additional information relevant to the subject matter(s) of the Form

26 Interrogatories.   As a result, Sutter Health hereby reserves its right to amend or supplement its

27 responses at any time and to use any subsequently-acquired information at trial, any other hearing,

28 and for any other purpose.

Sutter's Responses to Plaintiff's
Form Interrogatories                                      952603v1 09504/0502

1        Moreover, Sutter Health notes that its responses may be based upon hearsay or other forms of

2 information not necessarily reliable or admissible into evidence and, as a result, Sutter Health hereby

3 provides notice that it does not intend to waive, and hereby specifically reserves, its right to object to

4 the introduction into evidence of any of the Form Interrogatories and/or the responses thereto at any

5 trial or hearing.

6                          **GENERAL OBJECTIONS**

7       1.     Sutter Health objects to each and every Form Interrogatory to the extent it seeks

8 unauthorized disclosure of Protected Health Information, as defined in the Health Insurance

9 Portability and Accountability Act, 42 U.S.C. § 201 *et seq.* and related regulations.

10       2.     Sutter Health objects to each and every Form Interrogatory to the extent it calls for

11 documents protected by attorney-client privilege and/or the attorney work-product doctrine.

12       3.     Sutter Health objects to each and every Form Interrogatory to the extent it is vague,

13 ambiguous, overbroad, or unduly burdensome.

14       4.     Sutter Health objects to the Form Interrogatories to the extent they seek information

15 concerning any other entity other than Sutter Health, on the grounds that such interrogatories are

16 overbroad, vague and ambiguous, burdensome and oppressive, and not likely to lead to the discovery

17 of relevant, admissible evidence.

18       5.     Each of the foregoing objections is expressly incorporated into each individual

19 response below as if fully stated therein.

20                        **SPECIFIC OBJECTIONS**

21 **INTERROGATORY NO. 1.1:**     State the name, ADDRESS, telephone number, and

22 relationship to you of each PERSON who prepared or assisted in the preparation of the responses to
these interrogatories.  (Do not identify anyone who simply typed or reproduced the responses.)

23 **RESPONSE TO INTERROGATORY NO. 1.1:**

24

25      Marcia L. Augsburger, Esq.
     John C.J. Barnes, Esq.
     McDonough Holland & Allen PC

26      555 Capitol Mall 9th Floor
     Sacramento, CA  95814

27

28      Isabelle B. Greene, Esq.
     Assistant General Counsel, Managed Care
     Office of the General Counsel

**MHA**

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

Sutter Health Legal Services
Sutter Health
(Contact may be made through counsel for Sutter Health.)

Jeffrey Frost, Esq.
Risk Services Counsel
Office of the General Counsel
Sutter Health Risk Services
Sutter Health
(Contact may be made through counsel for Sutter Health.)

**INTERROGATORY NO. 3.1:**      Are you a corporation? If so, state:

    (a)    the name stated in the current articles of incorporation;
    (b)    all other names used by the corporation during the past 10 years and the dates each
           was used;
    (c)    the date and place of incorporation;
    (d)    the ADDRESS of the principal place of business; and
    (e)    whether you are qualified to do business in California.

**RESPONSE TO INTERROGATORY NO. 3.1:**

    (a)    Sutter Health
    (b)    Sutter Health System   9/4/81 – 11/16/87.
           Sutter Health    11/17/87 – 1/07/96
           Sutter Health/California Healthcare System   1/08/96 – 3/17/97
           Sutter Health  3/18/97 – present.
    (c)    September 4, 1981,  California
    (d)    2200 River Plaza Drive, Sacramento, CA  95833
    (e)    Sutter Health is qualified to do business in California

**INTERROGATORY NO. 3.2:**      Are you a partnership? If so, state:

    (a)    the current partnership name;
    (b)    all other names used by the partnership during the past 10 years and the dates each
           was used;
    (c)    whether you are a limited partnership and, if so, under the laws of what jurisdiction;
    (d)    the name and ADDRESS of each general partner; and
    (e)    the ADDRESS of the principal place of business.

**RESPONSE TO INTERROGATORY NO. 3.2:**

    Sutter Health is not a partnership.

**INTERROGATORY NO. 3.3:**      Are you a limited liability company? If so, state:

    (a)    the name stated in the current articles of organization;
    (b)    all other names used by the company during the past 10 years and the date each was
           used;
    (c)    the date and place of filing of the articles of organization;
    (d)    the ADDRESS of the principal place of business; and
    (e)    whether you are qualified to do business in California.

**RESPONSE TO INTERROGATORY NO. 3.3:**

    Sutter Health is not a limited liability company.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

**INTERROGATORY NO. 3.4:**        Are you a joint venture? If so, state:

    (a)    the current joint venture name;
    (b)    all other names used by the joint venture during the past 10 years and the dates each was used;
    (c)    the name and ADDRESS of each joint venture; and
    (d)    the ADDRESS of the principal place of business.

**RESPONSE TO INTERROGATORY NO. 3.4:**

Sutter Health is not a joint venture.

**INTERROGATORY NO. 3.5:**        Are you an unincorporated association? If so, state:

    (a)    the current unincorporated association name;
    (b)    all other names used by the unincorporated association during the past 10 years and the dates each was used; and
    (c)    the ADDRESS of the principal place of business.

**RESPONSE TO INTERROGATORY NO. 3.5:**

Sutter Health is not an unincorporated association.

**INTERROGATORY NO. 3.6:**        Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:

    (a)    the name;
    (b)    the dates each was used;
    (c)    the state and county of each fictitious name filing; and
    (d)    the ADDRESS of the principal place of business.

**RESPONSE TO INTERROGATORY NO. 3.6:**

    (a)    Sutter/CHS
    (b)    1/8/96 to 3/17/97
    (c)    California, San Francisco County
            California, Sacramento County
    (d)    Same for both filings:
            2200 River Plaza Drive
            Sacramento CA 95833

**INTERROGATORY NO. 3.7:**        Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:

    (a)    identify the license or registration;
    (b)    state the name of the public entity; and
    (c)    state the dates of issuance and expiration.

**RESPONSE TO INTERROGATORY NO. 3.7:**

No public entity has registered or licensed Sutter Health in the past five years.

