McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (dbrandt@mhalaw.com) (44893)
MARCIA L. AUGSBURGER, (maugsburger@mhalaw.com) (145686)
ELIZABETH M. O'NEILL, (eoneill@mhalaw.com) (166882)
JOHN C.J. BARNES, (jbarnes@mhalaw.com) (216694)
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax: 916.444.8989

Attorneys for Sutter Health and All Affiliated Hospitals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive, | Case No. C 07-03406 MMC <br><br> **DECLARATION OF GAYL LOUNSBURY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE; OR IN ALTERNATIVE TO TRANSFER FOR CONVENIENCE** <br><br> Date: August 10, 2007 <br> Time: 9:00 a.m. <br> Place: Courtroom 7, 19th Floor <br> Judge: Honorable Maxine M. Chesney |

///

1    I, Gayl Lounsbury, hereby declare the following:

2    1.    This declaration is based on my own personal knowledge and, if called upon, I could

3 and would testify to the matters set forth herein.

4    2.    I am the Collections Coordinator for the Central Business Office (the "Department")

5 that provides billing and collection services for Memorial Medical Center, Memorial Hospital Los

6 Banos, and Sutter Tracy Community Hospital, collectively known as Memorial Hospital Association

7 ("MHA"). I have worked for the Department, which has had several different names, since 1998. In

8 2002, the department was called Sutter Health Central Valley Service Area Credit and Collections

9 Department.

10    3.    The Department is located at 1800 Coffee Road, Suite 87, in Modesto, California,

11 which is in Stanislaus County. I live in San Joaquin County.

12    4.    I am one of the persons most knowledgeable at the Department and MHA about the

13 lien MHA asserted against Melinda Campbell, Plaintiff herein. I will testify about her account, the

14 amounts owed on the account, MHA's efforts to collect the amounts owed, conversations I had with

15 Plaintiff's attorneys regarding the lien, and MHA's activities and reasons for pursuing the lien after

16 Plaintiff's counsel notified MHA of Plaintiff's bankruptcy.

17    5.    Specifically, I will testify as follows: The document attached hereto as Exhibit A is

18 the Account Summary and Itemized Statement for Melinda Campbell. This document was generated

19 from a database that recorded, in 2002, patient and account information. The information was

20 transmitted from the hospital to the Department, then called the Sutter Health Central Valley Service

21 Area, Credit and Collections Department. I worked in this department in 2002, as Credit Collection

22 and Office Manager, and have personal knowledge of the databases and information contained on

23 the Account Summary and Itemized Statement, having generated many of the entries and reviewed

24 the others in the ordinary course of business. The information contained on these documents was

25 prepared contemporaneously with the receipt of information by the Department, or soon thereafter.

26 The data was input and kept in the ordinary course of business. I am personally familiar with the

27 coding and terms used in Memorial's Account Summaries and Itemized Statements, having created

28 and worked with them since August 1998.

MHA
McDonough Holland & Allen PC
Attorneys at Law

2

1        6.    I will further testify as follows:  The document attached hereto as Exhibit B is the

2    admissions agreement Ms. Campbell signed upon her admission to Memorial, which was also kept

3    in the ordinary course of business at the Memorial Hospital Association's Credit & Collections

4    offices.  This admissions agreement states that she sought services at Memorial for injuries she

5    sustained in a motor vehicle accident on July 12, 2002. The admissions agreement further states that

6    she indicated she would be financially responsible for the treatment and that she did not have health

7    care insurance. See the box marked "Ins#1 Name, 4SP – Self Pay." The "Patient inquiry" print-out,

8    attached hereto as Exhibit C, also a document kept in the ordinary course of business, confirms that

9    she was not enrolled in an HMO.

10       7.    I will further testify as follows:  As reflected on page 2 of the Account Summary

11   attached hereto as Exhibit A, neither Memorial Medical Center nor the Credit & Collections office

12   took any action to collect on Ms. Campbell's account until one of her attorneys, Richard Palenchar,

13   called. As reflected on page 2 of the Summary, numbers (42 – 47), I spoke with Mr. Palenchar when

14   he called on October 22, 2002, at 10:53 a.m. **Mr. Palenchar asked me to send him a lien for the**

15   **services rendered to Ms. Campbell.**  This information is reflected on the Account Summary.

16   Based on this telephone call, our office served the lien, as Mr. Palenchar requested.  A copy of the

17   lien is attached hereto as Exhibit D.

18       8.    I will further testify as follows:  As further reflected in the Account Summary, we

19   followed the progression of Ms. Campbell's personal injury action against the tortfeasor who caused

20   her injury, waiting to be paid from the proceeds of any judgment or settlement. We did not file any

21   collection action or lawsuit against Ms. Campbell at that time or any other time, and she did not file

22   a lawsuit or other action against Memorial.

23       9.    I will further testify as follows:  As reflected in my entry on page 3, lines 14-38, of

24   the Account Summary, I received a letter from Ms. Campbell's attorney, Ms. Linda Ross, in

25   November 2004, telling me that Ms. Campbell would be filing bankruptcy and wanted to hold the

26   check in trust until after she did so.  She later called, asking whether we would release the lien. We

27   declined.  She told me that if we did not release the lien, she would instruct the bankruptcy trustee to

28   have us release it.  Thereafter, Ms. Campbell filed a petition in bankruptcy.

**MHA**
<span style="font-size:small">McDonough Holland & Allen PC<br>Attorneys at Law</span>

1       10.   I will further testify as follows: Ms. Ross wrote to me on May 19, 2005, stating her

2   position that the lien had been discharged in bankruptcy. A copy of this letter is attached hereto as

3   Exhibit E. I referred the letter to legal counsel for handling, namely, Mr. Davil R. Vasquez and

4   Mr. Gregory Hatton of Hatton, Petrie & Stackler APC.

5       11.   I will further testify as follows: On May 25, 2005, Mr. Vasquez sent a letter to

6   Ms. Ross explaining Memorial's position that the bankruptcy did not discharge the lien and that the

7   *Parnell* case did not apply. A copy of this letter is attached hereto as Exhibit F.

8       12.   I will further testify as follows: Thereafter, the Hatton firm exchanged letters with

9   Ms. Campbell's attorneys, attempting to resolve their legal dispute about whether the lien had been

10   extinguished in the bankruptcy. The correspondence is attached hereto as Exhibits G, H, and I.

11       13.   I will further testify as follows: The last letter from Ms. Ross stated that she was

12   holding the amount of the lien "pending the outcome of the class action lawsuit, which has been filed

13   in this matter" and suggesting that Mr. Vasquez "contact John Barnes of McDonough, Holland and

14   Allen the attorneys of record for Sutter Health in this matter."

15       14.   I am also a duly authorized custodian of MHA's records relating to collections and

16   liens asserted by MHA against the tort claims of persons who received services at MHA. I will

17   provide testimony in this matter regarding MHA's hospital lien practices and policies.

18       15.   Additionally, I will provide testimony to rebut Plaintiff's position that "Sutter Health

19   exercises significant control over its hospital affiliates; in turn, Sutter Health runs entirely on

20   contributions from its hospital affiliates, and the hospital affiliates are guided by the unified best

21   practices promulgated by Sutter Health regarding the assertion of the liens at issue." Specifically, I

22   will testify that the Department is, and at all times since 1998 has been, a department within MHA,

23   not Sutter Health, and that at all times since 1998, I have been employed by MHA, not Sutter Health.

24       16.   I will also provide testimony to rebut Plaintiff's claims that MHA and the other

25   defendant hospitals "aided and abetted each other in the commission of malicious prosecution

26   because: each Defendant knows the other's conduct constitutes a breach of duty and gives

27   substantial assistance or encouragement to the others to so act, or, in the alternative, each Defendant

28   /////

1 | gives substantial assistance to the other in accomplishing a tortious result and each Defendant's own

2 | conduct constitutes a breach of duty to Plaintiff and the members of the Class."

3 | 17. Having to travel to the Northern District to provide testimony in this matter would be

4 | a great inconvenience to me and others at MHA who may be called to provide testimony, because of

5 | the time and distance. These witnesses are, directly and indirectly, providing hospital services to

6 | patients in need of care; and testifying in the Northern District would impose a burden on hospital

7 | operations.

8 | Executed in Modesto, California on the 3rd day of July, 2007.



