TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

LINDA ROSS (SBN 85563)
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, California 94123
Tel: (415) 563-2400

SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>Defendants. | Case No. 3:07-cv-03406-MMC<br><br>**ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE; DECLARATION OF HANK WILLSON** |

SCHNEIDER & WALLACE

ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

**ADMINISTRATIVE MOTION**

Pursuant to ¶6 of this Court's Standing Order and Local Rule 7-11, Plaintiff hereby makes an administrative motion for an Order of this Court continuing until October 26, 2007 (or such later date as the Court is available) the hearing on Defendants' Motion to Dismiss or Transfer Venue—and continuing the briefing schedule accordingly pursuant to Local Rule 7-3—in light of Plaintiff's intention to bring a Motion to Remand for hearing on August 31, 2007.

Defendants filed their Notice of Removal on June 28, 2007, and filed a Motion to Dismiss or Transfer Venue on July 5, 2007, to be heard on August 10, 2007. Plaintiff intends to file a Motion to Remand by July 27, 2007. Given the August 10, 2007 hearing date, Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue is currently due July 20, 2007, which is before her Motion to Remand will be filed.

Should this Court grant Plaintiff's Motion to Remand, Defendants' Motion to Dismiss or Transfer Venue will be rendered moot. Plaintiff respectfully submits that requiring the parties to brief, and this Court to consider, a Motion that might be rendered moot is a waste of the time and resources of the parties and this Court. Given that the Motion to Remand on this Court's lack of subject matter jurisdiction over this matter, it makes sense to decide the jurisdictional question on Plaintiff's Motion to Remand before questions of venue and forum are considered. Furthermore, continuing the hearing on Defendants' Motion to Dismiss or Transfer Venue in order for the Motion to Remand to be heard first will not result in unreasonable delay of the hearing on the Motion to Dismiss or Transfer Venue should the Court deny Plaintiff's Motion to Remand.

Plaintiff's counsel wrote to Defendants' counsel on July 12, 2007, and requested that, in light of the impending Motion to Remand, Defendants either: (a) pursuant to Local Rule 7-7(a), "file a notice continuing the originally noticed hearing date for that motion to a later date" regarding their Motion to Dismiss or Transfer Venue; or (b) stipulate, pursuant to ¶6 of this Court's Standing Order, to move the hearing date on the Motion to Dismiss or Transfer Venue. *See* Declaration of Hank Willson, *infra*, at ¶2; Letter from Hank Willson to Marcia Augsburger of July 12, 2007, a true and correct copy of which is attached as Exhibit A. In a letter dated July 13, 2007, Defendants' counsel refused to do either. *See* Declaration of Hank Willson, *infra*, at ¶3;

SCHNEIDER & WALLACE

ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

1

1  Letter from Elizabeth O'Neill to Hank Willson of July 13, 2007, a true and correct copy of which
2  is attached as Exhibit B.
3      As a result, Plaintiff respectfully requests that this Court continue the hearing on
4  Defendants' Motion to Dismiss or Transfer Venue from August 10, 2007 until October 26, 2007 at
5  9:00 am, or such later date as the Court is available, and that the briefing schedule on that Motion
6  be continued accordingly, pursuant to Local Rule 7-3.

8  Respectfully Submitted,
9  Date: July 16, 2007                      SCHNEIDER & WALLACE
10                                       LAW OFFICE OF LINDA ROSS
11                                       ROBOOSTOFF & KALKIN, PLC

12                                         /s/
13                                         Hank Willson
                                          Counsel for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER & WALLACE

ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
2

**DECLARATION OF HANK WILLSON**

I, Hank Willson, declare as follows:

1. I am counsel of record in the above-captioned case and an attorney duly licensed to practice law in the State of California.

2. Plaintiff's counsel wrote to Defendants' counsel on July 12, 2007, and requested that, in light of the impending Motion to Remand, Defendants either: (a) pursuant to Local Rule 7-7(a), "file a notice continuing the originally noticed hearing date for that motion to a later date" regarding their Motion to Dismiss or Transfer Venue; or (b) stipulate, pursuant to ¶6 of this Court's Standing Order, to move the hearing date on the Motion to Dismiss or Transfer Venue. *See* Letter from Hank Willson to Marcia Augsburger of July 12, 2007, a true and correct copy of which is attached as Exhibit A.

3. In a letter dated July 13, 2007, Defendants' counsel refused to do either. *See* Letter from Marcia Augsburger to Hank Willson of July 13, 2007, a true and correct copy of which is attached as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge.

Executed this 16th day of July, 2007, in San Francisco, California.

                    /s/

                    Hank Willson

SCHNEIDER & WALLACE

ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
1