McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (dbrandt@mhalaw.com) (44893)
MARCIA L. AUGSBURGER, (maugsburger@mhalaw.com) (145686)
ELIZABETH M. O'NEILL, (eoneill@mhalaw.com) (166882)
JOHN C.J. BARNES, (jbarnes@mhalaw.com) (216694)
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.8989

Attorneys for Sutter Health and All Affiliated Hospitals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>      Plaintiff(s),<br><br> v.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>      Defendants. | CASE NO.  C 07-03406 MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE; DECLARATION OF ELIZABETH M. O'NEILL** |

## I. BACKGROUND AND INTRODUCTION

On June 28, 2007, Defendants removed this action from the Superior of California, County

1

**Defendants' Opp to Plaintiffs' Motion to Continue Hearing on
Defendants' Motion to Dismiss or Transfer Venue, Dec of Elizabeth O'Neill**    1027692v4 09504/0502

1 basis for Plaintiff's request is that she and the Court will achieve certain efficiencies by not having to
2 prepare an opposition to or hear Defendants' motion, because Plaintiff expects the Court to grant her
3 anticipated motion to remand. As Plaintiff has yet to file her motion, the assertion that she and the
4 Court will save time and resources by continuing Defendants' motion seems, at best, premature.
5 Defendants are equally convinced that the motion to remand will be denied. Plaintiff's claims
6 involve the effect of discharge under to 28 U.S.C. sections 157(b)(2)(I) and 157(b)(2)(J) and the
7 validity, extent, or priority of liens under 28 U.S.C. section 157(b)(2)(K). The effect or scope of a
8 discharge in bankruptcy is a federal question. *See, e.g., MSR Exploration v. Meridian Oil,* 74 F.3d
9 910, 913-14 (1996). Federal court is also the proper venue for Plaintiff's tort cause of action
10 pursuant to 28 U.S.C. section 157(b)(5). In fact, Defendants believe that this case is so soundly
11 within the jurisdiction of the federal court that Plaintiff's anticipated motion to remand is frivolous.
12 In any event, the Court should weigh and consider each side's arguments in due course – not grant
13 Plaintiff's motion to continue a scheduled hearing on the assumption that the yet to be filed motion to
14 remand will be granted.

15 No other efficiencies would be achieved by hearing Plaintiff's motion to remand first.
16 Indeed, the Court may dismiss this action entirely in ruling on Defendants' Motion to Dismiss or
17 Transfer, saving time and resources for everyone.

18 If the Court does not dismiss the case but does find that the appropriate venue is the Eastern
19 District, then it is appropriate for a judge in the Eastern District to determine whether the matter
20 should be remanded and if so, whether it should be remanded in whole or in part and under what
21 conditions; it is in the Eastern District Judge's court where the case will ultimately be litigated and
22 tried. If this Court denies Defendants' Motion to Dismiss or Transfer, then Plaintiff suffers no
23 discernible prejudice by having her motion heard next in order. If she chooses to oppose it, she need
24 only state her objection.

25 Plaintiff will suffer no prejudice by having Defendants' Motion to Dismiss or Transfer heard
26 first, as duly noticed. Either way, her motion to remand will be heard, either by this Court or Eastern
27 District Court, assuming her motion is properly filed and served. In contrast, by having Plaintiffs'
28

2

of Alameda. On July 5, 2007, Defendants moved this Court to dismiss several defendants or, in the alternative, transfer the entire action to the Eastern District. The first Defendants heard from Plaintiff regarding Defendants' removal or their Motion was on July 12th when Plaintiff sent Defendant two letters: The first requested that Defendants stipulate to the continuance Plaintiff now seeks. The second accused Defendants' counsel of multiple ethical violations and threatened Defendants' counsel with sanctions unless she agreed to withdraw the notice of removal and Defendants' Motion. Attached as Exhibit A to the Declaration of Elizabeth M O'Neill in Opposition to Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or Transfer is a true and correct copy of Plaintiff's second letter of July 12, 2007, which Plaintiff did not attach to her moving papers. Defendants believe that these tactics and this motion are designed to delay the proceedings so that Defendants cannot receive a fair and timely hearing on their Motion to Dismiss or Transfer, and cannot have a dispositive motion heard for many months.

Defendants declined to withdraw their notice of removal and declined to stipulate to a continuance of Defendants' motions for the same reasons they now oppose Plaintiff's administrative motion: The Court should not delay hearing Defendants' pending motion to transfer in order to accommodate Plaintiff's desire to have the Court hear a motion that Plaintiff has not yet filed. If the case is more appropriately before the Eastern District, then a judge in the Eastern District is the better audience for Plaintiff's motion for remand. If not, then by hearing Plaintiffs' motion to remand first, the Court will essentially be deciding, without hearing Defendants' motion, that this Court is the proper venue for this case.

Accordingly, Defendants' request that this motion be denied and no continuance granted. In the alternative, should this Court grant Plaintiff's request, Defendants' request that the hearing on their motion be postponed to no later than two weeks after the Court's order on Plaintiff's motion to remand.

## II. ARGUMENT

Plaintiff is requesting that this Court continue the hearing on Defendants' Motion to Dismiss or Transfer so that Plaintiff's heretofore conceptual motion to remand may be heard first. The sole

2

motion to remand heard first, the court will effectively be finding, without considering Defendants' motion or any opposition thereto, that the case is more properly heard in the Northern District.

If Plaintiff's request is granted, Defendants will also suffer prejudice in that they will have to wait an additional 75 days to have their Motion heard, precluding them from being able to have a dispositive motion heard until after this Court determines the proper venue. If this Court grants Defendants' Motion and transfers this matter to the Eastern District, it will be even longer than 75 days. Such a delay is unnecessary and, under the circumstances, unfair to Defendants. Accordingly, Plaintiffs request for a continuance should be denied.

Plaintiff received notice of Defendants' Motion to Dismiss or Transfer on July 5, 2007. Now, one and one-half week later, and 4 days before her opposition is due, Plaintiff asks this Court to postpone the hearing on Defendants' Motion for over 75 days for no more reason than to save Plaintiff the trouble of preparing an opposition that Plaintiff will likely have to prepare anyway. Plaintiff offers absolutely no reason why the hearing on Defendants' Motion should be postponed to a date that is nearly two months after she intends her motion to be heard.

If this Court is inclined to grant Plaintiff's request, Defendants request that the hearing on their Motion be postponed to no later than two weeks after the Court issues its order on Plaintiff's motion to remand; Plaintiff's opposition can then be due 7 days before the hearing, with Defendants' reply due three days thereafter. This is more than sufficient time for Plaintiff to prepare her opposition, particularly since Plaintiff already had Defendants' motion for over 10 days before filing her motion to continue.

DATED: July 18, 2007

        McDONOUGH HOLLAND & ALLEN PC
        Attorneys at Law


        By:_____/s/_____
            ELIZABETH M. O'NEILL

        Attorneys for Sutter Health and All Affiliated Hospitals

2