**Exhibit A**

# SCHNEIDER & WALLACE
### ATTORNEYS AT LAW

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky

W.H. Willson, IV
Camilla L. Roberson
Lindy J. Morrison
Patrick J. Suter
Brian H. Chun
Rachel E. Brill
Nancy Park

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

July 11, 2007

**Via U.S. Mail and Facsimile (916-444-8989)**

Marcia L. Augsburger
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

Re:   *Campbell, et al. v. Sutter Health, et al.*

Dear Marcia:

I write in regards to Defendants' removal of this case to federal court. Fed.R.Civ.P. 11(b) states, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

The Rule goes on to state, at part (c), that

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Defendants' removal violates Rule 11 because it is being presented for at least two improper purposes: namely, because Defendants disagree with the rulings of the state-court judges who have heard the case, and because Defendants were required by the state court to produce large amounts of discovery, which Defendants clearly did not wish to take the time or resources to gather and produce. Instead, Defendants chose to remove this case in order to stall the proceedings and avoid their discovery obligations. In addition, the argument presented by the Notice of Removal is frivolous: this case does

Marcia Augsburger
Re: *Campbell v. Sutter Health*
July 12, 2007
Page 2

not present a federal question, but rather presents state-law causes of action, challenging liens brought under state law and governed by a state supreme court ruling. The federal courts do not have jurisdiction over this case; Defendants' assertion that this case has anything to do with Plaintiff's bankruptcy, the proceeding for which was completed years ago, is knowingly incorrect, and simply a ruse for Defendants to avoid what they perceive as adverse rulings by the state court in this case.

This is a blatant abuse of the litigation process, aimed at nothing more than causing unnecessary delay and needless increase in the costs of this action. As a result, we write to demand that Defendant withdraw its Notice of Removal and its Motion to Dismiss and/or Transfer Venue, so that this case may be returned to state court, where it belongs. If Defendants refuse to do so, Plaintiff will be forced to bring a motion for sanctions under Fed.R.Civ.P. 11(c)(1).

Please let us know immediately if Defendants will be withdrawing their Notice of Removal and Motion to Dismiss and/or Transfer Venue.

Very truly yours,

SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

Encl.
cc:   Linda Ross (via facsimile)
      Scott Kalkin (via facsimile)