
bar

TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

LINDA ROSS (SBN 85563)
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, California 94123
Tel: (415) 563-2400

SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>Defendants. | Case No. 3:07-cv-03406-MMC<br><br>**PLAINTIFF'S REPLY REGARDING ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE** |

SCHNEIDER & WALLACE

P'S REPLY RE ADMIN. MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

In reply to Defendants' Opposition to Plaintiffs' Administrative Motion, Plaintiff submits the following:

Defendants' Opposition argues against postponing the hearing on its Motion to Dismiss or Transfer Venue because it expects this Court to deny the Motion to Remand. Plaintiff disagrees, of course: the operative complaint in this action alleges only state law claims, challenging Defendants' actions under a state statute, and invoking the interpretation of that state statute by the state Supreme Court. There simply is not a federal question presented on the face of the complaint, and Plaintiff has not attempted to artfully plead her complaint to avoid a federal question.

While Defendants chide Plaintiff for requesting a continuance for a "heretofore conceptual motion to remand," this ignores that Defendants removed this case quite unexpectedly, two years after it had been filed and with no change in the substantive claims, on the eve of when Defendants were ordered by the state court to produce substantial discovery, and then filed their Motion to Dismiss or Transfer Venue only a week later, for the earliest possible hearing date. Defendants clearly intended for their Motion to be on file—and for Plaintiff's Opposition to be due—before Plaintiff was even afforded a realistic opportunity to file her Motion to Remand. Plaintiff's Motion to Remand is not "conceptual." On the contrary: Plaintiff has stated that her Motion to Remand will be filed on July 27, 2007, for hearing on August 31, 2007. Defendants' attempt, after this case has been heavily litigated in state court for more than two years, to remove this case suddenly and then dismiss the claims because of forum issues smacks of gamesmanship, and should not be permitted.

Perhaps most importantly, regardless of how this Court ultimately decides the Motion to Remand, it is well-settled that the jurisdictional issues raised by a Motion to Remand should be heard before less fundamental issues such as those presented by Defendants' Motion to Dismiss or Transfer Venue. *See, e.g., Smith v. Mail Boxes Etc.*, 191 F.Supp.2d 1155 (E.D.Cal. 2002) ("whether this court has jurisdiction is a preliminary issue that should be resolved at the outset…Thus, this court addresses the merits of plaintiff's remand motion before considering if a stay is appropriate."); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F.Supp.2d

---

SCHNEIDER & WALLACE

P'S REPLY RE ADMIN. MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
1

1042, 1047 (D.Kan. 1999) (jurisdictional issue determined on motion to remand before court considered staying the action). *Austin v. American General Finance, Inc.*, 900 F.Supp. 396, 398, n. 1 (M.D.Ala. 1995) ("it would be improper for the court to address a motion to dismiss if the court lacks subject matter jurisdiction"). Because jurisdiction is the most fundamental issue presented by this case, and would determine the fate of all other motions, Plaintiff's jurisdictional motion should be heard before Defendants' procedural motion. Curiously, Defendants do not mention this accepted proposition in their Opposition.

As a result, Plaintiff respectfully requests that this Court continue the hearing on Defendants' Motion to Dismiss or Transfer Venue from August 10, 2007 until October 26, 2007 at 9:00 am, or such later date as the Court is available, and that the briefing schedule on that Motion be continued accordingly, pursuant to Local Rule 7-3.

Respectfully Submitted,

Date: July 18, 2007                         SCHNEIDER & WALLACE
                                            LAW OFFICE OF LINDA ROSS
                                            ROBOOSTOFF & KALKIN, PLC


                                            /s/
                                            Hank Willson
                                            Counsel for Plaintiff

SCHNEIDER & WALLACE

P's REPLY RE ADMIN. MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
2