eTODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

LINDA ROSS (SBN 85563)
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, California 94123
Tel: (415) 563-2400

SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>  Defendants. | Case No. 3:07-cv-03406-MMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Date: August 10, 2007<br>Time: 9:00 am<br>Courtroom: 7<br>Judge: The Hon. Maxine M. Chesney |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

SCHNEIDER & WALLACE

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

III. PROCEDURAL HISTORY....................................................................................................2

IV. ARGUMENT..........................................................................................................................4

    A. DEFENDANTS HAVE ACCEDED TO THIS DISTRICT AS THE PROPER VENUE BY CHOOSING TO REMOVE..................................................................4

    B. IN ADDITION, DEFENDANTS' MOTION IS PREMATURE, AND SHOULD NOT BE HEARD UNTIL THE JURISDICTIONAL ISSUES PRESENTED BY PLAINTIFF'S MOTION TO REMAND ARE CONSIDERED .........................................................................................................5

    C. DEFENDANTS ARE ENGAGED IN BLATANT FORUM-SHOPPING  6

        1. Defendants Dislike the Merits and Discovery Rulings of the Superior Court Judge ..............................................................................................6

        2. Defendants Are Attempting to Use the Principles of Convenience of Forum to Dismiss or Severely Disrupt a Case that Has Been Heavily Litigated for Over Two Years......................................................................7

    D. DEFENDANTS ARE USING THIS MOTION AS AN EXCUSE TO RE-ARGUE THE MERITS, AS THEY HAVE DONE IMPROPERLY THROUGHOUT THIS LITIGATION ..............................................................8

    E. EVEN IF DEFENDANTS HAD NOT ALREADY AGREED TO THIS DISTRICT AS THE PROPER VENUE, THE FACTORS CONSIDERED ON A MOTION TO TRANSFER WEIGH IN FAVOR OF MAINTAINING THIS CASE IN THIS DISTRICT ..................................................................9

        1. This District Is Equally Proper to the Eastern District ............................9

        2. The Factors to Be Considered on a Motion to Transfer Venue Weigh in Favor of Keeping this Case in this District.............................................10

V. CONCLUSION.....................................................................................................................11

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
1

# TABLE OF AUTHORITIES

**Cases**

*Andrade v. Chojnacki*, 934 F.Supp. 817 (S.D.Tex. 1996)................................................................5

*Bacik v. Peek*, 888 F.Supp. 1405 (N.D.Ohio 1993) ........................................................................5

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) ....................2, 10, 11

*Dist. No. 1, Pacific Coast Dist., M.E.B.A. v. State of Alaska*, 682 F.2d 797 (9th Cir. 1982)..........10

*Johnson v. Jumelle*, 64 F.R.D. 708 (S.D.N.Y. 1974) ......................................................................7

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) .....................................................10

*Kinney v. Anchorlock Corp.*, 736 F.Supp. 818 (N.D.Ill. 1990).................................................7, 11

*Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979).....................................................5, 10

*Naegler v. Nissan Motor Co., Ltd.*, 835 F.Supp. 1152 (W.D.Mo. 1993) .........................................5

*Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005) ..................................................1

*Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953) ................................................................5

*Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific R.R.*, 270 U.S. 363 (1926)..............5

**Statutes**

28 U.S.C. §1406 ..............................................................................................................................7

28 U.S.C. §1441(a)..........................................................................................................................4

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
2

## I. INTRODUCTION

Defendants' Motion to Dismiss or Transfer Venue is a naked attempt to forum-shop. First, Defendants brought the Motion and insist on having it heard prior to Plaintiff's Motion to Remand, despite the fact that it is well-established that the issues of subject matter jurisdiction that will be raised on Remand should be heard before procedural matters like Defendants' Motion to Dismiss or Transfer Venue. Second, even assuming there were federal question jurisdiction (and there is not), Defendants' Motion contravenes well-settled law which holds that by removing to this District, Defendants have already agreed that this District is the proper venue, and may not now be heard to challenge it. Finally, Defendants are improperly attempting to undermine the class action process by either dismissing half of the Defendants or splitting this case in two. For all these reasons, the Court should either continue Defendants' Motion until after ruling on Plaintiff's Motion to Remand, or deny Defendants' Motion altogether.

