# EXHIBIT A

*4328833*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

ENDORSED FILED
ALAMEDA COUNTY
NOV - 3 2006
CLERK OF THE SUPERIOR COURT
By E. Opelski-Erickson, Deputy

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>SUTTER HEALTH, and DOES 1 through 24, inclusive,<br><br>　　Defendants. | No. RG05-221764<br><br>ORDER DENYING MOTION OF PLAINTIFF TO COMPEL DISCOVERY.<br><br>Date:　November 2, 2006<br>Time:　11:00 a.m.<br>Dept.:　22 |

　　The motion of Plaintiff to compel discovery came on for hearing on November 2, 2006, in Department 22 of this Court, the Honorable Ronald M. Sabraw presiding. Counsel appeared on behalf of Plaintiff and on behalf of Defendant. After consideration of the points and authorities and the evidence, as well as the oral argument of counsel, IT IS ORDERED: The motion of Plaintiff to compel discovery is DENIED.

　　POSESSION, CUSTODY, OR CONTROL. The Court's review of the law suggests that a parent corporation must produce documents in the possession of corporations over which it has control but that sibling corporations or agencies are not required to produce documents in the possession of their siblings.

　　The information concerning the relationship between Sutter Health and the affiliated hospitals is ambiguous. The Articles of Incorporation state that the primary purpose of Sutter

1

Health is to support the affiliated hospitals (Articles, II-B) and that in furtherance of that purpose Sutter is authorized "To assist in or perform administrative functions of the charitable organizations that it supports" (Articles, II-B(7)). It appears that Sutter Health has participated in settling litigation involving the affiliated hospitals. (Willson Dec., Exh G.) Brian Hunter, Sutter's Vice President, however, states that Sutter Health owns no hospitals and is not authorized to act on behalf of the affiliated hospitals absent a grant of authority. (Hunter Dec., para 5 and 7.) Mr. Hunter states that the affiliated hospitals have separate boards of directors and are separately licensed. (Hunter Dec., para 10, 14, and 15.)

Plaintiff has not presented sufficient evidence to establish that Sutter Health has sufficient control over the affiliated hospitals that it has possession, custody, or control of their documents within the meaning of C.C.P. 2031.010(a). *2,022 Ranch v. Superior Court* (2003) 113 Cal. App. 4th 1377, 1387 (in discovery motions the Court must weigh and resolve conflicts in the evidence). Therefore, the motion to compel the production of documents is denied.

SANCTIONS. The request of Sutter Health for sanctions is denied.

FURTHER PROCEEDINGS. Sutter Health has offered to produce a witness to testify about the relationship between Sutter Health and the affiliated hospitals. (Augsburger Dec, para 6.) If Plaintiff obtains additional information about the relationship between Sutter Health and the affiliated hospitals, then Plaintiff may file a new motion to compel based on the new information.

Dated: November 3, 2006

_____
Judge Ronald M. Sabraw

2

# EXHIBIT B



**McDonough Holland & Allen PC**
Attorneys at Law

Marcia L. Augsburger
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

April 2, 2007

**VIA E-MAIL**

W.H. "Hank" Willson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104

Re:  *Melinda Campbell, et al. v. Sutter Health*
     Alameda County Superior Court No. RG05221764

Dear Hank:

This letter responds to yours of March 28, 2007.

First, you state that you have not received any documents. In fact, on February 23, 2007, we sent you a disk containing 893 pages of documents responsive to the document requests in your deposition notice. The responses to the subpoenas you issued to Sutter Health-affiliated hospitals stated that some documents that were responsive to the deposition notice were also responsive to the subpoenas. Moreover, the subpoena responses that we served you on March 20, 2007 were accompanied by documents responsive to some of the requests. We suggest you re-review our responses, particularly Sutter Roseville's. We are waiting for more non-confidential responsive documents, which we have sought from third parties. We will forward them to you upon receipt.

Second, you state that Sutter is asking Plaintiff to agree that documents to be produced in response to the subpoenas are confidential before actually seeing the documents. There is no room for dispute about whether the documents we mark "confidential" are, in fact, confidential. Sutter Health and/or the hospitals and/or third parties consider them confidential, proprietary, and trade secrets, and that makes them confidential, proprietary, and trade secrets absent a court order to the contrary. By executing the confidentiality agreement and protective order, you would simply be permitting us to produce them with appropriate protections. Otherwise, we cannot produce them. When you review the documents, if you believe it is important for any

Sacramento
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

Oakland
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

Yuba City
422 Century Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

1003396v1 09504/0502



**McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Willson
SCHNEIDER & WALLACE
April 2, 2007
Page 2

of the documents to be made public, you may seek relief from the stipulation and protective order from the Court.

