1  TODD M. SCHNEIDER (SBN 158253)
   JOSHUA KONECKY (SBN 182897)
2  W.H. "HANK" WILLSON (SBN 233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Tel: (415) 421-7100
   Fax: (415) 421-7105
5  TTY: (415) 421-1665

6  LINDA ROSS (SBN 85563)                    SCOTT KALKIN (SBN 120791)
   LAW OFFICE OF LINDA ROSS                  ROBOOSTOFF & KALKIN, PLC
7  2204 Union Street                         369 Pine Street, Suite 610
   San Francisco, California 94123           San Francisco, California 94104
8  Tel: (415) 563-2400                       Tel: (415) 732-0282
                                             Fax: (415) 732-0287
9  Attorneys for Plaintiff and the Proposed Class

10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12  | | |
    |---|---|
    | MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, | Case No. 3:07-cv-03406-MMC |
    | Plaintiffs, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES** |
    | vs. | |
    | SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive, | Date: August 31, 2007<br>Time: 9:00 am<br>Courtroom: 7<br>Judge: The Hon. Maxine M. Chesney |
    | Defendants. | |

**MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 31, 2007, at 9:00 am, or as soon thereafter as the matter may be heard in the United States District Court, Northern District of California, the Hon. Maxine M. Chesney presiding, Plaintiff will and hereby does move the Court for an order remanding this case back to the Superior Court of California, County of Alameda.

Plaintiff's Motion to Remand is made on the grounds that this Court does not have subject matter jurisdiction over this case under 28 U.S.C. §§1331, 1332, 1334 or 1441. Plaintiff's Motion for Attorneys' Fees and Costs is made on the grounds that, under circumstances such as those presented here, such fees and costs may be awarded under 28 U.S.C. §1447(c). Plaintiff's Motion is based on this Notice, Plaintiff's Memorandum of Points and Authorities in Support of this Motion, the Declaration of Joshua Konecky, all other papers on file in this action, and such further argument or evidence as may be presented at the hearing.

Respectfully submitted,

Date: July 27, 2007
                                        SCHNEIDER & WALLACE
                                        LAW OFFICE OF LINDA ROSS
                                        ROBOOSTOFF & KALKIN, PLC

                                        /s/
                                        Hank Willson
                                        Counsel for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. PROCEDURAL HISTORY............................................................................................. 4

IV. ARGUMENT .................................................................................................................. 6

    A. THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1331, AS THERE IS NO FEDERAL QUESTION PRESENTED........................... 6

        1. Defendants Fail to Carry Their Heavy Burden to Establish Federal Jurisdiction Under the "Well-Pleaded Complaint Rule" ............................... 6

        2. Removal Jurisdiction May Not Be Based on an Argument Used Solely as a Defense ................................................................................... 7

        3. Defendants, Through Their Removal, Are Asking this Court to Review Closed Bankruptcy Cases ............................................................. 8

    B. THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1334, BECAUSE PLAINTIFF'S STATE LAW CLAIMS DO NOT ARISE UNDER OR RELATE TO ANY ASPECT OF FEDERAL BANKRUPTCY LAW ....................................................................................... 8

        1. Plaintiff's Complaint Is Not a "Core" Proceeding Arising Under Bankruptcy Law ........................................................................................ 8

        2. Plaintiff's Complaint Is Not "Related to" a Bankruptcy Proceeding ............. 9

    C. "MANDATORY ABSTENTION" REQUIRES THAT THIS COURT REMAND THIS MATTER BACK TO STATE COURT ....................................... 10

    D. EVEN IF JURISDICTION EXISTED HERE, THE COURT SHOULD ABSTAIN FROM HEARING THE CASE BECAUSE STATE LAW PREDOMINATES AND THE CLAIM IS BETTER LEFT TO THE STATE COURT................................................................................................... 11

    E. DEFENDANTS' REMOVAL PETITION IS UNTIMELY, AND THEREFORE MUST BE DENIED ................................................................... 13

    F. DEFENDANTS SHOULD BE ORDERED TO PAY PLAINTIFF'S ATTORNEYS' FEES AND COSTS ................................................................ 14

V. CONCLUSION............................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) ...........................14

*Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) ...................................................................13

*Burgos v. United Airlines, Inc.*, 2002 WL 102607 (N.D.Cal. 2002) ...............................................6

*Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249 (9th Cir. 1989) ..............................13, 14

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .........................................................................6

*Chiodo v. NBC Bank-Brooks Field*, 88 B.R. 780 (W.D.Tex. 1988) ...............................................10

*Christensen v. Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir.1990) ...............................................12

*Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000) .......................................................................10

*Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 (9th Cir.1997) ................................................6

*Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707 (N.D.Cal. 1994) ...................................13

*Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1 (1983) .........................................................................................7

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ...........................................................................6

*In re Boughton*, 49 B.R. 312 (Bankr.N.D.Ill. 1985) ......................................................................11

*In re Comtek Electronics, Inc.*, 23 B.R. 449 (Bankr.S.D.N.Y.1982) .............................................13

*In re Fietz*, 852 F.2d 455 (9th Cir.1988) .........................................................................................9

*In re Fitzgeralds Gaming Corp.*, 261 B.R. 1 (Bankr.W.D.Mo. 2001) ......................................10, 11

*In re Hudson Oil Co., Inc.*, 68 B.R. 735 (D. Kan. 1986) .................................................................9

*In re Midgard Corp.*, 204 B.R. 764 (10th Cir. Bankr.App.Panel 1997) ........................................10

*In re Yerasi v. Metropolitan Savings and Loan*, 921 F.2d 282, 1990 WL 223046 (9th Cir. 1990) ......................................................................................................................9

*Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302 (9th Cir.1989) ................................................9

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) ...............................................6

*McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223 (C.D.Cal.2000) ...........................13

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) ........................................1

*Nishihama v. City and County of San Francisco*, 93 Cal.App.4th 298 (2001) .............................13

*Olsen v. Foundation Health Plan*, 1999 WL 390842 (N.D.Cal. 1999) .........................................13

1 | *Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005) ...............................................3, 13

2 | *Rand v. Empire Funding Corp.*, 132 F.Supp.2d 497 (S.D.Miss. 2000) ............................................9

3 | *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579 (6th Cir. 1990) ...................................10

4 | *Thomasson v. AmSouth Bank*, 59 B.R. 997 (N.D.Ala. 1986)...........................................................10

5 | *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal. 1972).......................13

6 | *Varney v. Johns-Manville Corp.*, 653 F.Supp. 839 (N.D.Cal. 1987) ...............................................13

7 | *Wee Luv Childcare, Inc. v. United States ex rel. I.R.S.*, 219 B.R. 607 (W.D.Okla 1997).................9

**Statutes**

28 U.S.C. §1334(c)(1) .............................................................................................................................11

28 U.S.C. §1334(c)(2) .............................................................................................................................10

28 U.S.C. §1446(b)..............................................................................................................................2, 13

28 U.S.C. §1447(c)...................................................................................................................1, 7, 14, 15

28 U.S.C. §157(b)(1)..................................................................................................................................8

## I. INTRODUCTION

After two years of hotly contested litigation in state court, which has thus far included two demurrers, two motions to compel, a disputed motion for leave to amend, much discovery, and two amended complaints, Defendants have chosen, quite suddenly, to remove this case to federal court. Defendants base their removal petition on alleged federal question jurisdiction, despite the fact that this case does not, and never has, alleged any sort of claim under any federal law, statute, case, or regulation. Defendants do not even contend that diversity jurisdiction exists here, as there is none.

The Second Amended (and operative) Complaint ("SAC") contains only three state-law causes of action. None of the complaints in this action have ever alleged anything but state law causes of action. And yet, after the state court issued both merits and discovery orders adverse to Defendants, and on the eve of the day that the state court had required Defendants to produce substantial amounts of discovery (after multiple previous delays), Defendants removed to this Court. Because federal jurisdiction "may not be sustained on a theory the plaintiff has not advanced," Defendants' petition for removal must fail. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986).

Defendants claim that Plaintiff's complaint's mention of past, closed bankruptcy proceedings provides this Court with jurisdiction. But 28 U.S.C. §1334 only allows for federal jurisdiction if the case is a pending bankruptcy proceeding or is "related to" a bankruptcy proceeding in that its outcome will affect a bankruptcy estate. Clearly, this case is not a bankruptcy proceeding in itself. Furthermore, because, by definition, it only implicates closed bankruptcy cases and terminated bankruptcy estates, it cannot and will not affect any bankruptcy estates. Therefore, no jurisdiction exists under 28 U.S.C. §1334.

This case contains only state-law claims of malicious prosecution and unfair competition, regarding state court interpretations of a state statute. This is, quite simply, a California case, and this Court does not have subject matter jurisdiction. Defendants' obvious efforts to forum-shop, avoid a Judge who has ruled against them, and disrupt this litigation should not be countenanced. Even if this Court did have jurisdiction (and, as Plaintiff will show below, it most certainly does

not), principles of comity and efficiency require this Court to abstain from hearing this matter, and to remand this case back to California state court, where it belongs.

