TODD M. SCHNEIDER (SBN 158253)
JOSHUA KONECKY (SBN 182897)
W.H. "HANK" WILLSON (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

LINDA ROSS (SBN 85563)
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, California 94123
Tel: (415) 563-2400

SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,

Plaintiffs,

vs.

SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,

Defendants.

Case No. 3:07-cv-03406-MMC

**DECLARATION OF JOSHUA KONECKY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS**

Date: August 31, 2007
Time: 9:00 am
Courtroom: 7
Judge: The Hon. Maxine M. Chesney

SCHNEIDER & WALLACE

DECLARATION OF JOSHUA KONECKY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

I, Joshua Konecky, declare as follows:

1.      I am counsel of record in the above-captioned case and an attorney duly licensed to practice law in the State of California.

2.      Plaintiff initially filed this action on July 8, 2005, against Defendant Sutter Health, alleging exclusively state-law causes of action: violations of California's Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.*, unjust enrichment, conversion and trespass to chattels, fraud and negligent misrepresentation, and unfair and unlawful business practices in violation of California Business and Professions Code §§17200, *et seq* ("UCL").  The First Amended Complaint ("FAC") asserted claims for malicious prosecution, abuse of process, unjust enrichment, conversion and trespass to chattels, fraud and negligent misrepresentation, and UCL violations.  After two Sutter Health demurrers, the state court upheld Plaintiff's state-law malicious prosecution claim and her claim under California's UCL.  *See* Order of April 18, 2006, attached as part of Exhibit C to Defendants' Notice of Removal at tab 44.

3.      On July 26, 2006, Plaintiff propounded discovery seeking documents and information regarding the liens at issue, including copies of the liens themselves and policy documents governing the assertion and pursuit of liens.  Plaintiff also noticed the deposition of Sutter Health's person most knowledgeable regarding the liens at issue.

4.      After requesting and receiving an extension of time to respond, Sutter Health then refused to produce any documents.  Sutter Health took the position that it would need to seek the documents directly from its hospital affiliates.  *See* Order of November 3, 2006 at 2:10-12, attached hereto as Exhibit A.

5.      After Plaintiff served the subpoenas directly on the hospital affiliates, Sutter Health's counsel stated that it would be representing all of the hospital affiliates.  *See* Defendants' Case Management Statement, filed April 9, 2007, at 3:22-23, attached as part of Exhibit C to Defendants' Notice of Removal at tab 62.  Defendants' counsel then asked for another extension until March 21, 2007 to respond to the subpoenas.  After Plaintiff's counsel agreed to the extension, the hospitals served on Plaintiff's counsel 23 sets of nearly identical boilerplate

SCHNEIDER
& WALLACE

DECLARATION OF JOSHUA KONECKY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
1

1  objections, and have, to date, produced records relating to only *four* liens (though it is undisputed

2  that there are many more liens implicated by Plaintiff's definition of the class).

3      6.      In light of Sutter Health's insistence that its hospitals were the entities asserting the

4  liens at issue, and in light of the information gleaned from a deposition of Sutter Health's corporate

5  designee, Plaintiff sought and received leave from the Superior Court to amend her complaint to

6  add Sutter Health's 23 hospital affiliates as Defendants. *See* Order of June 12, 2007 at 2:2-3:23.

7  The amended complaint did not add any new causes of action, allege any federal claims, or change

8  the underlying theories of liability, other than to allege that all Defendants were liable for aiding

9  and abetting the violations of state law alleged in the original complaint.

10      7.      Defendants filed a Motion to Dismiss or Transfer Venue on July 5, 2007.  On July

11  12, 2007, we sought the stipulation of Defendants' counsel to continue the hearing date on their

12  Motion, so that this Motion to Remand could be ruled upon first.  *See* Exhibit A to Plaintiff's

13  Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or Transfer Venue,

14  Document No. 22.  Defendants' counsel refused to continue the hearing.  *See* Exhibit B to

15  Plaintiff's Administrative Motion to Continue Hearing on Defendants' Motion to Dismiss or

16  Transfer Venue, Document No. 22.  As a result, we had to file an Administrative Motion to

17  continue the hearing.  Because the Court was not available at the time of the Administrative

18  Motion, Plaintiff prepared and filed an Opposition to Defendants' Motion to Dismiss or Transfer

19  Venue on July 20, 2007 (which was the deadline set by the hearing date noticed by Defendants).

20      8.      Plaintiff has incurred, after the exercise of billing judgment, 78 hours in researching

21  and preparing the Motion to Remand, the Administrative Motion to Continue the Hearing on

22  Defendants' Motion to Dismiss or Transfer Venue (including the Reply brief and correspondence

23  to Defendants' counsel attempting to avoid altogether the need for such an Administrative

24  Motion), and the Opposition to Defendants' Motion to Dismiss or Transfer Venue.  Plaintiff

25  anticipates that she will incur additional fees in connection with the reply brief on the Motion to

26  Remand, and the hearings on the Motion to Remand and the Motion to Dismiss or Transfer Venue.

27  The sum of these additional fees and costs will be included in Plaintiff's reply brief.

28

9.      Plaintiff primarily staffed the case with one partner (the undersigned) and one associate (Hank Willson).  Plaintiff also staffed two highly qualified summer associates, Ms. Victoria Neely (University of Virginia School of Law, Class of 2008) and Mr. Tim Elder (University of California, Hastings College of the Law, Class of 2009), who performed legal research for and initial drafting of the Motion to Remand.  Though their contributions were high caliber and important, in the exercise of billing judgment, Plaintiff's counsel has chosen to cut their hours in half for the purposes of this fee request.  Thus, though Plaintiff's counsel actually expended 114.7 hours on the Motion to Remand and related motions and briefs, Plaintiff's counsel is only seeking compensation for 78 hours.

10.     Plaintiff's counsel bill their time on this motion contemporaneously in six-minute increments.  To date, the fees incurred in pursuing these various Motions, after reductions for billing judgment, total $23,414.50.  The following is a summary of the fees incurred by Plaintiff's counsel in preparing this Motion:

| Person | Rate | Hours | Total |
|---|---|---|---|
| Joshua Konecky | $475 per hour | 5.9 | $2,802 |
| Hank Willson | $325 | 34.5 | $11,212.50 |
| Victoria Neely | $250 | 12.8 (reduced from 25.6) | $3,200 (reduced from $6,400) |
| Tim Elder | $250 | 24.8 (reduced from 59.6) | $6,200 (reduced from $12,400) |
| **Totals** | | **78** | **$23,414.50** |

11.     Attached hereto as Exhibit B is the Proof of Service of Summons and Complaint served on Defendant Sutter Health on July 15, 2005.

12.     Attached hereto as Exhibit C is Plaintiff's original complaint, filed July 8, 2005.

13.     Attached hereto as Exhibit D is the Discharge of Debtor and Final Decree issued in Plaintiff's closed bankruptcy proceeding by the United States Bankruptcy Court for the Northern

SCHNEIDER
& WALLACE

DECLARATION OF JOSHUA KONECKY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
3

1  District of California, Case No. 05-50717. This shows that Plaintiff's bankruptcy case is closed,

2  and her bankruptcy estate is terminated.

3

4       I declare under penalty of perjury that the foregoing is true and correct and based on my

5  personal knowledge.

6       Executed this 27th day of July, 2007, in San Francisco, California.

7

8                          /s/

9                          Joshua Konecky

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE