# EXHIBIT A

```
*4328833*
```

1

2

3    SUPERIOR COURT OF THE STATE OF CALIFORNIA **ENDORSED**
                                                    **FILED**
4    IN AND FOR THE COUNTY OF ALAMEDA       **ALAMEDA COUNTY**

5                                              NOV - 3 2006

6    MELINDA CAMPBELL, on her own behalf,    No. RG05-221764  **CLERK OF THE SUPERIOR COURT**
     and on behalf of all others similarly situated,              **By E. Opelski-Erickson, Deputy**

7        Plaintiffs,                         ORDER DENYING MOTION OF
                                             PLAINTIFF TO COMPEL DISCOVERY.
8        v.

9                                            Date:   November 2, 2006
                                             Time:   11:00 a.m.
10   SUTTER HEALTH, and DOES 1 through 24,   Dept.:  22
     inclusive,

11       Defendants.

12

13

14       The motion of Plaintiff to compel discovery came on for hearing on November 2, 2006,

15   in Department 22 of this Court, the Honorable Ronald M. Sabraw presiding.  Counsel appeared

16   on behalf of Plaintiff and on behalf of Defendant.  After consideration of the points and

17   authorities and the evidence, as well as the oral argument of counsel, IT IS ORDERED: The

18   motion of Plaintiff to compel discovery is DENIED.

19       POSESSION, CUSTODY, OR CONTROL.  The Court's review of the law suggests that

20   a parent corporation must produce documents in the possession of corporations over which it has

21   control but that sibling corporations or agencies are not required to produce documents in the

22   possession of their siblings.

23       The information concerning the relationship between Sutter Health and the affiliated

24   hospitals is ambiguous.  The Articles of Incorporation state that the primary purpose of Sutter

25

26

1

Health is to support the affiliated hospitals (Articles, II-B) and that in furtherance of that purpose Sutter is authorized "To assist in or perform administrative functions of the charitable organizations that it supports" (Articles, II-B(7)). It appears that Sutter Health has participated in settling litigation involving the affiliated hospitals. (Willson Dec., Exh G.) Brian Hunter, Sutter's Vice President, however, states that Sutter Health owns no hospitals and is not authorized to act on behalf of the affiliated hospitals absent a grant of authority. (Hunter Dec., para 5 and 7.) Mr. Hunter states that the affiliated hospitals have separate boards of directors and are separately licensed. (Hunter Dec., para 10, 14, and 15.)

Plaintiff has not presented sufficient evidence to establish that Sutter Health has sufficient control over the affiliated hospitals that it has possession, custody, or control of their documents within the meaning of C.C.P. 2031.010(a). *2,022 Ranch v. Superior Court* (2003) 113 Cal. App. 4th 1377, 1387 (in discovery motions the Court must weigh and resolve conflicts in the evidence). Therefore, the motion to compel the production of documents is denied.

SANCTIONS. The request of Sutter Health for sanctions is denied.

FURTHER PROCEEDINGS. Sutter Health has offered to produce a witness to testify about the relationship between Sutter Health and the affiliated hospitals. (Augsburger Dec, para 6.) If Plaintiff obtains additional information about the relationship between Sutter Health and the affiliated hospitals, then Plaintiff may file a new motion to compel based on the new information.

Dated: November 3, 2006

_____
Judge Ronald M. Sabraw

# EXHIBIT B

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|

Todd M. Schneider (SBN 158253); W.H. "Hank" Willson (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000, San Francisco CA, 94104
Telephone:
(415) 421-7100
Attorney for: Plaintiff

Ref. No. or File No.:
RG05221764

**ENDORSED FILED**

AUG 1 - 2005

**CLERK OF THE SUPERIOR COURT**
**By Margaret J. Downie**

Insert name of Court, and Judicial District and Branch Court:
Alameda County Superior Court

Plaintiff: Melinda Campbell, et al.
Defendant: Sutter Health, et al.

| **PROOF OF SERVICE** **Summons & Complaint** | Hearing Date: | Time: | Dept/Div: | Case Number: RG05221764 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Complaint

3. a. Party served: Sutter Health
   b. Person served: Thelma Otero, Person Authorized to Accept

4. Address where the party was served: Gary Loveridge, Agent for Service
   2200 River Plaza Drive
   Sacramento, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jul. 15, 2005 (2) at: 12:20PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. **Person Who Served Papers:**
   a. Jason Marshall
   b. **All City Delivery**
      268 Bush Street, Suite 4038
      San Francisco, CA 94104
   c. 415-725-5946

