McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (dbrandt@mhalaw.com) (44893)
MARCIA L. AUGSBURGER, (maugsburger@mhalaw.com) (145686)
ELIZABETH M. O'NEILL, (eoneill@mhalaw.com) (166882)
JOHN C. J. BARNES, (jbarnes@mhalaw.com) (216694)
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.8989

Attorneys for Sutter Health and All Affiliated Hospitals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>                    Plaintiff(s),<br><br>     v.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>                    Defendants. | CASE NO.  C 07-03406 MMC<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER** |



1

**Defendants' Reply to Opposition to Motion to Dismiss or Transfer**                                              1030104v4 09504/0502

## I. DEFENDANTS HAVE NOT WAIVED THEIR OBJECTIONS TO VENUE OR THEIR RIGHT TO REQUEST A TRANSFER BASED ON THE CONVENIENCE OF PARTIES AND WITNESSES.

Defendants did not waive their objections to venue or right to request a transfer to the Eastern District by removing to the Northern District, nor does their removal constitute an "agreement" by Defendants that the Northern District is the proper venue for this case; Defendants had no choice but to remove to the Northern District. 28 U.S.C. § 1441(a); *Piper Aircraft v. Reyno*, 454 U.S. 235, 240-241 (1981); *White v. Thompson*, 80 F. Supp. 411, 412 (N.D. Ill. 1948); *Greenberg v. Giannini*, 140 F.2d 550, 553 (2nd Cir. 1944). In *Greenberg*, 140 F.2d at 553, the court stated:

> When a defendant removes an action from a state court in which he has been sued, he consents to nothing and "waives" nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no "waiver."

In *White*, 80 F. Supp. at 412, the court stated: "[R]emoval of the action to this court was not a waiver of the right of the defendant to object to this forum as inconvenient." Again, Defendants had no choice but to remove to the Northern District Court. 28 U.S.C. § 1441(a).

To support their argument that Defendants "may not now seek a transfer to another District" because they "acceded to this District as the proper venue," Plaintiff cites, *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) and *Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific R.R. Co.,* 270 U.S. 363, 366 (1926). Neither of these cases stand for this proposition at all. *Seaboard* does not anywhere state or even imply, as Plaintiff asserts, that application for removal constitutes a waiver of objection to venue. *Seaboard* merely notes that a district court may obtain jurisdiction and venue where the defendant waives objection by failing to object. *Id.* at 367. Defendants here object to venue, and therefore have not waived their objection.

The *Polizzi* Court merely held that a District Court could not base a decision about jurisdiction in a diversity case on 28 U.S.C. section 1391 – a venue statute. *Polizzi,* 345 U.S. at 666. The respondent had removed the action based on diversity under 28 U.S.C. section 1332, and then asked the District Court to dismiss the case for want of jurisdiction under section 1391 because the respondent was not doing business in the district. *Id.* at 664. The District Court for the Southern District of Florida and the Court of Appeals for the Fifth Circuit held that the District Court "lacked



**Defendants' Reply to Opposition to Motion to Dismiss or Transfer**   1030104v4 09504/0502

1  jurisdiction, but they reached that conclusion by deciding that Respondent was not 'doing business'
2  in Florida within the meaning of 28 U.S.C. (Supp. V) § 1391 (c)." *Id.* at 665. That is, both courts
3  improperly relied on a venue statute to make a decision about jurisdiction. The Supreme Court
4  instructed that because section 1391 is a "general venue statute … [i]n a case where it applies, the
5  District Court is not deprived of jurisdiction, although dismissal of the case might be justified if a
6  timely objection to the venue were interposed." *Id.* Thus, *Polizzi* merely stands for the proposition
7  that it is improper to dismiss for lack of jurisdiction under section 1391(c) where removal to federal
8  district court is proper under section 1441(a).

9  Here, as discussed below, subject-matter jurisdiction is proper because the viability of
10 Plaintiff's causes of action turn on the effect of her bankruptcy discharge. Defendants do not
11 challenge jurisdiction – they challenge venue. Defendants' suggestion that the Court may dismiss
12 this action **is not at all based on lack of jurisdiction but on improper venue due to**
13 **inconvenience**, pursuant to 28 U.S.C. section 1404(a) and 1406(a). Section 1406(a) provides: "The
14 district court of a district in which is filed a case laying venue in the wrong division or district shall
15 dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it
16 could have been brought." On its face, section 1406(a) permits this Court to dismiss once it
17 determines that venue is improper in the Northern District due to inconvenience.

18 Recognizing that this would be a relatively drastic measure, however, Defendants' opposition
19 focuses on their argument that the action should be transferred to the Eastern District, pursuant to 28
20 U.S.C. 1404(a). For the reasons set forth below, Plaintiff has not overcome Defendants' arguments
21 that proper venue lies in the Eastern District.

