McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
RICHARD E. BRANDT (dbrandt@mhalaw.com) (44893)
MARCIA L. AUGSBURGER, (maugsburger@mhalaw.com) (145686)
ELIZABETH M. O'NEILL, (eoneill@mhalaw.com) (166882)
JOHN C. J. BARNES, (jbarnes@mhalaw.com) (216694)
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:   916.444.8989

Attorneys for Sutter Health and All Affiliated Hospitals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, )<br><br>Plaintiff(s), )<br><br>v. )<br><br>SUTTER HEALTH, ALTA BATES MEDICAL ) CENTER, CALIFORNIA PACIFIC MEDICAL ) CENTER, EDEN MEDICAL CENTER, ) MARIN GENERAL HOSPITAL, MEMORIAL ) HOSPITAL LOS BANOS, MEMORIAL ) HOSPITALS ASSN., MILLS-PENINSULA ) MEDICAL CENTER, NOVATO ) COMMUNITY HOSPITAL, ST. LUKE'S ) HOSPITAL, SUTTER AMADOR HOSPITAL, ) SUTTER AUBURN FAITH HOSPITAL, ) SUTTER CENTER FOR PSYCHIATRY, ) SUTTER COAST HOSPITAL, SUTTER ) DAVIS HOSPITAL, SUTTER DELTA ) MEDICAL CENTER, SUTTER GENERAL ) HOSPITAL, SUTTER LAKESIDE HOSPITAL,) SUTTER MATERNITY AND SURGERY ) CENTER OF SANTA CRUZ, SUTTER ) MEMORIAL HOSPITAL, SUTTER MEDICAL) CENTER OF SANTA ROSA, SUTTER ) ROSEVILLE MEDICAL CENTER, SUTTER ) SOLANO MEDICAL CENTER, SUTTER ) TRACY COMMUNITY HOSPITAL, and ) DOES 24 and 25, inclusive, )<br><br>Defendants. ) | Case no.  C 07-03406 MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:   August 31, 2007<br>Time:  9:00 a.m.<br>Courtroom:  7<br>Judge:  The Hon. Maxine M. Chesney |

///



Defendants' Opposition to Plaintiff's Motion to Remand

1030782v4 09504/0502

**TABLE OF CONTENTS**

**Page**

I.    Introduction....................................................................................................................1

II.   Procedural background ...................................................................................................3

III.  This Court has Subject-Matter Jurisdiction Under 28 U.S.C. Sections 1331 and 1334. .....6

     A.    This Court has Subject-Matter Jurisdiction under 28 U.S.C. Section 1331
         Because Resolution of Plaintiff's Claims Necessarily Involves the
         Interpretation of Federal Bankruptcy Law.................................................................6

     B.    Section 1334 provides an additional basis for subject-matter jurisdiction
         because Plaintiff's claims arises under the Bankruptcy Code.................................12

IV.   In the 9th Circuit, Courts Must Not and Cannot Abstain When A Case Has Been
     Removed From State Court Because Once Removed, There is no Parallel State
     Action.........................................................................................................................14

V.    Defendants' Removal Was Timely; Defendant Memorial Filed Its Notice of Removal
     Within 30 days after receipt of Service of the Complaint. .................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

**Defendants' Opposition to Plaintiff's Motion to Remand**

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aheong v. Mellon Mortgage Company*,
  26 B.R. 233 (9th Cir. B.A.P. 2002)............................................................................ 12

*Bonner v. Fuji Photo Film*,
  461 F. Supp. 2d 1112 (N.D. Cal. 2006) .................................................. 2, 16, 17, 18

*Briarly v. Alusuisse Flexible Packaging, Inc.*,
  184 F.3d 527, 532-533 (6th Cir. 1999) ........................................................ 2, 16, 17

*Cantrell v. Great Republic Ins. Co.*,
  873 F.2d 1249 (9th Cir. 1989) ..................................................................................... 17

*Castro v. Providian Nat'l Bank*,
  2000 U.S. Dist. Lexis 19062, at 8 (N.D. Cal. 2000) ............................................. 10

*Coleman v. Assurant,*
  463 F. Supp. 2d 1164 (D. Nev. 2006) ................................................................ 2, 16

*Drew v. Equifax*,
  2007 U.S. Dist. Lexis 35586 (N.D. Cal. 2007) ........................................................ 1, 16

*Ford v. New United  Motors*,
  857 F. Supp. 707 (N.D. Cal. 1994) ............................................................................ 17

*Franchise Tax Board v. Construction Laborers Vacation Trust for So. Cal.*,
  463 U.S. 1 (1983) ............................................................................................................. 6

*Goularte v. Abex*,
  1991 U.S. Dist. Lexis 7611 (N.D. Cal 1997) ....................................................... 1, 17

*Grable & Sons Metal Products v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005)................................................................................................ 7, 8, 9

*Griffith v. American Products Corp.*,
  85 F. Supp. 2d 995 (E.D. Wash. 2000) ....................................................................... 17

*Hansen v. Blue Cross of California*,
  891 F.2d 1384 (9th Cir.1989) ....................................................................................... 11

*In re Dickinson*,
  24 B.R. 547 (S.D. Cal. 1982)..................................................................................... 7, 8

*In re Eastport Assoc.*,
  935 F.2d 1071 (9th Cir. 1991) ................................................................................ 12, 13

*In re Garske*,
  287 B.R. 537 (9th Cir. BAP 2002).............................................................................. 8

MHA
McDonough Holland & Allen PC
Attorneys at Law

# TABLE OF AUTHORITIES

**Page**

*In re Lazar,*
 237 F.3d at 981 ................................................................................................... 14

*In re Tucson,*
 912 F.2d 1162 (9th Cir. 1990) ............................................................................ 14

*In re Wood,*
 825 F.2d 90 (5th Cir. 1987) ................................................................................ 13

*In re Yerasi,*
 1990 U.S. App. LEXIS 22509 (1990) ................................................................ 14

*Johnson v. Home State Bank,*
 501 U.S. 78 (1991) ................................................................................................ 8

*Lee v. City of Los Angeles,*
 250 F.3d 668 (9th Cir. 2001) ................................................................................ 5

*Lierboe v. State Farm Mutual Automobile Ins. Co.,*
 350 F.3d 1018 (9th Cir. 2003) ............................................................................ 10

*Lippitt v. Raymond James Fin. Servs.,*
 340 F.3d 1033 (9th Cir. 2003) ............................................................................ 11

*Marano Enterprises v. Z-Teca Restaurants, L.P.,*
 254 F.3d 753 (8th Cir. 2001) ......................................................................... 2, 16

*McKinney v. Board of Trustees of Md. Cmty. Coll.,*
 955 F.2d at 924 (4th Cir. 1992) ..................................................................... 2, 16

*Menk v. Lapaglia (In re Menk),*
 241 B.R. 896 (9th Cir. BAP 1999) .............................................................. 12, 13

*Merrell Dow v. Thompson,*
 478 U.S. 804 (1986) .............................................................................................. 6

*MSR Exploration,*
 74 F.3d 910 (9th Cir. 1996) ........................................................................... 7, 13

*Murphy Bros. v. Michetti Pipe Stringing, Inc.,*
 526 U.S. 344 (1999) ....................................................................................... 2, 16

*Olsen v. Foundation Health Plan,*
 1999 WL 390842 (N.D. Cal. 1999) .................................................................... 17

