1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT SBN (dbrandt@mhalaw.com) SBN 44893
   MARCIA L. AUGSBURGER (maugsburger@mhalaw.com) SBN 145686
3  ELIZABETH O'NEILL (eoneill@mhalaw.com) SBN 166882
   JOHN C.J. BARNES (jbarnes@mhalaw.com) SBN 216694
4  555 Capitol Mall, 9th Floor
   Sacramento, CA  95814
5  Phone: 916.444.3900
   Fax:    916.444.8989
6
   Attorneys for Sutter Health and All Affiliated Hospitals
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated, | ) ) | Case No. C 07-03406 MMC |
|---|---|---|
| Plaintiff, | ) ) ) | **DECLARATION OF MARCIA L. AUGSBURGER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS FEES AND COSTS** |
| v. | ) ) | |
| SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL LOS BANOS, MEMORIAL HOSPITAL ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 through 25, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Date:  August 31, 2007<br>Time:  9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>Judge: Honorable Maxine M. Chesney |
| Defendants. | ) | |

28 ///

I, Marcia L. Augsburger, hereby declare the following:

1. I am one of the attorneys of record for the above-captioned Defendants and have personal knowledge of each matter stated herein.

2. As stated in the prior declaration attached to the Notice of Removal herein ("NOR") as Exhibit C, Tab 70, I advised Plaintiff's counsel before Sutter Health responded to the complaint herein that Sutter Health is not a hospital, and that Plaintiff should address her claims to the hospital that treated her and that asserted the lien at issue. At no time did Plaintiff's counsel tell me what hospital asserted the lien, and I did not know until discovery herein. Plaintiff's counsel refused to dismiss Sutter Health and, instead of seeking to name the hospital at a defendant, he served discovery requests on Sutter Health. Plaintiff's motion to compel discovery relating to and restating these discovery requests are attached hereto as Exhibit A.

3. The court denied Plaintiff's motion to compel discovery, on the ground that Plaintiff did not present "sufficient evidence to establish that Sutter Health has sufficient control over the affiliated hospitals that it has possession, custody, or control of their documents . . .." The Court's order is attached hereto as Exhibit B.

4. Plaintiff has only taken one deposition in this case, that of Brian Hunter, and Defendants have taken no depositions. Indeed, the parties have exchanged very little discovery in the nearly two years since Plaintiff filed the original complaint, primarily due to Plaintiff's refusal to accept the fact that Sutter Health was and is an improper defendant in this case and insistence that Sutter Health be put to the test by motion, her repeated refusals to cooperate with Sutter Health and the hospitals, her attempts to hide the identity of the hospital where she was treated and that allegedly asserted the lien, and her efforts to conceal the true nature of her case.

5. As reflected in the state court's order at NOR Tab 76, the hospitals responded Plaintiff's subpoenas for lien documents **as non-parties**. The hospitals have not produced lien documents and other records pursuant to the state court's order compelling production. Rather, at their earliest opportunity, they filed the NOR herein, based on Memorial Medical Center's knowledge that Plaintiff's true claim is that her bankruptcy discharge operated to extinguish the lien at issue, and their understanding that in this district, they still have a right, based on law and fairness

**Declaration of Marcia L. Augsburger in Supp of Def's Opp to Plain Motion to Remand**   1033631v1 09504/0502

1 principles, to have this case heard in federal court.

2     I declare under penalty of perjury, under the laws of the State of California, that the
3 foregoing is true and correct.

4     Executed this 10th day of August 2007, at Sacramento, California.

                                              _____
                                              MARCIA L. AUGSBURGER



**Declaration of Marcia L. Augsburger in Supp of Def's Opp to Plain Motion to Remand**    1033631v1 09504/0502