Exhibit A

09504.0502
L & M

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

**ENDORSED**
**FILED**
ALAMEDA COUNTY

OCT 20 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF ALAMEDA

10                                                    BY FAX

11 MELINDA CAMPBELL, on her own behalf,   )  Case No. R605221764
   and on behalf of all others similarly situated,  )
12                                          )  **SUTTER HEALTH'S RESPONSE TO**
                  Plaintiffs,               )  **PLAINTIFF'S SEPARATE STATEMENT**
13                                          )  **OF DISCOVERY AT ISSUE IN SUPPORT**
   v.                                       )  **OF MOTION TO COMPEL FURTHER**
14                                          )  **DISCOVERY RESPONSES**
   SUTTER HEALTH and DOES 1 through 24,     )
15 inclusive,                               )  Date:  November 2, 2006
                                            )  Time:  11:00 a.m.
16                Defendants.               )  Dept:  22
                                            )  Judge: Ronald M. Sabraw
17                                          )

18        Pursuant to California Rule of Court 335, Defendant Sutter Health submits the following

19 Response to Defendant's Separate Statement of Discovery at Issue in Support of Motion to Compel

20 Further Discovery Responses:

21              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

22 **REQUEST NO. 3**

23        All DOCUMENTS which constitute or relate to liens asserted by SUTTER HEALTH against

24 the tort claims of PERSONS who received services at SUTTER HEALTH.

25 **DEFENDANT'S RESPONSE TO REQUEST NO. 3**

26        No responsive documents exist.

27 **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

28        After two unsuccessful Demurrers by Defendant, Plaintiff served her first round of discovery

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (44893)
    MARCIA L. AUGSBURGER (145686)
3   JOHN C.J. BARNES (216694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax:   916.444.8989

6   Attorneys for Defendant Sutter Health

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10

11  MELINDA CAMPBELL, on her own behalf,    )   Case No. R605221764
    and on behalf of all others similarly situated, )
12                                          )   **SUTTER HEALTH'S RESPONSE TO**
                      Plaintiffs,           )   **PLAINTIFF'S SEPARATE STATEMENT**
13                                          )   **OF DISCOVERY AT ISSUE IN SUPPORT**
    v.                                      )   **OF MOTION TO COMPEL FURTHER**
14                                          )   **DISCOVERY RESPONSES**
    SUTTER HEALTH and DOES 1 through 24,    )
15  inclusive,                              )   Date:  November 2, 2006
                                            )   Time:  11:00 a.m.
16                    Defendants.           )   Dept:  22
                                            )   Judge: Ronald M. Sabraw
17  _____ )

18          Pursuant to California Rule of Court 335, Defendant Sutter Health submits the following

19  Response to Defendant's Separate Statement of Discovery at Issue in Support of Motion to Compel

20  Further Discovery Responses:

21              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

22  **REQUEST NO. 3**

23          All DOCUMENTS which constitute or relate to liens asserted by SUTTER HEALTH against

24  the tort claims of PERSONS who received services at SUTTER HEALTH.

25  **DEFENDANT'S RESPONSE TO REQUEST NO. 3**

26          No responsive documents exist.

27  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

28          After two unsuccessful Demurrers by Defendant, Plaintiff served her first round of discovery

Sutter Health's Response to Plaintiff's Separate Statement                    963799v1 09504/0502

1    requests on Sutter Health, to ascertain information about the unlawful policies alleged in her

2    complaints.   Initially, Sutter Health's counsel indicated that Sutter Health would "meaningfully

3    respond" to Plaintiff's discovery requests, and requested an extension of time in which to do so.

4    After Sutter Health switched its course and decided to bring a *third* motion for judgment on the

5    pleadings, it suddenly determined that "no responsive documents exist."   Such gamesmanship by

6    Sutter Health is impermissible and serves to thwart the goals of the discovery process.   Worse, now

7    that Defendant has determined that it wishes to bring a motion for summary judgment instead of the

8    motion for judgment on the pleadings, it is fundamentally unfair for it to deny Plaintiff the factual

9    discovery that has been pending for months.

10          Sutter Health has provided no documents whatsoever in response to Plaintiff's document

11   requests.   Sutter health's only reason for not responding to Plaintiff's discovery requests is its

12   assertion that Sutter Health does not "own" the hospitals that constitute its network of facilities.   But

13   this assertion is inconsistent with Sutter Health's established connection with and control over the

14   actions of the hospitals in the Sutter Health network with respect to how patients are charged for

15   medical services.   For example, in *Sutter Health Uninsured Pricing Cases*, Sacramento County

16   Superior Court Judicial Coordination Proceeding No. JC 4388, Sutter Health purported to settle a

17   case on behalf of all "Sutter facilities" in California.

18          In addition, Sutter Health provides no evidence that the requested documents and discovery

19   are not in the possession and/or control of Sutter Health.   Indeed, even assuming that Sutter Health

20   were not the "owner" of each hospital, the hospitals are still part of its organizational network and

21   Sutter Health still exercises control over the liens that are the subject matter of this litigation.   It is

22   unreasonable to suggest that Sutter Health does not have possession and control over such

23   documents- or its own copies of them- simply because they may also be located at the hospitals.

24   Moreover, Sutter Health is not relieved of fulfilling its discovery obligations and collecting the

25   documents at issue from the various hospitals in its network even if such documents are not located

26   in a centralized location.   Otherwise, any multi-site organization would be relieved of its duty to

27   produce documents which may be located somewhere other than the organization's headquarters.

28   this is not the law.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement                                    963799v1 09504/0502

1    Additionally, Defendant ignores the definition of "Sutter Health" that Plaintiff included in

2    her discovery requests.  "Sutter Health" is defined as:

3       Sutter Health, including any hospitals, offices or locations of Sutter Health, and any
        of its divisions, affiliates, subsidiaries, successors, predecessors, present or former
4       partners, officers, directors, employees, agents, attorneys or representatives, and all
        other persons or entities acting, purporting to act or authorized to act on its behalf.
5
6    Sutter Health cannot simply choose to ignore the definitions included in Plaintiff's requests for any

7    and all requests to which it does not wish to respond.

8    Furthermore, Sutter Health's assertion that "no responsive documents exist" regarding the

9    liens that are the subject of this litigation is not credible.  There is no dispute that these liens have

10   been asserted and do exist.  Sutter Health's only claim is that Sutter Health does not "own" the

11   hospitals with which it is affiliated.  But this claim is irrelevant to Plaintiff's discovery requests for

12   the reasons stated above.

13   **SUTTER HEALTH'S RESPONSE**

14   Sutter Health is not a hospital and has never asserted liens against tort recoveries.[1]  Sutter

15   Health does not render services to injured persons.[2]  Plaintiff improperly asks this Court to order

16   Sutter Health to search the records of 24 hospitals, which are separate non-profit corporate entities,[3]

17   and to produce all documents in the hospitals' possession, from the beginning of time through the

18   present, that are in any way related to liens the hospitals asserted against patients' tort recoveries,

19   including patients' private medical and financial information.[4]  This is an abuse of the discovery

20   process.  For one thing, the requests are vastly overbroad and seek information that is not relevant.

21   For example, the requests are overbroad as to time.  This Court instructed in its Order on Defendant's

22   demurrer to the first amended complaint, filed April 18, 2006 ("4/18/06 Order"), page 4, that

---

[1]   *See, e.g.,* Declaration of Hank Willson [filed with this motion] ("Willson Dec."), Exhibit
23    ("Ex.") E, Sutter Health's responses to Plaintiff's First Set Of Special Interrogatories ("SH Resp. to
24    Spec. Int."), Nos. 1 and 2; Sutter Health's responses to Form Interrogatories ("SH Resp. to Form
      Int."), No. 17.1, re requests for admissions ("RFAs") Nos. 1, 2, 9, 10.
25    [2]   *See, e.g.,* Willson Dec., Ex. E, SH Resp. to Spec. Int., Nos. 1 and 2; SH Resp. to Form Int.,
      No. 17.1, re RFAs Nos. 2, 4, 10, 12.
26    [3]   Declaration of Brian Hunter In Support of Opposition to Motion to Compel, filed herewith
      ("Hunter Dec."), ¶5.
27    [4]   *See, e.g.,* Plaintiff's Memorandum Of Points And Authorities [in support of this motion to
      compel] ("P's Ps & As"), 9:5-8 and P's Sep. Stmnt.  Plaintiff characterizes the requests as demanding
28    all documents "which constitute **or relate to** liens asserted by [those hospitals] against the tort
      claims of persons who received services at [those hospitals]." (Emphasis added.)

1  relevant time periods may be as follows:  (1) after the California Supreme Court decided *Parnell v.*

2  *Adventist Health System/West*, 35 Cal. 4th 595, 602 (2005), April 4, 2005 through the present;  (2)

3  the time period between *Swanson v. St. John's Regional Medical Center*, 97 Cal. App. 4th 245, 249

4  (2002) and *Parnell*, March 5, 2002 through April 4, 2005; and/or (3)  the period before *Swanson*.

5  However, not all periods from the beginning of time are relevant.  At a minimum, the statute of

6  limitations should be considered.

7      Additionally, the requests seek much more than information about liens that the defendant in

8  this case served or directed the hospitals to serve.  This Court has ruled that to establish malicious

9  prosecution, Plaintiff must prove that **Sutter Health** asserted unlawful hospital liens or directed the

10  hospitals to serve them.  4/18/06 Order, pp. 3:17-21.  As stated in this Court's 4/18/06 Order:

11      To establish a cause action for the malicious prosecution of a civil proceeding, the
        plaintiff must plead and prove that the prior action (1) was commenced by or at the
12      direction of the defendant and was pursued to a legal determination in his favor (2)
        was brought or continued without probable cause; and (3) was initiated or continued
13      with malice.

14  *Id.* (citing *Zamos v. Stroud*, 32 Cal. 4th 958 (2004)).  Sutter Health's verified discovery responses

15  establish that it did not commence a prior action against Plaintiff and did not assert hospital liens

16  against any person.[5]  If Plaintiff had asked, Sutter Health would also have stated that it did not direct

17  hospitals to assert hospital liens.[6]

18      Furthermore, Sutter Health does not "own" the hospitals, and does not have legal control over

19  their documents.  As reflected in public records, the hospitals are owned by separate and distinct

20  non-profit public benefit corporations that have no stockholders.[7]  *See, e.g.,* Cal. Corp. Code §§ 5002

21  *et seq.* (providing at sections 5049 and 5410 that non-profit corporations do not distribute gains,

22  profits or dividends to any member).  Non-profit corporations are not "owned."  Sutter Health is a

23  "member" of those non-profit public benefit corporations "as that term is defined at California

24  Corporations Code Section 5056."  Hunter Dec. ¶ 3.  A "member" is not an owner. Section 5056 (a)

25  provides, in pertinent part:  "'Member' means any person who, pursuant to a specific provision of a

26

27  [5]   *See, e.g.,* Willson Dec. Ex. E, SH Resp. to Spec. Int., Nos. 1 and 2; SH Resp. to Form Int.
      No. 17.1, re requests for admissions Nos. 1, 2, 9, 10;  (Hunter Dec.).
      [6]   *See, generally,* Hunter Dec. and Ex. A thereto.
28  [7]   Hunter Dec. ¶¶ 3, 5.

1   corporations articles or bylaws, has the right to vote for the election of a director or directors or on a

2   disposition of all or substantially all of the assets of a corporation or on a merger or on a dissolution

3   ...." (Emphasis added.)  Sutter Health's ability to vote on certain matters relating to the non-profit

4   public benefit corporations does not make those corporations "hospitals ... of Sutter Health."

