1

## VERIFICATION

2    I am Assistant General Counsel of Sutter Health, which is one of the parties in the foregoing

3 action; I am authorized to make this verification for and on behalf of the corporation. I have read the

4 foregoing document and know the contents thereof. I am informed and believe that the matters

5 therein are true and, on that ground, allege that they are true.

6    I declare under penalty of perjury under the laws of the State of California that the foregoing

7 is true and correct.

8    Executed on 9|( _____, 2006, at Sacramento, California.

9

10    ISABELLE B. GREENE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
Donough Holland & Allen PC
Attorneys at Law

Sutter Health's Responses to Plaintiff's
Requests for Admissions

951828v4 09504/0502

| | |
|---|---|
| CASE TITLE: | Melinda Campbell, et al. v. Sutter Health, et al. |
| COURT/CASE NO: | Alameda County Superior Court No. RG05221764 |

## PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 1, 2006, I served the within:

(1)   **SUTTER HEALTH'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

[ X ]   **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

[  ]   **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

[  ]   **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

[  ]   **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

Todd M. Schneider                                          Counsel for Plaintiffs
Joshua Konecky
W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105

Proof of Service                                                                    855075v1 09504/0502

1

*Courtesy Copy to:*                                    Co-counsel for Plaintiffs

2

Linda Ross

3    LAW OFFICE OF LINDA ROSS
     2204 Union Street

4    San Francisco, CA 94123
     Telephone:  (415) 563-2400

5    Facsimile:  (415) 931-9981

6

Scott Kalkin

7    ROBOOSTOFF & KALKIN, PLC
     369 Pine Street, Suite 610

8    San Francisco, CA 94104
     Telephone:  (415) 732-0282

9    Facsimile:  (415) 732-0287

10

     I declare under penalty of perjury under the laws of the State of California that the foregoing is

11   true and correct and that this document was executed on September 1, 2006.

12                                              *Renee Reeve*
                                                ─────────────────────────
13                                              RENEE REEVE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
ough Holland & Allen PC
Attorneys at Law

Proof of Service                                                           855075v1 09504/0502

EXHIBIT "B"

# SCHNEIDER & WALLACE
### ATTORNEYS AT LAW

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky
W.H. Willson, IV
Camilla L. Roberson*
 *admitted in New York only
Saïda M. Benguerel
Nicole S. Garbarino

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

August 14, 2006

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
John C.J. Barnes
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

Re:    *Campbell, et al. v. Sutter Health, et al.*
       Alameda County Superior Court Case No. RG05221764

Dear Counsel:

I am writing to follow up on Plaintiff's initial set of discovery requests in this case. I have enclosed a "Revised Notice of Deposition of Person Most Knowledgeable Pursuant to CCP §§2025.010 and 2025.230," which contains a few changes to the topics for the person most knowledgeable deposition, and sets a date for the deposition of September 15, 2006.

In addition, I write to confirm that Defendant's responses to Plaintiff's document requests, requests for admissions, and interrogatories will be completed and served on our office no later than September 1, 2006, 35 days after they were served by mail on Defendant. As you know, Plaintiff's Motion for Class Certification is due on September 29, 2006, making a timely and complete response to Plaintiff's discovery requests of utmost importance.

Please contact me immediately if you have any questions.

Very truly yours,
SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

encl.
cc:    Linda Ross (via facsimile) (without enclosures)
       Scott Kalkin (via facsimile) (without enclosures)

# EXHIBIT "C"

 **McDonough Holland & Allen** PC
Attorneys at Law

**Marcia L. Augsburger**
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

August 16, 2006

*Via Facsimile:  (415)421-7105*

Todd M. Schneider
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104

*Via Facsimile:  (415)931-9981*

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, California 94123

*Via Facsimile:  (415)732-0287*

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, California 94104

Sacramento
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
toll free 800.403.3900
fax 916.444.8334

Oakland
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

Yuba City
2·     ·tury Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

Re:    *Melinda Campbell, et al. v. Sutter Health*
        Alameda County Superior Court No. RG05221764

Dear Counsel:

I returned from vacation on Monday of this week to find the discovery you served in the above-referenced matter.  We need additional time to investigate and meaningfully respond.  Our time over the next few weeks is very limited, as I have a trial starting in another matter on September 11, and my associate, John Barnes, has an arbitration and other matters that will occupy his time through September.  For these reasons, we ask you to provide us with a 30 day extension to respond to the discovery.  We will also need to postpone the deposition.

Please let me know at your earliest opportunity whether the requested extension is acceptable.  I will be out of the office in depositions today, but back in my office on Thursday, August 17, 2006, if you have questions.

948699v1 09504/0502

 **McDonough Holland & Allen** PC
Attorneys at Law

Todd M. Schneider
Linda Ross
Scott Kalkin
August 16, 2006
Page 2


Thank you for your anticipated courtesy and cooperation.

Very truly yours,

_for_

Marcia L. Augsburger

MA:m

cc:    John Barnes

# EXHIBIT "D"

# SCHNEIDER & WALLACE
## A T T O R N E Y S   A T   L A W

*Todd M. Schneider*
*Guy B. Wallace*
*Carolyn H. Cottrell*
*Clint J. Brayton*
*Joshua Konecky*
*W.H. Willson, IV*
*Camilla L. Roberson\**
 *\*admitted in New York only*
*Saïda M. Benguerel*
*Nicole S. Garbarino*

*Paula Hagan Bennett, of Counsel*
*Cael Davis, of Counsel*

August 18, 2006

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
John C.J. Barnes
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

   Re:   *Campbell, et al. v. Sutter Health, et al.*
         Alameda County Superior Court Case No. RG05221764

Dear Counsel:

   We are in receipt of your letter of August 16, 2006, in which you request a 30-day extension in which to respond to Plaintiff's discovery requests. We are willing to agree to such an extension, but because of our own scheduling concerns, we would require that Defendant make a full and complete production no later than September 29, 2006. Also, we require that the parties set a date certain for the deposition of Defendant's person most knowledgeable during the week of October 9, 2006. Finally, of course, the hearing on class certification, and the briefing schedule for that hearing, should be continued for at least 30 days, depending on the date set for the deposition.

   Please let me know as soon as possible if we have an agreement. I look forward to hearing from you.

                    Very truly yours,

                    SCHNEIDER & WALLACE

                    HANK WILLSON
                    Attorney at Law

cc:   Linda Ross (via facsimile) (without enclosures)
      Scott Kalkin (via facsimile) (without enclosures)

# EXHIBIT "E"


**McDonough Holland & Allen** PC
Attorneys at Law

89504.0502
⊘ RR

**Marcia L. Augsburger**
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

August 23, 2006

*<u>Via Facsimile: (415)421-7105</u>*
W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104

Re:     *Melinda Campbell, et al. v. Sutter Health*
        Alameda County Superior Court No. RG05221764

Dear Hank:

This responds to your letter of August 18, 2006, regarding the discovery Plaintiff propounded to Sutter Health in the above-referenced matter. We are confused by the statement that you will permit us an extension of time to respond to the discovery if we agree to "make a full and complete production no later than September 29, 2006." If you mean that objections will not be permitted, we cannot agree. If that is not what you meant, we can respond by September 29, 2006, and will make every effort to schedule a deposition of the person most knowledgeable on relevant subject matters during the week of October 9, 2006. We agree that any hearing on class certification may be postponed accordingly. Please advise at your earliest opportunity.

Very truly yours,

Marcia L. Augsburger

MA:rr

cc:     Linda Ross (*Via Facsimile: (415.931.9981)*)
        Scott Kalkin (*Via Facsimile: (415.732.0287)*)
        John Barnes

**Sacramento**
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

**Oakland**
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

**Yuba City**
422 Century Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

950531v1 09504/0502

EXHIBIT "F"

**MHA**  McDonough Holland & Allen PC
Attorneys at Law

*3.5304,0001*
*CORR*

Marcia L. Augsburger
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

August 18, 2006

*Via Facsimile: (415)421-7105*
W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104

Re:    *Melinda Campbell, et al. v. Sutter Health*
       Alameda County Superior Court No. RG05221764

Dear Counsel:

This responds to your letter of August 7, 2006, regarding Plaintiff's Responses and Objections to Sutter Health's discovery requests in the above-referenced matter. Your letter confirms that you did not apply the definition of the word "action" that was used in Sutter Health's requests. Sutter Health stated that "action" as used in the discovery requests must be interpreted to have the meaning set forth in California Code of Civil Procedure section 22.

