1  TODD M. SCHNEIDER (SBN 158253)
   JOSHUA KONECKY (SBN 182897)
2  W.H. "HANK" WILLSON (SBN 233321)
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Tel: (415) 421-7100
   Fax: (415) 421-7105
5  TTY: (415) 421-1665

6  LINDA ROSS (SBN 85563)              SCOTT KALKIN (SBN 120791)
   LAW OFFICE OF LINDA ROSS            ROBOOSTOFF & KALKIN, PLC
7  2204 Union Street                   369 Pine Street, Suite 610
   San Francisco, California 94123     San Francisco, California 94104
8  Tel: (415) 563-2400                 Tel: (415) 732-0282
                                       Fax: (415) 732-0287
9  Attorneys for Plaintiff and the Proposed Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA CAMPBELL, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUTTER HEALTH, ALTA BATES MEDICAL CENTER, CALIFORNIA PACIFIC MEDICAL CENTER, EDEN MEDICAL CENTER, MARIN GENERAL HOSPITAL, MEMORIAL HOSPITAL LOS BANOS, MEMORIAL HOSPITALS ASSN., MILLS-PENINSULA MEDICAL CENTER, NOVATO COMMUNITY HOSPITAL, ST. LUKE'S HOSPITAL, SUTTER AMADOR HOSPITAL, SUTTER AUBURN FAITH HOSPITAL, SUTTER CENTER FOR PSYCHIATRY, SUTTER COAST HOSPITAL, SUTTER DAVIS HOSPITAL, SUTTER DELTA MEDICAL CENTER, SUTTER GENERAL HOSPITAL, SUTTER LAKESIDE HOSPITAL, SUTTER MATERNITY AND SURGERY CENTER OF SANTA CRUZ, SUTTER MEMORIAL HOSPITAL, SUTTER MEDICAL CENTER OF SANTA ROSA, SUTTER ROSEVILLE MEDICAL CENTER, SUTTER SOLANO MEDICAL CENTER, SUTTER TRACY COMMUNITY HOSPITAL, and DOES 24 and 25, inclusive,<br><br>Defendants. | Case No. 3:07-cv-03406-MMC<br><br>**PLAINTIFF'S REPLY BRIEF FOR MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: August 31, 2007<br>Time: 9:00 am<br>Courtroom: 7<br>Judge: The Hon. Maxine M. Chesney |

---

PLAINTIFF'S REPLY BRIEF FOR MOTION TO REMAND
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

SCHNEIDER & WALLACE

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................1

II. ARGUMENT .................................................................................................................4

    A.  THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1331..................................................................................................................4

        1.  Plaintiff's Complaint Does Not Present a Federal Question ........................4

        2.  Even if There Is a Federal Issue Raised by Plaintiff's Exclusively State Law Cases of Action, Removal Is Still Improper Under Merrell Dow and Its Progeny..........................................................................5

    B.  THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1334..................................................................................................................7

    C.  DEFENDANTS' REMOVAL IS UNTIMELY ............................................................9

    D.  DEFENDANTS' REMOVAL IS OBVIOUS FORUM-SHOPPING.......................12

    E.  PLAINTIFF IS ENTITLED TO BE PAID HER ATTORNEYS' FEES AND COSTS BY DEFENDANT ...............................................................................13

III. CONCLUSION............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) ............................14

*Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) ..................................................................13

*Burgos v. United Airlines, Inc.*, 2002 WL 102607 (N.D.Cal. 2002) ..............................................6

*Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249 (9th Cir. 1989) ..............................13, 14

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .......................................................................6

*Chiodo v. NBC Bank-Brooks Field*, 88 B.R. 780 (W.D.Tex. 1988) ..............................................10

*Christensen v. Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir.1990) ..............................................12

*Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000) ....................................................................10

*Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 (9th Cir.1997) ..............................................6

*Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707 (N.D.Cal. 1994) ..................................13

*Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1 (1983) ........................................................................................................7

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................................................6

*In re Boughton*, 49 B.R. 312 (Bankr.N.D.Ill. 1985) ....................................................................11

*In re Comtek Electronics, Inc.*, 23 B.R. 449 (Bankr.S.D.N.Y.1982) ............................................13

