1
2
3
4
5
6
7
8
9
10

**United States District Court**
**For the Northern District of California**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELINDA CAMPBELL, on her own behalf,
and on behalf of all others similarly situated,

        Plaintiff,

  v.

SUTTER HEALTH, et al.,

        Defendants

_____/

No. C-07-3406 MMC

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO REMAND AND FOR
ATTORNEYS' FEES AND COSTS;
VACATING HEARING**

     Before the Court is plaintiff Melinda Campbell's Motion to Remand and for Attorneys'
Fees and Costs, filed July 27, 2007.  Defendants[1] have filed opposition, to which plaintiff
has replied.  Having reviewed the parties' submission in support of and in opposition to the
motion, the Court deems the matter suitable for decision thereon, VACATES the hearing
scheduled for August 31, 2007, and rules as follows:

     1.  Defendants have failed to show that plaintiff's Second Amended Complaint
("SAC") contains a federal question, because defendants have not shown that any of
plaintiff's state law claims "turn on substantial questions of federal law."  See Grable &
Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312
(2005); see also Franchise Tax Board v. Construction Laborers Vacation Trust for So. Cal.,

_____

     [1]Defendants are Sutter Health and 23 hospitals that plaintiff alleges are "affiliates" of
Sutter Health.  (See Second Amended Complaint ¶ 1.)

1  463 U.S. 1, 13 (1983) (holding federal question jurisdiction exists where "some substantial,

2  disputed question of federal law" constitutes "necessary element" of state claim).  To the

3  extent defendants argue the case contains a federal issue concerning the effect of a

4  bankruptcy discharge on a lien, neither party has identified any "disputed question of

5  federal law."  See id.  Rather, as defendants have shown, federal law on said issue is

6  settled; specifically, "[a] bankruptcy discharge will not prevent enforcement of valid liens,"

7  because "[a] debtor's personal liability is extinguished upon a discharge, but a creditor's

8  right to proceed against the property [secured by the lien] is not."  See In re Dickinson, 24

9  B.R. 547, 550 (Bankr. S.D. Cal. 1982) (citing cases).  To the extent the instant action

10  presents an issue as to whether the subject lien is valid, such issue arises under state law.

11  See, e.g., Clark v. Bank of Bentonville, 308 Ark. 241, 244 (1992) (determining whether, in

12  light of federal law that "discharge in bankruptcy does not defeat a valid lien," lien asserted

13  after debtor received discharge was valid under Arkansas law); Saltarelli & Steponovich v.

14  Douglas, 40 Cal. App. 4th 1, 6 (1995) (determining whether, in light of federal law that "if a

15  valid lien existed before [debtor] filed bankruptcy, [creditor] can enforce it against [the

16  secured property]," lien asserted after debtor received discharge was valid under California

17  law).  Further, it is readily apparent from the parties' filings that the central issues in dispute

18  pertain to other issues of state law, specifically, whether any defendant asserted a lien

19  against plaintiff's property after plaintiff received her discharge and, if so, whether any

20  action in which such assertion was made terminated in plaintiff's favor.  See Siebel v.

21  Mittlesteadt, 41 Cal. 4th 735, 741 (2007) (noting "it is hornbook law that the plaintiff in a

22  malicious prosecution action must plead and prove that the prior judicial proceeding of

23  which he complains terminated in his favor") (internal citation and quotation omitted).

24        2.  Defendants have failed to show that any of plaintiff's claims "arises under title

25  11," see 28 U.S.C. § 1334(b); plaintiff seeks relief only under state law, and does not

26  present any claim that "only arises in title 11 cases."  See Eastport Assocs. v. City of Los

27  Angeles (In re Eastport Assocs.), 935 F. 2d 1071, 1076 (9th Cir. 1991) (holding claim

28  "arises under title 11" if claim is "created or determined by a statutory provision of title 11";

1   stating if claim not "created by title 11 or one that only arises in title 11 cases," claim does

2   not "arise under title 11").  Defendants also fail to show that any of plaintiff's claims are

3   "related to" her now-closed bankruptcy case, see 28 U.S.C. § 1334(b), because defendants

4   have not shown resolution of said claims "could conceivably have any effect on the

5   [bankruptcy] estate."  See Fietz v. Great Western Savings (In re Feitz), 852 F. 2d 455, 457

6   (9th Cir. 1988).

7         3.  Although 28 U.S.C. § 1447(c) provides a district court with discretion to award a

8   plaintiff attorney's fees and costs "incurred as a result of the removal," see 28 U.S.C.

9   § 1447(c), and although a showing of bad faith is not a prerequisite to such an award, see

10  Moore v. Permanente Medical Group, 981 F. 2d 443, 447 (9th Cir. 1992), the Court, given

11  the number and nature of the issues raised by the removal, is not persuaded that an award

12  of fees and costs is appropriate in this case.  Accordingly, plaintiff's request for an award of

13  fees and costs will be denied.

**CONCLUSION**

15  For the reasons discussed above:

16  1.  Plaintiff's motion is hereby GRANTED to the extent plaintiff seeks remand, and

17  the above-titled action is REMANDED to the Superior Court of California in and for the

18  County of Alameda.

19  2.  Plaintiff's motion is hereby DENIED to the extent plaintiff seeks an award of fees

20  and costs.

21  **IT IS SO ORDERED.**

23  Dated:  August 28, 2007

                                                        MAXINE M. CHESNEY
24                                                   United States District Judge