**INTERROGATORY NO. 4.1:**        At the time of the INCIDENT, was there in effect any policy of

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1  insurance through which you were or might be insured in any manner (for example, primary, pro-
2  rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions
that have arisen out of the INCIDENT?  If so, for each policy state:

3      (a)    the kind of coverage;
       (b)    the name and ADDRESS of the insurance company;
4      (c)    the name, ADDRESS, and telephone number of each named insured;
       (d)    the policy number;
5      (e)    the limits of coverage for each type of coverage contained in the policy;
       (f)    whether any reservation of rights or controversy or coverage dispute exists between
6             you and the insurance company; and
7      (g)    the name, ADDRESS, and telephone number of the custodian of the policy.

8  **RESPONSE TO INTERROGATORY NO. 4.1:**

9      No.

10 **INTERROGATORY NO. 4.2:**    Are you self-insured under any statute for the damages, claims,
   or actions that have arisen out of the INCIDENT?  If so, specify the statute.

11 **RESPONSE TO INTERROGATORY NO. 4.2:**

12     No.

13 **INTERROGATORY NO. 15.1:**    Identify each denial of a material allegation and each special or
14 affirmative defense in your pleadings and for each:

15     (a)    state all facts upon which you base the denial or special or affirmative defense;
       (b)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have
16            knowledge of those facts; and
17     (c)    identify all DOCUMENTS and other tangible things that support your denial or
              special or affirmative defense, and state the name, ADDRESS, and telephone number
18            of the PERSON who has each DOCUMENT.

19 **RESPONSE TO INTERROGATORY NO. 15.1(a):**

20     Sutter Health objects to this Interrogatory to the extent it seeks information protected by the
21 attorney-client privilege and/or attorney work-product doctrine.  Furthermore, discovery has just
22 begun, and Plaintiff has provided only a single document in support of the claims.  Sutter Health
23 reserves the right to amend or supplement the response set forth below as discovery progresses.
24 Without waiving the foregoing, Sutter Health responds as follows:

25     1.     **General Denial and First Affirmative Defense, Failure to State A Cause Of
              Action**

26
27     Neither Sutter Health nor Plaintiff initiated a prior action sufficient to support a malicious
prosecution claim.  No prior action against Sutter Health terminated in Plaintiff's favor.  Sutter
28 Health has never asserted hospital liens.  Sutter Health provided no services to Plaintiff.  Sutter

5

**MHA**

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1  Health never asserted a lien against a tort claim asserted by Plaintiff.  Additional facts supporting

2  this affirmative defense are set forth in Sutter Health's pleadings on demurrer herein.

3       2.    **Second Affirmative Defense, Defect or Misjoinder of Parties**

4       Neither Sutter Health nor Plaintiff initiated a prior action sufficient to support a malicious

5  prosecution claim.  No prior action against Sutter Health terminated in Plaintiff's favor.  Sutter

6  Health has never asserted hospital liens.  Sutter Health provided no services to Plaintiff.  Sutter

7  Health never asserted a lien against a tort claim asserted by Plaintiff.

8       3.    **Third Affirmative Defense, Privilege and Justification**

9

10       Sutter Health pleaded this affirmative defense to protect its interests in the event that

11  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

12  actionable conduct.  Plaintiff has produced no facts to date.  Accordingly, Sutter Health cannot

13  currently respond to this interrogatory as to this affirmative defense.  Additional facts supporting this

14  affirmative defense are set forth in Sutter Health's pleadings on demurrer herein.

15       4.    **Fourth Affirmative Defense, Improper "Class Action"**

16       Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

17  to support a malicious prosecution claim.  No prior action against Sutter Health terminated in

18  Plaintiff's favor or in favor of any class members.  Sutter Health has never asserted hospital liens.

19  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

20  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

21  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

22  demurrer herein.

23       5.    **Fifth Affirmative Defense, Lack of Capacity or Standing to Sue**

24       Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

25  to support a malicious prosecution claim.  No prior action against Sutter Health terminated in

26  Plaintiff's favor or in favor of any class members.  Sutter Health has never asserted hospital liens.

27  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

28  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

**MHA**

6

Sutter's Responses to Plaintiff's
Form Interrogatories

1  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

2  demurrer herein.

3      6.    **Sixth Affirmative Defense, Res Judicata, Collateral Estoppel, and Stare Decisis**

4          Sutter Health pleaded this affirmative defense to protect its interests in the event that

5  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

6  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

7  currently respond fully to this interrogatory as to this affirmative defense.    Additional facts

8  supporting this affirmative defense are set forth in Sutter Health's pleadings on demurrer herein.

9      7.    **Seventh Affirmative Defense, Judicial Estoppel**

10          Sutter Health pleaded this affirmative defense to protect its interests in the event that

11
12  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

13  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

14  currently respond fully to this interrogatory as to this affirmative defense.    Additional facts

15  supporting this affirmative defense may be set forth in Sutter Health's pleadings on demurrer herein.

16  Plaintiff's bankruptcy pleadings and discovery responses herein also state facts supporting this

17  affirmative defense.

18      8.    **Eighth Affirmative Defense, Settlement and Release**

19          Sutter Health pleaded this affirmative defense to protect its interests in the event that

20  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

21  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

22  currently respond to this interrogatory as to this affirmative defense.

23      9.    **Ninth Affirmative Defense, Prematurity and Failure to Exhaust Remedies**

24          Sutter Health pleaded this affirmative defense to protect its interests in the event that

25  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

26  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

27  currently respond to this interrogatory as to this affirmative defense.

28  ///

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

10.    **Tenth Affirmative Defense, Waiver and Estoppel**

Plaintiff's bankruptcy pleadings and discovery responses herein state facts supporting this affirmative defense, and the hospital lien at issue in this case was asserted at Plaintiff's request.

11.    **Eleventh Affirmative Defense, Unjust Enrichment**

Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient to support a malicious prosecution claim. No prior action against Sutter Health terminated in Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens. Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members. Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members. Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on demurrer herein. Plaintiff's bankruptcy pleadings and discovery responses herein state facts supporting this affirmative defense, and the hospital lien at issue in this case was asserted at Plaintiff's request.

12.    **Twelfth Affirmative Defense, Due Process**

Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient to support a malicious prosecution claim. No prior action against Sutter Health terminated in Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens. Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members. Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members. Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on demurrer herein. Plaintiff's bankruptcy pleadings and discovery responses herein also state facts supporting this affirmative defense.