GAYL LOUNSBURY

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Decl Of Lounsbury In Supp Of Motion To Dismiss Or Transfer

1024730v3 09504/0502

# Exhibit A

08:40:03   21 Aug 2006     A C C O U N T    S U M M A R Y        Page   1

SISTER HEALTH, CENTRAL VALLEY SERVICE AR MODESTO CA 209-491-2293

| NAME/ADDRESS | EMP/REF/MISC/SOURCE/STATUS  PAY/DATE   AMOUNT YC |
| --- | --- |

44*PRI111*0M302*AU          CLI: MRA CREDIT & COLLECTIO
CAMBELL,MELINDA             EMP: GALI TOTAL FITNESS
1465 MERRY LANE             REF: CAMBELL,MELINDA
SAN JOSE,  CA 95128         MSC: MANAGER/INSTRUCTOR
PH: 408-374-1750 (H)        SOU: N013942503
PH2 408-267-1900
                            STATUS  CPC 07-10-06
AMT.ASGN :   3,850.65       FU/STAT ANW 02-04-06

CRT/COSTS :                 DB/SSN: 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
ATTY/FEES :
PRINCIPAL :  3,850.65
MISC/CHGS =                 DESK  : AT1
            ----------
BALANCE  =   3,850.65       LACT DT 07/13/02
                            ASGN DT 08/30/02

------------- A C C O U N T    C O M M E N T S -------------

1) ADM XFER EDIT INS REORDER:
2) OLD: NEW
3) 1) 4SP
4) 2) 4KVA
5) ADM XFER EDIT BILLER -ADD INS: add SPD*1
6) ADM XFER EDIT COLLECTOR -ADD INS: add
7) ADM XFER EDIT PRIMARY INSURANCE: add 4SP
9) ADM XFER EDIT BILLER -ADD INS: add SPD*1
10) ADM XFER EDIT COLLECTOR -ADD INS: add
11) SPD*1
12) 07/17/02 IS.CC FINAL BILL 1 CUT 3850.65 3850.65
13) 07/17/02 IS.CC FINAL BILL 1 POSTED (3850.65) 3850.65
14) IS.CC C-28 NSD: (None) to 08/16/02 3850.65
15) IS.CC CLAIM 1 4MVA GRP OUT $3850.65 3850.65
16) 07/18/02 IS.CC FINAL BILL 1 PRINTED 3850.65
17) IS.CC CLAIM 1 4MVA GRP OUT $3850.65 3850.65
18) 07/18/02 IS.CC FINAL BILL 1 PRINTED 3850.65
19) BO.NS C-25 *************** 3850.65
20) OUT-PATIENT
21) TO SCANNERS
22) ***************
23) BO.KK C-26 ACCOUNT WORKED 3850.65
24) ***BLD SELF PAY****
25) BO.KK L-27 DD (queued) - printed on 3850.65
26) 07/29/02
27) BO.KK C-28 BILLED ACCT. 3850.65
28) BO.PO L-29 LETTER DD PRINTED 3850.65
29) BO.ADOH D-30 ********************* 3850.65
30) MAIL RECEIVED TODAY
31) ***************************
32) 08/16/02 IS.CC STMT MSG #1 SEQ #1 PRINTED 3850.65
33) IS.CC C-33 NSD: 08/16/02 to 09/15/02 3850.65
34) BO.KK C-33 **PER AVES THERE IS NO REC. 3850.65
35) IS FOR THIS MONTH OF

08:40:03  21 Aug 2006    A C C O U N T   S U M M A R Y    Page  2

36) SERVICE ACCT TO MHA*******
     O.KK L·34 C (queued) 3850.65
3... 08/30/02 BO.KK BD XFER From F8 to MHA, MSG #: 1 3850.65
39) BO.KK C·36 BD Agency not set up for 3850.65
40) stmts
41) NSD: 09/15/02 to (None)
42) 10/22/02 10:53AM ATTY RICHARD PALENCHAR CALLED WANTING TO KNOW IF WE WOULD
43)    SEND LIEN...HIS ADDRESS IS 2204 UNION STREET, SAN FRANCISC
44)    O, CA 94123--415-563-2400---THIRD PARTY INS-ANCHOR
45)    GENERAL INSURANCE, P O BOX 509020, SAN DIEGO, CA 92150-902
46)    O...CLM# 22012537--INSURED IS MARTHA ESPINOZA...SM TO
47)    SON I TO SEND ER LIEN....GL
48) 10-22-02 10:54AM DESK CHANGED FROM 001  to desk LEG  port=20
49) 10/22/02 11:27AM LIEN TO PT, ATTY AND INS AS NOTED IN PREV COMMENT. DUMMY
50)    CHART TO GAYL FOR SIGNATURE...TMP
51) 10/22/02 01:26PM LIEN SENT CERT MAIL TO DEBTOR, ATTY AND INS CO. DUMMY CHT
52)    FILED IN CREDIT DRAWER...TMP
53) 01/15/03 03:01PM PHONED ATTYS OFFC-LFT MESSAGE ON VM FOR A RETURN CLL IN
54)    RE TO STATUS...CN
55) 01/27/03 04:03PM PHONED ATTYS OFFC-SPOKE W/SECTY WHO STATED ATTY
56)    PALENCHAR HAS NOT RETURNED FROM COURT, SHE STATED SHE
57)    WOULD LEAVE MESSAGE FOR HIM TO RETURN MY CLL. INFORMED
58)    HER I LFT MESSAGE SEVERAL DAYS AGO AND HAVE NOT HEARD
59)    BACK...CN
60) 02/07/03 09:11AM ATTY NEVER RETURNED CLL. PHONED INFO TO OBTAIN NUMBER
61) 02/07/03 09:12AM FOR 3RD PARTY INS-858-527-3600. PHONED, WAS INFORMED
62)    ADJUSTER HANDLING CLM IS BLANE SMITH AT EXT 3565. LFT
63)    MESSAGE ON VM FOR ADJUSTER TO RETURN MY CLL...CN
64) 02/07/03 09:36AM RECD CLL FROM BLANE W/ANCHOR GENERAL STATING CLM IS
65)    STILL OPEN..C.N
66) 2/08/03 12:23PM PHONED BLANE W/ANCHOR GENERAL-LFT MESSAGE ON VM FOR
67)    A RETURN CLL...CN
68) 04/08/03 12:40PM RECD CLL FROM BLANE STATING CLM IS STILL OPEN AND THEY
69)    DO HAVE NOTICE OF OUR LIEN. HE STATED OUR NAME WILL BE
70)    LISTED ON SETTLEMENT CHK...CN
71) 06/20/03 11:46AM PHONED BLANE W/ANCHOR GENERAL-LFT MESSAGE ON VM FOR A
72)    RETURN CLL IN RE TO STATUS...CN
73) 07/21/03 12:47PM PHONED BLANE W/ANCHOR GENERAL-LFT 2ND MESSAGE ON VM FOR
74)    A RETURN CLL IN RE TO STATUS ON CLM# 22012537...CN
75) 07/21/03 04:04PM RECD CLL FROM BLANE W/ANCHOR GENERAL STATING CLM ISS
76)    STILL OPEN. HE STATED THEY HAVE NOT RECD DEMAND FROM
77)    ATTY...CN
78) 09/15/03 08:38AM PHONED BLANE W/ANCHOR GENERAL-LFT MESSAGE ON VM FOR A
79)    RETURN CLL IN RE TO STATUS...CN
80) 09/22/03 12:35PM PHONED BLANE W/ANCHOR GEN-LFT 2ND MESSAGE ON VM FOR
81)    A RETURN CLL IN RE STATUS...CN
82) 09/22/03 12:41PM RECD CLL FROM BLANE W/ANCHOR GENERAL STATING CLM HAS
83)    NOT SETTLED. HE STATED THE ATTY HAS NOT SENT THEM THE
84)    DEMAND YET...CN
85) 01/06/04 04:09PM CHERYL, PLS STATUS....GL
86) 01/12/04 11:24AM PHONED BLANE W/ANCHOR GENERAL AT 858-527-3600-LFT
87)    MESSAGE ON VM FOR STATUS OF CLN# 22012537...CN
88) 01/27/04 03:38PM PHONED BLANE W/ANCHOR GENERAL-LFT 2ND MESSAGE ON VM
89)    FOR A RETURN CLL IN RE TO STATUS...CN
90) 02/03/04 11:01AM PHONED ANCHOR GENERAL-WAS INFORMED ADJUSTER HANDLNG CLM
91)    IS CAROL AT EXT 3559. WAS TRANSFERRED-LFT MESSAGE ON
92)    VM FOR RETURN CLL IN RE TO STATUS OF CLM...CN
93) 13/04 12:32PM PHONED CAROL W/ANCHOR GENER-LFT 2ND MESSAGE ON VM FOR