## II. BACKGROUND

Plaintiff brought this putative class action in state court more than two years ago, seeking to represent a putative class of individuals who have been subject to the policy carried out by Sutter Health and its hospital affiliates. The alleged policy is as follows: for persons who receive medical services at a Sutter Health hospital affiliate, and who subsequently bring an action for the injuries that required the medical services against the tortfeasors who caused their injuries, Sutter Health and its hospitals assert liens against the tort claims of the persons who received the medical services in order collect the "customary charges" for the medical services. Sutter Health and its hospitals assert, maintain and pursue these liens even if the injured persons do not owe Sutter Health or its hospitals any debt for the medical services, and even though Sutter Health and its hospitals *know* that no debt is owed.

Plaintiff's complaint alleges solely state-law causes of action, based on Defendants' violations of a state Supreme Court interpretation of a state law regarding hospital liens in California. *See Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005). Now, Defendants Sutter Health and its hospital affiliates, *two years* into a class-action case regarding state law claims in state court, have removed this case to federal court in a blatant display of forum-

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
1

shopping. Unsatisfied with the Superior Court's merits rulings thus far, and on the eve of the day the Superior Court had required them to produce substantial amounts of discovery to Plaintiff, Defendants suddenly, and disingenuously, removed to federal court.

Even assuming *arguendo* that Defendants' Motion were not completely improper, Defendants do not discuss at all the factors considered in dismissing an action, and discuss only in passing the factors to be considered on a motion to transfer venue. Instead, they use their Motion to Dismiss or Transfer Venue as yet another excuse to argue the merits of this case on a procedural motion before producing discovery, as they have done repeatedly in the Superior Court below.

In fact, it would not serve the interests of justice or judicial economy to dismiss some of the Defendants or to transfer this case to the Eastern District of California. As Defendants admit, this is state-wide class action, brought against a Sutter Health network of hospitals that reside in Northern California. In fact, Defendants concede that half of them reside in the Northern District; Plaintiff resides here as well. This Court is only 90 miles from Sutter Health's headquarters. While Defendants repeatedly assert that being "hauled into Court" in the Northern District would cause hardship, they never explain why. Indeed: while Defendants focus on the "hardship" that will supposedly be caused to Defendant Memorial Hospitals Association, based in Modesto, they ignore that the branch of the Eastern District serving Modesto is in Fresno, which is *further* from Modesto than is this Court. Clearly, there are no cognizable "hardships" here. Half of the witnesses are in the Northern District. Travel between the locations of potential witnesses is quick and routine, and, as in the past, can be performed by having the lawyers travel to the witnesses (all of whom are located in Northern California). Quite simply, Defendants cannot make the required "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### III. PROCEDURAL HISTORY

Plaintiff initially filed this action on July 8, 2005, against Defendant Sutter Health, alleging exclusively state-law causes of action: violations of California's Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.*, unjust enrichment, conversion and trespass to chattels, fraud and negligent misrepresentation, and unfair and unlawful business practices in violation of

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
2

California Business and Professions Code §§17200, *et seq* ("UCL"). After two Sutter Health demurrers, the Superior Court upheld Plaintiff's state-law malicious prosecution claim, and her claim under California's UCL. *See* Order of April 18, 2006, attached as part of Exhibit C to Defendants' Notice of Removal at tab 44. Declaration of Hank Willson in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue ("Willson Decl.") at ¶2.

On July 26, 2006, Plaintiff propounded discovery seeking documents and information regarding the liens at issue, including copies of the liens themselves and policy documents governing the assertion and pursuit of liens. Willson Decl. at ¶3. Plaintiff also noticed the deposition of Sutter Health's person most knowledgeable regarding the liens at issue. *Id*. After requesting and receiving a lengthy extension of time to respond, Sutter Health then refused to produce any documents or any corporate designee to testify regarding the topics in this case. Willson Decl. at ¶4. Sutter Health took the position—ultimately indulged by the Superior Court— that it would need to seek the documents directly from its hospital affiliates. *See* Order of November 3, 2006 at 2:10-12, attached as Exhibit A to the Willson Decl.