We cannot overstate the importance of the public interest in maintaining the confidentiality of proprietary documents in the health care field. Because of this, we have no choice but to hold firm to our position. If you are able to convince a Court to order the publication of information that could result in unfair competition and price fixing in the health care area, we will have to deal with that as best we can when the time comes.

Third, you ask us to produce an updated privilege log that complies with Code of Civil Procedure section 2031.240. Section 2031.240 applies to demands for inspection served on parties, not to subpoenas served on non-parties. Thus, the responding hospitals are under no obligation to comply with Section 2031.240. The responding hospitals produced privilege logs in the spirit of cooperative discovery. The privilege logs may be "bland," but they fully advise you that Sutter Health and some affiliates do, in fact, have written policies relating to third party liens. This, as we understand your case, is one of the things you really want to know. We have offered to produce the policies if you agree not to assert that Sutter Health or any of its affiliates have waived the attorney-client privilege or work product protection. This is imminently reasonable.

Finally, you state that Sutter has made a "unilateral decision to withhold relevant documents based on Sutter Health's interpretation of the class definition and the law regarding malicious prosecution… ." On the contrary, based on the class definition in your complaint and discovery responses, and the law regarding malicious prosecution, we have properly determined that the documents you seek are not relevant. You may challenge that, but we are not required to respond to improper discovery requests.

The Court's Order regarding Sutter Health's second demurrer ("Order") does not change this. You quote a portion of that Order, out of context, to support your position that a malicious prosecution action may be based on assertion of an HLA lien. The text you quote is in the Court's discussion about the litigation privilege. The Court was explaining that if "providing notice of a HLA lien is simply providing notice, then provision of the notice would not be protected by the litigation privilege." Order 2:7-8. However, the Court noted, the litigation privilege applies not only to civil actions, but also to "litigation activity." Id. 2:8-3:11. Because "litigation activity" is a very broad category that includes liens that are prerequisites to judicial proceedings, the Court concluded that liens are equivalent to civil complaints that


McDonough Holland & Allen PC
Attorneys at Law

W.H. "Hank" Willson
SCHNEIDER & WALLACE
April 2, 2007
Page 3

initiate judicial proceedings for purposes of the litigation privilege. The Court did not conclude that HLA liens are also "prior actions" for purposes of malicious prosecution. Instead, the Court stated, in the malicious prosecution section of its Order, that "[t]he complaint adequately alleges that the prior action (the notice of lien) was in the nature of a civil action commenced by or at the direction of the defendant." Order 3:22-23 (emphasis added). The Court's statement is troubling because on demurrer only the factual allegations are taken as true, but in any event, the Court stopped short of holding that liens were "actions" for malicious prosecution purposes, and the law is, in our view, clearly to the contrary. Absent a clear order from the trial and/or an appellate court in this case, we will not agree that malicious prosecution may be based on mere assertion of a lien.

Very truly yours,

Marcia L. Augsburger

MA:ry

1003396v1 09504/0502

# EXHIBIT C

Case 3:07-cv-03406-MMC     Document 29-2     Filed 07/20/2007     Page 8 of 12

 **McDonough Holland & Allen PC**
Attorneys at Law

Marcia L. Augsburger
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

April 13, 2007

**VIA E-MAIL**

W.H. "Hank" Willson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104

Re:   *Melinda Campbell, et al. v. Sutter Health*
      Alameda County Superior Court No. RG05221764

Dear Hank:

This letter responds to yours of April 6, 2007.

Apparently, there is still a disconnect between us about the confidentiality agreement and protective order Mr. Barnes and I sent you. The agreement is one we have refined over more than 6 years, for health care providers' use in highly confidential binding arbitrations and court proceedings with Health Plans, to address the extremely sensitive nature of their dealings. You have asked for contracts between Sutter Health affiliated hospitals and Health Plans and for other highly sensitive materials. The contracts contain confidentiality provisions that do not permit Sutter Health to disclose the contract terms to anyone, absent an agreement and protective order like the one we sent you. The disclosure of information contained in those agreements, and other documents at issue, would adversely affect Sutter Health's ability to compete in providing health care services in Northern California – particularly pricing and other terms negotiated with Health Plans. The forced exposure of such terms to competitors would raise significant business and legal concerns.

The confidentiality agreement we sent you represented a significant compromise on the part of Sutter Health affiliates, and a sincere effort to find a way to produce documents to you. However, the changes you made, particularly those made to paragraph 12 of the agreement we sent you, and the comments in your April 6, 2007 letter, indicate that you do not appreciate the nature and level of harm that could

**Sacramento**
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

**Oakland**
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

**Yuba City**
422 Century Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

1005608v3 09504/0502

 **McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Willson
SCHNEIDER & WALLACE
April 2, 2007
Page 2

befall Sutter Health affiliated hospitals and other providers if pricing and other information is disclosed.