Finally, Defendants have failed to remove this case in a timely manner. 28 U.S.C. §1446(b) requires that removal petitions "must be filed within thirty days after the receipt by the defendant…of a copy of the initial pleading[.]" The overwhelming majority of courts, including the Ninth Circuit, have held that this rule applies to the first-served defendant with the first pleading. Since this case has been pending for over two years, Defendants have clearly violated this procedural requirement. This is especially the case here, where Defendants are all part of a unified entity, all have the same counsel, and where the later-added Defendants were served with (and responded to) discovery many months ago. Defendants were well aware of this action years ago—to allow them to remove now is an abuse of the removal statute and should not be allowed.

## II.    BACKGROUND

Plaintiff brought this class action on behalf of a California class, alleging exclusively state-law causes of action against California Defendants. Plaintiff alleges that Defendants Sutter Health and its hospital affiliates violate the interpretation that California courts have given to California Civil Code §3045.1, by asserting liens for the payment of medical services against person who owe Defendants no debt. Defendants' policy, which Plaintiff's SAC and all of her previous complaints claim is unlawful, is as follows: for persons who receive medical services at a Sutter Health hospital affiliate as the result of an injury, and who subsequently bring an action against the tortfeasors who caused their injuries, Sutter Health and its hospitals assert liens against their tort claims in order to collect their so-called "customary charges" for the medical services. Sutter Health and its hospitals assert, maintain and pursue these liens even if the injured persons do not owe Sutter Health or its hospitals any debt for the medical services, and even though Sutter Health and its hospitals *know* that no debt is owed.

There are various reasons why the injured person's debt could have been extinguished, including payment for the services by the injured person's insurance company, bankruptcy, or some other means. Regardless of the reasons why no debt is owed, Sutter Health and its hospitals continue to use the same set of judicial tools in the same common fashion to enforce the liens even

though they are aware that no debt exists.  According to the California Supreme Court in *Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005), such attempts by health care providers, such as Sutter Health and its hospitals, to recoup charges absent an underlying debt are unlawful in California.  Despite *Parnell*, Sutter Health and its hospitals have continued unlawfully to assert and collect on these liens.

Plaintiff's SAC, which is the operative complaint after two contested Sutter Health demurrers and a Motion for Leave to Amend by Plaintiff in the Superior Court, contains only state-law causes of action.  The SAC alleges, and the Superior Court has upheld after two demurrers, Plaintiff's claims for malicious prosecution and violation of California's Business and Professions Code §§17200, *et seq*. (California's "UCL") as a result of Defendants' lien policy.  *See* Order of April 18, 2006 at 3:16, 5:9, attached as part of Exhibit C to Defendants' Notice of Removal at tab 44.  Nowhere in the complaint does Plaintiff allege a federal claim or even suggest that a matter of federal law need be resolved.  Nonetheless, the Defendants allege federal jurisdiction on the basis that Plaintiff's debt to Defendants was extinguished by virtue of bankruptcy proceedings which were uncontested and have been completed well prior to the filing of this lawsuit.  This background information in the complaint does nothing more than to explain why Plaintiff and class members no long owe a debt to Defendants; it does not inform the inherently state-law question at issue: whether it is malicious prosecution or an unfair business practice to pursue a lien on a debt that has already been paid by insurance, extinguished by bankruptcy, or eliminated by other means. Defendants' attempt to suggest otherwise is merely a tactic to stall this litigation, get away from a state-court Judge whose merits and discovery rulings Defendants do not like, and avoid the substantial discovery production which the Superior Court had ordered Defendants to produce (the day after their removal petition was filed).

Defendants blatantly misrepresent Plaintiff's state-law claims as arising under or relating to a federal question of bankruptcy law.  *See* Notice of Removal at ¶6.  But the complaint does not seek or require any interpretation of federal law under bankruptcy.  The commencement and complete resolution of bankruptcy for Plaintiff is just one example of the ways in which an

individual's debt to Sutter Health and affiliated hospitals might be discharged. Furthermore, those debts have been completely discharged through bankruptcy proceedings that are now closed.[1]

The class as Plaintiff has defined it includes only those persons for whom no underlying debt exists, regardless of whether the debt was paid by an insurer or extinguished through bankruptcy. By definition, this class does *not* include individuals with pending bankruptcy proceedings. There is simply no bankruptcy here, and thus no jurisdiction over these entirely state-law claims.