Recoverable Cost Per CCP 1033.5(a)(4)(B)
d. **The Fee for Service was:**
e. I am: (3) registered California process server
   (i) Independent Contractor
   (ii) Registration No.: 98-61
   (iii) County: Sacramento
   (iv) Expiration Date: Tue, Jun. 27, 2006

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jul. 15, 2005

(Jason Marshall)

Judicial Council form POS-010
Rule 982.9.(a)&(b) Rev July 1, 2004

PROOF OF SERVICE
Summons & Complaint

al18.32639

# EXHIBIT C

1  TODD M. SCHNEIDER (State Bar #158253)
   JOSHUA KONECKY (State Bar #182897)
2  W.H. "HANK" WILLSON (State Bar #233321)
3  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6
7  LINDA ROSS (State Bar #85563)
   LAW OFFICE OF LINDA ROSS
8  2204 Union Street
   San Francisco, California 94123
9  Tel: (415) 563-2400

10 SCOTT KALKIN (State Bar #120791)
11 ROBOOSTOFF & KALKIN, PLC
   369 Pine Street, Suite 610
12 San Francisco, California 94104
   Tel: (415) 732-0282
13 Fax: (415) 732-0287

14 Attorneys for Plaintiff

15

16            **SUPERIOR COURT OF CALIFORNIA**

17                **COUNTY OF ALAMEDA**

18

19 MELINDA CAMPBELL, on her own behalf,      Case No. _____ R605201764
   and on behalf of all others similarly situated,
20                                           **CLASS ACTION COMPLAINT FOR**
                Plaintiffs,                   **VIOLATIONS OF THE CONSUMERS**
21                                           **LEGAL REMEDIES ACT, CIVIL CODE**
        vs.                                   **§§1750, *et seq.*, UNJUST ENRICHMENT,**
22                                           **MISREPRESENTATION, CONVERSION,**
   SUTTER HEALTH, and DOES 1 through 25,     **AND BUSINESS AND PROFESSIONS**
23 inclusive,                                 **CODE §§17200, *et seq.***
24            Defendants.
                                             **DEMAND FOR A JURY TRIAL**
25
                                             **COMPLEX CASE**
26

27

28

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
1

1    Plaintiff Melinda Campbell ("Plaintiff"), on behalf of herself and all others similarly

2    situated, complains and alleges as follows:

3    **INTRODUCTION**

4    1.    This is a class action against Sutter Health ("Sutter Health" or "Defendant") to

5    challenge its unlawful policy and practice of engaging in "balance billing" against insured

6    customers who receive services from Sutter Health facilities. Sutter Health's unlawful policy and

7    practice has deprived countless medical consumers throughout California of money that is

8    rightfully theirs.

9    2.    Sutter Health's policy and practice of balance billing involves Sutter Health asserting

10   a lien against the tort recovery of a person who is injured and receives services from a Sutter

11   Health facility. Sutter Health has unlawfully asserted this type of lien against the recovery of

12   numerous persons whose debt to Sutter Health has been extinguished, either through payment by

13   an insurance provider, whether public or private, acting pursuant to an agreement with Sutter

14   Health which deems the payment to be "payment-in-full," through bankruptcy, or through any

15   other means. Sutter Health asserts the lien for the difference between any amount that has been

16   paid and the amount that Sutter Health considers to be its "customary" charge for the services,

17   despite the fact that the person's debt has been extinguished. Thus, any attempt by Sutter Health to

18   recoup its "customary" charges is unlawful. The California Supreme Court recently held this very

19   practice to be unlawful in *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595.

20   3.    Sutter Health's actions violate the Consumers Legal Remedies Act (CLRA), Cal.

21   Civ. Code §1750, *et seq.*, by misrepresenting the nature of the services and their cost, and by

22   representing that the transaction conferred or involved rights, remedies or obligations it did not

23   have or involve.

24   4.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on

25   those purported liens, Sutter Health was unjustly enriched at the expense of Plaintiff and the Class;

26   Sutter Health had no right to the recoveries which Plaintiff and the Class had obtained, and to

27   which Plaintiff and the Class had a property right.