22 **II.    THIS COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION AND IS NOT OBLIGATED TO AWAIT PLAINTIFF'S MOTION FOR REMAND BEFORE DETERMINING WHETHER TRANSFER OF VENUE IS APPROPRIATE.**
23
24

25 Plaintiff offers no authority in support of her proposition that this Court must first hear
26 Plaintiff's motion to remand before it can determine whether a transfer of venue is appropriate.
27 Indeed, the authority to which Plaintiff cites stands for the opposite proposition. *Andrade v.*
28 *Chojnacki*, 934 F. Supp. 817, 824-825 (S.D. Tex. 1996) ("Plaintiffs argue that dispositive motions



3

1  must be decided preliminarily.  However, they cite no cases holding that jurisdictional defenses must
2  be resolved before a court may consider a transfer pursuant to Section 1404(a). . . .").  *Andrade*
3  found that a court may determine proper venue before Plaintiff's formal jurisdictional challenges,
4  where the court is satisfied, upon review of pleadings, that it possesses subject-matter jurisdiction.
5  Plaintiff's remaining authority stands only for the unremarkable proposition that this Court must first
6  satisfy itself that it has subject-matter jurisdiction over the action before considering a motion to
7  transfer.  District Courts are required to do this with or without a jurisdictional challenge by Plaintiff.
8  *See Gaus v. Miles*, 980 F. 2d 564, 567 (9th Cir. 1992);  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,
9  1116-17 (9th Cir. 2004).

10        Defendants' Notice of Removal and supporting evidence establishes that this Court has
11  subject matter jurisdiction.  Notice of Removal ("NOR") ¶¶ 5-7 & Exhibit A thereto.  Plaintiff's
12  claims are dependant on a court's determination that her discharge in bankruptcy extinguished
13  Defendant Memorial Hospital's lien.  NOR ¶ 5 & Exhibit A thereto.  Accordingly, her claims are
14  civil proceedings involving the administration of a bankruptcy estate, allowance or disallowance of
15  claims, and matters effecting adjustment of debtor-creditor relations.  NOR ¶ 6.  Therefore, they are
16  core proceedings pursuant to 28 U.S.C. section 157(b)(2) generally.  *Id*.  Specifically, Plaintiff's
17  claims involve the scope of discharge under to 28 U.S.C. sections 157(b)(2)(I) and 157(b)(2)(J) and
18  the validity, extent, or priority of liens under 28 U.S.C. section 157(b)(2)(K).  Pursuant to 28 U.S.C.
19  section 157(b)(5), the District Court is the proper venue for Plaintiff's tort cause of action.  NOR ¶ 6.
20  It is well settled that the effect or scope of a discharge in bankruptcy is a federal question.  *See, e.g.,*
21  *MSR Exploration v. Meridian Oil,*  74 F.3d 910, 913-14 (9th Cir. 1996).  The *MSR* court stated:

22  
23      [A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike. While it is true that bankruptcy law makes reference to state law at many points, **the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal.**
24  
25  

26  *Id.* (citation omitted; emphasis added).  While Plaintiff's complaint purports to include claims by
27  class members whose liens were allegedly extinguished by means other than bankruptcy, all class
28  members' claims must arise under and from the same alleged operative facts – defendants' lien



**Defendants' Reply to Opposition to Motion to Dismiss or Transfer**      1030104v4 09504/0502

practices. NOR ¶ 7. Accordingly, all claims form part of the same case or controversy, and this Court has supplemental jurisdiction to adjudicate any non-federal portion of the claims pursuant to 28 U.S.C. section 1367(a). NOR ¶ 7.

### III. THE EASTERN DISTRICT IS THE MORE APPROPRIATE AND CONVENIENT FORUM.

I is not "form shopping" for Defendants to request that this Court transfer this matter to the district in which 12 of them reside, the district in which all defendants' sole corporate member resides, and the district in which the alleged wrongful activity occurred.[1] *See, Rubin* 18 F.R.D. at 54.

#### A.     Plaintiff's Choice of Forum Is Not Entitled to Deference.

While a plaintiff's choice of forum is generally given great deference, "when an individual brings a derivative suit **or represents a class,** the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In addition, where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1158 (S.D. Cal. 2005), *See also, Boyd v. Snyder*, 44 F. Supp. 2d 966, 970 (N.D. Ill. 1999) ("When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value even if it is his home forum."); *Schnidt v. American Institute of Physics,* 322 F. Supp. 2d 28, 33 (D. D.C. 2004) (plaintiff's residence not determinative where all other operative facts giving rise to the litigation occurred elsewhere). It is undisputed that the acts giving rise to Plaintiff's alleged harm occurred exclusively in the Eastern District, and not in the Northern District. Accordingly, because Plaintiff is purporting to represent a class and because her preferred, home forum has no connection to the events giving rise to her claim, her choice of the Northern District is entitled to little or no deference.