*Paige v. Henry J. Kaiser Co.,*
 826 F.2d 857 (9th Cir.1987) ............................................................................... 11

*Ramirez v. General Motors Acceptance Corp. (In re Ramirez),*
 28 B.R. 252 (C.D. Cal. 2002) .............................................................................. 8

*Rand v. Empire Funding,*
 132 F. Supp. 2d 497 (S.D. Miss. 2000) .............................................................. 13

MHA
McDonough Holland & Allen PC
Attorneys at Law

iii

# TABLE OF AUTHORITIES

**Page**

*Santa Clara v. Astra U.S.A., Inc.,*
   401 F. Supp. 2d 1022 (N.D. Cal. 2005) ................................................................. 7

*Security Farms v. International Bhd. of Teamsters,*
   124 F.3d 999 (9th Cir. 1997) ............................................................................. 14

*Shulman, et al. v. California, et al. ( In re Lazar),*
   237 F.3d 967 (9th Cir. 2001) ............................................................................. 14

*Smith v. Mailboxes, etc.,*
   191 F. Supp. 2d 1155 (E.D. Cal. 2002) ......................................................... 1, 17

*Snider v. Sherman,* 2007 U.S. Dist. LEXIS 32336, 65-66 (E.D. Cal. 2007) ........................ 3, 7, 8, 13

*Tomlinson v. Kirk-Hughes,*
   2006 U.S. Dist., Lexis 38020 (D. Id. 2006) ....................................................... 17

*Uriarte v. R. & J. Mach.,*
   2000 U.S. Dist. LEXIS 18084 (N.D. Cal. 2000) ................................................ 17

*Varney v. Johns-Manville Corp.,*
   653 F. Supp. 839 (N.D. Cal. 1987) .................................................................... 17

*Wee Luv,*
   219 B.R. 607 (W.D. Okla. 1997) ....................................................................... 13

## Statutes

11 U.S.C. § 524(a)2 .......................................................................................... 8
28 U.S.C. § 1331 (2007) .................................................................................... 6
28 U.S.C. § 1334 (2007) .................................................................................. 12
28 U.S.C. § 1334(b) .......................................................................................... 13
28 U.S.C. § 1441(b) (2007) ............................................................................... 6
28 U.S.C. § 1452(a) ......................................................................................... 13
28 U.S.C. §1441(c)(2007) .................................................................................. 9
28 U.S.C. §1446(b) ........................................................................................... 5

## Other Authorities

16-107 *Moore's Federal Practice – Civil,* Section 107.30 [3][a][i][A] ................................ 16
U.S. Code Cong. & Admin.News 1978, 5787, 5939-40 ......................................... 12



1

## I.     INTRODUCTION

2      Defendant Memorial Medical Center ("Memorial") removed this case to federal court within

3  6 days from the date Memorial and 22 of the other hospital defendants were sued.  Removal was

4  proper and timely under the prevailing "last served" rule.  *Drew v. Equifax*, 2007 U.S. Dist. Lexis

5  35586, at 3, note. 1 (N.D. Cal. 2007) ("This Court is inclined to follow the trend in this district,

6  which is to follow the last-served rule.").  Precluding these newly added defendants from exercising

7  their right to remove would "effectively remove the protections of the removal statutes from

8  defendants who have the misfortune to be served late in the action."  *Smith v. Mailboxes, etc.*, 191 F.

9  Supp. 2d 1155, 1159 (E.D. Cal. 2002), quoting *Goularte v. Abex Corp.,* 1997 U.S. Dist. LEXIS

10  7611, No 97-1265, 1997 WL 294397, at 2 (N.D. Cal. May 28, 1997).

11      Plaintiff Melinda Campbell ("Plaintiff" or "Campbell") filed her original class action

12  complaint[1] in state court against Defendant Sutter Health only, alleging that Sutter Health

13  wrongfully asserted hospital liens for medical services rendered to patients who were injured by

14  third parties.  *See, e.g.,* Notice Of Removal ("NOR") Ex. C, Tab 1, ¶ 2.  As Sutter Health later

15  established, it is not a hospital, and never served hospital liens.  NOR Ex. C, Tab 70, 3:25-4:3.

16  Plaintiff did not reveal in the complaint what hospital provided services to her or precisely why she

17  contended the hospital lien for those services was allegedly extinguished, i.e., by bankruptcy,

18  insurance payment, or "some other means."  NOR Ex. C, Tab 1.

19      All the while, Plaintiff was well aware that her dispute was with Memorial, and in fact, in

20  correspondence with Memorial between May and December, 2005, she herself framed the dispute as

21  a dispute over the effect of her bankruptcy discharge on the lien.  NOR, Ex. A (Campbell's

22  Responses to Defendant Sutter Health's First Set of Interrogatories for Admissions (sic), Request and

23  Response #3), p. 4; NOR, Ex. C, Tab 70, Ex. Y; NOR Ex. C, Tab 71 (Declaration of Gayl

24  Lounsbury describing correspondence between Memorial's counsel and Plaintiff's regarding the

25  effect of the bankruptcy action on Memorial's lien), ¶¶ 7-10, and Exs. F-H thereto.  Plaintiff

26  ///

27

28  ───────────────────

[1]  Though styled as a class action, no class has been certified and Campbell is the only plaintiff
named as representative of the putative class.



**Defendants' Opposition to Plaintiff's Motion to Remand**                                1030782v4 09504/0502

1  contended, as she does today, NOR Ex. A, that the discharge operated to extinguish the lien.

2  Memorial disagreed, because 11 U.S.C. section 524(a)2 provides that a discharge is merely an

3  injunction to preclude some creditors from pursuing certain claims against the debtor, but not a lien

4  asserted against the proceeds of Plaintiff's personal injury claim. Ex. C, Tab 71, ¶¶ 7-10, and Exs. F-

5  H thereto.  Nonetheless, Plaintiff chose not to sue Memorial and continued hiding the hospital's

6  identity and the true basis for her action – even when she filed her first amended complaint. *Id.*;

7  NOR Ex. C, Tab 29.  In fact, Plaintiff refused to name any hospitals as defendants in this case until

8  after Sutter Health was forced to conduct written discovery, and learned about the bankruptcy issue

9  and Memorial's involvement.  NOR Ex. A.

10      Plaintiff could have resolved her forum concerns by serving all the necessary parties as soon

11  as possible.  *Coleman v. Assurant,* 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006).  Instead, Plaintiff

12  omitted from her pleadings the name of the hospital where she was treated, and which asserted the

13  lien; refused to sue the hospital that had knowledge that Plaintiff's case is based solely on the

14  erroneous conclusion that her discharge in bankruptcy had the legal effect of extinguishing the lien

15  that Memorial asserted; and named Sutter Health, which had no involvement in Plaintiff's prior

16  arguments with Memorial about the effect of the bankruptcy.  NOR Ex. C, Tab 71 and Exs. E-H

17  thereto.  Thus, for almost two years Plaintiff actively concealed the fact that her claims are based

18  solely on a federal question.  When the truth finally came to light and she was forced to name

19  Memorial and the other hospitals as defendants, Memorial timely filed its notice of removal, joined

20  by all Defendants.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999);

21  *Briarly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 532-533 (6th Cir. 1999); *McKinney v.*

22  *Board of Trustees of Md. Cmty. Coll.*, 955 F.2d at 924, 927-928 (4th Cir. 1992); *Marano Enterprises*

23  *v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 755-757 (8th Cir. 2001); *Bonner v. Fuji Photo Film*, 461

24  F. Supp. 2d 1112, 1117 (N.D. Cal. 2006); *Drew,* 2007 U.S. Dist. Lexis 35586, at 3, note. 1.

25      Plaintiff now asks this Court to assist her in preventing 23 newly named defendants in this

26  case from exercising their rights to be heard in the proper forum, federal court.  Plaintiff's efforts to

27  avoid federal court, which is where this case belongs, should not be rewarded.  This Court has

28  unique and exclusive jurisdiction over civil cases arising from disputes over bankruptcy discharge.