5       Sutter Health provides "charitable, educational, and scientific activities, and ... such

6   activities as may be deemed advisable for the advancement of health care" and "coordinate(s)

7   activities of organizations of which it is a member and their affiliated organizations which are

8   engaged in health care for the betterment of the general health of the communities served."  Hunter

9   Dec.  Absent a specific grant of authority from a hospital corporation, Sutter Health is not authorized

10  to act on behalf of the hospitals, and the hospitals are not authorized to act on behalf of Sutter

11  Health. *Id.*  Sutter Health is not authorized to provide verified responses to discovery on behalf of its

12  affiliated hospital corporations. *Id.*   No hospital corporation has given authority to Sutter Health to

13  control their documents and Sutter Health does not have a right to obtain documents from any of the

14  hospitals on demand. *Id.*  Furthermore, Sutter Health does not control hospital documents, or the

15  production of any hospital documents. *Id.*  One reason for this is that many hospital documents are

16  subject to strict patient confidentiality laws and regulations. *Id.*  Another reason is that for licensing

17  and accreditation purposes, hospitals are required to maintain their documents in accordance with

18  detailed, industry-specific rules and regulations. *Id.*   The hospitals operated by the non-profit

19  corporations for which Sutter Health is the member are separately licensed by the Department of

20  Health Services. *Id.*  Sutter Health is not a hospital and does not provide medical services. *Id.*

21  Accordingly, Sutter Health is not authorized by law to assert, and has never asserted, any hospital

22  liens. *Id.*

23      Moreover, Sutter Health has its principal place of business in Sacramento, California. *Id.*

24  The hospital affiliates are located at separate locations throughout Northern California ranging from

25  Santa Cruz, California to Crescent City, California. *Id.*  One hospital affiliate is located in Hawaii.

26  *Id.* The hospitals maintain facilities, employees, a medical staff and health care services that are

27  separate from Sutter Health and from the other hospital affiliates. *Id.*   Sutter Health and the

28  corporations for which it is the member have separate Boards of Directors. *Id.*   These separate

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

5

1   Boards are responsible for the governance of their respective corporations. *Id.* The hospital
2   corporations maintain their own bank accounts and ongoing financial books and records separate
3   from Sutter Health. *Id.* The day-to-day operational decisions concerning each hospital are made by
4   each hospital's management team, subject to the direction of the hospital's Boards of Directors. *Id.*
5   Sutter Health extends support services to its affiliate entities. *Id.* The affiliates pay an allocated fee
6   for such services. *Id.* Plaintiff makes no showing that Sutter Health has a right to control the
7   hospitals' records.

8       Furthermore, an order from this Court compelling Sutter Health to obtain and disclose all
9   documents relating to liens served on hospital patients would require Sutter Health to violate
10  patients' federal and state constitutional and statutory rights to privacy in medical and financial
11  matters,[8] including rights set forth in consumer protection statutes.[9] *See, e.g., Valley Bank of Nevada*
12  *v. Superior Court*, 15 Cal. 3d 652, 656-59 (1975). Plaintiff should not be permitted to use this Court
13  to validate her efforts to violate hospital patients' rights, and should not be permitted to use Sutter
14  Health as her instrument for violating those rights.

15      In any event, the discovery act does not require Sutter Health to compile or produce
16  documents in the possession of separate and distinct entities like Sutter Health's affiliated hospitals.
17  *See, e.g., People ex. rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (2004) (holding that
18  Code of Civil Procedure section 2031 does not consider distinct and separate entities to be in
19  possession, custody or control of documents created or possessed by nonparties, and a deposition
20  notice served on a party under section 2025 is not sufficient to compel attendance of non-parties).

21      For these, and the further and more specific reasons set forth in Sutter Health's points and
22  authorities herein, the Court should deny Plaintiff's motion. Plaintiff has not met her burden of
23  proving that Sutter Health has the legal right to control the documents requested.[10]

[8] *See, e.g., Board of Medical Quality Assurance v. Gherardini*, 93 Cal. App. 3d 669 (1979); 42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act ["HIPAA"]); 45 C.F.R. 164.512; Cal. Civ. Code § 56 *et. seq.*; Cal. Code Civ. Proc. § 1983.5.
[9] *See, e.g.*, Cal. Civ. Code § 56 *et. seq.*
[10] *United States of America v. International Union of Petroleum and Industrial Workers*, 870 F.2d 1450 (9th Cir. 1989).

///

**REQUEST NO. 4**

All DOCUMENTS which IDENTIFY the PERSONS against whose tort claims SUTTER HEALTH has asserted liens, purportedly to collect payment for services rendered by SUTTER HEALTH.

**DEFENDANT'S RESPONSE TO REQUEST NO. 4**

No responsive documents exist.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

Please see the reasons provided regarding Request No. 3 above.

**SUTTER HEALTH'S RESPONSE**

Please see Sutter Health's response regarding number 3 above.

**REQUEST NO. 5**

All COMMUNICATIONS or records of COMMUNICATIONS between SUTTER HEALTH and PERSONS who have received services at SUTTER HEALTH regarding the terms and/or conditions of those services.

**DEFENDANT'S RESPONSE TO REQUEST NO. 5**

Sutter Health objects to this request as overbroad, vague, and ambiguous. If "services" means medical services, Sutter Health response as follows: no responsive documents exist.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

Please see the reasons regarding Request No. 3 above.

**SUTTER HEALTH'S RESPONSE**

Please see Sutter Health's response regarding number 3 above.

**REQUEST NO. 6**

All DOCUMENTS constituting or relating to agreements between SUTTER HEALTH and insurance companies which address payment for services rendered by SUTTER HEALTH for insured PERSONS.

**DEFENDANT'S RESPONSE TO REQUEST NO. 6**

No responsive documents exist.

///

Sutter Health's Response to Plaintiff's Separate Statement

963799v1 09504/0502

1  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

2  Please see the reasons provided regarding Request No. 3 above.

3  **SUTTER HEALTH'S RESPONSE**

4  Please see Sutter Health's response regarding number 3 above.

5  **REQUEST NO. 7**

6  All COMMUNICATIONS or records of COMMUNICATIONS between SUTTER

7  HEALTH and PERSONS who have received services at SUTTER HEALTH regarding agreements

8  between SUTTER HEALTH and insurance companies which address payment for services rendered

9  by SUTTER HEALTH for insured PERSONS.

10  **DEFENDANT'S RESPONSE TO REQUEST NO. 7**

11  No responsive documents exist.

12  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

13  Please see the reasons regarding Request No. 3 above.

14  **SUTTER HEALTH'S RESPONSE**

15  Please see Sutter Health's response regarding number 3 above.

16  **REQUEST NO. 8**

17  All DOCUMENTS which IDENTIFY the PERSONS against whose tort claims SUTTER

18  HEALTH has asserted a lien, purportedly to collect payment for services rendered by SUTTER

19  HEALTH.

20  **DEFENDANT'S RESPONSE TO REQUEST NO. 8**

21  This Request repeats Request No. 4. Sutter Health's Response to Request No. 4 is

22  incorporated herein.

23  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

24  Please see the reasons provided regarding Request No. 3 above.

25  **SUTTER HEALTH'S RESPONSE**

26  Please see Sutter Health's response regarding number 3 above.

27  **REQUEST NO. 9**

28  All DOCUMENTS which IDENTIFY or relate to the interest rate that SUTTER HEALTH

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement

963799v1 09504/0502

1  purports to charge PERSONS against whose tort claims SUTTER HEALTH has asserted a lien,

2  purportedly to collect payment for services rendered by SUTTER HEALTH.

3  **DEFENDANT'S RESPONSE TO REQUEST NO. 9**

4      No responsive documents exist.

5  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

6      Please see the reasons provided regarding Request No. 3 above.

7  **SUTTER HEALTH'S RESPONSE**

8      Please see Sutter Health's response regarding number 3 above.

9  **REQUEST NO. 10**

10      All computerized and machine-readable databases, reports, and/or other DOCUMENTS

11  regarding any PERSONS against whose tort claims SUTTER HEALTH has asserted a lien,

12  purportedly to collect payment for services rendered by SUTTER HEALTH, including databases,

13  reports and other DOCUMENTS identifying the PERSON's name, most recent available address and

14  telephone number.  This request includes a key for interpreting any codes used to interpret the data,

15  as well as any DOCUMENTS describing, explaining or pertaining to the methods and techniques

16  used in compiling, editing, modifying or updating these computer databases.

17  **DEFENDANT'S RESPONSE TO REQUEST NO. 10**

18      No responsive documents exist.

19  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

20      Please see the reasons provided regarding Request No. 3 above.

21  **SUTTER HEALTH'S RESPONSE**

22      Please see Sutter Health's response regarding number 3 above.

23  **REQUEST NO. 11**

24      All civil or administrative complaints filed in whole or in part against SUTTER HEALTH for

25  the alleged assertion of improper liens, including any DOCUMENTS which provide a summary of

26  all such complaints by title, court, administrative agency or branch, date, subject or other

27  information sufficient to identify and locate the matter.

28  ///


McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement                963799v1 09504/0502

1  **DEFENDANTS RESPONSE TO REQUEST NO. 11**

2       No responsive documents exist.

3  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

4       Please see the reasons provided regarding Request No. 3 above.

5  **SUTTER HEALTH'S RESPONSE**

6       Please see Sutter Health's response regarding number 3 above.

7  **REQUEST NO. 12**

8       All DOCUMENTS that pertain to other civil actions filed in whole or in part against

9  SUTTER HEALTH for the alleged assertion of improper liens, including any DOCUMENTS which

10 provide a summary of all such civil actions by title, court, administrative agency or branch, date,

11 subject or other information sufficient to identify and locate the matter.

12 **DEFENDANT'S RESPONSE TO REQUEST NO. 12**

13      No responsive documents exist.

14 **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

15      Please see the reasons provided regarding Request No. 3 above.

16 **SUTTER HEALTH'S RESPONSE**

17      Please see Sutter Health's response regarding number 3 above.

18 **REQUEST NO. 13**

19      All DOCUMENTS pertaining to any internal complaints, charges, grievances, or inquiries

20 concerning the assertion of allegedly improper liens against PERSONS who receive services at

21 SUTTER HEALTH.

22 **DEFENDANT'S RESPONSE TO REQUEST NO. 13**

23      No responsive documents exist.

24 **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

25      Please see the reasons provided regarding Request No. 3 above.

26 **SUTTER HEALTH'S RESPONSE**

27      Please see Sutter Health's response regarding number 3 above.

28 ///




McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement                    963799v1 09504/0502

1  **REQUEST NO. 14**

2      All DOCUMENTS consisting of or referring to insurance policies which may provide

3  complete or partial coverage for any claims of the nature asserted in this litigation.

4  **DEFENDANT'S RESPONSE TO REQUEST NO. 14**

5      No responsive documents exist.

6  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

7      Please see the reasons provided regarding Request No. 3 above.

8  **SUTTER HEALTH'S RESPONSE**

9      Please see Sutter Health's response regarding number 3 above.

10 **REQUEST NO. 15**

11     All DOCUMENTS that define or DESCRIBE any policies, guidelines or practices of

12 SUTTER HEALTH concerning the retention and preservation of DOCUMENTS or data pertaining

13 to claims made under own-occupation disability policies.

14 **DEFENDANT'S RESPONSE TO REQUEST NO. 15**

15     No responsive documents exist.

16 **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

17     Please see the reasons provided regarding Request No. 3 above.

18 **SUTTER HEALTH'S RESPONSE**

19     Please see Sutter Health's response regarding number 3 above.

20 **REQUEST NO. 16**

21     All DOCUMENT logs or other records of DOCUMENTS or other information which no

22 longer exist, but which may have been responsive to these requests.

23 **DEFENDANT'S RESPONSE TO REQUEST NO. 16**

24     No responsive documents exist.

25 **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

26     Please see the reasons provided regarding Request No. 3 above.

27 **SUTTER HEALTH'S RESPONSE**

28     Please see Sutter Health's response regarding number 3 above.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement

963799v1 09504/0502

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Please state whether SUTTER HEALTH has retracted any liens it has asserted against tort claims asserted by SUTTER HEALTH customers without obtaining payment from the customer in the full amount of the lien asserted, and the reasons for any dismissals.

### DEFENDANT'S RESPONSE TO SPECIAL INTERROGATORY NO. 1

Sutter Health objects to this Interrogatory on the ground it is unintelligible. Without waiving the foregoing objection, Sutter Health responds as follows: Sutter Health has no customers, and does not assert liens against tort claims.

### REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED

After two unsuccessful Demurrers by Defendant, Plaintiff served her first round of discovery requests on Sutter Health, to ascertain information about the unlawful policies alleged in her complaints. initially, Sutter Health's counsel indicated that Sutter health would "meaningfully respond" to Plaintiff's discovery requests, and requested an extension of time in which to do so. After Sutter Health switched its course and decided to bring a *third* motion for judgment on the pleadings, it suddenly determined that "Sutter Health has no customers, and does not assert liens against tort claims". Such gamesmanship by Sutter Health is impermissible and serves to thwart the goals of the discovery process. Worse, now that Defendant has determined that it wishes to bring a motion for summary judgment instead of the motion for judgment on the pleadings, it is fundamentally unfair for it to deny Plaintiff the factual discovery that has been pending for months.