We are entitled to responses based on that definition. We recognize that you disagree that Code of Civil Procedure section 22 is applicable, and that you interpret the Court's Orders to support your position. However, that has no bearing on your obligation to answer the interrogatories as posed. We are entitled to responses to our requests as written whether or not you agree with our interpretation of the law. The information is reasonably calculated to lead to the discovery of admissible evidence.

Once you have responded, we will be in a position to test your arguments with the Court. Contrary to your argument, your position has not been tested; the Court's April 18, 2006, Order merely states that the allegations contained in the complaint were sufficient, not that assertion of a lien constitutes an "action" for purposes of malicious prosecution.

Regarding the Bankruptcy documents enclosed with your August 7, 2006, letter, we assume you are taking the position that the discharge constituted a "termination in plaintiff's favor" sufficient to prove a malicious prosecution action against Sutter Health. However, a discharge is not a termination on the merits. In any event, we do

**Sacramento**
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

**Oakland**
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

**Yuba City**
...tury Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

949186v1 09504/0502


**McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Wilson
August 18, 2006
Page 2

not believe the lien may be characterized as the debtor's personal liability, as the personal injury action was pending, according to MC0027.

Our deadline to file a Motion to Compel is September 12, 2006, if we calculate the deadline from your July 26, 2006, responses rather than your recent production of documents. We prefer to resolve discovery matters informally with you so that we can get to the substantive issues promptly and efficiently. Please advise us immediately whether you plan to respond to the discovery as requested, or whether further meet and confer attempts would be fruitless. If you need time to consider your position please provide us with an extension of time to file a Motion to Compel.

For the record, I do want to disavow the statement in your last paragraph that "Defendant has not disputed that it asserted a lien against tort claims made by plaintiff and the rest of the class members." Sutter Health has adamantly denied that it asserted a lien against tort claims made by plaintiff and all class members. In fact, as I have told you, Sutter Health is not a hospital and does not assert hospital liens at all.

I look forward to hearing from you in response to this letter and to my letter of August 16, 2006, in which I requested an extension of time to respond to plaintiff's discovery.

Very truly yours,

Marcia L. Augsburger

MA:rr

cc:    Linda Ross (*Via Facsimile: (415.931.9981*)
       Scott Kalkin (*Via Facsimile: (415.732.0287*)
       John Barnes

949186v1 09504/0502

EXHIBIT "G"

# SCHNEIDER & WALLACE
### ATTORNEYS AT LAW

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky
W.H. Willson, IV
Camilla L. Roberson*
 *admitted in New York only
Saïda M. Benguerel
Nicole S. Garbarino

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

August 24, 2006

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

Re:     *Campbell, et al. v. Sutter Health, et al.*
        Alameda County Superior Court Case No. RG05221764

Dear Marcia:

We are in receipt of your letter of August 23, 2006, regarding Defendant's request for an extension in which to respond to Plaintiffs' discovery requests. When we say that we expect a "full and complete production" by September 29, 2006, we mean that we expect that Defendant will complete its search and produce all responsive non-privileged documents and privilege log at that time. We are not asking you to waive objections.

We would propose October 11, 2006 as the date for the deposition of Defendant's person most knowledgeable. Please let me know if this date works for your client. We should agree upon a date for the deposition before finalizing the stipulation.

Plaintiff's agreement to an extension for Defendant's discovery responses is, of course, contingent on the Court agreeing to extend the filing deadline for Plaintiff's Motion for Class Certification. We propose that Plaintiff's opening brief for class certification be due November 17, 2006.

Very truly yours,
SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

cc:     Linda Ross (via facsimile)
        Scott Kalkin (via facsimile)

EXHIBIT "H"



**McDonough Holland & Allen PC**
Attorneys at Law

Marcia L. Augsburger
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

August 28, 2006

W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Re:    *Melinda Campbell, et al. v. Sutter Health*

Dear Counsel:

This is to request your agreement to stay all discovery and motion to compel deadlines in the above-referenced matter, pending resolution between us of various issues, described below, and a motion to dismiss if necessary. Resolving the issues now is the most economical approach for you, for the Court, and for us. You will not be disadvantaged, because we will agree to postpone the certification hearing to account for the delay.

We learned from the bankruptcy documents you produced in response to Sutter Health's discovery requests that the hospital lien at issue arose from treatment Ms. Campbell received at Memorial Hospital in Modesto. This was not known to defendant Sutter Health until we received your discovery responses. This information enabled us to investigate Ms. Campbell's situation, and last week we learned several things that change this case dramatically.

First, despite the representations in your pleadings and briefs in this case that plaintiff class members were insured, we learned that Ms. Campbell was **not** insured when she received the services at issue. You have known this all along, of course, as Ms. Ross represented Ms. Campbell in connection with Memorial Hospital's lien and Ms. Campbell's lawsuit against the tortfeasor. Armed with this information, we now understand your complaint to allege that the class members include two distinct groups: (1) patients who were insured; and (2) patients who were either insured or uninsured but filed bankruptcy. We do not believe these groups constitute a single

Sacramento
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

Oakland
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

Yuba City
422 Century Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

951181v2 09504/0502

 **McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Wilson
Linda Ross
Scott Kalkin
August 28, 2006
Page 2

class, an issue that judicial economy requires be determined by the Court before we continue discovery and investigation.

We assume that in general, your theory as to the first category, insured patients, is that the debt underlying the lien was extinguished because the patients' health insurers paid the hospital in accordance with the contracts between the health insurers and the hospital, and that for this reason, assertion of the liens constituted a "prior action" for purposes of malicious prosecution. We disagree, for the reasons we have repeatedly expressed, but in any event, **Ms. Campbell is not a representative of this class of plaintiffs** because she was uninsured. Accordingly, all allegations relating to insured patients should be stricken from your complaint, and discovery appropriately tailored to what remains. We can avoid a motion on this if you are willing to stipulate that your complaint and discovery do not include insured patients who did not file bankruptcy petitions. Otherwise, we should be permitted to immediately challenge the propriety of a class action that includes insured class members. The Court should resolve the issue now, before we get into discovery battles and otherwise expend resources dealing with the issues.

We assume your theory as to the second category is that where the patients' bankruptcy petitions listed the liens or underlying debt owed to the hospitals, the liens and/or debt were discharged, thus extinguishing the liens and/or underlying debt, such that hospitals' continued pursuit of the liens supports malicious prosecution. If this is your theory, it is wrong under the law. *See, e.g., Saltarelli & Steponovich v. Douglas,* 40 Cal. App. 4th 1 (1995). *In re Dickinson,* 24 B.R. 547 (S.D. Cal. 1982).

In *Saltarelli & Steponovich,* 40 Cal. App. 4th at 3-7, the issue was whether an attorney's lien on Defendant's prospective recovery in the lawsuit for which Plaintiff attorney's firm had been retained to represent Defendant survived Defendant's discharge in bankruptcy. *Id.* at 2. The court held that even though Defendant's personal obligation to Plaintiff was discharged, **the lien survived** and Plaintiff could enforce it **against any recovery** by Defendant in the lawsuit. *Id.* at 3-7. *In re Dickinson,* the bankruptcy court held that physicians could enforce a lien on proceeds from a settlement even though they could not pursue any unsecured debt from the debtor post-discharge. *In re Dickinson,* 24 B.R. at 549-51.

*Parnell* does not affect this outcome because, as reflected in the foregoing cases, a bankruptcy discharge **does not terminate the existence of the debt**, even if the debt is discharged. *See also* A "discharge" is merely an injunction to preclude some creditors from pursuing certain claims against the debtor. 11 U.S.C. § 542(a)(2).