*In re Fietz*, 852 F.2d 455 (9th Cir.1988) .....................................................................................9

*In re Fitzgeralds Gaming Corp.*, 261 B.R. 1 (Bankr.W.D.Mo. 2001) .....................................10, 11

*In re Hudson Oil Co., Inc.*, 68 B.R. 735 (D. Kan. 1986) ...............................................................9

*In re Midgard Corp.*, 204 B.R. 764 (10th Cir. Bankr.App.Panel 1997) .......................................10

*In re Yerasi v. Metropolitan Savings and Loan*, 921 F.2d 282, 1990 WL 223046 (9th Cir. 1990) ..................................................................................................................................9

*Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302 (9th Cir.1989) ..............................................9

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) ..............................................6

*McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223 (C.D.Cal.2000) ............................13

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) .......................................1

*Nishihama v. City and County of San Francisco*, 93 Cal.App.4th 298 (2001) .............................13

*Olsen v. Foundation Health Plan*, 1999 WL 390842 (N.D.Cal. 1999)....................................13
*Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005) ........................................3, 13
*Rand v. Empire Funding Corp.*, 132 F.Supp.2d 497 (S.D.Miss. 2000) .......................................9
*Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579 (6th Cir. 1990) ..............................10
*Thomasson v. AmSouth Bank*, 59 B.R. 997 (N.D.Ala. 1986)..................................................10
*Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal. 1972)....................13
*Varney v. Johns-Manville Corp.*, 653 F.Supp. 839 (N.D.Cal. 1987) ........................................13
*Wee Luv Childcare, Inc. v. United States ex rel. I.R.S.*, 219 B.R. 607 (W.D.Okla 1997)................9

**Statutes**

28 U.S.C. §1334(c)(1) .........................................................................................................11
28 U.S.C. §1334(c)(2) .........................................................................................................10
28 U.S.C. §1446(b)..........................................................................................................2, 13
28 U.S.C. §1447(c).....................................................................................................1, 7, 14, 15
28 U.S.C. §157(b)(1) ............................................................................................................8

## I. INTRODUCTION

Defendants base their entire Opposition on the faulty premise that a complaint alleging state-law causes of action is removable simply because it refers to a previous federal proceeding. Yet, it is well established that the presentation, or even incorporation, of federal law into a state law cause of action does not give rise to federal removal jurisdiction unless the federal question presented is "substantial." *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Defendants do not even attempt to show how Plaintiff's reference to a prior federal proceeding meets this high standard. They simply ignore the long-standing principle that "not every question of federal law emerging in a suit is proof that federal law is the basis of the suit." *Gully v. First National Bank*, 299 U.S. 109, 115 (1936).

Plaintiff filed this case more than two years ago as a class action in the Superior Court of California for the County of Alameda against Defendant Sutter Health, which bills itself as the "system parent" to its network of hospital "affiliates." Plaintiff's class action complaint challenges, under principles of California law, Defendants' generally applicable policy of recouping their "customary charges" for medical services when those charges exceed the debt owed or when a debt is not even owed. (The policy often is described as "balanced billing.") Based on deposition testimony and other evidenced gathered during this case before the removal petition, Plaintiff's Second Amended Complaint (SAC) alleges that Defendant Sutter Health and its hospital affiliates (the more recently served Defendants) are jointly liable for the alleged violations because of their common management and control over the billing policies at issue.

Defendants' attempt to portray this case as a single-plaintiff bankruptcy action is misguided. The case is filed as a class action on behalf of all patients of Defendants in California who, due to Defendants' customary charge and balance billing policy, have been subject to liens that are above and beyond the amounts (if any) actually owed. Under the policy, Defendants assert and maintain liens against a patient when they do not obtain their "customary fee" for the medical services due to an intervening event extinguishing the patient's debt. The class definition in the original complaint and the two subsequent amended complaints cover situations where the patient's debt

1  was extinguished through insurance (in which case Defendants maintain the lien against the patient
2  because Defendants' contract with the insurance company provides for payment of less than the
3  "customary fee"), as well as through bankruptcy or other intervening events (in which case
4  Defendants' exercise the same policy of seeking their full customary fee).  Plaintiff alleges that this
5  generally applicable *policy* violates California law as described in *Parnell v. Adventist Health
6  System/West*, 35 Cal.4th 595 (2005).  Plaintiff states claims for malicious prosecution and unfair
7  business practices under California law.