13.    **Thirteenth Affirmative Defense, Failure to Comply With Statutory Prerequisites**

Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient to support a malicious prosecution claim. No prior action against Sutter Health terminated in Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens. Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

2  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

3  demurrer herein. Plaintiff's bankruptcy pleadings and discovery responses herein also state facts

4  supporting this affirmative defense.

5  **14.    Fourteenth Affirmative Defense, Business and Professions Code section 17204**

6  Sutter Health pleaded this affirmative defense to protect its interests in the event that

7  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

8  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

9  currently respond fully to this interrogatory as to this affirmative defense. Additional facts

10  supporting this affirmative defense may be set forth in Sutter Health's pleadings on demurrer herein.

11  Plaintiff's bankruptcy pleadings and discovery responses herein also state facts supporting this

12  affirmative defense.

13  **15.    Fifteenth Affirmative Defense, Due Process and Equal Protection**

14  Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

15  to support a malicious prosecution claim. No prior action against Sutter Health terminated in

16  Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens.

17  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

18  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

19  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

20  demurrer herein. Plaintiff's bankruptcy pleadings and discovery responses herein also state facts

21  supporting this affirmative defense.

22

23  **16.    Sixteenth Affirmative Defense, Failure to Do Equity**

24  Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

25  to support a malicious prosecution claim. No prior action against Sutter Health terminated in

26  Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens.

27  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

28  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

**MHA**

McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

2  demurrer herein.    Plaintiff's bankruptcy pleadings and discovery responses herein state facts

3  supporting this affirmative defense, and the hospital lien at issue in this case was asserted at

4  Plaintiff's request.

5          17.    <u>Seventeenth Affirmative Defense, Estoppel by Improper Purpose</u>

6         Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

7  to support a malicious prosecution claim.    No prior action against Sutter Health terminated in

8  Plaintiff's favor or in favor of any class members.    Sutter Health has never asserted hospital liens.

9  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

10  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

11  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

12  demurrer herein.    Plaintiff's bankruptcy pleadings and discovery responses herein state facts

13  supporting this affirmative defense, and the hospital lien at issue in this case was asserted at

14  Plaintiff's request.

15          18.    <u>Eighteenth Affirmative Defense, Unclean Hands</u>

16

17         Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

18  to support a malicious prosecution claim.    No prior action against Sutter Health terminated in

19  Plaintiff's favor or in favor of any class members.    Sutter Health has never asserted hospital liens.

20  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

21  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

22  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

23  demurrer herein.    Plaintiff's bankruptcy pleadings and discovery responses herein state facts

24  supporting this affirmative defense, and the hospital lien at issue in this case was asserted at

25  Plaintiff's request.

26          19.    <u>Ninteenth Affirmative Defense, Setoff and Recoupment</u>

27         Sutter Health pleaded this affirmative defense to protect its interests in the event that

28  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

**MHA**

1  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

2  currently respond fully to this interrogatory as to this affirmative defense.

3       20.    **Twentieth Affirmative Defense, Failure to Mitigate**

4       Sutter Health pleaded this affirmative defense to protect its interests in the event that

5  discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in

6  actionable conduct. Plaintiff has produced no facts to date. Accordingly, Sutter Health cannot

7  currently respond fully to this interrogatory as to this affirmative defense. Additional facts

8  supporting this affirmative defense may be set forth in Sutter Health's pleadings on demurrer herein.

9  Plaintiff's bankruptcy pleadings and discovery responses herein also state facts supporting this

10  affirmative defense.

11       21.    **Twenty-First Affirmative Defense, Damage, if any, Caused by Others**

12

13       Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

14  to support a malicious prosecution claim. No prior action against Sutter Health terminated in

15  Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens.

16  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

17  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

18  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

19  demurrer herein. Plaintiff's bankruptcy pleadings and discovery responses herein state facts

20  supporting this affirmative defense, and the hospital lien at issue in this case was asserted at

21  Plaintiff's request.

22       22.    **Twenty-Second Affirmative Defense, Failure to Exercise Due Care**

23       Neither Sutter Health, nor Plaintiff, nor any class members, initiated a prior action sufficient

24  to support a malicious prosecution claim. No prior action against Sutter Health terminated in

25  Plaintiff's favor or in favor of any class members. Sutter Health has never asserted hospital liens.

26  Sutter Health provided no services to Plaintiff or, to Sutter Health's knowledge, to class members.

27  Sutter Health never asserted a lien against a tort claim asserted by Plaintiff or any class members.

28  Additional facts supporting this affirmative defense are set forth in Sutter Health's pleadings on

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1    demurrer herein.   Plaintiff's bankruptcy pleadings and discovery responses herein state facts

2    supporting this affirmative defense, and the hospital lien at issue in this case was asserted at

3    Plaintiff's request.

4        **23.    Twenty-Third Affirmative Defense, Statute of Limitations**

5
      The Complaint alleges conduct that occurred more than two years before the Complaint was
6
     filed.
7
         **24.    Twenty-Fourth Affirmative Defense, Laches**
8
      The Complaint alleges conduct that occurred more than two years before the Complaint was
9
10   filed.

11       **25.    Twenty-Fifth Affirmative Defense, Abstention**

12        The Complaint requests that the Court take action in areas that are within the primary

13   jurisdiction of legislative and/or regulatory bodies.

14       **26.    Twenty-Sixth Affirmative Defense, Adequate Legal Remedy**

15        Sutter Health pleaded this affirmative defense to protect its interests in the event that
16
     discovery revealed facts that would support a claim by Plaintiff that Sutter Health engaged in
17
     actionable conduct.   Plaintiff has produced no facts to date.   Accordingly, Sutter Health cannot
18
     currently respond fully to this interrogatory as to this affirmative defense.   Additional facts
19
     supporting this affirmative defense may be set forth in Sutter Health's pleadings on demurrer herein.
20
     Plaintiff's bankruptcy pleadings and discovery responses herein also state facts supporting this
21
     affirmative defense.
22
     **RESPONSE TO INTERROGATORY NO. 15.1(b):**
23
24        Sutter Health cannot respond to this request because it seeks to prove a negative that is

25   known by many, many people within Sutter Health, including numerous officers, directors, and

26   managing agents within Sutter Health.   It would be burdensome and oppressive to investigate and

27   identify those officers, directors, and managing agents within Sutter Health who are aware that

28   Sutter Health does not provide healthcare services or assert liens.   Such an investigation would

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1  require a significant devotion of time and resources that is not justified by the benefit to Plaintiff of

2  confirming that Sutter Health does not provide healthcare services or assert liens.