08:40:03  21 Aug 2006   A C C O U N T   S U M M A R Y   Page  3

9)   A RETURN CLL...CN
    2/18/04  01:55PM CAROL W/ ANCHOR GENER CLLED AND STATED THAT MATTER HAS NOT
96)   SETTLED AND HAS BEEN PUSHED TO MARCH. SHE STATED THAT IT
97)   WILL PROBABLY BE A COUPLE OF MTHS BEFORE IT SETTLES...JP
98) 04/23/04  11:33AM PHONED CAROL W/ANCHOR GENERAL INS AT 858-527-3600
99)   EXT 3559-LFT MESSAGE ON VM FOR A RETURN CLL IN RE TO
00)   STATUS OF CLM...CN
01) 05/06/04  12:37PM PHONED CAROL W/ANCHR GEN-LFT 2ND MESSAGE ON VM FOR
02)   A RETURN CLL IN RE TO STATUS OF CLM...CN
03) 06/14/04  12:43PM PHONED ANCHOR GENERAL AT 858-527-3600-SPOKE W/MANUEL
04)   WHO STATED CLM IS IN LITIGATIONS AND CAROL IS STILL
05)   THE ADJUSTER HANDLING CLM...CN
06) 08/13/04  12:46PM PHONED ANCHOR GENERAL AT 858-527-3600 EXT 3559-LFT
07)   MESSAGE ON VM FOR A RETURN CLL IN RE TO STATUS OF CLM...CN
08) 08/13/04  01:40PM RECD CLL FROM CAROL W/THIRD PARTY INS STATING CLM IS
09)   STILL OPEN AND SHE INQUIRED IF WE HAD LIEN. EXPLAINED
10)   WE DO AND SHE REQUESTED COPY BE FAXED TO HER ATTN AT
11)   858-527-3752. DONE...CN
12) 10/05/04  08:43AM FWD DUKHY CHART TO GAYL, PER HER REQUEST...CN
13) 11/01/04  04:37PM LTR WAS RECD FROM ATTY DATED 10/04/04 ASKING US TO
14)   RELEASE THE THIRD PARTY INSURANCE...HER CLIENT WILL BE
15)   FILING BANKRUPTY AND SHE IS WANTING TO HOLD TRUST CK
16)   UNTIL BANKRUPTCY IS FILED....REVIEWED W/CRAIG AND WE
17)   WILL NOT RELEASE OUR LIEN....ATTY LINDA ROSS CALLED WANTIN
18)   G TO KNOW IF I WAS GOING TO RELEASE LIEN...TOLD HER THAT
19)   WOULD NOT RELEASE OUR LIEN...SHE SAID THERE IS NO WAY
20)   SHE WILL SIGN THE SETTLEMENT RELEASE FOR $15K UNLESS WE
21)   DO AND IF SHE HAS TO SHE WILL INSTRUCT THE BANKRUPTCY
22)   TRUSTEE TO HAVE US RELEASE OUR LIEN...ASKED HER IF HER
2)   CLIENT HAD FILED BANKRUPTCY...SHE STATED NOT AT THIS TIME
    BUT IS IN THE PROCESS AND IT SHOULD HAPPEN NEXT WEEK.
25)   ASKED IF HER CLIENT WAS FILING A CHAPTER 13 OR A 7...SHE
26)   HAD NO IDEA BUT WHATEVER IT WAS IT WAS GOING TO RELEASE
27)   HER FROM ALL DEBTS....ATTY DOESN'T UNDERSTAND WHY WE
28)   WOULDN'T RELEASE OUR LIEN AS CHECK WILL BE IN HER TRUST
29)   AND ONCE BANKRUPTCY IS FINAL SHE WILL RELEASE MONEY.
30)   TOLD HER THAT DOESN'T MEAN WE'LL BE PAID...SHE SAID WELL
31)   NO BECAUSE SHE'S GOING TO HAVE TO DO WHATEVER THE
32)   TRUSTEE SAYS...TOLD HER WE WOULD NOT RELEASE OUR LIEN.
33)   SHE ALSO HAD MENTIONED THAT SHE HAS TO PAY US UNDER
34)   CIVIL CODE SECTION 3045.1 OR WE CAN SUE HER...TOLD HER
35)   IF DOESN'T STATE THAT AND SHE INSISTED THAT IT DID SO I
36)   TOLD HER TO TELL ME EXACTLY WHERE IT STATES THAT...WELL
37)   AFTER ABOUT 10 MINUTES SHE COULDN'T FIND IT AND THEN
38)   SAID IT WAS A PROFESSIONAL SERVICE....RIGHT....GL
39) 12/15/04  10:57AM PHONED CAROL W/THIRD PARTY INS-LFT MESSAGE ON VM FOR
40)   A RETURN CLL RE STATUS OF CLM...CN
41) 02/03/05  02:50PM CHERYL, PLS FOLLOW UP W/THIRD PARTY FOR STATUS...GL
42) 02/06/05  01:21PM PHONED CAROL W/ANCHOR GENERAL AT 858-527-3600 EXT 3559-
43)   LFT 2ND MESSAGE ON VM FOR A RETURN CLL RE STATUS OF
44)   CLM...CN
45) 02/16/05  11:19AM PHONED CAROL W/ANCHOR GENERAL-SHE STATED CLM HAS NOT
46)   SETTLED. SHE STATED PTS ATTY HAD HER FILE B/K SO THEY
47)   WOULDN'T HAVE TO PAY OUR LIEN. EXPLAINED THIS IS NOT
48)   GOING AGAINST HER BUT IS GOING AGAINST THE THIRD PARTY
49)   INS FOR PYMT. SHE STATED THEY WILL LIST US ON SETTLEMENT
50)   CK AND POLICY LIMIT IS $15K. SHE STATED THEIR ATTY
51)   HANDLING CASE IS ERIC BROWN AT 916-379-0431 AND HE