Curiously, after Plaintiff served the subpoenas directly on the hospital affiliates, Sutter Health's counsel announced that it would be representing all of the hospital affiliates. *See* Defendants' Case Management Statement, filed April 9, 2007, at 3:22-23, attached as part of Exhibit C to Defendants' Notice of Removal at tab 62. Defendants' counsel then asked for another lengthy extension until March 21, 2007 to respond to the subpoenas. After Plaintiff's counsel agreed to the extension, the hospitals served on Plaintiff's counsel 23 sets of nearly identical boilerplate objections, and have, to date, produced records relating to only *four* liens (though it is undisputed that there are many more liens implicated by Plaintiff's definition of the class). Willson Decl. at ¶5. Plaintiff moved to compel, and the Superior Court ordered Defendants to produce the documents and responses. *See* Order of June 12, 2007, attached as part of Exhibit C to Defendants' Notice of Removal at tab 76. In particular, the Superior Court required Defendants to produce "policies and procedures regarding the HLA liens, affiliation agreements between Sutter Health and the affiliate hospitals, and contracts between the affiliate hospitals and insurance companies" by June 29, 2007. Order of June 12, 2007 at 8:21-24.

S‌CHNEIDER & W‌ALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
3

In light of Sutter Health's insistence that its hospitals were the entities asserting the liens at issue, and in light of the information gleaned from the deposition of Sutter Health's designee, Plaintiff sought and received leave from the Superior Court to amend her complaint to add Sutter Health's 23 hospital affiliates as Defendants. *See* Order of June 12, 2007 at 2:2-3:23. The amended complaint did not add any new causes of action, allege any federal claims, or change the underlying theories of liability in any way, other than to allege that all Defendants were liable for aiding and abetting the violations of state law alleged in the original complaint. Only after this amended complaint was filed, and on June 28, 2007, the very day before they were required by the Superior Court to produce substantial discovery, did Defendants remove this action to federal court. Willson Decl. at ¶6. Just a week later, before Plaintiff had been given a chance to file her Motion to Remand, Defendants filed this Motion to Dismiss or Transfer Venue.

In light of the well-settled law that jurisdictional issues should be decided before procedural ones, Plaintiff's counsel sought the stipulation of Defendants' counsel to continue the hearing date on this Motion, so that Plaintiff's Motion to Remand, which will address the fundamental issue of this Court's jurisdiction to hear this case, could be ruled upon first. *See* Exhibit A to Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or Transfer Venue, Document No. 22. Defendants' counsel flatly refused to continue the hearing. *See* Exhibit B to Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or Transfer Venue, Document No. 22.

## IV. ARGUMENT

### A. DEFENDANTS HAVE ACCEDED TO THIS DISTRICT AS THE PROPER VENUE BY CHOOSING TO REMOVE

Defendants voluntarily chose to remove this case from the Superior Court, where it had been heavily litigated for two years. The removal statute provides, in pertinent part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*." 28 U.S.C. §1441(a) (emphasis added). By

---

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
4

1  removing this case, Defendants have acceded to this District as the proper venue, and may not now
2  seek a transfer to another District.  The United States Supreme Court has held so unequivocally:
3  "This action was not 'brought' in the District Court, nor was Respondent 'sued' there; the action
4  was brought in a state court and removed to the District Court.  Section 1441(a) expressly provides
5  that the proper venue of a removed action is 'the district court of the United States for the district
6  and division embracing the place where such action is pending.'"  *Polizzi v. Cowles Magazines,*
7  *Inc.*, 345 U.S. 663, 666 (1953); *see also Seaboard Rice Milling Co. v. Chicago, Rock Island &*
8  *Pacific R.R. Co.*, 270 U.S. 363, 366 (1926) (a defendant's "application for the removal to the
9  District Court" constitutes "waiver of objection to the venue" to which defendant removes the
10 case).

11 Defendants' Motion to Dismiss or Transfer Venue is thus completely baseless and should be
12 denied out of hand: "By their voluntary application for removal, the defendants have sanctioned
13 the propriety of venue in this district and division."  *Bacik v. Peek*, 888 F.Supp. 1405, 1413
14 (N.D.Ohio 1993).

### B. IN ADDITION, DEFENDANTS' MOTION IS PREMATURE, AND SHOULD NOT BE HEARD UNTIL THE JURISDICTIONAL ISSUES PRESENTED BY PLAINTIFF'S MOTION TO REMAND ARE CONSIDERED

17 It is well-settled that "the Court may not order a transfer under either section 1404(a) or
18 section 1406(a) unless it has jurisdiction over the subject matter of their lawsuit."  *Andrade v.*
19 *Chojnacki*, 934 F.Supp. 817, 824 (S.D.Tex. 1996); *see also Leroy v. Great Western United Corp.*,
20 443 U.S. 173, 180 (1979) (fundamental issues, like subject matter jurisdiction, should be "decided
21 in advance of venue"); *Naegler v. Nissan Motor Co., Ltd.*, 835 F.Supp. 1152, 1157 (W.D.Mo.
22 1993) (in order to consider a Motion to Dismiss or Transfer Venue under section 1406(a) or
23 "section 1404(a)[,] the Court must have jurisdiction over the subject matter.").