With regard to the specific changes in the draft agreement you sent us (and referring below to the paragraphs in your draft):

- I do not understand what you intend to mean by "evidentiary matters" in paragraph 3.

- In paragraph 4, we used the term "documentation" in an effort to cover electronic data. You changed this to "documents." Does that mean you do not seek electronic data, or that you intend that it not be covered by the protective order?

- Your new Paragraph 5 is unnecessary, because if we reach an agreement, we will comply with it. At most, paragraph 5 merely re-states our duty to act in good faith. Nonetheless, we probably would agree to it if we reached agreement on other terms.

- The paragraph you added as number 6 is not acceptable. The Court can decide who has the burden, if and when called upon to do so.

- I do not understand your changes to paragraph 8, but they appear to change the meaning, and are therefore unacceptable.

- Paragraph 10 is acceptable.

- Paragraph 11 is acceptable with the exception of the sentence on page 5 at lines 5-6 regarding the burden of persuasion. Again, the court can decide who bears the burden, if and when called upon to do so.

- Your changes to paragraph 12 render it meaningless. It is one of the most important provisions in the agreement, for the reasons I explained above. Plaintiff and all her counsel must understand and agree that disclosure would be contrary to the public interest. Otherwise, if and when you or we need to file confidential documents with the Court, we may be unable to have the documents sealed. In our experience, judges are very reluctant to seal court documents unless disclosure would be clearly contrary to the public interest. Ultimately, of course, the Court will determine what is in the public interest without regard to what we put in the agreement.

1005608v3 09504/0502

**MHA**  McDonough Holland & Allen PC
Attorneys at Law

W.H. "Hank" Willson
SCHNEIDER & WALLACE
April 2, 2007
Page 3

- However, your written expression that you understand the concerns, and that you share our interest in avoiding market disruption, will provide us some assurance that your motives are proper, and that we will not have to argue with you about sealing the documents later. If you are concerned that this paragraph will somehow preclude you from arguing that you are entitled to private attorney general fees, we can deal with that by separate provision. However, we cannot and will not modify the provisions of paragraph 12 we submitted to you.

- I also noted that we inadvertently omitted "or health plan," at line 15 of your draft. The provision should read: ". . . it could cause serious harm by giving the competitor *or health plan an* unfair advantage in contract negotiations ...."

- Your changes to paragraph 13 are problematic. I see that you were attempting to make the agreement mutual, but in this context, that is unnecessary unless you are withholding confidential documents from us. You have not mentioned that this is the case. In any event, we cannot agree to notify you when we receive a subpoena for Sutter Health or Sutter Health affiliated hospital records from another party in another lawsuit. That would not concern you or this case.

- The changes you made to paragraph 18 also presume that you are withholding documents you deem confidential. Please advise.

- Paragraph 19 is also critical. If you do not appreciate the sensitivity of the information, and express an understanding and agreement about its importance in advance, we cannot provide it to you.

You apparently agree that if we produce documents we contend are privileged, you will not argue that we have waived the privilege or any work product protection. However, internal business documents, including the policies here, are proprietary and private, as well as privileged. If you want to reserve some right to argue that the policies are not privileged or protected, I must assume that you also want to argue that Sutter Health and the affiliated hospitals should not consider them proprietary and private. That is not acceptable because, frankly, we do not believe that is your call. It is a business question.

Your last paragraph mischaracterizes my statements and I am offended by your suggestion that we would ever ignore a court order. When I said a portion of Judge

1005608v3 09504/0502

 **McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Willson
SCHNEIDER & WALLACE
April 2, 2007
Page 4


Sabraw's Order is "troubling," I clearly explained what I meant: "The Court's statement is troubling because on demurrer only the factual allegations are taken as true ..." but the Court stated that "[t]he complaint <u>adequately alleges</u> that the prior action (the notice of lien) was in the nature of a civil action commenced by or at the direction of the defendant." Order 3:22-23 (emphasis added). We think the Order is ambiguous because the question of whether the filing of a notice is an action is a matter of law, not a factual allegation as suggested by the Court's Order. There is, in our view, absolutely no ruling from the Court that the assertion of a notice of lien is a "prior action," fully litigated and terminated in the defendant's favor, for purposes of a malicious prosecution claim. We are absolutely convinced that under the law, a malicious prosecution claim may only arise from a lien upon which an action in court is based, and only where disposition of such an action was in the defendant's (malicious prosecution plaintiff's) favor.

Very truly yours,

Marcia L. Augsburger

MA:ry