### III. PROCEDURAL HISTORY

Plaintiff initially filed this action on July 8, 2005, against Defendant Sutter Health, alleging violations of California's Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.*, unjust enrichment, conversion and trespass to chattels, fraud and negligent misrepresentation, and unfair and unlawful business practices in violation of California Business and Professions Code §§17200, *et seq.* ("UCL"). After two Sutter Health demurrers, the Superior Court upheld Plaintiff's state-law malicious prosecution claim, and her claim under California's UCL. *See* Order of April 18, 2006, attached as part of Exhibit C to Defendants' Notice of Removal at tab 44; *see also* Konecky Decl. at ¶2.

On July 26, 2006, Plaintiff propounded discovery seeking documents and information regarding the liens at issue, including copies of the liens themselves and policy documents governing the assertion and pursuit of liens. Konecky Decl. at ¶3. After requesting and receiving a lengthy extension of time to respond, Sutter Health then refused to produce any documents. Konecky Decl. at ¶4. Sutter Health took the position that it would need to seek the documents directly from its hospital affiliates. *See* Order of November 3, 2006 at 2:10-12, attached as Exhibit A to the Konecky Decl.

---

[1] Representative Plaintiff Melinda Campbell specifically listed her debts to Sutter Health and affiliated hospitals in the bankruptcy papers and received an order from the bankruptcy court discharging the debt. *See* Discharge of Debtor and Final Decree, attached as Exhibit D to the Declaration of Joshua Konecky in Support of Plaintiff's Motion to Remand ("Konecky Decl.").

Curiously, after Plaintiff served the subpoenas directly on the hospital affiliates, Sutter Health's counsel announced that it would be representing all of the hospital affiliates. *See* Defendants' Case Management Statement, filed April 9, 2007, at 3:22-23, attached as part of Exhibit C to Defendants' Notice of Removal at tab 62. Defendants' counsel then asked for another lengthy extension until March 21, 2007 to respond to the subpoenas. After Plaintiff's counsel agreed to the extension, the hospitals served on Plaintiff's counsel 23 sets of nearly identical boilerplate objections, and have, to date, produced records relating to only *four* liens (though it is undisputed that there are many more liens implicated by Plaintiff's definition of the class). Konecky Decl. at ¶5. Plaintiff moved to compel, and the Superior Court ordered Defendants to produce the documents and responses. *See* Order of June 12, 2007, attached as part of Exhibit C to Defendants' Notice of Removal at tab 76. In particular, the Superior Court required Defendants to produce "policies and procedures regarding the HLA liens, affiliation agreements between Sutter Health and the affiliate hospitals, and contracts between the affiliate hospitals and insurance companies" by June 29, 2007. Order of June 12, 2007 at 8:21-24.

In light of Sutter Health's insistence that its hospitals were the entities asserting the liens at issue, and in light of the information gleaned from the deposition of Sutter Health's designee, Plaintiff sought and received leave from the Superior Court to amend her complaint to add Sutter Health's 23 hospital affiliates as Defendants. *See* Order of June 12, 2007 at 2:2-3:23. The amended complaint did not add any new causes of action, allege any federal claims, or change the underlying theories of liability in any way, other than to allege that all Defendants were liable for aiding and abetting the violations of state law alleged in the original complaint. Only after this amended complaint was filed, and on June 28, 2007, the very day before they were required by the Superior Court to produce substantial discovery, did Defendants remove this action to federal court. Konecky Decl. at ¶6. Just a week later, before Plaintiff had been given a chance to file her Motion to Remand, Defendants filed a Motion to Dismiss or Transfer Venue. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue, Document No. 28. In light of the well-settled law that jurisdictional issues should be decided before procedural ones, Plaintiff's counsel sought the stipulation of Defendants' counsel to continue the hearing date on their Motion,

so that this Motion to Remand, which addresses the fundamental issue of this Court's jurisdiction to hear this case, could be ruled upon first.  *See* Exhibit A to Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or Transfer Venue, Document No. 22. Defendants' counsel flatly refused to continue the hearing.  *See* Exhibit B to Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or Transfer Venue, Document No. 22.

## IV.  ARGUMENT

### A.  THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1331, AS THERE IS NO FEDERAL QUESTION PRESENTED

#### 1.  Defendants Fail to Carry Their Heavy Burden to Establish Federal Jurisdiction Under the "Well-Pleaded Complaint Rule"

Generally, "the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Three key jurisdictional principles underlie this rule: "That the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."  *Id*. at 398-399.  Plaintiff "is the master of…her complaint and may avoid federal jurisdiction by exclusive reliance on state law."  *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir.1997).