28

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
2

5.    By asserting a lien against the recoveries of Plaintiff and the Class, and collecting on those purported liens, Sutter Health interfered with the property of Plaintiff and the Class such that Sutter Health should be required to pay the full value of the portions of the recoveries which Sutter Health took from Plaintiff and the Class.

6.    Sutter Health asserted liens against the recoveries of Plaintiff and the Class despite the fact that Sutter Health knew or should have known that the debts of Plaintiff and the Class to Sutter Health had been extinguished.  Plaintiff and the Class were damaged by Sutter Health's misrepresentation.

7.    Plaintiff brings this action as a class action under California Code of Civil Procedure §382 on behalf of herself and all other persons (the "Class") who received the benefit of services performed by a Sutter Health facility, whose debt to Sutter Health was extinguished by any means, who recovered for their injuries from a third party, and against whose recovery Sutter Health unlawfully asserted a lien for the payment to Sutter Health an amount deemed by Sutter Health to be the "customary" charge for the services, at any time on or after four years prior to the date of the filing of this suit.

8.    Plaintiff seeks full compensation on behalf of herself and all others similarly situated for all amounts unlawfully recovered by Sutter Health, and all other compensatory damages. Plaintiff seeks punitive damages on behalf of himself and the Class for Sutter Health's unlawful policy and practice.  Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under Code of Civil Procedure §1021.5.

## PARTIES

9.    Plaintiff Melinda Campbell is a resident of San Jose, California.

10.    Defendant Sutter Health is, and at all times has been, a provider of medical services in California.  Sutter Health has its headquarters in Sacramento, California, and has hospitals and locations in twenty (20) counties in northern California, including Alameda County.  Sutter Health owns 26 hospitals, and employs over 42,500 people in California.

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

3

11.     At all relevant times, Sutter Health has done business under the laws of California, has had places of business in California, including in this judicial district, and has asserted liens against Class members in this judicial district. Sutter Health is a "person" as defined in California Business and Professions Code §17201.

12.     Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1-25, and therefore sues these Defendants by fictitious names. Plaintiff will amend her complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter set forth were proximately caused by said Defendants.

13.     Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein.

14.     At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

15.     Throughout this Complaint, any reference to "Sutter Health" and "Defendant" are intended to refer to all Defendants jointly.

## JURISDICTION

16.     This Court has jurisdiction over the claims of Plaintiff and the Class for violations of the CLRA pursuant to California Civil Code §1780.

17.     This Court has jurisdiction over the claims of Plaintiff and the Class for injunctive relief, including restitution of amounts wrongfully collected, which are the money and property of Plaintiff and the Class, arising from Sutter Health's unfair competition under California Business and Professions Code §§17203 and 17204.

18.     This Court has jurisdiction at common law over the claims of Plaintiff and the Class for unjust enrichment, fraud, misrepresentation, conversion and trespass to chattels.

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
CAMPBELL V. SUTTER HEALTH, ET AL.
4

1

**VENUE**

2      19.    Venue as to Defendant is proper in this County pursuant to Code of Civil Procedure

3    §395(a). Defendant conducts business, employs Class Members, and has offices and locations in

4    this County, and the events complained of occurred in this County.

5

**FACTUAL ALLEGATIONS**

6      20.    Sutter Health has a policy and practice of asserting liens, for the amount of what

7    Sutter Health deems to be the "customary" charge for the cost of services, against the tort

8    recoveries of persons who have received services from Sutter Health facilities, despite the fact that

9    the persons' debts to Sutter Health have been extinguished. This policy and practice of "balance

10    billing," at all relevant times, has been substantially similar, if not identical, throughout the various

11    Sutter Health locations in California.

12      21.    Sutter Health's balance billing violates the CLRA, Civil Code §1770(a)(5), because

13    it misrepresents the cost of its services by demanding payment for its services after the debt for

14    those services has been extinguished. It also violates the CLRA, Civil Code §1770(a)(14),

15    because, by demanding payment for services despite the fact that the debt has been extinguished, it

16    represents that the provision of services involved obligations for Plaintiff and the Class which they

17    did not in fact involve.

18      22.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on

19    those purported liens, Sutter Health was unjustly enriched at the expense of Plaintiff and the Class.

20    Sutter Health's "balance billing" awards to Sutter Health money to which it had no right, and to

21    which Plaintiff and the Class had a property right.