#### B.     The Court Should Disregard Plaintiff's Argument That In Her View, Venue In The Northern District Would Be More Convenient For Some Defendants.

---

[1] Even if there were truth to the allegation, Plaintiff's argument would, at most, amount to a "pot and the kettle" claim, as it comes from a resident of Santa Clara County who selected Alameda County to file a suit based solely on activity that occurred in Stanislaus County.

**Defendants' Reply to Opposition to Motion to Dismiss or Transfer**          1030104v4 09504/0502

1   In weighing conveniences, Plaintiff pits the convenience of Plaintiff and hospital Defendants who reside in the Northern District against the convenience of Defendants who reside in the Eastern District.  This is inappropriate.  In bringing this motion, **ALL** Defendants have stated that their preferred and more convenient forum is the Eastern District.  It is not for Plaintiff to challenge this choice by arguing that the Northern District remains more convenient for some Defendants.  *See Rubin v. General Tire & Rubber*, 18 F.R.D. 51, 54 (D.N.Y. 1955) ("[T]he Court should give little, if any, weight to defendant's assertion that some other district would be more convenient for plaintiff and his witnesses.").  Accordingly, it is solely Plaintiff's and her witnesses' convenience that must be considered.

### C. All Relevant Factors Favor the Eastern District as the More Appropriate and Convenient Forum.

Defendants are bemused by Plaintiff's assertion that they did not argue the appropriate factors in their moving papers because they failed to cite to the appropriate 9th Circuit case; Defendants cited to same case as Plaintiff:  *Jones v. GNC Franchising, Inc.,* 211 F.3d 495 (9th Cir. 2000).  Compare Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer, Page 10, Ln. 15 to Defendants' Motion to Dismiss or Transfer, Page 9, Ln. 1.  In any event, the conveniences of the parties and witnesses, and the interests of justice weigh almost exclusively in favor of transfer.  Plaintiff has offered **no evidence** that the Northern District is any more convenient for any of her witnesses.  She has offered **no evidence** suggesting that the Northern District is more convenient for the production of other evidence.  She has offered **no evidence** that justice is otherwise better served if this matter remains in the Northern District.  In fact, Plaintiff has offered **no evidence** that there is **any connection** between the Northern District and the alleged wrongful conduct against Plaintiff.  Indeed, the only basis upon which Plaintiff can support her assertion that the Northern District is the more convenient forum is that she resides in the Northern District.  As stated in Section III.A., above, this fact is not determinative nor is it entitled to any deference. *Schnidt v. American Institute of Physics,* 322 F. Supp. 2d 28, 33 (D. D.C. 2004) (plaintiff's residence not determinative where all other operative facts giving rise to the litigation occurred elsewhere).

In contrast, Defendants, in their moving papers, provided this Court with ample evidence,



1  including witness affidavits, that the Eastern District is the more appropriate and convenient forum:
2  Twelve Defendants reside in the Eastern District; the sole corporate member of all 23 hospital
3  Defendants resides in the Eastern District; critical witnesses for all Defendants reside in the Eastern
4  District; other critical evidence for all Defendants is located in the Eastern District; the alleged
5  wrongful conduct giving rise to Plaintiff's claim occurred in the Eastern District; and Defendants,
6  accordingly, will incur considerable costs and inconveniences by having this matter heard in the
7  Northern District.  Weighed against the only opposing convenience – that of Plaintiff to remain in
8  the district where she resides -- the balance favors transferring this matter to the Eastern District,
9  particularly where Plaintiff's residence should be given little or no deference.

10  Plaintiff's other arguments, her accusations about Defendants' motives, and her arguments
11  about the status of the state court action, are irrelevant to this motion.  Moreover, Plaintiff caused the
12  very harm about which she now complains.  For almost two years, Plaintiff sought to avoid
13  jurisdiction in this Court, where jurisdiction was proper all along, by cleverly omitting to disclose in
14  her pleadings that her case is based solely on the effect of her bankruptcy discharge on the lien at
15  issue.  She took almost two years to name the hospital where she was treated and the other 22
16  hospital defendants.  Now that she has been forced in discovery to admit that the bankruptcy is the
17  sole basis for her claims and has been forced to name new defendants, this case can finally be
18  removed to the federal court where it belongs.  It is Plaintiff's actions that have caused the needless
19  consumption of time, not Defendants' actions.

20  DATED:  July 27, 2007

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____/s/_____
            MARCIA L. AUGSBURGER

Attorneys for Sutter Health and All Affiliated Hospitals