McDonough Holland & Allen PC
Attorneys at Law

**Defendants' Opposition to Plaintiff's Motion to Remand**                          1030782v4 09504/0502

1   *See, e.g., Snider v. Sherman,* 2007 U.S. Dist. LEXIS 32336, 65-66 (E.D. Cal. 2007).

2   ## II.    PROCEDURAL BACKGROUND

3          Plaintiff spent the last two years dodging Sutter Health's efforts to get to the most basic

4   underpinnings of this case.  Just when Plaintiff finally reveals the federal nature of her claims and

5   sues the party whose conduct gave rise to the complaint, Plaintiff argues that the new defendants

6   should be precluded from exercising their rights because so much time has passed.  The passage of

7   time should not advantage Plaintiff; it is of her own making.  *Coleman,* 463 F. Supp. 2d at 1168.

8          Moreover, as the procedural background of this case reveals, Plaintiff will not be

9   disadvantaged by proceeding now in federal court.  What has been accomplished to date will only

10  streamline the proceedings against the new defendants.  First, Sutter Health successfully demurred to

11  Plaintiff's first complaint.  The court held that the entire complaint was barred "because Sutter's

12  filing of liens is protected by the litigation privilege …."  NOR, Ex. C, Tab 26, p. 1.  The court

13  granted leave "to allege a claim for malicious prosecution and/or claims for unlawful or unfair

14  competition that borrow from or are tethered to the law of malicious prosecution."  *Id.* at p. 2.

15  Plaintiff then filed her first amended complaint, also against Sutter Health only, pleading various

16  causes of action based on the same alleged conduct:  the assertion of hospital liens that were

17  allegedly "extinguished "  NOR, Ex. C, Tab 29.  Sutter Health demurred again.  NOR, Ex. C, Tabs

18  30-34.  Sutter Health's demurrer was granted in part, leaving a cause of action for malicious

19  prosecution, a claim for unfair business practices that had to be tethered to her malicious prosecution

20  cause of action, and a request for declaratory relief asking that a court determine that the liens were

21  extinguished by insurance payments, bankruptcy, or some other means.  NOR, Ex. C, Tab 44.

22         When the original complaint was filed, counsel for Sutter Health advised Plaintiff that Sutter

23  Health was not a hospital and that she should address her claims to the hospital that treated her and

24  that asserted the lien at issue.  Declaration of Marcia L. Augsburger In Support of Defendants'

25  Opposition To Plaintiff's Motion To Remand And For Attorneys Fees And Costs ("MLA Dec.") ¶ 2

26  and Ex. A thereto.  Plaintiff refused.  *Id.*  Instead, she served discovery on Sutter Health.  *Id.*  Sutter

27  Health timely responded, explaining again that it is not a hospital, does not serve hospital liens, and

28  has no control over the documents and information maintained by the hospital that treated Plaintiff,


McDonough Holland & Allen PC
Attorneys at Law

3

**Defendants' Opposition to Plaintiff's Motion to Remand**                    1030782v4 09504/0502

or any other Sutter Health affiliated hospital. *Id.* Rather than naming the hospitals as defendants or subpoenaing documents or information from the hospitals directly, Plaintiff filed a motion to compel further discovery responses against Sutter Health. *Id.* In response to the motion, Sutter Health established that it did not serve liens, and that it had no control over its affiliated hospitals' documents and lien or patient information. *Id.*, ¶3 and Ex. B thereto.[2] Thereafter, Plaintiff finally named the hospitals as defendants.

In the meantime, Sutter Health determined, through written discovery, that Plaintiff's case is based entirely on the federal question of whether Plaintiff's discharge in bankruptcy extinguished the lien at issue – not on whether the lien was extinguished by an insurance payment (she was uninsured),[3] or "some other means," as her vague complaint alleged. NOR Ex. C, Tab 1, ¶ 2. Specifically, Sutter Health learned the following through discovery:

- that Plaintiff was treated at Memorial Medical Center in Modesto ("Memorial") for injuries sustained in a third party accident;

- that Plaintiff was an uninsured patient who did not pay Memorial for her treatment;

- that Plaintiff sued the tortfeasor who caused the injuries Memorial treated, seeking recovery of the amount of the medical charges attributable to her care;

- that Plaintiff's attorney requested that Memorial send them a lien for the medical charges to assist them in their case against the tortfeasor ("the Lien");

- that Plaintiff later filed bankruptcy, listing the amounts owed to Memorial as a debt;

- that after she received a discharge in bankruptcy, Plaintiff refused to pay the Lien, taking the legal position that the bankruptcy discharge extinguished the Lien;

- that Memorial's attorneys expressed disagreement with Plaintiff's legal position but did not take legal action to enforce the lien;

- that although the SAC alleges that Defendants asserted hospital liens for medical services rendered to patients who were injured by third parties after those liens were extinguished by (1) bankruptcy, (2) insurance payment, or (3) "some other means," **Plaintiff's claims are**

---

[2] *See also,* NOR, Ex. C, Tab 66, 3:19-20; 4:13-19.
[3] NOR Ex. C, Tab 50 ¶ 3 and Exs. 1,2,4-6.

**based solely on her legal position that the Lien Memorial asserted was extinguished by her bankruptcy discharge**;

- that she contends that Memorial's refusal to acknowledge that the lien was extinguished by the bankruptcy discharge constitutes malicious prosecution; and

- that the Lien was never satisfied, and her medical bills were never paid.

NOR Ex. C, Tab 50; NOR, Ex. A (Campbell's Responses to Defendant Sutter Health's First Set of Interrogatories for Admissions (sic), Request and Response #3), p. 4; NOR, Ex. C, Tab 70, Ex. Y; NOR, Ex. C Tab 71, and Exhibits A through I thereto.  Before Plaintiff responded to Sutter Health's discovery requests, Plaintiff had maintained the subterfuge that she might be a class representative whose lien was allegedly extinguished by an insurance payment.  *See, e.g.,* NOR Ex. C, Tabs 20, 25, 29, 35.