Sutter Health has provided no information whatsoever in response to Plaintiff's special interrogatories. Sutter health's only reason for not responding to Plaintiff's discovery request is its assertion that Sutter Health does not "own" the hospitals that constitute its network of facilities. But this assertion is inconsistent with Sutter Health's established connection with and control over the actions of the hospitals in the Sutter Health network with respect to how patients are charged for medical services. For example, in *Sutter Health Uninsured Pricing Cases*, Sacramento County Superior Court Judicial Coordination Proceeding No. JC 4388, Sutter Health purported to settle a case on behalf of all "Sutter facilities" in California.

1    In addition, Sutter Health provides no evidence that the requested information is not in the

2  possession and/or control of Sutter Health.  Indeed, even assuming that Sutter Health were not the

3  "owner" of each hospital, the hospitals are still part of its organizational network and Sutter Health

4  still exercises control over the liens that are the subject matter of this litigation.  It is unreasonable to

5  suggest that Sutter Health does not have access to the information sought in Plaintiff's special

6  interrogatories, simply because it may also be known to the hospitals.  Moreover, Sutter Health is

7  not relieved of fulfilling its discovery obligations and collecting the information requested from the

8  various hospitals in its network even if such information is not accessible from a centralized

9  location.  Otherwise, any multi-site organization would be relieved of its duty to respond to

10  interrogatories, the answers to which may be known by someone located somewhere other than the

11  organization's headquarters.  This is not the law.

12    Additionally, Defendant ignores the definition of "Sutter Health" that Plaintiff included in

13  her discover requests.  "Sutter Health" is defined as:

14  
15  
16  
> Sutter Health, including any hospitals, offices or locations of Sutter Health, and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

17  Sutter Health cannot simply choose to ignore the definitions included in Plaintiff's requests for any

18  and all requests to which it does not wish to respond.

19    Furthermore, Sutter Health's assertion that "Sutter Health has no customers, and does not

20  assert liens against tort claims" is not credible.  There is no dispute that these liens have been

21  asserted and do exist.  Sutter Health's only claim is that Sutter Health does not "own" the hospitals

22  with which it is affiliated.  But this claim is irrelevant to Plaintiff's discovery requests for the reasons

23  stated above.

## SUTTER HEALTH'S RESPONSE

24    Please see Sutter Health's response regarding number 3 above.  Sutter Health is not a hospital

25  and has never asserted liens against tort recoveries, does not render services to injured persons, and

26  does not have "customers."

## SPECIAL INTERROGATORY NO. 2

28    Please state the name and identifying information for any judicial or administrative action



**MHA**
McDonough Holland & Allen PC
Attorneys at Law

13

Sutter Health's Response to Plaintiff's Separate Statement                    963799v1 09504/0502

1  which has addressed the validity and/or legality of a lien asserted against a tort claim asserted by a

2  SUTTER HEALTH customer, the ruling(s) (if any), and the reasons for the ruling(s).

3  **DEFENDANT'S RESPONSE TO SPECIAL INTERROGATORY NO. 2**

4      Sutter Health has no customers, and does not assert liens against tort claims.

5  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

6      Please see the reasons provided regarding Special Interrogatory No. 1 above.

7  **SUTTER HEALTH'S RESPONSE**

8      Please see Sutter Health's response regarding number 3 above.  Sutter Health is not a hospital

9  and has never asserted liens against tort recoveries, does not render services to injured persons, and

10  does not have "customers."

## FORM INTERROGATORIES

12  **FORM INTERROGATORY 15.1(b) and (c)**

13      Identify each denial of a material allegation and each special or affirmative defense in your

14  pleadings and for each:

15      (a)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have

16  knowledge of those facts; and

17      (c)    identify all DOCUMENTS and other tangible things that support your denial or

18  special affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON

19  who has each DOCUMENT.

20  **DEFENDANT'S RESPONSE TO FORM INTERROGATORY 15.1(b) and (c)**

21      (b)    Sutter Health cannot respond to this request because it seeks to prove a negative that

22  is known to many, many people within Sutter Health, including numerous officers, directors, and

23  managing agents within Sutter Health.  It would be burdensome and oppressive to investigate and

24  identify those officers, directors, and managing agents within Sutter Health who are aware that

25  Sutter Health does not provide healthcare services or assert liens.  Such an investigation would

26  require a significant devotion of time and resources that is not justified by the benefit to Plaintiff of

27  confirming that Sutter Health does not provide healthcare services or assert liens.

28      (c)    Sutter Health cannot respond to this request because it seeks to prove a negative that



Sutter Health's Response to Plaintiff's Separate Statement

963799v1 09504/0502

1    would appear from every document ever generated within Sutter Health, which may be in the

2    millions of documents.    these documents together show that Sutter Health does not provide

3    healthcare services or assert liens, and to Sutter Health's knowledge, no single document states what

4    services Sutter Health does not provide, or what Sutter Health does not assert.

5    **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

6         After two unsuccessful Demurrers by Defendant, Plaintiff served her first round of discovery

7    requests on Sutter Health, to ascertain information about the unlawful policies alleged in her

8    complaints.    Initially, Sutter Health's counsel indicated that Sutter Health would "meaningfully

9    respond" to Plaintiff's discovery requests, and requested an extension of time in which to do so.

10    After Sutter Health switched its course and decided to bring a *third* motion for judgment on the

11    pleadings, it suddenly determined that "Sutter Health does not provide healthcare services or assert

12    liens." Such gamesmanship by Sutter Health is impermissible and services to thwart the goals of the

13    discovery process.    Worse, now that Defendant has determined that it wishes to bring a motion for

14    summary judgment instead of the motion for judgment on the pleadings, it is fundamentally unfair

15    for it to deny Plaintiff the factual discovery that has been pending for months.

16         Sutter health has provided no documents, witnesses, or information whatsoever in response

17    to Plaintiff's Form Interrogatories 15.1(b) and (c) and 17.1(c) and (d). Sutter Health's only reason for

18    not responding to Plaintiff's discovery requests is its assertion that Sutter Health does not "does not

19    provide healthcare services or assert liens." But this assertion is inconsistent with Sutter Health's

20    established connection with and control over the actions of hospitals in the Sutter Health network

21    with respect to how patients are charged for medical services. For example, in *Sutter Health*

22    *Uninsured Pricing Cases*, Sacramento County Superior Court Judicial Coordination Proceeding No.

23    JC 4388, Sutter Health purported to settle a case on behalf of all "Sutter facilities" in California.

24        In addition, Sutter Health provides no evidence that the requested information is not in the

25    possession and/or control of Sutter Health. Indeed, even assuming that Sutter health were not the

26    "owner" or each hospital, the hospitals are still part of its organizational network and Sutter Health

27    still exercises control over the liens that are the subject matter of this litigation. It is unreasonable to

28    suggest that Sutter Health does not have access to the documents, witnesses or information sought in

**MHA**

McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement                    963799v1 09504/0502

1  Plaintiff's form interrogatories, simply because it may also be known to the hospitals. Moreover,

2  Sutter Health is not relieved of fulfilling its discovery obligations and collecting the information

3  requested from the various hospitals in its network even if such documents, witnesses or information

4  are not accessible from a centralized location. Otherwise, any multi-site organization would be

5  relieved of its duty to respond to interrogatories, the answers to which may be known by someone

6  located somewhere other than the organization's headquarters. This is not the law.

7      Additionally, Defendant ignores the definition of "Sutter Health" that Plaintiff included in

8  her discovery requests. "Sutter Health" is defined as:

9
        Sutter Health, including any hospitals, offices or locations of Sutter Health, and any
        of its divisions, affiliates, subsidiaries, successors, predecessors, present or former
10
        partners, officers, directors, employees, agents, attorneys or representatives, and all
        other persons or entities acting, purporting to act or authorized to act on its behalf.
11

12  Sutter Health cannot simply choose to ignore the definitions included in Plaintiff's requests for any

13  and all requests to which it does not wish to respond.

14      Furthermore, Sutter Health's assertion that "Sutter Health does not...assert liens" is not

15  credible. There is no dispute that these liens have been asserted and do exist. Sutter Health's only

16  claim is that Sutter Health does not "own" the hospitals with which it is affiliated. But this claim is

17  irrelevant to Plaintiff's discovery requests for the reasons stated above.

18  **SUTTER HEALTH'S RESPONSE**

19      Please see Sutter Health's response regarding number 3 above.

20  **FORM INTERROGATORY 17.1(c) and (d)**

21      Is your response to each request for admission served with these interrogatories an

22  unqualified admission? If not, for each response that is not an unqualified admission:

23      (c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have

24  knowledge of those facts; and

25      (d) identify all DOCUMENTS and other tangible things that support your denial or special

26  affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has

27  each DOCUMENT.

28


McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Response to Plaintiff's Separate Statement      963799v1 09504/0502

1    **DEFENDANT'S RESPONSE TO FORM INTERROGATORY 17.1(c) and (d)**

2          (c)      See response to Interrogatory No. 15.1(b).

3          (d)      See response to Interrogatory No. 15.1(c)

4    **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED**

5          Please see the reasons provided regarding Form Interrogatory 15.1(b) and (c) above.

6    **SUTTER HEALTH'S RESPONSE**

7          Please see Sutter Health's response regarding number 3 above.

8    DATED:  October 20, 2006

9                                                    McDONOUGH HOLLAND & ALLEN PC
                                                     Attorneys at Law
10

11

12    By: _____
                                                     JOHN BARNES
13                                                   Attorneys for Defendant SUTTER HEALTH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sutter Health's Response to Plaintiff's Separate Statement                              963799v1 09504/0502

09504,0502
LaM

1    McDONOUGH HOLLAND & ALLEN PC
     Attorneys at Law
2    RICHARD E. BRANDT (44893)
     MARCIA L. AUGSBURGER (145686)
3    JOHN C.J. BARNES (216694)
     555 Capitol Mall, 9th Floor
4    Sacramento, CA. 95814
     Phone: 916.444.3900
5    Fax:   916.444.8989

6    Attorneys for Defendant Sutter Health

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 0 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

7

8                     SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF ALAMEDA                    BY FAX

10   MELINDA CAMPBELL, on her own behalf,      )   Case No. RG05221764
     and on behalf of all others similarly situated, )
11                                             )   SUTTER HEALTH'S MEMORANDUM
                          Plaintiffs,          )   OF POINTS AND AUTHORITIES IN
12                                             )   OPPOSITION TO PLAINTIFF'S MOTION
     v.                                        )   TO COMPEL FURTHER DISCOVERY
13                                             )   RESPONSES
     SUTTER HEALTH and DOES 1 through 24,      )
14   inclusive,                                )   Date:  November 2, 2006
                                               )   Time:  11:00 a.m.
15                        Defendants.          )   Dept:  22
                                               )   Judge: Ronald M. Sabraw
16                                             )   Trial Date:   None
                                                   1st Amended Complaint Filed: July 8, 2005
17

18

19

20

21

22

23

24

25

26

27

28

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA  95814
   Phone: 916.444.3900
5  Fax:    916.444.8989

6  Attorneys for Defendant Sutter Health

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10 MELINDA CAMPBELL, on her own behalf,      )   Case No. RG05221764
   and on behalf of all others similarly situated, )
11                                            )   **SUTTER HEALTH'S MEMORANDUM**
                                              )   **OF POINTS AND AUTHORITIES IN**
12                           Plaintiffs,      )   **OPPOSITION TO PLAINTIFF'S MOTION**
                                              )   **TO COMPEL FURTHER DISCOVERY**
   v.                                         )   **RESPONSES**
13                                            )
   SUTTER HEALTH and DOES 1 through 24,       )
14 inclusive,                                 )   Date:   November 2, 2006
                                              )   Time:   11:00 a.m.
15                           Defendants.      )   Dept:   22
                                              )   Judge:  Ronald M. Sabraw
16                                            )   Trial Date:    None
                                              )   1st Amended Complaint Filed:  July 8, 2005
17 _____