 **McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Wilson
Linda Ross
Scott Kalkin
August 28, 2006
Page 3

Section 524(a)(2) of the Bankruptcy Code provides that a discharge "[O]perates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]"

The phrase "as a personal liability of the debtor" means that an unsecured creditor is enjoined from pursuing any unsecured claim against the debtor. However, where the creditor is secured (i.e., holds a lien or other secured interest in collateral subject to the discharged debt), the discharge extinguishes only the personal liability of the debtor. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 82-84 (1991); *In re Garske*, 287 B.R. 537, 542 (9th Cir. BAP 2002); *Ramirez v. General Motors Acceptance Corp. (In re Ramirez)*, 280 B.R. 252, 256 (C.D. Cal. 2002); *Songer v. Cooney*, 214 Cal. App. 3d 387, 389 (1989); *Saltarelli & Steponovic*, 40 Cal. App. 4th at 3-7. The right to proceed under the lien against the collateral (class members' personal injury recovery) to satisfy the discharged debt to the extent of the value of the collateral is not impaired or diminished by the discharge. *Saltarelli & Steponovic*, 40 Cal. App. 4th at 3-7; *In re Dickinson*, 24 B.R. at 549-51.

It appears that Mr. Kalkin attempted to avoid this result by listing plaintiff's debt as an unsecured claim in the bankruptcy petition. A representation that the lien claim was unsecured was at most intentionally false, and at least inconsequential, as the *Saltarelli* and *Dickinson* cases instruct. Both cases involved lien claims that were listed as unsecured, and in both cases, the courts held that the liens were valid and could be properly pursued despite the discharge.

Also troubling is the information we received this week that Memorial Hospital did not serve a lien on Ms. Campbell of its own volition. **Someone from Ms. Ross's office contacted Memorial on October 22, 2002 and requested that Memorial assert a lien.** This was memorialized in the chart notes relating to Ms. Campbell's case. Under these circumstances, we are appalled that you would attempt to maintain a malicious prosecution action against Sutter Health. We recognize (now) that your case is based on Memorial's continued assertion of the lien after the discharge. However, we cannot believe that justice would permit you to pursue this lawsuit when you invited the initial assertion of the lien, neither Memorial nor Sutter Health filed a lawsuit to recover on the lien, you advised Memorial that you were holding the lien funds in trust from the settlement in Ms. Campbell's personal injury lawsuit pending the outcome of **this** class action, and counsel for Memorial provided several good reasons why Ms. Campbell's bankruptcy did not invalidate the lien. Suffice it to say, Memorial had probable cause to pursue the lien.

951181v2 09504/0502



**MHA** McDonough Holland & Allen PC
Attorneys at Law

W.H. "Hank" Wilson
Linda Ross
Scott Kalkin
August 28, 2006
Page 4


Accordingly, as a matter of law, you, Ms. Campbell, and any class she represents, have no basis for pursuing the malicious prosecution claim, the 17200 claim based thereon, and the declaratory relief claim (to the extent it survived the last demurrer). We urge you to immediately dismiss this case so that Sutter Health does not accrue further damages as a result of your actions and those of Ms. Campbell. If you do not agree to do so, then we ask that you immediately agree that all discovery and motion to compel deadlines will be stayed so we have an opportunity to resolve the matter between us or by motion to dismiss.

If you do not agree to dismiss or stay discovery deadlines, we will contact Mr. Obbards to request an ex parte hearing this week, because Sutter Health's responses to discovery are due Friday (and your letter to me of August 24, 2006, implies that you extended our deadline to respond so long as we do not object on any grounds other than attorney-client privilege, which is unacceptable). Moreover, our deadline to file a motion to compel responses to Sutter Health's discovery is technically September 9, 2006 (although we may have more time because you have not responded at all to form interrogatory 17.1(b), did not produce responsive documents we now know exist, and did not provide verifications). If you would like to contact Mr. Obbards with us (to avoid scheduling conflicts), we can conference you in on our call to him.

Please contact me or John Barnes immediately regarding these matters.

Very truly yours,

Marcia L. Augsburger

MLA:slr/rr

cc:    Richard Brandt, Esq.
       John Barnes, Esq.

951181v2 09504/0502

EXHIBIT "I"

# SCHNEIDER & WALLACE
### A T T O R N E Y S   A T   L A W

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky
W.H. Willson, IV
Camilla L. Roberson*
 *admitted in New York only
Saïda M. Benguerel
Nicole S. Garbarino

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

August 30, 2006

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

     Re:    *Campbell, et al. v. Sutter Health, et al.*
           Alameda County Superior Court Case No. RG05221764

Dear Marcia:

       We are in receipt of your letter of August 28, 2006. We are disappointed that Defendant appears unwilling to provide timely discovery responses, which are due September 1, 2006, or a date certain for the deposition of Defendant's person most knowledgeable. As you know, any agreement by Plaintiff to extend the time for Defendant to respond to Plaintiff's discovery requests was contingent on Defendant making a full and complete production, and agreeing to continue the class certification hearing accordingly. Your latest letter indicates that Defendant is willing to do neither.

       In light of this, Plaintiff agrees that it will necessary for the parties to place a call to Mr. Obbard regarding the status of this case. Please contact me as soon as possible so that we may schedule a time for a call to the Court within the next few days.

                         Very truly yours,
                         SCHNEIDER & WALLACE

                         HANK WILLSON
                         Attorney at Law

cc:    Linda Ross (via facsimile)
       Scott Kalkin (via facsimile)

EXHIBIT "J"

# M·H·A    McDonough Holland & Allen PC
Attorneys at Law

35304.0001
CORR

Marcia L. Augsburger
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

August 31, 2006

*Via Facsimile:  415.421.7105*

W.H. "Hank" Wilson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

*Via Facsimile:  415.931.9981*

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123

*Via Facsimile:  415.732.0287*

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Re:    *Melinda Campbell, et al. v. Sutter Health*

Dear Counsel:

This responds to your letter of August 21, 2006, modifies the portions of my August 28, 2006, letter that relate to Plaintiff's discovery responses, and responds to your letter of today refusing Sutter Health's request for more time to respond to Plaintiff's discovery requests.

## Plaintiff's Discovery Responses

You still have not addressed Plaintiff's failure to respond to Form Interrogatory 17.1. Other than objections, Plaintiff's response to this Interrogatory only states: "Plaintiff will produce all non-privileged responsive documents located after a reasonable search."

### 17.1 (a) – (c)

Plaintiff did not respond to 17.1 (a)-(c) at all. These subsections require that Plaintiff (a) state the number of each request for admission that she denied; (b) state all facts upon which she based her denials; (c) state the names, addresses, and telephone numbers of all persons with knowledge of those facts. No motion to compel deadline applies to these responses, because they were not answered in whole or in part. Your letters of August 7, 2006 and August 21, 2006 do not address these interrogatories at all. We interpret this as a concession by Plaintiff that there are no

**Sacramento**
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

**Oakland**
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

**Yuba City**
2'    ury Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

 **McDonough Holland & Allen** PC
Attorneys at Law

W.H. "Hank" Wilson
Linda Ross
Scott Kalkin
August 31, 2006
Page 2

facts that support her denials of the requests for admission. In our anticipated motion to dismiss this lawsuit, we will rely in part on this concession.

### 17.1 (d)

Plaintiff's response to 17.1 (d) does not "identify all documents and other tangible things that support her responses and the name, address and telephone number of the person who has each document or thing." We interpret Plaintiff's statement that she "will produce all non-privileged responsive documents" to mean that the bankruptcy documents she produced are the only documents and tangible things that support her denials of the requests for admissions. If this is not correct, and other documents support her denials, please advise by close of business on August 31, 2006, and further advise us of your position on a motion to compel deadline. We have concluded that if other documents support Plaintiff's denials, then either there is no deadline to file a motion to compel, or Sutter Health's time to file a motion to compel should run from your service of the bankruptcy documents, which would make the deadline September 25, 2006. We recognize you might argue the deadline is September 9 or 12. To avoid having to repeatedly ask for your position on this issue and to avoid taking the court's time with it, we will assume you agree that no deadline applies, unless you advise us to the contrary by close of business on August 31, 2006.

### Sutter Health's Discovery Responses

With regard to Sutter Health's responses to Plaintiff's discovery requests, we are disappointed with your unreasonable response to our simple request for time. However, due to what you have now confirmed was intentional ambiguity in your letters to us, we anticipated that you would not permit us additional time to respond. For this reason, we made extraordinary efforts to respond by the September 1, 2006 deadline. We now anticipate responding timely. If we are unable to do so, we will request a call with Mr. Obbards.

Your letter does not address the substantive issues raised in ours of August 28, 2006. Please advise whether and when you intend to respond.