8  Defendants' repeated assertion that the outcome of Plaintiff's individual bankruptcy action
9  is somehow the "central" issue of this putative class action is flat wrong.  Plaintiff did not bring
10 this case to adjudicate or reopen her bankruptcy petition. That proceeding was closed long ago,
11 with notice to and without objection from, any Defendant.  Plaintiff's bankruptcy discharge is
12 simply a contextual and historical fact that triggered the application of Defendants' generally
13 applicable policy against her.  It is Defendants' underlying policy that remains the central issue of
14 this case.

15 Even if Plaintiff's state law causes of action incorporate some interpretation of federal law
16 as an initial step in resolving the case, the California court is "fully competent" to make such
17 determinations.  *Merrell Dow*, 478 U.S. at 814, n. 12; *see also Berg v. Leason*, 32 F.3d 422, 424
18 (9th Cir. 1994) (holding that malicious prosecution claim premised on violations of federal law
19 does not confer federal jurisdiction).  Defendants' claimed federal issue is "insufficiently
20 substantial to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814, n. 12

21 Defendants' attempt to remove under 28 U.S.C. §1334 is equally unavailing.  This case is
22 not a core bankruptcy proceeding, as it was not brought under the Bankruptcy Code.  Nor is it
23 "related to" the bankruptcy laws.  Defendants purport to distinguish Plaintiff's authorities on this
24 issue, but admit that those cases stand for exactly the proposition for which Plaintiff has cited
25 them: the closing of the underlying bankruptcy proceeding *destroys* any possible relationship
26 between this case and Plaintiff's bankruptcy estate.  By definition, the bankruptcy case is closed,
27 and cannot and will not be affected by a ruling in this case.

28

Aside from the utter lack of removal jurisdiction, Defendants' removal petition was untimely. While the case law is mixed on the most recently served defendant question, the tradition in the Ninth Circuit and elsewhere is that the thirty-day rule runs from the first-served defendant. Moreover, this case does not present the kind of facts which would warrant a departure from that tradition: the case has been proceeding through discovery and motion practice in state Court for two years; all Defendants are closely intertwined with one another; the first served Defendant oversees the billing practices of the newly served Defendants through shared policies; the later-served Defendants participated in discovery well before they were formally added as Defendants; and all Defendants are represented by the same counsel, who were the ones urging Plaintiff to include the recently-served Defendants in the first place.

Defendants' Opposition seems to be of two minds. While they accuse Plaintiff of "hiding" the fact of her bankruptcy to justify their untimeliness, they attempt to confer federal jurisdiction by arguing that each of Plaintiff's complaints from the beginning referred to the bankruptcy. *See* Complaint, First Amended Complaint ("FAC"), attached as Tabs 1 and 29, respectively, to Exhibit C of Defendants' Notice of Removal, and Second Amended Complaint ("SAC") at ¶2, attached as Exhibit B of Defendants' Notice of Removal. Defendants cannot have it both ways.

Moreover, the notion that Defendants did not know about Plaintiff's bankruptcy until only recently is ludicrous. Aside from the language of the initial complaint, Defendants concede that Plaintiff's discovery responses, which were served more than a year ago, discussed the previous bankruptcy. *See* Plaintiff's Responses to Sutter Health's First Set of Interrogatories for Admissions (sic), Request and Response No. 3, attached as Exhibit A to Defendants' Notice of Removal. Moreover, prior to this suit, Defendants Sutter Health and Memorial Hospital were served with her bankruptcy petition and declined to contest it in any way. *See* Defendants' Opposition at 1:19.

Defendants further contradict themselves by claiming that the hospital affiliates were somehow unaware of the case until Plaintiff filed her Second Amended Complaint on June 21, 2007, but at the same time point out that counsel for Sutter Health (the same counsel for the

PLAINTIFF'S REPLY BRIEF for MOTION TO REMAND
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC

3

SCHNEIDER
& WALLACE

1  recently served hospital affiliate Defendants), told Plaintiff as early as 2005 that the case should be
2  filed against the hospital affiliates. Moreover, while the hospital affiliate Defendants maintain that
3  they were "necessary parties," no hospital defendant made any attempt to intervene at any time in
4  the past two years, despite their knowledge of the case. Defendants are playing games with this
5  Court.