3  **RESPONSE TO INTERROGATORY NO. 15.1(c):**

4      Sutter Health cannot respond to this request because it seeks to prove a negative that would

5  appear from every document ever generated within Sutter Health, which may be in the millions of

6  documents.  These documents together show that Sutter Health does not provide healthcare services

7  or assert liens, and to Sutter Health's knowledge, no single document states what services Sutter

8  
9  Health does not provide, or what Sutter Health does not assert.

10  **INTERROGATORY NO. 17.1:**     Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified

11  admission:

12      (a)     state the number of the request;
        (b)     state all facts upon which you base your response;
13      (c)     state the names, ADDRESSES, and telephone numbers of all PERSONS who have
                knowledge of those facts; and
14      (d)     identify all DOCUMENTS and other tangible things that support your response and
                state the name, ADDRESS, and telephone number of the PERSON who has each
15              DOCUMENT or thing.

16  **RESPONSE TO INTERROGATORY NO. 17.1(a)-(b):**

17

18  **Request No. 1:**

19      Please admit that SUTTER HEALTH asserted a lien against a tort claim asserted by Plaintiff

20  to recover the amount SUTTER HEALTH claims to be owed for performing services for Plaintiff.

    **Response to Request No. 1:**
21
        Sutter Health provided no services to Plaintiff and never asserted a lien against a tort claim
22
23  asserted by Plaintiff.

    **Request No. 2:**
24
        Please admit that SUTTER HEALTH has asserted liens against the tort claims asserted by
25
26  SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for

27  performing services for those customers.

28  ///

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

13

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1  **Response to Request No. 2:**

2      Sutter Health has no customers and never asserted liens against tort claims.

3  **Request No. 3:**

4      Please admit that SUTTER HEALTH has asserted liens since April 4, 2005 against the tort

5  claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims

6  to be owed for performing services for those customers.

7  **Response to Request No. 3:**

8      Sutter Health has no customers and never asserted liens against tort claims.

9  **Request No. 4:**

10      Please admit that SUTTER HEALTH asserted liens before March 5, 2002 against the tort

11  claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims

12  to be owed for performing services for those customers.

13  **Response to Request No. 4:**

14      Sutter Health has no customers and never asserted liens against tort claims.

15  **Request No. 5:**

16      Please admit that SUTTER HEALTH presently continues to assert liens against the tort

17  claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims

18  to be owed for performing services for those customers.

19  **Response to Request No. 5:**

20      Sutter Health has no customers and does not assert liens against tort claims.

21  **Request No. 6:**

22      Please admit that SUTTER HEALTH has entered into agreements with insurance companies

23  that purport to pay SUTTER HEALTH in full the amount SUTTER HEALTH claims to be owed for

24  performing services for insured customers.

25  **Response to Request No. 6:**

26      Sutter Health does not enter into agreements with insurance companies to provide services to

27  insured customers and does not receive payment for doing so.

28  ///

**MHA**
McDonough Holland & Allen Inc
Attorneys at Law

14

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1    Request No. 7:

2         Please admit that any purported debt owed by Plaintiff to SUTTER HEALTH was

3    extinguished on or before June 8, 2005.

4    Response to Request No. 7:

5         Sutter Health is unaware of any debt Plaintiff owed to Sutter Health, and cannot respond on

6    behalf of any other party.

7    Request No. 8:

8         Please admit that SUTTER HEALTH knew on or before June 8, 2005 that any purported

9    debt owed by Plaintiff to SUTTER HEALTH had been extinguished.

10   Response to Request No. 8:

11        Sutter Health is unaware of any debt Plaintiff owed to Sutter Health, and cannot respond on

12   behalf of any other party.

13   Request No. 9:

14        Please admit that SUTTER HEALTH presently continues to assert a lien against a tort claim

15   asserted by Plaintiff to recover the amount SUTTER HEALTH claims to be owed for performing

16   services for Plaintiff.

17   Response to Request No. 9:

18        Sutter Health provided no services to Plaintiff and never asserted a lien against a tort claim

19   asserted by Plaintiff.  Furthermore, Sutter Health is unaware of any claim that Plaintiff owes Sutter

20   Health any amount.

21   Request No. 10:

22        Please admit that SUTTER HEALTH continues to assert liens against the tort claims asserted

23   by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for

24   performing services for those customers.

25   Response to Request No. 10:

26        Sutter Health has no customers, and does not assert liens against tort claims.

27   Request No. 11:

28        Please admit that SUTTER HEALTH has sent letters to Plaintiff in an attempt to collect on

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

15

952603v1 09504/0502

1    liens asserted against tort claims asserted by Plaintiff to recover the amount SUTTER HEALTH

2    claims to be owed for performing services for Plaintiff.

3    **Response to Request No. 11:**

4       Sutter Health did not send letters to Plaintiff in an attempt to collect on liens asserted against

5    tort claims asserted by Plaintiff. Furthermore, Sutter Health did not claim to be owed any amount

6    for performing services for Plaintiff, and provided no services to Plaintiff.

7    **Request No. 12:**

8       Please admit that SUTTER HEALTH has sent letters to its customers attempting to collect on

9    liens asserted against tort claims asserted by SUTTER HEALTH customers to recover the amount

10   SUTTER HEALTH claims to be owed for performing services for those customers.

11   **Response to Request No. 12:**

12      Sutter Health has no customers, and did not attempt to collect on liens asserted against tort

13   claims.

14   **Response to Interrogatory No. 12(c):**

15      (c)     See response to Interrogatory No. 15.1(b).

16   **Response to Interrogatory No. 12(d):**

17      (d)     See response to Interrogatory No. 15.1(c).