08:40:03  21 Aug 2006    A C C O U N T   S U M M A R Y    Page . 4

52~      COULD ALSO UPDATE ME ON CASE...CN
54~      8/03/05  11:46AM RECD NOTICE OF CHAPTER 7 BANKRUPTCY CASE WHICH WAS FILED
55~      ON 02/11/05.......CASE# 05-50717....MELINDA CAMPBELL..SCANN
56~      ED...WILL LEAVE ACCT ON "LEG" DESK SINCE WE NEED TO
57~      COLLECT FROM THE THIRD PARTY INS.....GL
58~ 04/21/05  09:06AM PHONED CAROL W/ANCHOR GENERAL INS AT 858-527-3600 EXT
59~      3559-LFT MESSAGE ON VM FOR A RETURN CLL RE STATUS OF
60~      CLM...CN
61~ 05/17/05  09:20AM PHONED CAROL W/ANCHOR GENERAL INS...858-527-3600
62~ 05/17/05  09:21AM LFT MESSAGE ON VM FOR A RETURN CLL RE STATUS OF CLK#
63~      22012537...CN
65~ 05/18/05  09:51AM RECD CLL FROM CAROL W/ANCHOR GENERAL INS STATING THEY
64~      JUST RESOLVED CASE BUT NO FUNDS HAVE BEEN DISTRIBUTED.
65~      SHE STATED PT LISTED US ON HER B/K AND EXPLAINED THE
66~      B/K HAS NOTHING TO DO W/THIS AS WE ARE GOING AFTER
67~      THIRD PARTY INS. SHE SUGGESTED WE CONTACT THEIR DEFENSE
68~      COUNSEL AT 619-515-0702 AND REQUEST TO SPEAK W/MIKE PROVAN
69~      ...CN
70~ 05/18/05  10:27AM RECD CLL FROM ATTY MICHAEL PROVAN WHO IS THE DEFENSE
71~      COUNSEL FOR THIRD PARTY INS. HE STATED THAT HE WAS
72~      INFORMED BY OUR PTS ATTY, THAT THE $15K FROM THE
73~      SETTLEMENT IS EXEMPT AS THEY ARE ALLOWED TO HAVE UP
74~      TO $18K TO BE EXEMPT FROM B/K SINCE PT HAS NO ASSETS.
75~      SHE USED THE $15K FROM SETTLEMENT. MR PROVAN STATED
76~      HE IS NOT VERY KNOWLEDGEABLE IN THIS AREA AND WOULD
77~      LIKE OUR ATTYS TO CONTACT HIM AS THEY ARE STATING WE
78~      HAVE TO DISCHARGE DUE TO B/K...CN
79~ 05/18/05  10:40AM RECD CLL FROM ATTY LINDA ROSS STATING SHE HAD JUST
80~      SPOKEN W/MR PROVAN. SHE STARTED ARGUING FROM THE BEGINNING
8?~      STATING THIS IS ILLEGAL AND WE HAVE TO DISCHARGE AS
8?~      WE WERE LISTED ON B/K. TRIED TO EXPLAIN OUR ATTYS
83~      WILL CONTACT MR. PROVAN AND SHE CONTINUED ARGUING STATING
84~      THEY NEED TO CONTACT HER. INFORMED HER I WAS NOT GOING
85~      TO SIT THERE AND ARGUE AND REQUESTED HER PHONE#. SHE
86~      WOULD NOT GIVE IT AS SHE WAS STILL ARGUING STATING WE
87~      ARE THE HOLD UP AND SHE WOULD LIKE TO GET THIS RESOLVED
88~      AND ITS OUR FAULT WE DID NOT SHOW UP FOR THE B/K HEARING.
89~      INFORMED HER I WAS NOT GOING TO ARGUE BUT WE WERE GOING
90~      AFTER THIRD PARTY NOT HER CLIENT. SHE STATED IF SHE
91~      HAS TO SHE WOULD FILE 17200??? REQUESTED HER NUMBER
92~      WHICH SHE STATED WAS 415-563-2400. SHE STILL TRIED TO
93~      ARGUE AND STATED I WOULD HAVE OUR ATTY CONTACT YOU AND
94~      SAID "THANK YOU" AND HUNG UP...CN
95~ 05/18/05  10:44AM MS. ROSS ALSO STATED WE NEED TO HAVE SOMEONE CONTACT
96~      HER WHO IS KNOWLEDGEABLE W/B/K...CN
97~ 05/20/05  09:28AM RECD LETTER FROM ATTY LINDA ROSS. PER JOSIE, GAYL
98~      WOULD LIKE ME TO CONTACT DAVILL W/HATTON, PETRIE &
99~      STACKLER...PHONED AT 949-474-4222...WAS INFORMED BOTH
00~      GREG HATTON & DAVILL VASQUEZ WERE OUT OF THE OFFC.
01~      LFT MESSAGE ON VM FOR DAVILL TO RETURN MY CLL. SPOKE
02~      W/CRAIG, WILL WAIT UNTIL MONDAY AS ATTY HAS GIVEN
03~      US UNTIL THE 31ST OF MAY TO WITHDRAW OUR LIEN. LETTER
04~      GIVEN TO JOSIE W/COPY ON MY DESK...CN
05~ 05/23/05  11:28AM RCD LTR FROM LINDA ROSS, ATTY FOR PT, RE OUR
06~      LIEN....STATES THAT WE CAN NOT ASSERT OUR LIEN AS THIS DEB
07~      T HAS BEEN DISCHARGED BY THE BK COURT...SCANNED AND GAVE
08~      TO CHERYL...........VR
09~      /26/05  01:20PM RCD FAX AND CONF SENT TO DAVIL VASQUEZ, ESQ......

08:40:05  21 Aug 2006    A C C O U N T    S U M M A R Y        Page  5

10N    SCANNED.............VR
       6/26/05  01:26PM RCD COPY OF LTR FROM HATTON, PETRIE & STACKLER
       IN RESPONSE TO THE LTR FROM PTS ATTY....SCANNED AND GAVE
       TO CHERYL............VR
(14)   05/31/05  11:20AM LETTER AS STATED ABOVE FILED IN DUMMY CHART...CN
15)    06/02/05  01:40PM LETTER STATED IN LINES 211-214 STATED GAYL LOUNSBURY HAD
16)    ASKED THEM TO RESPOND TO HER LETTER OF MAY 19TH WHICH
(17)   THREATENS SUIT AGAINST MEMORIAL IF IT REFUSES TO WITHDRAW
18)    ITS STATUTORY LIEN CLM UNDER THE HOSPITAL LIEN ACT.
19)    YOUR RELIANCE ON B/K LAW AND THE CALIF SUP COURTS RECENT
20)    PARNELL DECISION IS MISPLACED FOR A NUMBER OF REASONS.
(21)   1). MEMORIALS HLA CLN IS NOT SUBJECT TO THE JURISDICTION
22)    OF THE B/K COURT.
23)    2) PLAINTIFF CAMPBEEL'S RELAINCE ON PARNELL IS MISPLACED
24)    06/02/05  01:42PM AS PT WAS UNINSURED.
25)    06/02/05  01:43PM LETTER FILED IN DUMMY CHART...CN
26)    06/02/05  03:24PM DISCHARGE OF DEBTOR RECEIVED WHICH WAS DATED 05/09/05.....
27)    ...SCANNED.................GL
28)    07/06/05  10:20AM RECD COPY OF LETTER THAT ATTY DAVIL VASQUEZ HAD FWD
29)    TO ATTY MICHAEL PROVAN W/PROVAN, CLUNE & BOBROFF. LTTR
30)    STATED THIS WS TO CONFIRM THE CONVERSATION THEY HAD
31)    WHERE MR. PROVAN HAD STATED CASE HAD NOT SETTLED. DUE
32)    TO THE SMALL AMOUNT OF MONEY AT ISSUE, MR. VASQUEZ
33)    STATED THEY WOULD HAVE NO OBJECTION TO MS. ROSS EITHER
34)    PROPOSING AN EQUITABLE SETTLEMENT OF THE LIEN, OR
35)    FURNISHING HIS OFFC W/POINTS & AUTHORITIES FOR THE
36)    PROPOSITION THAT THEIR CLIENT'S CLM AGAINS HIS CLIENT
37)    UNDER THE HOSPITAL LIEN ACT HAS BEEN NULLIFIED BY VIRTUE
38)    OF MS. CAMPBELLS B/K. LETTER FILED IN DUMMY CHART...CN
       /16-05  01:57PM DESK CHANGED FROM LEG to desk AT1 port=63
       2/08/05  10:41AM COPY OF LTR RECD FROM ATTY GREG HATTON THAT WAS FORWARDED
41)    TO ATTY LINDA ROSS....SCANNED..GAVE TO CHERYL....GL
(42)   12/09/05  10:27AM RECD LETTER AS STATED ABOVE...FILED IN DUMMY CHART...CH

------------------ N O T I C E   H I S T O R Y ------------------

| NBR | DATE | WHO | SCREEN | DESCRIPTION OF NOTICE/DOCUMENT |
|---|---|---|---|---|
| 1 | 09/12/02 | Debtor | Auto (CC.RPT) | "V99" FIRST NOTICE |
| 2 | 09/28/02 | Debtor | Auto (CC.RPT) | "P01" SECOND AUTOMATIC NOTICE |
| 3 | 10/02/02 | Debtor | Auto (CC.RPT) | "I98" FINAL AUTOMATIC NOTICE |

M013942503   CAMBELL,MELINDA

CT: M013942503                    GUAR: 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
CAMBELL,MELINDA                   CAMBELL,MELINDA
1465 MERRY LANE                   1465 MERRY LANE
SAN JOSE, CA 95128                SAN JOSE, CA 95128
408 374 1750/408 267 1900         408 374 1750 (H)

42 F        ADM/SER:   07/12/02   UR CHG:        0 4SP      3850.65 07/12/02
PROMPT      DISCHARGE: 07/13/02   AR CHG:  3850.65 4MVA           0
BD 07/10/06 LST STMT:  08/16/02   BALANCE: 3850.65 SP            0
LIEN

| PROCEDURE | DESCRIPTION | COUNT | AMOUNT |
|---|---|---|---|
| 40580432 | S STRL TRAY LACERTN DISP | 1 | 442.30 |
| R0540742 | S ORTHO SLING ARM | 1 | 112.60 |
| 41402215 | XR Spine Cerv 2-3V | 1 | 1029.90 |
| 41406445 | XR Elbow 2V | 1 | 600.10 |
| 41406448 | XR Shoulder 2V Or More | 1 | 535.40 |
| 42504063 | ED LEVEL 2 | 1 | 291.50 |
| 42307205 | INJECTION IM/SQ EA | 2 | 121.00 |
| 44610418 | NA CL 0.9% 1000ML | 1 | 204.05 |
| 75053041 | VX TETANUS DIPHTHERIA TOX | 1 | 157.60 |
| 75062349 | MEPERIDINE 100MG IJ | 1 | 162.45 |
| 75065102 | PROMETHAZINE 50MG INJ | 1 | 193.75 |
| | | | 3850.65 |