24 In light of this, and given that Plaintiff will be filing a Motion to Remand on or before July
25 27, 2007, Plaintiff's counsel attempted to stipulate with Defendants' counsel to continue the
26 hearing on this Motion to Dismiss or Transfer Venue, but Defendants' counsel flatly refused.  *See*
27 Exhibits A and B to Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion
28 to Dismiss or Transfer Venue, Document No. 22.  As the cases cited above make clear, it is

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
5

improper for a court without subject matter jurisdiction to hear procedural motions like Defendants'. Defendants' counsel's refusal to stipulate, given this well-established policy, makes it clear that Defendants are simply attempting to disrupt the state court proceeding and create as many procedural headaches and hurdles as possible for the prosecution of this lawsuit. Such blatant misuse of the removal process is completely unacceptable.

### C. DEFENDANTS ARE ENGAGED IN BLATANT FORUM-SHOPPING

#### 1. Defendants Dislike the Merits and Discovery Rulings of the Superior Court Judge

As detailed above, this case has been pending, and heavily litigated, for more than two years in state court. Defendant Sutter Health has brought two demurrers to Plaintiff's state-law claims, which were fully briefed and argued by the parties, and ruled upon by the Superior Court. The Superior Court's ruling on Sutter Health's second demurrer stated that Plaintiff had stated a cause of action or malicious prosecution because "[t]he complaint adequately alleges that the prior action (the notice of a lien) was in the nature of a civil action commenced by or at the direction of the defendant," and because "[t]he complaint adequately alleges that the HLA liens were filed or maintained without probable cause and were initiated or continued with malice and/or conscious disregard for the law." April 18, 2006 Order at 3:16-4:5, attached as part of Exhibit C to Defendants' Notice of Removal at tab 44. Defendants clearly do not like the Superior Court's rulings on these merits issues, referring to the Superior Court's order as "troubling." Letter from Marcia Augsburger to Hank Willson of April 2, 2007 at 3, attached as Exhibit B to the Willson Decl. Now, despite the fact that there have been no substantive changes in Plaintiff's claims since she filed her First Amended Complaint more than 19 months ago, Defendants have suddenly chosen to remove this case.[1]

---

[1] Though Plaintiff did add new Defendants with her Second Amended Complaint, filed on June 21, 2007, those new Defendants are simply hospital affiliates of Sutter Health, the original Defendant in this case. They are represented by the same counsel that has represented Sutter Health since this case was filed more than two years ago. They were served with subpoenas for documents more than seven months ago, and Plaintiff's Motion for Leave to Amend to add them as Defendants was filed more than two months ago. Moreover, the amended complaint did not change the violations alleged or the laws implicated. Defendants cannot, with a straight face, deny that they were well aware of this case and the claims against Sutter Health. Defendants' removal and Motion to

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
6

Even more suspiciously, Defendants removed this case *the day before* they were required by the Superior Court (in an order on a Motion to Compel brought by Plaintiff) to produce substantial amounts of discovery, including "policies and procedures regarding the HLA liens, affiliation agreements between Sutter Health and the affiliate hospitals, and contracts between the affiliate hospitals and insurance companies" by June 29, 2007. Order of June 12, 2007 at 8:21-24. Defendants had, in response to previous discovery requests, twice before requested lengthy extensions of time to respond, whereupon they still produced only objections, and no documents or responses of substance. Willson Decl. at ¶¶4-5. Their decision this time to file a notice of removal the day before their discovery responses were due is not mere coincidence. Rather, Defendants are using the removal procedure as a ruse to get away from a state court judge whose discovery and merits rulings they dislike. This is completely improper and should not be permitted.