It is well established that federal law is to be construed strictly against removal jurisdiction. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Defendant, as the removing party, bears the burden at all times of establishing that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance."  *Id* (emphasis added); *see also Burgos v. United Airlines, Inc.,* 2002 WL 102607, *1 (N.D.Cal. 2002) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts.").

Sutter Health and its affiliated hospitals have not and cannot demonstrate that Plaintiff's complaint pleads a federal cause of action on its face.  Defendants contend that Plaintiff's claims

are partially related to federal law because Plaintiff's estate passed through the hands of a bankruptcy judge. *See* Notice of Removal at ¶6. The fact that the bankruptcy Court has previously and definitively ruled on Plaintiff's underlying debt—in an uncontested petition—does not provide Defendants with federal jurisdiction here. That bankruptcy proceeding is over, and nothing more than a historical fact. It does not raise a federal question for this case. Moreover, under Defendants' theory, any hospital asserting a lien in defiance of a final bankruptcy discharge could short-circuit the finality of bankruptcy adjudication and create federal jurisdiction for any case in which the Plaintiff had once declared bankruptcy.

This Court does not have subject matter jurisdiction under 28 U.S.C. §1331. Defendants are attempting to fabricate a federal question that simply does not appear in Plaintiff's complaint. The complaint never states a federal cause of action and does not raise any substantial question of federal law. Whether the liens at issue are discharged by insurance, bankruptcy or otherwise, no federal question need be resolved, much less a substantial one. In the event, as here, where subject matter jurisdiction is lacking or questionable, the Court must immediately remand the case to the state court. 28 U.S.C. §1447(c). Plaintiff's complaint on its face only seeks state law claims with no need to interpret federal law—there is no federal question presented.

### 2. Removal Jurisdiction May Not Be Based on an Argument Used Solely as a Defense

An action raising a defense based in federal law does not create federal question jurisdiction "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 14 (1983). Defendants ignore that the issue they cite as the basis for their removal, even if it did raise a federal question, would only do so as a defense to Plaintiff's exclusively state-law causes of action. As a result, it simply does not appear on the face of Plaintiff's Complaint, and this Court does not have jurisdiction.

### 3. Defendants, Through Their Removal, Are Asking this Court to Review Closed Bankruptcy Cases

Plaintiff's class, as pled in her SAC, includes only persons whose bankruptcy proceedings have been definitely and finally ruled upon by bankruptcy courts. There is no need, nor would it be appropriate, for this Court to take a quasi-appellate, supervisory role and review final decisions by bankruptcy courts. Defendants had every opportunity to address the validity of their liens during the bankruptcy proceedings, but Defendants did not contest them. The proper channel for objecting to the discharge of the underlying debt would have been through those bankruptcy proceedings or through appeal in that litigation, not by attempting to remove this California class action to federal district court.

The only questions to be resolved in this case are interpretations of state law. To accept the Defendants' interpretation of Plaintiff's complaint would stretch the complaint to include a legal theory that it does not rely upon. This would circumvent Plaintiff's ability to be "master of the complaint" and unnecessarily reject Plaintiff's proper choice of state court. Defendants are improperly attempting to gain federal jurisdiction by asserting a defense that vaguely references federal bankruptcy law. Defendants' Notice of Removal is a groundless waste of judicial resources specifically intended by Defendants to stall this litigation.

### B. THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1334, BECAUSE PLAINTIFF'S STATE LAW CLAIMS DO NOT ARISE UNDER OR RELATE TO ANY ASPECT OF FEDERAL BANKRUPTCY LAW

Under 28 U.S.C. §1334, a federal district court has jurisdiction over "core" bankruptcy proceedings arising under Title 11 and matters "related" to a bankruptcy proceeding. Because this case is not a "core" bankruptcy proceeding, and because it is not "related to" a bankruptcy proceeding, this Court does not have subject matter jurisdiction.

#### 1. Plaintiff's Complaint Is Not a "Core" Proceeding Arising Under Bankruptcy Law

Core proceedings are those matters that directly "arise[e] under title 11" or that "arise[e] in a case under title 11." 28 U.S.C. §157(b)(1) (borrowing language from 28 U.S.C. §1334(b)). A "case under title 11" is the case begun by the filing of the bankruptcy and "the case upon which all of the proceedings which follow the filing of a petition are predicated." 1 Collier on Bankruptcy ¶

3.01, at 3-20 (15th ed. 1986). Core proceedings exclude claims that are state common law actions. *In re Hudson Oil Co., Inc.*, 68 B.R. 735, 740 (D. Kan. 1986)

Plaintiff's complaint is *not* a "core" proceeding under federal bankruptcy law. Quite simply, Plaintiff's complaint has nothing to do with the filing of a bankruptcy petition under title 11, and is not a bankruptcy proceeding flowing from the filing of a bankruptcy petition. This case arises under California law regarding malicious prosecution and unfair competition. It does not seek to adjudicate a bankruptcy petition. Thus, there is no jurisdiction under 28 U.S.C. §1334.