22      23.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on

23    those purported liens, Sutter Health intentionally interfered with the property of Plaintiff and the

24    Class such that Sutter Health should be required to pay the full value of the portion of the

25    recoveries which Sutter Health took from Plaintiff and the Class. Thus, Sutter Health is liable to

26    Plaintiff and the Class for conversion. In cases where Sutter Health was unable to collect on its

27    purported liens, Sutter Health is liable to Plaintiff and the Class for trespass to chattels, because

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
5

1  Sutter Health intentionally interfered with the use and enjoyment of the personal property of

2  Plaintiff and the Class.

3      24.    Sutter Health asserted liens against the recoveries of Plaintiff and the Class despite

4  the fact that Sutter Health knew that the debts of Plaintiff and the Class to Sutter Health had been

5  extinguished.  Sutter Health intended to defraud Plaintiff and the Class, and Plaintiff and the Class

6  actually and justifiably relied upon Sutter Health's assertion that it had a right to its "customary"

7  charges for its services.  In the alternative, Sutter Health asserted liens against the recoveries of

8  Plaintiff and the Class when Sutter Health had no reasonable ground for believing that it had a

9  right to the liens.  Cal. Civ. Code §1710.  Plaintiff and the Class were damaged by Sutter Health's

10  fraudulent misrepresentation.  As a result, Sutter Health is liable for the damage it has caused to

11  Plaintiff and the Class.  Cal. Civ. Code §1709.

12      25.    Sutter Health's unlawful conduct has been widespread and repeated throughout its

13  California locations.  Sutter Health knew or should have known that its policies and practices have

14  been unlawful and unfair.

15                    **CLASS ALLEGATIONS**

16      26.    Plaintiff brings this action on behalf of herself and all others similarly situated

17  pursuant to California Code of Civil Procedure §382.  The Class that Plaintiff seeks to represent is

18  defined as follows:

19      All individuals who received the benefit of services performed by a Sutter Health facility,
        whose debt to Sutter Health was extinguished by any means, who recovered for their
20      injuries from a third party, and against whose recovery Sutter Health unlawfully asserted a
        lien for the payment to Sutter Health an amount deemed by Sutter Health to be the
21      "customary" charge for the services, at any time on or after four years prior to the date of the
        filing of this suit.
22
        27.    This action has been brought and may properly be maintained as a class action under
23
   Code of Civil Procedure §382 because there is a well-defined community of interest in the
24
   litigation and the proposed class is easily ascertainable:
25
            a.    Numerosity:  The potential members of the Class as defined are so numerous
26
        that joinder of all the members of the Class is impracticable.
27

28

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
CAMPBELL V. SUTTER HEALTH, ET AL.
6

1              b.      Commonality:  There are questions of law and fact common to Plaintiff and

2    the Class that predominate over any questions affecting only individual members of the

3    Class.  These common questions of law and fact include, without limitation:

4              i.      Whether Defendant's policy and practice of "balance billing" violates

5    the CLRA, Civil Code §1770(a)(5), because it misrepresents the cost of its services

6    by demanding payment for its services after the debt for those services has been

7    extinguished;

8              ii.      Whether Defendant's policy and practice of "balance billing" violates

9    the CLRA, Civil Code §1770(a)(14), because, by demanding payment for services

10    despite the fact that the debt has been extinguished, it represents that the provision of

11    services involved obligations which they did not in fact involve;

12              iii.      Whether Defendant's policy and practice of "balance billing," by

13    asserting liens against the recoveries of Plaintiff and the Class, and collecting on

14    those purported liens, unjustly enriched Defendant;

15              iv.      Whether Defendant's policy and practice of "balance billing," by

16    asserting liens against the recoveries of Plaintiff and the Class, and collecting on

17    those purported liens, makes Defendant liable to Plaintiff and the Class for

18    conversion.

19              v.      Whether Defendant's policy and practice of "balance billing," by

20    asserting liens against the recoveries of Plaintiff and the Class, makes Defendant

21    liable to Plaintiff and the Class for trespass to chattels;

22              vi.      Whether Defendant's assertion of liens against the recoveries of

23    Plaintiff and the Class despite the fact that Defendant knew or should have known

24    that the debts of Plaintiff and the Class to Defendant had been extinguished makes

25    Defendant liable to Plaintiff and the Class for fraud or deceit;

26              vii.      Whether Defendant's assertion of liens against the recoveries of

27    Plaintiff and the Class despite the fact that Defendant had no reasonable ground for

28    not knowing that the debts of Plaintiff and the Class to Defendant had been

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

7

1    extinguished makes Defendant liable to Plaintiff and the Class for negligent

2    misrepresentation; and

3         viii.     Whether Defendant's policy and practice of "balance billing" has

4    been an unlawful, unfair or fraudulent business practice under the UCL.