On June 22, 2007, with leave of court, Plaintiff filed her second amended complaint ("SAC"), naming the 23 hospitals, with the result that 12 of the Defendants in this case are located in the Eastern District of California.  NOR, Ex. B.  The SAC still *attempts* to conceal the specific manner in which Plaintiff's debt was allegedly extinguished, i.e., whether it was extinguished "through payment by an insurance provider, through bankruptcy, or through [some] other means."  SAC ¶ 2.  However, Plaintiff admits that her case is based on her unsupported assumption that the bankruptcy court's ruling extinguished the Lien.  *See, e.g.,* Plaintiff's Motion to Remand and For Attorneys Fees and Costs, 7:2-4.  Moreover, other pleadings and papers in the case permit the Court to ascertain that this is the basis of Plaintiff's case and that this Court has jurisdiction under Section 1441.  28 U.S.C. §1446(b).  This Court may take judicial notice of what Plaintiff is claiming based on pleadings filed in this case.[4]  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  Plaintiff's responses to Special Interrogatories, which were filed in the state court and with Defendants' NOR in this Court, explain, in Plaintiff's own words, that the causes of action in her SAC are based on her legal position that her discharge in bankruptcy operated to invalidate the Lien.

---

[4] Judicial notice may be taken of a fact "not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. Evid. 201.  The nature of what Plaintiff is claiming cannot reasonably be questioned in light of her verified discovery responses.



Defendants' Opposition to Plaintiff's Motion to Remand                                                 1030782v4 09504/0502

1    The responses to interrogatories state:

2        Plaintiff received medical services at [Memorial] hospital[5] for injuries she sustained
3        as the result of a tort committed by a third party.  After Plaintiff declared bankruptcy,
         the United States Bankruptcy Court discharged all of her debts, including her debt to
4        the hospital for the medical services she received.  When Plaintiff brought an action
         against the tortfeasor who caused her injuries that required the medical services at the
5        [Memorial] hospital, [Memorial] asserted a lien against Plaintiff to recover its so-
         called "customary charges" from Plaintiff, despite the fact that [Memorial] knew that
6        Plaintiff's debt to [Memorial] no longer existed.  [Memorial] was named in Plaintiff's
         bankruptcy petition, was offered an opportunity to appear at a hearing, and was given
7        notice of the Bankruptcy Court's discharge of Plaintiff's debt to [Memorial].  As a
         result, [Memorial] asserted its lien against Plaintiff with malice and without probable
8        cause, and the lien was terminated in favor of Plaintiff by way of the Bankruptcy
         Court's discharge of Plaintiff's debt.   [Citation.]   [Memorial] is thus liable for
9        malicious prosecution and violations of the UCL.

10   NOR, Ex. C, Tab 70, Ex. Y, Nos. 4-6, 8, 9.  Plaintiff's statements reflect that the SAC alleges, at

11   most, the improper legal conclusion that the HLA lien MHA asserted against her tort recovery (the

12   "Lien") was extinguished by her discharge in bankruptcy.  As addressed in part II.A. below, the Lien

13   was not extinguished as a matter of federal bankruptcy law.

14   **III.    THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C.
             SECTIONS 1331 AND 1334.**
15
             **A.    This Court has Subject-Matter Jurisdiction under 28 U.S.C. Section 1331
16                   Because Resolution of Plaintiff's Claims Necessarily Involves the
                     Interpretation of Federal Bankruptcy Law.**
17

18        District Courts have jurisdiction over civil cases arising under the constitution, laws, and

19   treaties of the United States, and when such a case is filed in a state court, defendants may remove it

20   to a federal court.  28 U.S.C. § 1331 (2007) ("Section 1331") and 28 U.S.C. § 1441(b) (2007)

21   ("Section 1441(b)").  A case may arise under federal law where the "vindication of a right under

22   state law" necessarily turns "on some construction of federal law."  *Merrell Dow v. Thompson,* 478

23   U.S. 804, 808-09 (1986), quoting, *Franchise Tax Board v. Construction Laborers Vacation Trust for

24   So. Cal.*, 463 U.S. 1, 9-10 (1983).  Section 1331 confers federal jurisdiction when "it appears that

25   some substantial, disputed question of federal law is a necessary element to one of the well-pleaded

26   state claims." *Franchise Tax Board,* 463 U.S. at 13; *Grable & Sons Metal Products v. Darue Eng'g*

27   _____

28   [5]  This hospital was Memorial Medical Center ("MHA").  NOR, Ex. C, Tab 70, Ex. Z (Plaintiff's
     Responses To Requests For Admission) and Requests for Admissions, Genuineness of Documents,
     attached to MLA Dec. as Ex. AA.


MHA
McDonough Holland & Allen PC
Attorneys at Law

Defendants' Opposition to Plaintiff's Motion to Remand                    1030782v4 09504/0502

1    *& Mfg.*, 545 U.S. 308, 313-314 (2005); *Santa Clara v. Astra U.S.A., Inc.*, 401 F. Supp. 2d 1022,

2    1024 (N.D. Cal.  2005) (Section 1331 also confers jurisdiction when an issue of federal law

3    "undergirds a claim otherwise based in state law.").

4          This case arises under federal bankruptcy law, including, in particular, 11 U.S.C. section

5    524(a)2.  Plaintiff claims that her discharge in bankruptcy extinguished the Lien –nothing more or

6    less.  NOR, Ex. A , p. 4; NOR, Ex. C, Tab 70, Ex. Y; NOR Ex. C, Tab 71, ¶¶ 7-10, and Exs. F-H

7    thereto.  Before this case can be resolved on the merits, a court must first determine the federal

8    question of whether a discharge in bankruptcy extinguished the Lien. *See, e.g., Snider v. Sherman*,

9    2007 U.S. Dist. LEXIS 32336, at 65-66 (E.D. Cal 2007) (state court jurisdiction would not be proper

10   to accomplish "the adjustment of rights and duties within the bankruptcy process itself," which

11   should be uniquely and exclusively federal [*e.g.* debtors' petitions, creditors' claims, disputes over

12   reorganization plans, **disputes over discharge**, and such other proceedings], quoting *MSR*

13   *Exploration*, 74 F.3d 910, 914 (9th Cir. 1996));  *In re Dickinson,* 24 B.R. 547, 549-541 (S.D. Cal.

14   1982) (physicians could enforce a lien on a bankruptcy debtor's proceeds from a settlement even

15   though they could not pursue unsecured debt from a debtor post-discharge).

16         Campbell concedes this very point in her third cause of action for a declaration that her lien

17   was extinguished by bankruptcy; Plaintiff's first and second causes of action are necessarily

18   dependent on a court first determining, in her favor, her third cause of action.  **That is, her state law**

19   **claims for damages under her first and second causes of action are, according to her third**

20   **cause of action, dependent on a court first determining that her discharge in bankruptcy**

21   **extinguished Memorial's lien.**  (SAC ¶ 6.  "Plaintiff and the Class also seek declaratory relief to the

22   effect that the liens asserted . . . by Defendants were null and void . . . because any underlying debts

23   between Defendants and Plaintiff or other members of the Class had been extinguished by insurance

24   payment, **bankruptcy,** or other means." [emphasis added]).  *See also* SAC ¶¶ 2, 4, 31, 33, 34, 36,

25   and 42.

26         Nonetheless, Plaintiff asserts that defendants "misrepresent plaintiff's state law claims as

27   arising under or relating to federal question of bankruptcy law . . . [because] "[t]he fact that the

28   bankruptcy court had previously and definitively ruled on plaintiff's underlying debt – in an



7

1   uncontested petition – does not provide defendants with federal jurisdiction here."[6]  This begs the

2   very federal question at issue:  Did Plaintiff's discharge in bankruptcy extinguish the hospital lien?

3   The answer is no, but the point is that Plaintiff's motion to remand is based entirely on her

4   unsupported assumption that a discharge in a closed bankruptcy case operates to extinguish pending

5   liens.