18

19

20

21

22

23

24

25

26

27

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                    963835v6 09504/0502

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   DISCUSSION ..................................................................................................... 4

    A.    Sutter Health Provided Full Verified Responses To The Discovery ............................ 4

    B.    Plaintiff's Motion Is Based On An Erroneous Conclusion That Sutter Health Owns Hospitals, And Therefore Has Possession, Custody, Or Control Of The Documents And Information Requested.................................................................. 7

    C.    Plaintiff's Motion Is Based On The Erroneous Conclusions That Sutter Health Has An Obligation To Collect And Produce Documents And Information From Separate Non-Profit Corporations. ...................................................... 9

        1.    Sutter Health May Not Be Compelled To Obtain or Produce Documents Or Witnesses From Separate Entities. ........................ 9

        2.    The Hospitals Are Owned and Operated By Separate And Distinct Legal Entities, and Sutter Health Does Not Have Possession or Custody of, or Control Over, Their Documents. ........................ 11

        3.    The Discovery Requests Will Be Best Tailored To The Issues In This Malicous Prosecution Case, And Best Suited To Resolution Of The Action, If The Requests Are Interpreted To Seek Information From Sutter Health Only. ................................................... 13

    D.    Sutter Health Should Be Awarded Its Attorneys Fees And Costs Incurred On This Motion.................................................................................. 14

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses

963835v6 09504/0502

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Citric Acid Litigation v. Archer Daniels Midland Co., Inc.*, 191 F.3d 1990 (1999) ........................... 9
*Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326 (1980) ...................................................... 6
*Howard Gunty Profit Sharing Plan v. Superior Court*, 88 Cal. App. 4th 572 (2001).................. 6, 14
*Parnell v. Adventist Health System/West*, 35 Cal. 4th 595 (2005)............................................ 2
*Parris v. Superior Court*, 109 Cal. App. 4th 285 (2003) .......................................................... 6
*People ex. rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (2004) ........................... 3, 9, 10
*Swanson v. St. John's Regional Medical Center*, 97 Cal. App. 4th 245 (2002)............................ 2
*United States of America v. International Union of Petroleum and Industrial Workers*, 870 F.2d
       1450 (9th Cir. 1989)........................................................................................... 9, 10
*Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652 (1975) ........................................... 3
*Zamos v. Stroud*, 32 Cal. 4th 958 (2004) ........................................................................... 2

**Statutes**

Cal. Civ. Code § 3541 .............................................................................................. 14
Cal. Code Civ. Proc. § 128.7 ....................................................................................... 6
Cal. Code Civ. Proc. § 2020.020 ................................................................................. 15
Cal. Code Civ. Proc. § 2020.030 ................................................................................. 15
Cal. Code Civ. Proc. § 2023.010 ................................................................................. 15
Cal. Corp. Code § 5049............................................................................................. 8
Cal. Corp. Code § 5056............................................................................................. 8
Cal. Corp. Code § 5410............................................................................................. 8
Cal. Corp. Code § 5002............................................................................................. 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses

963835v6 09504/0502

# I.    INTRODUCTION

This motion must be denied because Sutter Health fully responded to Plaintiff's discovery requests. Plaintiff impermissibly asks this Court to compel Sutter Health to change its verified responses to support the incorrect allegations in her complaint.

Plaintiff's discovery falls into three primary categories: (1) requests that erroneously assume Sutter Health asserted liens against patients tort recoveries under the hospital lien act, California Civil Code section 3045.1, et seq.;[1] (2) requests that incorrectly assert Sutter Health rendered "services" to "customers" or persons against whose tort recoveries liens were asserted;[2] and (3) requests for documents and information that, for other reasons, do not exist, such as documents reflecting insurance coverage for this case.[3] As Sutter Health explained repeatedly in its verified responses, Sutter Health is not a hospital and has never asserted liens against tort recoveries,[4] does not render services to injured persons, and does not have "customers."[5] Plaintiff simply refuses to believe Sutter Health's verified responses, stating: "Furthermore, Sutter Health's assertion that 'Sutter Health does not...assert liens' is not credible. There is no dispute that these liens have been asserted and do exist." P's Sep. Stmnt., 11:5-6. Plaintiff is wrong. There is a dispute. Sutter Health's verified discovery responses say that Sutter Health does not assert liens. Plaintiff's unsupported assertion does not change these facts.

Plaintiff also improperly asks this Court to order Sutter Health to search the records of 24 hospitals, which are operated by separate non-profit corporate entities, and to produce all documents in the hospitals' possession, from the beginning of time through the present, that are in any way related to liens the hospitals asserted against patients' tort recoveries, including patients' private

---

[1]    Plaintiff's Separate Statement of Discovery At Issue In Support [of this motion] ("P's Sep. Stmnt."), regarding (hereafter in citations, "re") Requests for Production of Documents ("re RPDs") Nos. 3,4,8,9, and 10; re Special Interrogatories Nos. 1 and 2; re Form Interrogatories Nos. 15.1 and 17.1.

[2]    P's Sep. Stmnt. re RPDs Nos. 5,6,7, and 10.

[3]    See, e.g. P's Sep. Stmnt. Nos. 11, 12, 13, 14, 15 and 16.

[4]    See, e.g., Declaration of Hank Willson [filed with this motion] ("Willson Dec."), Exhibit ("Ex.") E, Sutter Health's responses to Plaintiff's First Set Of Special Interrogatories ("SH Resp. to Spec. Int."), Nos. 1 and 2; Sutter Health's responses to Form Interrogatories ("SH Resp. to Form Int."), & No. 17.1, re requests for admissions ("RFAs") No. 1, 2, 9, 10.

[5]    See, e.g., Willson Dec., Ex. E, SH Resp. to Spec. Int., Nos. 1 and 2; SH Resp. to Form Int., No. 17.1, re RFAs No. 2, 4, 10, 12.



1  medical and financial information.[6]  This is an abuse of the discovery process.  For one thing, the

2  requests are vastly overbroad and seek information that is not relevant.  For example, the requests

3  are overbroad as to time.  This Court instructed in its 4/16/2006 Order, page 4, that relevant time

4  periods may be as follows:  (1) after the California Supreme Court decided *Parnell v. Adventist*

5  *Health System/West*, 35 Cal. 4th 595, 602 (2005), April 4, 2005 through the present;  (2)  the time

6  period between *Swanson v. St. John's Regional Medical Center*, 97 Cal. App. 4th 245, 249 (2002)

7  and *Parnell*, March 5, 2002 through April 4, 2005; and/or (3)  the period before *Swanson*.  However,

8  not all periods from the beginning of time are relevant.  At a minimum, the statute of limitations

9  should be considered.

10      Additionally, the requests seek much more than information about liens that the defendant in

11  this case served or allegedly directed the hospitals to serve.  This Court has ruled that to establish

12  malicious prosecution, Plaintiff must prove that **Sutter Health** asserted unlawful hospital liens or

13  directed the hospitals to serve them.  Order on Defendant's demurrer to the first amended complaint,

14  filed April 18, 2006 ("4/18/06 Order"), pp. 3:17-21.  As stated in this Court's 4/18/06 Order:

15      To establish a cause of action for the malicious prosecution of a civil proceeding, the
         plaintiff must plead and prove that the prior action (1) was commenced by or at the
16      direction of the defendant and was pursued to a legal determination in his favor (2)
         was brought or continued without probable cause; and (3) was initiated or continued
17      with malice.

18  *Id.* at pp. 3:17-21 (citing *Zamos v. Stroud*, 32 Cal. 4th 958 (2004)).  Sutter Health's verified

19  discovery responses establish that it did not commence a prior action against Plaintiff and did not

20  assert hospital liens against any person.[7]

21      Furthermore, an order from this Court compelling Sutter Health to obtain and disclose all

22  documents relating to liens served on hospital patients would require Sutter Health to violate

23  patients' federal and state constitutional and statutory rights to privacy in medical and financial

24

25  ---

    [6]    *See, e.g.,* Plaintiff's Memorandum Of Points And Authorities [in support of this motion to compel] ("P's Ps &
26  As"), 9:5-8 and P's Sep. Stmnt.  Plaintiff characterizes the requests as demanding all documents "which constitute **or**
    **relate to** liens asserted by [those hospitals] against the tort claims of persons who received services at [those hospitals]."
27  (Emphasis added.)
    [7]    *See, e.g.,* Willson Dec. Ex. E, SH Resp. to Spec. Int., Nos. 1 and 2;  SH Resp. to Form Int. No. 17.1, re requests
28  for admissions Nos. 1, 2, 9, 10;  Declaration of Brian Hunter in Support Of Opposition To Motion To Compel, filed
    herewith ("Hunter Dec.").

2

MHA
McDonough Holland & Allen PC
Attorneys at Law

1  matters,[8] including consumer protection statutes.[9]  *See, e.g., Valley Bank of Nevada v. Superior*

2  *Court,* 15 Cal. 3d 652, 656-59 (1975).  Plaintiff should not be permitted to use this Court to validate

3  her efforts to violate the rights of hospital patients,[10] and should not be permitted to use Sutter Health

4  as her instrument for doing so.

5      In any event, the discovery act does not require Sutter Health to compile or produce

6  documents in the possession of separate and distinct entities like Sutter Health's affiliated hospitals.

7  *See, e.g., People ex. rel. Lockyer v. Superior Court,* 122 Cal. App. 4th 1060 (2004) (holding that

8  Code of Civil Procedure section 2031 does not consider distinct and separate entities to be in

9  possession, custody or control of documents created or possessed by nonparties, and a deposition

10  notice served on a party under section 2025 is not sufficient to compel attendance of non-parties).

11  This is more fully addressed in part II. C. 1. below.

12      Plaintiff makes several arguments in support of her requests to obtain private, confidential

13  information from the hospitals.  First, Plaintiff argues that the definition of "Sutter Health" contained

14  in the requests included the 24 separate entities.  The discovery requests define "Sutter Health" as:

15  "Sutter Health, including any **hospitals**, offices or locations **of Sutter Health**, and any of its

16  divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers,

17  directors, employees, agents, attorneys or representatives, and all other persons or entities acting,

18  purporting to act or authorized to act on its behalf."  As described in part II. B. below, there are no

19  "hospitals ... of Sutter Health."[11]  Sutter Health may have "affiliates" and "subsidiaries," depending

20  on how Plaintiff defines those terms, but the hospitals "do not purport to act and are not authorized

21  to act" on Sutter Health's behalf.[12]  Similarly, Sutter Health is not authorized to provide verified

22

23

24  [8]    *See, e.g., Board of Medical Quality Assurance v. Gherardini,* 93 Cal. App. 3d 669 (1979); 42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act ["HIPAA"]);  45 C.F.R. 164.512;  Cal. Civ. Code § 56 *et. seq.*;

25  Cal. Code Civ. Proc. § 1983.5.
[9]    *See, e.g.,* Cal. Civ. Code § 56 *et. seq.*

26  [10]    *See, e.g., Board of Medical Quality Assurance,* 93 Cal. App. 3d 669; 42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act); 45 C.F.R. 164.512;  Cal. Civ. Code § 56 *et. seq.*;  Cal. Code Civ. Proc. § 1983.5.

27  [11]    *See, e.g.,* Exhibit E to Willson Dec., p. 1, Sutter Health's response to request for production of documents ("SH Resp. to RPD"), number 1 ("... Sutter Health does not own any hospitals.").  *See also* Hunter Dec., ¶¶ 2-17; Ex. A

28  (Sutter Health Articles Of Incorporation).
[12]    Hunter Dec., ¶ 7.

MHA
Donough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                                    963835v6 09504/0502

1   responses to discovery on behalf of its affiliated hospitals.[13] Thus, Sutter Health responded to the

2   requests on its own behalf.

3          Plaintiff also asserts that Sutter Health must compile and produce documents in the hospitals'

4   possession because she believes that Sutter Health "owns" the hospitals, and/or has "possession,

5   custody, or control" of them within the meaning of Code of Civil Procedure section 2031.230.

6   Plaintiff is factually and legally wrong. *See, e.g., Lockyer*, 122 Cal. App. 4th at 1064-66, 1068-71,

7   1076.