Very truly yours,

*Marcia L. Augsburger*

Marcia L. Augsburger *by rjr*

JCJB/EJ
cc:    Richard Brandt, Esq.
       John C. J. Barnes, Esq.

952225v2 09504/0502

EXHIBIT "K"

# SCHNEIDER & WALLACE

### A T T O R N E Y S   A T   L A W

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky

W.H. Willson, IV
Camilla L. Roberson*
*admitted in New York only
Lindy J. Morrison
Patrick J. Suter
Brian H. Chun
Stacy A. Smith

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

September 6, 2006

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

   Re: *Campbell, et al. v. Sutter Health, et al.*
     Alameda County Superior Court Case No. RG05221764

Dear Marcia:

   We are in receipt of your letters of August 30 and September 5, 2006, and Defendant's responses to Plaintiff's discovery requests. Because the claims made in the August 30, 2006 letter are somewhat vague and confusing, it difficult to answer your queries about the proper deadline for Defendant's motion to compel discovery responses. I would suggest that we meet and confer by telephone this week to discuss the outstanding discovery issues for both sides. We can also confirm (what appears to be self evident) that Plaintiff has produced all non-privileged documents that were located after a diligent search.

   As for the deadline for Defendant's responses to Plaintiff's discovery requests, I am taken aback by your comment regarding "intentional ambiguity in your letters to us." When Defendant first requested the extension of time to respond to Plaintiff's requests, we immediately communicated Plaintiff's willingness to agree to the extension, so long as Defendant provided available dates certain for the deposition for the person most knowledgeable (after the extended deadline proposed) and committed to making a full production (of non-privileged documents and information) upon this new deadline. Although you led us on to believe that this would be acceptable, Defendant abruptly changed course on August 28, 2006, when you wrote that it would no longer agree to either of these two straightforward provisions. Rather, based on the apparently sudden discovery by your firm of circumstances pertaining to Plaintiff that your client has known about for years (and which only support Plaintiff's case), you are now attempting to stay

Marcia Augsburger
Re: *Campbell v. Sutter Health*
September 6, 2006
Page 2

all discovery indefinitely. Thus, any "extraordinary efforts" Defendant claims may now be required to comply with its outstanding discovery obligations are of Defendant's own doing.

Our initial review of Defendant's discovery responses reveals that the responses are to be largely unresponsive. Sutter Health appears through its responses to be taking the position that it need not produce documents or information pertaining to or located at Sutter Health's hospitals. Unfortunately, Sutter Health's responses appear to ignore the broad definition of "Sutter Health" included in Plaintiff's requests:

> "Sutter Health" means Sutter Health, including *any* hospitals, offices or locations of Sutter Health, and *any* of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

For this reason and others to be discussed, the responses are incomplete and improper, and are not responsive to Plaintiff's requests.

In addition, Defendant's failure to produce complete responses makes it necessary to continue the class certification hearing and briefing schedule to later dates. All of these issues, including your request for a briefing schedule for a motion to dismiss, are ones that the parties should discuss in a call this week. I am available this afternoon and tomorrow. I look forward to speaking with you.

Very truly yours,

SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

cc:    Linda Ross (via facsimile)
       Scott Kalkin (via facsimile)

EXHIBIT "L"

# SCHNEIDER & WALLACE

### A T T O R N E Y S   A T   L A W

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky

W.H. Willson, IV
Camilla L. Roberson*
*admitted in New York only
Lindy J. Morrison
Patrick J. Suter
Brian H. Chun
Stacy A. Smith

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

October 10, 2006

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

 Re:  *Campbell, et al. v. Sutter Health, et al.*
    Alameda County Superior Court Case No. RG05221764

Dear Marcia:

 I write to make one last attempt to meet and confer with you regarding Defendant's responses to Plaintiff's discovery requests. As you know, Defendant has provided no documents whatsoever in response to Plaintiff's document requests and has refused to make a corporate designee available as the person most knowledgeable regarding the policies and practices that form the basis for this litigation.

 Sutter Health's only reason for not responding to Plaintiff's discovery requests is its assertion that Sutter Health does not "own" the hospitals that constitute its network of facilities. As a preliminary matter, the assertion is inconsistent with Sutter Health's established connection with and control over the actions of the hospitals in the Sutter Health network with respect to how patients are charged for medical services. (*See Sutter Health Uninsured Pricing Cases,* Sacramento County Superior Court Judicial Coordination Proceeding No. JC 4388, Final Ruling on Motion for Settlement Class Certification, Preliminary Approval of Proposed Class Settlement, and Approval of Notice Plan [preliminarily approving settlement of a class of uninsured persons who received treatment at a "Sutter facility" after September 3, 2000].)

 Aside from the factual misstatement, Sutter Health provides no evidence that the requested documents and discovery are not in the possession and/or control of Sutter Health. Indeed, even assuming that Sutter Health were not the "owner" of each hospital, the hospitals are still part of its organizational network and Sutter Health still exercises control over the liens that are the subject matter of this litigation. It is unreasonable to suggest that Sutter Health does not have possession and control over such documents—or its own copies of them—simply because they may also be located at the hospitals. Moreover, Sutter Health would not be relieved from fulfilling its discovery obligations and collecting the documents at issue from the various hospitals in its network even if such documents were not located in a centralized location. Otherwise, any multi-site

Marcia Augsburger
Re: *Campbell v. Sutter Health*
October 10, 2006
Page 2

organization would be relieved of its duty to produce documents which may be located somewhere other than the organization's headquarters. This is not the law.

Additionally, Defendant ignores the definition of "Sutter Health" that Plaintiff included in her discovery requests. "Sutter Health" is defined as:

> Sutter Health, including any hospitals, offices or locations of Sutter Health, and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

Sutter Health cannot simply choose to ignore the definitions included in Plaintiff's requests for any and all requests to which it does not wish to respond. Sutter Health has not even produced a witness in response to Plaintiff's Deposition Notice for a person most knowledgeable concerning, among other things, the organizational structure of Sutter Health and its hospital affiliates.

Furthermore, Sutter Health's assertion that "no responsive documents exist" regarding the liens that are the subject of this litigation is not credible. First, there is no dispute that these liens have been asserted and do exist. Sutter Health's only claim is that Sutter Health does not "own" the hospitals with which it is affiliated. But this claim is irrelevant to Plaintiff's discovery requests for the reasons stated above. Second, your letter of August 16, 2006 indicated that Sutter Health would "meaningfully respond" to Plaintiff's requests, and requested an extension of time in which to do so. It was not until Defendant switched course and decided to bring a third motion for judgment on the pleadings that you suddenly determined that "no responsive documents exist." Such gamesmanship is impermissible and serves to thwart the goals of the discovery process. Worse, now that Defendant has determined that it wishes to bring a motion for summary judgment instead of the motion for judgment on the pleadings, it is fundamentally unfair for it to deny Plaintiff the factual discovery that has been pending for months.

Plaintiff's requests are clearly directed towards the discovery of admissible evidence; Sutter Health's responses to Plaintiff's specific requests do not dispute the relevance of Plaintiff's requests. Nor could they, because Plaintiff seeks information and documents that pertain directly to the claims of this case, including, but not limited to:

- documents relating to and describing the liens (Request for Production No. 3);
- information about class members in this case (that is, persons against whom Sutter Health has asserted or continued to assert a lien despite the fact that any debt they owed to Sutter Health was extinguished) (Requests for Production Nos. 4, 8, and 10);
- information about Sutter Health's assertion and pursuit of the liens at issue

Marcia Augsburger
Re: *Campbell v. Sutter Health*
October 10, 2006
Page 3

- (Request for Production No. 5);
- agreements between Sutter Health and insurers regarding payment for services rendered by Sutter Health hospitals (Requests for Production Nos. 6-7);
- information regarding the interest Sutter Health attempts to add to the liens it asserts (Request for Production No. 9);
- other actions or internal complaints filed against Sutter Health regarding the liens at issue (Requests for Production Nos. 11-13);
- whether Sutter Health retracted any of the liens it has asserted without receiving payment on the liens (Special Interrogatory No. 1); and
- other actions which have addressed the validity and/or legality of Sutter Health's liens (Special Interrogatory No. 2).