6  Defendants' forum-shopping is readily apparent. They seek to remove this case after two
7  years of heavy litigation in order to avoid a state court judge whose merits and discovery rulings
8  they do not like. While Defendants refer to delays in discovery, those delays are of Defendants
9  own doing and, until the removal petition, were being dealt with by the Superior Court. Plaintiff
10 served numerous discovery requests; each time, Defendants' and their counsel sought lengthy
11 extensions, only to provide boilerplate objections and little or no actual substantive responses. The
12 state court granted Plaintiff's most recent motion to compel. Rather than merely "compelling
13 certain discovery," as Defendants euphemistically describe it, the order required them to produce
14 nearly everything requested by Plaintiffs, including names and contact information of all class
15 members; copies of all liens asserted against class members (provided class members do not
16 choose to withhold a copy of their lien); policies and procedures regarding the liens; affiliation
17 agreements between Sutter Health and its hospital affiliates; and contracts between the affiliate
18 hospitals and insurance companies. *See* Order of June 12, 2007, attached as Tab 76 to Exhibit C to
19 Defendants' Notice of Removal. On the eve of the day that Defendants were required to produce
20 the discovery, they suddenly, after two years, discovered a federal question in Plaintiff's
21 thoroughly California-law case. Such gamesmanship should not be countenanced, and this case
22 should be remanded to the California Superior Court, where it rightly belongs.

## II. ARGUMENT

### A. THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1331

#### 1. Plaintiff's Complaint Does Not Present a Federal Question

There is no federal cause of action in Plaintiff's SAC. Plaintiff's SAC alleges exclusively state-law causes of action, regarding the interpretation of a state statute by the state Supreme

Court. The *only* mention of federal law in Plaintiff's SAC is that class members do not owe Defendants any money because their debts have been extinguished "either through payment by an insurance provider, through bankruptcy, or through any other means." SAC at ¶¶2, 7, 53. While the SAC addresses a generally applicable balance billing policy that is applicable to numerous people throughout California, Defendants rely on only one federal proceeding, for one person, which is long closed (with notice to and without objection from Defendants). This is simply not enough to confer removal jurisdiction.

### 2. Even if There Is a Federal Issue Raised by Plaintiff's Exclusively State Law Cases of Action, Removal Is Still Improper Under *Merrell Dow* and Its Progeny

Defendants' Opposition ignores the "the long settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. This is founded on "the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Id*. at 814. Such careful judgment militates in favor of remand here, where Plaintiff has brought a case with exclusively state-law claims, regarding a state-court interpretation of a state statute. *See Parnell v. Adventist Health System/West*, 35 Cal.4th 595 (2005).

The United States Supreme Court has made clear that the "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow*, 478 U.S. at 808. Here, Plaintiff has alleged only state law claims—she alleges no causes of action under any federal law. Hence, the only conceivable way that removal would be acceptable is if "the vindication of a right under state law necessarily turned on some construction of federal law." *Id*. at 809 (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). As the Supreme Court warned:

> Our actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act of 1974, 20 U.S.C. § 1001, et seq. (1982) ed. and Supp. III), but we nevertheless concluded that federal jurisdiction was lacking.

*Id*.