18   DATED: September 1, 2006

19                           McDONOUGH HOLLAND & ALLEN PC

20                           Attorneys at Law

21                           By:

22                               Marcia L. Augsburger

23                           Attorneys for Defendant Sutter Health

24

25

26

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter's Responses to Plaintiff's
Form Interrogatories

952603v1 09504/0502

1   CASE TITLE:          Melinda Campbell, et al. v. Sutter Health, et al.

2   COURT/CASE NO:       Alameda County Superior Court No. RG05221764

3                        **PROOF OF SERVICE**

4      I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
    Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5   foregoing action.

6      I am readily familiar with the business practice at my place of business for collection and
    processing of correspondence for mailing with the United States Postal Service. Correspondence so
7   collected and processed is deposited with the United States Postal Service that same day in the
    ordinary course of business.

8
       On September 1, 2006, I served the within:
9

10  (1)  **SUTTER HEALTH'S RESPONSES TO PLAINTIFF'S FIRST SET OF**
         **FORM INTERROGATORIES**

11  ┌───┐
    │ X │  **by mail** on the following party(ies) in said action, in accordance with Code of Civil
12  └───┘  Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
           designated area for outgoing mail, addressed as set forth below. At McDonough
13         Holland & Allen PC, mail placed in that designated area is given the correct amount of
           postage and is deposited that same day, in the ordinary course of business, in a United
14         States mailbox in the City of Sacramento, California.

15  ┌───┐  **by personally delivering** a true copy thereof, in accordance with Code of Civil
    │   │  Procedure § 1011, to the person(s) and at the address(es) set forth below.
16  └───┘

17  ┌───┐  **by overnight delivery** on the following party(ies) in said action, in accordance with
    │   │  Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
18  └───┘  envelope, with delivery fees paid or provided for, and delivering that envelope to an
           overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

19  ┌───┐  **by facsimile transmission,** in accordance with Code of Civil Procedure § 1013(e), to
    │   │  the following party(ies) at the facsimile number(s) indicated:
20  └───┘

21

22  Todd M. Schneider                          Counsel for Plaintiffs
23  Joshua Konecky
    W.H. "Hank" Wilson
24  SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
25  San Francisco, CA 94104
    Telephone: (415) 421-7100
26  Facsimile:  (415) 421-7105

27

28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Proof of Service                                                    855075v1 09504/0502

1  *Courtesy Copy to:*                         Co-counsel for Plaintiffs

2  Linda Ross
3  LAW OFFICE OF LINDA ROSS
   2204 Union Street
4  San Francisco, CA 94123
   Telephone:  (415) 563-2400
5  Facsimile:  (415) 931-9981

6
   Scott Kalkin
7  ROBOOSTOFF & KALKIN, PLC
   369 Pine Street, Suite 610
8  San Francisco, CA 94104
   Telephone:  (415) 732-0282
9  Facsimile:  (415) 732-0287

10
   I declare under penalty of perjury under the laws of the State of California that the foregoing is
11 true and correct and that this document was executed on September 1, 2006.

12                                          _Renee Reeve_
                                           RENEE REEVE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

Proof of Service                                                    855075v1 09504/0502

Exhibit Q

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (SBN 44893)
   MARCIA L. AUGSBURGER (SBN 145686)
3  JOHN C.J. BARNES (SBN 211694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant
   SUTTER HEALTH
7

8                  SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,  )  Case No. RG05221764
    and on behalf of all others similarly situated,  )
11                                         )
                                           )
12                            Plaintiff,   )  **SUTTER HEALTH'S RESPONSES TO**
                                           )  **PLAINTIFF'S REQUESTS FOR**
13        v.                               )  **PRODUCTION OF DOCUMENTS**
                                           )
14  SUTTER HEALTH, et al.,                 )
                                           )
15                            Defendant.   )

16  PROPOUNDING PARTY:   Plaintiff Melinda Campbell

17  RESPONDING PARTY:    Defendant Sutter Health

18  SET NO.:             One

19                  **PRELIMINARY STATEMENT**

20        Pursuant to Code of Civil Procedure section 2031.210, Defendant SUTTER HEALTH

21  ("Sutter Health") hereby responds to the Requests for Production of Documents, Set One of Melinda

22  Campbell ("Plaintiff") dated July 28, 2006.

23        These responses state the knowledge, information, and belief of Sutter Health as of the date

24  of these responses.  Sutter Health is presently engaged in its own investigation and discovery.

25  Further investigation may lead to additional information relevant to the subject matter(s) of the

26  Requests for Production.  As a result, Sutter Health hereby reserves its right to amend or supplement

27  its responses at any time and to use any subsequently-acquired information at trial, any other

28  hearing, and for any other purpose.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents

952604v1 09504/0502

1    Moreover, Sutter Health notes that its responses may be based upon hearsay or other forms of
2  information not necessarily reliable or admissible into evidence and, as a result, Sutter Health hereby
3  provides notice that it does not intend to waive, and hereby specifically reserves, its right to object to
4  the introduction into evidence of any of the Requests for Production of Documents and/or the
5  responses thereto at any trial or hearing.

6                              **GENERAL OBJECTIONS**

7        1.      Sutter Health objects to each and every Request for Production to the extent it seeks
8  unauthorized disclosure of Protected Health Information, as defined in the Health Insurance
9  Portability and Accountability Act, 42 U.S.C. § 201 *et seq.* and related regulations.

10       2.      Sutter Health objects to each and every Request for Production to the extent it calls
11  for documents protected by attorney-client privilege or the attorney work-product doctrine.

12       3.      Sutter Health objects to each and every Request for Production to the extent it is
13  vague, ambiguous, overbroad, or unduly burdensome.

14       4.      Sutter Health objects to the Requests for Production to the extent they seek
15  documents or other information concerning any other entity other than Sutter Health, on the grounds
16  that such requests are overbroad, vague and ambiguous, burdensome and oppressive, and not likely
17  to lead to the discovery of relevant, admissible evidence.  Moreover, Sutter Health cannot determine
18  what Plaintiff means by "affiliates."

19       5.      Each of the foregoing objections is expressly incorporated into each individual
20  response below as if fully stated therein.