Exhibit B

08/23/2006   12:32   MH   EDIT & COLLECTIONS → 19164448993   NO. 255   P02

MEMORIAL HOSPITAL/MEDICAL CENTER   1700 COFFEE ROAD   MODESTO, CALIF.   95355

| PATIENT ACCOUNT # | DATE | TIME | ROOM | BED | ACCOM | SERV | MEDICAL RECORDS # | RACE | RELIGION | FIN CL. | ADA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M013942503 | 07/12/02 | 2126 | | | | MFC | M829203 | W | CHR | SF | AI |

| ADMITTING / PRIVATE PHYSICIAN | EMERGENCY / ATTENDING PHYSICIAN | DATE OF BIRTH | AGE | SEX | MARITAL STATUS |
|---|---|---|---|---|---|
| PHYSICIAN, OUT OF AREA | COASTAL MEDICAL GROUP | 10/24/63 | 38 | F | DIVORCE |

| PATIENT NAME | MAILING / STREET ADDRESS |
|---|---|
| CAMBELL, MELINDA | 1455 MERRY LANE |

| CITY | STATE | ZIP | TELEPHONE | OCCUPATION | SOCIAL SECURITY # |
|---|---|---|---|---|---|
| SAN JOSE CA 95128 | | | 408 374 1750 | MANAGER/INSTRUCTOR | 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 |

| EMPLOYER | EMPLOYER ADDRESS | CITY | STATE | ZIP | TELEPHONE |
|---|---|---|---|---|---|
| BALI TOTAL FITNESS | 1570 HAMILTON AVENUE | SAN JOSE CA 95125 | | | 408 267 1900 |

| RESPONSIBLE PERSON | NEAR PERSON ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| CAMBELL, MELINDA | 1455 MERRY LANE   SAN JOSE CA 95128 | | | |

| RESP PERSON TELEPHONE | OCCUPATION | SOCIAL SECURITY # | EMPLOYER |
|---|---|---|---|
| 408 374 1750 | MANAGER/INST | 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 | BALI TOTAL FITNESS |

| RESP PERSON EMPLOYER ADDRESS | CITY | STATE | ZIP | TELEPHONE |
|---|---|---|---|---|
| 1570 HAMILTON AVENUE   SAN JOSE, CA 95125 | | | | 408 267 1900 |

| PERSON TO NOTIFY | RELATIONSHIP | ADDRESS |
|---|---|---|
| | | |

| CITY | STATE | ZIP | TELEPHONE | WORK / MESSAGE TELEPHONE |
|---|---|---|---|---|
| | | | | |

| INS # NAME | INS ADDRESS | CITY | STATE | ZIP | PHONE # |
|---|---|---|---|---|---|
| 454** SELF PAY | | | | | |

| POLICY # | GROUP # | SUBSCRIBER | REL TO PT | EMPLOYER / ORGANIZATION |
|---|---|---|---|---|
| 571555800 | | CAMBELL, MELINDA | PTE | BALI TOTAL FITNESS |

| INS #2 NAME | INS ADDRESS | CITY | STATE | ZIP | PHONE # |
|---|---|---|---|---|---|
| 3MON - X | | X X X X | | | |

| POLICY # | GROUP # | SUBSCRIBER | REL TO PT | EMPLOYER / ORGANIZATION |
|---|---|---|---|---|
| 571555800 | | CAMBELL, MELINDA | PTE | BALI TOTAL FITNESS |

| INS #3 NAME | INS ADDRESS | CITY | STATE | ZIP | PHONE # |
|---|---|---|---|---|---|
| | | | | | |

| POLICY # | GROUP # | SUBSCRIBER | REL TO PT | EMPLOYER / ORGANIZATION |
|---|---|---|---|---|
| | | | | |

| CHIEF COMPLAINT / ADMITTING DIAGNOSIS |
|---|
| MVA** RESTRAINED DRIVER ON MVA AROUND 1900 STATED |
| CAR. RAN RED LIGHT C/O LT SHOULDER BACK NECK ARM |

NO day
POS
ZKF

## ACKNOWLEDGMENT OF FINANCIAL RESPONSIBILITY
### PROMPT CARE / EMERGENCY ROOM PATIENTS

I understand Memorial Hospital/Medical Center agrees to provide a medical screening exam AND STABILIZING TREATMENT regardless of my insurance or ability to pay.  I have been advised that I should receive the medical screening exam AND STABILIZING TREATMENT at this facility before leaving.

I have been advised that my insurance may require that I obtain the approval of my Primary Care Physician prior to obtaining emergency room treatment for a condition which is not potentially life threatening.

I have chosen to proceed with the medical screening exam and treatment and am aware that I will be financially responsible for the services of Memorial Hospital/Medical Center; the emergency room physicians and any outside providers who may assist in my medical care if my insurance denies the service or reduces my benefits.

X _Melinda Cambell_                              _7/12/02_
Patient Name                                        Date

CAMBELL, MELINDA
M013942503
PHYSICIAN, OUT     10/24/63   F   38
COASTAL MEDICA
MRN:   M829203          REGER*
                        07/12/02
                        46P  4MVA

Exhibit C

Patient inquiry                                                                 UKEP.A

```
┌──────────────────────────────────────────────────────────────────────────┐
│  Patient: CAMPBELL,MELINDA             MRN: 351413442         FSC:         │
│                                        SSN: 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 HB: GLD           │
│                                        DOB: 06/28/1949                     │
└──────────────────────────────────────────────────────────────────────────┘
```

B-Benefit                      M-MHA Eligibility

CAMPBELL,MELINDA is not enrolled in an HMO, or you are not authorized to access any such HMOs





Exhibit D

# SUTTER HEALTH, CENTRAL VALLEY SERVICE AREA
## CREDIT & COLLECTIONS DEPARTMENT
### 1741 COFFEE RD, SUITE #1F
### MODESTO, CALIFORNIA 95355
(209) 491-2293                    FAX: (209) 491-0783

## NOTICE OF HOSPITAL LIEN - FOR EMERGENCY SERVICES

To:    Melinda Cambell, Anchor General Insurance and Richard Palonchar, her attorney:

Notice is hereby given that the undersigned, MEMORIAL HOSPITALS ASSOCIATION, a California Corporation, has furnished emergency and on-going medical or other services of a reasonable value to Melinda Cambell, who was injured on or about July 12, 2002 as a result of an accident. Memorial Hospitals Association, a California Corporation, claims a lien in accordance with the provisions of Section 3045.1 of the Civil Code of the State of California on any damages, which may be recovered.

The following information is provided you in accordance with the provisions of Section 3045.3 of the Civil Code of the State of California.

1.  Melinda Cambell, 1466 Merry Lane, San Jose, CA 95128.

2.  The accident occurred on or about July 12, 2002.

3.  Memorial Hospitals Association, a California Corporation, 1700 Coffee Rd., Modesto, CA 95355, Provided emergency and on-going or other medical services.

4.  The amount claimed as reasonable and necessary charges for treatment, care, and maintenance of the injured person in the hospital on July 12, 2002 through July 12, 2002 is $850.85.