### 2. Defendants Are Attempting to Use the Principles of Convenience of Forum to Dismiss or Severely Disrupt a Case that Has Been Heavily Litigated for Over Two Years

Now, Defendants are attempting the brazen move of requesting a dismissal of claims against twelve Defendants for whom the Superior Court just granted Plaintiff leave to add to the case only a month ago. *See* June 12, 2007 Order. However: "Dismissal for improper venue under 28 U.S.C. § 1406 is warranted only where a case is *filed* in the wrong district. Since venue was proper at the time the case was removed, dismissal is unjustified." *Johnson v. Jumelle*, 64 F.R.D. 708, 713 (S.D.N.Y. 1974) (emphasis in original); *see also Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 821 (N.D.Ill. 1990) ("In this case, it would be inappropriate to consider dismissing the case when Kinney filed suit not in this Court but in the Circuit Court of Cook County, and it was the defendant who removed the action to federal court."). This is especially true because this case has been hotly contested for over two years in state court. To dismiss now would allow Defendants to elevate form over substance by requiring Plaintiff to re-file and re-litigate a case that was rightly

Dismiss or Transfer Venue were desperate, calculated moves designed to avoid addressing the merits of this case, and to avoid a state court the Defendants clearly do not like.

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
7

pending in state court (a jurisdiction and venue with which, it must be noted, Defendants did not quarrel for the first *two years* of litigation).

Furthermore, Defendants provide no reasons for such a dismissal; Defendants' Motion to Dismiss or Transfer Venue discusses only issues of the convenience of this Court as a venue. As such, Defendants' Motion should be treated exclusively as a Motion to Transfer Venue.

Defendants' alternative proposal that this case be split in two, with some Defendants' cases being heard in this District, and others in the Eastern District, smacks of an attempt by Defendants to disrupt the class action process. This class action has proceeded for over two years in the Superior Court: after dragging their feet for months, even years, and refusing to produce discovery, Defendants had been ordered by the Superior Court to produce nearly everything Plaintiff requested. On the day before they were required to produce this information, Defendants removed the case on frivolous grounds, as Plaintiff will discuss in more detail in her Motion to Remand.

### D. DEFENDANTS ARE USING THIS MOTION AS AN EXCUSE TO RE-ARGUE THE MERITS, AS THEY HAVE DONE IMPROPERLY THROUGHOUT THIS LITIGATION

Throughout this case, Defendants have used procedural and discovery motions to argue the merits of this case. As the Superior Court stated in its most recent opinion granting Plaintiff's Motion to Compel: "The affiliate hospitals argue that the discovery sought has no relevance because the claim has no merit. A discovery motion is not the place to argue the merits of the case." June 12, 2007 Order at 5:4-5.

Defendants, in their second Demurrer before the Superior Court, directly attacked Plaintiff's claim for malicious prosecution, and lost. This Court overruled that Demurrer, holding that Plaintiff stated a claim for malicious prosecution because "[t]he complaint adequately alleges that the prior action (the notice of a lien) was in the nature of a civil action commenced by or at the direction of the defendant," and because "[t]he complaint adequately alleges that the HLA liens were filed or maintained without probable cause and were initiated or continued with malice and/or conscious disregard for the law." April 18, 2006 Order at 3:16-4:5. Despite this ruling, Defendants devote over half of their Motion to Dismiss or Transfer Venue to their argument that

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
8

"these facts do not support a cause of action for malicious prosecution[.]" Defendants' Motion at 5:3-4. This ignores, of course, that the merits of the case are not at issue on a venue motion.

This is merely a continuation of Defendants' tactics. Instead of obeying the Superior Court's rulings, Defendants have chosen simply to flout them openly. For example, they have refused to produce discovery based on their argument that "Sutter Health will not agree that malicious prosecution may be based on mere assertion of a lien." *See* Defendants' Case Management Statement, filed April 9, 2007, at 6, fn. 1. This is despite the Superior Court's unequivocal Order that a malicious prosecution may, in fact, be based on the assertion of this very kind of lien. April 18, 2006 Order at 3:12-13 ("giving notice of a HLA lien under Civil Code 3045.3, is equivalent to filing a complaint in a civil action."). Defendants responded to that order by calling it "troubling," and have stated, despite the Order's unequivocal language: "Sutter Health contends that the Court stopped short of holding that liens were 'actions' for malicious prosecution purposes." Letter from Marcia Augsburger to Hank Willson of April 2, 2007 at 3; Letter from Marcia Augsburger to Hank Willson of April 13, 2007 at 4, attached as Exhibits B and C to the Willson Decl.