### 2. Plaintiff's Complaint Is Not "Related to" a Bankruptcy Proceeding

Just as Plaintiff's complaint does not present a "core" bankruptcy proceeding, this case is not "related to" a pending bankruptcy proceeding. A federal court has "related-to-bankruptcy" jurisdiction if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy; if the outcome of the proceeding could alter debtor's rights, liabilities, options, or freedom of action in a way which would impact the handling and administration of bankruptcy estate, the proceeding is " related to " a bankruptcy case. *See Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306-07 (9th Cir.1989); *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988).

The closing of the bankruptcy proceedings destroys any possible relationship between the outcome of a lawsuit and the administration of a bankruptcy estate. *See In re Yerasi v. Metropolitan Savings and Loan*, 921 F.2d 282, 1990 WL 223046, *2 (9th Cir. 1990). Once a bankruptcy proceeding is closed, the bankruptcy estate ceases to exist, and a claim cannot be "related to" that bankruptcy proceeding. *See Wee Luv Childcare, Inc. v. United States ex rel. I.R.S.*, 219 B.R. 607, 617(W.D.Okla. 1997) ("Plaintiffs' claims could not have any conceivable effect on Wee Luv's bankruptcy estate or on Wee Luv's rights or ability to reorganize because there is no longer any bankruptcy estate to administer, Wee Luv's bankruptcy case is closed"); *Rand v. Empire Funding Corp.*, 132 F.Supp.2d 497, 501 (S.D.Miss. 2000) (holding that state law claims were not "related to" bankruptcy cases, and thus did not come within court's jurisdiction, since no bankruptcy estate was presently being administered).

The purpose of "related to bankruptcy" jurisdiction is to encourage judicial efficiency where a large number of related matters might have an impact on a *pending* bankruptcy proceeding.

Congress was concerned with inefficiencies of piecemeal adjudication of matters affecting the administration of bankruptcies. Here, Plaintiff's complaint cannot affect the estate because the estate is affirmatively dissolved and no longer exists. Thus, there is nothing left for this case to be "related to."

"Related-to-bankruptcy" jurisdiction exists to ensure that related matters that would have an effect on ongoing bankruptcy proceedings are included in those proceedings. Contrary to Defendants' removal petition, it does not exist for the reverse proposition: to wrest from a state court matters upon which a closed, discharged, and finalized bankruptcy proceeding may possibly have an effect or historical significance. Defendants are attempting to abuse the "related-to-bankruptcy" concept of federal jurisdiction to forum-shop and escape a Superior Court Judge whose rulings they apparently do not like. Defendants' attempt to manufacture federal jurisdiction for this purpose must fail.

### C. "MANDATORY ABSTENTION" REQUIRES THAT THIS COURT REMAND THIS MATTER BACK TO STATE COURT

Even if this Court finds that it has subject matter jurisdiction, the Court must abstain from hearing the case under 28 U.S.C. §1334(c)(2). Section 1334(c) encourages and in certain cases requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is §1334(b)." *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1002 (N.D.Ala. 1986). Mandatory abstention applies in removed cases. *In re Midgard Corp.*, 204 B.R. 764, 774 (10th Cir. Bankr.App.Panel 1997); *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000); *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 (6th Cir. 1990); *Chiodo v. NBC Bank-Brooks Field*, 88 B.R. 780, 784-85 (W.D.Tex. 1988); *In re Fitzgeralds Gaming Corp.*, 261 B.R. at 8.

The elements a court must consider prior to determining if it is prohibited from deciding the claim or cause of action under §1334(c)(2) are: (1) whether a timely motion is made; (2) whether the claim or cause of action is based upon state law; (3) whether the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case; (4) whether the only basis for original jurisdiction in federal district court is the bankruptcy filing; (5) whether the

1   action has already commenced in state court; and (6) whether the action can be timely adjudicated

2   in the state court system. *In re Fitzgeralds Gaming Corp.*, 261 B.R. 1, 8 (Bankr.W.D.Mo. 2001)

3   (citing 28 U.S.C. § 1334(c)(2)).