5         c.     Typicality: Plaintiff's claims are typical of the claims of the Class.

6    Defendant's common course of conduct in violation of law as alleged herein has caused

7    Plaintiff and the Class to sustain the same or similar injuries and damages. Plaintiff's claims

8    are thereby representative of and co-extensive with the claims of the Class.

9         d.     Adequacy of Representation: Plaintiff is a member of the Class, does not

10   have any conflicts of interest with other Class members, and will prosecute the case

11   vigorously on behalf of the Class. Counsel representing Plaintiff are competent and

12   experienced in litigating large employment class actions, including large minimum wage

13   and overtime class actions. Plaintiff will fairly and adequately represent and protect the

14   interests of the Class members.

15        e.     Superiority of Class Action: A class action is superior to other available

16   means for the fair and efficient adjudication of this controversy. Individual joinder of all

17   Class members is not practicable, and questions of law and fact common to the Class

18   predominate over any questions affecting only individual members of the Class. Each Class

19   Member has been damaged and is entitled to recovery by reason of Defendants' illegal

20   policies and/or practices. Class action treatment will allow those similarly situated persons

21   to litigate their claims in the manner that is most efficient and economical for the parties and

22   the judicial system.

23   **FIRST CAUSE OF ACTION**
     **Violations of The Consumers Legal Remedies Act, Civil Code §§1750, *et seq.***
24   (Against All Defendants)

25   28.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

26   herein.

27   29.   Plaintiff and other persons similarly situated made use of the services of Sutter

28   Health for personal, family or household purposes.

SCHNEIDER
& WALLACE

1    30.    Sutter Health asserted liens on the recoveries of Plaintiff and the Class, for an

2    amount deemed by Sutter Health to be "customary" for the services rendered, despite the fact that

3    the debts of Plaintiff and the Class to Sutter Health had been extinguished.

4    31.    This act constitutes a violation of California Civil Code §1770(a)(5) in that Sutter

5    Health represented that the services would not saddle Plaintiff and the Class with purported debts

6    after the time the debts rightfully had been extinguished through law or contract.

7    32.    This act constitutes a violation of California Civil Code §1770(a)(14), in that Sutter

8    Health demanded payment for services despite the fact that the debt has been extinguished, thereby

9    representing that the provision of services involved obligations for Plaintiff and the Class which

10    they did not in fact involve.

11    33.    Pursuant to California Civil Code §1780, Plaintiff, on behalf of herself and the Class,

12    seeks an order of this Court awarding actual damages, an order enjoining Defendant from asserting

13    liens on the recoveries of Plaintiff and the Class, restitution of any money or property wrongfully

14    taken from Plaintiff and the Class, punitive damages, and any other relief that the Court deems

15    proper.

16    34.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

17    35.    Wherefore, Plaintiff and the Class Members request relief as hereinafter provided.

18    **SECOND CAUSE OF ACTION**
**Unjust Enrichment as a Result of "Balance Billing"**
19    (Against All Defendants)

20    36.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

21    herein.

22    37.    Sutter Health has unjustly enriched itself at the expense of Plaintiff and the Class by

23    asserting liens on the recoveries of Plaintiff and the Class despite the fact that the debts of Plaintiff

24    and the Class to Sutter Health have been extinguished, whenever Sutter Health has succeeded in

25    collecting from Plaintiff and the Class the amounts of the unlawful liens.

26    38.    Defendants have knowingly and willfully asserted liens against the recoveries of

27    Plaintiff and the Class whose debts to Sutter Health have been extinguished.  As a proximate result

28    of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to

SCHNEIDER & WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
9

1    be determined according to proof at time of trial, but in an amount in excess of the jurisdictional

2    requirements of this Court.

3        39.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

4        40.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

5                            **THIRD CAUSE OF ACTION**
                **Conversion and Trespass to Chattels as a Result of "Balance Billing"**
6                            (Against All Defendants)

7        41.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

8    herein.