6       The question of whether the discharge extinguished the Lien raises an issue of pure federal

7   law.  Specifically, Plaintiff's claims involve the scope of discharge under 28 U.S.C. sections

8   157(b)(2)(I) and 157(b)(2)(J) and the validity, extent, or priority of liens under 28 U.S.C. section

9   157(b)(2)(K).  Quite simply, these issues do not exist outside of federal law.  *Snider*, 2007 U.S. Dist.

10  LEXIS 32336, at 65-66 (E.D. Cal 2007).  Also as a matter of federal law, the pursuit of a lien against

11  proceeds from a personal injury claim after a debtor's discharge in bankruptcy cannot support

12  malicious prosecution.  *See, e.g., In re Dickinson,* 24 B.R. 547, 549-541 (S.D. Cal. 1982) (physicians

13  could enforce a lien on a bankruptcy debtor's proceeds from a settlement even though they could not

14  pursue unsecured debt from a debtor post-discharge).  A "discharge" is merely an injunction to

15  preclude some creditors from pursuing certain claims against the debtor.  11 U.S.C. § 524(a)2.  The

16  right to proceed under a lien against the collateral to satisfy the discharge debt to the extent of the

17  value of the collateral is not impaired or diminished by the discharge; the lien is said to ride or pass

18  through bankruptcy.  *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991); *In re

19  Garske*, 287 B.R. 537, 542 (9th Cir. BAP 2002); *Ramirez v. General Motors Acceptance Corp. (In

20  re Ramirez),* 28 B.R. 252, 256 (C.D. Cal. 2002).  When the secured creditor is simply seeking to

21  recover against the collateral upon which it has a lien, here, Plaintiff's claim against the tortfeasor,

22  there is no discharge violation.  *In re Garske,* 287 B.R. at 545.

23      Campbell cannot avoid federal jurisdiction by arguing that she has not pleaded a federal

24  cause of action; her state law causes of action are dependent on resolving a federal question.  SAC

25  ¶¶ 2, 4, 6, 31, 33, 34, 36, and 42.  Accordingly, jurisdiction attaches.  *Grable*, 545 U.S. at 314-15.  In

26  *Grable*, the plaintiff argued that because federal law did not provide for a federal cause of action to

27  quiet title, *Merrell Dow* dictated that there could be no federal question under Section 1331.  *Id.* at

28

---

[6] Page 7, lines 2-4 of Plaintiff's Motion to Remand and for Attorneys Fees and Costs.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

**Defendants' Opposition to Plaintiff's Motion to Remand**                    1030782v4 09504/0502

316.   In denying plaintiff's motion for remand, the *Grable* Court rejected this interpretation, concluding that *Merrell Dow* did not overturn "decades of precedent," as it would have done if it had effectively adopted the rule that a federal private cause of action is necessary for federal question jurisdiction. *Grable*, 545 U.S. at 317.  Rather, the Court held that an action based on state law was removable to federal court where the meaning of a federal statute was an **essential element** of the plaintiff's claim. *Grable*, 545 U.S. at 314-15.  Because the plaintiff in *Greble* premised its state law quiet title claim on a failure by the IRS to give plaintiff adequate notice of its title rights, as defined by federal statute, the U.S. Supreme Court found that whether plaintiff was given adequate notice within the meaning of the federal statute was thus an essential element of plaintiff's state law claim. *Id.*

Likewise, Campbell has premised her malicious prosecution and related claims on her assumption that her discharge in bankruptcy extinguished Memorial's lien.  That is, her claims that Memorial asserted an extinguished lien on her tort recovery depends on whether the bankruptcy discharge extinguished the lien within the meaning of the federal law that established the very concept of a "discharge in bankruptcy," including 11 U.S.C. section 524(a)2, 28 U.S.C. sections 157(b)(2)(I) and 157(b)(2)(J) and 28 U.S.C. section 157(b)(2)(K).[7]  Accordingly, pursuant to *Grable*, this Court has jurisdiction to hear Plaintiff's claims.

Furthermore, Plaintiff styling of her complaint as a class action, alleging that some other plaintiffs may have had their liens extinguished by some other means, does not defeat federal jurisdiction here.  On the contrary, federal jurisdiction attaches so long as at least one of the federal issues embedded in a complaint must be addressed in order for the case to be resolved on its merits. *Santa Clara*, 401 F. Supp. at 1025.  Once federal jurisdiction attaches to one of Plaintiff's causes of action, this Court can exercise jurisdiction over the remainder of the action. 28 U.S.C. §1441(c)(2007); *Santa Clara*, 401 F. Supp. 2d at 1025 ("If only one of several state claims satisfies the requirements for removal on federal-question grounds, then any other purely state claims in the same complaint may also be determined by the federal court under its supplemental jurisdiction.").

---

[7] SAC ¶¶ 2, 4, 6, 31, 33, 34, 36, and 42; NOR Ex. C, Tab 70, Ex. Y, Nos. 4-6, 8, 9.

**Defendants' Opposition to Plaintiff's Motion to Remand**                    1030782v4 09504/0502

McDonough Holland & Allen PC
Attorneys at Law

Moreover, according to the SAC, Plaintiff and the class she purports to represent allege that they are entitled to damages under state law because any underlying debts between Defendants and Plaintiff or other members of the Class were extinguished by bankruptcy.  Plaintiff cannot have it both ways – either the class she purports to represent includes plaintiffs whose liens were allegedly discharged in bankruptcy or it does not.  Plaintiff cannot claim that she has a cause of action based on her discharge in bankruptcy and then deny that there is a federal question based on the fact that some other, unnamed  plaintiffs might base their claims on some other, purely state law theory.  Indeed, to the extent that Plaintiff claims there may be other plaintiffs in the putative class whose liens were extinguished through other means, Campbell cannot represent them because she "never had standing" to bring this class action on their behalf.  *Lierboe v. State Farm Mutual Automobile Ins. Co*., 350 F.3d 1018, 1023 (9th Cir. 2003).  If Plaintiff and those she purports to represent are part of this action, then no court can reach the merits on their claims without first determining the federal issue of whether their liens were extinguished in bankruptcy, and Plaintiff's complaint must be dismissed.  *Lierboe*, 350 F. 3d at 1023.

Plaintiff disingenuously takes the position that the issue of whether the Lien was extinguished based on her discharge in bankruptcy is not substantial.  The sole plaintiff's entire case hinges on this issue.  *See e.g.*, NOR Ex. A.  If the lien was not extinguished by her discharge, Plaintiff has no complaint against any defendant.

This is not the case where Plaintiff can avoid the federal question because liability can attach without necessarily resolving the federal question.  *See, e.g. Castro v. Providian Nat'l Bank*, 2000 U.S. Dist. Lexis 19062, at 8 (N.D. Cal. 2000) (Plaintiff's claims did not hinge on federal law where Plaintiff could prove defendants violated California Business and Professions Code Section 17200 either by violation of the federal or state law.)  Here, if Campbell is to succeed, she must necessarily convince a court that her discharge in bankruptcy extinguished her lien.  Accordingly, for Campbell's case to be "resolved on its merits, at least one of the federal issues embedded in the complaint must be addressed. There is simply no other way." *Santa Clara*, 401 F. Supp. 2d at 1025.