## II.   DISCUSSION

### A.   Sutter Health Provided Full Verified Responses To The Discovery

10         Plaintiff's moving papers mischaracterize her discovery requests and Sutter Health's

11  responses. For example, Plaintiff incorrectly states: "Sutter Health's only reason for not responding

12  to Plaintiff's discovery requests (and presumably for its claim that 'no responsive documents exist') is

13  its assertion that Sutter Health does not 'own the hospitals that constitute its network of facilities.'"[14]

14  Sutter Health **fully responded** to the discovery.[15] Stating that documents and information do not

15  exist is a complete response.[16] Sutter Health provided **many** reasons for its responses,[17] including

16  the following:

17      ▪ that requests were grossly overbroad, unduly burdensome and oppressive;[18]

18      ▪ that requests were vague and ambiguous;[19]

19

---

20  [13]     Hunter Dec., ¶ 8. Plaintiff served Sutter Health with requests for admissions, apparently expecting Sutter Health to make verified admissions on behalf of the hospitals. Declaration of Marcia L. Augsburger In Support of [this Opposition] ("MLA Dec."), and Ex. A thereto. Sutter Health refused, explaining: "Sutter Health responds to the requests herein on its own behalf only, and not on behalf of any other party or entity, for the following reasons: a. Sutter Health cannot make admissions on behalf of other parties or entities; b. Sutter Health cannot verify responses that purport to respond on behalf of other parties or entities; c.     Sutter Health lacks the capacity and knowledge sufficient to respond on behalf of other parties or entities." *Id.* Plaintiff did not move to compel further responses to those requests, indicating that Plaintiff knows Sutter Health cannot respond on behalf of the hospitals and that this motion was filed for an improper purpose.

24  [14]     P's Ps & As, 1:26-2:1 (emphasis added).

    [15]   Willson Dec. Ex. E.

25  [16]     Plaintiff complains that Sutter Health's responses did not state that a search or inquiry was made to find responsive documents. P's Ps & As at 9:1-4, citing Cal. Code Civ. Proc. § 2031.230. Sutter Health does not believe this statement is necessary where the responding party knows that no responsive documents ever existed. However, Plaintiff never contacted Sutter Health to resolve this issue and did not raise it until this motion.

27  [17]     *Id.* Contrary to Plaintiff's representation, Plaintiff did **not** grant Sutter Health an extension of time to respond, and Sutter Health responded within the time set by statute. MLA Dec. ¶ 3.

28  [18]     For example, document request No. 2, demanding production of all documents from the beginning of time through the present that "identify the hospitals affiliated with Sutter Health." Willson Dec. Ex. E.


:Donough Holland & Allen PC
Attorneys at Law

4

- that requests asked for information about Sutter Health "customers," but Sutter Health has no "customers";[20]
- that requests asked for information about services Sutter Health rendered to Plaintiff, but Sutter Health did not render services to Plaintiff;[21]
- that requests asked for information about any liens Sutter Health may have served against tort recoveries, but Sutter Health does not assert liens against tort recoveries.[22]

In response to Form Interrogatory number 15.1, which requested information about Sutter Health's affirmative defenses, Sutter Health incorporated its pleadings on demurrer in this case and explained that the defenses are based on the facts that (1) neither Sutter Health nor Plaintiff initiated a "prior action"[23] sufficient to support a malicious prosecution claim;  (2)  no prior action against Sutter Health terminated in Plaintiff's favor; and (3)  Sutter Health is not legally authorized to assert and has never asserted hospital liens.[24]  Sutter Health also explained that Plaintiff cannot prove malicious prosecution based on the lien asserted against her because, among other things, she **requested** that the lien be served on her[25] and that her bankruptcy pleadings do not support a malicious prosecution claim.[26]  Sutter Health's subsequent correspondence explains that a hospital lien is not discharged in bankruptcy,[27] and a discharge in bankruptcy is not a termination on the merits for malicious prosecution purposes. [28]

On this motion, Plaintiff does not rebut or challenge Sutter Health's objections that were based on vagueness, ambiguity, overbreadth, burden and oppression, which is another reason why this motion must be denied.  Nor does Plaintiff challenge many of Sutter's substantive responses, for

---

[19]    For example, document request number 5, which requests records of communications with persons who received undefined "services" from Sutter Health.

[20]    *See, e.g.,* SH Resp. to Spec. Interogs., Nos. 1 and 2; SH Resp. to Form Interogs., No.17.1, re RFAs, Nos. 2, 4, 10, 12, Willson Dec. Ex. E.

[21]    *See, e.g.,* SH Resp. to Form Interogs., No. 17.1, re RFA Nos. 1, 9, 11, 12, Willson Dec. Ex. E.

[22]    *See, e.g.,* SH Resp. to Spec. Interogs., Nos. 1 and 2; SH Resp. to Form Interogs., No. 17.1, re requests for admissions Nos. 1, 2, 9, 10, Willson Dec. Ex. E.

[23]    Sutter Health maintains that despite the legal conclusion alleged in the first amended complaint, the assertion of a lien is not an "action" for purposes of malicious prosecution. Sutter Health's Memorandum of Points and Authorities in Support of Demurrer to the First Amended Class Action Complaint for Malicious Prosecution, Abuse of Process, Unfair Business Practices, and Declaratory Relief pp. 4-6;  Sutter Health's Reply Brief in Support of Demurrer to the First Amended Class Action Complaint, pp. 1-3.

[24]    *See, e.g.,* numbers 1-5 of SH Resp. to Form Interogs., Willson Dec. Ex. E.

[25]    *See, e.g.,* numbers 10-11 of SH Resp. to Form Interogs, Willson Dec. Ex. E.

[26]    *See, e.g.,* numbers 17, 18, & 26 of SH Resp. to Form Interogs, Willson Dec. Ex. E.

[27]    *See* letter dated August 28, 2006 to Plaintiff's counsel, attached to MLA Dec. as Ex. H

[28]    Willson Dec. Ex. E, number 17.1 of Sutter Health's responses to Form Interrogatories. Sutter Health also fully explained the reasons why it denied Plaintiff's requests for admissions. Sutter Health's responses to 15.1(a) and (b), and 17.1 (a) and (b) are **not** a subject of this motion, indicating that even Plaintiff agrees they are complete.

5

MHA
:Donough Holland & Allen PC
Attorneys at Law

1   example, Sutter Health's responses to form interrogatories 15, 1(a) and (b) and 17.1(a) and (b).[29]

2   Plaintiff challenges the responses that do not assist her in locating potential clients. This is a misuse

3   of the class action process. *Howard Gunty Profit Sharing Plan v. Superior Court*, 88 Cal. App. 4th

4   572, 580 (2001) (disapproved on other grounds in *Parris v. Superior Court*, 109 Cal. App. 4th 285,

5   301 (2003)), citing *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980) ("The potential

6   for misuse of the class action mechanism is obvious. Its benefits to class members are often nominal

7   and symbolic, with persons other than class members becoming the chief beneficiaries.").

8        Plaintiff argues that she needs the information requested in order to support a class

9   certification motion. However, Plaintiff represented in her First Amended Complaint ("FAC") that

10  she already has information to support a finding that she a member of an ascertainable class. Cal.

11  Code Civ. Proc. § 128.7. If so, then the class members are like Plaintiff, i.e., uninsured hospital

12  patients who were treated at Memorial Hospital, not Sutter Health, who requested that a hospital lien

13  be served on them, who filed bankruptcy after the liens were served, and who sought to have the

14  liens discharged in bankruptcy.[30] Plaintiff's problem is not that she has no "ascertainable class" but

15  that she has no culpable defendant.

16       This motion and a review of the discovery requests confirms that Plaintiff is not seeking

17  discovery "on class issues" but is trying to locate a new potential class. While discovery may be

18  used to identify existing class members, *Parris v. Superior Court*, 109 Cal.App.4th 285, 301 (2003),

19  it may not be used to assist Plaintiff's counsel in creating a different class. This is readily apparent

20  from Plaintiff's discovery requests. They do not seek information about patients who are within the

21  alleged class. They seek information about **all** liens asserted **at any time** on **all** tort recoveries.

22       In any event, Sutter Health's discovery responses establish that the class(es) alleged in the

23  complaint have no cause of action for malicious prosecution against Sutter Health based on assertion

24  of hospital liens. Sutter Health's responses to the discovery will not change if the Court grants this

25  motion: Sutter Health did not assert Hospital liens, and nothing will change that.

26  

---

27  [29]    Sutter Health's responses to 15.1(a) and (b), and 17.1 (a) and (b) are **not** a subject of this motion, indicating that even Plaintiff agrees they are complete. Nonetheless, Plaintiff seeks to compel production of information identifying all witnesses and all documents to support Sutter Health's responses to those requests.

28  [30]    Declaration of Marcia L. Augsburger in support of Sutter Health's opposition to ex parte application for order vacating hearing date for motion for class certification, on file in this matter, ¶¶ 1-5, and attached exhibits.

**MHA**
Donough Holland & Allen PC
Attorneys at Law

**B.  Plaintiff's Motion Is Based On An Erroneous Conclusion That Sutter Health Owns Hospitals, And Therefore Has Possession, Custody, Or Control Of The Documents And Information Requested**

As noted above, Plaintiff's assertion that she asked for records and information from 24 hospitals is apparently based in part on her previously undisclosed interpretation of her definition of "Sutter Health," *i.e.*, that "hospitals ... of Sutter Health,"[31] means hospitals owned by Sutter Health. Despite Sutter Health's verified responses that it does not own any hospitals, Plaintiff argues that Sutter Health's "assertion that [it] does not 'own' the hospitals that constitute its network of facilities ... is inconsistent with Sutter Health's established connection with and control over the actions of the hospitals in the Sutter Health network with respect to how patients are charged for medical services." Plaintiff's Ps & As at 1:26-2:7.  No facts support Plaintiff's conclusion.  Moreover, the Superior Court ruling Plaintiff cites does not support or evidence support for this proposition.  The hospitals' involvement in the settlement of that case was based on agreements that were applicable only to that case, for purposes specific to that case.  Hunter Dec. ¶ 17.

Next Plaintiff contends that "while Sutter Health claims that it does not 'own' any hospitals, it lists 24 hospitals that are within its network ...."[32]  This is a good example of how important it was that Sutter Health generally answered only the questions that Plaintiff asked in the discovery - Sutter Health listed its affiliated hospitals as a courtesy to Plaintiff, and now Plaintiff characterizes Sutter Health's response as an admission that Sutter Health "owns" the listed hospitals.  Sutter Health did not list hospitals it owned.  Sutter Health listed hospitals in response to document request number 2, which asked for the following: "All DOCUMENTS which IDENTIFY the hospitals **affiliated with** SUTTER HEALTH."  Willson Dec. Ex. E.  Sutter Health objected to this request on the ground that "affiliated" was undefined such that Plaintiff could attach an unexpressed definition to the term that would render Sutter Health's response incorrect.  Apparently Sutter Health's objection was well taken – Plaintiff now defines "affiliated" as "owned."  "Affiliated" does not mean "owned."

Plaintiff also implies that because 14 of the 24 names of hospitals contain the name "Sutter," Sutter Health must own the hospitals.  The fact that the word "Sutter" is in some hospital names does

---

[31]  *See, e.g.,* Exhibit E to Willson Dec., p. 1, SH Resp. to RPDs, No. 1 ("... Sutter Health does not own any hospitals.").  *See also* Ex. A (Sutter Health Articles Of Incorporation) to Hunter Dec. and ¶¶ 3, 5, 6, 14-16.

[32]  Plaintiff's Ps & As, 2:8-9.

MHA
Donough Holland & Allen PC
Attorneys at Law

1 | not establish that Sutter Health owns those hospitals.  Plaintiff bears the burden of proving that

2 | Sutter Health has the legal right to control the documents requested,[33] but is grasping at straws.

3 |       As reflected in public records, the hospitals are owned by separate and distinct non-profit

4 | public benefit corporations that have no stockholders.[34]  *See, e.g.,* Cal. Corp. Code §§ 5002 *et seq.*

5 | (providing at sections 5049 and 5410 that non-profit corporations do not distribute gains, profits or

6 | dividends to any member).  Non-profit corporations are not "owned."  Sutter Health is a "member"

7 | of those non-profit public benefit corporations "as that term is defined at California Corporations

8 | Code Section 5056."  Hunter Dec. ¶ 3.  A "member" is not an owner. Section 5056 (a) provides, in

9 | pertinent part:  "'Member' means any person who, pursuant to a specific provision of a corporations

10 | articles or bylaws, has the right to vote for the election of a director or directors or on a disposition

11 | of all or substantially all of the assets of a corporation or on a merger or on a dissolution ...."