In addition, Sutter Health entirely has failed to respond to Form Interrogatory 15.1(b) and (c), and 17.1(c) and (d). These seek witnesses and documents that support the facts behind Sutter Health's affirmative defenses and Sutter Health's denials of Plaintiff's Requests for Admissions.

Plaintiffs again request that Sutter Health provide full and complete responses to Plaintiff's discovery requests and that it produce knowledgeable witnesses for deposition. Please provide a full and complete response to the discovery requests listed above and a person most knowledgeable witness(es), or Plaintiff will be forced to bring her Motion to Compel. As you know, the date of October 11, 2006 was set as the filing date for this motion at the conclusion of our previous meet and confer attempts. Thus, if Defendant has changed its position on any of these issues, your immediate response is requested.

Very truly yours,

SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

cc:  Linda Ross (via facsimile)
Scott Kalkin (via facsimile)

EXHIBIT "M"

 **McDonough Holland & Allen PC**
Attorneys at Law

Marcia L. Augsburger
Attorney at Law

Sacramento Office
916.444.3900 tel
916.444.8989 fax
maugsburger@mhalaw.com

October 11, 2006

<u>*Via Facsimile: 415.421.7105*</u>          <u>*Via Facsimile: 415.931.9981*</u>

W.H. "Hank" Willson                    Linda Ross
SCHNEIDER & WALLACE                    LAW OFFICE OF LINDA ROSS
180 Montgomery Street, Suite 2000      2204 Union Street
San Francisco, CA 94104                San Francisco, CA 94123

<u>*Via Facsimile: 415.732.0287*</u>

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Re:    *Melinda Campbell, et al. v. Sutter Health*

Dear Counsel:

    This responds to your letter of October 10, 2006. You state that you are making "one last attempt" to meet and confer regarding Sutter Health's discovery responses. However, we cannot view this as a serious attempt to avoid a motion to compel. First your motion to compel has been calendared for over a week; and is due to be filed today. Second, you have never acknowledged or expressed an understanding of, Sutter Health's responses to the discovery, and have not engaged in any meaningful discussion with me about any of them. You wrote one letter on the subject on September 6, 2006, in which you simply stated accusations based on your erroneous conclusion that Sutter Health and Sutter Health's related hospital entities hospitals are the same entity. We tried to explain that this is not correct in Sutter Health's discovery responses and in our telephone conversations with you, both before and after you served the discovery. Public documents, available through the Secretary of State, will confirm the information we provided.

    In your October 10, 2006 letter, you reiterate your unsupported claim that Sutter Health has "control over the actions of the hospitals in the Sutter Health network with respect to how patients are charged for medical services." Sutter Health's verified

**Sacramento**
555 Capitol Mall
9th Floor
Sacramento CA
95814-4692
tel 916.444.3900
toll free 800.403.3900
fax 916.444.8334

**Oakland**
1901 Harrison Street
9th Floor
Oakland CA
94612-3501
tel 510.273.8780
toll free 800.339.3030
fax 510.839.9104

**Yuba City**
422 Century Park Drive
Suite A
Yuba City CA
95991-5729
tel 530.674.9761
fax 530.671.0990

www.mhalaw.com

962723v1 09504/0502

**MHA**   McDonough Holland & Allen PC
            Attorneys at Law

W.H. "Hank" Willson
Scott Kalkin
Linda Ross
October 11, 2006
Page 2

discovery responses addressed this issue.   The ruling you reference from a Sacramento Superior Court case does not reflect or support your assertion.  Each Sutter affiliated hospital is a separate California non-profit corporation, controlled by a local board of directors and operated by local executive officers.  These boards and officers control decisions about how the hospitals charge for medical services.

You also incorrectly state that "Sutter Health provides no evidence that the requested documents and discovery are not in the possession and/or control of Sutter Health."  We provided specific responses to the requests as written and provided a verification to the responses.  Moreover, the responses identify the entities that may have possession and control of the documents you seek.  *See, e.g.,* Sutter Health's response to form interrogatories 15.1(b) and (c) and document request number 2.

Further, contrary to your assumption, Sutter Health did not "ignore" the definition of "Sutter Health" in plaintiff's discovery requests.  We provided you with detailed information about the structure of Sutter Health.   Neither Sutter Health nor any person or entity "acting or purporting to act or authorized to act on its behalf" asserted hospital liens.  Accordingly, and for the other reasons stated in the responses, the information and documents requested do not exist.  You may believe that Sutter Health asserted hospital liens or that hospital liens were asserted at Sutter Health's direction, but you are wrong.

You also erroneously assert that "Sutter Health's only claim is that Sutter Health does not 'own' the hospitals with which it is affiliated."  I believe you are referring to Sutter Health's response to Plaintiff's document request number 1.   You have apparently overlooked, for example, Sutter Health's responses to document request number 2, answers to special interrogatories, and answers to form interrogatory 17.1.

Your accusation that we engaged in gamesmanship is not only absolutely wrong, it is offensive.  We requested a brief extension during busy summer months when many people were on vacation, and you flatly refused to extend such a basic courtesy unless we waived our client's rights to preserve objections.  You attempted to effect this waiver by using ambiguous phrasing in your letters.  We could not understand this or your rush, given that you had waited months to propound your initial discovery.  Nonetheless, we called on additional resources and provided what you requested, in full and complete responses.  *See, e.g.,* Sutter Health's responses to form interrogatories 3.1, 15.1 (a), 15.1(b), 15.1(c) and 17.1(a)-(b).

 **McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Willson
Scott Kalkin
Linda Ross
October 11, 2006
Page 3

Parenthetically, to try again to set the record straight, we never "switched course" on the dispositive motion we intended to file. We believe you fully understood that the dispositive motion we intended to file would include evidence. In my August 28, 2006 letter to you, I referred to the evidence on which we intended to rely. When you claimed that you did not understand that Sutter Health intended to rely on evidence in its dispositive motion, I became all the more concerned that ambiguous phrasing is a practice you employ to mislead or take unfair advantage of opposing parties. I will insist on precision in all future discussions and agreements with you. In any event, for your information, I viewed the dispositive motion as one based on impropriety as a class action. A motion based on impropriety is relatively uncommon, and is unique to a class action. It is to be heard as a regular motion and does not require 75 days notice, even when evidence is presented. However, when Mr. Obbard expressed that the Court's preference would be to hear the motion as one for summary judgment and you refused to agree to a shorter notice period, I decided not to push the issue. I invite you to drop the distracting and pointless accusations so that we can efficiently and properly deal with the issues at hand.

You also incorrectly state that Sutter Health's responses "do not dispute the relevance of Plaintiff's requests." Please see Sutter Health's general objections to the responses.

Finally, you erroneously state that "Sutter Health entirely has failed to respond to Form Interrogatory 15.1(b) and (c), and 17.1(c) and (d)." We fully responded, explaining the affirmative defenses and why there are no witnesses and documents to support them at this time. In our view, our responses are complete.

Regarding your notice of deposition, you have not addressed our objections, and have never sought to meaningfully meet and confer. It is difficult for us to make suggestions about resolution without your input and cooperation. The subjects you list are largely unintelligible to us, and we are unable to identify witnesses who can testify on most of them. We believe we could identify and produce a witness who could testify about the corporate and/or organizational structure of Sutter Health, as you request in number (5), if we resolve the other problems with the notice and with request number (5). (For example, we do not understand what you mean by "reporting, and operational structure of Sutter Health" as it might relate to this case.) We can also identify a witness who can testify about Sutter Health's responses to Plaintiff's written discovery requests. However, we would need to resolve the concerns raised in our objection to the notice, and reach agreement with you as to the time and place of the deposition. Please contact me to discuss this.

 **McDonough Holland & Allen PC**
Attorneys at Law

W.H. "Hank" Willson
Scott Kalkin
Linda Ross
October 11, 2006
Page 4


Based on the foregoing, we view your proposed motion to compel as unnecessary and a misuse of the discovery process. Should you proceed with the motion, Sutter Health will seek sanctions pursuant to Code of Civil Procedure sections 2023.010 (a), (c),(h) and (i), and all other applicable statutes.