The decisions since *Merrell Dow* and *Franchise Tax Board* show that the federal courts do not have subject matter jurisdiction in cases such as the one at bar. *See, e.g., Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."); *Hedges v. Legal Services Corp.*, 663 F.Supp. 300, 304 (N.D.Cal. 1987) (no federal jurisdiction even where "plaintiff has alleged a violation of 42 U.S.C. § 2996d(b)(2) only as an element of his state causes of action."); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (holding no federal jurisdiction even where plaintiff's complaint stated that the case "arises under 'the laws of the United States (42 U.S.C. 2000(e)-2) [Title VII]'" and that defendant's conduct violated "fundamental premises of public policy of the United States"); *Millers National Ins. Co. v. Axel's Express, Inc.*, 851 F.32d 267, 269 (9th Cir. 1988) ("In essence, Millers' claim for indemnity is a state law claim. Though its resolution may involve a determination of federal law, that alone is not sufficient to invoke federal-question jurisdiction. We believe this case falls squarely within the Supreme Court's holding in *Merrell Dow*"); *Utley v. Varian Associates, Inc.*, 811 F.2d 1279, 1286 (9th Cir. 1987) (plaintiff's "state claims' incorporation of [federal executive order] does not raise a 'substantial' question of federal law under Merrell Dow, and the district court could not assume removal jurisdiction on that basis.").

The Ninth Circuit case of *Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994) involved, as here, a state-law malicious prosecution claim. *Id*. at 423. Noting that "[t]he cause of action for malicious prosecution is of course a creature of state law," and despite the fact that the malicious prosecution claim was premised on violations of federal law, the Ninth Circuit held that "the federal element is insufficiently substantial to confer arising under jurisdiction[.]" *Id*. at 423, 425. Here, Defendants sole argument is that Plaintiff's "state law causes of action are dependent on resolving a federal question. As shown above, this is wrong: Plaintiff's bankruptcy is nothing more than an historical fact. Moreover, even if the state law malicious prosecution and unfair business practices claims involve an interpretation of the bankruptcy discharge, Plaintiff's "state claim is not transformed

into a federal claim just because federal law plays a preliminary, threshold role[.]" *Berg*, 32 F.3d at 424 (discussing *Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984)).

Even if there were a federal issue to be decided here, *Merrell Dow* recognizes that "[s]tate courts resolve matters of federal law in similar circumstances with no difficulty[.]" *Id*. at 426. Indeed, such an outcome is required by the strict requirements of the removal statutes: "state courts directly decide issues of federal law, yet their capacity to do so is inherently a part of the well-pleaded complaint rule." *Id*. (quoting *Franchise Tax Board*, 463 U.S. at 9-12). Thus, Defendants' (incorrect) claim that this case requires a determination of a federal law does not change the fact that remand is appropriate here: the state court is perfectly capable of and suited to answering any federal issues that may arise.[1]

Defendants have made the same mistake as the removing party in *Merrell Dow*: "petitioner should be arguing, not that federal courts should be able to review and enforce state FDCA-based causes of action as an aspect of federal-question jurisdiction, but that the FDCA pre-empts state-court jurisdiction." *Merrell Dow*, 478 U.S. at 816. Here, Defendants do not argue, nor could they, that this case is preempted by federal law.

### B. THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1334

Contrary to Defendants' assertion, it is Defendants who fundamentally misperceive (or misstate) the application of 28 U.S.C. §1334 to this case. Defendants' case quotations illuminate this misunderstanding. Defendants, for instance, quote *In re Menk*, 241 B.R. 896 (9th Cir. BAP 1999), for the unremarkable proposition that "a disagreement between debtor and creditor regarding the question whether a particular debt is excepted from discharge is…within §1334(b) jurisdiction." *Id*. at 905. But that is not the situation presented by this case. This is not a

---

[1] Consider the example, and there are many, of cases brought under California's UCL, using violations of federal statutes as the predicate acts giving rise to the UCL violation. In this context, courts have held that even when the UCL claim is partially based on the alleged violation of a federal law, and, hence, requires the interpretation of federal law in order to determine whether there exists a violation, remand is proper as long as the UCL claim is predicated in addition on a separate state claim. *Holliman v. Kaiser Foundation Health Plan*, 2006 WL 662430, *4 (N.D.Cal. 2006); *Castro v. Providian National Bank*, 2000 WL 1929366, *3 (N.D.Cal. Dec. 29, 2000).

SCHNEIDER
& WALLACE

disagreement between a debtor and a creditor regarding the status of a particular debt. Plaintiff's bankruptcy case is closed. Defendants had an opportunity to contest the status of Plaintiff's purported debt during the bankruptcy proceeding, but they chose not to.