21                              **RESPONSES AND OBJECTIONS**

22  **Request No. 1:**

23       All DOCUMENTS which IDENTIFY the hospitals owned by SUTTER HEALTH.

24  **Response to Request No. 1:**

25       Sutter Health objects to this Request on the grounds that it is overbroad and vague as to time,
26  and is not reasonably calculated to lead to relevant evidence.  Without waiving the foregoing
27  objections, Sutter responds as follows:  No responsive documents exist because Sutter Health does
28  not own any hospitals.

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents                                      952604v1 09504/0502

1  **Request No. 2:**

2     All DOCUMENTS which IDENTIFY the hospitals affiliated with SUTTER HEALTH.

3  **Response to Request No. 2:**

4     Sutter Health objects to this Request on the grounds that it is overbroad, unduly burdensome

5  and oppressive, vague as to time, and vague as to "affiliated with." There may be millions of

6  responsive documents. It would be impossible to compile and produce them. Without waiving the

7  foregoing objections, Sutter Health responds as follows: No documents will be produced in

8  response to this request. Sutter Health is a California non-profit corporation exempt from income

9  tax under Internal Revenue Code sections 501(c)(3) and 509(a)(2), and its primary purpose is to

10 provide support to charitable organizations, including the following hospitals:

11 Alta Bates Summit Medical Center

12 California Pacific Medical Center

13 Eden Medical Center

14 Kahi Mohala, A Behavioral Healthcare System

15 Marin General Hospital

16 Memorial Medical Center

17 Memorial Hospital Los Banos

18 Mills-Peninsula Medical Center

19 Novato Community Hospital

20 St. Luke's Hospital

21 Sutter Amador Hospital

22 Sutter Auburn Faith Hospital

23 Sutter Coast Hospital

24 Sutter Davis Hospital

25 Sutter Delta Medical Center

26 Sutter Lakeside Hospital

27 Sutter Maternity & Surgery Center of Santa Cruz

28 Sutter Center for Psychiatry

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

3

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents

952604v1 09504/0502

1   Sutter General Hospital

2   Sutter Memorial Hospital

3   Sutter Medical Center of Santa Rosa

4   Sutter Roseville Medical Center

5   Sutter Solano Medical Center

6   Sutter Tracy Community Hospital.

7   **Request No. 3:**

8       All DOCUMENTS which constitute or relate to liens asserted by SUTTER HEALTH against

9   tort claims of Plaintiff.

10   **Response to Request No. 3:**

11       No responsive documents exist.

12   **Request No. 3 [sic]:**

13       All DOCUMENTS which constitute or relate to liens asserted by SUTTER HEALTH against

14   the tort claims of PERSONS who received services at SUTTER HEALTH.

15   **Response to Request No. 3:**

16       No responsive documents exist.

17   **Request No. 4:**

18       All DOCUMENTS which IDENTIFY the PERSONS against whose tort claims SUTTER

19   HEALTH has asserted liens, purportedly to collect payment for services rendered by SUTTER

20   HEALTH.

21   **Response to Request No. 4:**

22       No responsive documents exist.

23   **Request No. 5:**

24       All COMMUNICATIONS or records of COMMUNICATIONS between SUTTER

25   HEALTH and PERSONS who have received services at SUTTER HEALTH regarding the terms

26   and/or conditions of those services.

27   **Response to Request No. 5:**

28       Sutter Health objects to this request as overbroad, vague, and ambiguous. If "services"

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents

4

952604v1 09504/0502

1    means medical services, Sutter Health responds as follows:  no responsive documents exist.

2    **Request No. 6:**

3    All DOCUMENTS constituting or relating to agreements between SUTTER HEALTH and

4    insurance companies which address payment for services rendered by SUTTER HEALTH for

5    insured PERSONS.

6    **Response to Request No. 6:**

7    No responsive documents exist.

8    **Request No. 7:**

9    All  COMMUNICATIONS  or  records  of  COMMUNICATIONS  between  SUTTER

10   HEALTH and PERSONS who have received services at SUTTER HEALTH regarding agreements

11   between SUTTER HEALTH and insurance companies which address payment for services rendered

12   by SUTTER HEALTH for insured PERSONS.

13   **Response to Request No. 7:**

14   No responsive documents exist.

15   **Request No. 8:**

16   All DOCUMENTS which IDENTIFY the PERSONS against whose tort claims SUTTER

17   HEALTH has asserted a lien, purportedly to collect payment for services rendered by SUTTER

18   HEALTH.

19   **Response to Request No. 8:**

20   This Request repeats Request No. 4.  Sutter Health's Response to Request No. 4 is

21   incorporated herein.

22   **Request No. 9:**

23   All DOCUMENTS which IDENTIFY or relate to the interest rate that SUTTER HEALTH

24   purports to charge PERSONS against whose tort claims SUTTER HEALTH has asserted a lien,

25   purportedly to collect payment for services rendered by SUTTER HEALTH.

26   **Response to Request No. 9:**

27   No responsive documents exist.

28   ///

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents

952604v1 09504/0502

1    <u>Request No. 10:</u>

2       All computerized and machine-readable databases, reports, and/or other DOCUMENTS

3 regarding any PERSONS against whose tort claims SUTTER HEALTH has asserted a lien,

4 purportedly to collect payment for services rendered by SUTTER HEALTH, including databases,

5 reports and other DOCUMENTS identifying the PERSON's name, most recent available address and

6 telephone number. This request includes a key for interpreting any codes used to interpret the data,

7 as well as any DOCUMENTS describing, explaining or pertaining to the methods and techniques

8 used in compiling, editing, modifying or updating these computer databases.

9    <u>Response to Request No. 10:</u>

10       No responsive documents exist.

11    <u>Request No. 11:</u>

12       All civil or administrative complaints filed in whole or in part against SUTTER HEALTH for

13 the alleged assertion of improper liens, including any DOCUMENTS which provide a summary of

14 all such complaints by title, court, administrative agency or branch, date, subject or other

15 information sufficient to identify and locate the matter.

16    <u>Response to Request No. 11:</u>

17       No responsive documents exist.

18    <u>Request No. 12:</u>

19       All DOCUMENTS that pertain to other civil actions filed in whole or in part against

20 SUTTER HEALTH for the alleged assertion of improper liens, including any DOCUMENTS which

21 provide a summary of all such civil actions by title, court, administrative agency or branch, date,

22 subject or other information sufficient to identify and locate the matter.