5.  To the best of the knowledge of the undersigned, the names and addresses of all persons, firms, and corporations claimed to be liable for damages arising out of the injuries sustained in said accident are as follows:

| NAME | ADDRESS |
|------|---------|
| Anchor General Insurance | P.O. Box 609020 |
| Claim # 22012537 | San Diego, CA 92150-9020 |

Dated: October 22, 2002

Jean Donelsbury, Central Valley Region
Credit & Collections Office Manager
1741 Coffee Rd., Suite 1F, Modesto CA 95355
(209) 491-2293

ENCLOSURES

05/25/2005  08:52  MHA CREDIT & COLLECTIONS → 19494741244        NO.444    P04

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Melinda Cambell
1465 Merry Lane
San Jose, CA
95128

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
Melinda Campbell  ☐ Agent ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
Melinda Campbell  10/18/07
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anchor General Ins
PO Box 509020
San Diego, CA
92150-9020

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X Art Gab, an  ☐ Agent ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
Art Gabman  10/26/07
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
[stamp: OCT 26 2007]

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Blencher
2204 Union Street
San Francisco, CA
94123

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X Veldc ClK  ☐ Agent ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
10/18/07
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7002 1000 0005 1401 6373

PS Form 3811, August 2001    Domestic Return Receipt

Exhibit E

05/23/2006    15:09    MHA CREDIT & COLLECTIONS → 19494741244         NO.432    P02
3319981
'19 05 05:27p    Law Offices    4159319981         p.1

LINDA ROSS
SEPI GHAFOURI

**LAW OFFICES OF LINDA ROSS**
ATTORNEYS AT LAW
2204 UNION STREET
SAN FRANCISCO, CALIFORNIA 94123
TELEPHONE (415) 563-7400
FACSIMILE (415) 931-9981
linda@lindarosslaw.com

May 19, 2005

Gayl Loundbury
Sutter Health, Central Valley Service Area
Credit & Collections Office Manager
1741 Coffee Road, Suite 1F
Modesto, Ca 95355-2807
VIA FACSIMILE (269)491-0783

Re: *Campbell v. Espinoza*
Account No: M013942503

Dear Ms. Loundbury:

    I am writing to advise you that pursuant to the discharge in bankruptcy of Ms. Campbell's debt to Memorial Medical Center, you no longer have the right to assert a lien in pursuant to the Hospital Lien Act (HLA) in Ms. Campbell's personal injury action. I have been advised that in spite of the discharge of the debt by the Bankruptcy Court, the hospital is now taking the position it will be proceeding against the third party. Your position is contrary to law. Pursuant to the holding in *Parnell v. Adventist Health System/West et al.* (2005) 35 Ca. 4th 595, "a lien under the HLA may not attach absent an underlying debt." At the moment Ms. Campbell's debt was discharged, so were the hospital's lien rights against her as well as the derivative rights against the third party. At this time I request that you to contact your attorneys regarding your position. If we do not receive notice that the lien has been withdrawn by May 31, 2005, a lawsuit will be filed against the hospital for unfair business practices and other related remedies.

Very truly yours,

*Linda Ross*
Linda Ross

Cc: Michael Provan (619) 515-0710

Exhibit F

# HATTON, PETRIE & STACKLER APC

20311 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

Gregory M. Hatton
Arthur R. Petrie, II
Bruce V. Rorty
David R. Vasquez
Michael J. Wright

OF COUNSEL:
Ronald B. Stackler
Pamela J. Anderson

May 25, 2005

<u>VIA FAX & FIRST CLASS MAIL</u>

Linda Ross, Esq.
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco CA 94123

    RE:    *Campbell v. Espinoza*
           Acct. No. M013942503

Dear Ms. Ross:

    Gayl Lounsbury of Memorial Hospitals Association asked us to respond to your letter of May 19th, which threatens suit against Memorial if it refuses to withdraw its statutory lien claim under the Hospital Lien Act [CC §§3045.1 through 3045.6, "HLA".]

    Your reliance on Bankruptcy Law and the California Supreme Court's recent *Parnell* decision is misplaced for a number of reasons. We discuss each below:

    1.    <u>Memorial's HLA Claim Is Not Subject To The Jurisdiction Of The Bankruptcy Court.</u>

    *Parnell* and numerous other decisions (including the Supreme Court opinion in *Mercy Hospital v. Farmers*) recognize that Memorial's statutory right of action under the HLA is *against the responsible third party tortfeasor, and/or his/her liability insurer.* Similarly, the injured plaintiff's common law right of action is *against the responsible third party tortfeasor* and, upon entry of judgment in favor of the injured plaintiff, *against the tortfeasor's liability carrier.*

    Upon bankruptcy of the injured plaintiff, the injured plaintiff's claim against the responsible tortfeasor/insurer transfers under Federal Law to the Bankruptcy Trustee (in this case Suzanne Decker of San Leandro, California.)

    In contrast, the hospital's statutory HLA claim against the responsible tortfeasor/insurer stays with the hospital and remains viable. This result neither implicates nor offends Federal

---

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

Linda Ross, Esq.
May 25, 2005
Page 2

Bankruptcy Law. As both *Mercy Hospital* and *Parnell* point out, *the HLA creates no right of action against the injured patient*. Hence, under the facts and circumstances here, there is nothing relevant to discharge.

When it comes to an injured patient's bankruptcy, *an HLA claim does not satisfy the federal criteria for dischargeability because an HLA claim is not a debt owed by the injured patient*.

Moreover, there are jurisdictional defects here as well. An injured patient's filing of a Chapter 7 action does not empower the bankruptcy court to discharge the debts owed by non-debtor third parties, such as the tortfeasor and liability insurer who are statutorily obligated to pay Memorial's reasonable and necessary charges in this case.

    2.   <u>Plaintiff Campbell's Reliance On *Parnell* Is Misplaced:</u>

*Parnell* permits enforcement of hospital lien whenever: 1) the patient has no health insurance; or 2) the patient's health insurer has no contract with the hospital; or 3) the patient's health insurer's contract with the hospital permits statutory lien enforcement. Here, the patient was uninsured. Under *Parnell*, Memorial's lien rights are therefore equal to the statutory maximum (a.k.a. "reasonable and necessary" charges).

The fact that plaintiff Campbell's personal debts may have been discharged in bankruptcy does not, in and of itself, trigger the operation of *Parnell*, for several reasons:

1)    In *Parnell*, the Supreme Court found that the contract between the hospital and the patient's health insurer resulted in debt elimination that inures to the benefit of the responsible tortfeasor/liability insurer. Here, there is no contract between the hospital and the patients' health insurer. The patient was uninsured.

2)    In *Parnell*, the Supreme Court held that the *hospital's contract with the patient's insurer* was an agreement by the hospital to accept less than billed charges for treating injuries caused by third parties. The Supreme Court emphasized however, that the hospital was "free to contract" to collect all reasonable and necessary charges for the treatment of injuries caused by third parties. In Mr. Parnell's *individual* case, the Supreme Court found that there was no such agreement regarding charges for injury treatments.

3)    The patient has no obligation to the hospital under the Hospital Lien Act. Rather, the third party tortfeasor and his/her liability insurer are obligated to pay the hospital bill. Unless the third party's *insurer* goes bankrupt, a bankruptcy is irrelevant to a claim under the HLA. Based on the available information, the third party insurer in this case has not filed for bankruptcy protection, and is therefore not subject to any stay or debt relief which may have been afforded patient Campbell.

Linda Ross, Esq.
May 25, 2005
Page 3

4)    In essence, *Parnell* holds that a hospital that contracts *in advance of treatment* with a
      health insurer to accept a discounted rate for the treatment of injuries caused by third
      parties may not collect more from a third party. *Parnell* does not stand for the bald
      proposition, "No patient debt, no statutory lien."

      By copy of this letter to the Bankruptcy Trustee and to the third party liability insurer
responsible to pay Memorial's statutory lien claim, Memorial respectfully advises the trustee and
the carrier of its intent to pursue *the third party's liability carrier* for full payment of the lien.


                          Very truly yours,

                          HATTON, PETRIE & STACKLER LLP


                          DAVID R. VASQUEZ, ESQ. for
                          GREGORY M. HATTON, ESQ.


GMH:km

cc:    Suzanne Decker
       1511 Callan Avenue, suite 305
       San Leandro CA 94577

       USBC Case No. 05-50717ASW7
       (Melinda Campbell, Chapter 7)

cc:    Anchor General Insurance
       P.O. Box 569020
       San Diego CA 92150-9020

       Claim No. 22012537

cc:    Gayl Lounsbury/Sutter Health

Exhibit G

# HATTON, PETRIE & STACKLER APC

Gregory M. Hatton
Arthur R. Petrie, II
Davil R. Vasquez
Michael J. Wright

20311 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

OF COUNSEL:
Ronald E. Stackler
Bruce V. Rorty
Pamela J. Anderson

May 31, 2005

Michael Provan, Esq.
PROVAN, CLUNE & Bobroff
600 B Street, suite 1960
San Diego CA 92101

RE:    *Campbell v. Espinoza*
       Acct. No: M013942503

Dear Mr. Provan:

Thank you for taking time to speak with me this afternoon. This letter will serve to
confirm that your client, Espinoza, has *not* yet settled with the plaintiff, Campbell. Thank you for
this clarification.