Now, instead of producing the discovery required by the Superior Court, Defendants have chosen to remove this case. What's more, they now wish to dismiss half of the Defendants based on the less-than-flimsy grounds of the inconvenience of witnesses. As shown above, Defendants have already sanctioned this District as the proper venue. Defendants' attempts to forum-shop and avoid a Judge with whom they disagree must be denied.

**E. EVEN IF DEFENDANTS HAD NOT ALREADY AGREED TO THIS DISTRICT AS THE PROPER VENUE, THE FACTORS CONSIDERED ON A MOTION TO TRANSFER WEIGH IN FAVOR OF MAINTAINING THIS CASE IN THIS DISTRICT**

**1. This District Is Equally Proper to the Eastern District**

As shown above, Defendants cannot request a transfer of venue here, because they have already agreed to this District as the proper venue by virtue of their removal. *See* §III.A, *supra*. Even putting aside this well-established law, under Defendant's own case, the place where "the claim arose" is the proper venue, and "a claim arises 'in any district in which a substantial part of

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
9

the act, events, or omissions occurred that gave rise to the claim for relief.' *District No. 1, Pacific Coast Dist., M.E.B.A. v. State of Alaska*, 682 F.2d 797, 798, 799 (9th Cir. 1982) (quoting *Sutain v. Shapiro & Lieberman*, 678 F.2d 115, 117 (9th Cir. 1982)).  Under this "substantial contacts" test, "a claim may sometimes arise in more than one district." *Id*. at 799.

In this situation, the United States Supreme Court has held:

> a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but not of the plaintiff)—may be assigned as the locus of the claim.

*Leroy*, 443 U.S. at 185.

Here, Defendants flatly admit that half of the Defendants are in this District, making it "equally plausible" that this is the proper District for this case: half of the witnesses are located in this District.  Plaintiff chose state court for this case, and Defendant voluntarily chose to remove it to this District.  This District is where it should stay.

### 2. The Factors to Be Considered on a Motion to Transfer Venue Weigh in Favor of Keeping this Case in this District

Nowhere in their brief do Defendants actually cite a case indicating the factors considered in the Ninth Circuit for a motion to transfer venue.  In *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000), the Ninth Circuit considered the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

The older case of *Decker Coal*, 805 F.2d at 843 stated, in discussing a Motion to Transfer Venue:

> the court should consider private and public interest factors affecting the convenience of the forum. [Citation.]  Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. [Citation.] Public factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws,

Schneider & Wallace

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
10

or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Many of these factors assume a proposed transfer between two states, which, while inapplicable here, show that transfer from one Court to another only 90 miles away was not the purpose of the venue transfer statute.

Of the factors that apply, all are either neutral or favor this District as the venue. Plaintiff chose to bring this case in state court, which is situated in this District. Defendants admit that half of their contacts are with this District. The differences in the costs of litigating are non-existent, access to sources of proof are the same, and process is fully available to compel unwilling witnesses in either District.

In their brief, Defendants frequently refer to "hardship," but never provide any evidence of it. Hardship cannot be assumed simply because some Defendants are located in the Eastern District. The fallacy of Defendants' assumption is nearly comical: Defendants focus on the hardship that will be caused to Memorial Hospitals Association and its employee, Gayl Lounsbury, in Modesto. *See* Defendants' Motion at 5:27. But a case arising in Modesto would be referred to the Fresno division of the Eastern District, which is *further* from Modesto than is San Francisco, where this Court is located.

This is not a case involving potential transfer across the country, or even to another state. Defendants are basing their entire Motion to Dismiss or Transfer Venue on the fact that this case *might* require *half* of the witnesses to travel 90 miles to testify. There simply is no hardship here. *See, e.g., Kinney*, 736 F.Supp. at 829 ("in an age when photocopiers and facsimile machines abound, the physical location of documents has lost much of its significance."). Defendants certainly cannot make the "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843. It is apparent that Defendants are using this Motion as an excuse to forum-shop, disrupt this case, and undermine the class action process.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss or Transfer Venue. In the alternative, Plaintiff respectfully requests that this

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
11

1  Court continue the hearing on Defendants' Motion so that Plaintiffs' impending Motion to Remand
2  may be heard, and ruled upon, first.
3
4  Respectfully Submitted,
5  Date: July 20, 2007					SCHNEIDER & WALLACE
6							LAW OFFICE OF LINDA ROSS
							ROBOOSTOFF & KALKIN, PLC
7
8							  /s/
9							Hank Willson
							Counsel for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHNEIDER & WALLACE

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
12