4       Each of the six "mandatory abstention" elements are met here.  This motion was timely

5   filed, regarding a case based exclusively on state-law claims, which is not a "core" bankruptcy

6   proceeding and is not "related to" a bankruptcy proceeding.  The *only* basis for federal jurisdiction

7   is a purported bankruptcy question, this action was originally commenced in state court, and was

8   moving toward timely resolution (despite Defendants' repeated delay efforts) before Defendants

9   chose to derail it by removing.  Because each of these factors favors abstention here, even if this

10  Court did have subject matter jurisdiction, the Court is obligated to abstain and remand these state-

11  law claims back to the Superior Court where they belong.

### D. EVEN IF JURISDICTION EXISTED HERE, THE COURT SHOULD ABSTAIN FROM HEARING THE CASE BECAUSE STATE LAW PREDOMINATES AND THE CLAIM IS BETTER LEFT TO THE STATE COURT

14      In the interest of justice, the interest of comity with state courts, or out of respect for state

15  law, a district court may abstain from hearing a particular proceeding arising under title 11 or

16  arising in or related to a case under title 11.  28 U.S.C. §1334(c)(1).  Comity and justice dictate that

17  federal courts should abstain when the matter before it involves an important state policy.  *In re*

18  *Boughton*, 49 B.R. 312 (Bankr.N.D.Ill. 1985) (citing *Thompson v. Magnolia Petroleum Co.*, 309

19  U.S. 478 (1940)).  The Ninth Circuit employs the following factors in deciding if a district court

20  should abstain from hearing a case related to bankruptcy: (1) the effect or lack thereof on the

21  efficient administration of the estate if a Court recommends abstention; (2) the extent to which

22  state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the

23  applicable law; (4) the presence of a related proceeding commenced in state court or other non-

24  bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334; (6) the degree of

25  relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather

26  than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from

27  core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the

28  bankruptcy court; (9) the burden of [the bankruptcy court's] docket; (10) the likelihood that the

commencement of the proceeding in bankruptcy court involves forum-shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir.1990) (*citing In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr.S.D.Tex. 1987)).

Here, a balancing of the factors for abstention tips sharply in favor of abstention and remand to state court. (1) There will be no "effect on the efficient administration of the bankruptcy estate, because the bankruptcy estate is closed. (2) State-law issues predominate, because this case alleges only violations of state law. (3) This case presents potentially difficult and unsettled issues regarding the application of California court decisions to past conduct. (4) Though Plaintiff is not aware of a related case in state court, this is a state-wide class action that effects medical consumers throughout California, regarding an important issue of California state public policy. (5) There is absolutely *no* basis for federal jurisdiction other than 28 U.S.C. §1334. (6) This case is extremely remote from any bankruptcy case, as it, by definition, only even touches on bankruptcy cases which are closed, and bankruptcy estates which are terminated. (7) No "core" proceeding has even been asserted, because no open bankruptcy proceedings exist at all here. (8) Severing the state-law claims would not be feasible here, because without the state-law claims, no case would exist. (9) It would most certainly burden the bankruptcy court's docket to saddle it with an entirely state-law case, alleging only state law causes of action regarding state court interpretations of a state statute. (10) Defendants' forum-shopping is apparent here: they have removed the case after two years of heavily contested litigation, two demurrers, two motions to compel, and a motion for leave to amend the complaint. (11) Plaintiff has a right to a jury trial and has requested one here. (12) The focus of this proceeding is on Defendants, who are non-debtor parties. This indicates that a bankruptcy court is not the correct forum for this case.

Viewed as a whole, these factors show that Defendants are using 28 U.S.C. §1334 in a manner that is neither expected nor appropriate. These factors show that such removal should be reserved for actual bankruptcy proceedings, to be decided by a bankruptcy court. Furthermore, the central question of this case will be resolved based on the California court's interpretations of the

relevant California statute. *See Parnell v. Adventist Health System/West,* 35 Cal.4th 595 (2005); *Nishihama v. City and County of San Francisco*, 93 Cal.App.4th 298 (2001). Clearly, any inquiry into federal law would be tangential at best. Deference to the state court, which is "better able to respond" to such claims, militates strongly in favor of abstention and remand. *See In re Comtek Electronics, Inc.*, 23 B.R. 449, 451 (Bankr.S.D.N.Y.1982). The state court is plainly the proper forum for this dispute.

### E. DEFENDANTS' REMOVAL PETITION IS UNTIMELY, AND THEREFORE MUST BE DENIED

This case was originally filed on July 8, 2005 in state court, and original Defendant Sutter Health was served July 15, 2005. *See* Proof of Service of Summons and Complaint, attached as Exhibit B to the Konecky Decl. Defendant Sutter Health chose not to remove in a timely fashion, and thus this current Notice of Removal is untimely and must be denied. 28 U.S.C. §1446(b).