9        42.    By asserting liens against the recoveries of Plaintiff and the Class, and collecting on

10    those purported liens, despite the fact that the debts of Plaintiff and the Class to Sutter Health had

11    been extinguished, Sutter Health intentionally interfered with the property of Plaintiff and the

12    Class such that Sutter Health should be required to pay the full value of the portion of the recovery

13    which Sutter Health took from Plaintiff.  As a result, Sutter Health is liable to Plaintiff and the

14    Class for conversion.

15        43.    In the event that Sutter Health was unable to collect on its purported lien, by

16    asserting liens against the recoveries of Plaintiff and the Class, Sutter Health intentionally

17    interfered with the use and enjoyment of the personal property of Plaintiff and the Class. As a

18    result, Sutter Health is liable to Plaintiff and the Class for trespass to chattels.

19        44.    As a proximate result of the aforementioned violations, Plaintiff and the Class have

20    been damaged in an amount according to proof at time of trial.

21        45.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

22                            **FOURTH CAUSE OF ACTION**
                **Fraud and Negligent Misrepresentation in Violation of Civil Code §1709**
23                            (Against All Defendants)

24        46.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

25    herein.

26        47.    Sutter Health asserted liens against the recoveries of Plaintiff and the Class despite

27    the fact that Sutter Health knew that the debts of Plaintiff and the Class had been extinguished.

28    Sutter Health intended to defraud Plaintiff and the Class, and Plaintiff and the Class actually and

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
10

1  justifiably relied upon Sutter Health's assertion that it had a right to its "customary" charges for its

2  services. As a result, Sutter Health is liable for the damage its fraudulent misrepresentation caused

3  to Plaintiff and the Class, pursuant to Civil Code §1709.

4       48.    In the alternative, Sutter Health asserted liens against the recoveries of Plaintiff and

5  the Class when Sutter Health had no reasonable ground for believing that it had a right to the liens.

6  Civ. Code §1710. As a result, Sutter Health is liable for the damage its negligent

7  misrepresentation has caused to Plaintiff and the Class, pursuant to Civil Code §1709.

8       49.    As a proximate result of the aforementioned misrepresentations, Defendants have

9  damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but

10  in an amount in excess of the jurisdictional requirements of this Court.

11       50.    Plaintiff also is entitled to an award of attorneys' fees and costs as set forth below.

12       51.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

13
## FIFTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§17200, *et seq.***
(Against All Defendants)

14

15       52.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

16  forth herein.

17       53.    California Business and Professions Code §§17200 *et. seq.* (also referred to herein as

18  the "Unfair Business Practices Act" or "Unfair Competition Law"), prohibits unfair competition in

19  the form of any unlawful, unfair or fraudulent business act or practice.

20       54.    California Business and Professions Code §17204 allows a person injured by the

21  unfair business acts or practices to prosecute a civil action for violation of the UCL.

22       55.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years

23  prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the

24  Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business

25  practices and acts described in this Complaint, including, but not limited to:

26          a.  violations of Civil Code §1770(a)(5);

27          b.  violations of Civil Code §1770(a)(14);

28          c.  unjust enrichment at the expense of Plaintiff and the Class;

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
11

1          d.  unlawful conversion of the property of Plaintiff and the Class;

2          e.  unlawful trespass to the chattel of Plaintiff and the Class;

3          f.  fraud in violation of Civil Code §§1709-1710; and

4          g.  negligent misrepresentation in violation of Civil Code §§1709-1710.

5          56.    The violations of these laws and regulations, as well as of the fundamental California

6   public policies protecting consumers, serve as unlawful predicate acts and practices for purposes of

7   Business and Professions Code §§17200 *et. seq.*

8          57.    The acts and practices described above constitute unfair, unlawful and fraudulent

9   business practices, and unfair competition, within the meaning of Business and Professions Code

10  §§17200 *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class

11  money rightfully belonging to them, while enabling Sutter Health to gain an unfair competitive

12  advantage over law-abiding employers and competitors.

13         58.    Business and Professions Code §17203 provides that a court may make such orders

14  or judgments as may be necessary to prevent the use or employment by any person of any practice

15  which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent

16  Defendant from repeating its unlawful, unfair and fraudulent business acts and business practices

17  alleged above.

18         59.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

19  and the Class have suffered a loss of money and property, in the form of money that rightfully

20  belongs to them.

21         60.    Business and Professions Code §17203 provides that the Court may restore to any

22  person in interest any money or property which may have been acquired by means of such unfair

23  competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

24  Code §17203 for all money unlawfully taken from them during the four-year period prior to the

25  filing of this Complaint.