Plaintiff attempts to hide behind the vagueness of her complaint, arguing that no federal question appears from the allegations.  Indeed, as noted above, she played "hide and seek" for



**Defendants' Opposition to Plaintiff's Motion to Remand**                                    1030782v4 09504/0502

1   months, until then sole defendant Sutter Health learned through discovery that her case was based

2   exclusively on her argument that the bankruptcy discharge extinguished her debt to Memorial.  As

3   set forth in the NOR, Plaintiff's discovery responses reveal that her claims are based solely on her

4   claim that a lien asserted by removing defendant Memorial against Plaintiff's expected tort

5   recoveries was extinguished upon Plaintiff's discharge in bankruptcy.  NOR ¶ 5 and Exhibit A.

6   Plaintiff cannot now try to avoid removal by arguing that she did not plead a federal question.  So

7   long as the basis for federal jurisdiction is revealed in other pleadings or documents of the case, this

8   Court has jurisdiction under Section 1441.  28 U.S.C. 1446(b) ("If the case stated by the initial

9   pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

10  defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

11  paper from which it may first be ascertained that the case is one which is or has become

12  removable.").

13      In addition, an inquiry into subject-matter jurisdiction does not end at the face of a complaint

14  that ostensibly does not present a claim arising under federal law.

15      The artful pleading doctrine is a corollary to the well-pleaded complaint rule, and
    provides that [a]lthough the plaintiff is master of his own pleadings, he may not avoid
16      federal jurisdiction by omitting from the complaint allegations of federal law that are
    essential to the establishment of his claim.

17

18  *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (quoting *Hansen v. Blue*

19  *Cross of California,* 891 F.2d 1384, 1389 (9th Cir.1989) (quoting *Paige v. Henry J. Kaiser Co.,* 826

20  F.2d 857, 860 (9th Cir.1987)).  Here, Plaintiff's complaint, though not as expressly as her discovery

21  responses, reveals the federal question that Defendants now wish heard in a federal forum.  Her

22  complaint repeatedly states that her causes of action are, at least in part, based on her discharge in

23  bankruptcy.  SAC ¶¶ 2, 4, 6, 31, 33, 34, 36, and 42.  Plaintiff cannot avoid federal jurisdiction now

24  by claiming that her complaint does not involve any such question.  Indeed, again, her third cause of

25  action, as it pertains to her claim, is nothing more than a request for a court to answer the very

26  question that gives rise to federal jurisdiction:  Did Plaintiff's discharge in bankruptcy extinguish

27  Memorial's lien?

28  ///

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

**Defendants' Opposition to Plaintiff's Motion to Remand**                    1030782v4 09504/0502

1    Thus, the complaint revealed the federal question and discovery performed before 23 of the

2    24 hospitals were named established that the federal question is the sole basis for the sole plaintiff's

3    claims.  This is a federal case.

4        **B.**    **Section 1334 provides an additional basis for subject-matter jurisdiction**
            **because Plaintiff's claims arises under the Bankruptcy Code.**

5

6    Plaintiff does not seriously question that determining whether a debt has been discharged in

7    bankruptcy presents a question of federal law.  Rather, she argues that section 1334 does not provide

8    for federal jurisdiction because her causes of action do not arise under bankruptcy law and because

9    they cannot relate to her bankruptcy once her bankruptcy case is closed.  Plaintiff's Motion to

10   Remand, 8:17-10:12.  Plaintiff misapprehends the nature of "arising-under" jurisdiction.

11   The plain language of section 1334 grants this Court jurisdiction.  28 U.S.C. § 1334 (2007).

12   "That statute divides jurisdiction into three broad categories of civil proceedings:  those 'arising

13   under title 11 [i.e., under the Bankruptcy Code]'; those 'arising in . . .cases under title 11'; and those

14   'related to cases under title 11.'"  *Aheong v. Mellon Mortgage Company*, 26 B.R. 233, 244 (9th Cir.

15   B.A.P. 2002).  As the *Aheong* court acknowledged, section 1334 contains a broad grant of authority

16   enabling federal courts to dispose of matters that arise not only in bankruptcy cases, **but under the**

17   **Bankruptcy Code**.  *Aheong*, 276 B.R. at 245, citing, S.Rep. No. 989, 95th Cong., 2d Sess. 154

18   (1978), U.S. Code Cong. & Admin.News 1978, 5787, 5939-40 (emphasis added).  Accordingly,

19   "Section 1334(b)'s phrase 'all civil proceedings arising under title 11' is not limited to causes of

20   action under title 11 **but includes proceedings based on a 'right' under title 11**."  *Aheong*, 276

21   B.R. at 246 (emphasis added).  *See also Eastport*, 935 F.2d at 1076.  "If a bankruptcy discharge . . .

22   has been previously  issued in a case under § 1334(a), then a disagreement between debtor and

23   creditor regarding the question whether a particular debt is excepted from discharge is . . . within

24   § 1334(b) jurisdiction."  *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 905 (9th Cir. BAP 1999).

25   Plaintiff's claims involve the scope of discharge under 28 U.S.C. sections 157(b)(2)(I) and

26   157(b)(2)(J) and the validity, extent, or priority of liens under 28 U.S.C. section 157(b)(2)(K).   As

27   such, they are deemed by statute to be core proceedings.  28 U.S.C. section 157(b).  These  issues do

28   not exist outside of title 11.  *Snider v. Sherman*, 2007 U.S. Dist. LEXIS 32336, at 65-66 (E.D. Cal.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

**Defendants' Opposition to Plaintiff's Motion to Remand**                    1030782v4 09504/0502

2007) (state court jurisdiction would not be proper to accomplish "the adjustment of rights and duties within the bankruptcy process itself," which should be uniquely and exclusively federal [*e.g.* debtors' petitions, creditors' claims, disputes over reorganization plans, disputes over discharge, and such other proceedings] [quoting *MSR Exploration*, 74 F.3d 910, 914 (9th Cir. 1996)]).  Indeed, "Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created **or determined by a statutory provision of title 11**.  *In re Eastport Assoc.*, 935 F.2d 1071, 1076 (9th Cir. 1991), quoting *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987).  Plaintiff's cause of action arises under title 11 because it can only be determined by a statutory provisions of title 11 - the scope of discharge under 28 U.S.C. sections 157(b)(2)(I) and 157(b)(2)(J) and the validity, extent, or priority of liens under 28 U.S.C. section 157(b)(2)(K).  Plaintiff cannot pursue her malicious prosecution and Section 17200 claims against any defendant absent some determination under federal law that Plaintiff's lien was extinguished by her discharge in bankruptcy.  This is, therefore, a proceeding that arises under title 11.

Contrary to Plaintiff's assertions, there is no requirement that a case be open under Section 1334(a) for a court to act in a 'civil proceeding' under Section 1334(b).  *In re Menk*, 241 B.R. at 902, 904.  As the *Menk* court stated, exercising jurisdiction pursuant to the arising under clause of 28 U.S.C. § 1334(b) to determine whether a debt is excepted from discharge does not require that the closed bankruptcy case be reopened.  *In re Menk*, 241 B.R. at 902.