12 | (Emphasis added.)  Sutter Health's ability to vote on certain matters relating to the non-profit public

13 | benefit corporations does not mean those corporations are owned by Sutter Health.

14 |       Based on the foregoing, the absence of a single interrogatory regarding Sutter Health's

15 | relationship with the hospitals, and Plaintiff's failure to meet and confer with Sutter Health's counsel,

16 | it appears that Plaintiff does not seek, and will not accept, true information about Sutter Health's

17 | relationships with the hospitals.  In fact, Plaintiff declined Sutter Health's offer to produce a witness

18 | to testify about Sutter Health's organizational structure, stating that Plaintiff does not want to depose

19 | any witnesses on that subject unless Sutter Health also produces "the documents, information, or

20 | witnesses relating to the liens that have been requested in Plaintiff's discovery requests ...."[35]

21 |       In fact, Plaintiff has repeatedly expressed that its position on discovery in this case is that

22 | Sutter Health must produce "all or nothing."  For the reasons described above, the only possible

23 | result is that Plaintiff takes nothing.

24 |     ///

25 |     ///

26 |

27 | [33]  *United States of America v. International Union of Petroleum and Industrial Workers,* 870 F.2d 1450 (9th Cir. 1989).

28 | [34]  Hunter Dec. ¶¶ 3, 5.
[35]  MLA Dec. ¶ 6, & Exs. M & N thereto.



**C.    Plaintiff's Motion Is Based On The Erroneous Conclusions That Sutter Health Has An Obligation To Collect And Produce Documents And Information From Separate Non-Profit Corporations.**

As noted above, Plaintiff asserts that Sutter Health is obligated to collect and produce documents (and apparently to make admissions[36] and verify discovery responses under penalty of perjury) on behalf of other business entities who are not parties to this lawsuit. As discussed in part 1 below, Plaintiff is wrong on the law. As discussed in part 2 below, Plaintiff is wrong on the facts; the hospitals are all owned and operated by separate entities and Sutter Health does not have "control" over their documents.

**1.    Sutter Health May Not Be Compelled To Obtain or Produce Documents Or Witnesses From Separate Entities.**

Plaintiff inaccurately states that a party is required to produce documents in response to a document request if the party has actual possession, custody or control, *or* has the legal right to obtain the documents on demand. P's Ps & As 9:8-13. Governing cases hold that "control" **is defined as** "the legal right to obtain documents on demand." *In re Citric Acid Litigation v. Archer Daniels Midland Co., Inc.*, 191 F.3d 1990, 1107 (1999) ("*Archer*").[37] In *Archer*, the court rejected the argument Plaintiff makes, i.e., that the test is "either/or," holding, as follows:

> Varni urges this court to reject the legal control test .... It asks us instead to define 'control' in a manner that focuses on the party's practical ability to obtain the requested documents .... [W]e conclude - consistently with all of our sister circuits who have addressed this issue - that the legal control test is the proper standard under Rule 45. ... Ordering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents.

*Id.* at 1107 (citations omitted) (also stating that the fact an entity has voluntarily furnished documents in the past to the party alleged to have "control" is insufficient unless that party has legal control over the documents). *See also People ex. rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (2004); *United States of America v. International Union of Petroleum and Industrial Workers*, 870 F.2d 1450 (9th Cir. 1989) ("*Petroleum*").

---

[36]    Ex. A to MLA Dec.

[37]    Plaintiff is correct that "California Courts look to federal cases when interpreting the California discovery laws ...." P's Ps & As at 9, n. 3, citing cases including *Emerson Electric Co. v. Superior Court*, 16 Cal. 4th 1101, 1108 (1997).

MHA
:Donough Holland & Allen PC
Attorneys at Law

1    In *Lockyer*, the real parties in interest served a request for production of documents on the

2   Attorney General and Director of the Department of Consumer Affairs (collectively "the People")

3   that sought documents from non-party state agencies by defining the responding party (the "People")

4   to include the non-party state agencies. *Id.* at 1064, 1066. The People objected, and refused to

5   produce documents that were in the possession of "non-party entites." *Id.* at 1066, 1068. By the

6   time the case reached the court of appeals, a second dispute had arisen about whether the People

7   were required to produce witnesses from nonparty state agencies for deposition. *Id.* at 1068-71.

8   With regard to the deposition issue, the court ruled:

9       The state agencies from which Cole requested documents and witnesses are not
        parties to this litigation. Therefore, because a state agency would also not be
10      considered an 'officer, director, managing agent, or employee' of the People, section
        2025 sub-division (h) required Cole to serve them with subpoenas under section 2020
11      to compel attendance of witnesses from those agencies, and for them to produce any
        documents at such depositions. The court erred as a matter of law in denying the
12      People's motion to quash deposition notices that requested that they produce for
        deposition persons most knowledgeable from those agencies, and documents to
13      accompany the deponents.

14   *Id.* at 1076. The court also stated that the deposition notices "were not sufficient to compel the

15   attendance of non-party state agency witnesses." *Id.* at 1076, n. 5.

16    For the same reasons, the court held that Code of Civil Procedure section 2031 **did not**

17   **require the People to obtain the requested documents from the non-party state agencies.** *Id.* at

18   1078. The court found that "state agencies, in the ordinary course of their duties, are distinct and

19   separate governmental entities, third parties under the discovery statutes that can be compelled to

20   produce documents only upon subpoena." *Id.* (emphasis added).

21    In *Petroleum*, 870 F.2d at 1453-54, the ninth circuit court held that an international union

22   could not be compelled to obtain the local Union's records. The court reasoned that actual control

23   did not exist where "the locals had the right and ability to maintain their own delegate election

24   records." *Id.*

25    For the reasons described in part 2 below, Plaintiff has not met its burden to prove that Sutter

26   has legal control of the hospital's documents. *Petroleum*, 870 F.2d at 1452. This motion must be

27   dismissed.

28


:Donough Holland & Allen PC
Attorneys at Law

10

## 2.   The Hospitals Are Owned and Operated By Separate And Distinct Legal Entities, and Sutter Health Does Not Have Possession or Custody of, or Control Over, Their Documents.

Sutter Health's verified responses to the discovery, and the additional evidence presented herewith, establish that Sutter Health's function is to **support** the affiliated hospitals.[38] For example, as described in the Articles, Sutter Health provides "charitable, educational, and scientific activities, and ... such activities as may be deemed advisable for the advancement of health care" and "coordinate(s) activities of organizations of which it is a member and their affiliated organizations which are engaged in health care for the betterment of the general health of the communities served."[39] Absent a specific grant of authority from a hospital corporation, Sutter Health is not authorized to act on behalf of the hospitals, and the hospitals are not authorized to act on behalf of Sutter Health.[40] Sutter Health is not authorized to provide verified responses to discovery on behalf of its affiliated hospital corporations.[41] No hospital corporation has given authority to Sutter Health to control their documents and Sutter Health does not have a legal right to obtain documents from any of the hospitals on demand.[42] Furthermore, Sutter Health does not control hospital documents, or the production of any hospital documents.[43] One reason for this is that many hospital documents are subject to strict patient confidentiality laws and regulations.[44] Another reason is that for licensing and accreditation purposes, hospitals are required to maintain their documents in accordance with detailed, industry specific, rules and regulations.[45] The hospitals operated by the non-profit corporations for which Sutter Health is the member are separately licensed by the Department of Health Services.[46] Sutter Health is not, and does not operate, as a hospital and does not provide medical services.[47] Accordingly, Sutter Health is not authorized by law to assert, and has never asserted, any hospital liens.[48]

---

[38]   Hunter Dec. ¶¶ 3-16 and Ex. A thereto.
[39]   *Id.* ¶ 6 and Ex. A thereto.
[40]   *Id.* at ¶ 7.
[41]   *Id.* at ¶ 8
[42]   *Id.* at ¶ 9.
[43]   *Id.*
[44]   *See, e.g., id.*
[45]   *Id.* at ¶ 9.
[46]   *Id.* at ¶ 5 and 10.
[47]   *Id.* at ¶ 11.
[48]   *Id.*



:Donough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses

963835v6 09504/0502

1    Sutter Health has its principal place of business in Sacramento, California.[49]  The hospital

2    affiliates are located at separate locations throughout Northern California ranging from Santa Cruz,

3    California to Crescent City, California.[50]  One hospital affiliate is located in Hawaii.[51]  The hospitals

4    maintain facilities, employees, medical staffs and health care services that are separate from Sutter

5    Health and from the other hospital affiliates.[52]  Sutter Health and the corporations for which it is the

6    member have separate Boards of Directors.[53]  These separate Boards are responsible for the

7    governance of their respective corporations.[54]  The hospital corporations maintain their own bank

8    accounts and financial books and records separate from Sutter Health.[55]  The day-to-day operational

9    decisions concerning each hospital are made by each hospital's management team, subject to the

10   direction of the hospital's Boards of Directors.[56]  Sutter Health extends support services to its

11   affiliate entities.[57]  The affiliates pay an allocated fee for such services.[58]

12        Plaintiff makes no showing that Sutter Health has a right to control the hospitals' records.

13   Plaintiff first leaps to the conclusion that "[i]t is unreasonable to suggest that Sutter Health does not

14   have possession and control over such documents – or its own copies of them – simply because they

15   may also be located at the hospitals."[59]  Plaintiff ignores Sutter Health's verified responses to the

16   discovery.

17        Then Plaintiff asserts:  "Indeed, Sutter Health's refusal to produce a witness in response to

18   Plaintiff's Notice of Deposition for a person most knowledgeable concerning, among other things,

19   the organizational structure of Sutter Health and its hospital affiliates, belies its contention that it has

20   no control over or possession of responsive documents."[60]  In fact, Sutter Health never refused to

---

[49]    *Id.* at ¶ 12.
[50]    *Id.*
[51]    *Id.*
[52]    *Id.* at ¶ 13.
[53]    *Id.* at ¶ 14.
[54]    *Id.*
[55]    *Id.*
[56]    *Id.* at ¶ 15.
[57]    *Id.* at ¶ 16.
[58]    *Id.*
[59]    Plaintiff's Ps & As, 2:12-18.
[60]    Plaintiff's Ps & As, 2:19-22.  Plaintiff also speculates that Sutter Health is the "headquarters" for the 24 separate hospital entities, and based on that erroneous presumption, argues that Sutter Health is not relieved of an obligation to collect documents even if they are not located in the headquarters. *Id.* at 2:23-27. The endurance submitted herewith proves both Plaintiff's assumption and conclusion are wrong.



12

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                                      963835v6 09504/0502

1    produce a witness on Sutter Health's organizational structure.    Sutter Health objected to the

2    ambiguities and other defects in the notice.    Sutter Health offered to provide such a witness,

3    assuming Plaintiff would cooperate with Sutter Health to correct the many objectionable and

4    unintelligible demands in the notice.    Plaintiff declined.[61]    Moreover, Sutter Health's ability to

5    produce a witness to testify regarding its organizational structure is irrelevant to whether or not it has

6    control over documents held by third parties.

      **3.    The Discovery Requests Will Be Best Tailored To The Issues In This Malicous Prosecution Case, And Best Suited To Resolution Of The Action, If The Requests Are Interpreted To Seek Information From Sutter Health Only.**

      The issues before the Court in this malicious prosecution action are best addressed by discovery requests directed to Sutter Health, about Sutter Health.    On their face, the discovery requests at issue seek information about liens asserted **by Sutter Health**, the only defendant in this case.    If Sutter Health wrongfully asserted hospital liens, as Plaintiff alleges in her complaint and motion, then the answers to Plaintiff's discovery requests on that subject would provide the information Plaintiff discusses on pages 5 through 10 of her brief regarding, for example, identification of potential class members.

      However, if Sutter Health is defined to include the hospitals to which it provides support, the requests would be objectionable on numerous grounds.[62]    Moreover, a ruling that the requested documents must be produced would, at a minimum, create a substantial risk of violating patients' rights.[63]    Indeed, such a ruling would violate the rights of many other persons and entities who are not parties to this lawsuit, from the hospitals' rights to privacy in financial matters to insurance companies' rights to maintain the confidentiality of their proprietary contracts.