Sincerely yours,

Marcia L. Augsburger

MLA:ry

EXHIBIT "N"

# SCHNEIDER & WALLACE
### A T T O R N E Y S    A T    L A W

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky

October 12, 2006

W.H. Willson, IV
Camilla L. Roberson*
*admitted in New York only
Lindy J. Morrison
Patrick J. Suter
Brian H. Chun
Stacy A. Smith

Paula Hagan Bennett, of Counsel
Cael Davis, of Counsel

*Via U.S. Mail and Facsimile (916-444-8989)*

Marcia L. Augsburger
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

      Re:    *Campbell, et al. v. Sutter Health, et al.*
              Alameda County Superior Court Case No. RG05221764

Dear Marcia:

      I am in receipt of your letter of October 11, 2006, which responds to Plaintiff's meet and confer letter of October 10, 2006. I am again disappointed by the baseless accusations and insinuations made in your letter. They are particularly ironic given that it was you who described your Motion for Summary Judgment as a Motion to Dismiss on the Pleadings for weeks before we appeared before Mr. Obbard. Nonetheless, your letter, as I understand it, does not appear to raise any new points that we have not already discussed at length both before and after our teleconferences with Mr. Obbard regarding Plaintiff's pending Motion to Compel. You continue to assert that Sutter Health will not produce any documents or other discovery that relate to the liens at issue, or any witnesses on issues relating to the liens that are the subject of this litigation.

      If I am misunderstanding your position, please let us know. I will be out of the office until October 23, 2006, but Josh Konecky will be in the office on October 16 and 17, 2006. If you are willing to produce any of the documents, information or witnesses relating to the liens that have been requested in Plaintiff's discovery requests, please give Mr. Konecky a call.

              Very truly yours,

              SCHNEIDER & WALLACE

              HANK WILLSON
              Attorney at Law

cc:    Linda Ross (via facsimile)
       Scott Kalkin (via facsimile)

O 9504.0502
L + M

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (44893)
    MARCIA L. AUGSBURGER (145686)
3   JOHN C.J. BARNES (216694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax:   916.444.8989

6   Attorneys for Defendant Sutter Health

7

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 0 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,      )  Case No. RG05221764
    and on behalf of all others similarly situated, )
11                                            )  DECLARATION OF BRIAN HUNTER IN
                        Plaintiffs,           )  SUPPORT OF OPPOSITION TO
12                                            )  MOTION TO COMPEL
    v.                                        )
13                                            )  Date:  November 2, 2006
    SUTTER HEALTH and DOES 1 through 24,      )  Time:  11:00 a.m.
14  inclusive,                                )  Dept:  22
                                              )  Judge: Ronald M. Sabraw
15                      Defendants.           )  Trial Date:  None
                                              )  1st Amended Complaint Filed: July 8, 2005
16  ─────────────────────────────────────────

**BY FAX**

17      I, Brian Hunter, hereby declare the following:

18      1.    This declaration is based on my own personal knowledge and, if called upon, I could

19  and would testify to the matters set forth herein.

20      2.    I am a Vice-President of Sutter Health. I have personal knowledge of the corporate

21  structure and operations of Sutter Health and its relationship with the corporations that own and

22  operate the hospitals with which Sutter Health has a relationship.

23      3.    Sutter Health is a California nonprofit public benefit corporation, organized under the

24  California Nonprofit Public Benefit Corporation Law, set forth in §§ 5110 et. seq. of the California

25  Corporations Code. A true and correct copy of Sutter Health's Articles of Incorporation is attached

26  hereto as Exhibit A ("Articles").

27      4.    As described in the Articles, Sutter Health supports community-based health care

28  providers, most of which are also California nonprofit public benefit corporations. These providers

MHA
McDonough Holland & Allen PC
Attorneys at Law

DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL

1

965159v1 09504/0502

10552240.tif - 10/20/2006 2:42:40 PM

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  RICHARD E. BRANDT (44893)
   MARCIA L. AUGSBURGER (145686)
3  JOHN C.J. BARNES (216694)
   555 Capitol Mall, 9th Floor
4  Sacramento, CA 95814
   Phone: 916.444.3900
5  Fax:   916.444.8989

6  Attorneys for Defendant Sutter Health

7

8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10 MELINDA CAMPBELL, on her own behalf,    )   Case No. RG05221764
   and on behalf of all others similarly situated, )
11                                          )   **DECLARATION OF BRIAN HUNTER IN**
                                            )   **SUPPORT OF OPPOSITION TO**
                         Plaintiffs,        )   **MOTION TO COMPEL**
12                                          )
   v.                                       )
13                                          )   Date:   November 2, 2006
   SUTTER HEALTH and DOES 1 through 24,     )   Time:   11:00 a.m.
14 inclusive,                               )   Dept:   22
                                            )   Judge:  Ronald M. Sabraw
15                       Defendants.        )   Trial Date:    None
                                            )   1st Amended Complaint Filed: July 8, 2005
16

17     I, Brian Hunter, hereby declare the following:

18     1.     This declaration is based on my own personal knowledge and, if called upon, I could

19 and would testify to the matters set forth herein.

20     2.     I am a Vice-President of Sutter Health. I have personal knowledge of the corporate

21 structure and operations of Sutter Health and its relationship with the corporations that own and

22 operate the hospitals with which Sutter Health has a relationship.

23     3.     Sutter Health is a California nonprofit public benefit corporation, organized under the

24 California Nonprofit Public Benefit Corporation Law, set forth in §§ 5110 et. seq. of the California

25 Corporations Code. A true and correct copy of Sutter Health's Articles of Incorporation is attached

26 hereto as Exhibit A ("Articles").

27     4.     As described in the Articles, Sutter Health supports community-based health care

28 providers, most of which are also California nonprofit public benefit corporations. These providers

1

DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL                                              965159v1 09504/0502

1    include acute care hospitals, medical foundations, home health and hospice services, outpatient

2    facilities, philanthropic foundations, education and training programs, occupational health services

3    and skilled nursing facilities.  Among these are 24 hospital providers.

4        5.    Sutter Health does not own any hospitals.  The 24 hospitals listed in Sutter Health's

5    responses to discovery are owned by other, separate, and distinct, California nonprofit public benefit

6    corporations.  Sutter Health is a "member" (as that term is defined at California Corporations Code

7    section 5056) of each of these nonprofit public benefit corporations, and has statutory rights as

8    defined in the Corporations Code.  These organizations are "affiliated" as a result of this relationship.

9    Because the corporations that operate the hospitals are nonprofit public benefit corporations, they do

10    not have shareholders.

11        6.    As set forth in the Articles, Sutter Health's function is to provide support to the

12    affiliated hospitals.  For example, Sutter Health provides "charitable, educational, and scientific

13    activities, and ... such activities as may be deemed advisable for the advancement of health care"

14    and "coordinate(s) activities of organizations of which it is a member and their affiliated

15    organizations which are engaged in health care for the betterment of the general health of the

16    communities served."

17        7.    Absent a specific grant of authority from a hospital corporation, Sutter Health is not

18    authorized to act on behalf of the hospitals, and the hospitals are not authorized to act on behalf of

19    Sutter Health.

20        8.    Sutter Health is not authorized to provide verified responses to this discovery on

21    behalf of its affiliated hospital corporations.

22        9.    To my knowledge, no hospital corporation has given authority to Sutter Health to

23    control the hospital's documents and Sutter Health does not have a legal right to obtain documents

24    from any of the hospitals on demand.  Furthermore, Sutter Health does not control hospital

25    documents, or the production of any hospital documents.  One reason for this is that many hospital

26    documents are subject to strict patient confidentiality laws and regulations.  Another reason is that

27    for licensing and accreditation purposes, hospitals are required to maintain their documents in

28    accordance with detailed, industry specific, rules and regulations.

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

2

DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL

965159v1 09504/0502

1      10.    The hospitals operated by the nonprofit corporations are separately licensed by the

2  Department of Health Services.

3      11.    Sutter Health is not a hospital and does not provide medical services.  Accordingly,

4  Sutter Health is not authorized by law to assert, and has never asserted, any hospital liens.

5      12.    Sutter Health has its principal place of business in Sacramento, California.  The

6  address of the corporate headquarters is 2200 River Plaza Dr., Sacramento, California.  The hospital

7  affiliates are located at separate locations throughout Northern California ranging from Santa Cruz,

8  California to Crescent City, California.  One hospital affiliate is located in Hawaii.

9      13.    The hospitals maintain facilities, employees, a medical staff and health care services

10  that are separate from Sutter Health and from the other hospital affiliates.