The Ninth Circuit has made it clear that federal jurisdiction under §1334 applies only "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). The Court in *Fietz* goes on to hold, just as the district court cases cited in Plaintiff's opening brief held, that the closing of the underlying bankruptcy case "destroyed any possible relationship between the outcome of the suit and the administration of the bankruptcy estate." *Id*. at 458. Defendants' attempts to distinguish Plaintiff's cases are weak. Plaintiff's cases agree with *Fietz* and support Plaintiff's position here: there is no jurisdiction under §1334 where the underlying bankruptcy proceedings are closed. *See* Defendant's Opposition at 13:20-26 ("*Wee Luv* stands for the proposition that were the bankruptcy case is closed, and consummation of…reorganization plan is impossible, there can be no related-to jurisdiction under 1334(b)" and *Rand* "stated that Section 1334 does not support related-to jurisdiction if the debtor's bankruptcy case is closed.") (alterations in original).

Defendant misleadingly cites *Menk* for the opposite proposition. *See* Defendants' Opposition at 13:14-18. But *Menk* involved a direct creditor challenge to a bankruptcy court's order discharging a certain debt. *Menk*, 241 B.R. at 902-903. Contrary to Defendants' claim, *Menk* did in fact involve a motion to re-open a bankruptcy case. *Id*. Furthermore, in that case, the defendants had no notice of the bankruptcy petition. *Id*. Here, Defendants had notice of Plaintiff's bankruptcy petition and chose not to contest it. Defendants do not even attempt to address this fact.[2]

---

[2] Defendants criticize Plaintiff for an alleged failure to cite to Ninth Circuit authority. *See* Defendants' Opposition at 13:19-14:4. On the contrary: Plaintiff cited the Ninth Circuit case of *Fietz* in her Opening Brief. Plaintiff also cited to district court cases which specifically apply the standard from *Pacor, Inc. v. Higgins, see Wee Luv Childcare, Inc. v. U.S.*, 219 B.R. 607, 617

PLAINTIFF'S REPLY BRIEF FOR MOTION TO REMAND
*Campbell v. Sutter Health, et al.*, Case No. 3:07-cv-03406-MMC
8

SCHNEIDER
& WALLACE

Here, by the terms of the class definition, any and all bankruptcy proceedings upon which Defendants rely in a futile attempt to show federal jurisdiction under 28 U.S.C. §1334 are closed. As such, they cannot and will not be affected by this case, and this case is not "related to" those proceedings. "Related to" jurisdiction is simply not applicable here.

**C. DEFENDANTS' REMOVAL IS UNTIMELY**

There is no dispute that this case was originally filed on July 8, 2005, and that Defendants did not remove until nearly two years later. As one of Defendants' own cited cases observes,

> the majority of published decisions have found that in multi-defendant actions, the thirty-day time period for removal commences for all defendants when service is accomplished on the first-served defendant. Once that thirty-day window of time for removal elapses, all defendants are barred from removing the action.

*Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 709 (N.D.Cal. 1994) (S. Armstrong, J.). While there may be a current trend to shy away from this rule,[3] the tradition in the Ninth Circuit is that once the first-served defendant fails to remove within the thirty-day time period provided by the removal statute, later-served defendants may not remove. *See, e.g., Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249 (9th Cir. 1989); *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1226-28 (C.D.Cal.2000); *Olsen v. Foundation Health Plan*, 1999 WL 390842, *2 (N.D.Cal. 1999) (T. Henderson, J.); *Varney v. Johns-Manville Corp.*, 653 F.Supp. 839 (N.D.Cal. 1987); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal. 1972).

Defendants plead that "fairness" should compel this Court to allow them to remove more than two years after the case was brought. However, as the Fifth Circuit has held,

> To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the process of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if

---

(W.D.Okla. 1997) and *Rand v. Empire Funding Corp.*, 132 F.Supp.2d 497, 501 (S.D.Miss. 2000), which the Ninth Circuit acknowledged in *Fietz* is "what has become the dominant formulation." *Fietz*, 852 F.2d at 457. Moreover, Defendants cite to no Ninth Circuit authority of their own.