23    <u>Response to Request No. 12:</u>

24       No responsive documents exist.

25    <u>Request No. 13:</u>

26       All DOCUMENTS pertaining to any internal complaints, charges, grievances, or inquiries

27 concerning the assertion of allegedly improper liens against PERSONS who receive services at

28 SUTTER HEALTH.

**MHA**
<span style="font-size:smaller">McDonough Holland & Allen PC<br>Attorneys at Law</span>

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents

952604v1 09504/0502

1 | **Response to Request No. 13:**

2 |     No responsive documents exist.

3 | **Request No. 13 (sic):**

4 |     All letters or other correspondence sent from SUTTER HEALTH or its representatives to

5 | Plaintiff or her representatives.

6 | **Response to Request No 13:**

7 |     No responsive documents exist except letters sent by Sutter Health's counsel to Plaintiff's

8 | counsel, which will not be produced again.

9 | **Request No. 14:**

10 |     All DOCUMENTS consisting of or referring to insurance policies which may provide

11 | complete or partial coverage for any claims of the nature asserted in this litigation.

12 | **Response to Request No. 14:**

13 |     No responsive documents exist.

14 | **Request No. 15:**

15 |     All DOCUMENTS that define or DESCRIBE any policies, guidelines or practices of

16 | SUTTER HEALTH concerning the retention and preservation of DOCUMENTS or data pertaining

17 | to claims made under own-occupation disability policies.

18 | **Response to Request No. 15:**

19 |     No responsive documents exist.

20 | **Request No. 16:**

21 |     All DOCUMENT logs or other records of DOCUMENTS or other information which no

22 | longer exist, but which may have been responsive to these requests.

23 | **Response to Request No. 16:**

24 |     No responsive documents exist.

25 | DATED: September 1, 2006

26 |                          McDONOUGH HOLLAND & ALLEN PC
                         Attorneys at Law

27 |

28 |                          By: _____ for
                           Marcia L. Augsburger
                           Attorneys for Defendant Sutter Health

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Production of Documents

7

952604v1 09504/0502

1  CASE TITLE:         Melinda Campbell, et al. v. Sutter Health, et al.

2  COURT/CASE NO:      Alameda County Superior Court No. RG05221764

3                  **PROOF OF SERVICE**

4    I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th
   Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the
5  foregoing action.

6    I am readily familiar with the business practice at my place of business for collection and
   processing of correspondence for mailing with the United States Postal Service. Correspondence so
7  collected and processed is deposited with the United States Postal Service that same day in the
   ordinary course of business.

8
   On September 1, 2006, I served the within:
9

10  (1)  **SUTTER HEALTH'S RESPONSES TO PLAINTIFF'S REQUESTS FOR
        PRODUCTION OF DOCUMENTS**

11  ☒    **by mail** on the following party(ies) in said action, in accordance with Code of Civil
        Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a
12       designated area for outgoing mail, addressed as set forth below. At McDonough
        Holland & Allen PC, mail placed in that designated area is given the correct amount of
13       postage and is deposited that same day, in the ordinary course of business, in a United
        States mailbox in the City of Sacramento, California.
14

15  ☐    **by personally delivering** a true copy thereof, in accordance with Code of Civil
        Procedure § 1011, to the person(s) and at the address(es) set forth below.
16

17  ☐    **by overnight delivery** on the following party(ies) in said action, in accordance with
        Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed
18       envelope, with delivery fees paid or provided for, and delivering that envelope to an
        overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

19
    ☐    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to
20       the following party(ies) at the facsimile number(s) indicated:

21

22  Todd M. Schneider                          Counsel for Plaintiffs
23  Joshua Konecky
    W.H. "Hank" Wilson
24  SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
25  San Francisco, CA 94104
    Telephone: (415) 421-7100
26  Facsimile:  (415) 421-7105

27

28



Proof of Service                                              855075v1 09504/0502

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_Courtesy Copy to:_                         Co-counsel for Plaintiffs

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-2400
Facsimile:  (415) 931-9981

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104
Telephone:  (415) 732-0282
Facsimile:  (415) 732-0287

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on September 1, 2006.

RENEE REEVE

MHA
McDonough Holland & Allen PC
Attorneys at Law

Proof of Service                                                              855075v1 09504/0502

Exhibit R

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (SBN 44893)
   MARCIA L. AUGSBURGER (SBN 145686)
3  JOHN C.J. BARNES (SBN 211694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA  95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant
   SUTTER HEALTH
7

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,    )    Case No. RG05221764
    and on behalf of all others similarly situated,  )
11                                          )
                                            )
12                          Plaintiff,      )    **SUTTER HEALTH'S RESPONSES TO**
                                            )    **PLAINTIFF'S REQUESTS FOR**
13          v.                              )    **ADMISSIONS**
                                            )
14  SUTTER HEALTH, et al.,                  )
                                            )
15  _____  Defendant. )

16  PROPOUNDING PARTY:   Plaintiff Melinda Campbell

17  RESPONDING PARTY:    Defendant Sutter Health

18  SET NO.:             One

19                      **PRELIMINARY STATEMENT**

20          Pursuant to Code of Civil Procedure section 2033.210, Defendant SUTTER HEALTH

21  ("Sutter Health") hereby responds to the Requests for Admissions, Set One of Melinda Campbell

22  ("Plaintiff") dated July 28, 2006.

23          These responses state the knowledge, information, and belief of Sutter Health as of the date

24  of these responses.  Sutter Health is presently engaged in its own investigation and discovery.

25  Further investigation may lead to additional information relevant to the subject matter(s) of the

26  Requests for Admissions.  As a result, Sutter Health hereby reserves its right to amend or

27  supplement its responses at any time and to use any subsequently-acquired information at trial, any

28  other hearing, and for any other purpose.

1       Moreover, Sutter Health notes that its responses may be based upon hearsay or other forms of

2   information not necessarily reliable or admissible into evidence and, as a result, Sutter Health hereby

3   provides notice that it does not intend to waive, and hereby specifically reserves, its right to object to

4   the introduction into evidence of any of the Requests for Admissions and/or the responses thereto at

5   any trial or hearing.