As we discussed, in light of the relatively small amount of money at issue we would have
no objection to Ms. Ross either proposing an equitable settlement of the lien, or furnishing my
office with points and authorities for the proposition that our client's claim against your client
under the Hospital Lien Act has been nullified by virtue of Ms. Campbell's bankruptcy.

Very truly yours,

HATTON, PETRIE & STACKLER LLP

DAVIL R. VASQUEZ, ESQ.

cc:    Suzanne Decker
       1511 Callan Avenue, suite 305
       San Leandro CA 94577

       USBC Case No. 05-50717ASW7
       (Melinda Campbell, Chapter 7)

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

**HATTON, PETRIE & STACKLER APC**

20311 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

Gregory M. Hatton
Arthur R. Petrie, II
Davil R. Vasquez
Michael J. Wright

OF COUNSEL:
Ronald B. Stackler
Bruce V. Rorty
Pamela J. Anderson

June 7, 2005

Linda Ross, Esq.
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco CA 94123

    RE:  *Campbell v. Espinoza*
          Acct. No. M013942503

Dear Ms. Ross:

    I have not heard from you since our last telephone conversation on June 1st, at which time you offered to send a letter points and authorities outlining legal support for your position. If that letter is forthcoming, I trust it will cover *new territory*, rather than re-hashing the arguments we discussed at length on the 1st. Alternatively, I would respectfully suggest that you, your client and Anchor General propose a *reasonable* affirmative settlement offer you believe my client should be willing to accept from the third party payor. Please do not suggest some nuisance value amount.

    The original lien amount was $3,850.65, dating back to July, 2002. Since then $1,117.97 in interest has accrued, bringing the claim total to $4,968.62.

    I look forward to hearing from you and/or the third party carrier, which is the subject of our claim (as opposed to your client). Thank you very much.

        Very truly yours,

        HATTON, PETRIE & STACKLER LLP

        DAVIL R. VASQUEZ, ESQ.

cc:    Suzanne Decker
       1511 Callan Avenue, suite 305
       San Leandro CA 94577

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

Linda Ross, Esq.
June 7, 2005
Page 2


USBC Case No. 05-50717ASW7
(Melinda Campbell, Chapter 7)

cc:    Anchor General Insurance
       P.O. Box 509020
       San Diego CA 92150-9020

       Claim No. 22012537

cc:    Michael Provan, Esq.
       PROVAN, CLUNE & Bobroff
       600 B Street, suite 1960
       San Diego CA 92101


cc:    Gayl Lounsbury/Sutter Health

Michael Provan, Esq.
May 31, 2005
Page 2


cc:    Gayl Lounsbury/Sutter Health

cc:    Linda Ross, Esq.
       LAW OFFICES OF LINDA ROSS
       2204 Union Street
       San Francisco CA 94123

# HATTON, PETRIE & STACKLER APC

20281 Birch Street
Suite 100
Newport Beach, California 92660
(949) 474-4222
Fax (949) 474-1244

Gregory M. Hatton
Arthur R. Petrie, II
David R. Vasquez
Michael J. Wright

OF COUNSEL:
Ronald E. Stackler

November 30, 2005

Linda Ross, Esq.
LAW OFFICES OF LINDA ROSS
2204 Union Street
San Francisco CA 94123

RE:  *Campbell v. Espinoza*
Acct. No. M013942503

Dear Ms. Ross:

I have not heard from you, or from any of the other recipients of my June 7, 2005 letter. On May 31, 2005, Mr. Provan confirmed that a settlement check on the underlying personal injury case had *not* been tendered. In fact, he advised me that case had *not* settled. This was an important representation because my client will have one year from the date of its notice of any settlement around the lien within which to file suit.

Accordingly, and at this time, I would ask you and the other recipients of this letter (identified below) to furnish a brief written status of the case. Has a settlement check been paid to, or on behalf of, plaintiff Campbell? If so, when?

Once again, my preference would be that all parties work towards a mutually acceptable resolution of this claim. The amount of money at issue does not justify litigation.

Your timely response and professionalism will be appreciated.

Please note the change in our mailing address. Thank you.

Very truly yours,

HATTON, PETRIE & STACKLER LLP

DAVIL R. VASQUEZ, ESQ.

///

108 Wilmot Road, Suite 330
Deerfield, Illinois 60015
(847) 945-2888

6786 Shearwater
Malibu, California 90265
(310) 589-0902

Linda Ross, Esq.
November 30, 2005
Page 2

cc:   Suzanne Decker
      1511 Callan Avenue, suite 305
      San Leandro CA 94577

      USBC Case No. 05-50717/ASW7
      (Melinda Campbell, Chapter 7)

cc:   Anchor General Insurance
      P.O. Box 309020
      San Diego CA 92150-9020

      Claim No. 22012537

cc:   Michael Provan, Esq.
      PROVAN, CLUNE & BOBROFF
      600 'B' Street, suite 1960
      San Diego CA 92101

cc:   Gayl Lounsbury/Sutter Health



Linda Ross, Esq.
November 30, 2005
Page 2

cc:     Suzanne Decker
        1511 Callan Avenue, suite 305
        San Leandro CA 94577

        USBC Case No. 05-50717ASW7
        (Melinda Campbell, Chapter 7)

cc:     Anchor General Insurance
        P.O. Box 509020
        San Diego CA 92150-9020

        Claim No. 22012537

cc:     Michael Provan, Esq.
        PROVAN, CLUNE & BOBROFF
        600 B Street, suite 1960
        San Diego CA 92101

cc:     Gayl Lounsbury/Sutter Health

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 20281 Birch Street, Suite 100, Newport Beach, CA 92660

On the date indicated below, I served the foregoing document described as **LETTER OF** November 30, 2005 on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Linda Ross, Esq. | Suzanne Decker |
| LAW OFFICES OF LINDA ROSS | 1511 Callan Avenue, Suite 305 |
| 2204 Union Street | San Leandro, CA 94577 |
| San Francisco, CA 94123 | |
| | |
| Anchor General Insurance | Michael Provan, Esq. |
| P.O. Box 509020 | PROVAN, CLUNE & BOBROFF |
| San Diego, CA 92150/9020 | 600 B Street, Suite 1960 |
| | San Diego, CA 92101 |

[X]     (BY MAIL)
[ ]  I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

[X]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after date of deposit for mailing in affidavit.

[ ]     (BY PERSONAL SERVICE) I delivered such envelope by hand to the addressee. Executed on _____ , at Newport Beach, California.

[ ]     (BY FACSIMILE TRANSMITTAL) I transmitted the above document via facsimile to the facsimile numbers of the addressees:

[X]     (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct..

Executed on November 30, 2005, at Newport Beach, California.

_____
Desiree Palmer

-1-
PROOF OF SERVICE

Exhibit H



Provan
Law Firm
Clune



RECEIVED

DEC 7 2005

San Diego
Los Angeles
Sacramento

HATTON, PETRIE & STACKLER APC

Michael J. Provan
John G. Clune
Eric R. Brown, of Counsel

December 6, 2005

Davil R. Vasquez, Esquire
HATTON, PETRIE & STACKLER
20281 Birch Street, Suite 100
Newport Beach, CA 92660

Re:    Campbell v. Espinoza

Dear Mr. Vasquez:

Please be advised that I have received your letter dated November 30, 2005 regarding the above-entitled matter. In light of the pending trial date, this case was settled for a total payment of the policy limits of $15,000. Settlement checks totaling $15,000 were delivered to Ms. Ross in September, 2005.

However, the assertion of the lien on behalf of Sutter Health was duly noted and protected. Enclosed please find copies of the settlement checks which were sent to Ms. Ross. As you will note, a settlement check in the amount of $4,968.62 was made payable to Melinda Campbell, Linda Ross, Esquire, and Sutter Health dba Memorial Hospital Association. It is my understanding that Ms. Ross is holding this check pending the resolution of a lawsuit against Sutter Health. In other words, the funds represented by this settlement check have not been dispersed, and will not be dispersed until a resolution of the issue has been achieved. Further, the amount of the settlement check not only protects the initial lien asserted, but also the amount of interest you claim has accrued on the principal. I will not comment herein on the propriety of your claim for interest on the amount of the asserted lien. In any event, the assertion of your lien has been honored and protected.