While Defendants claim in their Notice of Removal that the later addition of Sutter Health's hospital affiliates as Defendants makes this petition timely, *see* Notice of Removal at ¶4, this ignores that the "majority of courts," including the Ninth Circuit, "maintain that there is only one thirty-day period, which commences when the first defendant is initially served." *Olsen v. Foundation Health Plan*, 1999 WL 390842, *2 (N.D.Cal. 1999) (T. Henderson, J.). *See also Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249 (9th Cir. 1989); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1226-28 (C.D.Cal.2000); *Varney v. Johns-Manville Corp.*, 653 F.Supp. 839 (N.D.Cal. 1987); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal. 1972).

Defendant's own case openly admits that:

> The majority of published decisions have found that in multi-defendant actions, the thirty-day time period for removal commences for all defendants when service is accomplished on the first-served defendant. Once that thirty-day window of time for removal elapses, all defendants are barred from removing the action.

*Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 709 (N.D.Cal. 1994) (S. Armstrong, J.).

Here, as in *Cantrell*, Defendants do not, and cannot, contend that the addition of new Defendants created an alleged reason for federal jurisdiction that did not exist before. *Cantrell*, 873 F.2d at 1255. Like *Cantrell*, where the later-added Defendants are in privity with the original

Defendant, are represented by the same lawyers, and participated in the case by responding to discovery, the original complaint gave all Defendants "notice" of the purported "federal question raised by [Plaintiff's] complaint and gave them notice that they were both exposed to liability…Accordingly, [Defendants] lost their opportunity to remove the case when they failed to file a petition for removal within thirty days of the filing of the original complaint." *Id*. at 1256. Though Defendants may complain that such a rule is "unfair," it has been adopted by the majority of courts.  Furthermore, as the Fifth Circuit stated in *Brown*:

> To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the process of the suit.  The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant.  The forum for a suit out to be settled at some time early in this litigation.

*Id*. at 482.  This case has been pending for over two years in the state court.  It cannot be removed and restarted now.

### F. DEFENDANTS SHOULD BE ORDERED TO PAY PLAINTIFF'S ATTORNEYS' FEES AND COSTS

On granting a motion for remand, the federal court may order the defendants to pay Plaintiff's "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."  28 U.S.C. §1447(c).  In the Ninth Circuit, such awards are appropriate even when "a defendant's removal, while 'fairly supportable,' was wrong as a matter of law."  *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106, n. 6 (9th Cir. 2000).  Defendants' removal was plainly wrong on the law; in addition, Defendants' removal was a calculated effort to forum-shop and avoid their discovery obligations.  Plaintiff's counsel should be reimbursed for the time they have spent responding to Defendants' attempts to delay and interfere with the ongoing prosecution of this case in state court.

In addition, by bringing a Motion to Dismiss or Transfer Venue and refusing to have it heard after the more fundamental jurisdictional issues raised in this Motion to Remand, Defendants forced Plaintiff to file an administrative motion to continue the hearing on the Motion to Dismiss or Transfer Venue (and a reply to Defendants' Opposition), as well as an Opposition to Defendant's Motion.  All of these were bound up with Defendants' frivolous removal.  *See*

Plaintiff's Administrative Motion to Continue Hearing on Defendant's Motion to Dismiss or Transfer Venue, and Exhibits A and B to that Motion.

Plaintiff's counsel have spent, after the exercise of billing judgment, a total of 78 hours researching and preparing Plaintiff's Motion to Remand, Plaintiff's Administrative Motion and Reply Brief to continue the hearing on Defendants' Motion to Dismiss or Transfer Venue, and Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue, and will spend additional time and money on Plaintiff's Reply brief for this Motion to Remand, and on the hearings for this Motion to Remand and Defendants' Motion to Dismiss or Transfer Venue. Konecky Decl. at ¶¶8-10. To date, Plaintiff has incurred a total of $23,414.50 in fees as a result of Defendants' removal. Plaintiff will include a total amount, which includes fees regarding the reply brief and hearings, with her reply. Plaintiff respectfully requests that this Court order Defendants to pay her reasonable attorneys' fees under 28 U.S.C. §1447(c).

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Remand and for Attorneys' Fees and Costs.

Respectfully submitted,

Date: July 27, 2007

SCHNEIDER & WALLACE
LAW OFFICE OF LINDA ROSS
ROBOOSTOFF & KALKIN, PLC

/s/
Hank Willson
Counsel for Plaintiff