26         61.    As a direct and proximate result of the aforementioned acts and practices, Defendant

27  has received and continue to hold ill-gotten gains belonging to Plaintiff and the Class, and has

28  profited in that amount from its unlawful acts and practices.  An order under §17203 and/or any

SCHNEIDER
& WALLACE

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*

12

1 | other applicable law requiring Defendant to disgorge all the profits and gains it has reaped through

2 | its unlawful, unfair and fraudulent conduct is necessary and appropriate to prevent Defendant from

3 | profiting and benefiting from these illegal and wrongful acts.

4 |      62.     Plaintiff's success in this action will enforce important rights affecting the public

5 | interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.

6 | Plaintiff and the Class seek and are entitled to money wrongfully taken from them, declaratory and

7 | injunctive relief, and all other equitable remedies owing to them.

8 |      63.     Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

9 | There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

10 | public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

11 | pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to

12 | Code of Civil Procedure §1021.5 and otherwise.

13 |      64.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

14 | **PRAYER FOR RELIEF**

15 | WHEREFORE, Plaintiff prays for relief as follows:

16 |      1.     For an order certifying this action as a class action under California Code of Civil

17 | Procedure §382, as alleged herein, appointing Plaintiff as a Class Representative, and Plaintiff's

18 | attorneys as Class Counsel;

19 |      2.     For a declaratory judgment that Defendant has violated the CLRA and public policy

20 | as alleged herein;

21 |      3.     For a declaratory judgment that Defendant has violated Business and Professions

22 | Code §§17200 *et seq.*, as a result of the aforementioned violations;

23 |      4.     For preliminary, permanent and mandatory injunctive relief prohibiting Defendant,

24 | its officers, agents and all those acting in concert with them, from committing in the future those

25 | violations of law herein alleged;

26 |      5.     For an equitable accounting to identify, locate and restore to Plaintiff and the Class

27 | the money they are due, with interest thereon;

28 |

SCHNEIDER
& WALLACE

6.   For an award of restitution and disgorgement of profits, according to proof, under Business and Professions Code §§17200-17205, with interest thereon;

7.   For an order awarding Plaintiff and the Class compensatory damages, including amounts for lost wages, emotional distress, and all other sums of money owed to Plaintiff and the Class, together with interest on these amounts, according to proof;

8.   For an order awarding Plaintiff and the Class civil penalties pursuant to the Unfair Business Practices Act, with interest thereon.

9.   For an award of reasonable attorneys' fees as provided by California Code of Civil Procedure §1021.5; and/or other applicable law;

10.  For all costs of suit; and

11.  For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated: July 8, 2005                        SCHNEIDER & WALLACE


                                           HANK WILLSON
                                           Counsel for Plaintiff

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
14

1    **<u>DEMAND FOR JURY TRIAL</u>**

2         Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3    a jury.

4

5    Respectfully submitted,

6    Dated: July 8, 2005               SCHNEIDER & WALLACE

7

8    HANK WILLSON

9    Counsel for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHNEIDER & WALLACE**

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CLRA, UNFAIR BUSINESS PRACTICES, ET AL.
*CAMPBELL V. SUTTER HEALTH, ET AL.*
15

# EXHIBIT D

Notice to all attorneys:  Mandatory electronic filing begins January 1, 2005. See www.canb.uscourts.gov for details.

Form ODSC7fi

## UNITED STATES BANKRUPTCY COURT
### Northern District of California (San Jose)

| | |
|---|---|
| In re:<br>  Melinda Campbell<br>    aka  Melinda K Darknell<br>    aka  Melinda K McGinnis<br>    aka  Melinda Davis–Campbell<br>  1465 Merry Ln.<br>  San Jose, CA 95128<br><br><br>            Debtor(s)<br><br>Debtor/Joint Debtor Social Security Number(s):<br>    xxx–xx–5800 | Case Number:  05–50717 ASW 7<br>Chapter:  7 |

## DISCHARGE OF DEBTOR AND FINAL DECREE

It appearing that the debtor(s) is/are entitled to a discharge, **IT IS ORDERED** :
The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

It further appears that the trustee, Suzanne Decker in the above–entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

ORDERED that the chapter 7 case of the above–named debtor is closed; that the Trustee is discharged and relieved of said trust.

Dated: <u>5/9/05</u>                              By the Court:


                                        Arthur S. Weissbrodt<br>                                        United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Doc # 7