Once again, Plaintiff ignores relevant authority from within the 9th Circuit in favor of inapposite authority from other jurisdictions.  Neither *Wee Luv*, 219 B.R. 607 (W.D. Okla. 1997) nor *Rand v. Empire Funding*, 132 F. Supp. 2d 497 (S.D. Miss. 2000) supports Plaintiff's position.  *Wee Luv* stands for the proposition that where the bankruptcy case is closed, and consummation of . . . reorganization plan is impossible, there can be no related-to jurisdiction under 1334(b).  *Wee Luv*, 219 B.R. at 617.  *Rand* involved an unopposed motion by plaintiff to remand an action that was removed by defendants pursuant to 28 U.S.C. § 1452(a) and merely stated that Section 1334 does not support related-to jurisdiction if the debtor's bankruptcy case is closed.  *Rand*, 132 F. Supp. 2d at 500, n.3 and 501.  As with *Wee Luv*, *Rand* is based on a different removal statute, different circumstances, a different basis for jurisdiction, and another Circuit's authority.

1    The one 9th Circuit case cited by Plaintiff is unpublished and not citable to this Court. *In re*

2    *Yerasi*, 1990 U.S. App. LEXIS 22509 (1990). It is also irrelevant because it too merely stands for

3    the proposition that Section 1334 does not provide for related-to jurisdiction where the underlying

4    bankruptcy case is closed. *In re Yerasi*, 1990 U.S. App. LEXIS 22509, at 4.

5    **IV.    IN THE 9TH CIRCUIT, COURTS MUST NOT AND CANNOT ABSTAIN**
     **WHEN A CASE HAS BEEN REMOVED FROM STATE COURT BECAUSE**
6    **ONCE REMOVED, THERE IS NO PARALLEL STATE ACTION**

7    Unlike the United States District Court for the Northern District of Alabama, to which

8    Plaintiff refers this Court, **the 9th Circuit has unequivocally and consistently held that the**

9    **doctrines of permissive and mandatory abstention are irrelevant in actions removed from state**

10   **court.** *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1010 (9th Cir. 1997); See,

11   also, *Shulman, et al. v. California, et al.* ( *In re Lazar*), 237 F.3d 967, 981-82 (9th Cir. 2001). In

12   *Lazar,* the 9th Circuit held that Section 1334(c)(1) and 1334(c)(2) were inapplicable to cases

13   removed from state court, because "once a case is removed, "no other related [state] proceeding

14   thereafter exists." *In re Lazar*, 237 F.3d at 981, quoting, *Security Farms*, 124 F.3d at 1010.[8]

15   Plaintiff's reliance on *In re Tucson,* 912 F.2d 1162 (9th Cir. 1990) for the proposition that this

16   Court *should* abstain is as misplaced and misleading as her reliance on authority from other

17   jurisdictions for the proposition that this Court *must* abstain. *Tucson*, of course, is not a removal

18   case; rather, it merely involved a federal court lifting the automatic stay in deference to a parallel

19   state action. *In re Tucson,* 912 F.2d at 1165-66.

20   As there is no pending or parallel state action in deference to which this Court might abstain,

21   Plaintiff's requests for abstention under Section 1334(c)(1) or (c)(2) should be denied.

22   **V.    DEFENDANTS' REMOVAL WAS TIMELY; DEFENDANT MEMORIAL**
     **FILED ITS NOTICE OF REMOVAL WITHIN 30 DAYS AFTER RECEIPT**
23   **OF SERVICE OF THE COMPLAINT.**

24   Plaintiff wants this Court to believe that the parties have been laboriously litigating this

25   matter in Alameda County ever since Plaintiff filed her original complaint. While it is true that the

26

27   ---
     [8] To the extent *Hopkins v. Plant Insulation Co.,* 349 B.R. 805 (2006), suggests that a court can
     essentially abstain for equitable reasons once a case has been removed under 28 U.S.C. 1452,
28   *Hopkins* is simply incorrect. *Security Farms*, 124 F.3d at 1010. Defendants also note that they did
     not remove to a bankruptcy court under Section 1452, so Section 1452(b) would not apply.
     Accordingly, *Hopkins'* finding, incorrect or not, is inapplicable here.


McDonough Holland & Allen PC
Attorneys at Law

**Defendants' Opposition to Plaintiff's Motion to Remand**                    1030782v4 09504/0502

parties have engaged in three exhibit-heavy motions, the reality is that Plaintiff's case has barely inched along. Despite being styled as a class action, Plaintiff has yet to even move to certify a class. NOR Ex. C, Tab 54. Defendant Sutter Health had to wait an entire year before Plaintiff filed a complaint to which it could answer. See generally NOR. Plaintiff has taken only a single deposition and Defendants have taken none. MLA Dec. ¶4. Indeed, the parties have exchanged very little discovery in the nearly two years since Plaintiff filed her original complaint, mainly due to Plaintiff stalling before deciding to sue the appropriate defendants and to her attempts to conceal the true nature of her case. *Id*. Furthermore, contrary to Plaintiff's claim in her Motion to Remand, the Alameda Court has not issued a single ruling on the merits of Plaintiff's claims in her SAC. The June**,** 2007 order was nothing more than an order permitting Plaintiff to file her SAC and compelling certain discovery. In fact, the court explicitly stated that it would not resolve "whether Plaintiff can pursue a claim against all the affiliated hospitals on behalf of a class or series of sub-classes." NOR Ex. C, Tab 76, 2:21-24. *See also id.* 2:8-12; 3:10-11; 5:506 ("A discovery motion is not the place to argue the merits of the case.").

Plaintiff is desperate for this Court to determine that defendants somehow dragged their feet in removing to federal court, ostensibly to support her claim that defendants are merely forum-shopping in order to avoid unfriendly state court orders. The truth is, this case was removed by Memorial (with the consent of all defendants) a mere six days after 23 of the 24 defendants were served, Plaintiff having filed her second amended complaint on June 22, 2007, naming for the first time the 23 affiliated hospitals. NOR, Ex. B; *supra* footnote 1. On June 28, 2007, defendant Memorial timely removed the case to this Court based on Plaintiff's confirmation that her causes of action are based solely on her claim that a lien asserted by Memorial against Plaintiff's expected tort recoveries was extinguished upon Plaintiff's discharge in bankruptcy. NOR, Ex. A (Campbell's Responses to Defendant Sutter Health's First Set of Interrogatories for Admissions (sic), Request and Response #3), p. 4; NOR, Ex. C, Tab 70, Ex. Y.[9]

---

[9] Indeed, counsel for defendants, on her own initiative and in the interests of efficiency, called Plaintiff's counsel to accept service on behalf of the 23 affiliated hospitals shortly after receiving the SAC on behalf of defendant Sutter Health. Declaration of Elizabeth M. O'Neill in Support of Defendants' Opposition to Plaintiff's Motion to Remand ("EMO Dec.")¶ 1.



Defendants' Opposition to Plaintiff's Motion to Remand                                    1030782v4 09504/0502

1    Thus, Defendant Memorial's removal was timely; Memorial filed its notice of removal well

2    within 30 days after it was first made a party to Plaintiff's action and thus necessarily within 30 days

3    after it was served with the SAC. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-

4    48 (1999) (time within which defendant named in state court action may remove action to federal

5    court does not commence until that defendant is served with summons and complaint).