---

[61]    MLA Dec. ¶ 7 and Ex. N thereto.

[62]    If "SUTTER HEALTH" were defined to include the hospitals to which it provides support, request numbers 3-5-10, 12,13, 16 would be objectionable on numerous grounds, including the grounds that the request sought information in violation of patients' privacy rights and rights under HIPAA, and is overbroad, burdensome, oppressive, and not reasonably likely to lead to the discovery of relevant evidence.    If "SUTTER HEALTH" were defined in special interrogatory number 1 to include the hospitals to which Sutter Health provides support, the requests would be objectionable on numerous grounds, including the grounds that the request sought information in violation of patients' privacy rights and rights under HIPAA, was overbroad, vague and ambiguous, burdensome and oppressive, and sought information regarding confidential settlement discussions.

[63]    *See, e.g., Board of Medical Quality Assurance v. Gherardini*, 93 Cal. App. 3d 669 (1979);    42 U.S.C. § 201 *et seq.* (Health Insurance Portability and Accountability Act);    45 C.F.R. 164.512;    Cal. Civ. Code § 56 *et. seq.*;    Cal. Code Civ. Proc. § 1983.5.

13

**MHA**
:Donough Holland & Allen PC
Attorneys at Law

Sutter Health's Memorandum of Points & Authorities
in Opp to Plaintiff's Motion to Compel Further Discovery Responses                963835v6 09504/0502

1     The Court should avoid this path of "most resistance" and interpret the requests as they are

2  written. *Cf.* Cal. Civ. Code § 3541 ("An interpretation which gives effect is preferred to one which

3  makes void."). "Sutter Health" should be interpreted as "Sutter Health," and not as "Sutter Health

4  plus other third party entities." Plaintiff sought and received all information necessary to resolve the

5  case that is before this Court against the only defendant that is before this Court. Sutter Health

6  provided verified responses establishing that it did not assert hospital liens or provide services giving

7  rise to liens. This eliminates any need for the Court to decide whether hospitals liens are "actions"

8  for purposes of malicious prosecution, whether the liens were asserted without probable cause and

9  with malice by or at Sutter Health's direction, or whether the liens were pursued to a legal

10 determination in favor of Plaintiff. 4/18/06 Order, pp. 3:17-21. Sutter Health should not be

11 subjected to the litigation process where the lawsuit is not meritorious. *Howard Gunty Profit*

12 *Sharing Plan,* 88 Cal. App. 4th at 581-82.

13 **D.    Sutter Health Should Be Awarded Its Attorneys Fees And Costs Incurred On This Motion.**

14

15     Plaintiff's accusation that Sutter Health engaged in gamesmanship is ironic, given that:

16  ▪  Plaintiff's counsel refused to engage in discussions with Sutter Health's counsel when she
       attempted to explain that Sutter Health is not a hospital and does not serve hospital liens or
17     direct that they be served,[64] and then

18  ▪  Plaintiff's counsel failed and refused to meet and confer before filing this motion until
       October 10, 2006 – the day before the motion was due to be filed – when counsel made a
19     demand characterized as "one last attempt" to meet and confer;[65]

20  ▪  While Sutter Health's counsel was on vacation, Plaintiff's counsel served numerous discovery
       requests, including form interrogatories, special interrogatories, document requests, requests
21     for admissions, and a notice of deposition of person(s) most knowledgeable in multiple
       distinct areas, with another demand for production of documents, and two weeks later when
22     Sutter Health's counsel returned to the office and requested additional time to respond,
       Plaintiff's counsel refused to provide an extension of time without a waiver of Sutter Health's
23     rights to preserve its objections;[66]

24  ▪  Plaintiff initially attempted to mislead Sutter Health's counsel into believing she was being
25     given an extension of time to respond to the discovery without such a waiver;[67]

26

27  [64]   MLA Dec. ¶¶ 3-7.
    [65]   *Id.*
28  [66]   MLA Dec. ¶ 3.
    [67]   *Id.*

14



- Although Plaintiff's counsel refused Sutter Health's request for more time to respond, Plaintiff now implies that an extension was granted based on a promise by Sutter Health to produce documents and information that do not exist;[68]

- Despite Plaintiff's failure to attempt to resolve any of the discovery issues raised in this motion, Sutter Health offered to identify and produce a witness who could testify about some of the matters described in Plaintiff's deposition notice, if Plaintiff would explain unintelligible terms like the "reporting, and operational structure of Sutter Health" as it might relate to this case, and requested mutual agreement on the time and place of the deposition, but Plaintiff's counsel declined;[69]

Thus, Plaintiff has misused the discovery process, and has filed this motion to compel without substantial justification. Cal. Code Civ. Proc. § 2023.010. She "persist[ed] over objection and without substantial justification, in an attempt to obtain information or materials that are outside the scope of permissible discovery ... [employed] a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense ... [and failed] to confer in person, by telephone, or by letter with an opposing party or attorney in a reasonable and good faith attempt to resolve informally any dispute concerning discovery[.]"

Accordingly, Sutter respectfully requests that the Court impose a monetary sanction, pursuant to Code of Civil Procedure section 2020.030, ordering Plaintiff to pay the reasonable expenses, including attorney's fees, incurred by Sutter Health as a result of that conduct. Sutter also requests that the Court order Plaintiff to pay Sutter Health's attorneys fees and costs pursuant to Code of Civil Procedure section 2020.020, for failure to meet and confer. Sutter Health has incurred in excess of $30,000 opposing this motion. Declaration of John Barnes in Support of Opposition to Motion to Compel, served herewith.

DATED: October 20, 2006

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
MARCIA L. AUGSBURGER
Attorneys for Defendant Sutter Health

---

[68] Plaintiff's Ps & As 1:14-23.
[69] MLA Dec. ¶¶ 6-7.

15

MHA
:Donough Holland & Allen PC
Attorneys at Law

09504.0502
L-M

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (44893)
    MARCIA L. AUGSBURGER (145686)
3   JOHN C.J. BARNES (216694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax:   916.444.8989

6   Attorneys for Defendant Sutter Health

7

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 0 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

8               SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF ALAMEDA

BY FAX

10  MELINDA CAMPBELL, on her own behalf,    )   Case No. RG05221764
    and on behalf of all others similarly situated,  )
11                                          )   DECLARATION OF MARCIA L.
12                          Plaintiffs,     )   AUGSBURGER IN SUPPORT OF
                                            )   OPPOSITION TO MOTION TO COMPEL
13  v.                                      )
                                            )   Date:
14  SUTTER HEALTH and DOES 1 through 24,    )   Time:
    inclusive,                              )   Dept: 22
15                                          )   Judge: Ronald M. Sabraw
                            Defendants.     )   Trial Date:  None
16  ──────────────────────────────────     )   1st Amended Complaint Filed: July 8, 2005

17      I, Marcia L. Augsburger, hereby declare the following:

18      1.      I am an attorney licensed to practice law before all courts of this state.  I am a

19  shareholder in the firm of McDonough Holland & Allen PC, attorneys of record for Defendant Sutter

20  Health. This declaration is made and based upon facts personally known to me, and if called upon as

21  a witness to do so, I could and would competently testify as to their truth.

22      2.      Attached hereto as Exhibit A are true and correct copies of Sutter Health's responses

23  to Requests for Admissions, propounded by Plaintiff.

24      3.      Plaintiff states and implies that she provided Sutter Health an extension of time to

25  respond to the voluminous discovery she served.  However, she did not do so, despite Sutter Health's

26  requests. The events occurred as follows:

27          a.  On August 14, 2006, Mr. Willson wrote to me enclosing a "Revised notice of

28              Deposition," and stating:  "In addition, I write to confirm that Defendant's

MHA
McDonough Holland & Allen PC
Attorneys at Law

                                          1

1    McDONOUGH HOLLAND & ALLEN PC
     Attorneys at Law
2    RICHARD E. BRANDT (44893)
     MARCIA L. AUGSBURGER (145686)
3    JOHN C.J. BARNES (216694)
     555 Capitol Mall, 9th Floor
4    Sacramento, CA 95814
     Phone: 916.444.3900
5    Fax:    916.444.8989

6    Attorneys for Defendant Sutter Health

7

8                          SUPERIOR COURT OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10   MELINDA CAMPBELL, on her own behalf,      )    Case No. RG05221764
     and on behalf of all others similarly situated,  )
11                                             )    **DECLARATION OF MARCIA L.**
                              Plaintiffs,      )    **AUGSBURGER IN SUPPORT OF**
12                                             )    **OPPOSITION TO MOTION TO COMPEL**
     v.                                        )
13                                             )    Date:
     SUTTER HEALTH and DOES 1 through 24,      )    Time:
14   inclusive,                                )    Dept:   22
                                               )    Judge: Ronald M. Sabraw
15                            Defendants.       )    Trial Date:    None
                                               )    1st Amended Complaint Filed: July 8, 2005
16   

17        I, Marcia L. Augsburger, hereby declare the following:

18        1.    I am an attorney licensed to practice law before all courts of this state.  I am a

19   shareholder in the firm of McDonough Holland & Allen PC, attorneys of record for Defendant Sutter

20   Health.  This declaration is made and based upon facts personally known to me, and if called upon as

21   a witness to do so, I could and would competently testify as to their truth.

22        2.    Attached hereto as Exhibit A are true and correct copies of Sutter Health's responses

23   to Requests for Admissions, propounded by Plaintiff.

24        3.    Plaintiff states and implies that she provided Sutter Health an extension of time to

25   respond to the voluminous discovery she served.  However, she did not do so, despite Sutter Health's

26   requests.  The events occurred as follows:

27             a.    On August 14, 2006, Mr. Willson wrote to me enclosing a "Revised notice of

28                   Deposition," and stating:  "In addition, I write to confirm that Defendant's

MHA
McDonough Holland & Allen PC
Attorneys at Law

                                               1

DECL OF AUGSBURGER IN SUPP OF OPP TO MOTION TO COMPEL.                    965160v2 09504/0502

1    responses to Plaintiff's document requests, requests for admissions, and

2    interrogatories will be completed and served and served on our office no later

3    than September 1, 2006, 36 days after they were served by mail on Defendant."

4    A copy of Mr. Willson's letter is attached hereto as Exhibit B.

5   b.  On August 16, 2006, I wrote the letter attached hereto as Exhibit C to Plaintiff's

6    counsel stating:  "I returned from vacation on Monday of this week to find the

7    discovery you served in the above-referenced matter.  We need additional time to

8    investigate and meaningfully respond.  Our time over the next few weeks is very

9    limited, as I have a trial starting in another matter on September 11, and my

10    associate, John Barnes, has an arbitration and other matters that will occupy his

11    time through September."  I requested a 30 day extention of time to respond to the

12    discovery.

13   c.  On August 18, 2006, I received the letter attached hereto as Exhibit D from Mr.

14    Willson.  He stated:  "We are in receipt of your letter of August 16, 2006, in

15    which you request a 30-day extension in which to respond to Plaintiff's discovery

16    requests.  We are willing to agree to such an extension, ... but would require that

17    Defendant make a full and complete production no later than September 29,

18    2006."  (Emphasis added.)  The highlighted language was inconsistent;  in my

19    experience, "respond" means that objections are preserved, while "production"

20    implies that no objections will be stated.

21   d.  For this reason, I wrote back to Mr. Willson asking what he meant.  A copy of my

22    letter is attached hereto as Exhibit E.