11      14.    Sutter Health and the corporations for which it is a member have separate Boards of

12  Directors.  These separate Boards are responsible for the governance of their respective corporations.

13  The hospital corporations maintain their own bank accounts and ongoing financial books and records

14  separate from Sutter Health.

15      15.    The day-to-day operational decisions concerning each hospital are made by each

16  hospital's management team, subject to the direction of the hospital's Boards of Directors.

17      16.    Sutter Health extends support services to its affiliate entities. The affiliates pay an

18  allocated fee for such services.

19      17.    I am familiar with the class action that is the subject of the Superior Court Order

20  Plaintiff submitted with this motion.  The actions taken by Sutter Health and the hospitals in that

21  action were based on agreements applicable only to that case, for purposes specific to that case.

22      I have read this statement, and declare, under penalty of perjury under the laws of the State of

23  California, that it is true and correct.

24      Executed in Sacramento, California on the 20th day of October, 2006.

25

26                              _____

27                                  BRIAN HUNTER

28

                                3

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   RICHARD E. BRANDT (44893)
    MARCIA L. AUGSBURGER (145686)
3   JOHN C.J. BARNES (216694)
    555 Capitol Mall, 9th Floor
4   Sacramento, CA 95814
    Phone: 916.444.3900
5   Fax:   916.444.8989

6   Attorneys for Defendant Sutter Health

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10  MELINDA CAMPBELL, on her own behalf,   )   Case No. RG05221764
    and on behalf of all others similarly situated,  )
11                                          )   DECLARATION OF BRIAN HUNTER IN
                                            )   SUPPORT OF OPPOSITION TO
                        Plaintiffs,         )   MOTION TO COMPEL
12                                          )
13  v.                                      )
                                            )   Date:  November 2, 2006
    SUTTER HEALTH and DOES 1 through 24,    )   Time:  11:00 a.m.
14  inclusive,                              )   Dept:  22
                                            )   Judge: Ronald M. Sabraw
15                      Defendants.         )   Trial Date:   None
                                            )   1st Amended Complaint Filed: July 8, 2005
16  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

17          I, Brian Hunter, hereby declare the following:

18          1.      This declaration is based on my own personal knowledge and, if called upon, I could

19  and would testify to the matters set forth herein.

20          2.      I am a Vice-President of Sutter Health.  I have personal knowledge of the corporate

21  structure and operations of Sutter Health and its relationship with the corporations that own and

22  operate the hospitals with which Sutter Health has a relationship.

23          3.      Sutter Health is a California nonprofit public benefit corporation, organized under the

24  California Nonprofit Public Benefit Corporation Law, set forth in §§ 5110 et. seq. of the California

25  Corporations Code.  A true and correct copy of Sutter Health's Articles of Incorporation is attached

26  hereto as Exhibit A ("Articles").

27          4.      As described in the Articles, Sutter Health supports community-based health care

28  providers, most of which are also California nonprofit public benefit corporations.  These providers

                                            1

MHA
McDonough Holland & Allen PC
Attorneys at Law
                DECL OF HUNTER IN SUPP OF
                OPP TO MOTION TO COMPEL                                    965159v1 09504/0502

1   include acute care hospitals, medical foundations, home health and hospice services, outpatient

2   facilities, philanthropic foundations, education and training programs, occupational health services

3   and skilled nursing facilities. Among these are 24 hospital providers.

4          5.      Sutter Health does not own any hospitals. The 24 hospitals listed in Sutter Health's

5   responses to discovery are owned by other, separate, and distinct, California nonprofit public benefit

6   corporations. Sutter Health is a "member" (as that term is defined at California Corporations Code

7   section 5056) of each of these nonprofit public benefit corporations, and has statutory rights as

8   defined in the Corporations Code. These organizations are "affiliated" as a result of this relationship.

9   Because the corporations that operate the hospitals are nonprofit public benefit corporations, they do

10  not have shareholders.

11         6.      As set forth in the Articles, Sutter Health's function is to provide support to the

12  affiliated hospitals. For example, Sutter Health provides "charitable, educational, and scientific

13  activities, and ... such activities as may be deemed advisable for the advancement of health care"

14  and "coordinate(s) activities of organizations of which it is a member and their affiliated

15  organizations which are engaged in health care for the betterment of the general health of the

16  communities served."

17         7.      Absent a specific grant of authority from a hospital corporation, Sutter Health is not

18  authorized to act on behalf of the hospitals, and the hospitals are not authorized to act on behalf of

19  Sutter Health.

20         8.      Sutter Health is not authorized to provide verified responses to this discovery on

21  behalf of its affiliated hospital corporations.

22         9.      To my knowledge, no hospital corporation has given authority to Sutter Health to

23  control the hospital's documents and Sutter Health does not have a legal right to obtain documents

24  from any of the hospitals on demand. Furthermore, Sutter Health does not control hospital

25  documents, or the production of any hospital documents. One reason for this is that many hospital

26  documents are subject to strict patient confidentiality laws and regulations. Another reason is that

27  for licensing and accreditation purposes, hospitals are required to maintain their documents in

28  accordance with detailed, industry specific, rules and regulations.

MHA
McDonough Holland & Allen PC
Attorneys at Law

2

DECL OF HUNTER IN SUPP OF
OPP TO MOTION TO COMPEL

965159v1 09504/0502

1       10.    The hospitals operated by the nonprofit corporations are separately licensed by the

2 Department of Health Services.

3       11.    Sutter Health is not a hospital and does not provide medical services.  Accordingly,

4 Sutter Health is not authorized by law to assert, and has never asserted, any hospital liens.

5       12.    Sutter Health has its principal place of business in Sacramento, California.  The

6 address of the corporate headquarters is 2200 River Plaza Dr., Sacramento, California.  The hospital

7 affiliates are located at separate locations throughout Northern California ranging from Santa Cruz,

8 California to Crescent City, California.  One hospital affiliate is located in Hawaii.

9       13.    The hospitals maintain facilities, employees, a medical staff and health care services

10 that are separate from Sutter Health and from the other hospital affiliates.

11       14.    Sutter Health and the corporations for which it is a member have separate Boards of

12 Directors.  These separate Boards are responsible for the governance of their respective corporations.

13 The hospital corporations maintain their own bank accounts and ongoing financial books and records

14 separate from Sutter Health.

15       15.    The day-to-day operational decisions concerning each hospital are made by each

16 hospital's management team, subject to the direction of the hospital's Boards of Directors.

17       16.    Sutter Health extends support services to its affiliate entities. The affiliates pay an

18 allocated fee for such services.

19       17.    I am familiar with the class action that is the subject of the Superior Court Order

20 Plaintiff submitted with this motion.  The actions taken by Sutter Health and the hospitals in that

21 action were based on agreements applicable only to that case, for purposes specific to that case.

22      I have read this statement, and declare, under penalty of perjury under the laws of the State of

23 California, that it is true and correct.

24      Executed in Sacramento, California on the 20th day of October, 2006.

26                    _____

BRIAN HUNTER

EXHIBIT "A"

A0601203

1088705

**FILED** A/4
in the office of the Secretary of State
of the State of California

SEP 0 1 2003

*Kevin Shelley*

KEVIN SHELLEY, Secretary of State

AMENDED AND RESTATED
ARTICLES OF INCORPORATION
OF
SUTTER HEALTH

Van R. Johnson and Gary F. Loveridge certify that:

1.      They are the President and the Assistant Secretary, respectively, of Sutter Health, a California nonprofit public benefit corporation.

2.      The articles of incorporation of this corporation are amended and restated in their entirety to read as follows:

"ARTICLES OF INCORPORATION
OF
SUTTER HEALTH

"I

"Sutter Health is the name of this corporation.

"II

"A.      This corporation is a nonprofit public benefit corporation and is not organized for the private gain of any person. It is organized under the Nonprofit Public Benefit Corporation Law for charitable purposes, and shall be operated exclusively for charitable purposes.