[3] While Defendants elsewhere criticize Plaintiff for citing an unpublished decision, the principal case on which they rely for this new trend is not published in any official reporter. *See* Defendants' Opposition Brief at 1:4-5 (relying on *Drew v. Equifax,* 2007 U.S. Dist. Lexis 35586 (N.D. Cal. 2007).

any, to the last-joined defendant. The forum for a suit out to be settled at some time early in this litigation.

*Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). This is particularly true here, where all of the Defendants, including first-served Defendant Sutter Health, are part of a single, unified hospital network. While Defendant Sutter Health attempts to distance itself from the later served Defendants (the Sutter Health hospital affiliates), by claiming that it has no role in the policies at issue, the discovery to date shows that Sutter Health exercises substantial control over its affiliate hospitals with respect to the heart of the dispute.[4] Tellingly, all Defendants are represented by the same counsel. Thus, counsel for the later served hospital affiliate Defendants were the same attorneys arguing to the Superior Court that the hospital affiliates are responsible for the liens. For them to now claim that the hospital affiliates knew nothing about this action is incredulous.

Defendants' Opposition is rife with contradictions on the issue of timeliness. Defendants claim, without support, that "Plaintiff was well are that her dispute was with [Defendant] Memorial [Hospitals Association]," and that Defendant Memorial's lawyers corresponded with Plaintiff's counsel regarding the lien. Defendants' Opposition at 1:19-25. Despite this admission that Defendant Memorial (one of the hospital affiliates nominally removing the case) knew of this case

---

[4] Defendants rely on bald and unsubstantiated assertions to argue that Sutter Health is not a proper Defendant. Defendants are flat wrong. According to Sutter Health's corporate designee in the first deposition in this case, Sutter Health exercises significant control over its hospital affiliates on matters that pertain to the assertion of liens. For example, Sutter Health has a set of "best practices" for patient billing and accounts receivable, which it apparently distributes for use by all its hospital affiliates. Sutter Health also requires its hospitals to seek approval for their budgets and to transfer a portion of their revenues (including, presumably, revenues from the liens at issue, back to Sutter Health, for use both by Sutter Health and by other hospital affiliates). With this financial stake, Sutter Health also exercises direct control over the bylaws and policies of the hospitals, and can even remove directors, trustees and other board members of the hospitals to achieve these common objectives. In turn, the SAC alleges that Sutter Health and its hospital affiliates are all liable for malicious prosecution and UCL violations not just because they assert the liens at issue, but because they each aid and abet the assertion of these liens through their organizational relationship, their joint decision-making and control over the common billing practices, and the exchange of the funds necessary to keep the organization up and running. SAC at ¶¶5, 25-26, attached as Exhibit B of Defendants' Notice of Removal. Sutter Health is a proper Defendant here, and the hospital affiliate Defendants are so closely linked to Sutter Health that their claims of ignorance regarding their involvement with this case from the beginning ring hollow.

in December 2005, Defendants disingenuously attempt to blame Plaintiff for the untimely removal. Similarly, Defendants claim that the hospital affiliate Defendants are "necessary parties," yet they never attempted to intervene in this action under California Code of Civil Procedure §389, despite knowledge of the case since the beginning. Defendants' Opposition at 2:10.

Furthermore, Defendants accuse Plaintiff of "actively conceal[ing]" the fact of her past bankruptcy proceeding, but then say that Plaintiff's "complaint repeatedly states that her causes of action are, at least in part, based on her discharge in bankruptcy." Defendants' Motion at 12:17, 11:22-23. They provide no explanation for how the complaint could both repeatedly discuss the bankruptcy while, at the same time, actively conceal it. In fact, Plaintiff's original complaint, filed on July 8, 2005, stated that Defendant Sutter Health unlawfully asserted liens

> against the recovery of numerous persons whose debt to Sutter Health has been extinguished, either through payment by an insurance provider, whether public or private, acting pursuant to an agreement with Sutter Health which deems the payment to be "payment-in-full," through bankruptcy, or through any other means.

Complaint at ¶2, attached as Tab 1 to Exhibit C of Defendants' Notice of Removal. Plaintiff's First Amended Complaint ("FAC"), filed after the first of Defendant Sutter Health's two demurrers, stated that Sutter Health unlawfully asserted liens

> against the recovery of numerous persons whose debt to Sutter Health has been extinguished (or has continued to assert the lien after the underlying debt has been extinguished), either through payment by an insurance provider, through bankruptcy, or through any other means.