6                                    **GENERAL OBJECTIONS**

7       1.      Sutter Health objects to each and every Request for Admission to the extent it seeks

8   unauthorized disclosure of Protected Health Information, as defined in the Health Insurance

9   Portability and Accountability Act, 42 U.S.C. § 201 *et seq.* and related regulations.

10      2.      Sutter Health objects to each and every Request for Admission to the extent it calls

11  for documents protected by attorney-client privilege or the attorney work-product doctrine.

12      3.      Sutter Health objects to each and every Request for Admission to the extent it is

13  vague, ambiguous, overbroad, or unduly burdensome or oppressive.

14      4.      Sutter Health objects to the definition of "Sutter Health" set forth in the Requests for

15  Admissions as overbroad, vague, ambiguous, and unintelligible, particularly because Sutter Health

16  cannot determine what Plaintiff means by "affiliates." Moreover, the stated definition renders the

17  requests objectionable on the ground they are that not likely to lead to the discovery of relevant,

18  admissible evidence.

19      5.      Sutter Health responds to the requests herein on its own behalf only, and not on

20  behalf of any other party or entity, for the following reasons:

21          a.      Sutter Health cannot make admissions on behalf of other parties or entities;

22          b.      Sutter Health cannot verify responses that purport to respond on behalf of

23  other parties or entities;

24          c.      Sutter Health lacks the capacity and knowledge sufficient to respond on behalf

25  of other parties or entities.

26      Each of the following responses is subject to the foregoing, which are expressly incorporated

27  into each individual response below as if fully stated therein.

28  ///

MHA

McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Admissions

2

951828v4 09504/0502

1          ## RESPONSES TO REQUESTS FOR ADMISSION

2     **Request No. 1:**

3          Please admit that SUTTER HEALTH asserted a lien against a tort claim asserted by Plaintiff

4     to recover the amount SUTTER HEALTH claims to be owed for performing services for Plaintiff.

5     **Response to Request No. 1:**

6          Denied.

7     **Request No. 2:**

8          Please admit that SUTTER HEALTH has asserted liens against the tort claims asserted by

9     SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for

10    performing services for those customers.

11    **Response to Request No. 2:**

12         Denied.

13    **Request No. 3:**

14         Please admit that SUTTER HEALTH has asserted liens since April 4, 2005 against the tort

15    claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims

16    to be owed for performing services for those customers.

17    **Response to Request No. 3:**

18         Denied.

19    **Request No. 4:**

20         Please admit that SUTTER HEALTH asserted liens before March 5, 2002 against the tort

21    claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims

22    to be owed for performing services for those customers.

23    **Response to Request No. 4:**

24         Denied.

25    **Request No. 5:**

26         Please admit that SUTTER HEALTH presently continues to assert liens against the tort

27    claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims

28    to be owed for performing services for those customers.



3

Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502

1    **Response to Request No. 5:**

2        Denied.

3    **Request No. 6:**

4        Please admit that SUTTER HEALTH has entered into agreements with insurance companies

5    that purport to pay SUTTER HEALTH in full the amount SUTTER HEALTH claims to be owed for

6    performing services for insured customers.

7    **Response to Request No. 6:**

8        Denied.

9    **Request No. 7:**

10       Please admit that any purported debt owed by Plaintiff to SUTTER HEALTH was

11   extinguished on or before June 8, 2005.

12   **Response to Request No. 7:**

13       Denied.

14   **Request No. 8:**

15       Please admit that SUTTER HEALTH knew on or before June 8, 2005 that any purported

16   debt owed by Plaintiff to SUTTER HEALTH had been extinguished.

17   **Response to Request No. 8:**

18       Denied.

19   **Request No. 9:**

20       Please admit that SUTTER HEALTH presently continues to assert a lien against a tort claim

21   asserted by Plaintiff to recover the amount SUTTER HEALTH claims to be owed for performing

22   services for Plaintiff.

23   **Response to Request No. 9:**

24       Denied.

25   **Request No. 10:**

26       Please admit that SUTTER HEALTH continues to assert liens against the tort claims asserted

27   by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for

28   performing services for those customers.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

4

1   **Response to Request No. 10:**

2       Denied.

3   **Request No. 11:**

4       Please admit that SUTTER HEALTH has sent letters to Plaintiff in an attempt to collect on

5   liens asserted against tort claims asserted by Plaintiff to recover the amount SUTTER HEALTH

6   claims to be owed for performing services for Plaintiff.

7   **Response to Request No. 11:**

8       Denied.

9   **Request No. 12:**

10      Please admit that SUTTER HEALTH has sent letters to its customers attempting to collect on

11  liens asserted against tort claims asserted by SUTTER HEALTH customers to recover the amount

12  SUTTER HEALTH claims to be owed for performing services for those customers.

13  **Response to Request No. 12:**

14      Denied.

15  DATED:  September 1, 2006

16                                   McDONOUGH HOLLAND & ALLEN PC

17                                   Attorneys at Law

18

19                            By:                              
        Marcia L. Augsburger

20                            Attorneys for Defendant Sutter Health

21

22

23

24

25

26

27

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502

CASE TITLE:          Melinda Campbell, et al. v. Sutter Health, et al.

COURT/CASE NO:       Alameda County Superior Court No. RG05221764

### PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 1, 2006, I served the within:

(1)    **SUTTER HEALTH'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

[X]    **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

[ ]    **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

[ ]    **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

[ ]    **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

Todd M. Schneider                          Counsel for Plaintiffs
Joshua Konecky
W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

1    *Courtesy Copy to:*                          Co-counsel for Plaintiffs

2    Linda Ross

3    LAW OFFICE OF LINDA ROSS
     2204 Union Street

4    San Francisco, CA 94123
     Telephone:  (415) 563-2400

5    Facsimile:  (415) 931-9981

6
     Scott Kalkin

7    ROBOOSTOFF & KALKIN, PLC
     369 Pine Street, Suite 610

8    San Francisco, CA 94104
     Telephone:  (415) 732-0282

9    Facsimile:  (415) 732-0287

10
         I declare under penalty of perjury under the laws of the State of California that the foregoing is

11   true and correct and that this document was executed on September 1, 2006.

12                                              _____
                                                        RENEE REEVE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
*Donough Holland & Allen PC*
*Attorneys at Law*

                                    2

Proof of Service                                              855075v1 09504/0502