Finally, I would suggest that you contact either Ms. Ross or the law firm handling the defense of Sutter Health in the unfair practices lawsuit filed against it. Once I receive information that the lawsuit, or at least this issue, has been resolved, I will gladly make arrangements with Anchor General Insurance Company to reissue the appropriate settlement checks totaling $4,968.62, as necessary.

□ SAN DIEGO
600 B Street, Suite 1960
San Diego, CA 92101
(619) 234-3906 • FAX (619) 515-0710

□ LOS ANGELES
8929 S. Sepulveda Blvd., Suite 500
Los Angeles, CA 90045
(310) 645-4411 • FAX (310) 861-5000

□ SACRAMENTO
8801 Folsom Blvd., Suite 285
Sacramento, CA 95826
(916) 379-0431 • FAX (916) 848-3652

Re: <u>Campbell v. Espinoza</u>
December 6, 2005
Page 2

      If you should have any questions or comments, please do not hesitate to contact me.

                   Very truly yours,

                   Michael J. Provan
                   THE PROVAN CLUNE LAW FIRM

MJP/alc
Enclosure
cc: Linda Ross, Esq.

Melinda Campbell,
Linda Ros Esq , Sutterhealth
dba memorial Hospital Assoc

Check Number:  55456
Check Date:  Sep 12, 2005

Check Amount: $4,968.62

| Description | Amount Paid |
|---|---|
| full &f inal bi settlement  (CL) X | 4,968.62 |

Claim Number / Loss Date / Tax ID: 22012537/7/12/02/842982087

THIS CHECK IS VOID WITHOUT A COLORED BACKGROUND PLUS A KNIGHT & FINGERPRINT WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW ARTIFICIAL WATERMARKS

Anchor General Insurance Company
Auto Claims Account
P.O. Box 509020
San Diego, CA 92150-9020

Bank of America
San Diego Regional Commercial
490 B Street San Diego, CA 92101

55456
16-66
1220

DATE                    AMOUNT
Sep 12, 2005        *******$4,968.62

Four Thousand Nine Hundred Sixty-Eight and 62/100 Dollars

PAY
TO THE
ORDER
OF

Melinda Campbell,
Linda Ros Esq , Sutterhealth
dba memorial Hospital Assoc

Claim Number / Loss Date / Tax ID: 22012537/7/12/02/842982087

TWO SIGNATURES REQUIRED FOR CHECKS OVER $1,000
SIGNATURE HAS A COLORED BACKGROUND - BORDER CONTAINS MICROPRINTING

⑈055456⑈  ⑆122000661⑆14590⑈03871⑈

ABSENCE OF U.S. PATENT NUMBERS IN THE LEFT MARGIN INDICATES THAT THIS CHECK IS FRAUDULENT. THIS AREA IS PRINTED WITH A PINK HEAT SENSITIVE INK THAT WILL DISAPPEAR WHEN BLOWING OR RUBBING

Melinda Campbell
& Linda Ross Esquire

Che . Number: .55455
Check Date:  Sep 12, 2005

Check Amount:. $10,031.38

Description

Amount Paid

full &f inal bis ettlement (CL) X

10,031.38

Claim Number / Loss Date / Tax ID: 22012537/7/12/02/342982087

NOTE: THIS CHECK IS VOID WITHOUT A COLORED BACKGROUND PLUS A KNIGHT™ & FINGERPRINT WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW ARTIFICIAL WATERMARKS

Anchor General Insurance Company
Auto Claims Account
P.O. Box 509020
San Diego, CA 92150-9020

Bank of America,
San Diego Regional Commercial
450 B Street San Diego, CA 92101

55455
16-66
1220

DATE

AMOUNT

Sep 12, 2005

******$10,031.38

Ten Thousand Thirty-One and 38/100 Dollars.

PAY

THE
ORDER
OF

Melinda Campbell
& Linda Ross Esquire

Claim Number / Loss Date / Tax ID: 22012537/7/12/2/342982087

TWO SIGNATURES REQUIRED FOR CHECKS OVER $1,000

SIGNATURE HAS A COLORED BACKGROUND - BORDER CONTAINS MICROPRINTING

⑈055455⑈ ⑆122000661⑆ 14590⑈03871⑈

ABSENCE OF U.S. PATENT NUMBERS IN THE LEFT MARGIN INDICATES THAT THIS CHECK IS FRAUDULENT. THIS AREA IS PRINTED WITH A PINK HEAT SENSITIVE INK THAT WILL DISAPPEAR WHEN BLOWING OR RUBBING

Exhibit I

LINDA ROSS
SEPI GHAFOURI

**LAW OFFICES OF LINDA ROSS**
ATTORNEYS AT LAW
2204 UNION STREET
SAN FRANCISCO, CALIFORNIA 94123

TELEPHONE (415) 563-2400
FACSIMILE (415) 931-9981

# FAX COVER SHEET

To:          Dayil Vasquez
Of:          Hatton, Petrie & Stackler
Fax:         949-474-1244

To:          Michael Provan
Of:          Provan and Associates
Fax:         619-515-0710

From:        Linda Ross
Re:          Campbell v. Espinoza
Date:        December 6, 2005

DOCUMENTS:  Letter, Copy of Check

COMMENTS:

This facsimile transmission totals 3 page(s) including this cover sheet.  Please contact Jessi at this office if there should be any problems with this transmission.

The information contained in this facsimile message is information protected by attorney-client and/or the attorney work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

Dec 06 05 12:05p    Law Offices              4159319981              p.2

LINDA ROSS
SEPI GHAFOURI

LAW OFFICES OF LINDA ROSS
ATTORNEYS AT LAW
2204 UNION STREET
SAN FRANCISCO, CALIFORNIA 94123
TELEPHONE (415) 563-2400
FACSIMILE (415) 931-9981
linda@lindarosslaw.com

December 6, 2005

Davil Vasquez, Esq.              Via Facsimile and US Mail
Hatton, Petrie, & Stackler APC
20281 Birch Street, Ste. 100
Newport Beach, CA 92660
Fax: 949-474-1244

Re: *Campbell v. Espinoza*
Account No: M013942503

Dear Mr. Vasquez:

I am in receipt of your letter dated November 30, 2005. I have enclosed a copy of
the check that I am holding pending the outcome of the class action lawsuit, which has
been filed in this matter. I suggest you contact John Barnes of McDonough, Holland &
Allen the attorneys of record for Sutter Health in this matter.

Very truly yours,

Linda Ross

Cc: Michael Provan (619) 515-0710

Dec 06 05 12:05p        Law Offices                    4159319981                    p.3

Melinda Campbell,                                  Check Number:    55456
Linda Ros Esq , Sutterhealth                       Check Date:    Sep 12, 2005
dba memorial Hospital Assoc

                                                   Check Amount:  $4,968.62
                                                                  Amount Paid
          Description
          full &f inal bi settlement   (CL) X                        4,968.62

Claim Number / Loss Date / Tax ID: 22012537/7/12/02/942982087

ADO THIS CHECK 4500/2 WITH 2011 %COLORED BACKGROUND PLUS A KNIGHT & FINGERPRINT WATERMARK ON THE BACK   HOLD AT AN ANGLE TO VIEW ARTIFICIALLY TERMARKS FROM

Anchor General Insurance Company          Bank of America                        55456
Auto Claims Account                       San Diego Regional Commercial          16-66
P.O. Box 509020                           450 B Street San Diego, CA 92101       1220
San Diego, CA 92150-9020

                                                         DATE              AMOUNT

                                                   Sep 12, 2005       *******$4,968.62

     Four Thousand Nine Hundred Sixty-Eight and 62/100 Dollars

PAY
 TO THE      Melinda Campbell,
 ORDER       Linda Ros Esq , Sutterhealth
 OF          dba memorial Hospital Assoc

Claim Number / Loss Date / Tax ID: 22012537/7/12/02/942982087          TWO SIGNATURES REQUIRED FOR CHECKS OVER $1,000
                                                                       SIGNATURE HAS A COLORED BACKGROUND - BORDER CONTAINS MICROPRINTING

          ⑈055456⑈ ⑆122000661⑆ 14590⑈03871⑈

ABSENCE OF U.S. PATENT NUMBERS IN THE LEFT MARGIN INDICATES THAT THIS CHECK IS FRAUDULENT. THIS AREA IS PRINTED WITH A PINK HEAT SENSITIVE INK THAT WILL DISAPPEAR WHEN BLOWING OR RUBBING