6    Though Plaintiff omits to acknowledge it, in actions involving multiple defendants, the

7    prevailing rule is that there is a separate 30-day period for each served defendant (the so-called,

8    "last-served or later-served rule"). In the majority of Circuits to have addressed this issue, and in the

9    majority of decisions within the 9th Circuit, this later-served rule controls. *Briarly v. Alusuisse*

10   *Flexible Packaging, Inc.,* 184 F.3d 527, 532-533 (6th Cir. 1999); *McKinney v. Board of Trustees of*

11   *Md. Cmty. Coll.*, 955 F.2d at 924, 927-928 (4th Cir. 1992); *Marano Enterprises v. Z-Teca*

12   *Restaurants, L.P.*, 254 F.3d 753, 755-757 (8th Cir. 2001); *Bonner v. Fuji Photo Film*, 461 F. Supp.

13   2d 1112, 1117 (N.D. Cal. 2006); *Drew v. Equifax*, 2007 U.S. Dist. Lexis 35586, at 3, note. 1 (N.D.

14   Cal. 2007) ("This Court is inclined to follow the trend in this district, which is to follow the last-

15   served rule.").

16   While at one time the later-served rule might have been considered the minority rule, since

17   the United States Supreme Court decided *Murphy Bros.,* the modern trend has been toward the last-

18   served rule. *Coleman v. Assurant,* 463 F. Supp. 2d 1164, 1166 (D. Nev. 2006) ("More recently,

19   circuit and district courts have begun to favor the later-served defendant rule which allows "a later-

20   served defendant [to have] 30 days from the date of service to remove a case to federal district court,

21   with the consent of the remaining defendants."). Indeed, the Eighth Circuit concluded that the

22   Supreme Court's decision in *Murphy Bros.* conclusively answers the question in favor of the last-

23   served rule. *Marano*, 254 F.3d at 756. (The [U.S.] Supreme Court "would allow each defendant 30

24   days after receiving service within which to file a Notice of Removal, regardless of when – or if –

25   previously-served defendants had filed such notices"). At least one leading treatise on federal

26   practice has also concluded that the modern trend is toward the later-served rule. 16-107 *Moore's*

27   *Federal Practice – Civil,* Section 107.30 [3][a][i][A]. In addition to fairness considerations, these

28   more recent cases tend to adopt the last-served rule based upon basic statutory construction: If

**Defendants' Opposition to Plaintiff's Motion to Remand**                                    1030782v4 09504/0502

MHA
McDonough Holland & Allen PC
Attorneys at Law

1    Congress had intended to limit the 30-day period to the first-served defendant, it could have placed

2    the word "first" in front of defendant. *Briarly,* 184 F.3d at 533. Because Congress did not state that

3    the 30-day period applied only to the first defendant, each defendant should have a 30-day period

4    following service to file a removal notice. *Id.; Bonner,* 461 F. Supp. 2d at 1117-18.

5         This trend is also apparent in more recent cases within the 9th Circuit: *Coleman,* 463

6    F.Supp. 2d 1168 (reversing earlier authority following the first-served rule and adopting the last-

7    served rule); *Griffith v. American Products Corp.*, 85 F. Supp. 2d 995, 1000-01 (E.D. Wash. 2000)

8    (last-served rule); *Tomlinson v. Kirk-Hughes,* 2006 U.S. Dist., Lexis 38020 at 8-9 (D. Id. 2006)

9    (same); *Smith v. Mailboxes, etc.*, 191 F.Supp.2d 1155, 1158 (E.D. Cal. 2002) (same). **More

10   importantly, it has been the trend in the Northern District to follow the last-served rule.**

11   Compare *Bonner*, 461 F. Supp. 2d at 1117 (following last-served rule in **2006**); *Drew*, 207 U.S.

12   Dist., Lexis 35586at 3, note 1 (following last-served rule in **2007**), with those cited by Plaintiff:

13   *Olsen v. Foundation Health Plan*, 1999 WL 390842 (N.D. Cal **1999); *Varney v. Johns-Manville***

14   *Corp.,* 653 F. Supp. 839 (N.D. Cal. **1987**). Defendants note that other Northern District authority

15   following the first-served rule pre-dates the modern trend toward the last-served rule among the

16   Circuits and within the 9th Circuit, s*ee Uriarte v. R. & J. Mach.*, 2000 U.S. Dist. LEXIS 18084

17   (N.D. Cal. 2000), and in any event merely coincides with authority from the same time period that

18   followed the last-served rule. *Ford v. New United Motors*, 857 F. Supp. 707, 710 (N.D. Cal. 1994);

19   *Goularte v. Abex*, 1991 U.S. Dist. Lexis 7611, at 7 (N.D. Cal 1997).

20        Plaintiff's reliance on *Cantrell v. Great Republic Ins. Co*., 873 F.2d 1249 (9th Cir. 1989) is

21   particularly misplaced. In *Cantrell*, the defendants attempted to remove to federal court a state

22   action in which they had actively participated for the previous two years. *Cantrell*, 873 F.2d at

23   1250-51. In fact, even though the removing defendants were not properly served or named in the

24   complaint, the removing defendant answered the complaint. *Id.* Because of the defendant's conduct,

25   the 9th Circuit found that the defendant had waived its right to remove. *Cantrell*, 873 F.2d at 1255.

26   *See Smith,* 191 F.Supp.2d at 1159, n. 6. ("Cantrell is distinguishable from the instant case because

27   there the newly served defendant had actively participated in the original state court litigation before

28   being formally added to the amended complaint"). Here, the removing hospitals have not responded



**Defendants' Opposition to Plaintiff's Motion to Remand**                                    1030782v4 09504/0502

1    to the complaint and did not participate in the action as parties until they filed their the petition to

2    remove six days after they were served with the SAC. Sutter Health and the hospitals scrupulously

3    maintained that they are separate and distinct entities that were not subject to Plaintiff's complaint.

4    NOR Ex. C, Tab 70, NOR Tab 76.  They responded to Plaintiff's subpoenas as **non-parties**, but have

5    not produced lien documents and other records pursuant to the state court's order compelling

6    production, NOR 76.  MLA Dec. ¶ 5; NOR Tab 76, 2:13-17; 3:15-19; 4:10-23.  In fact, Plaintiff

7    complains that the Defendant hospitals' sole reason for removing this action was to avoid

8    participating in state action.  Plaintiff's Notice of Motion and Motion to Remand and for Attorney's

9    Fees and Cost; 14:19-23.

10          The better and more observed rule is the last-served rule.  Under it, it is indisputable that

11   defendants timely removed.  Finally, defendants note that any possible delay Plaintiff now bemoans

12   is of her own making.  She was aware when she filed her first complaint that her claim was based

13   solely on her discharge in bankruptcy, and she was fully aware that it was Memorial that served the

14   lien in her tort action.  Her attempts to bury the basis for federal jurisdiction and her refusal to serve

15   the responsible party is the precise gamesmanship the last-served rule condemns.  *Bonner*, 461 F.

16   Supp. 2d at 1118.   In any event, this Court should not deny 23 defendants their rights to have this

17   case heard in a federal court simply because Plaintiff chose to wait two years before serving them.

18   *Id*.

19   DATED: August 10, 2007

20                                              Respectfully submitted,

21                                              McDONOUGH HOLLAND & ALLEN PC
                                                Attorneys at Law
22

23                                              By: _____/s/_____
                                                       MARCIA L. AUGSBURGER
24
                                                Attorneys for Sutter Health and All Affiliated
25                                              Hospitals

26

27

28



Defendants' Opposition to Plaintiff's Motion to Remand                                    1030782v4 09504/0502