23   e.  In the meantime, on August 18, 2006, I had written to Mr. Willson reiterating that

24    Sutter Health adamantly denied that it asserted liens against tort claims, is not a

25    hospital, and does not assert liens.  A copy of my letter is attached hereto as

26    Exhibit F.

27   f.  On August 24, 2006, Mr. Willson wrote a more ambiguous and confusing letter to

28    me, which stated:  "When we say that we expect a 'full and complete production'


MHA
cDonough Holland & Allen PC
Attorneys at Law

DECL OF AUGSBURGER IN SUPP OF OPP TO MOTION TO COMPEL.    965160v2 09504/0502

by September 29, 2006, we mean that we expect that Defendant will complete its search and produce all responsive non-privileged documents and privilege log at that time. We are not asking you to waive objections." This led me to believe that Mr. Willson was attempting, by purposeful ambiguity, to narrow the objections that would be available to Sutter Health if it took the extended time. Mr. Willson's letter is attached hereto as Exhibit G.

g. My concerns were confirmed when I received Mr. Willson's letter of August 30, 2006, attached hereto as Exhibit I. I had sent Mr. Willson a letter on August 28, 2006 (Exhibit H hereto) suggesting a stay of all discovery in light of the information I had just discovered about Plaintiff and the true events that led to her service of the lien, i.e., that she had requested through her counsel that it be served, negating any inference that the assertion of the lien was "malicious prosecution." Mr. Willson's August 30 letter accused Sutter of being "unwilling to provide timely discovery responses, which are due September 1, 2006, or a date certain for the deposition of Defendant's person most knowledgeable." The letter further stated: "As you know, any agreement by Plaintiff to extend the time for Defendant to respond to Plaintiff's discovery requests was contingent on Defendant making a full and complete production, and agreeing to continue the class certification hearing accordingly." Thus, Mr. Willson refused to be reasonable or cooperative in any way, and to push for what he apparently believed would be many documents from 24 hospitals within 35 days, during the busy summer holiday season.

h. On August 31, 2006, to avoid any possibility that Plaintiffs' counsel could use an extension of time against my client, I wrote the letter attached hereto as Exhibit J, informing Mr. Willson that Sutter Health would respond by the deadline. We worked overtime to complete the responses with our client.

4.    On September 6, 2006, Mr. Willson sent me the letter attached hereto as Exhibit K, asserting that Sutter had not properly responded to the discovery. He then contacted my office to



DECL OF AUGSBURGER IN SUPP OF OPP TO MOTION TO COMPEL.                    965160v2 09504/0502

1  schedule a motion to compel, making no effort to discuss or resolve the issues on this motion. As

2  the Court's records will reflect, the motion was scheduled to be filed on October 11, 2006.

3       5.    On October 10, 2006, I received the letter attached hereto as Exhibit L. Although the

4  letter states that he was making "[o]ne last attempt to meet and confer ...", the fact is that no prior

5  attempts were made. His letter contained nothing more than accusations and demands, almost

6  identical to those made in the motion herein.

7       6.    On October 11, 2006, I sent Mr. Willson the letter attached hereto as Exhibit M,

8  offering to produce a witness to testify about Sutter Health's organization structure. My letter stated:

9

10      Regarding your notice of deposition, you have not addressed our objections, and
have never sought to meaningfully meet and confer. It is difficult for us to make

11      suggestions about resolution without your input and cooperation. The subjects
you list are largely unintelligible to us, and we are unable to identify witnesses

12      who can testify on most of them. We believe we could identify and produce a
witness who could testify about the corporate and/or organizational structure of

13      Sutter Health, as you request in number (5), if we resolve the other problems with
the notice and with request number (5). (For example, we do not understand what

14      you mean by "reporting, and operational structure of Sutter Health" as it might
relate to this case.) We can also identify a witness who can testify about Sutter

15      Health's responses to Plaintiff's written discovery requests. However, we would
need to resolve the concerns raised in our objection to the notice, and reach

16      agreement with you as to the time and place of the deposition. Please contact me
to discuss this.

17       7.    On October 12, 2006, I received the letter attached hereto as Exhibit N from Mr.

18  Willson. In the letter, he declined to depose a witness from Sutter Health because they would not

19  testify about liens.

20       8.    As set forth in my declaration regarding Plaintiff's request for an order shortening

21  time, on or about August 8, 2006, I received documents from Plaintiff in response to some of Sutter

22  Health's discovery requests. Among those documents were bankruptcy pleadings in which Plaintiff

23  indicated that the lien she now contends Sutter Health unlawfully and maliciously served arose from

24  treatment Plaintiff received at Memorial Hospital in Modesto, California. I contacted Memorial

25  Hospital Association's Credit & Collections department, and obtained copies of the admission

26  agreement Ms. Campbell signed, which states that she was "self-pay," i.e., **she was not insured.**

27  *See* Exhibit 1 of my earlier declaration.

28       9.    As also set forth in my prior declaration and in my August 28, 2006 letter to opposing

MHA
McDonough Holland & Allen PC
Attorneys at Law

DECL OF AUGSBURGER IN SUPP OF OPP TO MOTION TO COMPEL.        965160v2 09504/0502

1    counsel, I also obtained account notes from Memorial Credit & Collections. Account entries on the

2    third page of Exhibit 2, along with the lien and mail return receipts were attached to my earlier

3    declaration as Exhibit 3, show that Memorial Hospital did not assert a hospital lien against Plaintiff's

4    third party recovery until Plaintiff's attorney called Memorial Hospital and requested that the

5    hospital serve a lien. This is apparent because the address listed in the account note is the business

6    address for Linda Ross, Esq., who is one of Plaintiff's attorneys of record in this case. *See also*

7    Exhibits 4-6 (bankruptcy filings and letters between counsel before this action was filed).

8

9    I declare under penalty of perjury under the laws of the State of California that the foregoing is true

10    and correct.

11        Executed on October 20, 2006, at Sacramento, California.

12

13                                        MARCIA E. AUGSBURGER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DECL OF AUGSBURGER IN SUPP OF OPP TO MOTION TO COMPEL.                    965160v2 09504/0502

# EXHIBIT "A"

*09504.0502*
*DISC*

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (SBN 44893)
    MARCIA L. AUGSBURGER (SBN 145686)
3   JOHN C.J. BARNES (SBN 211694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA  95814
    Phone: 916.444.3900
5   Fax:   916.444.8989

6   Attorneys for Defendant
    SUTTER HEALTH
7

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,  )   Case No. RG05221764
    and on behalf of all others similarly situated, )
11                                        )
                                          )
12                         Plaintiff,     )   **SUTTER HEALTH'S RESPONSES TO**
                                          )   **PLAINTIFF'S REQUESTS FOR**
13          v.                            )   **ADMISSIONS**
                                          )
14  SUTTER HEALTH, *et al.*,              )
                                          )
15  ─────────────────────────── Defendant. )

16  PROPOUNDING PARTY:   Plaintiff Melinda Campbell

17  RESPONDING PARTY:    Defendant Sutter Health

18  SET NO.:             One

19                  **PRELIMINARY STATEMENT**

20       Pursuant to Code of Civil Procedure section 2033.210, Defendant SUTTER HEALTH

21  ("Sutter Health") hereby responds to the Requests for Admissions, Set One of Melinda Campbell

22  ("Plaintiff") dated July 28, 2006.

23       These responses state the knowledge, information, and belief of Sutter Health as of the date

24  of these responses.  Sutter Health is presently engaged in its own investigation and discovery.

25  Further investigation may lead to additional information relevant to the subject matter(s) of the

26  Requests for Admissions.  As a result, Sutter Health hereby reserves its right to amend or

27  supplement its responses at any time and to use any subsequently-acquired information at trial, any

28  other hearing, and for any other purpose.

**MHA**
ough Holland & Allen PC
Attorneys at Law

                              1

Sutter Health's Responses to
Plaintiff's Requests for Admissions                              951828v4 09504/0502

1    Moreover, Sutter Health notes that its responses may be based upon hearsay or other forms of

2    information not necessarily reliable or admissible into evidence and, as a result, Sutter Health hereby

3    provides notice that it does not intend to waive, and hereby specifically reserves, its right to object to

4    the introduction into evidence of any of the Requests for Admissions and/or the responses thereto at

5    any trial or hearing.

6    **GENERAL OBJECTIONS**

7    1.    Sutter Health objects to each and every Request for Admission to the extent it seeks

8    unauthorized disclosure of Protected Health Information, as defined in the Health Insurance

9    Portability and Accountability Act, 42 U.S.C. § 201 *et seq.* and related regulations.

10    2.    Sutter Health objects to each and every Request for Admission to the extent it calls

11    for documents protected by attorney-client privilege or the attorney work-product doctrine.

12    3.    Sutter Health objects to each and every Request for Admission to the extent it is

13    vague, ambiguous, overbroad, or unduly burdensome or oppressive.

14    4.    Sutter Health objects to the definition of "Sutter Health" set forth in the Requests for

15    Admissions as overbroad, vague, ambiguous, and unintelligible, particularly because Sutter Health

16    cannot determine what Plaintiff means by "affiliates." Moreover, the stated definition renders the

17    requests objectionable on the ground they are that not likely to lead to the discovery of relevant,

18    admissible evidence.

19    5.    Sutter Health responds to the requests herein on its own behalf only, and not on

20    behalf of any other party or entity, for the following reasons:

21    a.    Sutter Health cannot make admissions on behalf of other parties or entities;

22    b.    Sutter Health cannot verify responses that purport to respond on behalf of

23    other parties or entities;

24    c.    Sutter Health lacks the capacity and knowledge sufficient to respond on behalf

25    of other parties or entities.

26    Each of the following responses is subject to the foregoing, which are expressly incorporated

27    into each individual response below as if fully stated therein.

28    ///

Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502

## RESPONSES TO REQUESTS FOR ADMISSION

**Request No. 1:**

Please admit that SUTTER HEALTH asserted a lien against a tort claim asserted by Plaintiff to recover the amount SUTTER HEALTH claims to be owed for performing services for Plaintiff.

**Response to Request No. 1:**

Denied.

**Request No. 2:**

Please admit that SUTTER HEALTH has asserted liens against the tort claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for performing services for those customers.

**Response to Request No. 2:**

Denied.

**Request No. 3:**

Please admit that SUTTER HEALTH has asserted liens since April 4, 2005 against the tort claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for performing services for those customers.

**Response to Request No. 3:**

Denied.

**Request No. 4:**

Please admit that SUTTER HEALTH asserted liens before March 5, 2002 against the tort claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for performing services for those customers.

**Response to Request No. 4:**

Denied.

**Request No. 5:**

Please admit that SUTTER HEALTH presently continues to assert liens against the tort claims asserted by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for performing services for those customers.



Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502

1    **Response to Request No. 5:**

2        Denied.

3    **Request No. 6:**

4        Please admit that SUTTER HEALTH has entered into agreements with insurance companies

5    that purport to pay SUTTER HEALTH in full the amount SUTTER HEALTH claims to be owed for

6    performing services for insured customers.

7    **Response to Request No. 6:**

8        Denied.

9    **Request No. 7:**

10        Please admit that any purported debt owed by Plaintiff to SUTTER HEALTH was

11    extinguished on or before June 8, 2005.

12    **Response to Request No. 7:**

13        Denied.

14    **Request No. 8:**

15        Please admit that SUTTER HEALTH knew on or before June 8, 2005 that any purported

16    debt owed by Plaintiff to SUTTER HEALTH had been extinguished.

17    **Response to Request No. 8:**

18        Denied.

19    **Request No. 9:**

20        Please admit that SUTTER HEALTH presently continues to assert a lien against a tort claim

21    asserted by Plaintiff to recover the amount SUTTER HEALTH claims to be owed for performing

22    services for Plaintiff.

23    **Response to Request No. 9:**

24        Denied.

25    **Request No. 10:**

26        Please admit that SUTTER HEALTH continues to assert liens against the tort claims asserted

27    by SUTTER HEALTH customers to recover the amount SUTTER HEALTH claims to be owed for

28    performing services for those customers.



4

Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502

1  **Response to Request No. 10:**

2      Denied.

3  **Request No. 11:**

4      Please admit that SUTTER HEALTH has sent letters to Plaintiff in an attempt to collect on

5  liens asserted against tort claims asserted by Plaintiff to recover the amount SUTTER HEALTH

6  claims to be owed for performing services for Plaintiff.

7  **Response to Request No. 11:**

8      Denied.

9  **Request No. 12:**

10      Please admit that SUTTER HEALTH has sent letters to its customers attempting to collect on

11  liens asserted against tort claims asserted by SUTTER HEALTH customers to recover the amount

12  SUTTER HEALTH claims to be owed for performing services for those customers.

13  **Response to Request No. 12:**

14      Denied.

15  DATED:  September 1, 2006

16                                  McDONOUGH HOLLAND & ALLEN PC
                                    Attorneys at Law
17

18

19  By: _____
                                    Marcia L. Augsburger
20
                                    Attorneys for Defendant Sutter Health
21

22

23

24

25

26

27

28



Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502