"B.      The specific and primary purpose of this corporation is to support or benefit the charitable organizations listed below, including any charitable subsidiary of those organizations:

> Alta Bates Health System
> Alta Bates Summit Medical Center
> Berkeley Long-Term Care Company
> California Pacific Medical Center
> Eden Medical Center
> Sutter Gould Medical Foundation
> Marin Community Health
> Marin General Hospital
> Memorial Hospitals Association
> Memorial Hospital Los Banos
> Mills-Peninsula Health Services
> Novato Community Hospital
> Palo Alto Medical Foundation for Health Care,
>       Research and Education
> Physician Foundation at California Pacific Medical Center

SH_Articles_Amd_9-03.doc
Sutter_SH_Articles

1

Samuel Merritt College
St. Luke's Hospital
Sutter Amador Hospital
Sutter Coast Hospital
Sutter Delta Medical Center
Sutter Health @ Work
Sutter Health Sacramento Sierra Region
Sutter Health Pacific
Sutter Lakeside Hospital
Sutter Maternity and Surgery Center of Santa Cruz
Sutter Medical Center of Santa Rosa
Sutter Medical Foundation
Sutter North Medical Foundation
Sutter Regional Medical Foundation
Sutter Solano Medical Center
Sutter Tracy Community Hospital
Sutter Visiting Nurse Association and Hospice

"In furtherance of this purpose, this corporation is authorized:

"(1)    To engage in and conduct charitable, educational, and scientific activities, and to further such activities as may be deemed advisable for the advancement of health care.

"(2)    To coordinate activities of organizations of which it is a member and their affiliated organizations which are engaged in health care for the betterment of the general health of the communities served.

"(3)    To provide for the planning and liaison of health care services among health care service organizations in the communities served, and to otherwise assist such organizations in the performance of their activities.

"(4)    To facilitate interchange of ideas among health care service organizations and the communities served through educational activities and otherwise so as to advance the planning for and delivery of high quality health care services in the communities served.

"(5)    To sponsor, encourage, promote and advance the provision of health care and the activities of health care institutions and the betterment of health care in the communities served.

"(6)    To promote quality of care in all of the health care facilities and services owned or managed by its affiliated entities.

"(7)    To assist in or perform administrative functions of the charitable organizations that it supports.

"(8)    To promote or carry on such other activities as may be deemed advisable for the betterment of the general health of the communities served.

"C.    The general purpose of this corporation is to have and exercise all rights and powers conferred on nonprofit public benefit corporations under the laws of the State of California; provided, however, that this corporation shall not to any substantial degree, engage in any activity or exercise any power that its not in furtherance of the specific purposes set forth at IIB of these articles.

"III

"A.    This corporation shall not carry on propaganda or otherwise attempt to influence legislation to such extent as would result in the loss of exemption under section 501(c)(3) of the Internal Revenue Code. This corporation shall not participate in or intervene in (including the publication or distribution of statements) any political campaign on behalf of any candidate for public office.

"B.    Not withstanding any other provision of these articles, the corporation shall not engage in any activity not permitted to be carried on (1) by a corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code; (2) by a corporation, contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code; or (3) by a public charity described in sections 509(a)(1), (2), or (3) of the Internal Revenue Code.

"IV

"The property of this corporation is irrecoverably dedicated to charitable purposes and no part of the net income or assets of this corporation shall ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person. Upon dissolution or winding up of the corporation, its assets remaining after payment or provision for payment of all debts and liabilities of this corporation shall be transferred exclusively to and shall become the property of Sutter Health Sacramento Sierra Region, a California nonprofit public benefit corporation. If Sutter Health Sacramento Sierra Region no longer: (a) exists; (b) qualifies as an exempt organization under section 501(c)(3) of the Internal Revenue Code; or (c) is organized and operated exclusively for hospital, scientific, charitable and educational purposes meeting the requirements for exemption provided by Section 214 of the Revenue and Taxation Code, then the assets of this corporation shall be transferred to and shall become the property of such nonprofit funds, foundations or corporations as are designated by the Board of Directors of this corporation and which: (a) are organized and operated exclusively for hospital, scientific, charitable and educational purposes meeting the requirements for exemption provided by Section 214 of the Revenue and Taxation Code; and (b) have established their tax-exempt status under section 501(c)(3) of the Code.

"V

"The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law."

SH_Articles_Amd_9-03.doc                                    3
Sutter_SH_Articles

3.    The forgoing amendment and restatement of the articles of incorporation has been duly approved by the Board of Directors.

4.    Sutter Health has no members.

We further declare under penalty of perjury under the Laws of the state of California that the foregoing matters are true and correct of our own knowledge.

Dated: _August 20, 2003_

_____
Van R. Johnson, President

Dated: _August 22, 2003_

_____
Gary F. Loveridge, Assistant Secretary





Exhibit B

*4328833*

89504.0502
LM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

**ENDORSED
FILED
ALAMEDA COUNTY**

NOV - 3 2006

CLERK OF THE SUPERIOR COURT
By E. Opelski-Erickson, Deputy

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUTTER HEALTH, and DOES 1 through 24, inclusive,<br><br>    Defendants. | No. RG05-221764<br><br>ORDER DENYING MOTION OF PLAINTIFF TO COMPEL DISCOVERY.<br><br>Date:   November 2, 2006<br>Time:  11:00 a.m.<br>Dept.:  22 |

    The motion of Plaintiff to compel discovery came on for hearing on November 2, 2006, in Department 22 of this Court, the Honorable Ronald M. Sabraw presiding.  Counsel appeared on behalf of Plaintiff and on behalf of Defendant.  After consideration of the points and authorities and the evidence, as well as the oral argument of counsel, IT IS ORDERED: The motion of Plaintiff to compel discovery is DENIED.

    POSESSION, CUSTODY, OR CONTROL.  The Court's review of the law suggests that a parent corporation must produce documents in the possession of corporations over which it has control but that sibling corporations or agencies are not required to produce documents in the possession of their siblings.

    The information concerning the relationship between Sutter Health and the affiliated hospitals is ambiguous.  The Articles of Incorporation state that the primary purpose of Sutter

1

Health is to support the affiliated hospitals (Articles, II-B) and that in furtherance of that purpose Sutter is authorized "To assist in or perform administrative functions of the charitable organizations that it supports" (Articles, II-B(7)).  It appears that Sutter Health has participated in settling litigation involving the affiliated hospitals. (Willson Dec., Exh G.)  Brian Hunter, Sutter's Vice President, however, states that Sutter Health owns no hospitals and is not authorized to act on behalf of the affiliated hospitals absent a grant of authority. (Hunter Dec., para 5 and 7.)  Mr. Hunter states that the affiliated hospitals have separate boards of directors and are separately licensed. (Hunter Dec., para 10, 14, and 15.)

Plaintiff has not presented sufficient evidence to establish that Sutter Health has sufficient control over the affiliated hospitals that it has possession, custody, or control of their documents within the meaning of C.C.P. 2031.010(a).  *2,022 Ranch v. Superior Court* (2003) 113 Cal. App. 4th 1377, 1387 (in discovery motions the Court must weigh and resolve conflicts in the evidence).  Therefore, the motion to compel the production of documents is denied.

SANCTIONS.  The request of Sutter Health for sanctions is denied.

FURTHER PROCEEDINGS.  Sutter Health has offered to produce a witness to testify about the relationship between Sutter Health and the affiliated hospitals.  (Augsburger Dec, para 6.) If Plaintiff obtains additional information about the relationship between Sutter Health and the affiliated hospitals, then Plaintiff may file a new motion to compel based on the new information.

Dated: November 3, 2006

_____
Judge Ronald M. Sabraw

Case Title/No.:    RG05221764 CAMPBELL VS. SUTTER HEALTH

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the Alameda County Superior Court and not a party to this cause.    I served this ORDER DENYING MOTION OF PLAINTIFF TO COMPEL DISCOVERY by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Todd M. Schneider
Joshua Konecky
W.H. "Hank" Willson
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Linda Ross
LAW OFFICE OF LINDA ROSS
2204 Union Street
San Francisco, CA 94123

Marcia L. Augsburger
McDONOUGH HOLLAND & ALLEN PC
555 Capitol Mall, 9th Floor
Sacramento, CA 95814

Scott Kalkin
ROBOOSTOFF & KALKIN, PLC
369 Pine Street, Suite 610
San Francisco, CA 94104

Dated: November 6, 2006

Executive Officer/Clerk of the Superior Court

By _____
Elizabeth Opelski-Erickson, Deputy Clerk