FAC at ¶2, attached as Tab 29 to Exhibit C of Defendants' Notice of Removal. Plaintiff's SAC, filed after a disputed Motion for Leave to Amend, stated that Defendants have unlawfully asserted liens

> against the claims of numerous persons whose debt to Defendants has been extinguished (or has continued to assert the lien after the underlying debt has been extinguished), either through payment by an insurance provider, through bankruptcy, or through any other means.

SAC at ¶2, attached as Exhibit B of Defendants' Notice of Removal.

This identical language was put at the forefront of each complaint. The suggestion that Plaintiff would even attempt to "conceal" the fact of her past, closed bankruptcy proceeding is absurd, since, as Defendants flatly admit, Defendant Sutter Health and Defendant Memorial (the removing Defendant) were provided with notice of Plaintiff's bankruptcy petition and of the

Bankruptcy Court's order. For Defendants to accuse Plaintiff of "concealing" information that is in the public record shows their desperation.

Because the SAC mirrors the language of the original complaint, Defendants cannot rely on the SAC as the new "pleading" which alerted them to the purported removability of this action. To remedy this obvious problem, Defendants claim that they are entitled to rely on Plaintiff's discovery responses as the first "paper" that apprised them of Plaintiff's past, closed bankruptcy case. Defendants' Opposition at 11:2-12. But even accepting Defendants' skewed version of the facts, Defendants admit that the fact of Plaintiff's past bankruptcy was revealed, at the latest, through her responses to Defendants' Requests for Admissions. But no Defendant removed at that time either. Instead, they waited until the eve of the day upon which they were required to produce large amounts of discovery to use removal as a way to escape a state court judge with whom they do not agree.

Even if fairness were a factor, it would weigh heavily in favor of remand. This case has been pending for over two years, and heavily litigated in state court. The removing Defendants have known about this case from its inception, and made no attempt to intervene. The time of their removal seems calculated to avoid discovery obligations in the state court. Quite simply, Defendants should not be allowed to use removal to game the system and blatantly forum-shop.

### D. DEFENDANTS' REMOVAL IS OBVIOUS FORUM-SHOPPING

As Plaintiff made clear in her opening papers, the timing and substance of Defendants' removal petition are more than slightly suspect. All Defendants are represented by the same counsel, and are all part of a tightly knit hospital network. Sutter Health, the originally served Defendant, calls itself a "system parent" to the hospital affiliate Defendants. Defendants are trying for as many bites at the apple as they can get. They have called the state court's orders on the merits of the case "troubling," and were recently ordered by the state court to produce large amounts of documents and interrogatory responses. Suddenly, two years into the case, long after any excuse for ignorance of Plaintiff's past bankruptcy could be made, and on the eve of the day they were ordered to make a large discovery production, Defendants removed this case to federal

court, citing the provisions in the Second Amended Complaint which are identical to phrases included in the original complaint. This is gamesmanship, and this case should be remanded.

### E. PLAINTIFF IS ENTITLED TO BE PAID HER ATTORNEYS' FEES AND COSTS BY DEFENDANT

On granting a motion for remand, the federal court may order the defendants to pay Plaintiff's "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. §1447(c). In the Ninth Circuit, such awards are appropriate even when "a defendant's removal, while 'fairly supportable,' was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106, n. 6 (9th Cir. 2000). The Reply Declaration of Joshua Konecky ("Konecky Reply Decl.") contains an updated accounting of Plaintiff's counsel's fees and costs related to Defendants' removal. *See* Konecky Reply Decl. at ¶3. The Konecky Reply Declaration also includes an estimated amount for the preparation and appearance by Plaintiff's counsel at the hearing on this Motion. *Id*. at ¶5.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Remand and for Attorneys' Fees and Costs.

Respectfully submitted,

Date: August 17, 2007                          SCHNEIDER & WALLACE
                                               LAW OFFICE OF LINDA ROSS
                                               ROBOOSTOFF & KALKIN, PLC


                                               /s/
                                               Joshua Konecky
                                               Counsel for Plaintiff